**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CBV, INC.,<br><br>*Plaintiff*<br><br>*v.*<br><br>CHANBOND, LLC,<br><br>*Defendant.* | C.A. No. 1:21-cv-01456-MN<br><br>**PUBLIC VERSION filed<br>on October 22, 2021** |

## COMPLAINT

Plaintiff CBV, Inc. ("CBV" or "Plaintiff") hereby brings this civil action against Defendant ChanBond, LLC for breach of contract, specific performance, injunctive relief and declaratory relief, and in support thereof represents upon knowledge, information, and belief, as follows.

## INTRODUCTION

1.      This is an action for breach of contract, declaratory judgment, injunctive relief, and seeking specific and prompt performance of payments due and owing to CBV pursuant to the ███ ████████████████████████████████████████████████████████, which has been stymied by the actions of both the former and current owners of ChanBond.

2.      Under the ███, CBV ██████████████ to ChanBond in exchange for ███ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████.

3.      In furtherance of ███████████████, ChanBond brought numerous patent suits in this District (collectively, the "Patent Suits").

4.      In June of 2021, ChanBond settled the Patent Suits ██████████████████████.

5.      Accordingly, under Section ██████ of the ██████, CBV is entitled to payment of ██████ ████████████████████████████████████████████████████████████ ChanBond has indicated that no payment will be made ████████████████.

6.      However, ChanBond has breached the ██████ ████████████████████████████ ████████████████████████████ CBV is entitled to specific performance of the ████ because ████████████████████████████████████████will cause CBV to suffer significant, negative tax implications if payment is not made by the end of calendar year 2021.

7.      Apart from breaching ████████████████████████████████████ ████████, ChanBond and its former and current owners, Dierdre Leane and William "Billy" Carter, ████████████████████████████████████████ ████████████████████████ Unified also tortuously interfered with CBV's rights under the ████ by entering into certain of these ancillary agreements and by ████████████████████████████████████████████████████████████ ████████████████████████████████████████.

8.      Ms. Leane has improperly asserted that, at the time of entry into the ████, CBV agreed to ████████████████████. This is plainly false.  First, Ms. Leane's predecessor, Mr. Spangenberg, specifically structured the ████ as a ████████████████, rather than a ████████████ ████████, because he found that working with multiple owners made settlement negotiations in patent litigation very difficult, if not impossible.  Second, ████████████████████████ ████████████████████████████████████ Rather, Ms. Leane, recognizing the value in the Patents, is trying the squeeze as much value out of them as she can by resorting to breaches of the agreement and fraudulent conduct.  In fact, she unilaterally signed ████████████████████ *for both parties* in late July of 2015, 3-months

after the ██, and *backdated* the document to give the appearance that it was signed contemporaneously.  Not only this, but the ██ would clearly qualify as an ███████████ under Section ██ of ███████████████ ███████████. In fact, CBV was not informed of this conduct and had no knowledge of this fraudulent and invalid ██ until *2020*.

9.      Further, ChanBond and Ms. Leane entered into an October 27, 2015 ███████ ███████ by which ████████████████████████████████ ███████ ChanBond and Ms. Leane ██████████████████████ as required by Section ██ of the ██.

10.     Through various lawsuits and arbitrations between Ms. Leane and Mr. Carter, among others, CBV has become aware that Mr. Carter is also asserting the existence of other agreements which would ████████████████████ and which are invalid ████████████████, because ██████████████████ ████████████ Specifically, Mr. Carter has asserted another agreement between Unified and Mr. Carter under which Mr. Carter receives ██████████████████ ███████████ as well as agreements by which he purportedly ███████████ ████████████████████████████ and also ███████ ███████

11.     Each of these purported agreements are ████████████, because they were entered into ██████ ████████████ as required by Section ██ of the ██, and are, therefore, invalid.

---

████████████████

12.     Further, Mr. Carter has ███████████████████████████████████
These amounts are also improper because they are ██████████████████████ are
required under Section ███ of the ████.

13.     Upon information and belief, the result of entering into these purported agreements
████████████████████████████████████████████████████████████████
████████████████████████████████████

14.     As a result of the above actions, as explained in greater detail below, CBV
respectfully requests judgment in its favor that ChanBond breached the ████ and requiring
ChanBond to specifically perform the ████ by ████████████████████████████
████████.  In the alternative, CBV requests compensatory damages in an amount to be
determined at trial.  CBV also respectfully requests that this Court issue declaratory relief in the
form of a declaration that the ████ and ████ are invalid as ██████████████ under the ████.

