## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CBV, INC.,

       *Plaintiff*

      *v.*

CHANBOND, LLC,

      *Defendant.*

C.A. No. 1:21-cv-01456-MN

**PUBLIC VERSION filed
on December 13, 2021**

## FIRST AMENDED COMPLAINT

Plaintiff CBV, Inc. ("CBV" or "Plaintiff") hereby brings this civil action against Defendant ChanBond, LLC for breach of contract, specific performance, injunctive relief and declaratory relief, and, in support thereof, represents upon knowledge, information, and belief, as follows:

## INTRODUCTION

1. This is an action for breach of contract, declaratory judgment, injunctive relief, and seeking specific and prompt performance of payments due and owing to CBV pursuant to the █████ ████████████████████████████████████████████████████████████████████ ██████████, which has been stymied by the actions of both the former and current owners of ChanBond.

2. Under the ████, CBV ████████████████████ to ChanBond in exchange for ████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████.

3. In furtherance of ████████████████████, ChanBond brought numerous Patent Suits in this District.

1

4. In June of 2021, ChanBond settled the Patent Suits ███████████████████

5. Accordingly, under Section ████ of the ████, CBV is entitled to payment of ██████ ████████████████████████████████████████████████████████, but indicated that no payment would be made. Indeed, ChanBond has, to date, failed to ███████████ ███████████████████████.

6. ChanBond has breached the ████████████████████████████ ████████████████████. CBV is entitled to specific performance of the ████ because ChanBond's refusal to ███████████████████████████ will cause CBV ████ ██████████████████████████████████████████████████████ ████. Further, ChanBond's refusal t ███████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████ has precluded CBV from ████████████████████ ████████████████████████████████████████████████████

7. Apart from ████████████████████████████████████████, ChanBond and its former and current owners, Dierdre Leane and William "Billy" Carter, breached ████████████████████████████████████████████████████ ████████████████████████

8. Ms. Leane has improperly asserted that, at the time of entry into ████████, CBV agreed to ████████████████████ ████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████ This is plainly false. First, Ms. Leane's predecessor, Mr. Spangenberg, specifically structured the ████ as a ████████ ████████, rather than a ████████████ent. Second, the ████ ████████████████████ ████████████████████████████████████████████. Rather, Ms.

Leane, recognizing the value in the Patents, is trying the squeeze as much value out of them as she can by resorting to breaches of ██████ and fraudulent conduct. In fact, she unilaterally signed ███████████████████████ *for both parties* three months *after* the ████ and *backdated* the document to give the appearance that it was signed contemporaneously. Not only this, but the ████ would clearly qualify as an █████████████ under Section ████ ██████████████ ████████████████████████ In fact, CBV was not informed of this conduct and had no knowledge of this fraudulent and invalid ████ *until 2020*.

9.     Upon information and belief, the ████ ████████████████████████████ ███████████████████████████████████████████████ ████████████████████████ Ms. Leane has asserted that ██████████, on the one hand, and ███████████████, on the other, entered into a purportedly binding ███████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████ Upon information and belief, Mr. Carter and ChanBond dispute this allegation. Nonetheless, this is nothing more than a bad faith attempt by Ms. Leane to circumvent the fact that the ████ is void because █████████████████████████████ ████████████████████████. Further, any such agreement that ████████████ ███████████████████████████████████████████████ ██████████████, is in breach of the ██████████████████████ ██████████████ CBV is unaware of IPNav providing *any* services ██████████ ██████████████ Therefore, █████████████████████████ ██████████, for services which were minor, if rendered at all, ████████████ ██████████████would deprive CBV of funds for which it properly contracted.

10.     Further, ChanBond and Ms. Leane entered into an October 27, 2015 ███████ ███████████ by which ████████████████████████ ███████████████████████ The ██ ████████████████████████ To the extent that the ██ ██████████████████████████, the ██ is, similarly, invalid.

11.     Through various lawsuits and arbitrations between Ms. Leane and Mr. Carter, among others, CBV has become aware that Mr. Carter is also asserting the existence of other agreements which would ███████████████████████. Specifically, Mr. Carter has asserted another agreement between Unified and Mr. Carter under which Mr. Carter receives ████████████████████████ as well as agreements by which he purportedly ██████████████████████ ██████████████ and also ████████████These agreements were entered into without ███████████████, despite that they have the effect of █████████████████████.  In fact, CBV has been refused ███ ████████████████████.  Each of these purported agreements are ████████████, because they were entered into ███████████████ as required by Section ██ of the ████, and are, therefore, invalid.

12.     Further, Mr. Carter has █████████████████████████ ██████  These amounts are improper because they are █████████████████████████ are required under Section ██ of the ████.

_____

██████████████████
██████████████

13.     Upon information and belief, the result of entering into these purported agreements ████████████████████████████████████████████████████████████ ████████████████████████████████████████

14.     As a result of the above actions, as explained in greater detail below, CBV respectfully requests judgment in its favor that ChanBond breached the ████ and requiring ChanBond to specifically perform the ████ by ████████████████████████████ ████████████   In the alternative, CBV requests compensatory damages in an amount to be determined at trial.  CBV also respectfully requests that this Court issue declaratory relief in the form of a declaration that the ████, and the ████ to the extent ████████████, are invalid ████████████████████.

