# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC.,<br><br>　　　　*Plaintiff*<br><br>　　v.<br><br>CHANBOND, LLC,<br><br>　　　　*Defendant.*<br>--------------------------------------------------------<br>KAMAL MIAN AND GREGORY COLLINS, Derivatively on Behalf of Nominal Defendant, UNIFIEDONLINE, INC.,<br><br>　　　　Cross-Complainant,<br><br>　　v.<br><br>CHANBOND, LLC and WILLIAM R. CARTER, JR.,<br><br>　　　　Cross-Defendants,<br><br>　　and<br><br>UNIFIEDONLINE, INC., a Delaware Corporation,<br><br>　　　　Nominal Defendant. | C.A. No. 1:21-cv-01456-MN |

## VERIFIED SHAREHOLDER DERIVATIVE CROSS-COMPLAINT

Cross-Complainants Kamal Mian ("Mian") and Gregory Collins ("Collins"), by and through their undersigned attorneys, submit this Verified Shareholder Derivative Cross-Complaint (the "Complaint") on behalf of UnifiedOnline, Inc. ("UOI" or the "Company") against Defendants Chanbond, LLC ("Chanbond") and William R. Carter, Jr. ("Carter"). Cross-Complainants

1

represent a larger group of shareholders, holding approximately 310,000,000 shares in UOI. Cross-Complainants allege the following based upon information and belief, except as to those allegations concerning Cross-Complainants, which are alleged upon personal knowledge. Cross-Complainants' information and belief is based upon, among other things, the investigation conducted by and under the supervision of their counsel which included, among other things: (a) a review and analysis of regulatory filings filed by UOI with the United States Securities and Exchange Commission ("SEC"); (b) a review of other publicly available information concerning UOI, Chanbond, and Carter; and (c) complaints and related materials in litigation commenced against some or all of the Cross-Defendants and/or the Company.

## INTRODUCTION

1.      This is a shareholder derivative action brought for the benefit of Nominal Defendant UOI, a Delaware corporation. This derivative action is brought against Carter, UOI's sole director, for breaches of his fiduciary duty, and against Chanbond, UOI's wholly owned subsidiary, for an accounting and to enjoin any further distribution of any settlement proceeds received by Chanbond pending the accounting and the outcome of this case.

## THE PARTIES

2.      Defendant/Cross-Complainant Kamal Mian ("Mian") is currently and has continuously been a shareholder of UOI at all relevant times herein and currently holds 103,469,812 shares of UOI common stock. Mian is a citizen of California.

3.      Defendant/Cross-Complainant Gregory Collins ("Collins") is currently and has continuously been a shareholder of UOI at all relevant times herein and currently holds 27,909,259 shares of UOI common stock. Collins is a citizen of Arizona.

4.      Nominal Defendant/Cross-Complainant UOI is incorporated under the laws of the State of Delaware and lists its headquarters at 4309 Hoke Lane, Greensboro, NC 27407. As of February 15, 2016, the most recent date when such information was made available, there were 1,011,928,504 shares of UOI common stock issued and outstanding.

5.  Defendant/Cross-Defendant Chanbond, LLC ("Chanbond") is a Delaware limited liability company.

6.  Cross-Defendant William R. Carter, Jr. ("Carter") is a resident of North Carolina and is both the sole director of UOI and the sole manager of Chanbond. Joinder of Carter through the Cross-Complaint is sought under FRCP 13(h).

## JURISDICTION

7.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the crossclaims asserted against Cross-Defendants Chanbond and Carter as they are substantially related to those claims within the Court's original jurisdiction including the property, the patent litigation settlement proceeds, that is the subject matter of the original action.

8.  This Court has personal jurisdiction over Cross-Defendant Chanbond because it is Delaware limited liability company.

9.  This Court has personal jurisdiction over Cross-Defendant Carter because, as director of UOI, he has consented to personal jurisdiction in Delaware pursuant to 10 *Del. C.* § 3114(a).

## FACTUAL BACKGROUND

10. Section 2.1 of UOI's bylaws, amended April 23, 2014, states "[t]he Board of Directors shall consist of three (3) members."

11. Section 2.6 of UOI's bylaws requires the concurrence of a majority of the board of directors UOI to transact any business.

12. In February 2014, UO! IP of NC, LLC, a North Carolina limited liability company ("UO! IP") purchased UOI's Master Lease and Equipment Schedule from Agility Ventures. UO! IP is owned by Carter.

13. On April 9, 2015, Plaintiff CBV, Inc., a Pennsylvania corporation ("CBV"), entered into an agreement with Chanbond pursuant to which Chanbond acquired a portfolio of patents from CBV (the "CBV Patents") in exchange for Chanbond's agreement to monetize the CBV Patents.

