# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CBV, INC.,

    *Plaintiff*

   *v.*

CHANBOND, LLC,        C.A. No. 1:21-cv-01456-MN

    *Defendant.*

**COMPENDIUM OF SECONDARY SOURCE CITED IN MOTION TO INTERVENE**

 1. 6 Moore's Federal Practice – Civil § 24.03

## *6 Moore's Federal Practice - Civil § 24.03*

*Moore's Federal Practice - Civil  >   Volume 6: Analysis: Civil Rules 24–29  >  Volume 6 Analysis: Civil Rules 24–29  >  Chapter 24  Intervention  >  B. INTERVENTION OF RIGHT*

## § 24.03 Right to Intervene if Movant's Ability to Protect Inadequately Represented Interest Will Be Impaired

### [1]  Mandatory Three-Step Criteria: Interest, Impairment, and Inadequate Representation

#### [a]  All Three Criteria Must Be Met

In the absence of statutory authority granting a right to intervene (*see §24.02*), a movant must make a timely motion (*see §24.21*) and establish all three of the following criteria in order to qualify for intervention of right:[1]

1. The movant claims an interest in the subject matter of the litigation;

2. Disposing of the litigation may as a practical matter impair or impede the movant's ability to protect that interest; and

3. The existing parties to the action do not adequately represent the movant's interest.

---

[1] *Fed R. Civ. P. 24(a)(2)*.

Thomas Stephens

6 Moore's Federal Practice - Civil § 24.03

The movant bears the burden of establishing its right to intervene.[2] These three criteria are mandatory. Failure to satisfy any one of the criteria justifies denial of the application to intervene.[3] Rule 24 is to be construed liberally, however, and doubts should be resolved in favor of the proposed intervenor.[4]

---

[2] **Burden on movant.**

5th Circuit *Brumfield v. Dodd, 749 F.3d 339, 341 (5th Cir. 2014)* (citing **Moore's**, "the movant bears the burden of establishing its right to intervene").

9th Circuit *Perry v. Schwarzenegger, 630 F.3d 898, 903 (9th Cir. 2011)* (burden is on applicant to establish right to intervene).

[3] **All criteria must be satisfied.**

2d Circuit *Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir. 2014)* (per curiam) (failure to satisfy any of requirements, including timeliness, is sufficient ground to deny intervention).

5th Circuit *Edwards v. City of Houston, 78 F.3d 983, 999 (5th Cir. 1996)* (en banc) (allowing intervention to union and association in Title VII suit against city).

6th Circuit *Grutter v. Bollinger, 188 F.3d 394, 397–398 (6th Cir. 1999)* (in addition to timeliness, intervenor must establish (1) that intervenor has substantial legal interest in subject matter, (2) that intervenor's ability to protect its interest may be impaired in absence of intervention, and (3) that parties before court may not adequately represent intervenor's interest).

7th Circuit *Security Ins. Co. v. Schipporeit, Inc., 69 F.3d 1377, 1380 (7th Cir. 1995)* (church that met all four requirements was entitled to intervene in insurance company's declaratory-judgment action against architectural firm).

9th Circuit *Perry v. Schwarzenegger, 630 F.3d 898, 903 (9th Cir. 2011)* (applicant's failure to satisfy any requirement is fatal to application for intervention; when movants had not demonstrated any significant protectable interest in subject matter of suit, court of appeals affirmed denial of intervention without necessity of discussing other requirements); *Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998)* (applicant seeking intervention as of right must show that (1) it has significant protectable interest relating to property or transaction that is subject of action; (2) disposition of action may, as practical matter, impair or impede applicant's ability to protect its interest; (3) application is timely; and (4) existing parties may not adequately represent applicant's interest).

[4] **Rule 24 to be construed liberally.**

5th Circuit *Brumfield v. Dodd, 749 F.3d 339, 341–342 (5th Cir. 2014)* (citing **Moore's**, "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed."); *In re Lease Oil Antitrust Litig., 570 F.3d 244, 248 (5th Cir. 2009)* (citing **Moore's**, although its criteria are mandatory, *Fed. R. Civ. P. 24* is to be construed liberally and doubts resolved in favor of proposed intervenor).

6th Circuit *Stupak-Thrall v. Glickman, 226 F.3d 467, 472 (6th Cir. 2000)* (*Fed. R. Civ. P. 24* is to be broadly construed in favor of prospective intervenor).

8th Circuit *United States v. Union Elec. Co., 64 F.3d 1152, 1158 (8th Cir. 1995)* (*Fed. R. Civ. P. 24* is to be construed liberally, and doubts resolved in favor of proposed intervenor).

9th Circuit *United States v. Aerojet Gen. Corp., 606 F.3d 1142, 1148 (9th Cir. 2010)* (in determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and requirements for intervention are broadly interpreted in favor of intervention); *Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001)* (*Fed. R. Civ. P. 24(a)* construed liberally in favor of intervenors).

11th Circuit *Federal Sav. & Loan v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993)* (any doubts concerning propriety of allowing intervention should be resolved in favor of proposed intervenor because intervention allows court to resolve related disputes in single action).

D.C. Circuit *See Crossroads Grassroots Policy Strategies v. FEC, 788 F.3d 312, 320 (D.C. Cir. 2015)* (including timeliness as fourth factor).

Thomas Stephens

Generally, in determining whether a movant has a right to intervene, the court will accept as true all well-pleaded, nonconclusory allegations in the motion to intervene, in the proposed complaint or answer in intervention, and in declarations supporting the motion, absent sham, frivolity, or other objections. The court is not precluded, however, from considering the pleadings and affidavits of opponents to intervention, and it may hold a hearing when necessary to resolve ambiguities or conflicts.[5]

The court should not resolve a motion for intervention of right by reference to the ultimate merits of the claim the intervenor seeks to assert, unless the movant's allegations are frivolous on their face.[6]

### [b]  Criteria Must Be Considered as a Group

The inquiry required under Rule 24(a)(2) is a flexible one, and a practical analysis of the facts and circumstances of each case is appropriate.[7] Although each of the three criteria is independent, practical application of Rule 24(a)(2) involves a balancing and blending of the independent components.

The three criteria are not analyzed in a vacuum and, instead, are often applied as a group. Intervention should be granted of right if the interests favoring intervention outweigh those opposed. For example, a lesser showing of impairment may be required if the movant's interest is very strong.[8] Likewise, intervention of right may be granted if the movant's claimed interest may be significantly impaired by the action, even if some

---

[5] **Court ordinarily accepts proposed intervenor's motion and pleadings as true.**

5th Circuit *Mendenhall v. M/V Toyota Maru No. 11, 551 F.2d 55, 56 n.2 (5th Cir. 1977)* (allegations in complaint in intervention were accepted as true).

7th Circuit *Reich v. ABC/York-Estes Corp., 64 F.3d 316, 321 (7th Cir. 1995)* (court accepts as true nonconclusory allegations of motion to intervene, and motion should not be dismissed unless it appears to certainty that intervenor is not entitled to relief under any set of facts that could be proved under complaint).

8th Circuit *Stadin v. Union Elec. Co., 309 F.2d 912, 917 (8th Cir. 1962)* (court may consider nonconclusory, well-pleaded allegations in pleadings and affidavits to extent they supply uncontroverted and material facts).

9th Circuit *Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 819–820 (9th Cir. 2001)* (district court erred by not accepting as true allegations and evidence submitted in support of motion to intervene).

D.C. Circuit *Foster v. Gueory, 655 F.2d 1319, 1324 (D.C. Cir. 1981)* (motions to intervene are usually evaluated on basis of well-pleaded matters in motion, complaint, and any responses of opponents to intervention).

[6] **Court should decide intervention without reference to merits of claims, unless claims patently frivolous.** *Nat'l Parks Conservation Ass'n v. U.S. EPA, 759 F.3d 969, 973–974 (8th Cir. 2014)* (court ruling on motion to intervene of right should not consider merits of case unless relevant allegations are frivolous on their face); *Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 164 F.3d 1080, 1081 (8th Cir. 1998)* (court should not consider merits of intervenor's claims).

[7] **Practical analysis.** *Brumfield v. Dodd, 749 F.3d 339, 342 (5th Cir. 2014)* (quoting **Moore's**); *see* Gene Shreve, *Questioning Intervention of Right—Toward a Methodology of Decisionmaking*, 74 Nw. U.L. Rev. 894, 922–923 (1980) ("The [factual] circumstances that serve as a basis for decision are so varied and random that the court would virtually need to create a new rule to describe each case.").

5th Circuit *Brumfield v. Dodd, 749 F.3d 339, 342 (5th Cir. 2014)* (quoting **Moore's**); *Edwards v. City of Houston, 78 F.3d 983, 999 (5th Cir. 1996)* (en banc) (police union and association were allowed to intervene in Title VII action against city).

9th Circuit *Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998)* ("In determining whether intervention is appropriate, we are guided primarily by practical and equitable considerations. We generally interpret the requirements broadly in favor of intervention.").

[8] **Balancing of components.** *United States v. Hooker Chems. & Plastics, 749 F.2d 968, 983 (2d Cir. 1984)* (citing **Moore's**, denial of intervention proper because government adequately represented interests of environmental groups, and court noted that "application of the Rule requires that its components be read not discretely, but together").

uncertainty exists regarding the sufficiency of that interest.[9] The inquiry under Rule 24(a)(2) must focus on the particular facts and procedural posture of each case.[10]

### [c]  Focus of Inquiry Is on Movant

Although each of the requirements involves distinct issues (*see* [2]–[4], *below*), all three address the same basic question: Will denial of intervention have a significant enough effect on the movant? Considerations regarding prejudice to original parties are not incorporated in the Rule 24(a) criteria. The chief focus of Rule 24(a) is on the movant. In contrast, Rule 24(b) permissive intervention takes into account other factors, such as harm to the existing parties and delays. The Ninth Circuit has observed that Rule 24(a)(2) is construed broadly in favor of movants.[11] However, the absence of discretionary language in the text of Rule 24(a) relating to judicial administration and prejudice to existing parties has not prevented courts from considering these factors when assessing motions to intervene as of right (*see* [5], *below*).

### [2]  Movant Must Have Sufficient Interest in Action

### [a]   Interest in Property That Is Subject of Action

A movant must demonstrate "an interest relating to the property or transaction that is the subject of the action" in which the movant seeks to intervene.[12] The leading case of *Donaldson v. United States* gave the Rule 24(a) "interest" requirement a very narrow reading.[13] In *Donaldson*, the Court rejected the attempted intervention of a taxpayer who sought to contest his former employer's compliance with an IRS subpoena. Although the taxpayer clearly had a keen concern that the IRS not be able to obtain records relevant to him, the Supreme Court found his "interest" wanting because he lacked a "proprietary interest" and had no "significantly protectable interest."[14]

---

[9] **Impairment.** *Pacific Mut. Life Ins. Co., v. National Bank & Trust Co., 110 F.R.D. 272, 277 (N.D. Ill. 1986)* (impairment issue strongly favors intervention even in "gray" areas).

[10] **Procedural posture.** *United States v. Texas E. Transmission Corp., 923 F.2d 410, 412–413 (5th Cir. 1991)* (existing parties had reached settlement and proposed consent decree).

[11] **Broad construction.** *Yorkshire v. IRS, 26 F.3d 942, 944–945 (9th Cir. 1994)* (parent company had protectable interest in confidentiality of consolidated tax returns).

[12] *Fed. R. Civ. P. 24(a)(2)*.

[13] **Narrow reading.** *Donaldson v. United States, 400 U.S. 517, 530–531, 91 S. Ct. 534, 27 L. Ed. 2d 580 (1971)* (taxpayer deemed to lack "significantly protectable interest").

[14] **Taxpayer lacked sufficient interest.** *Donaldson v. United States, 400 U.S. 517, 530–531, 91 S. Ct. 534, 27 L. Ed. 2d 580 (1971)* (taxpayer's desire to prevent IRS from obtaining records was not "significantly protectable interest").

6 Moore's Federal Practice - Civil § 24.03

In this context, the term *protectable* means legally protectable.[15] A movant's interest must be "direct, substantial, and legally protectable" to satisfy the interest requirement of Rule 24(a)(2).[16]

Motions to intervene in which the proposed intervenor advances a clear property interest present the easiest cases for intervention. If an action involves a dispute about a particular property or fund, and a movant claims a direct, substantial, and legally protectable right to this property or fund, the existence of a sufficient interest

---

[15] **Legally protectable.**

5th Circuit *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 463–464 (5th Cir. 1984)* (en banc) (citing **Moore's**, in denying motion to intervene as of right, court stressed that interest must be recognized as belonging to applicant under substantive law).

9th Circuit *Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998)* ("An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims.").

11th Circuit *ManaSota-88, Inc. v. Tidwell, 896 F.2d 1318, 1322 (11th Cir. 1990)* (court denies intervention of right because potential impact on applicant's environmental obligations did not impart legally protectable interest).

[16] **Direct, substantial, and legally protectable.**

2d Circuit *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990)* (interest based on double contingency was not direct or substantial).

3d Circuit *Kleissler v. U.S. Forest Serv., 157 F.3d 964, 972 (3d Cir. 1998)* ("Due regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought.").

5th Circuit *Brumfield v. Dodd, 749 F.3d 339, 343–344 (5th Cir. 2014)* (quoting **Moore's**, and finding that recipients of school vouchers under state program had sufficient interest to intervene in litigation between federal government and state over program, because potential decree adjusting any element of program could adversely affect recipients' interests in having equal access to educational opportunities); *Edwards v. City of Houston, 78 F.3d 983, 1004 (5th Cir. 1996)* (en banc) (intervention allowed in Title VII case against city, and negative effect of consent decree on applicants' career and promotion opportunities satisfied interest requirement).

7th Circuit *United States v. Segal, 938 F.3d 898, 909 (7th Cir. 2019)* (nonlitigant's contract-based claim to property does not constitute cognizable interest that would support intervention, if condition precedent to such claim "has not happened yet, and it may never happen"); *Security Ins. Co. v. Schipporeit, Inc., 69 F.3d 1377, 1380–1381 (7th Cir. 1995)* (determination regarding interest is highly fact-specific).

8th Circuit *Medical Liab. Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1008 (8th Cir. 2007)* (interest is cognizable under *Fed. R. Civ. P. 24(a)(2)* only when it is direct, substantial, and legally protectable).

9th Circuit **United States v. Sprint Commc'ns, Inc., 855 F.3d 985, 990–995 (9th Cir. 2017)** (would-be private intervenor lacked significantly protectable interest in government's action under False Claims Act, because previous dismissal of his separate qui tam suit established that he would not be entitled to any recovery as intervenor in government's action); *Dilks v. Aloha Airlines, Inc., 642 F.2d 1155, 1157 (9th Cir. 1981)* (interest characterized as "direct, non-contingent, substantial and legally protectable"); *see also United States v. City of Los Angeles, 288 F.3d 391, 398 (9th Cir. 2002)* (applicant for intervention has significant protectable interest if applicant asserts interest that is protected by law and there is relationship between interest and plaintiff's claims such that resolution of action will affect applicant).

11th Circuit *Loyd v. Alabama Dep't of Corrections, 176 F.3d 1336, 1339 (11th Cir. 1999)* (intervenor must have direct, substantial, legally protectable interest in proceedings); *Athens Lumber Co. v. Federal Election Comm'n, 690 F.2d 1364, 1366 (11th Cir. 1982)* (unions' financial interest in federal elections did not support intervention in action challenging section of Federal Election Campaign Act).

6 Moore's Federal Practice - Civil § 24.03

is apparent.[17] For example, an interest in a specific monetary fund supports intervention in an action affecting that fund.[18]

In other types of actions, however, the movant's interest is less obvious, and the court's determination is more difficult. However, there is no authoritative definition of precisely what kinds of interest satisfy the requirements of the rule.[19] The Seventh Circuit boldly admitted that "[t]he 'interest' required by Rule 24(a)(2) has never been defined with particular precision."[20] There is no bright-line rule; rather, courts must make a practical, threshold inquiry. The goal of the interest requirement is to dispose of lawsuits by involving as many concerned parties as is compatible with efficiency and due process.[21]

_____

[17] **Property interest.**

3d Circuit *Kleissler v. U. S. Forest Serv., 157 F.3d 964, 973 (3d Cir. 1998)* (particular school districts had direct interest sufficient to intervene in suit by environmentalists to restrict logging, when state law provided that portion of timber revenues would go to those districts).

5th Circuit *Adam Joseph Res. (M) Sdn. Bhd. v. CNA Metals Ltd., 919 F.3d 856, 866–868 (5th Cir. 2019)* (law firm's contingent fee was sufficient interest to support intervention of right after its client made collusive settlement with opposing party designed to cut off law firm's fee entitlement); *Gaines v. Dixie Carriers, Inc., 434 F.2d 52, 53–54 (5th Cir. 1970)* (law firm could intervene in its former client's action in order to protect firm's interest in contingent fee award).

9th Circuit *See, e.g.*, **NL Indus. v. Secretary of Interior, 777 F.2d 433, 435 (9th Cir. 1985)** (corporate property owner that held unpatented mining claim on particular property is permitted to intervene in dispute over other mining claims on that property).

[18] **Monetary fund.** *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995)* (denial of intervention reversed when intervenor claimed interest in fund of insurance proceeds, because intervenor's interest was in specific fund, not general economic interest).

[19] **Lack of authoritative definition.** *See, e.g.*, *Romero v. Bd. of Cty. Comm'rs, 313 F.R.D. 133, 138 (D.N.M. 2016)* (noting difficulty in defining interest necessary to satisfy Rule 24(a)(2)).

[20] **Standard not clearly defined.** *Security Ins. Co. v. Schipporeit, Inc., 69 F.3d 1377, 1380 (7th Cir. 1995)*.

3d Circuit *Accord Kleissler v. U.S. Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998)* (reviewing precedents from various circuits and referring to standard as "nebulous").

7th Circuit *Security Ins. Co. v. Schipporeit, Inc., 69 F.3d 1377, 1380 (7th Cir. 1995)*.

[21] **Goal of interest requirement.** *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n, 834 F.3d 562, 566 n.2 (5th Cir. 2016)* ("The 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." (quoting *Nuesse v. Camp, 385 F.2d 694, 700 (D.C. Cir. 1967)*)).

5th Circuit *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n, 834 F.3d 562, 566 n.2 (5th Cir. 2016)* ("The 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." (quoting *Nuesse v. Camp, 385 F.2d 694, 700 (D.C. Cir. 1967)*)).

7th Circuit *Security Ins. Co. v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995)* (most obvious benefits of intervention in general are efficiency and consistency resulting from resolving related issues in single proceeding).

9th Circuit *Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173, 1179 (9th Cir. 2011)* (en banc) ("[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." (quoting *Nuesse v. Camp, 385 F.2d 694, 700 (D.C. Cir. 1967)*).

