**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CBV, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CHANBOND, LLC, DEIRDRE LEANE, | ) |
| and IPNAV, LLC, | ) |
| | ) |
| Defendants. | ) |

C.A. No. 1:21-cv-01456-MN

█████████████████████

**PUBLIC VERSION FILED
MARCH 30, 2022**

## DEIRDRE LEANE AND IPNAV, LLC'S ANSWER,
## AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS-CLAIM

Defendants/Counterclaimants/Cross-claimants Deirdre Leane ("Leane") and IPNAV, LLC ("IPNAV" and, collectively with Leane, "Leane Defendants"), as and for their Answer to the First Amended Complaint, affirmative defenses, Counterclaim against CBV, and Cross-claim against Defendant ChanBond, LLC ("ChanBond"), respond and allege as follows:

## INTRODUCTION

1.      Leane Defendants admit that Plaintiff has sought to allege claims for breach of contract, declaratory judgment, injunctive relief, and specific performance, and otherwise deny the allegations of Paragraph 1 of the Complaint.

2.      Denied as pled, and Leane Defendants refer the Court to the relevant agreements between CBV, Inc. ("CBV") and ChanBond for an accurate statement of their terms.

3.      Admitted.

4.      Admitted.

5.      Denied, except Leane Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation that ChanBond has failed to make full payment to CBV.

6.     Leane Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7.     Paragraph 7 of the Complaint states a legal conclusion as to which no admission or denial is required. To the extent that a response is required, Leane Defendants deny the allegations of Paragraph 7 of the Complaint to the extent alleged against Leane, and deny knowledge or information sufficient to form a belief as to the remainder of the allegations of Paragraph 7 of the Complaint.

8.     Denied, except Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8 of the Complaint to the extent related to Erich Spangenberg's state of mind.

9.     Denied, except Leane Defendants admit that Leane signed a document titled "Termination of Advisory Services Agreement," which has been found in arbitration to be of no force and effect, and that Leane and Carter vigorously disputed whether ChanBond still had an obligation to pay the advisory services fee, which dispute has since been resolved in Defendants' favor by the arbitration.

10.     Denied as pled, except Leane Defendants admit that on October 27, 2015, Leane entered into an Interest Sale Agreement ("ISA") by which she sold the membership interests in ChanBond to UnifiedOnline, Inc. ("Unified"), and that Schedule 1.3 to the ISA included the Advisory Services Agreement ("ASA").

11.     Leane Defendants admit the allegations of Paragraph 11 of the Complaint except deny knowledge or information sufficient to form a belief as to the state of CBV's knowledge, how CBV acquired such knowledge, or what the communications CBV received, and deny the allegations that King & Wood Mallesons LLP's share of the recover was ████████

2

███████ and the allegation that Section 2.8 of the Patent Purchase Agreement ("PPA") applies to "each" of the referenced agreements.

12.     Leane Defendants deny the allegations of Paragraph 12 of the Complaint as pled except deny the allegation that consent of CBV was required ██████████████████████.

13.     Denied.

14.     Leane Defendants admit that CBV requests the judgments described, otherwise deny the allegations of Paragraph 14 of the Complaint, and specifically aver that to the extent that Plaintiff seeks to void contracts between (a) IPNAV and ChanBond and (b) Leane and Unified, Plaintiff's Complaint, which was alleged only against ChanBond, failed to join necessary parties.

## JURISDICTION

15.     Admitted.

16.     Admitted.

17.     Admitted.

## THE PARTIES

18.     Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 of the Complaint.

19.     Admitted, except Leane Defendants deny the allegations of Paragraph 19 of the Complaint with respect to ChanBond's principal place of business, and for diversity purposes, aver that ChanBond's sole member is Unified, a Delaware corporation with, upon information and belief, its principal place of business in North Carolina.

## RELEVANT NON-PARTIES [sic]

20.     Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20 of the Complaint regarding the founding and citizenship of IP Navigation Group, LLC ("IP Navigation"), admit that IP Navigation was an entity engaged in the business of patent monetization, and otherwise deny the allegations of Paragraph 20 as pled.

21.     Leane Defendants admit that IPNAV is a Texas limited liability company with a principal place of business located in Dallas Texas and that Leane is the sole member of IPNAV, and otherwise deny the allegations of Paragraph 21 of the Complaint as pled.

22.     Denied as pled, except Leane Defendants admit the allegations regarding Leane's citizenship, status as an adult and lawful permanent resident, address, and formation of ChanBond.

23.     Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 23 of the Complaint except admit that Unified is a Delaware corporation and the final sentence of Paragraph 23 of the Complaint.

24.     Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24 of the Complaint, except admit that, to their knowledge, Carter is an adult individual residing in North Carolina and ChanBond's Manager.

## FACTUAL BACKGROUND

**I.      The Parties and the Patents**

25.     Admitted, except as to the allegations regarding CBV's corporate status and principal place of business, as to which Leane Defendants restate their response to Paragraph 18 of the Complaint.

4

26.     Leane Defendants respectfully incorporate by reference herein their response to these allegations in Paragraph 22 of the Complaint, where originally pled.

27.     Denied as pled, except Leane Defendants admit that Leane incorporated IPNAV as a new entity through which to provide patent monetization services.

