

600 N. King Street • Suite 400  
P.O. Box 25130 • Wilmington, DE 19899  
Zip Code For Deliveries 19801

Stephen B. Brauerman, Esquire  
302-429-4232  
SBrauerman@bayardlaw.com

April 5, 2022

**VIA ELECTRONIC FILING**
Honorable Maryellen Noreika
United States District Court
District of Delaware
844 North King Street
Wilmington, DE 19801

      **Re:** *CBV, Inc. v. ChanBond, LLC, et al.*, **C.A. No. 21-1456-MN**

Dear Judge Noreika:

      It is with sincere regret and disappointment that ChanBond, LLC ("ChanBond") respectfully submits this letter regarding an urgent and serious issue that has arisen concerning non-parties Gregory Collins and Kamal Mian's (collectively, the "Non-Parties") possession and dissemination of ChanBond's March 31, 2022 Sealed Answering Brief in Opposition to Plaintiff CBV, Inc.'s Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery, as well as the Exhibits 1 and 2 attached thereto (the "Confidential Filing") in violation of the Court's March 31, 2022 Order Granting ChanBond's Unopposed Motion to File Under Seal (the "Order to Seal"). (*See* D.I. 53, 54.) The undersigned apologizes to the Court for having to raise this issue, but the conduct of counsel for the Non-Parties has necessitated its filing, particularly because Exhibit 1 is a highly confidential Interim Award from an American Bar Association arbitration panel concerning arbitration proceedings between ChanBond and defendants, Deirdre Leane and IPNAV, LLC, which the Non-Parties have no right to possess.[1]

      On March 31, 2022, ChanBond inadvertently included counsel for the Non-Parties in the service of the Confidential Filing because the Non-Parties became registered users on the CM/ECF system with the filing of their motion to intervene (D.I. 34) – even though the Court has not yet considered their motion and they are not parties to this action. ChanBond did not realize its error until counsel for Ms. Leane and IPNAV notified ChanBond of the issue yesterday. Upon learning of its mistake, ChanBond promptly sought to clawback the Confidential Filing accidentally served upon the Non-Parties. (Ex. A.) Despite that the Non-Parties have no right to possess the information contained therein, counsel for the Non-Parties, Mr. Steven Lewis Rader ("Mr. Rader), did not respond to the clawback request. During a meet

---

[1] Given the urgency of the matter, and the fluidity of the precise relief that is necessary, ChanBond presents this matter by letter. If the Court would prefer a motion, ChanBond promptly will present this dispute by motion.

and confer scheduled for another purpose, Mr. Rader confirmed that he would not comply with the clawback request. Mr. Rader also refused to disclose whether he has disseminated the inadvertently disclosed information to his non-party clients, third parties, or otherwise distributed the Confidential Filing in violation of this Court's Order to Seal and District of Delaware Local Rule 26.2 before abruptly hanging up on counsel for ChanBond and the parties in this action.[2] Unable to ensure the confidentiality of the Confidential Filing, ChanBond respectfully requests emergency relief from this Court instructing Mr. Rader to comply with the Court's Order to Seal, confirm his compliance with Local Rule 26.2, or alternatively identify to whom he has distributed the Confidential Filing so Chanbond may take appropriate steps to recover and protect the Confidential Filing.[3]

Pursuant to District of Delaware Local Rule 7.1, counsel for ChanBond contacted counsel for CBV, Inc., Deirdre Leane, and IPNAV, LLC (the "Parties") to attain their consent to file the Confidential Filing under seal on March 23, 2022. The Parties provided their consent. ChanBond filed an Unopposed Motion to Seal (D.I. 53) on March 31, 2022. The Court granted ChanBond's Motion to Seal the same day. (*See, e.g.*, SO ORDERED re Unopposed Motion to file Under Seal docket entry, dated Mar. 31, 2022.) ChanBond subsequently made the Confidential Filing under seal. (*See* D.I. 54.)

Because counsel for the Non-Parties are listed on the docket, the Confidential Filing was inadvertently served upon them on March 31, 2022.[4] (*See* Ex. A.) Upon learning of the inadvertent dissemination yesterday, counsel for ChanBond promptly requested that the Non-Parties destroy the Confidential Filing and acknowledge destruction in writing because the Confidential Filing is protected from disclosure under this Court's Order to Seal and District of

---

[2] Chanbond has participated in two telephonic meet and confers with Mr. Rader. He ended both by abruptly hanging up while the parties were still attempting to meet and confer.

[3] Although Delaware counsel for the Non-Parties have confirmed that they have not disseminated the Confidential Filing, they were unwilling or unable to convince Mr. Rader to provide the same representation that would have obviated this emergency application.