## JURISDICTION

15.     This Court has personal jurisdiction over Defendant ChanBond LLC because it is
a limited liability company organized under the laws of the state of Delaware.

16.     This Court has diversity jurisdiction over this civil matter under 28 U.S.C. §
1332(a)(1) because there is, upon information and belief, complete diversity among the parties and
the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

17.     Venue is proper in this Court pursuant to the ████████████████████
████ in Section ████ of the ████ (defined below) under which they ██████████████████
██████████████████████████████████

## THE PARTIES

18.     Plaintiff CBV, Inc. is a Pennsylvania corporation with its principal place of
business at 848B North Hanover Street, Carlisle, Pennsylvania 17013.

19.     Defendant ChanBond, LLC ("ChanBond") is a Delaware limited liability company with its principal place of business at 2633 McKinney Ave., Dallas, Texas 75204.  ChanBond was formed by Deirdre Leane on about August 15, 2014.  Its registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808.  Its Manager is William "Billy" Carter, an individual resident of North Carolina.

## RELEVANT NON-PARTIES

20.     IP Navigation Group, LLC ("IP Navigation") was a Texas limited liability company with a principal place of business located in Dallas, Texas.  Upon information and belief IP Navigation was founded by Erich Spangenberg in 2003.  IP Navigation was in the business of providing patent monetization consulting services to patent owner clients in exchange for an interest on the recovery generated by the client's patents, a process that often involves patent litigation.  Upon information and believe, IP Navigation Group, LLC was voluntarily dissolved after Dierdre Leane took over the business through the newly incorporated entity, IPNav, LLC.

21.     IPNav, LLC ("IPNav") is a Texas limited liability company with a principal place of business located at 6422 Bryan Parkway, Dallas, TX 75214. Dierdre Leane incorporated IPNav, in order to take over IP Navigation's business upon the retirement of Erich Spangenberg. Upon information and belief, Ms. Leane is the sole member of IPNav.

22.     Upon information and belief, Dierdre Leane is an adult individual, foreign national, and lawful permanent resident of Texas, residing at 6422 Bryan Parkway, Dallas, TX 75214. Ms. Leane formed Defendant ChanBond, a Delaware limited liability company, on about August 15, 2014 while she was employed at IP Navigation Group, LLC, which was in the business of providing patent monetization consulting services to patent owner clients in exchange for an interest on the recovery generated by the client's patents. Ms. Leane also incorporated IPNav, LLC as a new entity through which to engage in this consulting business.

23.     UnifiedOnline, Inc. ("Unified") is a Delaware corporation with a principal place of business located at 4126 Leonard Drive, Fairfax, Virginia 22030. Upon information and belief, William "Billy" Carter, ChanBond's Manager, is Unified's Chief Executive Officer.  On October 27, 2015, Ms. Leane and Unified entered into an ███████████████████████████████ ████████████████████████████████

24.     William "Billy" Carter is an adult individual resident of North Carolina.  Upon information and belief, William "Billy" Carter, ChanBond's Manager as well as UnifiedOnline, Inc.'s Chief Executive Officer.

## FACTUAL BACKGROUND

**I.     The Parties and the Patents**

25.     CBV is a Pennsylvania corporation with its principal place of business at 848B North Hanover Street, Carlisle, Pennsylvania 17013. Before April of 2015, CBV was the owner of the following U.S. Patents and U.S. Patent Applications (the "Patents") which its owners had

invented and which covered DOCSIS technology for delivering high-speed data over cable systems:

| | |
|---|---|
| US Patent No. 7346918 | Intelligent device system and method for distribution of digital signals on a wideband signal distribution system |
| US Patent No. 7941822 | Intelligent device system and method for distribution of digital signals on a wideband signal distribution system |
| US Patent No. 8341679 | Intelligent device system and method for distribution of digital signals on a wideband signal distribution system |
| US Patent No. 8984565 | Intelligent device system and method for distribution of digital signals on a wideband signal distribution system |
| US Application No. 13/402,813 August 23, 2012* | Intelligent device system and method for distribution of digital signals on a wideband signal distribution system |
| US Application No. 13/799,749 October 10, 2013* | Intelligent device system and method for distribution of digital signals on a wideband signal distribution system |
| US Application No. 14/167,289 Filed January 29, 2014 | Intelligent device system and method for distribution of digital signals on a wideband signal distribution system |
| US Application - 10/346,571 (Abandoned – CIP of 09/824,531) | |
| US Application - 09/824,531 (Abandoned – CIP of 7346918) | |
| PCT/US2001/049629 (Expired – no national phase) | |
| PCT/US2002/009863 (Expired – no national phase) | |

*Publication Date

26.    Defendant ChanBond is a Delaware limited liability company formed by Deirdre Leane on about August 15, 2014, while she was employed at IP Navigation, which was in the business of providing patent monetization consulting services to patent owner clients in exchange for an interest on the recovery generated by the client's patents, a process that often involves patent litigation.