## JURISDICTION

15.     This Court has personal jurisdiction over Defendant ChanBond LLC because it is a limited liability company organized under the laws of the state of Delaware.

16.     This Court has diversity jurisdiction over this civil matter under 28 U.S.C. § 1332(a)(1) because there is, upon information and belief, complete diversity among the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

17.     Venue is proper in this Court pursuant to the ████████████████████ ████ in Section ████ of the ████ (defined below) under which they ████████████ ████████████████████████████████.

## THE PARTIES

18.     Plaintiff CBV, Inc. is a Pennsylvania corporation with its principal place of business at 848B North Hanover Street, Carlisle, Pennsylvania 17013.

19.     Defendant ChanBond, LLC is a Delaware limited liability company with its principal place of business at 2633 McKinney Ave., Dallas, Texas 75204.  ChanBond was formed

by Deirdre Leane on about August 15, 2014. Its registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808. Its Manager is William "Billy" Carter, an individual resident of North Carolina.

## RELEVANT NON-PARTIES

20.    IP Navigation Group, LLC ("IP Navigation") was a Texas limited liability company with a principal place of business located in Dallas, Texas. Upon information and belief IP Navigation was founded by Erich Spangenberg in 2003. IP Navigation was in the business of providing patent monetization consulting services to patent owner clients in exchange for an interest on the recovery generated by the client's patents, a process that often involves patent litigation. Upon information and believe, IP Navigation Group, LLC was voluntarily dissolved after Dierdre Leane took over the business through a newly incorporated entity, IPNav, LLC.

21.    IPNav, LLC is a Texas limited liability company with a principal place of business located at 6422 Bryan Parkway, Dallas, TX 75214. Dierdre Leane incorporated IPNav, in order to take over IP Navigation's business upon the retirement of Erich Spangenberg. Upon information and belief, Ms. Leane is the sole member of IPNav.

22.    Upon information and belief, Dierdre Leane is an adult individual, foreign national, and lawful permanent resident of Texas, residing at 6422 Bryan Parkway, Dallas, TX 75214. Ms. Leane formed Defendant ChanBond, a Delaware limited liability company, on about August 15, 2014 while she was employed at IP Navigation Group, LLC, which was in the business of providing patent monetization consulting services to patent owner clients in exchange for an interest on the recovery generated by the client's patents. Ms. Leane also incorporated IPNav, LLC as a new entity through which to engage in this consulting business.

23.    UnifiedOnline, Inc. is a Delaware corporation with a principal place of business located at 4126 Leonard Drive, Fairfax, Virginia 22030. Upon information and belief, William

"Billy" Carter, ChanBond's Manager, is Unified's Chief Executive Officer.  On October 27, 2015, Ms. Leane and Unified entered into an ████████████████████████████████

██████████████████████████████

24.     William "Billy" Carter is an adult individual resident of North Carolina.  Upon information and belief, Mr. Carter is ChanBond's Manager as well as UnifiedOnline, Inc.'s Chief Executive Officer.

## FACTUAL BACKGROUND

I.     **The Parties and the Patents**

25.     CBV is a Pennsylvania corporation with its principal place of business at 848B North Hanover Street, Carlisle, Pennsylvania 17013.  Before April of 2015, CBV was the owner of the following U.S. Patents and U.S. Patent Applications (the "Patents") which its owners, Earl Hennenhoefer, Richard Snyder, and Robert Stine, had invented and which covered DOCSIS technology for delivering high-speed data over cable systems:

| | |
|---|---|
| US Patent No. 7346918 | Intelligent device system and method for distribution of digital signals on a wideband signal distribution system |
| US Patent No. 7941822 | Intelligent device system and method for distribution of digital signals on a wideband signal distribution system |
| US Patent No. 8341679 | Intelligent device system and method for distribution of digital signals on a wideband signal distribution system |
| US Patent No. 8984565 US Application No. 13/402,813 August 23, 2012* | Intelligent device system and method for distribution of digital signals on a wideband signal distribution system |
| US Application No. 13/799,749 October 10, 2013* | Intelligent device system and method for distribution of digital signals on a wideband signal distribution system |
| US Application No. 14/167,289 Filed January 29, 2014 | Intelligent device system and method for distribution of digital signals on a wideband signal distribution system |
| US Application - 10/346,571 (Abandoned – CIP of 09/824,531) | |
| US Application - 09/824,531 (Abandoned – CIP of 7346918) | |
| PCT/US2001/049629 (Expired – no national phase) | |
| PCT/US2002/009863 (Expired – no national phase) | |

*Publication Date

26.    Defendant ChanBond is a Delaware limited liability company formed by Deirdre Leane on about August 15, 2014, while she was employed at IP Navigation, which was in the business of providing patent monetization consulting services to patent owner clients in exchange for an interest on the recovery generated by the client's patents, a process that often involves patent litigation.

27.    On or about October 31, 2014, IP Navigation's principal, Erich Spangenberg, decided to retire and turn over his business to Ms. Leane.  Ms. Leane incorporated IPNav as a new entity through which to engage in this consulting business.

II.    **The** ███████████████████████

28.    In 2013, CBV contacted IP Navigation about potentially monetizing the Patents. After the initial contact, CBV negotiated a relationship regarding monetization of the Patents with IP Navigation's founder, Erich Spangenberg.