14. On April 23, 2014, UnifiedOnline, LLC, a Delaware limited liability company ("Unified LLC") owned by Carter, acquired 400,000 shares of preferred stock of UOI (the "Series AA Preferred Stock") convertible into a number of shares of the Company's Common Stock, sufficient to provide the holder thereof, in the aggregate, ninety percent (90%) of all shares of Common Stock of the Company on a fully diluted basis, taking into account the exercise of all warrants, options, convertible notes, or any other rights to the issuance of UOI capital stock. At the time of the issuance of the Series AA Preferred Stock to Unified LLC, UOI's stock (ticker UOIP) was trading at $1.44 and there were approximately 492,746,383 shares issued and outstanding. So, in exchange for an effective 90% stake in UOI, a publicly traded company with a market capitalization of approximately $709,554,000, Carter paid approximately $116,087 and agreed to temporarily forbear in exercising non-payment default rights associated with the Master Lease and Equipment Schedule owned by his affiliate UO! IP.  Also on this day, the six members of UOI's (f/k/a IceWeb) Board of Directors resigned and were replaced by three directors appointed by Carter.  Finally on this day, Section 2.1 of UOI's bylaws were amended to set the board at three members.

15. On June 15, 2015, two of the three directors appointed by Carter on April 23, 2014, resigned and were not replaced.

16. On or about October 26, 2015, following a stock consolidation of UOI Common Stock, Carter, as the sole member of Unified LLC, converted the 400,0000 AA Preferred Stock of UOI into 903,825,954 shares of UOI Common Stock and subsequently claimed that the effective date of the conversion was January 5, 2015.

17. On October 27, 2015, UOI purchased all the membership interests in Chanbond in consideration for a $5 million promissory note and 44,700,000 shares of UOI common stock. Among other things, the purchase agreement purportedly appointed Carter as the manager of Chanbond and granted him "sole and exclusive authority over the business of Chanbond".  The apparent delegation of such authority by UOI's board was done by the "unanimous" consent of UOI's one remaining board member, ignoring the quorum requirements of UOI's bylaws.

18. The Annual Franchise Tax Reports for 2019 and 2020, signed under penalty of perjury by Carter, designates Carter as the sole director of UOI and states that there are no officers of UOI.

19. On July 17, 2019, the SEC revoked UOI's registration for failure to file the public reports required of a registered public company. As a result of the revocation, UOI's stock (ticker UOIP) was delisted, virtually eliminating all market value for UOI shares. Carter was UOI's sole director when the Company's SEC registration was revoked. Without a quorum, the board could not have exercised its business judgment in deciding to allow its registration to be revoked.

20. In late 2020, an arbitration demand and related federal actions by Chanbond's former owner, Dierdre Leane, brought to light allegations indicating that UOI and its shareholders were suffering damages as a result of Carter's failure to fulfill his fiduciary duties to UOI and its shareholders. This, combined with the complete lack of communication from UOI to its shareholders, prompted further inquiries by the shareholders and, ultimately, retention of legal counsel.

21. On July 16, 2021, Cross-Complainants served UOI and Carter with a DGCL § 220 demand to inspect the books and records. The only documents provided were the UOI bylaws. UOI's counsel admitted that UOI has no current stock ledger. This strongly suggested that Carter has no intention of ever distributing any of the Chanbond settlement proceeds to the shareholders of UOI.

22. On September 7, 2021, Cross-Complainants on behalf of other shareholders as well as on their own behalf, delivered to Carter a written request for a meeting of the UOI shareholders pursuant to Section 1.2 of the UOI bylaws. Carter did not respond.

**FIDUCIARY DUTIES OF CROSS-DEFENDANT WILLIAM R. CARTER, JR**

23. By reason of his position as director of UOI and because of his ability to functionally control the business and corporate affairs of the Company, Carter owes UOI and its shareholders fiduciary obligations of due care, loyalty (encompassing good faith), and candor (disclosure), and is and was required to use his utmost ability to control and manage the Company

in a fair, just, honest and equitable manner. Carter was and is required to act in furtherance of the best interests of UOI and its shareholders so as to benefit all shareholders equally and not in furtherance of his personal interest or benefit.

24. Carter owes to UOI and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the Company's affairs and in the use and preservation of its property and assets, and the highest obligations of fair dealing.