10th Circuit *Utahns for Better Transp. v. U.S. Dep't of Transp., 295 F.3d 1111, 1115–1117 (10th Cir. 2002)* (quoting Tenth Circuit cases that repeat *Nuesse* formulation-of-interest test).

6 Moore's Federal Practice - Civil § 24.03

In *Trbovich v. United Mine Workers*, the Supreme Court cast some doubt on its narrow view of interest. It permitted the intervention of a union member in a suit brought by the Secretary of Labor to invalidate an election of union officers.[22] The Court allowed intervention by a party who lacked the ability to initiate a suit. Under federal law only the Secretary of Labor was authorized to sue to set aside an election. The Court noted that, unlike initiation of a separate suit, intervention by union members in a pending enforcement action subjected the union to relatively little additional burden.[23]

Nonetheless, interests that are remote from the subject matter of the proceeding plainly do not satisfy the interest requirement of Rule 24(a).[24] For example, a company has a direct interest in a case involving the promulgation of rules for that particular industry, but a company's interest in general air quality standards is too remote.[25]

Likewise, an interest that is collateral to the action or contingent on the future occurrence of a sequence of events is insufficient.[26]

---

11th Circuit *Worlds v. Department of Health & Rehab. Servs., 929 F.2d 591, 594 (11th Cir. 1991)* (interest sufficient but impairment requirement not satisfied).

D.C. Circuit *Nuesse v. Camp, 385 F.2d 694, 700 (D.C. Cir. 1967)* ("[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.").

[22] **Trbovich case.** *Trbovich v. United Mine Workers, 404 U.S. 528, 537–539 n.10, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972)* (citing **Moore's**, sufficient doubt existed about adequacy of Secretary of Labor's representation of union members' interests to warrant intervention).

[23] *Trbovich v. United Mine Workers, 404 U.S. 528, 536, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972)*.

[24] **Remote interest.**

2d Circuit *American Lung Ass'n v. Reilly, 962 F.2d 258, 261 (2d Cir. 1992)* (interest of utility companies in citizens' suit seeking review by EPA of air quality standards was too remote and, therefore, insufficient).

3d Circuit *Benjamin v. Dep't of Pub. Welfare, 701 F.3d 938, 951 (3d Cir. 2012)* ("polestar" for intervention is whether proposed intervenor's interest is direct or remote).

5th Circuit *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp., 332 F.3d 815, 823–824 (5th Cir. 2003)* (applicants for intervention did not have "direct and substantial" interest in suit to enforce arbitration award when they sought intervention to litigate whether they were owners of plaintiff corporation).

[25] **Promulgation of rules.** *American Lung Ass'n v. Reilly, 962 F.2d 258, 261 (2d Cir. 1992)* (intervention denied to 67 electric utilities and three utility associations because of remote impact on intervenors and contingent nature of alleged injuries).

[26] **Collateral or contingent interest.**

2d Circuit *Washington Elec. Coop. Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990)* (interest based on double contingency is not sufficiently direct or substantial).

5th Circuit *See Ross v. Marshall, 456 F.3d 442, 443–444 (5th Cir. 2006)* (interest is not sufficiently direct when it is contingent on outcome of subsequent lawsuit, so that insurer who defends its insured under full reservation of rights has no right to intervene; however, insurer had sufficiently direct interest to intervene when it defended under limited reservation of rights and, therefore, accepted coverage over at least part of liability of its insured).

10th Circuit *City of Stilwell v. Ozarks Rural Elec. Coop. Corp., 79 F.3d 1038, 1042 (10th Cir. 1996)* (contingent financial interest in subject of action was too attenuated to justify intervention).

Thomas Stephens

6 Moore's Federal Practice - Civil § 24.03

A movant may not intervene to protect a right to enforce a money judgment from an unrelated action. An interest in the collectibility of a debt is not an interest "relating to the property or transaction which is the subject of the action."[27]

Courts have adopted a variety of approaches and a wide range of terminologies in discussing the issue of interest. The Fifth Circuit has emphasized that the direct, substantial, and legally protectable interest must be an interest that is recognized under substantive law.[28] A movant found to be a real party in interest, who possesses the legal right sought to be enforced, "generally establishes sufficient interest" to intervene as of right under Rule 24(a)(2).[29] The Fifth Circuit has held that an asserted interest must be legally *protectable*, but it need not be legally *enforceable*. In other words, an interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue his or her own claim.[30] The Sixth Circuit, by contrast, has ruled that a prospective intervenor need not claim a specific legal or equitable interest. Under this "expansive notion" of the interest sufficient to invoke intervention, minority students and student groups were considered to have a substantial interest in litigation challenging an admissions policy that used race as a factor.[31]

---

[27] **Interest in enforcing unrelated money judgment not sufficient.**

5th Circuit *Ouch v. Sharpless, 237 F.R.D. 163, 165–166 (E.D. Tex. 2006)* (individual had no right to intervene merely to gain access to any recovery by plaintiff, against whom individual had alleged claims in related action).

8th Circuit *Medical Liab. Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1008–1009 (8th Cir. 2007)* (when party sought to intervene to ensure that defendants in her state lawsuit had sufficient resources to satisfy any judgment she might obtain against them, interest was too remote and indirect to qualify as cognizable interest under *Fed. R. Civ. P. 24(a)(2)*).

9th Circuit *United States v. Alisal Water Corp., 370 F.3d 915, 919–921 (9th Cir. 2004)* (applicant who contended its interests would be harmed in event of judicially ordered sale of defendant's property did not have sufficient interest to intervene).

11th Circuit *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc., 425 F.3d 1308, 1311 (11th Cir. 2005)* (no right to intervene in insurance coverage dispute to ensure adequate pool from which to satisfy potential judgment).

[28] **Interest must be recognized.** *In re Lease Oil Antitrust Litig., 570 F.3d 244, 250 (5th Cir. 2009)* (interest must be one that substantive law recognizes as belonging to applicant); *Cajun Elec. Power Coop., Inc. v. Gulf States Utils., Inc., 940 F.2d 117, 120 (5th Cir. 1991)* (court "reluctantly" concluded that state public service commission had cognizable substantive interest in contract dispute between public utilities).

[29] **Real party in interest.** *See Fed. R. Civ. P. 17(a).*

3d Circuit *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995)* (court must determine whether proposed intervenors were real parties in interest).

5th Circuit *Ross v. Marshall, 426 F.3d 745, 757 (5th Cir. 2005)* (intervenor should be real party in interest regarding his or her claim); *League of United Latin Am. Citizens v. Clements, 884 F.2d 185, 187 (5th Cir. 1989)* (court denied intervention using causation test to determine real party in interest).

11th Circuit *See Huff v. Comm'r, 743 F.3d 790, 796 (11th Cir. 2014)* (intervenor must be at least real party in interest in transaction that is subject of proceeding).

[30] **Fifth Circuit requires legally protectable interest.** *Texas v. United States, 805 F.3d 653, 657–661 (5th Cir. 2015)* (although they had no legally enforceable right to remain in United States, aliens residing in United States with their U.S.-citizen children had concrete, personalized interests in avoiding deportation that were sufficient to support intervention in litigation challenging federal program that, if implemented, would allow them to remain in United States legally).

[31] **Sixth Circuit takes "expansive notion" of interest sufficient to invoke intervention.** *Grutter v. Bollinger, 188 F.3d 394, 398–399 (6th Cir. 1999)* (minority students and student groups had substantial interest in litigation challenging admissions policy that used race as factor because, under Sixth Circuit's "expansive notion of the interest sufficient to invoke intervention of right,"

6 Moore's Federal Practice - Civil § 24.03

The following examples illustrate additional standards and terminology used by courts to determine whether a movant for intervention has a sufficient "interest":

• The required interest "is something more than a mere 'betting' interest but less than a property right." The fact-specific analysis of the interest requirement makes comparison to other cases of limited value.[32]

• A movant who demonstrates standing is deemed to have a sufficiently substantial interest to intervene.[33]

• A company's privacy and proprietary interests in its bank records are sufficient interests.[34]

• An intervenor's interest must be "significantly protectable such that it will be directly and immediately affected by the litigation."[35]

• Company bondholders have a stake in the outcome of litigation involving the company, but this alone is not sufficient to support intervention of right.[36]

_____

prospective intervenor need not claim specific legal or equitable interest); *Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997)* (chamber of commerce had substantial interest to intervene in suit challenging amendments to Michigan's Campaign Finance Act, by virtue of its role in political process that resulted in adoption of contested amendments); *cf. Northland Family Planning Clinic, Inc. v. Cox, 487 F.3d 323, 343–346 (6th Cir. 2007)* (public interest group formed to support single anti-abortion statute did not have substantial legal interest in enforceability of statute when group members were not regulated by statute).

[32] **Fact-specific analysis.** *Security Ins. Co. v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995)* ("Whether an applicant has an interest … is a highly fact-specific determination, making comparison to other cases of limited value" (citation omitted)).

5th Circuit *See Texas v. United States, 805 F.3d 653, 658–659 (5th Cir. 2015)* ("[A]n intervenor fails to show a sufficient interest when he seeks to intervene solely for ideological, economic, or precedential reasons; that would-be intervenor merely *prefers* one outcome to the other.").

7th Circuit *Security Ins. Co. v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995)* ("Whether an applicant has an interest … is a highly fact-specific determination, making comparison to other cases of limited value" (citation omitted)).

[33] **Standing.** *See Town of Chester v. Laroe Estates, Inc., 581 U.S. —, 137 S. Ct. 1645, 198 L. Ed. 2d 64, 71 (2017)* ("[A]n intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing. That includes cases in which both the plaintiff and the intervenor seek separate money judgments in their own names.").

[34] **Interest in bank records.** *Nissei Sangyo Am., Ltd. v. United States, 31 F.3d 435, 439–440 (7th Cir. 1994)* (in tax litigation, foreign corporation should have been permitted to intervene in action for purpose of preserving its bank records, which were to be used as evidence in tax dispute).

[35] **Immediately affected by litigation.** Werbungs und *Commerz Union Austalt v. Collectors' Guild, Ltd., 782 F. Supp. 870, 874 (S.D.N.Y. 1991)* (court allowed intervention by investor in one party when investor had secured appeal bond and owned collateral securing letter of credit).

2d Circuit Werbungs und *Commerz Union Austalt v. Collectors' Guild, Ltd., 782 F. Supp. 870, 874 (S.D.N.Y. 1991)* (court allowed intervention by investor in one party when investor had secured appeal bond and owned collateral securing letter of credit).

5th Circuit *See Brumfield v. Dodd, 749 F.3d 339, 343 (5th Cir. 2014)* (movant's interest must be direct, substantial, and legally protectable).

[36] **Company bondholders.** *Gould v. Alleco, Inc, 883 F.2d 281, 285 (4th Cir. 1989)* (citing **Moore's**, intervention denied to company bondholders who sought to intervene in settlement of securities fraud class action).

6 Moore's Federal Practice - Civil § 24.03

For a discussion of non-property interests, see [b], *below.* For a discussion of cases involving the public interest, see [c], *below.*

### [b]  Non-Property Interests Sometimes Satisfy Interest Requirement

An interest does not need to be a property right to be legally protectable. Rule 24 does not require that the intervenor prove a property right, but rather requires "an interest relating to the property or transaction that is the subject of the action."[37] Some non-property interests have been found to satisfy the interest requirement

---

[37] **Non-property interests may be protectable.** *Fed. R. Civ. P. 24(a)(2)*; *see California ex rel. Lockyer v. United States, 450 F.3d 436, 440–442 (9th Cir. 2006)* (applicant has significant protectable interest in action if (1) applicant asserts interest that is protected under some law, and (2) there is relationship between its legally protected interest and plaintiff's claims).

Thomas Stephens

6 Moore's Federal Practice - Civil § 24.03

of Rule 24(a)(2).[38] For example, maintaining the protection against liability afforded by a favorable agency ruling is a sufficient interest to support intervention in an action challenging the agency's ruling.[39]

---

[38] **Non-property rights were sufficient interest to support intervention.**

1st Circuit *In re Grand Jury Subpoena, 274 F.3d 563, 570 (1st Cir. 2001)* (claims of attorney-client and work product privilege qualified as sufficient interests to support intervention when privileged information would otherwise be disclosed pursuant to grand jury subpoena); *Cotter v. Massachusetts Ass'n of Minority Law Enforcement Officers, 219 F.3d 31, 34–35 (1st Cir. 2000)* (minority police officers had interest sufficient to intervene in reverse discrimination action brought by white police officers); *see also Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 110 (1st Cir. 1999)* (applicants had sufficient interest to intervene in litigation involving campaign funding legislation because applicants were current officeholders or prospective candidates who likely would receive campaign funding if legislation was upheld and, therefore, applicants had direct interest in litigation that was distinct from general interest held by all citizens).

2d Circuit *Brennan v. New York City Bd. of Educ., 260 F.3d 123, 130–131 (2d Cir. 2001)* (white male employees had sufficient interest to intervene in employment litigation to contest settlement that conferred certain employment rights on female and minority employees because white male employees were asserting claims that were mirror image of claims that were subject matter of suit).

3d Circuit *See also Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995)* (intervenor's interest in specific monetary fund supported intervention in case affecting that fund).

5th Circuit *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n, 834 F.3d 562, 566–567 (5th Cir. 2016)* (trade group representing holders of retail liquor permits had sufficient interest, as representative of beneficiaries of regulatory permit system, to intervene in action challenging that system); *Texas v. United States, 805 F.3d 653, 658–659 (5th Cir. 2015)* ("Non-property interests are sufficient to support intervention when, like property interests, they are concrete, personalized, and legally protectable."); *City of Houston v. American Traffic Solutions, Inc., 668 F.3d 291, 293–294 (5th Cir. 2012)* (private citizens were entitled to intervene in suit to protect their interest in upholding challenged charter amendment that those citizens had been instrumental in passing).

6th Circuit *Grutter v. Bollinger, 188 F.3d 394, 398–399 (6th Cir. 1999)* (minority students and student groups had substantial interest in litigation challenging admissions policy that used race as factor because, under Sixth Circuit's "expansive notion of the interest sufficient to invoke intervention of right," prospective intervenor need not claim specific legal or equitable interest); *Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997)* (chamber of commerce had substantial interest to intervene in suit challenging amendments to Michigan's Campaign Finance Act, by virtue of its role in political process that resulted in adoption of contested amendments).

7th Circuit *United States v. City of Chicago, 870 F.2d 1256, 1260 (7th Cir. 1989)* (test scores on police department promotional exam created expectation of promotion sufficient to be "interest").

9th Circuit *California ex rel. Lockyer v. United States, 450 F.3d 436, 440–442 (9th Cir. 2006)* (health care providers had sufficient interest to support intervention in suit challenging constitutionality of statute that was intended to protect them from state laws requiring them to provide abortions); *United States v. City of Los Angeles, 288 F.3d 391, 398–400 (9th Cir. 2002)* (collective bargaining organization had interest to intervene in litigation to contest consent decree entered into by parties when decree allegedly conflicted with its existing labor agreement).

11th Circuit *See also Loyd v. Alabama Dep't of Corrections, 176 F.3d 1336, 1339 (11th Cir. 1999)* (Alabama attorney general had sufficient interest to intervene and file motion to terminate consent decree in litigation involving conditions of confinement at county jail).

D.C. Circuit *Roeder v. Islamic Republic of Iran, 333 F.3d 228, 233 (D.C. Cir. 2003)* (interest of United States in adhering to its international agreements was sufficient to allow it to intervene as of right to oppose default judgment in case by American hostages against Iran).

However, non-property interests usually are not sufficient to support intervention as of right.[40] Even if an interest is arguably economic in nature, it may not be sufficient. A claim based only on an indirect economic effect is rarely considered the same as a protectable right or interest sufficient to justify intervention.[41] Likewise, movants concerned only about the legal principles may appear as amici curiae, but they are not entitled to intervene as of right.[42] An interest in protecting the judicial system against abuse caused by the filing of baseless papers is not a legally protectable interest. A movant who asserted an interest in moving for Rule 11[43] sanctions lacked a legal right to intervene because the Federal Rules of Civil Procedure do not confer any substantive rights.[44] Similarly, an Indian Tribe lacked a direct economic stake in an action in which it sought to intervene to litigate not the merits of the dispute but the jurisdiction of its tribal courts.[45]

Courts have allowed the press to intervene to seek access to sealed documents and other withheld information. Although this interest does not fit neatly into the language of Rule 24, courts have found that the rule is sufficiently broad to cover this situation, and that intervention is the logical and appropriate vehicle by which to challenge protective or confidentiality orders.[46] The Seventh Circuit, however, has questioned this

---

[39] **Interest in upholding agency ruling.** *Crossroads Grassroots Policy Strategies v. FEC, 788 F.3d 312, 316–318, 320 (D.C. Cir. 2015)* (because successful challenge to agency ruling would have deprived movant of benefit of that ruling, movant had sufficient interest to support intervention).

[40] **Non-property interests usually are insufficient.** *See, e.g.*, *Floyd v. City of New York, 770 F.3d 1051, 1060–1061 (2d Cir. 2014)* (per curiam) (in suit challenging city's "stop-and-frisk" policy, police unions' interest in their members' reputations was too indirect and insubstantial to justify intervention).

[41] **Indirect economic effect on proposed intervenor usually not sufficient to satisfy interest requirement.**

2d Circuit *Floyd v. City of New York, 770 F.3d 1051, 1061–1062 (2d Cir. 2014)* (per curiam) (in suit challenging city's "stop-and-frisk" policy, police unions' interest in protecting their collective-bargaining rights was too remote to justify intervention).

5th Circuit *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 466 (5th Cir. 1984)* (en banc) (city officials and customers were not entitled to intervene in contract dispute regarding price between electric utility and gas supplier).

8th Circuit *Curry v. Regents of Univ. of Minn., 167 F.3d 420, 422–423 (8th Cir. 1999)* (in litigation challenging use of student fees to fund organizations, organizations' economic interest in upholding current fee system did not rise to level of legally protectable interest necessary for intervention of right).

[42] **Legal principles.** *Atl. Mut. Ins. Co. v. Northwest Airlines, Inc., 24 F.3d 958, 961 (7th Cir. 1994)* (court disallowed intervention because intervenor did not claim interest in property at issue in suit); *see* § 24.23[2] (amicus curiae alternative).

[43] *Fed. R. Civ. P. 11.*

[44] **Substantive legal rights.** *New York News, Inc. v. Kheel, 972 F.2d 482, 486 (2d Cir. 1992)* (action involved alleged conspiracy); *see* 28 U.S.C. § 2072(b) (federal rules of practice and procedure do not abridge, enlarge, or modify any substantive right).