## II.     The Patent Purchase Agreement

28.     Denied as pled, except Leane Defendants that CBV first contacted IP Navigation in 2013 about potentially monetizing the Patents.

29.     Leane Defendants admit that CBV and IP Navigation discussed various relationship structures and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29 of the Complaint.

30.     Denied, except Leane Defendants admit that one proposal CBV and IP Navigation discussed revolved around IP Navigation providing financing and otherwise deny knowledge or information sufficient to form a belief as to the accuracy of the description of a proposal by Mr. Spangenberg.

31.     Denied.

32.     Denied, except Leane Defendants deny as pled the allegation that "Billy Carter of IP Navigation had problems coming up with the financial backing necessary to effectuate the agreement."

33.     Leane Defendants deny the allegations of Paragraph 33 as pled, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Mr. Spangenberg's communications with CBV.

34.     Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 34 of the Complaint, except admit that at one

point during the negotiation of the PPA CBV informed Ms. Leane that it would not sell the patents to ChanBond.

35.     Denied, except Leane Defendants deny knowledge or information sufficient to form a belief as to what CBV may have been informed by others.

36.     Leane Defendants deny the allegations of Paragraph 36 of the Complaint, except admit that the PPA was executed on April 9, 2015 and assert that the document speaks for itself.

37.     Denied, except Leane Defendants admit that ChanBond ████████████ ████████████████████, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the last sentence of Paragraph 37.

38.     Leane Defendants admit that ChanBond and CBV entered into an amendment of the PPA, assert that the document speaks for itself, and otherwise deny the allegations of Paragraph 38 of the Complaint.

## III.    The Patent Suits

39.     Leane Defendants admit that ChanBond filed various patent lawsuits in September 2015, which is after the April 2015 execution of the PPA.

40.     Leane Defendants deny knowledge or information sufficient to form a belief as to the accuracy of Plaintiff's summary of the various IPRs and assert that the Petitions and determinations relating to those proceedings speak for itself.

41.     Leane Defendants admit that ChanBond's infringement lawsuits survived summary judgment.

42.     Admitted, except Leane Defendants respectfully refer the Court to the captions of the listed action for a correct tally of the number of defendants sued in each case..

43.     Admitted.

44.     Denied, except admit that beginning on May 25, 2021, a jury trial was held before Judge Andrews in *ChanBond, LLC v. Cox Communications, Inc. et al.*, No. 1:15-cv-00849.

45.     Admitted, except Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the last sentence of Paragraph 45 of the Complaint and deny the allegation that ChanBond has failed to provide CBV with any distributions of the Settlement proceeds.

## IV.     The Invalid [sic] Advisory Services Agreement

46.     Denied, except Leane Defendants admit that CBV and Spangenberg discussed various deal structures.

47.     Denied, except admits that Leane after discussing it with counsel dated the Advisory Services Agreement as of April 9, 2015, to reflect the pre-existing agreement between IPNAV and ChanBond that, as indicated in the Common Interest Agreement dated April 9, 2015, appended to the PPA, and executed by Earl Hennenhoefer on that date on behalf of CBV,

 and asserts

that the ASA speaks for itself.

48.     Denied.

49.     Denied.

## V.     Leane and IPNav [sic] Sell One Hundred Percent of ChanBond's Membership Interests to UnifiedOnline, Inc.

50.     Admitted.

51.     Leane Defendants assert that the document speaks for itself.

52. Admitted, except Leane Defendants deny knowledge or information sufficient to form a belief as to the allegation that Mr. Carter currently has a controlling interest in, or is the CEO of, Unified.

53. Admitted, except Leane Defendants deny that the ASA is improper.

54. Denied, except admits that IPNAV and ChanBond were affiliates at the time that the ASA was agreed to and at the time the ASA was executed.

55. Denied.

56. Denied, except Leane Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 56 relating to CBV's internal thought processes or any communications between CBV and ChanBond or ChanBond's attorneys.

57. Denied.

## VI. The Lawsuits Settle and CBV Is Entitled to *at Least* ████████, But ChanBond Refuses to Pay

58. Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 58 of the Complaint.

59. Denied.

60. Denied as pled, except admitted with respect to entry of the referenced Joint Stipulation and Order.

61. Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 61 of the Complaint.

62. Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 62 of the Complaint, except admit upon information and belief ████████████████████████, note that Plaintiff's allegation that ████████████████████████████ directly contradicts Plaintiff's

prior allegation that it had not received any distributions of settlement proceeds, and deny that ChanBond's conduct is in breach of the PPA given the later agreement entered into between ChanBond and CBV regarding the distribution of such proceeds in August 2021, which agreement CBV has inexplicably omitted from its pleading (the "Omitted Agreement").

63. Leane Defendants assert that the PPA speaks for itself.

64. Leane Defendants assert that the PPA speaks for itself.

65. Leane Defendants assert that the PPA speaks for itself.

66. Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 66 of the Complaint.

67. Denied, except Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 67 of the Complaint with respect to CBV's communications with ChanBond.

68. Denied, except Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 68 of the Complaint with respect to amounts CBV has received from ChanBond.