[4] Counsel for the non-parties filed a Motion to Intervene Derivatively ("Motion to Intervene") on behalf of Gregory Collins and Kamal Mian on March 21, 2022. (*See* D.I. 34; *see also* Local Rule 7.1.1 Notice docket entry, dated Mar. 22, 2022.) The Motion to Intervene is not yet briefed. ChanBond intends to oppose the Motion to Intervene. Delaware counsel for the Non-Parties also filed two Motions for *Pro Hac Vice* to admit Mr. Rader and Jason R. Dilday to represent the Non-Parties. (D.I. 35, 36.) In connection with the Motions for *Pro Hac Vice*, Delaware counsel attached certifications, pursuant to District of Delaware Local Rule 83.5, attesting to Messrs. Rader and Dilday's good standing as members of the Bar of California. (*Id.*) Both certifications state that Messrs. Rader and Dilady "submit to the disciplinary jurisdiction of this Court for any alleged misconduct which occurs in the preparation or course of this action[,]" and attest that Messrs. Rader and Dilady are "familiar with this Court's Local Rules." (*Id.*)

Delaware Local Rule 26.2.[5] (*Id.*) Counsel for the Non-Parties did not respond. It was not until the parties engaged in a meet and confer concerning other matters earlier today that Mr. Rader finally confirmed that he would not comply with ChanBond's clawback request. Nor would Mr. Rader confirm his compliance with the Court's Order to Seal and Local Rule 26.2 or disclose to whom he distributed the Confidential Filing. To the contrary, Mr. Rader suggested he was not bound to preserve the confidentiality of the Confidential Filing notwithstanding the Order to Seal. Subsequent efforts to obtain this information from Delaware counsel to the Non-Parties were unsuccessful.

Despite the Court's Order to Seal and Local Rule 26.2, Mr. Rader claimed that he was not obligated to maintain the confidentiality of the Confidential Filing. Incredibly, Mr. Rader argued that Local Rule 26.2 only applies to initial disclosures, not to documents produced on an expedited basis in opposition to preliminary injunctive relief. As the Court well knows, the plain language of Local Rule 26.2 and this Court's precedent confirm that Mr. Rader is wrong. *See, e.g.*, *vMedex, Inc. v. TDS Opearting, Inc.*, No., 18-CV-1662-MN, 2021 WL 4806814, at 1* Oct. 14, 2021) ("In the absence of a protective order, Local Rule 26.2 applies by default to documents any party deems to be confidential."). And even if Local Rule 26.2 does not apply, the Court's Order to Seal prohibits Mr. Rader and his clients from accessing the Confidential Filing or distributing it to third parties.

ChanBond has reason to believe that the Confidential Filing may have been posted in chatrooms or on private Facebook pages frequented by public investors in ChanBond's parent, UnifiedOnline, Inc. *See, e.g.*, https://investorshub.advfn.com/boards/read_msg.aspx?message_id=168400448 (last visited Apr. 5, 2022) (March 31, 2022 posting discussing whether arbitrations are "private matters"). Mr. Rader's refusal to comply with the clawback request, confirm his compliance with Local Rule 26.2, or at a minimum disclose to whom he has distributed the Confidential Filing, only heightens ChanBond's concerns.

While ChanBond would have preferred to avoid burdening the Court with this emergency application, Mr. Rader's refusal to comply with the clawback request or at a minimum to confirm the Confidential Filing would remain protected – while he presumably seeks relief from the Court's Order to Seal instead of unilaterally determining to disregard it – necessitates ChanBond's expedited request for relief.

---

[5] District of Delaware Local Rule 26.2 provides:

> If any documents are deemed confidential by the producing party and the parties have not stipulated to a confidentiality agreement, until such an agreement is in effect, disclosure shall be limited to members and employees of the firm of trial counsel who have entered an appearance and, where appropriate, have been admitted *pro hac vice*. Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case.

This Court's Order to Seal, Local Rule 26.2, and fairness dictate that the Non-Parties should not be able to take advantage of the inadvertent service of the Confidential Filing to access confidential information to which they otherwise have no right. ChanBond respectfully seeks an order compelling Mr. Rader and counsel for the Non-Parties to (1) return or destroy all copies of the Confidential Filing in their possession, custody or control, (2) identify to whom they have disclosed the Confidential Filing, (3) take any and all steps necessary to recover the Confidential Filing from any such recipients, and (4) any other relief the Court deems necessary or appropriate.[6]

Should Your Honor have any questions, comments, or concerns, the undersigned is available at the Court's convenience, apologizes for the burden this request poses upon the Court, and thanks the Court for its attention to this matter.

Respectfully submitted,

*/s/ Stephen B. Brauerman*

Stephen B. Brauerman (#4952)

---

[6] Given Mr. Rader's refusal to familiarize himself with the District's Local Rules, his unwillingness to comply with them when advised of their requirements, and his unprofessional conduct on meet and confers, ChanBond has serious concerns about the propriety of his continued *pro hac vice* admission to practice before this Court.