27.     On or about October 31, 2014, IP Navigation's principal, Erich Spangenberg, decided to retire and turn over his business to Ms. Leane.  Ms. Leane incorporated IPNav as a new entity through which to engage in this consulting business.

**II.     The** ████████████████████████

28.     In 2013, CBV contacted IP Navigation about potentially monetizing the Patents. After the initial contact, CBV negotiated a relationship regarding monetization of the Patents with IP Navigation's founder, Erich Spangenberg.

29.     IP Navigation's literature on its website noted that some cases would be taken on a consultancy basis, if not on an ownership basis.  In negotiations, CBV and IP Navigation discussed various relationship structures, however Mr. Spangenberg made it clear that he was only interested in a deal with CBV in which ████████████████ because he found that working with multiple owners made settlement negotiations in patent litigation very difficult, if not impossible.

30.     Because of the above concern, Mr. Spangenberg proposed an agreement in which ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████ This outline formed the basis for the agreement that was actually agreed upon.

31.     Ultimately CBV and IP Navigation agreed that ████████████████████████ ████████████████████████████████████████████████████.

32.     However, upon information and belief, Billy Carter of IP Navigation had problems coming up with the financial backing necessary to effectuate the agreement.  Because of this, ChanBond was substituted in as ████████.

33.     In the fall of 2014, Spangenberg informed CBV that he was retiring and turning his patent monetization business over to Deirdre Leane.  Ms. Leane, through her entity ChanBond,

██████████████████████████. The agreement was essentially the same, but did not include ████████████████████ because of the passing of the new American Invention Act.

34.     Because of the problems with Mr. Carter in obtaining financing, CBV informed Ms. Leane that it was not interested and started in working with Tom McWilliams and an ex-partner of Kirkland & Ellis.

35.     Ultimately, CBV was informed that Ms. Leane could make the deal happen and that the resulting patent lawsuits would be filed within a month.

36.     With extreme pressure from the other two partners, CBV 

37.     Upon information and belief, in or about August of 2015, ChanBond retained Bentham as its litigation financier.  Despite requests for information regarding the financing agreement between ChanBond and Bentham, CBV has been provided no information on this topic.

38.     In August of 2015, ChanBond, through its then Manager Ms. Leane induced CBV and Chanbond to execute an ███████████████████████ which █████ ████████████████████, as the ██████████ provided.  A true and correct copy of the fraudulent ████████████ is attached hereto as Exhibit B.

### III.    The Patent Suits

39.     After signing the █████, various patent infringement suits were filed on September 21, 2015 in the United States District Court for the District of Delaware.

40.     The defendants to the patent infringement suits filed a total of 14 *inter partes review* ("IPR") petitions to challenge the validity of the 3 asserted ChanBond patents. ChanBond completely defeated 13 of these IPR requests, and the remaining IPR resulted in the invalidation of only some claims (the broadest claims) of one of the 3 asserted Patents.

41.     ChanBond's claims have also survived two motions for summary judgment.

42.     Currently, there are 13 patent infringement suits by ChanBond pending in the District of Delaware against 13 separate defendants (the "Patent Suits"):

- *ChanBond, LLC v. WideOpen West Finance, LLC*, No. 1:15-cv-00854 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. WaveDivision Holdings, LLC*, No. 1:15-cv-00853 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Time Warner Cable Inc. et al*, No. 1:15-cv-00852 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. RCN Telecom Services, LLC*, No. 1:15-cv-00851 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Mediacom Communications Corporation*, No. 1:15-cv-00850 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Cox Communications, Inc. et al.*, No. 1:15-cv-00849 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Comcast Corporation et al.*, No. 1:15-cv-00848 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Charter Communications, Inc.*, No. 1:15-cv-00847 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Cequel Communications, LLC et al.*, No. 1:15-cv-00846 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Cablevision Systems Corporation et al.*, No. 1:15-cv-00845 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Cable One Inc.*, No. 1:15-cv-00844 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v Bright House Networks, LLC*, No. 1:15-cv-00843 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Atlantic Broadband Group, LLC, et al.*, No. 1:15-cv-00842 (D. Del. Sep 21, 2015)

43.     By Stipulation and Order dated March 6, 2017, the above Patent Suits were consolidated.

44.     On May 25, 2021, a jury trial was held before Judge Richard G. Andrews on the above Patent Suits.

45.     On July 12, 2021, Judge Andrews entered a Joint Stipulation and Order for dismissal of the Patent Suits with prejudice as a result of the parties agreement to "settle, adjust and compromise all claims" in the Patent Suits.