29.    IP Navigation's literature on its website noted that some cases would be taken on a consultancy basis, if not on an ownership basis.  In negotiations, CBV and IP Navigation discussed various relationship structures.   However, Mr. Spangenberg made clear that he was only interested in a deal with CBV in which ███████████████ because he found that working with multiple owners made settlement negotiations in patent litigation very difficult, if not impossible.

30.    Because of the above concern, Mr. Spangenberg proposed an agreement in which ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████ This outline formed the basis for the agreement that was actually agreed upon.

31.    Ultimately CBV and IP Navigation agreed that ████████████████ ████████████████████████████████████████████████████████ ██████████████

32.    However, upon information and belief, Billy Carter of IP Navigation had problems coming up with the financial backing necessary to effectuate the agreement.  Because of this, ChanBond was substituted in as ██████████.

33.    In the fall of 2014, Spangenberg informed CBV that he was retiring and turning his patent monetization business over to Deirdre Leane.  Ms. Leane, through her entity ChanBond, ████████████████████████████████.  The agreement was essentially the same, but did not

include ███████████████████████ because of the passing of the new American Invention Act.

34.     Because of the problems with Mr. Carter in obtaining financing, CBV informed Ms. Leane that it was not interested and started in working with Tom McWilliams and an ex-partner of Kirkland & Ellis.

35.     Ultimately, CBV was informed that Ms. Leane could make the deal happen and that the resulting patent lawsuits would be filed within one month.



36.     With extreme pressure from the other two partners, CBV ███████████████ ████████████████████. By the ██████████████████████████ CBV, as ████, and ChanBond, as ████████, agreed that ████████████████████████ ████████████████████████████. In exchange, CBV ████████████ ██████████████████████████████████████████████████████ ██████. A true and correct copy of the ████ is attached hereto as Exhibit A.

37.     Upon information and belief, in or about September of 2015, ChanBond retained Bentham as its litigation financier.  Despite requests regarding the financing agreement between ChanBond and Bentham, Chanbond has not provided CBV any information.

38.     In August of 2015, ChanBond, through its then Manager Ms. Leane induced CBV and Chanbond to execute an ████████████████████████████ which ████ ████████████████████████████████, as the ██████████ provided.  A true and correct copy of the fraudulent ████████████ is attached hereto as Exhibit B.

**III.     The Patent Suits**

39.     After signing the ██████, various patent infringement suits were filed on September 21, 2015 in the United States District Court for the District of Delaware.

40.     The defendants to the patent infringement suits filed a total of 14 *inter partes review* ("IPR") petitions to challenge the validity of the 3 asserted ChanBond patents. ChanBond completely defeated 13 of these IPR requests, and the remaining IPR resulted in the invalidation of only some claims (the broadest claims) of one of the 3 asserted Patents.

41.     ChanBond's claims have also survived two motions for summary judgment.

42.     Thirteen (13) patent infringement suits by ChanBond were pending in the District of Delaware against thirteen (13) separate defendants (the "Patent Suits"):

- *ChanBond, LLC v. WideOpen West Finance, LLC*, No. 1:15-cv-00854 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. WaveDivision Holdings, LLC*, No. 1:15-cv-00853 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Time Warner Cable Inc. et al*, No. 1:15-cv-00852 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. RCN Telecom Services, LLC*, No. 1:15-cv-00851 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Mediacom Communications Corporation*, No. 1:15-cv-00850 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Cox Communications, Inc. et al.*, No. 1:15-cv-00849 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Comcast Corporation et al.*, No. 1:15-cv-00848 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Charter Communications, Inc*., No. 1:15-cv-00847 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Cequel Communications, LLC et al.*, No. 1:15-cv-00846 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Cablevision Systems Corporation et al.*, No. 1:15-cv-00845 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Cable One Inc.*, No. 1:15-cv-00844 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v Bright House Networks, LLC*, No. 1:15-cv-00843 (D. Del. Sep 21, 2015)

- *ChanBond, LLC v. Atlantic Broadband Group, LLC, et al.*, No. 1:15-cv-00842 (D. Del. Sep 21, 2015)

43.    By Stipulation and Order dated March 6, 2017, the above Patent Suits were consolidated.

44.    On May 25, 2021, a jury trial was held before Judge Richard G. Andrews on the above Patent Suits.

45.    On July 12, 2021, Judge Andrews entered a Joint Stipulation and Order for dismissal of the Patent Suits with prejudice as a result of the parties agreement to "settle, adjust and compromise all claims" in the Patent Suits.  Upon information and belief, the Patent Suits settled for ████████████      However, ChanBond has refused and failed to provide CBV with any documentation regarding the Settlement or any distributions of the Settlement proceeds, ██████████ ████████████████████████████████████████████.

## IV.    The Invalid ████████████████████████████

46.    As noted above in Section II, *supra*, in the preliminary negotiations regarding monetization of the Patents, various structures were discussed, but ultimately, Mr. Spangenberg required ████████████████.  CBV and IP Navigation never agreed to any ██████████ ████████████████████

47.    Nevertheless, upon information and belief, in July 2015, Ms. Leane asked IP Navigation's in-house counsel to review a draft ████, backdated to reflect that it had been in effect since April of 2015 contemporaneous with the ████ (despite that it was *not*).  Upon information and belief, on or about July 31, 2015, Ms. Leane improperly executed the ████ on behalf of both ████████████████, and dated it as of April 9, 2015.  Pursuant to the invalid, unilaterally executed ████████████████████████████████████████████

███, despite that the parties to the ███ *never* agreed to such an arrangement.  A true and correct copy of the purported ███ is attached hereto as Exhibit C.