25. To discharge his duties, Carter was required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the Company and its wholly owned subsidiary and principal asset, Chanbond. Carter was required to, among other things:

   a. Exercise good faith to ensure that the affairs of the Company were conducted in an efficient, business-like manner so as to make it possible to provide the highest quality performance of their business;

   b. Exercise good faith in supervising the preparation, filing and/or dissemination of financial statements, press releases, audits, reports, public statements, or other information required by law;

   c. Exercise good faith to ensure that the Company was operated in a diligent, honest and prudent manner and complied with all applicable federal, state and foreign laws, rules, regulations and requirements;

   d. Refrain from unduly benefiting himself and other Company insiders at the expense of the Company; and

   e. Never fail to act in the face of a known duty to act, thereby demonstrating a conscious disregard for his responsibilities.

26.     Carter, by virtue of his assumed duties as a director of UOI, owed to UOI and to its shareholders the fiduciary duty of loyalty (encompassing good faith) and the exercise of due care and diligence in the management and administration of the affairs of UOI, as well as in the use and preservation of UOI's property and assets. The conduct of Carter complained of herein involves a knowing and culpable violation of his obligations as director of UOI, the absence of good faith on his part, and a conscious disregard of his duties to the Company and its shareholders.

27.     Carter breached his duties of loyalty (encompassing good faith) and care by: (i) consciously disregarding his duties through a systematic and continuous failure to oversee and monitor the affairs of UOI and its Chanbond asset for the entire term of his directorship; (ii) failing to exercise any oversight over the Company's principal asset, Chanbond; and (iii) using his role as director of UOI and manager of Chanbond to engage in self-dealing transactions to the detriment of UOI and its shareholders.

## **DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS**

28.     Cross-Complainants bring this action derivatively in the right and for the benefit of UOI to redress injuries suffered, and to be suffered, by UOI as a direct result of Carter's multiple breaches of his fiduciary duty.

29.     Cross-Complainants were shareholders of UOI at the time of the wrongdoing alleged herein, and have been a shareholders of UOI continuously since that time.

30.     UOI is named as a nominal Cross-Defendant in this case solely in a derivative capacity. This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have. Prosecution of this action is in the best interests of the Company.

31.     Cross-Complainants will adequately and fairly represent the interests of the Company and its shareholders in enforcing and prosecuting its rights.

32.     The wrongful acts complained of herein subject, and will continue to subject, UOI to continuing harm because the adverse consequences of the actions are still in effect and ongoing.

33.     As a result of the facts set forth herein, Cross-Complainants have not made any demand on the UOI Board to institute this action since such a demand would be a futile and useless

act because, pursuant to sections 2.1 and 2.6 of UOI's bylaws, there is no functioning board, only a single director, Carter, who is neither independent nor disinterested.

34. Additionally, or alternatively, as a result of the facts set forth herein, Cross-Complainants have not made any demand on the UOI Board to institute this action since demand would be a futile and useless act because, pursuant to section 2.1 of UOI's bylaws, UOI's board consist of three authorized board members and, with only one current director, Carter, a quorum of the board cannot disinterestedly exercise its business judgment in responding to a demand to intervene in the current case for the protection of the interests of UOI and its shareholders, or to sue, Carter, the sole board member.

35. The wrongful acts complained of herein show multiple breaches by Carter of his fiduciary duties of loyalty, due care, and oversight. A majority of the Board is incapable of disinterestedly and independently considering a demand to commence and vigorously prosecute this action because "a majority of the board" would mean at least two directors and Carter, under penalty of perjury, has represented that he is the sole director of UOI.

## CHANBOND, LLC

36. Following UOI's purchase of Chanbond on October 27, 2015, Carter assumed the role of Chanbond's sole manager with exclusive control vested by the terms of the purchase agreement. However, prior to the purchase agreement two of the three board members had resigned without being replaced, so the board was not authorized to take any action, including, appointing Carter as Chanbond's manager.

37. While Carter has held himself out as Chanbond's sole manager for more than six years, that role was never authorized by a functioning board of UOI, Chanbond's sole member.

38. Carter took control of UOI for the purpose of purchasing and controlling Chanbond and its patents. However, in so doing, Carter has blatantly disregarded the required corporate formalities, with the result that Chanbond has effectively had no manager with any actual authority, throughout the course of the events alleged in CBV's complaint.

39. UOI has not had a functioning board since 2015 and, as such, there has never been any board oversight of UOI's principal asset, Chanbond.

40. It is alleged that Carter made arrangements to redirect 20% of UOI's share of the settlement proceeds to be paid to Carter's affiliated company, UO! IP of NC, LLC ("UO! IP")." *Dierdre Leane and IPNav, LLC v. UnifiedOnline, Inc. and ChanBond, LLC*, AAA Case No. 01-20-0015-0793, Arbitration Demand ¶27.