1st Circuit *Nyer v. Winterthur Int'l, 290 F.3d 456, 459 (1st Cir. 2002)* ("[I]ndividuals that are either explicitly discussed in a complaint or entities that are indirectly implicated by a complaint's allegations may not intervene in the litigation for the sole purpose of seeking Rule 11 sanctions.").

2d Circuit *New York News, Inc. v. Kheel, 972 F.2d 482, 486 (2d Cir. 1992)* (action involved alleged conspiracy).

[45] **Issue of jurisdiction of tribal courts.** *McDonald v. Means, 309 F.3d 530, 540–541 (9th Cir. 2002)* (Indian Tribe lacked sufficient interest to intervene in suit in which it had no interest in claim for damages, but instead sought to intervene to litigate issue concerning its sovereignty).

[46] **Intervention proper vehicle for seeking access to sealed documents.**

approach on the grounds of standing. The Seventh Circuit's case involved a journalist seeking to challenge a protective order after the suit between the existing parties had been resolved and the case dismissed. The court held that the journalist could not intervene, either permissively or as of right, without establishing independent standing. In this situation, the Seventh Circuit concluded that, because there was no existing case or controversy between the original parties, the proposed intervenor was required to establish Article III standing in addition to the Rule 24 requirements.[47] For additional analysis of this issue in the context of permissive intervention, see _§ 24.11_. For discussion of the standing requirement in the context of intervention of right, see _§ 24.03[2][d]_.

### [c]  Interest Requirement May Be Less Strict If Action Involves Public Law Issue

Some courts express a more relaxed standard if the case involves a public interest question or is brought by a public interest group. The zone of interests protected by a constitutional provision or statute of general application is arguably broader than are the protectable interests recognized in other contexts.[48]

A leading Supreme Court decision takes a lenient position concerning the interest requirement in cases involving the public interest. In _Cascade Natural Gas Corp. v. El Paso Natural Gas Co._, the Court permitted intervention by the State of California, Southern California Edison, a large investor-owned industrial user of energy, and Cascade Natural Gas Corporation, a competitor, in an antitrust action brought by the United States.[49] The government brought a section 7 Clayton Act suit to roll back an earlier acquisition of a Pacific Northwest supplier of natural gas by El Paso, a leading Southwest supplier of natural gas and the primary source of natural gas for California.[50] The Court broadly interpreted the interest requirement of Rule 24(a)(2) in holding that non-legally protected interests could qualify for intervention of right.[51]

---

5th Circuit _Ford v. City of Hunstville, 242 F.3d 235, 240 (5th Cir. 2001)_ (newspaper had sufficient interest to intervene to challenge confidentiality order prohibiting disclosure of settlement documents); _see also_ _United States v. Brown, 250 F.3d 907, 910 (5th Cir. 2001)_ (news media allowed to intervene to challenge implementation of anonymous jury).

7th Circuit _Jessup v. Luther, 227 F.3d 993, 996–999 (7th Cir. 2000)_ (newspaper had sufficient interest to intervene for limited purpose of challenging order sealing settlement agreement).

8th Circuit _Flynt v. Lombardi, 782 F.3d 963, 966–967 (8th Cir. 2015)_ (per curiam) (intervention under Rule 24(b) is appropriate procedural vehicle for party seeking to intervene for purpose of unsealing judicial records).

11th Circuit _Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC, 918 F.3d 1161, 1170 (11th Cir. 2019)_ ("The press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records.").

[47] **Separate standing needed to challenge protective order after case dismissed.** _See_ _Bond v. Utreras, 585 F.3d 1061, 1071–1072 (7th Cir. 2009)_ (there is no presumptive right of public access to unfiled discovery that would allow nonparty journalist to intervene to challenge protective order after case is resolved).

[48] **Zone of interests.** _Brumfield v. Dodd, 749 F.3d 339, 344 (5th Cir. 2014)_ (quoting **Moore's**, and concluding that recipients of school vouchers under state program who asserted right to intervene in litigation between federal and state governments that could affect availability of vouchers were within zone of interests protected by state program as well as zone of interests protected by _Equal Protection Clause of Fourteenth Amendment_, which was basis of federal government's claims in litigation); _see_ _New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 463–466 (5th Cir. 1984)_ (en banc) (citing **Moore's**, intervention of right denied because purported interest involved contract, not public law question).

[49] **Antitrust action.** _Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 136, 87 S. Ct. 932, 17 L. Ed. 2d 814 (1967)_.

[50] _See_ _15 U.S.C § 12 et seq._

[51] **Broad interpretation.** _Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 132–136, 87 S. Ct. 932, 17 L. Ed. 2d 814 (1967)_.

The Ninth Circuit applied this expansive interpretation of the interest requirement in an action involving an amendment to a state constitution by ballot initiative. After a decision that the amendment declaring English the official language of the state was unconstitutional under the *First Amendment*,[52] the sponsors of the original ballot initiative were allowed to intervene after the judgment for the purpose of prosecuting an appeal. The court stated that "[t]here appears to be a virtual *per se* rule that the sponsors of a ballot initiative have a sufficient interest in the subject matter of the litigation to intervene."[53]

The special nature of public interest cases is also acknowledged in the Fifth Circuit. In such cases, the representation of divergent interests is extremely important. However, the requirements of Rule 24(a)(2), including timeliness, must be met even in cases involving issues of public interest.[54]

The Tenth Circuit also has indicated that it follows a very broad interpretation of the interest requirement with respect to public law issues, noting that the interest inquiry is highly fact specific and that the interest test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[55]

To the contrary, the position of the Seventh Circuit is that "no special broad definition of 'interest' applies to suits involving public law cases." In *Keith v. Daley*, the court of appeals denied intervention to a pro-life interest group seeking to intervene in a case questioning the constitutionality of state legislation regulating abortion. The movant asserted three particular interests in the action: (1) interests as a lobbyist, (2) interest in the protection of the unborn, and (3) its members' interests in adopting children who survive abortions. The court held that none of these interests met the "direct and substantial" interest test.[56]

The Seventh Circuit's view, albeit in the minority, is more consistent with a properly focused understanding of "interest" as meant by Rule 24(a)(2). The plain language of the rule admits of no public-law exception to the requirement that a would-be intervenor of right show that disposition of the action would impair or impede his or her ability to protect his or her interest and that existing parties (such as a government agency) will not adequately represent that interest.[56.1] Beyond the text of the rule, as a practical matter a relaxed standard in the public-interest arena is especially prone to abuse because of the large numbers of supposedly interested parties who might seek to intervene.

### [d]   Relationship Between Intervention of Right and Standing

---

[52] *U.S. Const., Amend. I*.

[53] **Sponsors of ballot initiative.** *Yniguez v. Arizona, 939 F.2d 727, 735 (9th Cir. 1991)* (court used liberal construction of *Fed. R. Civ. P. 24* to allow intervention by ballot measure sponsor in suit regarding alleged unconstitutionality of that measure); *see also Prete v. Bradbury, 438 F.3d 949, 953–956 (9th Cir. 2006)* (public interest group that has supported ballot measure has significant protectable interest in defending legality of measure).

[54] **Requirements of rule.** *Lelsz v. Kavanagh, 710 F.2d 1040, 1047 (5th Cir. 1983)* (intervention of right denied to parent association of retarded students and to two retarded residents who sought to intervene in class action involving allegations that institutions violated rights of residents).

[55] **Broad standard.** *See Utah Ass'n of Ctys. v. Clinton, 255 F.3d 1246, 1251–1253 (10th Cir. 2001)* (environmental groups had sufficient interest in national monument to intervene in suit seeking to have creation of monument declared illegal); *Coalition of Arizona/New Mexico Ctys. for Stable Economic Growth v. Dep't of Interior, 100 F.3d 837, 840–844 (10th Cir. 1996)* (wildlife photographer had sufficient interest to intervene in suit to protect Mexican Spotted Owl).

[56] **No special public interest rule.** *Keith v. Daley, 764 F.2d 1265, 1268–1269 (7th Cir. 1985)* (citing **Moore's**, intervention of right denied to pro-life public interest group seeking to intervene to defend challenged abortion legislation).

[56.1] *See Fed. R. Civ. P. 24(a)(2)*.

The standing requirement of Article III requires a case or controversy.[57] To satisfy the standing requisite, a party invoking the jurisdiction of a federal court must demonstrate (1) an actual or threatened injury resulting from defendant's conduct (2) that is fairly traceable to the challenged actions and (3) that is likely to be redressed by the relief requested.[58] The "prudential principles" of standing require that a plaintiff establish that he or she is the proper proponent of the asserted right, that the right asserted belongs to him or her rather than to a third party, and that the grievances asserted are not conjectural or generalized.[59] For detailed analysis of standing, see *Ch. 101, Issues of Justiciability*.

In *Diamond v. Charles*, the Supreme Court held that an intervenor must meet the case or controversy requirements of Article III (including standing) to continue a suit in the absence of the party on whose side intervention was permitted.[60] However, despite an existing conflict among the circuits regarding this issue, the Court declined to decide whether a party seeking to intervene under Rule 24(a)(2) also must satisfy the standing requirements of Article III.[61]

In *Wittman v. Personhuballah*, the Supreme Court applied the rationale of *Diamond* to hold that one who intervenes as a defendant must have Article III standing to pursue an appeal in the absence of the original defendants.[62]

---

[57] U.S. Const., Art. III.

[58] **Case or controversy needed.** *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 472, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982)* (requirement of actual injury).

[59] **Prudential principles of standing.** *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 474–475, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982)* ("Beyond the constitutional requirements, the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing.").

[60] *Diamond v. Charles*: **standing required for intervenor to continue in absence of original party.** *Diamond v. Charles, 476 U.S. 54, 61–62, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986)* ("The presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Art. III's requirements.").

**9th Circuit** *See Bustos v. Molasky (In re Molasky), 843 F.3d 1179, 1184–1185 (9th Cir. 2016)* ("This requirement [of an independent basis for jurisdiction] demands higher scrutiny where the original party's claim was dismissed on the merits or for lack of jurisdiction, but the analysis is somewhat different where the original party was dismissed for a procedural reason, such as for failure to prosecute. In such cases, a claim joined by an intervenor may survive the dismissal of the original party if the court retains jurisdiction over the claim and the intervenor has standing to continue litigating it."); *Organized Vill. of Kake v. U.S. Dep't of Agric., 795 F.3d 956, 963–966 (9th Cir. 2015)* (en banc) (intervenor's right to continue suit in the absence of party on whose side intervention was permitted was contingent upon showing by intervenor that he or she fulfills Article III standing requirements of injury in fact, causation, and redressability).

**10th Circuit** *See City of Colorado Springs v. Climax Molybdenum Co., 587 F.3d 1071, 1080–1081 (10th Cir. 2009)* (proposed intervenor could not rely on "piggyback" standing, even though court retained jurisdiction, when parties had settled and there was no longer active dispute).

**11th Circuit** *See Dillard v. Chilton Cnty. Comm'n, 495 F.3d 1324, 1330 (11th Cir. 2007)* (per curiam) (intervening party who does not have independent standing may "piggyback" on standing of original parties, but intervenor must show independent standing to pursue own claims if original parties are no longer adverse in litigation).

[61] **Question left open.** *Diamond v. Charles, 476 U.S. 54, 68–69, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986)* ("We need not decide today whether a party seeking to intervene before a District Court must satisfy not only the requirements of Rule 24(a)(2), but also the requirements of Art. III.").

[62] *Wittman v. Personhuballah*: **intervenor/defendant must have standing to pursue appeal without original defendant.** *Wittman v. Personhuballah, 578 U.S. 539, 136 S. Ct. 1732, 195 L. Ed. 2d 37, 41–43 (2016)* (intervenor cannot step into shoes of original party unless intervenor independently fulfills requirements of Article III (citing *Diamond v. Charles, 476 U.S. 54, 68, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986)*)); *see also Va. House of Delegates v. Bethune-Hill, 587 U.S. —, 139 S. Ct. 1945, 204 L. Ed.*

Then, in *Town of Chester v. Laroe Estates, Inc.*, the Supreme Court resolved the conflict and squarely held that an intervenor of right must have Article III standing in order to pursue relief that is different from that sought by an existing party with standing.[62.1] This includes a case in which the intervenor and existing party seek separate money judgments in their own names.[63] Conversely, the intervenor need not have independent Article III standing if the intervenor does not seek damages of his or her own and seeks only to maximize an existing party's recovery.[64] The Supreme Court explained that this holding is an application of the general principle that for each form of relief sought, there must be at least one litigant with standing to seek that form of relief.[65]

*Town of Chester* thus overruled any earlier appellate decisions holding that Article III standing was never necessary for an intervenor of right, or that an interest satisfying Rule 24(a)(2) necessarily established Article III standing.

---

2d 305, 312–317 (2019) (having intervened in support of state defendants in gerrymandering case, single chamber of bicameral state legislature lacked standing to appeal judgment invalidating redistricting plan after state's attorney general decided not to appeal, because intervenor lacked standing in its own right and had not been designated by state law to act as state's agent in court); *Hollingsworth v. Perry, 570 U.S. 693, 133 S. Ct. 2652, 186 L. Ed. 2d 768, 785 (2013)* (intervenors who lacked Article III standing could not appeal suit challenging constitutionality of California's voter-approved initiative banning gay marriage when original defendants declined to appeal).

[62.1] **Relief different from that sought by existing party.** *See Wayne Land & Mineral Grp., LLC v. Del. River Basin Comm'n, 959 F.3d 569, 575 n.6 (3d Cir. 2020)* (" '[D]ifferent from' does not necessarily mean entirely different from. … [A] putative intervenor of right is therefore required to demonstrate Article III standing not only in cases where the relief it seeks is categorically distinct from that sought by the plaintiff, but also in cases where the intervenor seeks *additional* relief *beyond that* which the plaintiff requests." (internal quotation marks omitted; emphasis in original).

[63] **Intervenor must have standing.** *Town of Chester v. Laroe Estates, Inc., 581 U.S. —, 137 S. Ct. 1645, 198 L. Ed. 2d 64, 71 (2017)* ("[A]n intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing. That includes cases in which both the plaintiff and the intervenor seek separate money judgments in their own names.").

3d Circuit *See Wayne Land & Mineral Grp., LLC v. Del. River Basin Comm'n, 959 F.3d 569, 574 (3d Cir. 2020)* (Under *Town of Chester*, district court has duty, before passing on merits of motion to intervene, to determine whether movant must demonstrate Article III standing, i.e., whether movant seeks relief different from that sought by existing parties).

8th Circuit *See Nat'l Parks Conservation Ass'n v. U.S. EPA, 759 F.3d 969, 974 (8th Cir. 2014)* ("[A] prospective intervenor must establish Article III standing in addition to the requirements of Rule 24." (internal quotation marks omitted)).

9th Circuit *Or. Prescription Drug Monitoring Program v. U.S. DEA, 860 F.3d 1228, 1233–1234 (9th Cir. 2017)* (under *Town of Chester*, would-be intervenors in state agency's declaratory-judgment action needed to establish standing, because agency sought declaration that state law required DEA to obtain court order to enforce investigative subpoena, while intervenors sought declaratory and injunctive relief establishing that DEA must obtain warrant supported by probable cause).

11th Circuit *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel, 861 F.3d 1278, 1290 (11th Cir. 2017)* (under *Town of Chester*, intervenor had to establish Article III standing, since it sought relief that was different from what original parties sought, it was not aligned with other parties, and it was sole appellant).

[64] **Intervenor who seeks only to maximize existing party's recovery need not have standing.** *Town of Chester v. Laroe Estates, Inc., 581 U.S. —, 137 S. Ct. 1645, 198 L. Ed. 2d 64, 71–72 & n.4 (2017)* (remanding for lower courts to determine whether would-be intervenor sought damages for itself or sought only to maximize original party's recovery).

[65] **General principle.** *Town of Chester v. Laroe Estates, Inc., 581 U.S. —, 137 S. Ct. 1645, 198 L. Ed. 2d 64, 70–71 (2017)* ("At least one plaintiff must have standing to seek each form of relief requested in the complaint. … The same principle applies to intervenors of right. Although the context is different, the rule is the same: For all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right.").

6 Moore's Federal Practice - Civil § 24.03

In a decision predating *Diamond v. Charles*, *Trbovich v. United Mine Workers of America*, the Court authorized limited intervention when the intervenor could not have initiated the suit.[66] *Trbovich* had been relied on by some lower federal courts to hold that standing was not required for intervention. Although the Court's *Town of Chester* opinion did not mention *Trbovich*, it is now clear that *Trbovich* does not dispense with the standing requirement for an intervenor of right who seeks relief different from what existing parties seek.[67]

In the wake of *Personhuballah* and *Town of Chester*, any would-be intervenor—whether seeking to participate as a plaintiff or a defendant—must establish Article III standing in order to seek relief beyond what the original parties seek or to pursue the litigation after the original parties have dropped out.[68] Some questions remain, however. For example, before *Town of Chester*, the D.C. Circuit noted that it is an open question whether permissive intervention requires standing.[69] On this question, the more consistent position is that permissive intervention is available only if the would-be intervenor has Article III standing. To the extent that a permissive intervenor seeks relief that differs from what existing parties seek, the logic of *Town of Chester* seems directly applicable, and the intervenor must have standing to seek such relief.[70] But even if a permissive intervenor seeks the same relief as an existing party (e.g., declaratory or injunctive relief), the standing requirement is inherent in the kind of interest the permissive intervenor must demonstrate under Rule 24(b). Unlike an intervenor of right, who need only "claim[] an interest relating to the property or transaction that is the subject

---

[66] **Limited intervention.** *Trbovich v. United Mine Workers of Am., 404 U.S. 528, 536–539, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972)* (union member entitled to intervene in action brought by Secretary of Labor against union under Labor-Management Reporting and Disclosure Act of 1959).

[67] **Standing requirement must be met.** *Town of Chester v. Laroe Estates, Inc., 581 U.S. —, 137 S. Ct. 1645, 198 L. Ed. 2d 64, 71 (2017)* ("[A]n intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing.").

[68] **Standing required for both plaintiff and defendant intervenors.** *See Crossroads Grassroots Policy Strategies v. FEC, 788 F.3d 312, 316 (D.C. Cir. 2015)* ("[W]here a party tries to intervene as another defendant, we have required it to demonstrate Article III standing, reasoning that otherwise any organization or individual with only a philosophic identification with a defendant—or a concern with a possible unfavorable precedent—could attempt to intervene and influence the course of litigation." (internal quotation marks omitted)); *Deutsche Bank Nat'l Trust Co. v. FDIC, 717 F.3d 189, 193 (D.C. Cir. 2013)* (established circuit law requires standing of all intervenors).