69. Denied (pursuant to the Omitted Agreement), except Leane Defendants assert that the PPA speaks for itself.

70. Denied, except admit that the House passed a proposed increase in the capital gains tax.

**VII.  Deirdre Leane initiates false and misleading legal actions. [sic]**

71. Admitted, except Leane Defendants deny that Mr. Carter was a defendant in any of the referenced lawsuits.

72. Denied.

73. Denied, except that Leane Defendants admit that Ms. Leane was not involved in any negotiations between IP Navigation and CBV relating to a previous and aborted deal.

74. Denied, except Leane Defendants assert that the PPA speaks for itself.

75. Denied.

76. Denied, except Leane Defendants assert that the PPA speaks for itself.

77. Leane Defendants assert that the PPA speaks for itself.

78. Denied, except Leane Defendants admit that ChanBond and IPNAV were affiliates as defined by the PPA at the times that ChanBond and IPNAV agreed to and executed the ASA.

79. Denied, except admits that an ineffective document with that title was executed by Ms. Leane on behalf of IPNAV and by Mr. Carter on behalf of ChanBond.

80. Denied as pled.

81. Denied as pled, except Leane Defendants admit that Mr. Carter and ChanBond disputed Leane Defendants' allegations in the arbitration, which resolved in Leane Defendants' favor.

82. Denied.

83. Denied.

84. Denied, except Leane Defendants deny knowledge or information sufficient to form a belief about the extent of CBV's ignorance.

**COUNT I**
(Specific Performance)

85. Leane Defendants incorporate by reference the responses contained in the preceding paragraphs as though more fully set forth herein.

86. Admitted.

87.     Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 87 of the Complaint.

88.     Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 88 of the Complaint, except admit that the Patent Suits were settled in or about Summer 2021.

89.     Admitted.

90.     Denied, pursuant to the Omitted Agreement.

91.     Denied.

92.     Denied, except Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 92 of the Complaint regarding ChanBond's willingness or unwillingness to pay CBV any amounts to which it is entitled.

93.     Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 93 of the Complaint.

94.     Denied, pursuant to the Omitted Agreement, except Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the final sentence of Paragraph 94 of the Complaint.

95.     Leane Defendants deny the first sentence of Paragraph 95 of the Complaint, pursuant to the Omitted Agreement, deny the third sentence of Paragraph 95 of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the second sentence of Paragraph 95 of the Complaint.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

## COUNT II
(Breach of Contract – PPA Sections 3.3.2 and 4.1 and PPA Amendment Section 3.5)
*In the Alternative*

100.    Leane Defendants incorporate by reference the responses contained in the preceding paragraphs as though more fully set forth herein.

101.    Admitted.

102.    Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 102 of the Complaint.

103.    Admitted.

104.    Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 104 of the Complaint, except admit that the Patent Suits were settled in or about Summer 2021.

105.    Admitted.

106.    Denied.

107.    Denied, except Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the final clause of Paragraph 107 of the Complaint.

108.    Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 108 of the Complaint.

109.    Denied, pursuant to the Omitted Agreement, except Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the final sentence of Paragraph 109 of the Complaint.

110.    Leane Defendants deny the first sentence of Paragraph 109 of the Complaint, pursuant to the Omitted Agreement, deny the third sentence of Paragraph 109 of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the second sentence of Paragraph 109 of the Complaint.

111.    Denied.

112.    Denied.

113.    Denied.

**COUNT III**
(Breach of Contract – ISA)

114.    Leane Defendants incorporate by reference the responses contained in the preceding paragraphs as though more fully set forth herein.

115.    Admitted.

116.    Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 116 of the Complaint.

117.    Denied, except Leane Defendants admit that Ms. Leane sold 100% of the membership interests in ChanBond to Unified pursuant to the ISA.

118.    Leane Defendants respectfully incorporate by reference herein their response to the identically pled allegation of Paragraph 51 of the Complaint.

119.    Leane Defendants respectfully incorporate by reference herein their response to the identically pled allegation of Paragraph 52 of the Complaint.

120.    Leane Defendants respectfully incorporate by reference herein their response to the identically pled allegation of Paragraph 53 of the Complaint.

121.    Denied, except admit that Ms. Leane executed the ASA on behalf of both ChanBond and IPNAV.

122.     Denied.

123.     Denied, except Leane Defendants deny knowledge and information sufficient to form a belief regarding the state of CBV's knowledge.

124.     Denied.

125.     Denied.

**COUNT IV**
(Declaratory Judgment – ISA)

126.     Leane Defendants incorporate by reference the responses contained in the preceding paragraphs as though more fully set forth herein.

127.     Admitted.

128.     Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 128 of the Complaint.

129.     Denied, except Leane Defendants admit that Ms. Leane sold 100% of the membership interests in ChanBond to Unified pursuant to the ISA.

130.     Leane Defendants respectfully incorporate by reference herein their response to the identically pled allegation of Paragraph 51 of the Complaint.

131.     Leane Defendants respectfully incorporate by reference herein their response to the identically pled allegation of Paragraph 52 of the Complaint.

132.     Leane Defendants respectfully incorporate by reference herein their response to the identically pled allegation of Paragraph 53 of the Complaint.

133.     Denied, except admit that Ms. Leane executed the ASA on behalf of both ChanBond and IPNAV.

134.     Denied.

135.     Paragraph 135 contains a request for relief which does not require admission or denial, but to the extent one is required, denied.