**IV.     The Invalid** ███████████████████

46.     As noted above in Section II, *supra*, in the preliminary negotiations regarding monetization of the Patents, various structures were discussed, but, ultimately, Mr. Spangenberg required ██████████████. CBV and IP Navigation never agreed on any █████████████ ████████ ███████████.

47.     Nevertheless, upon information and belief, in July 2015, Ms. Leane asked IP Navigation's in-house counsel to review a draft ████████████████████████, backdated to reflect that it had been in effect since April of 2015 contemporaneous with the ██ (despite that it was *not*).  Upon information and belief, on or about July 31, 2015, Ms. Leane improperly executed the ████ on behalf of both ██████████████, and dated it as of April 9, 2015. Pursuant to the invalid, unilaterally entered ████████████████████████████ ████████████████████, despite that the parties to the PPA *never* agreed to such an arrangement. A true and correct copy of the purported ████ is attached hereto as Exhibit C.

48.     CBV was never informed of the ███. Rather, CBV learned of the invalid, unilateral ███ through an arbitration filed by Ms. Leane against Unified and ChanBond in 2020, AAA Case No. 01-20-0015-0793.

49.     Upon information and belief, upon engaging Bentham, Ms. Leane learned that the true value of the Patents was much higher than she had thought.  In order to get more money for herself out of the Patents, she unilaterally, fraudulently, and in breach of the ███, fashioned the ███ in order to ████████████████████████

**V.     Leane, on behalf of ChanBond, Breaches the ███ by ████████████████████**

50.     On October 27, 2015, Leane, ChanBond, and Unified entered into an ████ ████████ by which Leane ████████████████████████ A true and correct copy of the ███ is attached hereto as Exhibit D.

51.     The ███ called for ████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████ The ███ also identifies and adopts the ███ ███

52.     Upon information and belief, upon ████████████████████ ███ Ms. Leane made Mr. Carter ChanBond's sole manager.  Mr. Carter also has a controlling interest in, and is CEO of, Unified.

53.     Section ███ of the ███ provides, in full:

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

12



Ex. A at Sec. ▮ (emphasis added).

54.      Under Section ▮ of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

55.      Upon information and belief, pursuant to the ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ Such a ▮▮ necessarily implicated ChanBond's rights and obligations under the ▮▮.

56.      However, CBV was never informed of the ▮▮ at all, let alone in writing.  CBV has requested documentation regarding the ▮▮, but has been refused and stonewalled by ChanBond.  Rather, CBV learned of the ▮▮ through Ms. Leane's 2020 arbitration demand against Unified and ChanBond.  As such, the ▮▮ and resulting ▮▮▮▮▮▮▮▮▮▮▮ is a breach of the ▮▮ and is invalid.

57.      In addition, in negotiation of the ▮▮, Mr. Carter was represented by Mark Raskin of the law firm King & Wood Mallesons LLP and ChanBond was represented by Robert Whitman of King & Wood Mallesons LLP.  This is a clear conflict of interest.

58.      After learning of the ▮▮, CBV had legitimate concerns regarding its validity As such, CBV requested a copy of the ▮▮ to review. However, ChanBond and Ms. Leane's attorneys refused CBV's request, asserting that CBV had no right to review the contract.

**VI.    The Lawsuits Settle and CBV Is Entitled to ▮▮▮▮▮▮▮▮ But ChanBond Refuses to Pay**

59.      Settlement discussions in the Patent Suits were sporadic over the course of the litigations, and the parties were an order of magnitude apart.

60.      For the first time, by her attorney's demand letter dated August 29, 2020, Ms. Leane asserted that the ▮▮▮▮▮ provision in the ▮▮ gave her ▮▮▮▮▮▮▮▮▮▮

████████████████████ However, ChanBond has never suggested that it would assign the Patents to settle these cases, with or without Ms. Leane's approval.

61.    Despite this, as noted in Section III, *supra*, on July 12, 2021, Judge Andrews entered a Joint Stipulation and Order for dismissal of the Patent Suits with prejudice as a result of the parties agreement to "settle, adjust and compromise all claims" in the Patent Suits.

62.    Upon information and belief, the settlement of the various Patent Suits was pursuant to a settlement agreement entered into in late June or early July of 2021 (the "Settlement Agreement").