48.     CBV was never informed of the ███.   Rather, CBV learned of the invalid, unilateral ███ through an arbitration filed by Ms. Leane against Unified and ChanBond in 2020, AAA Case No. 01-20-0015-0793 (the "Arbitration").

49.     Upon information and belief, with a sale of IPNav's membership interest in ChanBond to Unified upcoming, and in order to protect herself should the settlement value of the patent suits be higher than she expected, Ms. Leane unilaterally, fraudulently, and in breach of the ███, fashioned the ███ in order to ████████████████████ ████████.

## V.     Leane and IPNav ██████████████████████ ██████████

50.     On October 27, 2015, Leane, ChanBond, and Unified entered into an ███████ ████████, by which Leane ██████████████████████████.   A true and correct copy of the ███ is attached hereto as Exhibit D.

51.     The ███ called for ██████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████.

52.     Upon information and belief, upon s█████████████████████ ██████, Ms. Leane made Mr. Carter ChanBond's sole manager.  Mr. Carter also has a controlling interest in, and is CEO of, Unified.

53.     The ███ also ██████████████████████

54.     As noted *infra*, Section ▇▇ of the ▇▇▇ requires that any ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The ▇▇▇ was ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇, thereby constituting ▇▇▇▇▇▇▇▇▇▇▇.

55.     As such, to the extent that the ▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇ and/or ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇ under the ▇▇▇, the ▇▇ is, similarly, invalid.

56.     CBV learned of the ▇▇ through Ms. Leane's Arbitration against Unified and ChanBond. Upon learning of the ▇▇, CBV had legitimate concerns regarding its validity. As such, CBV requested a copy of the ▇▇ to review. However, ChanBond and Ms. Leane's attorneys refused CBV's request, asserting that CBV had no right to review the contract.

57.     In addition, in negotiation of the ▇▇, Mr. Carter was represented by Mark Raskin of KWM and ChanBond was represented by Robert Whitman of KWM. This is a clear conflict of interest.

## VI.    The Lawsuits Settle and CBV Is Entitled to ▇▇▇▇▇▇▇▇▇▇, But ChanBond Refuses to Pay

58.     Settlement discussions in the Patent Suits were sporadic over the course of the litigations, and the parties were an order of magnitude apart.

59.     For the first time, by her attorney's demand letter dated August 29, 2020, Ms. Leane asserted that the ▇▇▇▇▇▇ provision in the ▇▇ gave her ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇. However, ChanBond has never suggested that it would assign the Patents to settle these cases, with or without Ms. Leane's approval.

60.     Despite this, as noted in Section III, *supra*, on July 12, 2021, Judge Andrews entered a Joint Stipulation and Order for dismissal of the Patent Suits with prejudice as a result of the parties agreement to "settle, adjust and compromise all claims" in the Patent Suits.

61.     Upon information and belief, the settlement of the various Patent Suits was pursuant to a settlement agreement entered into in late June or early July of 2021 (the "Settlement Agreement").

62.     Upon information and belief, pursuant to the Settlement Agreement, the Patent Suits settled for ███████████  However, CBV has been stonewalled by ChanBond as to specific information regarding the Settlement Agreement.   Despite requests from CBV, ChanBond has refused to provide a copy of the Settlement Agreement, an accounting of the settlement funds, or any other specific information allowing CBV to determine the proper amount it should receive. This is ████████████████████████████████████████████ ██████████████████████. Specifically, Section ███ of the ███ reads, in full:



Ex. A. at Sec. ███.   Despite that ChanBond has made payment of ████████ to CBV, only a fraction of the amounts due pursuant to the ███, ChanBond has refused to provide CBV with a copy of the Settlement Agreement, an accounting of disbursements, or any other information permitting CBV to determine the exact amount it is due and owed under the ███.

63.     Under Section ███ of the ███, CBV ████████████████████████████ ██████████. Section ███ of the ███ reads, in full:



15



Ex. A at Sec. ███.

64.   Under Section ███ of the ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████   ████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████ Ex. A at Sec. ███.

65.     Section ██ of the ████████████████████████████████████ ████████████████████████████████████.  That Section provides, in relevant part:

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

Ex. B at Sec. ██.

66.     No such ████████████ has been provided to CBV.

67.     Upon information and belief, under the framework for payment laid out in Section ██ of the ████, because the Patent Suits were settled for ████████ taking into account ████████████████████, CBV is entitled to payment in the amount of ████████████ inclusive of ████████████████████.  CBV was notified of this amount by KWM in a July 14, 2021 email from Mark Raskin, a true and correct copy of which is attached hereto as Exhibit E.  However, CBV was never provided any detail or supporting documentation regarding the settlement amount nor the purported amounts distributable to CBV or the other parties, despite requests from CBV.  Upon information and belief, CBV is entitled to a much greater amount.  For example, KWM is only entitled to ████████████████████, rather than ████████ and Bentham is only entitled to ████████████████, rather than ████ ████████████████████████ as claimed by ChanBond.  These amounts were ████████████ by ChanBond without ████████████████████, despite that ████████████████████████████████.

17

68.     As of the date of filing, CBV has only received ███████████ ████████████████ — a small portion of the total amounts it is due under the ████. Therefore, ChanBond is still required to pay CBV ██████████████.