41. It has been further alleged that Carter, without any authorization from UOI, amended the agreement with the litigation financier, Bentham, at least two times providing for an increase in the amount any settlement proceeds to be paid to Bentham to the detriment of UOI and its shareholders. Id, at ¶28.

## CAUSES OF ACTION

## COUNT I

**(Against Carter for Breach of Fiduciary Duty of Loyalty - Self-Dealing)**

42. Cross-Complainants incorporate by reference and reallege each of the foregoing paragraphs as though fully set forth herein.

43. By reason of his fiduciary relationship with UOI, the Carter owed and owes UOI the highest obligation of loyalty.

44. In derogation of this duty, Carter has harmed UOI by substituting his judgment instead of the judgment of a board of directors and using his wholly assumed position as manager of Chanbond, without any board oversight, to make deals for his personal enrichment at the expense of UOI and its shareholders.

45. As a result of Carter's breaches, UOI has suffered and will suffer significant damages related to monetization of the Company's sole asset, the CBV Patents held by Chanbond.

## COUNT II

**(Against Carter for Breach of Fiduciary Duty of Loyalty - Conscious Disregard of Duties)**

46. Cross-Complainants incorporate by reference and reallege each of the foregoing paragraphs as though fully set forth herein.

47. By reason of his fiduciary relationship with UOI, the Carter owed and owes UOI the highest obligation of loyalty.

48. As UOI's director, Carter has breached his duty through the sustained and systematic failure to exercise any board oversight over Chanbond, the Company's principal asset.

49. Carter controlled UOI at the time UOI purchased all the membership interests of Chanbond and can be held responsible for the provision in the membership interest purchase agreement which purported to eliminate any board oversight and grant Carter the "sole and exclusive authority over the business of Chanbond." That provision evidences a knowing decision by Carter to exclude everyone other than Carter from any control of UOI's greatest asset.

50. Although as a controlling shareholder, Carter may have had a duty to the other UOI shareholders, once he became a director of UOI, the continuing exclusion of board oversight in a knowing usurpation of the UOI board's prerogatives demonstrates Carter's bad faith in breach of his duty of loyalty to UOI and its shareholders.

51. As a result of Carter's breaches, UOI has suffered and will suffer significant damages related to monetization of the CBV Patents, the Company's greatest asset.

## COUNT III

**(Against Carter for Unjust Enrichment)**

52. Cross-Complainants incorporate by reference and reallege each of the foregoing paragraphs as though fully set forth herein.

53. By his wrongful acts and omissions, as alleged herein, Carter was unjustly enriched at the expense of, and to the detriment of, UOI.

54. Cross-Complainants seek restitution from Carter, and seeks an order from this Court requiring Carter to disgorge all profits, benefits, and other compensation obtained by him from his wrongful conduct and fiduciary breaches.

## COUNT IV

**(Against Carter and Chanbond for an Equitable Accounting)**

55. Cross-Complainants incorporate by reference and reallege each of the foregoing paragraphs as though fully set forth herein.

56. Given the complete lack of oversight exercised over Chanbond by the UOI board of directors, Cross-Complainants invoke the equitable jurisdiction of this court to mandate that Chanbond and/or Carter provide an accounting of (i) all agreements entered into by Chanbond concerning any proceeds from the patent litigation, and (ii) the proceeds from the patent litigation settlements and all past and future distributions thereof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

   A.   Determining that this action is a proper derivative action maintainable under the law and that demand was excused;

   B.   Finding that Carter breached fiduciary duties owed to UOI and its shareholders;

   C.   Directing Carter to account to UOI and its shareholders for all damages sustained or to be sustained by the Company by reason of the wrongs alleged herein;

   D.   Exemplary damages in an amount to be determined at trial;

   E.   Awarding to UOI restitution from Carter and ordering disgorgement of all profits, benefits and other compensation obtained by him;

   F.   Ordering Chanbond to make a full accounting of all receipts and disbursements from October 27, 2015, to present;

   G.   A preliminary and permanent injunction preventing Chanbond from disbursing any funds without Court authorization;

   H.   Awarding Cross-Complainants the costs and disbursements of this action, including reasonable attorneys' and experts' fees and expenses; and

   I.   Granting such other and further relief as the Court may deem just and proper.

Dated: March 21, 2022 **CENTAURI LAW GROUP, P.C.**

By: _____
JASON R. DILDAY
STEVEN L. RADER

Attorneys for Defendants
KAMAL MIAN
GREGORY COLLINS
Derivatively on behalf
UNIFIEDONLINE, INC.

12