10th Circuit *See Safe Streets Alliance v. Hickenlooper, 859 F.3d 865, 912–913 (10th Cir. 2017)* ("Article III's requirements apply to *all* intervenors, whether they intervene to assert a claim or defend an interest." (citing *Wittman v. Personhuballah, 578 U.S. 539, 136 S. Ct. 1732, 195 L. Ed. 2d 37, 41–43 (2016)))*.

D.C. Circuit *See Crossroads Grassroots Policy Strategies v. FEC, 788 F.3d 312, 316 (D.C. Cir. 2015)* ("[W]here a party tries to intervene as another defendant, we have required it to demonstrate Article III standing, reasoning that otherwise any organization or individual with only a philosophic identification with a defendant—or a concern with a possible unfavorable precedent—could attempt to intervene and influence the course of litigation." (internal quotation marks omitted)); *Deutsche Bank Nat'l Trust Co. v. FDIC, 717 F.3d 189, 193 (D.C. Cir. 2013)* (established circuit law requires standing of all intervenors).

[69] **Whether permissive intervention requires standing.** *Defenders of Wildlife v. Perciasepe, 714 F.3d 1317, 1323, 1327 (D.C. Cir. 2013)* (party seeking to intervene as of right must demonstrate Article III standing; it remains open question whether Article III standing is required for permissive intervention); *compare Old Dominion Elec. Coop. v. FERC, 892 F.3d 1223, 1232 n.2 (D.C. Cir. 2018)* ("The Supreme Court [in *Town of Chester*] recently held that an intervenor of right who seeks distinctive relief must demonstrate its own Article III standing. But that decision had no occasion to consider whether all intervenors must do so. *Town of Chester* thus does not cast doubt upon, let alone eviscerate, our settled precedent that all intervenors must demonstrate Article III standing." (citation omitted)).

[70] **Permissive intervenor must have standing to seek different relief.** *See Town of Chester v. Laroe Estates, Inc., 581 U.S. —, 137 S. Ct. 1645, 198 L. Ed. 2d 64, 71 (2017)* ("For all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right.").

of the action,"[71] a permissive intervenor generally must have a "claim or defense that shares with the main action a common question."[72] The "claim or defense" contemplated by the rule is best understood as a reference to an Article III case or controversy, which exists only if the dispute meets constitutional justiciability requirements, including standing.[73] Under this view, permissive intervention is the equivalent of Rule 20 permissive joinder initiated by a nonparty (nonparties cannot move for compulsory joinder under Rule 19 or permissive joinder under Rule 20).[74] In contrast, as indicated by *Town of Chester*, an intervenor of right need not demonstrate standing if he or she seeks only to help one side gain a victory that would help protect the intervenor's interest.[75]

That standing is always required for permissive intervention but not always for intervention of right may be counterintuitive, because "permissive" intervention seems, on its face, a lesser entitlement to judicial attention than intervention "of right." But one who has an interest in the subject matter of the present lawsuit while lacking standing (e.g., because the requisite injury in fact has not yet occurred) can protect that interest only by participating in the existing lawsuit, which at the time of intervention embodies the only justiciable case or controversy. Accordingly, Rule 24(a) makes intervention under those circumstances a matter of right; the rule promotes judicial efficiency by allowing the intervenor to come into the present lawsuit and perhaps forestall a separate lawsuit to redress the potential injury in fact that could arise from the judgment in the present lawsuit.[76]

On the other hand, since one seeking permissive intervention under Rule 24(b) must assert a justiciable claim or defense, a denial of intervention does not deprive the would-be intervenor of the ability to protect his or her interest in a separate lawsuit. Under those circumstances, therefore, Rule 24(b) makes intervention in the existing lawsuit a permissive matter within the discretion of the district court.[77]

Also, *Town of Chester* did not address prudential standing requirements. The Fifth Circuit has invoked the prudential standing rule that precludes a litigant from asserting the rights of others in holding that *Trbovich* does not authorize Rule 24(a)(2) intervention for the purpose of asserting a substantive right not belonging

---

[71] *Fed. R. Civ. P. 24(a)(2)*.

[72] *Fed. R. Civ. P. 24(b)(1)(B)*.

[73] **Claim must meet justiciability requirements.** See *Town of Chester v. Laroe Estates, Inc., 581 U.S. —, 137 S. Ct. 1645, 198 L. Ed. 2d 64, 70 (2017)* ("If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so. … [A] plaintiff must demonstrate standing for each *claim* he seeks to press … ." (internal quotation marks omitted; emphasis added)); *Okpalobi v. Foster, 244 F.3d 405, 425 (5th Cir. 2001)* (en banc) ("Under Article III of the Constitution, the federal courts have jurisdiction over a *claim* between a plaintiff and a defendant only if it presents a 'case or controversy.' " (emphasis added)); *see also Ch. 101, Issues of Justiciability*.

[74] **Equivalent of Rule 20 permissive joinder.** See *Fed. R. Civ. P. 20(a)(1)*, *(2)* (permissive joinder when there are common questions of fact or law); *Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409 (8th Cir. 1995)* (motion for compulsory joinder under *Fed. R. Civ. P. 19* may be made only by party, but court may treat nonparty's motion as request to intervene under *Fed. R. Civ. P. 24*); *Thompson v. Boggs, 33 F.3d 847, 858 n.10 (7th Cir. 1994)* ("[T]he plaintiff has failed to direct us to any case, nor have we been able to locate any case, in which a court granted a motion to join made by a non-party to the lawsuit. It would seem that the proper course of action would be a motion to intervene under *Fed. R. Civ. P. 24*."); *see also Ch. 19, Required Joinder of Parties*; **Ch. 20, Permissive Joinder of Parties**.

[75] **Intervenor who seeks only to help existing party need not have standing.** *Town of Chester v. Laroe Estates, Inc., 581 U.S. —, 137 S. Ct. 1645, 198 L. Ed. 2d 64, 71–72 & n.4 (2017)* (remanding for lower courts to determine whether would-be intervenor sought damages for itself or sought only to maximize original party's recovery).

[76] See *Fed. R. Civ. P. 24(a)(2)*.

[77] See *Fed. R. Civ. P. 24(b)*; *see also § 24.10[1]*.

to the intervenor.[78] The Fifth Circuit's application of prudential standing principles to deny intervention of right to a movant who seeks to recover for an injury suffered by another comports with *Town of Chester*'s formulation of Article III standing as requiring that an injury in fact have been suffered by the party seeking compensatory relief.[79]

The Seventh Circuit has held that an intervenor must establish separate standing to intervene to challenge a protective order after the suit between the existing parties has been resolved and the case dismissed. In this situation there is no existing case or controversy between the original parties, so the proposed intervenor must establish Article III standing in addition to the Rule 24 requirements for permissive intervention.[80]

### [3]   Disposition of Action Will Impair or Impede Movant's Ability to Protect Interest

#### [a]   Nature of "Impair or Impede"

Once a movant has successfully established a sufficient interest in the subject of the action, the movant must demonstrate that disposition of that action may, as a practical matter, impair or impede the movant's ability to protect that interest. It is significant that the important 1966 revision of Rule 24 substituted this more practical "impair or impede" test for a more technical requirement that the movant "be bound" by the judgment.[81]

The "impair or impede" requirement mandates a showing that the interest holder be injured in a practical sense. The "1966 amendments to Rule 24(a) eliminated the former general requirement that the movant be legally bound by the result of the action, substituting more flexible and practical criteria."[82] It would be unfair to decide a case and prejudice a nonparty without allowing the nonparty to participate in the litigation. *Impair* refers to a diminution in strength, value, quality, or quantity. *Impede* means to obstruct or block. Thus, impairment of a purported interest, or a potential decrease in its value, is typically easier to establish than an impediment, which involves a total obstruction of an interest.

A movant's interest is plainly impaired if disposition of the action in which intervention is sought will prevent any future attempts by the movant to pursue that interest. For example, if the doctrine of *res judicata* would prohibit a movant from pursuing a claim in a separate action, a total obstruction of the interest would result.[83]

---

[78] **Fifth Circuit requires Article III standing.** *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 463–470 (5th Cir. 1984)* (en banc) (citing **Moore's**, court denied intervention of right because city officials were not third-party beneficiaries to contract between gas supplier and electric utility).

[79] **Injury in fact must have been suffered by party seeking relief.** *See Town of Chester v. Laroe Estates, Inc., 581 U.S. —, 137 S. Ct. 1645, 198 L. Ed. 2d 64, 70 (2017)* (constitutional standing doctrine requires plaintiff to allege personal stake in outcome of case); *see also Ch. 101, Issues of Justiciability.*

[80] **Separate standing needed to challenge protective order after case dismissed.** *See Bond v. Utreras, 585 F.3d 1061, 1071–1072 (7th Cir. 2009)* (there is no presumptive right of public access to unfiled discovery that would allow nonparty journalist to intervene to challenge protective order after case is resolved); *see also § 24.11.*

[81] **"Impair or impede" requirement.** *Brumfield v. Dodd, 749 F.3d 339, 344 (5th Cir. 2014)* (quoting **Moore's**, and noting that "[t]he impairment requirement does not demand that the movant be bound by a possible future judgment, and the current requirement is a great liberalization of the prior rule"); *see § 24App.05.*

[82] **Effect of 1966 amendments.** *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 463 (5th Cir. 1984)* (en banc) (citing **Moore's**).

[83] **Obstruction of interest.** *See Seneca Res. Corp. v. Twp. of Highland, 863 F.3d 245, 256–257 (3d Cir. 2017)* (district court did not abuse its discretion in denying reconsideration of order denying intervention, because judgment rendered in absence of applicants would not have had collateral-estoppel or stare decisis effect on applicants' rights); *see also [b], below* (stare decisis effect).

6 Moore's Federal Practice - Civil § 24.03

However, under the requirements of the rule, impairment, or a simple decrease in the value of the interest, is also sufficient. For example, possible harm to a property interest satisfies the rule.[84]

A potential intervenor need not establish that its interest will necessarily be impaired; it is sufficient if the disposition of the action "may" impair or impede the intervenor's ability to protect its interests.[85] However, the impairment must be practical and not merely theoretical.[86] For example, a possible adverse judicial determination, which arguably could be made in the future by a judge on a subjective basis, does not necessarily establish impairment.[87] The practical impairment test is flexible, and its application depends on a pragmatic analysis of the circumstances of a given case:

•    Industry groups were entitled to intervene in a case brought by environmental groups against the EPA under the Federal Advisory Committee Act because any injunctive relief would likely eviscerate their work product and establish a rule of law unfavorable to them.[88]

•    A potential effect on career and promotion opportunities may satisfy the impairment requirement. To intervene, a movant does not need to demonstrate a vested interest in a promotion.[89]

---

2d Circuit See *Washington Elec. Coop. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 98 (2d Cir. 1990)* (intervention denied because neither res judicata nor collateral estoppel would bar future attempts to pursue claim).

3d Circuit See *Seneca Res. Corp. v. Twp. of Highland, 863 F.3d 245, 256–257 (3d Cir. 2017)* (district court did not abuse its discretion in denying reconsideration of order denying intervention, because judgment rendered in absence of applicants would not have had collateral-estoppel or stare decisis effect on applicants' rights).

[84] **Possible property harm.** *NL Indus. v. Secretary of Interior, 777 F.2d 433, 440 (9th Cir. 1985)* (mining company with conflicting mining claim may intervene in action brought by competing mining firm against United States).

9th Circuit *NL Indus. v. Secretary of Interior, 777 F.2d 433, 440 (9th Cir. 1985)* (mining company with conflicting mining claim may intervene in action brought by competing mining firm against United States).

10th Circuit *WildEarth Guardians v. Nat'l Park Serv., 604 F.3d 1192, 1199 (10th Cir. 2010)* ("We may consider any significant legal effect in the applicant's interest and we are not restricted to a rigid *res judicata* test.").

[85] **Showing that potential intervenor's interest may be impaired is sufficient.** *Brumfield v. Dodd, 749 F.3d 339, 344–345 (5th Cir. 2014)* (citing **Moore's**, intervenors "do not need to establish that their interests *will* be impaired. Rather, they must demonstrate only that the disposition of the action 'may' impair or impede their ability to protect their interests. It would indeed be a questionable rule that would require prospective intervenors to wait on the sidelines until after a court has already decided enough issues contrary to their interests. The very purpose of intervention is to allow interested parties to air their views so that a court may consider them before making potentially adverse decisions." (citation and footnote omitted)).

[86] **Impairment must be practical and not merely theoretical.** *Brumfield v. Dodd, 749 F.3d 339, 344 (5th Cir. 2014)* (citing **Moore's**, "The impairment must be 'practical,' … and not merely 'theoretical.' ").

[87] **Practical impairment.** *United States v. Texas E. Transmission Corp., 923 F.2d 410, 414 (5th Cir. 1991)* (theoretical possibility does not constitute requisite practical impairment).

[88] **Industry groups impaired.** *Huron Envtl. Activist League v. EPA, 917 F. Supp. 34, 43 (D.D.C. 1996)* (standards for permissive intervention).

[89] **Promotion opportunities impaired.**

5th Circuit *Edwards v. City of Houston, 78 F.3d 983, 1004 (5th Cir. 1996)* (en banc) (court allows intervention by union and police association in Title VII action against city).

11th Circuit *Howard v. McLucas, 782 F.2d 956, 959 (11th Cir. 1986)* (permitting intervention by white and other non-black employees seeking to challenge preliminary consent decree in favor of black class in employment discrimination case because decree would make intervenors ineligible for promotion).

•       The option of pursuing its interest in a Hong Kong court would impair a movant's ability to protect its interest in its tax records because, in a foreign court, the movant would have to argue issues of international comity in addition to the merits of its case.[90]

•       The interest of an investor in a real estate partnership, who had only a potential unliquidated tort claim against the partnership, would not be impaired by disposition of a foreclosure action against the partnership's real property. The investor had already filed her own action, which would provide an opportunity to protect her interests.[91]

•       Minority students and student groups, who sought to intervene in litigation challenging an admissions policy that used race as a factor, met the minimal burden of showing that impairment of their substantial legal interest in gaining admission to the university was possible, because access to the university might well decline for minority students if the university were precluded from considering race as a factor in admissions.[92]

In a class action, the availability of procedural protections under Civil Rule 23 does not automatically bar class members from showing that disposition of the action will impair or impede their ability to protect their interests. Thus, a class member generally has a right to intervene unless the named parties adequately represent his or her interest.[93]

### [b]  Negative Effect of Stare Decisis May Establish Impairment

Under the doctrine of stare decisis, a legal precedent is established when an appellate court expressly decides a specific issue of law. Although district courts' decisions are sometimes described as "precedent,"[94]

---

[90] **Impairment in a foreign court.** *Nissei Sangyo Am., Ltd. v. United States, 31 F.3d 435, 440 (7th Cir. 1994)* (foreign corporation could intervene in action to preserve its own bank records, which were to be used as evidence in pending tax litigation).

[91] **Real estate partnership not impaired.** *Southmark Corp. v. Cagan, 950 F.2d 416, 418–419 (7th Cir. 1991)* (four elements for intervention as of right).

[92] **Minority students' access to university was impaired.** *Grutter v. Bollinger, 188 F.3d 394, 399–400 (6th Cir. 1999)* (minimal burden of showing impairment was met by minority students and student groups in suit against university, because access to university might well decline for minority students if university precluded from considering race as factor in admissions).

[93] **Class members generally have right to intervene.** *Tech. Training Assocs. v. Buccaneers Ltd. P'ship, 874 F.3d 692, 696 (11th Cir. 2017)* (*Fed. R. Civ. P. 23*'s procedural protections, such as right to object to settlement at fairness hearing, do not necessarily mean that class members' ability to protect their interests would not be impeded or impaired if intervention is denied); *see Std. Fire Ins. Co. v. Knowles, 568 U.S. 558, 594, 133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013)* (members of class have right to intervene if their interests are not adequately represented by existing parties); *see also Fed. R. Civ. P. 24*, advisory committee note of 1966 (class member generally should be entitled to intervene unless current parties adequately represent him or her).

8th Circuit *Smith v. SEECO, Inc., 865 F.3d 1021, 1024–1025 (8th Cir. 2017)* (that *Fed. R. Civ. P. 23* authorizes class member to opt out of class and litigate separately is not sufficient basis to deny intervention as of right, given provisions of *Fed. R. Civ. P. 23(c)(2)(B)(iv)*, *(d)(1)(B)(iii)*, and *Fed. R. Civ. P. 24*, advisory committee note of 1966, which explicitly contemplate intervention by class members whose interests are not adequately represented by class representatives).

11th Circuit *Tech. Training Assocs. v. Buccaneers Ltd. P'ship, 874 F.3d 692, 696 (11th Cir. 2017)* (*Fed. R. Civ. P. 23*'s procedural protections, such as right to object to settlement at fairness hearing, do not necessarily mean that class members' ability to protect their interests would not be impeded or impaired if intervention is denied)).

[94] **Occasional references to district-court decisions as precedent.**

5th Circuit *See, e.g., Heaton v. Monogram Credit Card Bank of Ga., 297 F.3d 416, 424 (5th Cir. 2002)* ("The district court's ruling …will undoubtedly, unless changed, be relied upon as a precedent in future actions … .").

a decision of a federal district court does not by itself have precedential force.[95] Still, in a typical case the possibility of an appeal and eventual precedential judgment by a higher court makes the potential stare decisis effect a relevant consideration in assessing whether a would-be intervenor's interest would be impaired by disposition of the action.[96] Moreover, the existence of a district court opinion, though not binding, can have persuasive effect on other judges.

An intervenor's interest can be impaired or impeded as a practical matter if a pending action will cause a stare decisis impact that is harmful to the applicant.[97] Stare decisis is not a relevant concern if the case does not involve the resolution of new legal issues. For example, an action involving a conventional contract dispute is not a case of first impression that will control future decisions and lacks a potential stare decisis effect that will impair an applicant's interest.[98] Recurring common-law actions such as breach of contract and negligence are unlikely to achieve the practical stare decisis impairment necessary to satisfy Rule 24(a). In contrast, stare decisis is neatly presented by novel issues of statutory construction.

---

10th Circuit *WildEarth Guardians v. Nat'l Park Serv., 604 F.3d 1192, 1199–1200 (10th Cir. 2010)* ("[F]or purposes of [*Fed. R. Civ. P.] 24(a)(2)*, sufficient impairment may result even from the "*stare decisis* effect" of a district court's judgment.").

[95] **District-court decision lacks precedential force.** *Camreta v. Greene, 563 U.S. 692, 709 n.7, 131 S. Ct. 2020, 179 L. Ed. 2d 1118 (2011)* (quoting **Moore's**, "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *see Seneca Res. Corp. v. Twp. of Highland, 863 F.3d 245, 257 (3d Cir. 2017)* (quoting *Camreta v. Greene, 563 U.S. 692, 709 n.7, 131 S. Ct. 2020, 179 L. Ed. 2d 1118 (2011)*); *see also Ch. 134, Stare Decisis, Law of the Case, and Judicial Estoppel*.