### COUNT V
(Declaratory Judgment – Section 2.8)

136.     Leane Defendants incorporate by reference the responses contained in the preceding paragraphs as though more fully set forth herein.

137.     Denied, except Leane Defendants admit that ChanBond retained IPNAV to provide patent monetization services for a fee of 22% of the gross proceeds of the patents.

138.     Admitted.

139.     Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 139 of the Complaint.

140.     Admitted.

141.     Denied.

142.     Leane Defendants admit the allegations of the first sentence of Paragraph 142 of the Complaint and deny the allegations of the second sentence of Paragraph 142 of the Complaint.

143.     Leane Defendants admit that CBV was not asked to "approve" the ASA, and otherwise deny the allegations of Paragraph 143 of the Complaint.

144.     Leane Defendants admit that Ms. Leane executed the ASA for both ChanBond and IPNAV in July 2015 and dated it as of April 9, 2015.

145.     Denied.

146.     Denied as pled.

147.     Denied.

148.     Denied.

149.    Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of CBV's alleged ignorance.

150.    Denied.

151.    Denied, except Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of Paragraph 151 of the Complaint.

152.    Denied as pled, ███████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

153.    Denied, except Leane Defendants deny knowledge or information sufficient to form a belief as to the state of CBV's knowledge or communications.

154.    Denied.

155.    Denied.

**COUNT VI**
Against ChanBond
(Declaratory Judgment – Section 2.8)

156.    Leane Defendants incorporate by reference the responses contained in the preceding paragraphs as though more fully set forth herein.

157.    Denied, ██████████████████████████████████████

█████████████████████████████████████████████████

158.    Admitted.

159.    Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 159 of the Complaint.

160.    Admitted.

161.    Denied.

162.    Leane Defendants admit the allegations of the first sentence of Paragraph 162 of the Complaint and deny the allegations of the second sentence of Paragraph 162 of the Complaint.

163.    Leane Defendants admit that CBV was not asked to "approve" the ASA, and otherwise deny the allegations of Paragraph 163 of the Complaint.

164.    Leane Defendants admit that Ms. Leane executed the ASA for both ChanBond and IPNAV in July 2015 and dated it as of April 9, 2015.

165.    Denied.

166.    Denied as pled.

167.    Denied.

168.    Denied.

169.    Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of CBV's alleged ignorance.

170.    Denied.

171.    Denied, except Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of Paragraph 171 of the Complaint.

172.    Denied as pled, ████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

173.    Denied, except Leane Defendants deny knowledge or information sufficient to form a belief as to the state of CBV's knowledge or communications.

174.    Admitted, to the extent that CBV has asserted non-meritorious and/or frivolous claims that require adjudication.

175.    Paragraph 175 of the Complaint is a request for relief which does not require admission or denial, but, to the extent required, denied.

## COUNT VII
(Injunctive Relief)

176.    Leane Defendants incorporate by reference the responses contained in the preceding paragraphs as though more fully set forth herein.

177.    Denied as pled, except Leane Defendants admit that CBV sold the patents to ChanBond on the understanding that ChanBond would retain IPNAV to provide patent monetization services, including potentially via litigation, and respectfully refers the Court to the PPA for its terms.

178.    Admitted.

179.    Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 139 of the Complaint.

180.    Denied, except Leane Defendants admit that agreements executed after the execution of the PPA impact the calculation of Net Recoveries under the PPA.

181.    Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 181 of the Complaint, except admit that the Patent Suits ███████████████████ in or about Summer 2021.

182.    Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 182 of the Complaint.

183.    Denied, except Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the last clause of Paragraph 183 of the Complaint.

184.    Denied, pursuant to the Omitted Agreement, except Leane Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation of the last sentence of Paragraph 184 of the Complaint.

185.    Leane Defendants deny the first sentence of Paragraph 185 of the Complaint, pursuant to the Omitted Agreement, deny the third sentence of Paragraph 109 of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the second sentence of Paragraph 109 of the Complaint.

186.    Paragraph 186 of the Complaint is a request for relief which does not require admission or denial, but, to the extent required, denied.

## PRAYER FOR RELIEF

187.    Leane Defendants deny that Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to Name a Necessary Party)

188.    Plaintiff seeks relief against Unified and Billy Carter, including, *inter alia*, the cancellation of Unified's contracts, but has not named either as a defendant.

189.    Plaintiff's claims must be dismissed for failure to join a necessary party.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

190.    Plaintiff was repeatedly and expressly informed in 2015 that ChanBond had retained IPNAV as its patent monetization agent.

191.     Plaintiff was specifically aware at the time that it executed the PPA that both ChanBond and IPNAV were owned and controlled by Deirdre Leane.

192.     To the extent that ChanBond's retention of IPNAV was a breach of the PPA, CBV's cause of action for breach of contract accrued in 2015, at the time of that retention.

193.     The Common Interest Agreement ("CIA") appended to the PPA as Exhibit C was signed by each of CBV, ChanBond, and IPNAV.

194.     The CIA provided that IPNAV would be ChanBond's "worldwide intellectual property enforcement and licensing agent" and would provide ChanBond with patent monetization services.