63.    Upon information and belief, pursuant to the Settlement Agreement, the Patent Suits settled for ████████ However, CBV has been stonewalled by ChanBond as to specific information regarding the Settlement Agreement.  Despite requests from CBV, ChanBond has refused to provide a copy of the Settlement Agreement, an accounting of the settlement funds, or any other specific information allowing CBV to determine the proper amount it should receive. This is contrary to, and in breach of, contractual language in the ████████████████ ██████████████████████ Specifically, Section ██ of the ███ reads, in full:

████████████████████████████████████████████████████████

Ex. A. at Sec. ██. Despite that ChanBond has made payment of ████████ to CBV, only a fraction of the amounts due pursuant to the ███, ChanBond has refused to provide CBV with a copy of the Settlement Agreement, an accounting of disbursements, or any other information permitting CBV to determine the exact amount it is due and owed under the ███.

64.    Under Section ████ of the ████, CBV ████████████████████████████

████████. Section ████ of the ████ reads, in full:



Ex. A at Sec. ████

65.     Under Section ██ of the ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████ Ex. A at Sec. ███.

66.     Section ██ of the ████████████ requires ██████████████████

███████████████████████████████████████████ No such

████████████ has been provided. That Section provides, in relevant part:



Ex. B at Sec. ███

67.     No such ██████████████ has been provided to CBV.

68.     Upon information and belief, under the framework for payment laid out in Section

████ of the ████, because the Patent Suits were settled for ████████ taking into account

███████████████████████████████████, CBV is entitled to payment

in the amount of ████████████ inclusive of ██████████████████. CBV was

notified of this amount by King & Wood Malleson LLP in a July 14, 2021 email from Mark Raskin,

a true and correct copy of which is attached hereto as Exhibit E. *See* Ex. E. However, upon

information and belief, CBV is entitled to a much greater amount. For example, King & Wood

16

Malleson LLP is only entitled to ███████████████████████, rather than ███████ ████████████ and Bentham is only entitled to ████████████████, rather than ████ ████████████████████████ as claimed by ChanBond.

69.     As of the date of filing, CBV has only received ██████████████████ ████████████████ — a small portion of the amounts it is due under the ████.   Therefore, ChanBond is still required to pay CBV ████████████.

70.     As a result of Defendant's refusal to pay Plaintiff the funds it is owed under the ████ Plaintiff will suffered certain negative tax implications. Specifically, Congress has passed (at least one house) an increase in the capital gains tax effective Sept 13, 2021. The new capital gains tax percentage will be 25% versus the old number of 20%.

## VII.   Deirdre initiates false and misleading legal actions.

71.     In or about 2020, Ms. Leane filed numerous lawsuits and arbitrations against Unified, ChanBond, Mr. Carter and the partners of King & Wood Malleson LLP, among others.[3]

72.     Among other things, Ms. Leane has alleged in her suits that CBV and ChanBond signed an agreement ████████████████████████████████.   Further, Ms. Leane alleges that she informed KWM and Billy Carter that CBV signed the ████ at the time of execution of the ████████.   She has claimed to have a copy of the ████ signed by CBV on April 9, 2015, but has failed to provide documentation of this upon requests and CBV has serious doubts of the authenticity of any such document.

---

[3] *Dierdre Leane and IPNav, LLC v. UnifiedOnline, Inc. and ChanBond, LLC*, AAA Case No. 01-20-0015-0793; *Dierdre Leane and IPNav, LLC v. Mishcon De Reya LLP, Mishcon De Reya New York LLP, King & Wood Mallesons LLP, Robert Whitman, and Mark Raskin*, C.A. No 1:20-cv-08127-PGG (N.Y. Sup. Ct. September 29, 2020)

73.     None of these assertions are true.  As explained above in Section II, *supra*, CBV never agreed to ███████████████ at the time of entry into the ███.  Rather, Ms. Leane, unilaterally executed the ████ for both parties to that transaction without any knowledge, input, or agreement by CBV.  In fact, Ms. Leane was not involved in the initial negotiations between CBV and IP Navigation, outside of the very first meeting between the parties.

74.     At no time was any ████████████ discussed nor included or attached to the ███ nor the ███████████. Further, the ████ includes an ██████████ in Section ███ which reads, in full:

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

Ex. A at Sec. ████ (emphasis added).

75.     Section ████ of the ████ itself belies Ms. Leane's claim that the ████ was contemplated as part of the ████ transaction.  It was not.  The █████████████████████ █████████████████████████████████. And, therefore, the ████ is void.