69.     Pursuant to Section ██████ of the ████████████████████ ████████████████████████████████████████████████████ █████████████████████████████████████" Ex. A at Sec. ████. Therefore, because the Patent Suits settled in June or July 2021, ███████████████████ ████.

70.     As a result of Defendant's refusal to pay Plaintiff the funds it is owed under the ████, Plaintiff will suffered certain negative tax implications.  Specifically, Congress has passed (at least one house) an increase in the capital gains tax effective Sept 13, 2021.  The new capital gains tax percentage will be 25% versus the old number of 20%.

## VII.   Deirdre Leane initiates false and misleading legal actions.

71.     In or about 2020, Ms. Leane filed numerous lawsuits and arbitrations against Unified, ChanBond, Mr. Carter and the partners of KWM, among others.[3]

72.     Among other things, Ms. Leane has alleged in her suits that CBV and ChanBond signed an agreement ████████████████████████████████████.  Further, Ms. Leane alleges that she informed KWM and Billy Carter that CBV signed the ████ at the time of execution of the ████████.  This is false.  She has claimed to have a copy of the ████ signed

---

[3] *Dierdre Leane and IPNav, LLC v. UnifiedOnline, Inc. and ChanBond, LLC*, AAA Case No. 01-20-0015-0793; *Dierdre Leane and IPNav, LLC v. Mishcon De Reya LLP, Mishcon De Reya New York LLP, King & Wood Mallesons LLP, Robert Whitman, and Mark Raskin*, C.A. No 1:20-cv-08127-PGG (N.Y. Sup. Ct. September 29, 2020)

by CBV on April 9, 2015, but has failed to provide documentation of this upon requests and CBV

has serious doubts of the authenticity of any such document.

73.     None of these assertions are true.  As explained above in Section II, *supra*, CBV

never agreed to ███████████ at the time of entry into the ███.  Rather, Ms. Leane,

unilaterally executed the ███ for both parties to that transaction without any knowledge, input, or

agreement by CBV, in breach of the ███.  In fact, Ms. Leane was not involved in the initial

negotiations between CBV and IP Navigation, outside of the very first meeting between the parties.

74.     At no time was any ███████████ discussed nor included or attached to the

███ nor the █████████.  Further, the ███ includes an █████████ in Section ██

which reads, in full:

████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████

Ex. A at Sec. ███ (emphasis added).

75.     Section ███ of the ███ itself belies Ms. Leane's claim that the ███ was

contemplated as part of the ███ transaction.  It was not.  The █████████████

█████████████████████.  Therefore, the ███ is void.

76.     Further, Section █ of the ████████████████████████████████

██████████████████████████████████████████ That Section

reads, in full:

████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████

Ex. A at Sec. ██ (emphasis added).

77.     The ███ defines ████████ to mean, ██████████████████████

████████████████████████████████████████████████ *Id*. at

Sec. ██.  The term ████████ is defined as ██████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ *Id*.

78.     Because Ms. Leane stood on both sides of the ██████ transaction, executing the ████

for both ChanBond and IPNav, the ██████ was clearly an ████████████████████████

████████████.  ████████████████████████████████████n.  Ms. Leane fraudulently

drafted, backdated, and executed the ██████ without ever discussing the contract with CBV.  Rather,

CBV only learned of the ██████ existence through Ms. Leane's various lawsuits.  As such, the

██████ is improper and is void ██████████████████.

20

79.    Further, upon information and belief, the ██████ was ████████████████████

███████████████████████████████████████████████ (the ██████████████████████████

██████████ attached hereto as Exhibit F) dated April 30, 2018 and signed by ████████████

██████████████████████.

80.    In the Arbitration, Ms. Leane asserts that ██████████████, on the one hand,

and ████████████████, on the other, ████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████.

81.    Upon information and belief, Mr. Carter and ChanBond dispute this allegation in
the Arbitration.

82.    Nonetheless, this is nothing more than a bad faith attempt by Ms. Leane and IPNav
to circumvent the fact that the ██████ is void due to the fact that ████████████████████████

██████████████████████████████.

83.    Further, any such agreement, ████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████.

84.    CBV is unaware of IPNav providing *any* services ████████████████████████

█████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ This is particularly true because
IPNav already received ████████████ and ████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████.

## COUNT I
(Specific Performance)

85.     Plaintiff incorporates the averments contained in the preceding paragraphs, with the same force and effect as if fully set forth herein.

86.     On or about April 9, 2015, ███████████████████████████████████ ███████████████, which is a valid and binding agreement between the parties.

87.     Plaintiff has fully, and in good faith performed all conditions and obligations under the ████.

88.     In or about late June or early July of 2021, the Patent Suits were settled pursuant to the Settlement Agreement.

89.     Upon information and belief, the Patent Suits settled for ███████████.

90.     Section ████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████

91.     Therefore, under Section ████ of the ████, taking into account ███████████ ███████████, Plaintiff is entitled to ███████████████████

92.     Despite Plaintiff's entitlement to these funds, Defendant refuses to pay Plaintiff ████ ███████████████████ from the Patent Suits ███████████████████████, instead releasing only ███████████ to CBV.