[96] **Potential appellate decision may have precedential effect.** *See Flying J. Inc. v. Van Hollen, 578 F.3d 569, 573–574 (7th Cir. 2009)* (allowing intervention to appeal judgment declaring state statute preempted by federal law, after state attorney general refused to appeal, but noting that district court's judgment alone would not have stare decisis effect).

[97] **Stare decisis impact.**

3d Circuit *See Seneca Res. Corp. v. Twp. of Highland, 863 F.3d 245, 256–257 (3d Cir. 2017)* (district court did not abuse its discretion in denying reconsideration of order denying intervention, because judgment rendered in absence of applicants would not have had collateral-estoppel or stare decisis effect on applicants' rights).

5th Circuit *Sierra Club v. Espy, 18 F.3d 1202, 1207 (5th Cir. 1994)* (timber purchasers could be adversely affected by district court's decision regarding logging procedures).

7th Circuit *See Flying J. Inc. v. Van Hollen, 578 F.3d 569, 573–574 (7th Cir. 2009)* (allowing intervention to appeal judgment declaring state statute preempted by federal law, after state attorney general refused to appeal, but noting that district court's judgment alone would not have stare decisis effect).

9th Circuit *United States v. Oregon, 839 F.2d 635, 638 (9th Cir. 1988)* (residents of mental health facility allowed to intervene in government's civil rights action against facility).

10th Circuit *WildEarth Guardians v. Nat'l Park Serv., 604 F.3d 1192, 1199–1200 (10th Cir. 2010)* ("[F]or purposes of [*Fed. R. Civ. P.] 24(a)(2)*, sufficient impairment may result even from the "*stare decisis* effect" of a district court's judgment.").

11th Circuit *Stone v. First Union Corp., 371 F.3d 1305, 1309–1311 (11th Cir. 2004)* (after class was decertified, class members should have been allowed to intervene in named plaintiff's individual suit, because they all alleged that same employment policy violated ADEA and led to their injury and, therefore, faced practical impairment from court's ruling on whether this policy violated ADEA); *cf. Fox v. Tyson Foods, Inc. 519 F.3d 1298, 1303–1304 (11th Cir. 2008)* (intervention was not warranted when plaintiffs and petitioners did not challenge single company-wide policy, so that resolution of case would not likely have stare decisis effect on later action by petitioners).

[98] **Contract dispute.** *See, e.g., Washington Elec. Coop. v. Mass. Mun. Wholesale Elec., 922 F.2d 92, 98 (2d Cir. 1990)* (state agency not allowed to intervene).

A movant may have a difficult time establishing a potential negative stare decisis effect. The Eleventh Circuit has stated that when "a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential *stare decisis* effect may supply that practical disadvantage which warrants intervention as of right."[99] However, not all potential stare decisis effects result in the practical disadvantages that warrant intervention.[100] Stare decisis effects are insufficient to establish impairment if participation as an amicus curiae would suffice.[101]

The practical difficulties a movant faces in attempting to upset a legal precedent were examined in detail by the Fifth Circuit in *Atlantis Development Corp. v. United States*.[102] Specifically, that court "has long tried earnestly to follow the practice in which a decision announced by one panel of the Court is followed by all others until such time as it is reversed, either outright or by intervening decisions of the Supreme Court, or by the Court itself en banc."[103] Thus, if the existing party in a main action does not prevail on the issues that involve a movant's claims, the movant would face the difficult prospect of securing a rehearing en banc, with a successful overruling of the prior decision, or seeking a reversal of the earlier decision by the Supreme Court on certiorari. Considering the limited number of en banc hearings in the Fifth Circuit and the small percentage of cases on which certiorari is granted, a negative stare decisis effect certainly impairs a movant's ability to protect its interest.[104]

The precedential effect of a decision must have the potential sufficiently to harm the movant in order to "impair or impede" within the meaning of the rule. The fact that a case may have some precedential effect is not alone always sufficient. The movant must demonstrate that the potential precedent is relevant and harmful to the movant's specific interest in order to meet the impairment requirement. For example, bankruptcy judges were not allowed to intervene in an action involving the statutory extension of judges' terms in a particular circuit. Because the movants were serving in other circuits, the outcome of the action would not directly affect their interests.[105]

---

[99] **Potential stare decisis effect when intervenor claims interest in property and transaction in suit.** *Chiles v. Thornburgh, 865 F.2d 1197, 1214 (11th Cir. 1989)* (non-felon detainees entitled to intervene in action affecting operation of prison); *Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d 1242, 1258 (11th Cir. 2002)* (quoting *Chiles*).

[100] **Insufficient practical disadvantages.** *ManaSota-88, Inc. v. Tidwell, 896 F.2d 1318, 1323 (11th Cir. 1990)* (if resolution of action resulted in stricter water quality standards, applicant could subsequently challenge rules that directly affected its interests); *see also Worlds v. Department of Health & Rehabilitative Servs., 929 F.2d 591, 594–595 (11th Cir. 1991)* (applicant more likely to prevail in separate suit, because statistical data showing discrimination was excluded from existing action for failure to authenticate).

[101] **Amicus curiae alternative.** *American Nat'l Bank & Trust Co. v. City of Chicago, 865 F.2d 144, 148 (7th Cir. 1989)* (union's ability to contract freely would not be impaired by outcome of litigation).

[102] **Practical difficulties.** *Atlantis Dev. Corp. v. United States, 379 F.2d 818, 828–829 (5th Cir. 1967)* (stare decisis may provide practical disadvantages).

[103] **Stare decisis in  Fifth Circuit.** *Atlantis Dev. Corp. v. United States, 379 F.2d 818, 828 (5th Cir. 1967)*.

[104] **Limited prospects of obtaining reversal of precedent.** *Atlantis Dev. Corp. v. United States, 379 F.2d 818, 828 (5th Cir. 1967)* ("With the necessarily limited number of en banc hearings in this Circuit and with the small percentage of cases meriting certiorari, it is an understatement to characterize these prospects as formidable." (footnotes omitted)).

[105] **Stare decisis effect insufficient.** *In re Benny, 791 F.2d 712, 721 (9th Cir. 1986)* ("possibility that our decision could affect [intervenors'] interests is too tenuous to entitle them to intervene of right").

That a denial of intervention would deprive the movant of an opportunity to establish a favorable precedent on an issue that the existing parties choose not to litigate does not by itself establish inadequate representation.[105.1]

The issue of stare decisis is different from that of res judicata, which involves a decision about a specific factual controversy rather than an issue of law. Before its amendment in 1966, Rule 24(a) often was interpreted to require a showing that a movant would be bound by the disposition of the action under the doctrine of res judicata (*see* §§ 24App.04, 24App.05).[106] This requirement was eliminated by the 1966 amendment to Rule 24, which substituted a more flexible and practical requirement.[107] Although res judicata still may be sufficient harm to the movant to establish impairment, a negative stare decisis effect and other types of impairment will satisfy the rule as well.

For a discussion of the 1966 revision to Rule 24, see § 24App.05. For a discussion of use of the stare decisis effect to justify compulsory joinder, see *Ch. 19, Required Joinder of Parties*.

## [4]   Movant's Interest Must Be Inadequately Represented by Existing Parties

### [a]   Movant Has Burden of Proving Inadequate Representation

#### [i]   Burden Is Minimal

A person who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the person's ability to protect that person's interest, has a right to intervene "unless existing parties adequately represent that interest."[108] The person seeking intervention has the burden of proof on adequate representation; to gain intervention, the person must show that the existing parties inadequately represent that person's interests in the action.[109] A few older cases, however, suggest that the burden

---

[105.1] **Loss of opportunity to obtain favorable precedent does not establish inadequate representation.** *See Victim Rts. L. Ctr. v. Rosenfelt, 988 F.3d 556, 562–563 (1st Cir. 2021)* (district court did not abuse its discretion in denying intervention on side of government by organizations seeking to assert constitutional arguments in defense of administrative rule: "[T]he government's success in defending the Rule would not foreclose the movants from presenting their constitutional arguments in a later and appropriate case.").

[106] **Pre-amendment Rule 24(a) interpretation.** *Sam Fox Publ'g Co. v. United States, 366 U.S. 683, 689–690, 81 S. Ct. 1309, 6 L. Ed. 2d 604 (1961)* (person whose private interests coincide with public interest in government antitrust litigation not bound by outcome of litigation and may not intervene as of right).

[107] **Post-amendment interpretation.** *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 463 (5th Cir. 1984)* (en banc) (citing **Moore's**, 1966 amendments eliminated requirement that applicant be legally bound by outcome of action); *see Edwards v. City of Houston, 78 F.3d 983, 1004–1005 (5th Cir. 1996)* (en banc) (applicants would satisfy stringent pre-amendment standard).

[108] *Fed. R. Civ. P. 24(a)(2)*.

[109] **Burden is on applicant.** *See Fed. R. Civ. P. 24(a)(2); Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972)* (requirement "is satisfied if the applicant shows that representation of his interest 'may be' inadequate").

3d Circuit *Kleissler v. United States Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998)* (applicant must prove all four elements, including inadequate representation).

5th Circuit *Texas v. United States, 805 F.3d 653, 661 (5th Cir. 2015)* ("The burden of establishing inadequate representation is on the applicant for intervention.").

should be placed on the party opposing intervention. This view is based on the idea that the language of Rule 24, which allows intervention if the other conditions are met "unless existing parties adequately represent that interest," was intended to shift the burden to the opposing party to show that its representation is adequate.[110] The better view, however, is that the party seeking intervention should be expected to convince the court that the requirements of the rule are satisfied in all respects, and most courts take this approach.

---

6th Circuit *United States v. Michigan, 424 F.3d 438, 443–444 (6th Cir. 2005)* ("Applicants for intervention bear the burden of proving that they are inadequately represented by a party to the suit. This burden has been described as minimal because it need only be shown 'that there is a potential for inadequate representation.' Nevertheless, applicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit." (citations omitted)); *Grutter v. Bollinger, 188 F.3d 394, 400 (6th Cir. 1999)* (prospective intervenors are required to show that existing defendants may not adequately represent their interests).

7th Circuit *Vollmer v. Publishers Clearing House, 248 F.3d 698, 705–706 (7th Cir. 2001)* (applicant must demonstrate requirements for intervention, including lack of adequate representation, and failure to demonstrate all elements requires denial of application).

8th Circuit *Little Rock Sch. Dist. v. North Little Rock Sch. Dist., 378 F.3d 774, 780 (8th Cir. 2004)* (party need only make minimal showing that representation "may be" inadequate to be entitled to intervene).

9th Circuit *Arakaki v. Cayetano, 324 F.3d 1078, 1084 (9th Cir. 2003)* (burden on proposed intervenors of showing inadequate representation is minimal).

10th Circuit *WildEarth Guardians v. Nat'l Park Serv., 604 F.3d 1192, 1200 (10th Cir. 2010)* ("[T]he inadequate representation element of Rule 24(a)(2) also presents a minimal burden. The movant must show only the possibility that representation may be inadequate."); *Utah Ass'n of Ctys. v. Clinton, 255 F.3d 1246, 1254 (10th Cir. 2001)* (applicant bears burden of showing inadequate representation, although burden is "minimal" one of showing that representation "may" be inadequate).

[110] **Burden on opposing party.**

1st Circuit *See Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 111 (1st Cir. 1999)* ("Although the quoted language is prefaced with the word 'unless,' the case law is settled that the applicant for intervention must identify any inadequacy of representation. We need not decide if this is a shift only in the burden of production rather than the burden of persuasion." (citations omitted)); *Caterino v. Barry, 922 F.2d 37, 42 n.4 (1st Cir. 1990)* (although it was not necessary to address question of adequate representation, court noted that "the burden of persuasion that representation is adequate appears to rest on the party opposing intervention"). *But cf. In re Thompson, 965 F.2d 1136, 1142–1143 (1st Cir. 1992)* (in bankruptcy case, burden of showing inadequate representation is on putative intervenor, and that burden is at its most onerous when existing party is under legal obligation to represent interests asserted by putative intervenor, such as when bankruptcy trustee is obligated to represent interests of unsecured creditors in adversary proceedings); *In re Richman,104 F.3d 654, 660 (1st Cir. 1997)* (citing *Thompson*).

D.C. Circuit *See Fund for Animals, Inc. v. Norton, 322 F.3d 728, 736 n.7 (D.C. Cir. 2003)* ("Our cases are inconsistent as to who bears the burden with respect to this factor. The language of some cases, particularly those that quote the above passage from *Trbovich*, suggest that the burden is on the aspiring intervenor. Others declare that the burden is on the opponent of intervention, because Rule 24(a)(2) states that if its first three factors are satisfied, intervention 'shall' be permitted 'unless' the applicant's interest is already adequately represented. In any event, *Trbovich* makes clear that the standard for measuring inadequacy of representation is low, and in this case it is satisfied regardless of who bears the burden." (citations omitted)); *Smuck v. Hobson, 408 F.2d 175, 181 (D.C. Cir. 1969)* (conditional wording of *Fed. R. Civ. P. 24(a)(2)*, which permits intervention "unless the applicant's interest is adequately represented by existing parties," places burden on those opposing intervention to show adequacy of existing representation); *Nuesse v. Camp, 385 F.2d 694, 702 (D.C. Cir. 1967)* ("The prior text of Rule 24 spoke in terms of whether representation by existing parties 'is or may be inadequate.' The present rule provides for intervention 'unless the applicant's interest is adequately represented by existing parties.' While the change in wording does not relate to any change in standard as such, it underscores both the burden on those opposing intervention to show the adequacy of the existing representation and the need for a liberal application in favor of permitting intervention."); *see also SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1390 (D.C. Cir. 1980)* ("In this circuit an applicant to intervene need only show that the representation of his interest may be inadequate; the burden of proof rests on those resisting intervention.").

6 Moore's Federal Practice - Civil § 24.03

In any event, the burden on the movant is not a substantial one. The movant need not show that the representation by existing parties will be, for certain, inadequate. The Supreme Court has stated that "the Rule is satisfied if the applicant shows that the representation of his [or her] interest 'may be' inadequate," so the applicant's burden on this matter should be viewed as "minimal."[111] It has been said that, given this standard, any doubt regarding adequacy of representation should be resolved in favor of the proposed intervenor.[112]

---

[111] **Burden requires only minimal, "may be" inadequate showing.** *Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972)* (citing **Moore's** for this proposition).

1st Circuit *Students for Fair Admissions, Inc., 807 F.3d 472, 475 (1st Cir. 2015)* (burden of establishing inadequate representation is minimal and can be satisfied by showing that representation of movant's interest "may be" inadequate, but movant must produce more than speculation as to claimed inadequacy of representation).

2d Circuit *See Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 98 (2d Cir. 1990)* ("While the burden of showing such inadequacy is minimal … ," applicant did not meet it in this case).

5th Circuit *Brumfield v. Dodd, 749 F.3d 339, 345 (5th Cir. 2014)* (quoting **Moore's**); *City of Houston v. American Traffic Solutions, Inc., 668 F.3d 291, 294 (5th Cir. 2012)* (district court erred in ruling that intervenors had to prove meaningful probability of inadequate representation; proper consideration is whether intervenors' interests "may be" inadequately represented); *Supreme Beef Processors, Inc. v. USDA, 275 F.3d 432, 437–438 (5th Cir. 2001)* (intervention was allowed on appeal when it appeared that representation by existing plaintiff might become inadequate because of possibility that plaintiff would be dissolved in bankruptcy before appeal was finally resolved); *Sierra Club v. Espy, 18 F.3d 1202, 1207 (5th Cir. 1994)* ("The applicant need only show that representation 'may be' inadequate.").

6th Circuit *Grutter v. Bollinger, 188 F.3d 394, 400–401 (6th Cir. 1999)* (minority students and student groups, who sought to intervene in litigation challenging admissions policy that used race as factor, met burden of showing that their interests were not adequately represented by defendant university; burden is minimal and is not higher merely because existing party is governmental entity).

7th Circuit *Ligas ex rel. Foster v. Maram, 478 F.3d 771, 774 (7th Cir. 2007)* (citing *Trbovich* for proposition that intervenor need make only showing that representation "may be" inadequate, and that burden is minimal).

8th Circuit *Little Rock Sch. Dist. v. North Little Rock Sch. Dist., 378 F.3d 774, 779–781 (8th Cir. 2004)* (applicants did not meet minimal burden when their positions on merits of case had been advanced by governmental party).

9th Circuit *Arakaki v. Cayetano, 324 F.3d 1078, 1084 (9th Cir. 2003)* (burden of showing inadequate representation is minimal, and is satisfied if proposed intervenors demonstrate that representation of their interests "may be" inadequate).

10th Circuit *WildEarth Guardians v. U.S. Forest Serv., 573 F.3d 992, 996 (10th Cir. 2009)* (burden is minimal and possibility of divergence of interest need not be great in order to satisfy burden).

11th Circuit *Federal Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993)* ("The proposed intervenors' burden to show that their interests *may be* inadequately represented is minimal" [emphasis in original]).

D.C. Circuit *Fund for Animals, Inc. v. Norton, 322 F.3d 728, 735 (D.C. Cir. 2003)* (burden is "not onerous").

Fed. Circuit *Wolfsen Land & Cattle Co. v. Pacific Coast Fed'n of Fishermen's Ass'ns, 695 F.3d 1310, 1315 (Fed. Cir. 2012)* (burden of showing inadequacy is "minimal," requiring only showing that existing party's representation "may be" inadequate as to some aspect of case).

[112] **Doubts resolved in favor of intervention.** *Stupak-Thrall v. Glickman, 226 F.3d 467, 472 (6th Cir. 2000)* (quoting **Moore's**, "[A]ny doubt regarding adequacy of representation should be resolved in favor of the proposed intervenors.").

6th Circuit *Stupak-Thrall v. Glickman, 226 F.3d 467, 472 (6th Cir. 2000)* (quoting **Moore's**, "[A]ny doubt regarding adequacy of representation should be resolved in favor of the proposed intervenors.").

Thomas Stephens

Nonetheless, the requirement to show inadequate representation may not be ignored.[113] The showing that is made must relate to the adequacy of representation, and not concentrate on some issue that is only marginally related. For example, a difference between the existing parties and the movants to intervene as to the motives for litigation does not establish inadequacy of representation in the litigation.[114]

To establish inadequacy of representation, the movants must show that they bring something to the litigation that otherwise would be ignored or overlooked if the matter were left to the already-existing parties.[115] The school desegregation cases are illustrative. In these cases, if the court determines that

---

11th Circuit *Federal Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993)* ("Any doubt concerning the propriety of intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action.").