195.     Earl Hennenhoefer executed the CIA on behalf of CBV.

196.     Deirdre Leane executed the CIA on behalf of both IPNAV and ChanBond.

197.     On June 14, 2015, Deirdre Leane emailed CBV's counsel, Patrick Keane, and expressly noted that "IPNAV is an advisor (vendor) to ChanBond." A copy of that email is annexed hereto as Exhibit 1.

198.     In that same email, Ms. Leane reiterated to Mr. Keane that, as she was both ChanBond and IPNAV, "I sit on both sides of the fence."

199.     On June 18, 2015, Ms. Leane emailed Mr. Hennenhoefer and specifically stated to him that "CHANBOND HAS HIRED IPNAV AND I SIT ON BOTH SIDES OF THE FENCE." *See* Exhibit 2 hereto (capitalization in original).

200.     Moreover, upon information and belief, each of CBV's principals is a shareholder in Unified.

201.     Upon information and belief, at least Earl Hennenhoefer acquired his shares in Unified in or about 2014.

20

202.    Upon information and belief, at least Earl Hennenhoefer "watched the stock very closely."

203.    Upon information and belief, at least Earl Hennehoefer "also watched the message board that people comment about the stock."

204.    Unified disclosed its purchase of ChanBond and the existence of the ISA in its Form 10-Q filed on November 24, 2015.

205.    A copy of the ISA was included in that filing as Exhibit 10.2.

206.    A copy of the version of the ISA filed with the SEC is annexed hereto as Exhibit 3.

207.    As Plaintiff alleged in its Complaint, that copy of the ISA specifically disclosed the existence of an ASA between IPNAV and ChanBond.

208.    Despite that, CBV never brought an action for breach of contract based on ChanBond's retention of IPNAV until 2021.

209.    Section 8.5 of the PPA provides that it is governed by Delaware law.

210.    The Delaware statute of limitations for CBV's breach of contract claims is three years.

211.    As such, CBV's claim for breach of contract relating to the execution of the ASA is barred by the applicable statute of limitations.

212.    Similarly, CBV's claim for breach of contract relating to the execution of the ISA is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
(Laches, Waiver, and Estoppel)

213.    Leane Defendants incorporate by reference herein the allegations of Paragraphs 190-212 above as though more fully stated herein.

214.     After being informed in 2015 that ChanBond had retained IPNAV to provide patent monetization services, and through at least February 2020, CBV never objected to that retention as a breach of contract.

215.     After being informed in 2015 that ChanBond had retained IPNAV to provide patent monetization services, and through at least February 2020, CBV never inquired as to the terms of IPNAV's retention.

216.     After being informed in 2015 that ChanBond had retained IPNAV to provide patent monetization services, and through at least February 2020, CBV never inquired as to what work, if any, IPNAV was performing under the terms of its retention.

217.     Instead, CBV passively sat back and allowed ChanBond – and through ChanBond, CBV – to obtain the benefit of IPNAV's services provided under the ASA.

218.     By this action, CBV now seeks to retain such benefits without allowing IPNAV to be paid for providing such services.

219.     As such, to the extent that CBV's claims with respect to the ASA are not barred by the statute of limitations, they are barred by the doctrines of laches, waiver, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE
(Collateral Estoppel)

220.     Leane Defendants incorporate by reference herein the allegations of Paragraphs 190-219 above as though more fully stated herein.

221.     Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Arbitration and Award)

222.     Leane Defendants incorporate by reference herein the allegations of Paragraphs 190-221 above as though more fully stated herein.

223.     Plaintiff's claims are barred, in whole or in part, by the doctrine of arbitration and award.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

224.     Leane Defendants incorporate by reference herein the allegations of Paragraphs 190-223 above as though more fully stated herein.

225.     Plaintiff lacks standing to contest the validity of the ASA.

226.     Plaintiff lacks standing to contest the validity of the ISA.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

227.     Leane Defendants incorporate by reference herein the allegations of Paragraphs 190-227 above as though more fully stated herein.

228.     Plaintiff's allegations fail to state a claim on which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

229.     Leane Defendants incorporate by reference herein the allegations of Paragraphs 190-228 above as though more fully stated herein.

230.     Plaintiff's allegations are barred, in whole or in part, by the doctrine of accord and satisfaction.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT
## AND UNJUST ENRICHMENT

Incorporating by reference the foregoing paragraphs 190-230 of the Answer in their entirety, Defendants/Counterclaim Plaintiffs Deirdre Leane and IPNAV, LLC (collectively, "Leane Defendants"), by and through their attorneys, assert the following counterclaim against Plaintiff/Counter-Defendant CBV, Inc. ("CBV"):

## PARTIES & JURISDICTION

1.      Counterclaimant Leane is an Irish citizen and a lawful permanent resident of Dallas, Texas.

2.      Counterclaimant IPNAV is a Texas limited liability company with a principal place of business in Dallas, Texas; Leane is its sole member.

3.      Upon information and belief, Plaintiff CBV is a Pennsylvania corporation with its principal place of business in Pennsylvania.

## BACKGROUND

4.      CBV was repeatedly and expressly informed in 2015 that ChanBond had retained IPNAV as its patent monetization agent.

5.      CBV was specifically aware at the time that it executed the PPA that both ChanBond and IPNAV were owned and controlled by Deirdre Leane.