76.     Further, Section ███ of the ████████████████████████████████████ ██████████████████████████████████████████ That Section reads, in full:



Ex. A at Sec. ▮ (emphasis added).

77.    The ▮ further ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮

78.    Because Ms. Leane stood on both sides of the ▮ transaction and executed the
▮ between ChanBond and Unified for both parties, the ▮ was clearly an ▮▮▮▮▮▮▮
requiring ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ms. Leane fraudulently
drafted, backdated, and executed the ▮ without ever discussing the contract with CBV. Rather,
CBV only learned of the ▮ existence through Ms. Leane's various lawsuits. As such, the ▮
is improper and is void ▮▮▮▮▮▮▮.

## COUNT I
(Specific Performance)

79.     Plaintiff incorporates the averments contained in the preceding paragraphs, with the same force and effect as if fully set forth herein.

80.     On or about April 9, 2015, ███████████████████████████████████ ███████████████, which is a valid and binding agreement between the parties.

81.     Plaintiff has fully, and in good faith performed all conditions and obligations under the ████.

82.     In or about late June or early July of 2021, the Patent Suits were settled pursuant to the Settlement Agreement.

83.     Upon information and belief, the Patent Suits settled for ███████████

84.     Section ████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
█████████████████████████

85.     Therefore, under Section ████ of the ████, taking into account ███████████ ████████████████████████████████████████████████████████ ███████████ CBV reasonably believes that it is entitled to greater than this amount. However, it has been stonewalled by ChanBond at every turn regarding any information about the settlement, funds disbursements, etc. ChanBond has refused to provide CBV with a copy of the Settlement Agreement, an accounting of funds disbursements, or any other information regarding the

settlement funds, despite requests from CBV and despite ██████████████████████████

███████████ under Section ██ of the ████.

86.     Despite Plaintiff's entitlement to these funds, Defendant refuses to pay Plaintiff █

███████████████████████ from the Patent Suits as required by Section ███ of the ███, only

releasing ████████ to CBV.

87.     Further as a result of Defendant's refusal to pay Plaintiff the funds it is owed under

the ███, Plaintiff will suffer certain negative tax implications. Specifically, if payment is not made

by the end of calendar year 2021, CBV will potentially be subject to an increased capital gains tax

(i.e. 25% rather than 20%).

88.     CBV is entitled to an order specifically enforcing the provisions of ███ and

requiring Defendant ChanBond to immediately distribute to CBV its portion ██████████████

from the Patent Suits.

89.     Plaintiff lacks an adequate remedy at law.  Money damages would be insufficient

to cure Defendant's breaches of the ███. Specifically, money damages are insufficient because

ChanBond refuses to provide CBV with documentation of the Settlement Agreement,

disbursement amounts, or any other information allowing CBV to confirm the exact amount that

it is due and owed under the ███.

90.     The equities weigh in favor of ordering specific performance, including

performance of Defendant's obligations ██████████████████████████████████████

███ pursuant to Section ███ of the ███.

**COUNT II**<br>(Breach of Contract – Section ███ – *in the alternative*)

91.     Plaintiff incorporates the averments contained in the preceding paragraphs with the

same force and effect as if fully set forth herein.

92.     On or about April 9, 2015, ███████████████████████████, which is a valid and binding agreement between the parties.

93.     Plaintiff has fully, and in good faith performed all conditions and obligations under the ███.

94.     Section ███ of the ███████████████████████████████████ ████████████████████████████.

95.     In or about late June or early July of 2021, the Patent Suits were settled pursuant to the Settlement Agreement.

96.     Upon information and belief, the Patent Suits settled for ████████.

97.     Upon information and belief, under Section ███ of the ███████████████████ ██████████████████████████████████████████████████████████████████ ███████████.  CBV believes it is entitled to a greater amount, but its requests for the Settlement Agreement and related information has been repeatedly refused by ChanBond.

98.     Despite Plaintiff's entitlement to these funds, Defendant refuses to pay Plaintiff ███ ██████████████████████████████ as required by Section ███ of the ███, having released only ████████ without any accounting or other documentation.

99.     Defendant has breached the ███ by refusing to pay Plaintiff ██████████ █████████████████ as required by Section ███ of the ███.

100.    Defendant's breaches of the ███ has harmed Plaintiff in an amount to be determined at trial, but believed to be at least ████████ plus interest.

101.    Further Defendant's breach of the ███ by █████████████████████████ ████████████ will cause Plaintiff to suffer certain negative tax implications. Specifically, if payment is not made by the end of calendar year 2021, CBV will be subject to an increased capital gains tax (i.e. 25% rather than 20%).