93.     CBV reasonably believes that it is entitled to greater than ███████████ However, it has been stonewalled by ChanBond at every turn regarding any information about the settlement, funds disbursements, etc.  ChanBond has refused to provide CBV with a copy of the Settlement Agreement, an accounting of funds disbursements, or any other information regarding the

settlement funds, despite requests from CBV and despite ███████████████████████

███████████████████.

94.     Section ██ of the ███ requires ██████████████████████████

████████████████████████████████████. No such ████████████████

has been provided despite that ████████████████████████████.

95.     Further, Section ██ of the ███ requires that ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████.

96.     Further as a result of Defendant's refusal to pay Plaintiff the funds it is owed under
the ███, Plaintiff will suffer certain negative tax implications.  Specifically, if payment is not
made by the end of calendar year 2021, CBV will potentially be subject to an increased capital
gains tax (i.e. 25% rather than 20%).

97.     CBV is entitled to an order specifically enforcing the provisions of ███ and
requiring Defendant ChanBond to immediately distribute to CBV its portion ████████████
from the Patent Suits under Section ███ of the ███ and to immediately provide CBV ████████
████████████████████████████████████████████████████████
████████████████ under Sections ██ of the ███ and ██ of the █████████████

98.     Plaintiff lacks an adequate remedy at law.  Money damages would be insufficient
to cure Defendant's breaches of the ███.  Specifically, money damages are insufficient because
ChanBond   refuses   to   provide   CBV   with   documentation   of   the   Settlement   Agreement,

23

disbursement amounts, or any other information allowing CBV to confirm the exact amount that

it is due and owed under the ███.

99.     The equities weigh in favor of ordering specific performance, including

performance of Defendant's obligations to ████████████████████████████████████

████ pursuant to Section ████ of the ████ and to ████████████████████████████████

████████████████████████████████████████████████████under Sections

████ of the ████ and ███ of the ██████████████

**<u>COUNT II</u>**
(Breach of Contract – ████ Sections ████ and ███ and ████████████████Section ███)
*In the Alternative*

100.    Plaintiff incorporates the averments contained in the preceding paragraphs with the

same force and effect as if fully set forth herein.

101.    On or about April 9, 2015, ████████████████████████, which is a

valid and binding agreement between the parties.

102.    Plaintiff has fully, and in good faith performed all conditions and obligations under

the ███.

103.    Section ████ of the ████ ████████████████████████████████████

██████████████████████████████.

104.    In or about late June or early July of 2021, the Patent Suits were settled pursuant to

the Settlement Agreement.

105.    Upon information and belief, the Patent Suits settled for ██████████

106.    Upon information and belief, under Section ███ of the ████████████████

████████████████████████ ██████████████████

107.    Despite Plaintiff's entitlement to these funds, Defendant refuses to pay Plaintiff its full share ███████████ from the Patent Suits ███████████████████████, having released only ████████████████████████████████.

108.    CBV reasonably believes that it is entitled to greater than ████████ However, it has been stonewalled by ChanBond at every turn regarding any information about the settlement, funds disbursements, etc.  ChanBond has refused to provide CBV with a copy of the Settlement Agreement, an accounting of funds disbursements, or any other information regarding the settlement funds, despite requests from CBV and despite a ██████████████████████ ████████████████.

109.    Section ██ of the ████████████████████████████ ████████████████████████████████ No such ████████████ has been provided despite that █████████████████████████.

110.    Further, Section █████████████████████████████ ████████████████████████████████████████████ ███████████████ ████████████████████████████ ████ ██████████████████████████████████ ████████████████████████████████████████████ ████████████████████.

111.    Defendant has breached the ████ by █████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ███████████.

112.    Defendant's breaches of the ████ have harmed Plaintiff in an amount to be determined at trial, but believed to be ████████████████████.

113.    Further Defendant's breach of the ███ by ████████████████████ ██████████████ will cause Plaintiff to suffer certain negative tax implications.  Specifically, if payment is not made by the end of calendar year 2021, CBV will be subject to an increased capital gains tax (i.e. 25% rather than 20%).

**COUNT III**
(Breach of Contract – ███)

114.    Plaintiff incorporates the averments contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

115.    On or about April 9, 2015, ████████████████████████, ████████████████, which is a valid and binding agreement between the parties.

116.    Plaintiff has fully, and in good faith performed all conditions and obligations under the ███.

117.    On or about October 27, 2015, ██████████████████████████ ████████████████████████.

118.    The ███ called for ██████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████.

119.    Upon information and belief, ██████████████████████████ ██████, Ms. Leane made Mr. Carter ChanBond's sole manager.  Mr. Carter also has a controlling interest in, and is CEO of, Unified.

120.    The ███ also ████████████████████████.

121.    As noted *infra*, ███████████████████████████████████

████████████████████ The ████ was ██████████████████████████████

████████, thereby constituting ████████████████████████.

122.    As such, to the extent that the ████ ██████████████████████████

██████████████████████████████, the ████ is, similarly, invalid.

123.    However, ████████████████████████████████████████████

████████████████████████. Rather, CBV learned of the ████ through Ms. Leane's 2020

arbitration filing.

124.    Therefore, Defendant ChanBond, through Ms. Leane, has breached the ████ by

entering into the ████, which ████████████████████████.

125.    Defendant's breaches of the ████ has harmed Plaintiff in an amount to be

determined at trial.

## **COUNT IV**
(Declaratory Judgment - ████)

126.    Plaintiff incorporates the averments contained in the preceding paragraphs, with the

same force and effect as if fully set forth herein.