[113] **Some showing is required, even if minimal.**

1st Circuit *Victim Rts. L. Ctr. v. Rosenfelt, 988 F.3d 556, 561 (1st Cir. 2021)* (although applicant for intervention as of right generally need only make minimal showing that representation afforded by existing parties likely will prove inadequate, applicant "must produce some tangible basis to support a claim of purported inadequacy").

5th Circuit *Bush v. Viterna, 740 F.2d 350, 355 (5th Cir. 1984)* ("Association has failed to carry even this slight burden to show that their interests will not be adequately represented by the Commission").

6th Circuit *United States v. Michigan, 424 F.3d 438, 445 (6th Cir. 2005)* ("For these reasons, we conclude that the proposed intervenors have not met their burden in demonstrating that the State of Michigan's representation is inadequate in the current phase of the proceedings. Because a showing of inadequate representation is a necessary requirement to intervene as of right, we affirm the district court's decision on this basis alone without addressing the remaining requirements.").

7th Circuit *Vollmer v. Publishers Clearing House, 248 F.3d 698, 705–706 (7th Cir. 2001)* (district court properly denied intervention in class action when applicant had not shown that his interests were inadequately represented by class counsel); *Meridian Homes Corp. v. Nicholas W. Prassas & Co., 683 F.2d 201, 205 (7th Cir. 1982)* (applicants failed to show that company that they owned, and that was party, would not represent their individual interests in litigation with third party).

8th Circuit *South Dakota ex rel. Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 785–787 (8th Cir. 2003)* (Indian tribe failed to prove that it was inadequately represented by United States when tribe did not set out any specific interests that United States would not protect and that could be protected only through intervention).

11th Circuit *Sierra Club, Inc. v. Leavitt, 488 F.3d 904, 910 (11th Cir. 2007)* (while presumption of adequate representation is weak, it nonetheless imposes on applicant for intervention burden of coming forward with some evidence to the contrary).

[114] **Differences in litigation motives not synonymous with inadequate representation.** *Washington Elec. Coop. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 98 (2d Cir. 1990)* (party sued for its own refund, applicant sought refund for consumers in general, but no showing that existing party would not pursue claim "vigorously").

1st Circuit *Victim Rts. L. Ctr. v. Rosenfelt, 988 F.3d 556, 562 (1st Cir. 2021)* (perfect identity of motivational interests between would-be intervenor and government party is not necessary for finding of adequate representation).

2d Circuit *Washington Elec. Coop. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 98 (2d Cir. 1990)* (party sued for its own refund, applicant sought refund for consumers in general, but no showing that existing party would not pursue claim "vigorously").

8th Circuit *Eischeid v. Dover Constr., Inc., 217 F.R.D. 448, (N.D. Iowa 2003)* ("[A]lthough the 'inadequate protection' element imposes only a 'minimal burden' on the movant, something more than a difference in motives must be shown if the movant and an existing party have essentially the same interests in the outcome of the litigation." (citation omitted)).

[115] **Movant must bring something additional to litigation.** *See Prete v. Bradbury, 438 F.3d 949, 956–959 (9th Cir. 2006)* (in assessing whether present party will adequately represent intervenor's interests, court considers (1) whether present party will

the issues raised by the proposed intervenors have been previously determined, or if the existing parties are aware of the issues urged by the intervenors and are competent to present and argue these issues, intervention will be denied. In contrast, if the proposed intervenors have a significant claim not previously dealt with and that only they can adequately pursue, then intervention is permitted.[116]

If, for example, a parents' group wants to intervene in a school desegregation action only to oppose desegregation, it brings nothing new to the suit and intervention should be denied.[117] Similarly, if parents' groups want to intervene to champion one particular method of desegregation, or oppose one particular method of desegregation that has already been considered and rejected, there is no showing that the existing parties are inadequate representatives. Legitimate disputes over the best or most efficient form of remedy do not illustrate inadequate representation.[118]

In contrast, when there is a showing that the existing parties are ignoring or refusing to argue an important issue, that they are, in fact, impeding true desegregation by their failure to address an issue, intervention is then appropriate. For example, if the intervenors in a school desegregation case show that the existing parties are permitting the implementation of a desegregation plan under which minority students bear the brunt of the busing and white students remain at their neighborhood schools, the intervenors are raising

---

undoubtedly make all of intervenor's arguments, (2) whether present party is capable of and willing to make these arguments, and (3) whether intervenor offers necessary element to proceedings that otherwise would be neglected).

[116] **Intervention permitted when movants would bring something new.** *See, e.g., Hines v. Rapides Parish Sch. Bd., 479 F.2d 762, 765 (5th Cir. 1973)* ("If … the issues these new plaintiffs sought to present had been previously determined or if … the parties in the original action were aware of these issues and completely competent to represent the interests of the new group, [the court] could deny intervention.").

5th Circuit *See, e.g., Hines v. Rapides Parish Sch. Bd., 479 F.2d 762, 765 (5th Cir. 1973)* ("If … the issues these new plaintiffs sought to present had been previously determined or if … the parties in the original action were aware of these issues and completely competent to represent the interests of the new group, [the court] could deny intervention.").

11th Circuit *See, e.g., Bradley v. Pinellas Cty. Sch. Bd., 961 F.2d 1554, 1556 (11th Cir. 1992)* (quoting *Hines v. Rapides Parish Sch. Bd., 479 F.2d 762, 765 (5th Cir. 1973)).*

[117] **Merely opposing relief does not justify intervention.** *See, e.g., Pate v. Dade Cty. Sch. Bd., 588 F.2d 501, 503 (5th Cir. 1979)* ("parental interest that justifies intervention is an interest in a desegregated school system").

5th Circuit *See, e.g., Pate v. Dade Cty. Sch. Bd., 588 F.2d 501, 503 (5th Cir. 1979)* ("parental interest that justifies intervention is an interest in a desegregated school system").

11th Circuit *See, e.g., Bradley v. Pinellas Cty. Sch. Bd., 961 F.2d 1554, 1556 (11th Cir. 1992)* (quoting *Pate v. Dade Cty. Sch. Bd., 588 F.2d 501, 503 (5th Cir. 1979)).*

[118] **Disputes over particulars of remedy do not show inadequate representation.**

5th Circuit *See, e.g., United States v. Mississippi, 958 F.2d 112, 115–116 (5th Cir. 1992)* (parents group wanted to oppose desegregation method of closing neighborhood schools and creating centralized, unitary school, but existing party, school board, had already considered option of neighborhood schools unworkable for economic reasons); *United States v. Perry Cty. Bd. of Educ., 567 F.2d 277, 279–280 (5th Cir. 1978)* (parents group could not intervene to oppose desegregation method of creation of centralized school because economic and social advantages of integrating neighborhood schools versus centralized school were matters best left to school board's judgment).

8th Circuit *See, e.g., Jenkins v. Missouri, 78 F.3d 1270, 1275–1276 (8th Cir. 1996)* (minority students/parents group could not intervene to argue that proper or better desegregation remedy was renovation of traditional schools rather than construction of new, magnet schools).

much more than a mere dispute about an implementation method. They are demonstrating how the existing parties are frustrating the goal of desegregation.[119]

### [ii]  Intervenor Must Continue to Meet Requirements for Intervention

An intervenor must continue to meet the Rule 24 requirements throughout the litigation, as courts must be able to ensure that parties maintain a live interest in a case. Accordingly, the Sixth Circuit ruled that a court may dismiss an intervenor when circumstances change so that interests that initially diverged have become aligned. If the intervenor and an original party come to share the same ultimate objective, the intervenor is adequately represented (*see* [ii], *below*) and the intervention is no longer proper under Rule 24.[120]

### [iii]  Adequate Representation Presumed When There Is Identity of Interest

If a movant's interests in litigation are the same as the interests of one or more of the existing parties, adequate representation is assured.[121] Indeed, there is a presumption of adequate representation if the movant has the "same ultimate objective" as an existing party.[122] This is particularly true in an action

---

[119] **Intervention is justified to raise issue ignored by existing parties.** *See, e.g., Bradley v. Pinellas Cty. Sch. Bd., 961 F.2d 1554, 1557–1558 (11th Cir. 1992)* (intervention permitted because intervenors (1) alleged deficiencies in implementation plan, (2) articulated means by which existing parties were frustrating goal of unitary school system, (3) raised issues not previously raised, and (4) demonstrated that existing parties were unwilling to raise these issues).

[120] **Changed circumstances.** *Coalition to Defend Affirmative Action, Integration & Immigrant Rights & Fight for Equality By Any Means Necessary v. Regents of Univ. of Mich., 701 F.3d 466, 490–491 (6th Cir. 2012)* (en banc) ("Although the Attorney General's and Russell's interests initially diverged—the Attorney General agreed to stipulate to delay the application of Proposal 2, whereas Russell had an interest in Proposal 2's immediate enforcement—their interests are now aligned. Both now share the same ultimate objective: the validation of Proposal 2. … Russell's intervention is therefore no longer proper and we affirm the district court's grant of the Cantrell Plaintiffs' motion for summary judgment to dismiss him.").

[121] **Identical interests means adequate representation.**

2d Circuit *See, e.g., Washington Elec. Coop. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 98 (2d Cir. 1990)* (no intervention because applicant and existing party both sought refund from defendant of money paid under void sales contract).

7th Circuit *See, e.g., Southmark Corp. v. Cagan, 950 F.2d 416, 419 (7th Cir. 1991)* (in foreclosure action, interests of individual investor in real estate partnership adequately represented by receiver of partnership).

10th Circuit *See, e.g., City of Stilwell v. Ozarks Rural Elec. Coop. Corp., 79 F.3d 1038, 1042 (10th Cir. 1996)* (motivation for suit different, but ultimate objective of intervenors and existing parties was identical).

[122] **Presumption of adequacy when movant has same litigation objective as existing party.**

1st Circuit *Students for Fair Admissions, Inc., 807 F.3d 472, 475 (1st Cir. 2015)* (because students seeking to intervene in lawsuit challenging university's consideration of race in admissions decisions had same goals as university—to defend its right to consider race and to defeat plaintiff's request for declaratory judgment—court of appeals presumed adequate representation).

2d Circuit *Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 179–181 (2d Cir. 2001)* (when law firm, after being dismissed by client, sought to intervene in continuing suit to protect its fee, district court properly denied intervention on ground that firm's interests were adequately protected by former client).

5th Circuit *Edwards v. City of Houston, 78 F.3d 983, 1005 (5th Cir. 1996)* (en banc) ("presumption of adequate representation arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit").

6 Moore's Federal Practice - Civil § 24.03

brought in a representative capacity. In a class action, for example, an unnamed class member is, in a sense, already a party. Unnamed class members have, by definition, the same objectives in the litigation as do the named members of the class. Therefore, the Eighth Circuit has noted that there is a "presumption of adequate representation when the persons attempting to intervene are members of a class already involved in the litigation or are intervening only to protect the interests of class members."[123]

The presumption of adequate representation means that the prospective intervenor must produce evidence of, or make some other sort of showing of, the inadequacy of representation.[124] The movant for

_____

7th Circuit *Wisconsin Educ. Ass'n Council v. Walker, 705 F.3d 640, 659 (7th Cir. 2013)* (when prospective intervenor and named party have same goal, presumption exists that representation is adequate; prospective intervenor then must rebut that presumption and show that some conflict exists).

9th Circuit *Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 952 (9th Cir. 2009)* (if proposed intervenor's and existing party's interests are essentially identical, intervenor may defeat presumption of adequate representation only with compelling showing to contrary); *Arakaki v. Cayetano, 324 F.3d 1078, 1084 (9th Cir. 2003)* (when applicant for intervention and existing party have same ultimate objective, presumption of adequacy of representation arises and compelling showing is required to demonstrate inadequate representation).

10th Circuit *Tri-State Generation & Transmission Ass'n v. N.M. Pub. Regulation Comm'n, 787 F.3d 1068, 1072–1073 (10th Cir. 2015)* (if objective of applicant for intervention is identical to that of party, adequate representation is presumed).

11th Circuit *Clark v. Putnam County, 168 F.3d 458, 461–462 (11th Cir. 1999)* ("We presume adequate representation when an existing party seeks the same objectives as the would-be interveners.").

[123] **Unnamed class members presumed to be adequately represented by class.** *Swinton v. SquareTrade, Inc., 960 F.3d 1001, 1005 (8th Cir. 2020)* ("There is a presumption of adequate representation when the persons attempting to intervene are members of a class already involved in the litigation or are intervening only to protect the interests of class members." (internal quotation marks omitted)); *Jenkins v. Missouri, 78 F.3d 1270, 1275–1276 (8th Cir. 1996)* (students/parents group could not intervene in class action desegregation suit to assert contrary views as to best methods of obtaining desegregation).

[124] **Prospective intervenor must show inadequacy of representation.**

1st Circuit *Maine v. Director, U.S. Fish & Wildlife Serv., 262 F.3d 13, 19 (1st Cir. 2001)* (" 'Presumption' means no more in this context than calling for an adequate explanation as to why what is assumed—here, adequate representation—is not so."); *Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 111 (1st Cir. 1999)* ("[T]he case law is settled that the applicant for intervention must identify any inadequacy of representation. … We need not decide if this is a shift only in the burden of production rather than the burden of persuasion.").

5th Circuit *Haspel & Davis Milling & Planting Co. v. Board of Levee Comm'rs, 493 F.3d 570, 578–579 (5th Cir. 2007)* ("The burden of establishing inadequate representation is on the applicant for intervention.").

8th Circuit *Curry v. Regents of Univ. of Minn., 167 F.3d 420, 423 (8th Cir. 1999)* (applicants, various campus organizations, did not meet their "minimal burden" of showing that university would inadequately represent their interests).

9th Circuit *Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 952 (9th Cir. 2009)* (in suit to challenge constitutionality of ballot initiative, proposed intervenor that sought to uphold initiative failed to make "compelling showing" that existing party would not mount adequate defense of initiative).

11th Circuit *Clark v. Putnam County, 168 F.3d 458, 461–462 (11th Cir. 1999)* ("[The presumption] merely imposes upon the proposed interveners the burden of coming forward with some evidence to the contrary. … Once the would-be interveners have carried their burden, the court returns to the general rule that adequate representation exists if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervener, and if the representative does not fail in fulfillment of his duty.").

intervention may rebut the presumption of adequacy by showing the circumstances that make the representation inadequate, such as adversity of interest with existing parties, or collusion between the existing parties, or nonfeasance by the existing party that should be representing the movant's interests.[125] For example, in an action brought by environmentalists challenging Forest Service logging regulations, timber industry representatives were allowed to intervene because their interests were sharply adverse to the plaintiff-environmentalists and were not adequately represented by the defendant-government. In this case, the government had the obligation to represent a wide variety of public interests, including some that were conflicting with those of the timber industry.[126] Similar reasoning is often applicable when a private party seeks to intervene on the same side as a governmental entity. Because a governmental entity ordinarily must represent broad public interests, a private intervenor with specific, narrow interests will usually be able to meet the "minimal" burden of showing inadequacy of representation by the governmental entity.[127]

---

Fed. Circuit *Wolfsen Land & Cattle Co. v. Pacific Coast Fed'n of Fishermen's Ass'ns, 695 F.3d 1310, 1316 (Fed. Cir. 2012)* (to rebut presumption of adequacy of representation, movant must make "compelling showing" that its interests may not be adequately protected by existing party).

[125] **Presumption overcome by showing of divergent interests between existing parties and movant.**

1st Circuit *See Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 111–112 (1st Cir. 1999)* (office holders and prospective candidates were adequately represented by attorney general in suit involving campaign funding legislation, because attorney general was prepared fully to defend legislation and applicants could adequately present their views in amicus curiae briefs).

2d Circuit *Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 179–181 (2d Cir. 2001)* (evidence of collusion, adversity of interest, nonfeasance, or incompetence, among other matters, may suffice to overcome presumption).

5th Circuit *Texas v. United States, 805 F.3d 653, 662 (5th Cir. 2015)* ("In order to show adversity of interest, an intervenor must demonstrate that its interests diverge from the putative representative's interests in a manner germane to the case."); *see, e.g.*, *Entergy Gulf States La., L.L.C. v. U.S. EPA, 817 F.3d 198, 203–206 (5th Cir. 2016)* (although stay and bifurcation in some cases might concern mere litigation tactics, in unique context of Freedom of Information Act case before court, divergent positions on stay and bifurcation were germane to case, because grant of stay and refusal to bifurcate could cause significant delay in release of requested information and result in likely narrower ruling on merits); *Edwards v. City of Houston, 78 F.3d 983, 1005 (5th Cir. 1996)* (en banc) (in discrimination action challenging hiring, transfer, and promotion policies of police department, police officers' unions could intervene because they had sharply divergent interests both from minority plaintiffs seeking change in policies and from city itself).

11th Circuit *See, e.g.*, *Tech. Training Assocs. v. Buccaneers Ltd. P'ship, 874 F.3d 692, 697–698 (11th Cir. 2017)* (class members moving to intervene rebutted presumption of named plaintiffs' adequate representation by showing that plaintiffs' counsel was engaged in plan to undercut movants' settlement negotiations in parallel class action); *Clark v. Putnam County, 168 F.3d 458, 461–462 (11th Cir. 1999)* (six black voters were entitled to intervene in suit brought by four white voters against county and county commissioners to challenge court-ordered voting district plan, because their interests were not adequately represented by commissioners); *Federal Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 215–216 (11th Cir. 1993)* (intervention allowed because no single existing party represented all of applicant's interests, and all of applicant's interests were represented only by combining hostile interests of plaintiff and defendant).

[126] **Example of conflicting interests.** *Sierra Club v. Espy, 18 F.3d 1202, 1207–1208 (5th Cir. 1994)* ("The government must represent the broad public interest, not just the economic concerns of the timber industry.").

[127] **Government entity represents broader interests than private intervenor.** *E.g.*, *Brumfield v. Dodd, 749 F.3d 339, 346 (5th Cir. 2014)* ("The state has many interests in this [litigation with federal government over state's school-voucher Scholarship Program]—maintaining not only the Scholarship Program but also its relationship with the federal government and with the courts that have continuing desegregation jurisdiction. The parents do not have the latter two interests; their only concern is keeping their vouchers. We cannot say for sure that the state's more extensive interests will *in fact* result in inadequate representation, but surely they might, which is all that the rule requires."); *see* [i], *above* (discussing "minimal" burden of showing inadequacy of representation).