6.      The Common Interest Agreement ("CIA") appended to the PPA as Exhibit C was signed by each of CBV, ChanBond, and IPNAV.

7.      The CIA provided that IPNAV would be ChanBond's "worldwide intellectual property enforcement and licensing agent" and would provide ChanBond with patent monetization services.

8.      Earl Hennenhoefer executed the CIA on behalf of CBV.

24

9.      Deirdre Leane executed the CIA on behalf of both IPNAV and ChanBond.

10.      On June 14, 2015, Deirdre Leane emailed CBV's counsel, Patrick Keane, and expressly noted that "IPNAV is an advisor (vendor) to ChanBond."

11.      In that same email, Ms. Leane reiterated to Mr. Keane that, as she was both ChanBond and IPNAV, "I sit on both sides of the fence."

12.      On June 18, 2015, Ms. Leane emailed Mr. Hennenhoefer and specifically stated to him that "CHANBOND HAS HIRED IPNAV AND I SIT ON BOTH SIDES OF THE FENCE."

13.      Moreover, upon information and belief, each of CBV's principals is a shareholder in Unified.

14.      Upon information and belief, at least Earl Hennenhoefer acquired his shares in Unified in or about 2014.

15.      Upon information and belief, at least Earl Hennenhoefer "watched the stock very closely."

16.      Upon information and belief, at least Earl Hennehoefer "also watched the message board that people comment about the stock."

17.      Unified disclosed its purchase of ChanBond and the existence of the ISA in its Form 10-Q filed on November 24, 2015.

18.      A copy of the ISA was included in that filing as Exhibit 10.2.

19.      Upon information and belief, at least Earl Hennenhoefer received or otherwise reviewed a copy of Unified's November 2015 SEC filings.

20.      As CBV alleged in its Complaint, that copy of the ISA specifically disclosed the existence of an ASA between IPNAV and ChanBond.

21.     In their very first communication, Ms. Leane informed Mr. Hennenhoefer that patent monetization services are provided in exchange for a percentage of the gross proceeds generated by the monetization.

**COUNT I**
(Declaratory Judgment – 2.8 of the PPA)

22.     Leane Defendants incorporate by reference herein the allegations of Paragraphs 1-21 above as though more fully set forth herein.

23.     ████████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████
███████████████████████████████████
███████████████████████████████████████
███.

24.     ████████████████████████████████████████
████████████████████

25.     IPNAV and Deirdre Leane – who executed the PPA on behalf of ChanBond and, subsequently, the ASA on behalf of each ChanBond and IPNAV – vehemently disagree with that reading of Section 2.8 of the PPA.

26.     So does Earl Hennenhoefer, who executed the PPA on behalf of CBV.

27.     ████████████████████████████████████████
██████████████████████████████

28.     ████████████████████████████████████████
████████████████████████████████████████████
█████████████████████████████████

29. 

30.

31.

32.

33.

34.

35.

36.

37. ███████████████████████████████████████████

████████████████████████████████

38. ███████████████████████████████████████████

████████████████████████████████

39. ████████████████████████████████████████

███████████████████████████

40. ███████████████████████████████████████

████████████████████████████████████████

██████

41. ████████████████████████████████████████

█████████████████████████████████.

42. ████████████████████████████████████████

█████████████████

43. █████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████

44. █████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████



45.

46.

47.

48.

49.

50.     IPNAV and ChanBond are not Affiliates as defined in the PPA.

51.     IPNAV and ChanBond have not been Affiliates as defined in the PPA since Unified's purchase of the membership interests in ChanBond.

52.     CBV has been aware since before 2018 that ChanBond and IPNAV are not under common control and do not control each other.

53.     CBV did not negotiate into the PPA a provision requiring Deirdre Leane to remain the owner of ChanBond.

54.     CBV did not negotiate into the PPA a provision requiring it to approve any change of control of ChanBond.

55.     CBV was aware when it executed the PPA that IPNAV and ChanBond were not required to remain Affiliates for any length of time after ChanBond's purchase of the patents.

29

56.     CBV did not negotiate language in the PPA providing it with a right to approve "contracts" between ChanBond and its Affiliates (as defined in the PPA) before such contracts could be valid.

57.     ███████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████████████████

58.     ███████████████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████████████████████

59.     CBV understood the language of Section 2.8 as accomplishing that goal.

60.     ChanBond shared that goal and understanding of Section 2.8 when it executed the PPA.

61.     IPNAV is not ChanBond.

62.     IPNAV is not controlled by ChanBond.

63.     IPNAV does not control ChanBond.

64.     IPNAV is not under common control with ChanBond.

65.     No amount paid to IPNAV would inure to the benefit of ChanBond, or any entity that ChanBond controlled, or any entity that controlled ChanBond, or any entity under common control with ChanBond.

66.    

67.

68.

69.    An actual controversy exists between the parties as to the interpretation of Section 2.8 of the PPA.

70.    Leane Defendants therefore respectfully request that the Court issue an Order declaring that:

a.

b.

    c.   CBV's silence and conduct after being informed of ChanBond's retention of IPNAV was sufficient approval of the payment to IPNAV, and such payment may be deducted from Gross Recoveries in calculating Net Recoveries under the PPA.