## COUNT III
(Breach of Contract – Section █)

102.    Plaintiff incorporates the averments contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

103.    On or about April 9, 2015, ████████████████████████████████████ ████████████, which is a valid and binding agreement between the parties.

104.    Plaintiff has fully, and in good faith performed all conditions and obligations under the ███.

105.    Section █ of the ███ provides, in full:



Ex. A at Sec. █ (emphasis added).

106.    Under Section █ of the ███████████████████████████████ ████████████████████████████████.

107.    The █████████████████████████████████████ necessarily implicated ChanBond's rights and obligations under the ███.

108.    However, CBV was ██████████████ ██████████████. Rather, CBV learned of the ███ through Ms. Leane's 2020 arbitration filing.

109.    Therefore, Defendant ChanBond, through Ms. Leane, has breached Section █ of the ███ by ████████████████████████████████████████ ████████████████████████████.

23

110.    Defendant's breaches of the █████ has harmed Plaintiff in an amount to be determined at trial.

**<u>COUNT IV</u>**
(Declaratory Judgment - ███)

111.    Plaintiff incorporates the averments contained in the preceding paragraphs, with the same force and effect as if fully set forth herein.

112.    On or about April 9, 2015, ████████████████████████████████████ ████████████████ which is a valid and binding agreement between the parties.

113.    Plaintiff has fully, and in good faith performed all conditions and obligations under the ████

114.    Section ███ of the ████ provides, in full:

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Ex. A at Sec. ████ (emphasis added).

115.    On or about October 27, 2015, Ms. Leane and ChanBond ████████████████ ████████████████████████. Such a ████ necessarily implicated ChanBond's rights and obligations under the ████.

116.    Defendants █████████████████████████████████████████████████████ ████████

117.    Defendant's ████████████████████████████████████████ violated Section ████ of the ████.

118.    An actual controversy exists between the parties as to the validity of the ███,
████████████████████████, under Section ██ of the ██.

119.    Plaintiff therefore respectfully requests that the Court issue an Order declaring that:

    a.    Defendant breached the ████ by ██████████████████████████
████████████████████████;

    b.    As a result of Defendant's breach of the ████ and lack of authority to enter
into the ███, the ████ is invalid.

## COUNT V
(Declaratory Judgment - ███)

120.    Plaintiff incorporates the averments contained in the preceding paragraphs, with
the same force and effect as if fully set forth herein.

121.    Ms. Leane has asserted that ChanBond and IPNav signed an agreement for
████████████████████████████. Further, Ms. Leane asserts that she
informed King & Wood Malleson LLP and Billy Carter that CBV signed the ████ at the time of
execution of the ████████.

122.    On or about April 9, 2015, ██████████████████████████
████████████, which is a valid and binding agreement between the parties.

123.    Plaintiff has fully, and in good faith performed all conditions and obligations under
the ███.

124.    Section ███ of the ████ contains ██████████████████████
██████████████████████████████████████████████████
████████████████████.

125.   Further Section ▮ of the ▮, which ▮▮▮ requires that

▮▮▮▮▮▮▮

▮▮▮▮▮

126.   At the time of the ▮ and ▮, both IPNav and ChanBond were controlled by Ms. Leane.  As a result, IPNav ▮▮▮▮A, and the ▮ would require ▮▮▮.

127.   ▮▮▮▮

128.   Upon information and belief, Ms. Leane executed the ▮ for *both* ChanBond and IPNav in July of 2015 and backdated the document to appear as if it was executed contemporaneously with the ▮ in April of 2015.

129.   Therefore, Defendant ChanBond, through Ms. Leane, has breached Section ▮ of the ▮ by purporting to enter into the improper ▮▮▮▮

130.   Defendant's breaches of the ▮ has harmed Plaintiff in an amount to be determined at trial.

<u>**COUNT VI**</u>
Against ChanBond
(Declaratory Judgment - ▮)

131.   Plaintiff incorporates the averments contained in the preceding paragraphs, with the same force and effect as if fully set forth herein.

132.   Ms. Leane has asserted that ChanBond and IPNav signed an agreement ▮▮▮e.  Further, Ms. Leane asserts that she informed King & Wood Malleson LLP and Billy Carter that CBV signed the ▮ at the time of execution of the ▮▮.