127.    On or about April 9, 2015, ████████████████████████████████████

████████████████, which is a valid and binding agreement between the parties.

128.    Plaintiff has fully, and in good faith performed all conditions and obligations under

the ████.

129.    On or about October 27, 2015, ██████████████████████████████████

██████████████████████████████████.

130.    The ████ called for ███████████████████████████████████

████████████████████████████████████████████████████████████

27

███████████████████████████████████████████████████████

████████████████████████████████

131.    Upon information and belief, ██████████████████████████████

██████, Ms. Leane made Mr. Carter ChanBond's sole manager.  Mr. Carter also has a controlling

interest in, and is CEO of, Unified.

132.    The ███ also ████████████████████████████████████

133.    As noted *infra*, Section ███ of the ████ ███████████████

███████████████████████.  The ███ was executed ██████████████████

███████████████████████████.

134.    As such, to the extent that the ███ █████████████████████

██████████████████████, the ███ is, similarly, invalid. An actual controversy exists

between the parties as to the validity of the █████████████████████.

135.    Plaintiff therefore respectfully requests that the Court issue an Order declaring that:

a.    Defendant breached the ███ by entering into the ██████████████

███████████;

b.    As a result of Defendant's breach of ██████, the ███ is invalid ████████

███████████████████.

## COUNT V
(Declaratory Judgment – ████████████)

136.    Plaintiff incorporates the averments contained in the preceding paragraphs, with the

same force and effect as if fully set forth herein.

137.    Ms. Leane has asserted that ██████████████████████████████

███████████████████████████████.  Further, Ms. Leane asserts that she

informed KWM and Billy Carter that CBV signed the ███ at the time of execution of the ████████.

138.    On or about April 9, 2015, ████████████████████████████████ ███████████████ which is a valid and binding agreement between the parties.

139.    Plaintiff has fully, and in good faith performed all conditions and obligations under the ███.

140.    Section ███ of the ███ contains ████████████████████ ████████████████████████████████████████████ ████████████████████.

141.    Further Section ███ of the ████████████████████████ ████████████████████████████████████████████ ████████████████████.

142.    At the time of the ███ and ███, both ████████████████ ████████. As a result, ████████████████████████████ ████████████████████.

143.    ████████████████████████████████████████.

144.    Upon information and belief, Ms. Leane executed the ███ for ████████████ ████████ in July of 2015 and backdated the document to appear as if it was executed contemporaneously with the ███ in April of 2015.

145.    Upon information and belief, the ███ was ████████ on April 30, 2018 pursuant to the ████████████████.

146.    Ms. Leane asserts that ████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████

███████████████████████████████████████████████████████████
████████████.

147.    This is merely a bad faith attempt to circumvent the fact that the ████ is void due to the fact that █████████████████████████████████████████████████████ ████████████.

148.    Further, any such agreement, ████████████████████████████████████████ ████████████████████████████████████████████████ is in breach of the ████, which requires that ███████████████████████████████████████.

149.    CBV is unaware of IPNav providing any services ████████████████████████ ███████.

150.    Therefore, ██████████████████████████████████████████ for services which were minor, if rendered at all, ███████████████████████████, and would deprive CBV of funds for which it properly contracted.

151.    In addition, Mr. Carter has ████████████████████████████████████ █████████████████████.  These amounts are also improper because they are ████████ ██████████████████████████████████████████████.

152.    Further, upon information and belief, Mr. Carter has asserted another agreement between ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████.

153.    These agreements were entered into ██████████████████████████████, despite that they have the effect of grossly depleting ████████████distributable to CBV.  In fact, CBV has been refused any information related to these purported agreements.

154.     Therefore, Defendant ChanBond, through Ms. Leane and Mr. Carter, has breached Section ██ of the ████ by purporting to enter into the improper ████ and by entering into other ████████ and other transactions that depleted the amount of recovery for CBV ████████ ██████.

155.     Defendant's breaches of the ████ has harmed Plaintiff in an amount to be determined at trial.

**COUNT VI**
Against ChanBond
(Declaratory Judgment – Section ██)

156.     Plaintiff incorporates the averments contained in the preceding paragraphs, with the same force and effect as if fully set forth herein.

157.     Ms. Leane has asserted that ████████████████████████████ ████████████████████████. Further, Ms. Leane asserts that she informed KWM and Billy Carter that CBV signed the ████ at the time of execution of the ████████.

158.     On or about April 9, 2015, ████████████████████████ ████████████, which is a valid and binding agreement between the parties.

159.     Plaintiff has fully, and in good faith performed all conditions and obligations under the ████.

160.     Section ██ of the ████ contains ████████████████████ ████████████████████████████████ ████████████████.

161.     Further Section ██ of the ████, which defines ████████████████ ████████████████████████████████ ████████████████████.

162.    At the time of the ███████████████████████████████████████████████ ███████. As a result, ████████████████████████████████████████, and the ████ would require ██████████████████████.

163.    ██████████████████████████████████████████.

164.    Upon information and belief, Ms. Leane executed the ██████████████████████ ████████ in July of 2015 and backdated the document to appear as if it was executed contemporaneously with the ████ in April of 2015.