Some courts seem to treat adversity of interest, collusion, or nonfeasance as an exclusive list of the circumstances that may rebut the presumption of adequacy. However, the First Circuit has ruled that the list is not exclusive and that there may be a wide variety of circumstances that would indicate that representation by the existing party is inadequate.[128]

### [iv] Disputes Over Tactics Do Not Establish Conflicting Interests

A movant's disagreement with an existing party's trial strategy, or an existing party's decision whether to appeal an adverse decision, usually does not present a sufficient conflict of interest or lack of adequate representation to justify intervention.[129] For example, in one case city residents were denied the right to

---

[128] **Variety of circumstances may be relied on to rebut presumption of adequate representation.** *See Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 111 (1st Cir. 1999)* (court's statement in prior case that "[t]o overcome that presumption, petitioner ordinarily must demonstrate adversity of interest, collusion, or nonfeasance" was not intended to create exclusive list).

1st Circuit *See Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 111 (1st Cir. 1999)* (court's statement in prior case that "[t]o overcome that presumption, petitioner ordinarily must demonstrate adversity of interest, collusion, or nonfeasance" was not intended to create exclusive list); *see also B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541, 544–547 (1st Cir. 2006)* (another way to show inadequate representation is to demonstrate that intervenor's interests are sufficiently different in kind or degree from those of named party).

2d Circuit *See Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 179–181 (2d Cir. 2001)* ("Although perhaps not an exhaustive list, we generally agree with the holdings of other courts that evidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy.").

5th Circuit *See Texas v. United States, 805 F.3d 653, 661–662 & n.5 (5th Cir. 2015)* (noting that Fifth Circuit has implied that adversity of interest, collusion, or nonfeasance are exclusive ways to demonstrate inadequacy of representation, but citing *Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 111 (1st Cir. 1999)*, for proposition that other circumstances may demonstrate inadequacy).

[129] **Trial or appellate strategy differences do not show lack of adequate representation.**

1st Circuit *See Students for Fair Admissions, Inc., 807 F.3d 472, 475–477 (1st Cir. 2015)* (if party and movant have same goal, movant's desire to make particular argument that party is not making does not mean representation is per se inadequate, especially if making that argument could work against that shared goal or lead to settlement not desired by movant).

2d Circuit *United States v. Yonkers Bd. of Educ., 902 F.2d 213, 218 (2d Cir. 1990)* ("if disagreement with an actual party over trial strategy, including over whether to challenge or appeal a court order, were a sufficient basis for a proposed intervenor to claim that its interests were not adequately represented, the requirement would be rendered meaningless").

4th Circuit *Stuart v. Huff, 706 F.3d 345, 355 (4th Cir. 2013)* ("[A]ppellants have done little more than identify reasonable litigation decisions made by the Attorney General with which they disagree. Such differences of opinion cannot be sufficient to warrant intervention as of right … .").

7th Circuit *Wisconsin Educ. Ass'n Council v. Walker, 705 F.3d 640, 659 (7th Cir. 2013)* ("post hoc quibbles" with state's litigation strategy did not provide conflict of interest necessary to render state's representation inadequate); *B.H. v. McDonald, 49 F.3d 294, 297 (7th Cir. 1995)* (no intervention, despite existing party's refusal to demand open court hearings sought by applicant, because refusal reflected existing party's considered opinion about beneficial effects of open hearings).

8th Circuit *FTC v. Johnson, 800 F.3d 448, 452 (8th Cir. 2015)* ("A difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation.").

9th Circuit *Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 954 (9th Cir. 2009)* (in suit to challenge constitutionality of ballot initiative, existing party fairly and adequately represented proposed intervenor's interests when existing party intended to

intervene in an action in which the city's tobacco advertising ordinance was held to be preempted by federal provisions, and the city failed to appeal. The residents' interests as parents who wished to reinstate the ordinance were coextensive with the public interest, and the city adequately represented that interest, even though these particular members of the public disagreed with the strategic decision not to appeal.[130]

There are, of course, exceptions to this rule. There are cases in which a party has been allowed to intervene to appeal a decision that the existing parties decline to appeal.[131] However, the proposed intervenor normally must show something more than mere failure to appeal. To intervene, the movant must show that the existing party's failure to appeal is factual evidence of an actual conflict of interest between the intervenors and the existing parties that renders continued representation inadequate.[132] See generally § 24.24[4].

An example of the sort of unusual factual situation in which a failure to appeal proves or discloses an otherwise unapparent conflict of interest appeared in patent infringement litigation. In this case, the original inventor, the assignor of the patent in suit, had no reason to intervene in infringement litigation brought by the assignee until the assignee decided not to appeal a decision holding that the assigned patent was invalid. Until that time, assignee and assignor had an identity of interest, in that both were asserting validity of the patent. However, an actual conflict became apparent after the assignee determined not to appeal the judgment holding the patent invalid:[133]

Triax [the assignee], once the patent was declared invalid, had a mechanism by which it could release itself from the obligation to pay Lemelson [the inventor/assignor] minimum royalty payments. Lemelson, on the other hand, without an appeal would lose not only his royalty payments from Triax,

---

mount full and vigorous defense of initiative; any disagreement between them was best characterized as dispute over litigation strategy or tactics and was not enough to justify intervention as of right).

D.C. Circuit Jones v. Prince George's County, 348 F.3d 1014, 1019–1020 (D.C. Cir. 2003) (although existing party that was ineffectual, incompetent, or unwilling to raise arguments that would benefit prospective intervenor might not be adequate representative, here alleged inadequacies were little more than quibbles over litigation tactics and did not justify intervention).

[130] **City adequately represented interest of public despite strategy disagreements.** Chiglo v. City of Preston, 104 F.3d 185, 188 (8th Cir. 1997) (proposed intervenor cannot rebut presumption of adequate representation by merely disagreeing with party's litigation strategy, including decision not to appeal).

[131] **Intervention sometimes allowed to permit appeal after existing parties decline to appeal.** See, e.g., Flying J. Inc. v. Van Hollen, 578 F.3d 569, 573 (7th Cir. 2009) (allowing intervention to appeal judgment declaring state statute preempted by federal law, after state attorney general refused to appeal, given that intervenor did not seek to introduce additional evidence but sought only to argue legal question on appeal).

[132] **Failure to appeal justifies intervention when it is evidence of conflict of interest.**

6th Circuit Triax Co. v. TRW, Inc., 724 F.2d 1224, 1228 (6th Cir. 1984) (assignee of patent who brought infringement action had identity of interest with inventor/original holder of patent, until assignee determined not to appeal judgment that patent was invalid, which decision put their interests in conflict).

8th Circuit Chiglo v. City of Preston, 104 F.3d 185, 188–189 (8th Cir. 1997) ("There are certainly other situations in which failure to appeal will be a key factor in showing a need for intervention.").

9th Circuit Yniguez v. Arizona, 939 F.2d 727, 737–738 (9th Cir. 1991) (governor who originally opposed English-only ballot initiative became inadequate representative of initiative sponsors in defending initiative after governor decided not to appeal decision holding initiative unconstitutional).

[133] **Example of failure to appeal showing formerly hidden conflict of interest in patent case.** Triax Co. v. TRW, Inc., 724 F.2d 1224, 1228 (6th Cir. 1983) (this is one of "unusual" type of cases in which failure to appeal shows actual conflict of interest not previously apparent).

but he never again would be able to profit from his purported inventions in any manner. … We conclude that, as of the time Triax decided not to appeal, its representation of Lemelson's interest became inadequate … .

### [v]  In Representative Actions, Government Representation Is Presumed Adequate

#### [A]  Presumption Is Based on *Parens Patriae* Concepts

A governmental entity that is asserting its status as a guardian or representative of all of its citizens deserves special consideration when a court is determining whether it is an adequate representative of the interests of would-be intervenors. Judgments routinely affect and bind citizens in cases in which their interests are represented by governmental entities.[134] Acting in a type of representative capacity is a basic governmental function, and the business of government could hardly be conducted if, in matters of litigation, individual citizens could usually or always intervene and assert individual points of view.[135]

The concept *parens patriae* refers to these situations in which a governmental entity presents itself as a trustee, guardian, or representative of all citizens.[136] In these representative actions, a governmental entity is presumed to represent its citizens adequately.[137]

---

[134] **Special consideration for governmental entities in role of representatives of citizens.** *See Washington v. Washington State Commercial Fishing Vessel Ass'n, 443 U.S. 658, 692–693 n.32, 99 S. Ct. 3055, 61 L. Ed. 2d 823 (1979)* (nonparty commercial fishing organization bound by district court's order regarding fishing rights).

[135] **Rationale underlying presumption.** *See Stuart v. Huff, 706 F.3d 345, 351 (4th Cir. 2013)* ("[I]t is among the most elementary functions of a government to serve in a representative capacity on behalf of its people. In matters of public law litigation that may affect great numbers of citizens, it is the government's basic duty to represent the public interest. And the need for government to exercise its representative function is perhaps at its apex where, as here, a duly enacted statute faces a constitutional challenge. … [T]o permit private persons and entities to intervene in the government's defense of a statute upon only a nominal showing would greatly complicate the government's job. Faced with the prospect of a deluge of potential intervenors, the government could be compelled to modify its litigation strategy to suit the self-interested motivations of those who seek party status, or else suffer the consequences of a geometrically protracted, costly, and complicated litigation. In short, 'the business of the government could hardly be conducted if, in matters of litigation, individual citizens could usually or always intervene and assert individual points of view.' " (quoting **Moore's**)).

[136] ***Parens patriae* concept.** *See United States v. Hooker Chems. & Plastics Corp., 749 F.2d 968, 984 (2d Cir. 1984)* ("Once quite limited, the concept of *parens patriae* has been expanded to include actions in which a state seeks to redress quasi-sovereign interests, such as damage to its general economy or environment, even where the injury is to a fairly narrow class of persons.").

[137] **Presumption that government acting in representative capacity adequately represents its citizens.** *See Edwards v. City of Houston, 78 F.3d 983, 1005 (5th Cir. 1996)* (en banc) ("when the putative representative is a governmental body or officer charged by law with representing the interests of the absentee, a presumption of adequate representation arises whether the would-be intervenor is a citizen or subdivision of the governmental entity," although presumption rebutted in this case).

1st Circuit *Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 111 (1st Cir. 1999)* (government is presumed to represent citizens adequately both when government is suing as plaintiff and when government is defending statute against attack).

2d Circuit *United States v. New York, 820 F.2d 554, 558 (2d Cir. 1987)* (civil rights action).

3d Circuit *Delaware Valley Citizens' Council for Clean Air v. Pennsylvania, 674 F.2d 970, 973–974 (3d Cir. 1982),* aff'd in part, rev'd in part on other grounds, *478 U.S. 546 (1986)* (although applicants had strong interest in litigation, this was not enough to overcome presumption that Commonwealth of Pennsylvania, as existing party, would adequately represent their interests).

Thomas Stephens

### [B]  Presumption Is Rebuttable

The sole effect of the presumption of adequacy of representation by the government is that a somewhat greater showing of inadequacy of representation is required to intervene than otherwise would be required. There can be no intervention unless the presumption is rebutted.[138]

To rebut the presumption, the movant is not required to demonstrate that there is outright collusion between the governmental entity and the opposing parties. However, some circuits have required the movant to make "a strong affirmative showing that the sovereign is not fairly representing the interests of the applicant."[139] For example, a citizen may rebut the presumption by showing that the

_____

5th Circuit  *See Edwards v. City of Houston, 78 F.3d 983, 1005 (5th Cir. 1996)* (en banc) ("when the putative representative is a governmental body or officer charged by law with representing the interests of the absentee, a presumption of adequate representation arises whether the would-be intervenor is a citizen or subdivision of the governmental entity," although presumption rebutted in this case).

7th Circuit  *Ligas ex rel. Foster v. Maram, 478 F.3d 771, 774 (7th Cir. 2007)* (when representative party is governmental body charged by law with protecting interests of proposed intervenors, representative is presumed adequately to represent their interests unless there is showing of gross negligence or bad faith); *Wade v. Goldschmidt, 673 F.2d 182, 186 n.7 (7th Cir. 1982)* (presumption of adequacy if applicant and governmental party seek same ultimate objective); *see also Ragsdale v. Turnock, 941 F.2d 501, 508 (7th Cir. 1991)* (Posner, J., concurring, notes that adequate representation by government presumed when it is charged by law with representing proposed intervenor's interests).

8th Circuit  *North Dakota ex rel. Stenehjem v. United States, 787 F.3d 918, 921 (8th Cir. 2015)* (when one of parties is arm or agency of federal government, strong showing is needed to establish inadequate representation, because in such cases government is presumed to represent interests of all its citizens); *Curry v. Regents of Univ. of Minn., 167 F.3d 420, 423 (8th Cir. 1999)* (doctrine of *parens patriae* posits that when government entity is party and case concerns matter of sovereign interest, government is presumed to represent interests of public adequately); *Mille Lacs Band of Chippewa Indians v. Minnesota, 989 F.2d 994, 1000 (8th Cir. 1993)* (presumption that state will represent interests of its citizens is premised on *parens patriae* doctrine).

9th Circuit  *United States v. City of Los Angeles, 288 F.3d 391, 401–402 (9th Cir. 2002)* (individuals and community groups who sought to intervene were adequately represented by United States when they were the very constituents government was trying to protect); *see also California ex rel. Lockyer v. United States, 450 F.3d 436, 443–444 (9th Cir. 2006)* (presumption of adequacy is particularly strong when government party is acting on behalf of constituency it represents, and is arguably nowhere more applicable than when United States employs its resources to defend constitutionality of U.S. statute). *But see Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173, 1178–1181 (9th Cir. 2011)* (en banc) (abandoning circuit's former "federal defendant" rule, which had categorically excluded private parties and state and local governments from intervening of right as defendants in actions under National Environmental Policy Act).

D.C. Circuit  *Environmental Defense Fund v. Higginson, 631 F.2d 738, 740 (D.C. Cir. 1979)* (four local water districts seeking intervention were unable to overcome presumption that state would adequately represent interests of all citizens).

Fed. Circuit  *Wolfsen Land & Cattle Co. v. Pacific Coast Fed'n of Fishermen's Ass'ns, 695 F.3d 1310, 1316 (Fed. Cir. 2012)* (prospective intervenor must overcome presumption that government as sovereign adequately represents interests of citizens concerning matters that invoke sovereign interests).

[138] **Presumption of adequacy requires showing of inadequacy of representation that is at least sufficient to rebut presumption.** *United States v. Hooker Chems. & Plastics Corp., 749 F.2d 968, 984, 986 (2d Cir. 1984)* (citing **Moore's**, "we agree with the Third, Fifth and District of Columbia Circuits that, in litigation of this sort, a greater showing that representation is inadequate should be required").

[139] **Rebutting presumption requires "strong showing."**

1st Circuit  *Victim Rts. L. Ctr. v. Rosenfelt, 988 F.3d 556, 561 (1st Cir. 2021)* ("[T]he burden of persuasion is ratcheted upward when the movant seeks to intervene as a defendant alongside a government entity. In those circumstances, this court and a number of others start with a rebuttable presumption that the government will defend adequately its action. A successful rebuttal

government entity has, in fact, committed malfeasance in protecting the public.[140] Other circuits, on the other hand, have indicated that only a minimal showing is necessary to rebut the presumption.[141]

---

requires a strong affirmative showing that the agency (or its members) is not fairly representing the applicants' interests." (internal quotation marks and citations omitted)).

2d Circuit *United States v. Hooker Chems. & Plastics Corp., 749 F.2d 968, 984–985 (2d Cir. 1984)* (environmental groups not allowed to intervene in action brought by government against manufacturers of hazardous waste).

4th Circuit *Stuart v. Huff, 706 F.3d 345, 350–352 (4th Cir. 2013)* (when applicant for intervention shares same ultimate objective as existing government party, applicant must make "strong showing" that representation by government party will be inadequate; to hold otherwise would place severe and unnecessary burden on government agencies representing the people in matters of public litigation); *N.C. State Conf. of the NAACP v. Berger, 999 F.3d 915, 930–934 (4th Cir. 2021)* (en banc), *cert. granted*, **595 U.S. —, 142 S. Ct. 577, 211 L. Ed. 2d 360 (2021)** ("*Stuart's* heightened presumption of adequacy applies when governmental as well as private entities seek to intervene on the side of governmental defendants.").

7th Circuit *See Planned Parenthood of Wis., Inc. v. Kaul, 942 F.3d 793, 799 (7th Cir. 2019)* (if existing party is governmental body charged by law with protecting interests of proposed intervenors, that party is presumed to be adequate representative unless there is showing of gross negligence or bad faith); *Ligas ex rel. Foster v. Maram, 478 F.3d 771, 774 (7th Cir. 2007)* (when representative party is governmental body charged by law with protecting interests of proposed intervenors, showing of "gross negligence or bad faith" is required to rebut presumption of adequate representation).

8th Circuit *FTC v. Johnson, 800 F.3d 448, 452 (8th Cir. 2015)* ("We presume that the government entity adequately represents the public, and we require the party seeking to intervene to make a strong showing of inadequate representation; for example, it may show that its interests are distinct and cannot be subsumed within the public interest represented by the government entity."); *North Dakota ex rel. Stenehjem v. United States, 787 F.3d 918, 921–922 (8th Cir. 2015)* (in quiet-title action brought by United States, history of land-use disputes between United States and putative intervenors was beside the point and did not rebut *parens patriae* presumption of adequate representation); *Curry v. Regents of Univ. of Minn., 167 F.3d 420, 423 (8th Cir. 1999)* ("This presumption may be rebutted by a strong showing of inadequate representation, as, for example, by showing that the interest of the would-be intervenor cannot be subsumed within the public interest represented by the government entity.").

9th Circuit *Prete v. Bradbury, 438 F.3d 949, 956–959 (9th Cir. 2006)* (when intervenor and state had same ultimate objective of upholding validity of ballot measure, intervenor was required to make "very compelling" showing to the contrary); *Arakaki v. Cayetano, 324 F.3d 1078, 1084 (9th Cir. 2003)* (when applicant for intervention and existing party have same ultimate objective, presumption of adequacy of representation arises, and compelling showing is required to demonstrate inadequate representation); *cf. California ex rel. Lockyer v. United States, 450 F.3d 436, 443–444 (9th Cir. 2006)* (applicants for intervention made "compelling showing" of government's inadequacy to represent them in case challenging federal statute, when applicants supported construction of statute that was much broader and more protective of their interests than construction government was likely to adopt).

[140] **Government malfeasance rebuts presumption.** *See Chiglo v. City of Preston, 104 F.3d 185, 187–188 (8th Cir. 1997)* ("proposed intervenor may rebut this presumption, among other ways, by showing that the *parens patriae* has committed misfeasance or nonfeasance in protecting the public").

[141] **Rebutting presumption requires minimal showing.**

5th Circuit *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n, 834 F.3d 562, 569 (5th Cir. 2016)* (trade group representing holders of retail liquor permits sufficiently demonstrated that its interests "may be" inadequately represented by regulatory commission, because trade group's objectives in protecting its members were narrower than commission's broad public mission); *Texas v. United States, 805 F.3d 653, 661–663 (5th Cir. 2015)* (prospective intervenors satisfied their "minimal" burden of showing that representation of their interests by government "may be" inadequate, by specifying particular ways in which their interests diverged from those of government and then identifying ways in which those divergent interests affected litigation).