## <u>COUNT II</u>
(Unjust Enrichment)

71.    Leane Defendants incorporate by reference herein the allegations of Paragraphs 1-70 above as though more fully set forth herein.

72.    This counterclaim is pled in the alternative, in the unlikely event that CBV is successful on its affirmative claim to prevent payment to IPNAV.

73.    In that event, Leane Defendants bring this Counterclaim for unjust enrichment arising out of CBV's silent retention of the benefit of IPNAV's services despite being fully and repeatedly informed that IPNAV had been hired to provide such services.

74.    After agreeing to serve as ChanBond's patent monetization advisor, IPNAV provided ChanBond with significant patent monetization services.

75.    Those services continued after Leane sold ChanBond to Unified.

76.    Prior to selling the patents at issue to ChanBond, CBV had repeatedly attempted to license or sell the patents to the cable industry, all without success.

77.    ChanBond's patent litigations, in contrast, generated millions of dollars for CBV.

78.    IPNAV's patent monetization services contributed to the success of ChanBond's patent litigations.

79.    IPNAV's patent monetization services thereby contributed to any recovery by CBV under the PPA.

80.     As alleged above, CBV was specifically informed that ChanBond had hired IPNAV to provide such services.

81.     As alleged above, Leane had previously informed CBV that the fee for such services was a percentage of the gross proceeds of a successful monetization.

82.     For years, CBV allowed ChanBond to obtain IPNAV's services without objection.

83.     In so doing, CBV obtained a significant financial benefit from IPNAV's services.

84.     Now that the time has come for ChanBond to pay IPNAV for such services, however, CBV objects to any such payment.

85.     It would be against equity and good conscience to allow CBV to retain the benefit of IPNAV's services without payment.

86.     As such, CBV has been unjustly enriched at IPNAV's expense, and IPNAV is entitled to damages in an amount to be proven at trial.

## CROSS-CLAIM FOR CONFIRMATION OF ARBITRATION AWARD

Defendants/Cross-Claim Plaintiffs Deirdre Leane and IPNAV, LLC (collectively, "Leane Defendants"), by and through their attorneys, assert the following cross-claim against Defendant/Cross-Claim Defendant ChanBond, LLC[1] ("ChanBond"):

1.     Leane Defendants incorporate by reference herein the allegations of Paragraphs 190-230 of the Answer above, and Paragraphs 1-86 of the Counterclaim, as though more fully set forth herein.

---

[1] Non-party UnifiedOnline, Inc. ("Unified") was a respondent in the arbitration referenced herein, and therefore is a necessary party to this cross-claim under Rule 19 of the Federal Rules of Civil Procedure, for much the same reason that it is a necessary party to CBV's claim to invalidate the ISA (the contract by which Unified obtained rights to its sole asset). Leane Defendants intend to meet and confer with CBV's counsel regarding the necessity for CBV to amend the Complaint to add Unified as a party, which would also enable Leane Defendants to add Unified as a party to this cross-claim. To the extent that CBV refuses to do so, Leane Defendants would move (under Rule 19(a)(2)) for a Court order adding Unified as a Defendant, among other relief.

## PARTIES, JURISDICTION, & VENUE

2.      Cross-claimant Leane is an Irish citizen and a lawful permanent resident of Dallas, Texas.

3.      Cross-claimant IPNAV is a Texas limited liability company with a principal place of business in Dallas, Texas; Leane is its sole member.

4.      Upon information and belief, Defendant ChanBond is a Delaware limited liability company with its principal place of business in North Carolina.

5.      Upon information and belief, ChanBond's sole member is Unified, a Delaware corporation with its principal place of business in North Carolina.

6.      This court has jurisdiction over the claims between Leane Defendants and ChanBond pursuant to 28 U.S.C. § 1332(a)(2) and/or (a)(3).

7.      Venue in this district is proper under 28 U.S.C. §1391(b)(1).

8.      In addition, the arbitration clause in the Advisory Services Agreement between ChanBond and IPNAV provides for confirmation of any arbitration award in any Court of competent jurisdiction, which includes this District.

## COUNT I
### (9 U.S.C. § 9 – Confirmation of Arbitration Award)

9.      On or about September 30, 2020, Leane Defendants filed a Demand for Arbitration (the "Demand") with the American Arbitration Association ("AAA"). A copy of the Demand is annexed hereto as Exhibit 4.

10.     As set forth in the Demand, arbitration by and between Leane Defendants, on the one hand, and ChanBond and Unified, on the other (collectively, the "Arbitrating Parties"), was required by the arbitration agreements contained in the ISA and ASA.

34

11.     On or about October 16, 2020, ChanBond (and Unified) answered the Demand. A copy of ChanBond's answer to the Demand is annexed hereto as Exhibit 5.

12.     On or about October 23, 2020, the AAA provided the Arbitrating Parties with instructions for selecting the arbitral panel. A copy of those instructions is annexed hereto as Exhibit 6.

13.     Pursuant to the Arbitrating Parties' agreement, Leane Defendants were to appoint one arbitrator, ChanBond and unified were to appoint one arbitrator, and the two appointed arbitrators were to appoint a third arbitrator.