133.   On or about April 9, 2015, ▮▮▮▮▮, which is a valid and binding agreement between the parties.

26

134.    Plaintiff has fully, and in good faith performed all conditions and obligations under the ██ .

135.    Section ██ of the ██ contains ████████████████████████ ████████████████████████████████ ████████████ .

136.    Further Section ██ of the ████████████████ requires that ████████████████████████████████ ████████████████████ .

137.    At the time of the ██ and ██ , both IPNav and ChanBond were controlled by Ms. Leane.  As a result, ████████████████ , and the ██ would require ████████████ .

138.    ████████████████████ .

139.    Upon information and belief, Ms. Leane executed the ██ for *both* ChanBond and IPNav in July of 2015 and backdated the document to appear as if it was executed contemporaneously with the ██ in April of 2015.

140.    An actual controversy exists between the parties as to the validity of the ██ , ████████████ , under Section ██ of the ██ .

141.    Plaintiff therefore respectfully requests that the Court issue an Order declaring that:

a.    Defendant breached the ██ by entering into the ████████████ ████████ ;

b.    As a result of Defendant's breach of the ██ and ████████████ ████████ , the ██ is invalid.

## COUNT VI
(Injunctive Relief)

142.    Plaintiff incorporates the averments contained in the preceding paragraphs, with the same force and effect as if fully set forth herein.

143.    In April 9, 2015, CBV, as ███ and ChanBond, as ████, agreed that ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████.

144.    The ███ is a valid and binding agreement between the parties.

145.    Plaintiff has fully, and in good faith performed all conditions and obligations under the ███.

146.    Since entry into the ███, ChanBond and Unified, through their former and current Managers, Ms. Leane and Mr. Carter, entered into various agreements and ██████████ ████ ███████████████████████████. These agreements and alterations were entered into ███████████████████.

147.    Upon information and belief, the Patent Suits settled in late June or early July of 2021 for ███████.

148.    CBV has been informed that it is entitled to ███████████ from the settlement amounts.  However, only ████████ has been disbursed by ChanBond to CBV.

149.    Upon information and belief, CBV is entitled to a much greater amount from the settlement, but has been stonewalled by ChanBond in its requests for the Settlement Agreement or any related information.

150.    Section ▇ of the ▇ requires an ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ No such ▇▇▇▇▇▇▇ has been provided.

151.    Further, Section ▇ of the ▇ requires that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Such requests from CBV to ChanBond have been unreasonably refused to date. A failure to receive such an accounting will result in diversion of funds due to CBV to accounts outside the US, with Ms. Leane being a citizen of the United Kingdom, and will cause irreparable harm to CBV.

152.    Plaintiff therefore respectfully requests that the Court issue an Injunction barring disbursement of any payments from the settlement amount to any parties before an accounting has taken place and ▇▇▇▇▇▇▇▇ distributed.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, CBV, Inc., respectfully requests that judgment be granted in its favor awarding the following relief:

a.    Specific performance of the ▇, including specific performance of ▇ Section ▇ requiring that Defendant pay Plaintiff ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and provision by ChanBond to CBV of the Settlement Agreement, an accounting of disbursements, and any other information reasonably necessary for CBV to determine the exact, proper amount that it is due and owed under the ▇;

b.    In the alternative, compensatory damages for the amount of the late payment due to CBV under the ▇, the losses incurred due to delayed payment, including the

significant tax consequences, and damages resulting from ChanBond's entry into the improper ███████████████████████████.

c.    A declaration regarding the ████ that:

    i.    Defendant breached the ██████████████████████████████ ███████████████████████;

    ii.    As a result of Defendant's breach of the ████ and ██████████████ ██████████, the ████ is invalid.

d.    A declaration regarding the ████ that:

    i.    Defendant breached the ████ by entering into the ███████████ ███████;

    ii.    As a result of Defendant's breach of the ████ and ██████████████ ██████████, the ████ is invalid.

e.    An Injunction barring disbursement of any payments from the settlement amount to any parties before an accounting has taken place ██████████████ distributed.

f.    Attorneys' fees, costs, and expenses to the extent permitted by law; and

g.    Such other and further relief as this Court deems just and appropriate under these circumstances.

**BUCHANAN, INGERSOLL & ROONEY PC**

Dated:  October 15, 2021

*/s/ Geoffrey Grivner*
Geoffrey G. Grivner (#4711)
Kody M. Sparks (#6464)
500 Delaware Avenue, Suite 720
Wilmington, DE 19801-3036
(302) 552-4200
geoffrey.grivner@bipc.com
kody.sparks@bipc.com

30

\*       \*       \*

Patrick C. Keane, Esq.
BUCHANAN, INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
patrick.keane@bipc.com

*Attorneys for Plaintiff*