165.    Upon information and belief, the ████ was ████████ on April 30, 2018 pursuant to the ██████████████████████.

166.    Ms. Leane asserts that █████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████

167.    This is merely a bad faith attempt to circumvent the fact that the ████ is void due to the fact that ███████████████████████████████████████████████████████████ ████████████████.

168.    Further, any such agreement, ████████████████████████████████████████ ████████████████████████████████████████████████ is in breach of the ████, which requires that ████████████████████████████████████████.

169.    CBV is unaware of IPNav providing any services ████████████████████████ ████████████.

170.    Therefore, ███████████████████████████████████ for services which were minor, if rendered at all, ████████████████████████, and would deprive CBV of funds for which it properly contracted.

171.    In addition, Mr. Carter has ██████████████████████████████████ ██████████████████████. These amounts are also improper because ████████████ ███████████████████████████████████.

172.    Further, upon information and belief, Mr. Carter has asserted another agreement ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████.

173.    These agreements were entered into ███████████████████████████████, despite that they have the effect of grossly depleting ████████████distributable to CBV.  In fact, CBV has been refused any information related to these purported agreements.

174.    An actual controversy exists between the parties as to the validity of the ████and any other agreements purportedly entered into ███████████████████████████████ █████████████████████, under Section ██ of the ███.

175.    Plaintiff therefore respectfully requests that the Court issue an Order declaring that:

a.    Defendant breached the ████ by entering into █████████████████, including but not limited to the ████████████████████as required by Section ██ of the ████;

b.    As a result of Defendant's breach of Section ██ of the ████ and ██████ ████████████████████████████████████████████████ ████████████████████ are invalid.

33

## COUNT VII
(Injunctive Relief)

176.    Plaintiff incorporates the averments contained in the preceding paragraphs, with the same force and effect as if fully set forth herein.

177.    In April 9, 2015, CBV, as ███, and ChanBond, as ███, agreed that ███████████████████████████████████████████ ███████████████████████████████████████████ ███.

178.    The ███ is a valid and binding agreement between the parties.

179.    Plaintiff has fully, and in good faith performed all conditions and obligations under the ███.

180.    Since entry into the ███, ChanBond, through its former and current Managers, Ms. Leane and Mr. Carter, ███████████████████████████ ███████████████████████████████████████████ ████████████████████.

181.    Upon information and belief, the Patent Suits settled in late June or early July of 2021 ████████████.

182.    CBV has been informed that it is entitled to ████████████ from the settlement amounts.  However, only ██████ has been disbursed by ChanBond to CBV.

183.    Upon information and belief, CBV is entitled to a much greater amount from the settlement, but has been stonewalled by ChanBond in its requests for the Settlement Agreement or any related information.

184.    Section ███ of the ████████████████████████████████████████ ████████████████████████████████████████████. No such ██████████████ has been provided.

185.    Further, Section ███ of the █████ requires that ████████████████████ ████████████████████████████████████████████████████████████████████████ ██████████████████████ Such requests from CBV to ChanBond have been unreasonably refused to date.  A failure to receive such an accounting will result in diversion of funds due to CBV to accounts outside the United States, with Ms. Leane being a citizen of the United Kingdom, and will cause irreparable harm to CBV.

186.    Plaintiff therefore respectfully requests that the Court issue an Injunction barring disbursement of any payments from the settlement amount to any parties before an accounting has taken place and ██████████████████ distributed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, CBV, Inc., respectfully requests that judgment be granted in its favor awarding the following relief:

a.    Specific performance of the ██████, including specific performance of ████████ Section ████ requiring that Defendant pay Plaintiff ██████████████████████████████ ████████████████████████████████████████ and provision by ChanBond to CBV of the Settlement Agreement, an accounting of disbursements, and any other information reasonably necessary for CBV to determine the exact, proper amount that it is due and owed under the █████████████████████████████████████ ██████████████████████████████;

b.    In the alternative, compensatory damages for the amount of the late payment due to CBV under the ██████, the losses incurred due to delayed payment, including the

35

significant tax consequences, and damages resulting from ChanBond's entry into the improper ██████████ without authority under the ████.

c.   A declaration regarding the ████ that:

   i.   Defendant breached the ████ by entering into the ████ which ██████████ ██████████;

   ii.   As a result of Defendant's breach of the ████, the ████ is invalid to the extent that it ██████████████.

d.   A declaration regarding the ████ that:

   i.   Defendant breached the ████ by entering into the ████████████ ██████████;

   ii.   As a result of Defendant's breach of the ████ and ████████████ ██████ ████, the ████ is invalid.

e.   An Injunction barring disbursement of any payments from the settlement amount to any parties before an accounting has taken place and ██████████distributed;

f.   Attorneys' fees, costs, and expenses to the extent permitted by law; and

g.   Such other and further relief as this Court deems just and appropriate under these circumstances.

**BUCHANAN, INGERSOLL & ROONEY PC**

Dated:  December 6, 2021

                                   */s/ Geoffrey Grivner*
                                   Geoffrey G. Grivner (#4711)
                                   Kody M. Sparks (#6464)
                                   500 Delaware Avenue, Suite 720
                                   Wilmington, DE 19801-3036
                                   (302) 552-4200
                                   geoffrey.grivner@bipc.com
                                   kody.sparks@bipc.com

\*       \*       \*

Patrick C. Keane, Esq.
BUCHANAN, INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
patrick.keane@bipc.com

*Attorneys for Plaintiff*