9th Circuit *United States v. City of Los Angeles, 288 F.3d 391, 401–403 (9th Cir. 2002)* (police officers' collective bargaining unit made minimal showing necessary to establish that its interest was not adequately protected by city that employed officers, because city's interests was antagonistic to intervenor's interest).

6 Moore's Federal Practice - Civil § 24.03

In some situations, the government's representation of the general public interest will put it in sufficiently sharp conflict with private interests that those private interests may intervene because, in fact, they are not adequately represented by the government. This is frequently the case when one group of citizens sues the government, challenging the validity of laws or regulations, and the citizens who benefit from those laws or regulations wish to intervene and assert their own, particular interests rather than the general, public good.[142]

The Supreme Court has granted certiorari on the question whether a presumption of adequate representation applies when a state agent authorized by state law to defend the state's interest in litigation seeks to intervene as of right in a case in which a state official is a defendant.[142.1] The better view is as announced by the en banc majority of the Fourth Circuit in *N.C. State Conf. of the NAACP v. Berger*, the case in which certiorari has been granted: "[A] proposed intervenor's governmental status makes a heightened presumption of adequacy more appropriate, not less."[142.2] As the Fourth Circuit explained, that is because the putative intervenors (in *Berger*, leaders of North Carolina's

---

10th Circuit *Utah Ass'n of Ctys. v. Clinton, 255 F.3d 1246, 1254–1256 (10th Cir. 2001)* (in suit against government alleging that national monument was illegally created, environmental groups met minimal burden of showing that representation by government was inadequate).

[142] **Interests of private litigant and government may diverge in fact.** *Sierra Club v. Espy, 18 F.3d 1202, 1207–1208 (5th Cir. 1994)* ("government must represent the broad public interest, not just the economic concerns of the timber industry").

2d Circuit *See United States v. Hooker Chems. & Plastics Corp., 101 F.R.D. 451, 457 (W.D.N.Y.)*, *aff'd*, *749 F.2d 968 (2d Cir. 1984)* (citing **Moore's**, it is "not uncommon for courts to depart from the *parens patriae* doctrine when the action is one in which government regulations are challenged and private parties who benefit from such regulations seek to intervene as defendants").

5th Circuit *Sierra Club v. Espy, 18 F.3d 1202, 1207–1208 (5th Cir. 1994)* ("government must represent the broad public interest, not just the economic concerns of the timber industry").

8th Circuit *Chiglo v. City of Preston, 104 F.3d 185, 188 (8th Cir. 1997)* ("If the citizen stands to gain or lose from the litigation in a different way from the public at large, the *parens patriae* would not be expected to represent him").

10th Circuit *WildEarth Guardians v. U.S. Forest Serv., 573 F.3d 992, 996–997 (10th Cir. 2009)* (intervenor's showing is easily made when party must rely on government, whose obligation is to represent not only interest of intervenor but public interest generally; government is obligated to consider broad spectrum of views, many of which may conflict with particular interest of would-be intervenor); *National Farm Lines v. ICC, 564 F.2d 381, 384 (10th Cir. 1977)* (impossible for government agency to represent both public interest and private interest of petitioner); *accord Coalition of Arizona/New Mexico Ctys. v. Dep't of Interior, 100 F.3d 837, 844–846 (10th Cir. 1996)*.

11th Circuit *CSX Transp., Inc. v. Georgia Pub. Serv. Comm'n, 944 F. Supp. 1573, 1578 (N.D. Ga. 1996)* (interest of defendant state railroad agency diverged from employees' union so as to permit union to intervene as defendant).

D.C. Circuit *Dimond v. District of Columbia, 792 F.2d 179, 192 (D.C. Cir. 1986)* (government representation of private parties inadequate in certain circumstances because of governmental duty to represent broad public interest).

[142.1] **Supreme Court granted certiorari on question whether authorized state agent must overcome presumption.** *See Berger v. N.C. State Conf. of the NAACP, 595 U.S. —, 142 S. Ct. 577, 211 L. Ed. 2d 360 (2021)* ("QUESTION PRESENTED: 1. Whether a state agent authorized by state law to defend the State's interest in litigation must overcome a presumption of adequate representation to intervene as of right in a case in which a state official is a defendant. 2. Whether a district court's determination of adequate representation in ruling on a motion to intervene as of right is reviewed de novo or for abuse of discretion. 3. Whether Petitioners are entitled to intervene as of right in this litigation.").

[142.2] **Better view is that proposed intervenor's governmental status makes heightened presumption more appropriate.** *See N.C. State Conf. of the NAACP v. Berger, 999 F.3d 915, 933 (4th Cir. 2021)* (en banc), *cert. granted*, 595 U.S. —, 142 S. Ct. 577, 211 L. Ed. 2d 360 (2021) (leaders of North Carolina General Assembly sought to intervene on behalf of State, when State's Attorney General was already representing interests of State).

Thomas Stephens

General Assembly) represented the same interest, "the state's interests—informed, as they must be, by the concerns of the general public."[142.3] The presumption is lower in the more common situation, when a private party seeks to intervene, meaning that the state's interests "do not perfectly overlap with his or her more individualized interests."[142.4]

**[C]  Conditional Intervention, Based on Adequacy of Government's Actual Representation**

The Seventh Circuit has suggested that movants who fail to prove that a governmental entity's representation is inadequate "*as of now*" may file standby or conditional applications to intervene. Under this standby procedure, the district court would defer consideration of the question of "adequacy of representation" until later in the case, for example, when there is proof that the government's representation has been inadequate in fact.[143] Similarly, the First Circuit has directed that when a court denies intervention in the early stages of litigation, it should revisit the matter. Some later event might show that the government is no longer adequately representing the interest advanced by the proposed intervenors.[144]

The Third Circuit has acknowledged that a "wait and see" conditional application for intervention may work in some cases, but the court said that on balance, intervenors and the public interest in efficient handling of litigation are better served by prompt action on an intervention motion.[145]

**[b]  Duplication of Evidence Must Be Avoided**

A court may use its discretion to weigh the advantages and disadvantages of intervention in a particular case. In the interest of efficiency, movants that proffer only duplicative evidence generally will not be allowed to intervene.[146]

---

[142.3] **Putative intervenor represented same interest as state-official defendant.** *N.C. State Conf. of the NAACP v. Berger, 999 F.3d 915, 933 (4th Cir. 2021)* (en banc), *cert. granted*, 595 U.S. —, 142 S. Ct. 577, 211 L. Ed. 2d 360 (2021) (proposed intervenors "are seeking, as governmental parties, to represent precisely the same state interests as the state defendants already in the case").

[142.4] **State's interests often do not perfectly overlap with private party's individualized interests.** *N.C. State Conf. of the NAACP v. Berger, 999 F.3d 915, 933 (4th Cir. 2021)* (en banc), *cert. granted*, 595 U.S. —, 142 S. Ct. 577, 211 L. Ed. 2d 360 (2021) (private party can argue that its interests do not perfectly match those of state, even though private party and state representative seek same objective in litigation).

[143] **Standby or conditional application.** *Solid Waste Agency v. U.S. Army Corps of Eng'rs, 101 F.3d 503, 509 (7th Cir. 1996)* (application to intervene as of right denied, but court suggested would-be intervenors could file standby or conditional application to intervene); *see Ligas ex rel. Foster v. Maram, 478 F.3d 771, 776 (7th Cir. 2007)* (applicants forfeited argument for conditional intervention by not raising it in district court).

[144] **Court should revisit matter if appropriate.** *Maine v. Director, U.S. Fish & Wildlife Serv., 262 F.3d 13, 17–21 (1st Cir. 2001)* (district court properly denied intervention, but court of appeals directed it to revisit matter if government no longer appeared to be representing interests of proposed intervenors adequately).

[145] **Prompt action on intervention motion.** *Kleissler v. U.S. Forest Serv., 157 F.3d 964, 974 (3d Cir. 1998)* ("The early presence of intervenors may serve to prevent errors from creeping into the proceedings, clarify some issues, and perhaps contribute to an amicable settlement. Postponing intervention in the name of efficiency until after the original parties have forged an agreement or have litigated some issues may, in fact, encourage collateral attack and foster inefficiency. In other words, the game may already be lost by the time the intervenors get to bat in the late innings.").

[146] **Duplicative evidence.**

2d Circuit *American Lung Ass'n v. Reilly, 962 F.2d 258, 262 (2d Cir. 1992)* (intervention denied when electric utilities seeking to intervene as party defendants offered only defenses already asserted by EPA).

5th Circuit *Cajun Elec. Power Coop., Inc. v. Gulf States Utils., 940 F.2d 117, 120–121 (5th Cir. 1991)* (court affirmed denial of intervention of state utility commission because it "brings no unique arguments to the litigation"); *Chambers Med. Found. v.*

6 Moore's Federal Practice - Civil § 24.03

It is not unusual for a court to grant intervention of right but intentionally equivocate regarding the nature of the participation granted the intervenor. Some courts restrict the admission of evidence introduced by the intervenor if it is likely to be duplicative.[147]

## [5]   Significant Discretionary Factors in Addition to Mandatory Criteria

### [a]   Special Expertise or Uniqueness of Movant's Input

Despite the label "intervention of right," courts exercise some discretion in weighing a motion to intervene under Rule 24(a)(2). Intervention is not favored if the movant will contribute no unique arguments to the litigation.[148] This idea was neatly articulated in *Utah v. American Pipe & Construction Co.*, where the court noted that it is "only in those cases where the prospective intervenor appears to have a sufficient stake in the outcome and enough to contribute to the resolution of the controversy, that a right to intervene arises."[149] If a motion to intervene offers little that is new or different from the claims or defenses already asserted by existing parties, intervention will likely be denied, at least under Rule 24(a).[150]

Conversely, courts look favorably on intervention petitions offering a unique perspective. For example, in *Deltona Corp. v. Hoffman*, the court granted intervention to four environmental groups in a suit involving the issuance of a permit to dredge and fill mangrove swamps, and relied on the intervenors' expertise by reasoning that "considering the complexity of the scientific matters in question, those who presented the evidence below may be in the best position to present the evidence before the court."[151]

---

*Chambers, 236 F.R.D. 299, 304–305 (W.D. La. 2006)*, aff'd, *2006 U.S. Dist. LEXIS 49290 (W.D. La. 2006)*, aff'd sub nom. *Chambers Med. Found. v. Petrie, 221 Fed. Appx. 349 (5th Cir. 2007)* (per curiam) (intervention denied because applicants raised no new arguments).

9th Circuit *Utah v. Am. Pipe & Constr. Co., 50 F.R.D. 99, 102 (C.D. Cal. 1970)*, aff'd in part and remanded, *473 F.2d 580 (9th Cir. 1973)*, aff'd, *414 U.S. 538 (1974)* (court denied intervention in antitrust action and observed that presence of intervenor would not make contribution to case).

D.C. Circuit *Environmental Defense Fund, Inc. v. Costle, 79 F.R.D. 235, 243 (D.D.C. 1978)* (court denied intervention of utility in dispute regarding salinity level of Colorado River because arguments of utility "will be cumulative of the arguments advanced by the other defendants").

[147] **Restriction of duplicative evidence.** *See, e.g.*, *United States v. Reserve Mining Co., 56 F.R.D. 408, 419 (D. Minn. 1972)* (court allowed intervention by environmental public interest groups but asserted that it "will expect and require that its orders curtailing presentations will avoid repetition").

[148] **Unique input.** *Cajun Elec. Power Coop., Inc. v. Gulf States Utils., 940 F.2d 117, 120–121 (5th Cir. 1991)* (applicants had no unique arguments and basic principles of contract interpretation controlled outcome of case).

[149] **Right to intervene arises when intervenor has sufficient stake and enough to contribute to resolution of controversy.** *Utah v. Am. Pipe & Constr. Co., 50 F.R.D. 99, 102 (C.D. Cal. 1970)*, aff'd in part and remanded, *473 F.2d 580 (9th Cir. 1973)*, aff'd, *414 U.S. 538 (1974)*.

[150] **Intervention denied.** *American Lung Ass'n v. Reilly, 962 F.2d 258, 262 (2d Cir. 1992)* (utility companies did not add to defenses asserted by EPA).

[151] **Expertise of intervenor.** Deltona Corp. v. Hoffman, 7 ENVTL. L. RPTR. 20224, 20225 (M.D. Fla. 1977).

2d Circuit *New York Public Interest Research Group, Inc. v. Regents of University of N. Y., 516 F.2d 350, 352 (2d Cir. 1975)* (pharmacists permitted to intervene in suit challenging rule prohibiting price advertising of prescription drugs because of likelihood that intervenors would make more vigorous presentation of economic side of argument than would defendants).

11th Circuit Deltona Corp. v. Hoffman, 7 ENVTL. L. RPTR. 20224, 20225 (M.D. Fla. 1977).

However, the mere fact that a movant has special expertise in a relevant area does not necessarily support intervention of right. Otherwise, every unique expert witness would satisfy the interest requirement. The Seventh Circuit has held that an organization's particular expertise, by itself, is insufficient to meet the interest requirement. Thus, a trade union that claimed to have expertise regarding allegedly harmful construction materials was not entitled to intervene in an action that involved regulation of such materials.[152]

## [b]  Considerations of Judicial Management

### [i]  Economies of Scale From Resolving Related Issues

The most obvious benefits of intervention in general are efficiency and consistency resulting from resolving related issues in a single proceeding. Economies of scale may be achieved by involving as many concerned parties as is compatible with efficiency and due process.[153] The court must determine whether economies of scale will actually be achieved in a particular case, or whether intervention will result in inefficient, overly complex litigation (*see* [ii], *below*.).

An important purpose of intervention is to prevent a multiplicity of suits that involve common questions of law or fact. This purpose is not achieved if a motion to intervene seeks to assert collateral issues in an existing action. If allowing intervention would radically transform the nature of the existing action, intervention should be denied.[154]

### [ii]  Overly Complex Litigation May Result in Inefficient Proceedings

---

[152] **Expertise alone insufficient.** *American Nat'l Bank & Trust Co. v. City of Chicago, 865 F.2d 144, 147 (7th Cir. 1989)* (court affirmed denial of motion to intervene filed by union purporting to represent health interests of members).

[153] **Benefits of intervention.** *Security Ins. Co. v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995)* (most obvious benefits of intervention in general are efficiency and consistency resulting from resolving related issues in single proceeding).

5th Circuit *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n, 834 F.3d 562, 566 n.2 (5th Cir. 2016)* ("The 'interest' test [for intervention] is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.").

7th Circuit *Security Ins. Co. v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir. 1995)* (most obvious benefits of intervention in general are efficiency and consistency resulting from resolving related issues in single proceeding).

9th Circuit *See Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173, 1179 (9th Cir. 2011)* (en banc) ("[T]he 'interest' test [for intervention] is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.").

[154] **Collateral issue.** *United States v. City of New York, 198 F.3d 360, 365 (2d Cir. 1999)* (intervention cannot be used as means to inject collateral issues into existing action).

2d Circuit *United States v. City of New York, 198 F.3d 360, 365 (2d Cir. 1999)* (intervention cannot be used as means to inject collateral issues into existing action); *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990)* (intervention denied when claim of applicant changed action from contract dispute between two parties for $924,208 in damages to litigation involving six other signatories to contract seeking over $6 million, court noting that "intervenors must take the pleadings as they find them").

11th Circuit *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta, 224 F.R.D. 694, 700 (N.D. Ga. 2004)* (intervention may not be used as means to inject collateral issues into existing action).

6 Moore's Federal Practice - Civil § 24.03

Despite the lack of specific language referring to discretionary factors in Rule 24(a), courts retain a degree of discretion to determine when intervention is appropriate.[155] The district court has the discretion to weigh the advantages of intervention. "[C]ommon sense demands that consideration also be given to matters that shape a particular action or particular type of action."[156]

Numerous decisions deny intervention of right when the intervention may cause the existing litigation to become overly complex or inefficient.

For example, the Eighth Circuit affirmed a denial of intervention to a minority shareholder who alleged price-fixing claims not unlike those asserted by the plaintiff and reasoned that granting intervention would delay and confuse the litigation.[157] The concurring opinion of Judge Tamm, while joining the court's approval of intervention by a Canadian citizen and an environmental group into litigation challenging the Trans-Alaska pipeline, warned that intervention can make "the manageable lawsuit become an unmanageable cowlick."[158]

In granting intervention by parents of students challenging a school desegregation finding, Chief Judge Bazelon observed that the "decision whether intervention of right is warranted thus involves an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending."[159]

The Fifth Circuit justified consideration of additional factors in an intervention of right context by analogizing Rule 24(a)(2) to its counterpart in the rule governing mandatory joinder.[160]

Moore's Federal Practice - Civil
Copyright 2022,  Matthew Bender & Company, Inc., a member of the LexisNexis Group.

---

**End of Document**

---

[155] **Discretionary factors.** *Washington Elec. Coop. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990)* (intervention by state department of public service was inappropriate in case involving conventional contract dispute).

[156] **Common sense.** *United States v. Hooker Chems. & Plastics Corp., 749 F.2d 968, 983 (2d Cir. 1984)* (denial of intervention is reviewed under abuse-of-discretion standard).

[157] **Delay and confusion.** *Stadin v. Union Elec. Co., 309 F.2d 912, 920 (8th Cir. 1962)* (denial of intervention because of probable confusion of litigation).

[158] **Manageability.** *Wilderness Soc'y v. Morton, 463 F.2d 1261, 1263 (D.C. Cir. 1972)* (Tamm, J., concurring) ("Granted intervention is a useful tool, but it is a tool which must be used carefully. We are presently in the day of the multi-party class action suit where trial judges are often hardpressed to narrow issues and parties. These judges valiantly strive to prevent a lawsuit from becoming unwieldy; we should be similarly wary, lest the manageable lawsuit become an unmanageable cowlick.").

[159] **Judicial economies of scale.** *Smuck v. Hobson, 408 F.2d 175, 179 (D.C. Cir. 1969)* (en banc) (Bazelon, C.J., writing for plurality).

[160] **Additional factors.** *Atlantis Dev. Corp. v. United States, 379 F.2d 818, 823–825 (5th Cir. 1967)* (analogy to *Fed. R. Civ. P. 19(a)(1)(B)(i)*); *see also* *Martin v. Wilks, 490 U.S. 755, 763–764,109 S. Ct. 2180, 104 L. Ed. 2d 835 (1989)* (relationship between *Fed. R. Civ. P. 19* and *Fed. R. Civ. P. 24* examined).