14.     Leane Defendants selected John Shipp as an arbitrator.

15.     Mr. Shipp provided a conflicts disclosure, which the AAA circulated to the Arbitrating Parties.

16.     Neither ChanBond nor Unified objected to the appointment of Mr. Shipp as an arbitrator.

17.     ChanBond and Unified selected the Honorable Carlos Lopez as an arbitrator.

18.     Judge Lopez provided a conflicts disclosure, which the AAA circulated to the Arbitrating Parties.

19.     Neither ChanBond nor Unified objected to the appointment of Mr. Shipp as an arbitrator.

20.     Judge Lopez and Mr. Shipp selected the Honorable Joseph Cox as the third Arbitrator.

21.     Judge Cox provided a conflicts disclosure, which the AAA circulated to the Arbitrating Parties.

22.      Neither ChanBond nor Unified objected to the appointment of Judge Cox as an arbitrator.

23.      Copies of the arbitrator selection documents are annexed hereto as composite Exhibit 7.

24.      ChanBond and Unified actively participated in the Arbitration.

25.      ChanBond and Unified participated in determining the schedule on which the Arbitration would be held.

26.      ChanBond and Unified served discovery requests in the Arbitration.

27.      ChanBond and Unified responded to discovery requests in the Arbitration.

28.      ChanBond and Unified made applications to the panel for relief in connection with the Arbitration.

29.      On or about April 23, 2021, ChanBond and Unified filed an Amended Answer asserting counterclaims in the Arbitration.

30.      The hearing in the Arbitration was held from October 18, 2021 through October 21, 2021.

31.      The parties filed post-hearing briefs in the Arbitration on December 10, 2021.

32.      On January 10, 2022, the parties filed briefs in response to their opponents' post-hearing briefs.

33.      On March 8, 2022, the arbitrators issued an interim award ruling in favor of the Leane Defendants. A copy of the Interim Award is annexed hereto as Exhibit 8.[2]

---

[2] The arbitration panel has not yet issued its final award, as it is awaiting briefing from the parties on the issue of attorneys' fees. To avoid needless amendments, ChanBond has agreed that Leane Defendants may file this cross-claim for confirmation of the award together with their Answer and Counterclaims, and that ChanBond waives any objection that the application is premature due to the pendency of the final award. Leane Defendants have agreed that ChanBond may delay filing its response to this cross-claim until after the final award has issued.

34.    At no point from Demand through the issuance of the Interim Award did either ChanBond or Unified ever object to the jurisdiction of the AAA.

35.    At no point from Demand through the issuance of the Interim Award did either ChanBond or Unified ever object to a decision reached by the arbitrators as *ultra vires*.

36.    At no point from Demand through the issuance of the Interim Award did either ChanBond or Unified ever object to a decision reached by the arbitrators as unfair.

37.    At no point from Demand through the issuance of the Interim Award did either ChanBond or Unified ever object to a procedure employed by the arbitrators as either unfair or prejudicial.

38.    At no point from Demand through the issuance of the Interim Award were either ChanBond or Unified denied a continuance.

39.    At no point from Demand through the issuance of the Interim Award were either ChanBond or Unified denied permission to call a witness.

40.    At no point from Demand through the issuance of the Interim Award were either ChanBond or Unified denied the opportunity to take discovery they requested.

41.    At no point from Demand through the issuance of the Interim Award were either ChanBond or Unified prohibited from offering into evidence any document or testimony that they wished to include.

42.    At no point did the arbitrators decide an issue that was not committed to them by the parties.

43.    The ASA and ISA each provide that this Court has jurisdiction to confirm the arbitration award.

44.     As such, Leane Defendants are entitled to an Order confirming the Arbitration award.

## PRAYER FOR RELIEF

**WHEREFORE**, Leane Defendants request that judgment in their favor be granted providing for the following relief:

(1)     Denying Plaintiff's claims in their entirety;

(2)     On the Counterclaim, awarding judgment in their favor and against CBV, Inc. in an amount to be proven at trial;

(3)     On the Cross-claim, confirming the final award in the Arbitration; and

(4)     Granting such other and further relief as the Court deems right and proper.

                                        Respectfully submitted,

OF COUNSEL:                    /s/ James H. S. Levine
                               James H. S. Levine (DE No. 5355)
Akiva M. Cohen                 TROUTMAN PEPPER
Dylan M. Schmeyer                   HAMILTON SANDERS LLP
KAMERMAN, UNCYK,               Hercules Plaza, Suite 5100
     SONIKER & KLEIN P.C,      1313 N. Market Street
1700 Broadway, 16th Floor      P.O. Box 1709
New York, NY 10019             Wilmington, DE  19899-1709
212.400.4930                   302.777.6500
acohen@kusklaw.com             james.levine@troutman.com
dschmeyer@kusklaw.com

                               *Attorneys for IPNAV, LLC and Deirdre Leane*
Dated:  March 23, 2022

38

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2022, I filed the foregoing *Deirdre Leane*

*And IPNAV, LLC's Answer, Affirmative Defenses, Counterclaims, And Cross-Claim* using CM

/ ECF, which will send notification  of such filing to all counsel of record.


*/s/ James H. S. Levine*
*James H. S. Levine (DE No. 5355 )*