THE WILLIAMS LAW FIRM, P.A.

DAVID NICOL WILLIAMS, ESQ.†
JOHN LEGARÉ WILLIAMS, ESQ.*
BRIAN C. CRAWFORD, ESQ.#

SUITE 600, ONE COMMERCE CENTER
1201 N. ORANGE STREET
P. O. BOX 511
WILMINGTON, DELAWARE 19899-0511

TELEPHONE:
(302) 575-0873
TELECOPIER:
(302) 575-1642
E-MAIL:
dave@trustwilliams.com
john@trustwilliams.com
brian@trustwilliams.com

STATES OF ADMISSION:
DELAWARE†*#
DIST. OF COL.†
FLORIDA†
MASSACHUSETTS*
NEW JERSEY*#
NEW YORK*
PENNSYLVANIA*

April 6, 2022

**By CM/ECF**
The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re: <u>**CBV, Inc. v. ChanBond, LLC, 1:21-cv-01456-MN**</u>

Dear Judge Noreika,

Enclosed please find the response of Gregory Collins and Kamal Mian, derivatively on behalf of UnifiedOnline, Inc., by and through counsel, to the letter filed by Counsel for ChanBond, LLC regarding Emergency Request to Protect Confidentiality of ChanBond, LLC's Under Seal Filing which we incorporate herein by reference as Schedule "A."

Respectfully submitted,

John Legaré Williams, DE Bar #4473

cc: Geoffrey Graham Grivner, Esq. *(via electronic noticing)*
Kody Macgyver Sparks, Esq. *(via electronic noticing)*
Stephen B. Brauerman, Esq. *(via electronic noticing)*
Ronald P. Golden, III, Esq. *(via electronic noticing)*
James Harry Stone Levine, Esq. *(via electronic noticing)*
Dylan M. Schmeyer, Esq. *(via electronic noticing)*
Akiva M. Cohen, Esq. *(via electronic noticing)*
Steve L. Rader, Esq. *(via electronic noticing)*
Jason R. Dilday, Esq. *(via electronic noticing)*
Brian C. Crawford, Esq.

# SCHEDULE "A"

# CENTAURI LAW GROUP, P.C.

15615 Alton Pkwy, Suite 245
Irvine, CA 92618
Phone: (949) 336-5716
srader@centaurilaw.com
www.centaurilaw.com

April 6, 2022

**By CM/ECF**

The Honorable Marellen Norieka
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington Delaware

    Re: **CBV, Inc. v. Chanbond, LLC, 1:21-cv-01456-MN**

Dear Judge Norieka:

    We respectfully respond to Chanbond's unheralded application for a substantive Court Order affecting our clients' rights, made through an ex parte letter to the Court (see Delaware Local Rule 7.1.2(a) ("all requests for relief shall be presented to the Court by motion")), we must state our position on the matter succinctly. We would respectfully request proper notice and a meaningful opportunity to respond before any further orders affecting our clients' rights are considered in the future. Our position on the matter remains as follows:

- Neither we, nor our clients violated any Order of the Court. The Order referenced in the letter simply granted Chanbond leave to file a document under seal and stated nothing about service or disclosure. No Order of prohibition was directed to us or our clients. The motion for leave to file under seal served on us on March 31, 2022, along with the "inadvertently" disclosed document, did not include us in the Rule 7.1.1. process and the Order granting that motion issued before we had any opportunity to oppose the motion.

- I did not violate any Ethical Rule.[i1] To the extent that I may have misunderstood my ethical obligations under the circumstances, I request that my failings not be attributed to my co-counsel, or my clients. I will accept the responsibility and the consequences.

- The Bayard Law Firm has no authority to compel our clients to waive their common law or First Amendment Rights and the Court, respectfully, can only do so, if at all, after due process.

April 6, 2022
Page 2

- Chanbond has suffered no damage from disclosure of the arbitration award entered against UnifiedOnline, Inc. to Unified's shareholders independent from any damage caused by the disclosure thereof to Plaintiff CBV, Inc. or the other litigants in this case.

- The public has a right of access to the records of the Court and the parties should not be permitted - absent a particularized showing of specific harm - to try this case in secret. (In re Storag Etzel GmbH, 2020 U.S. Dist. LEXIS 97953, *10-13, 2020 WL 2949742 at *4 ("The District Court is not a star chamber. We are a public institution in a democratic republic and the public has a right of access to our filings. That right is founded in the common law and "antedates the Constitution." Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 343 (3d Cir. 1986). The public's right of access is not absolute; but it is strongly presumed, and it can be overcome only if a party demonstrates that public disclosure of a filing will result in "a clearly defined and serious injury." In re Avandia Mktg., Sales Practices & Prod. Liab. Litig., 924 F.3d 662, 672 (3d Cir. 2019)"); see also, Lipocine Inc. v. Clarus Therapeutics, Inc., 2020 U.S. Dist. LEXIS 141475, *3-9, 2020 WL 4569473)). Chanbond has not identified a serious injury in any of its Court filings or discussions.

- Local Rule 26.2 applies to discovery, between the parties, and has no application under these circumstances. Because the document in question was included in response to a motion seeking, *inter alia*, injunctive relief, it is a judicial record which establishes a common law presumption of access. See In re Storage Etzel GmbH, supra at *8. As a judicial record, the common law is dramatically less pliant than the factors weighed under Rule 26. *See id.* at *9 ("In both substance and procedure, the burdens that must be overcome to justify the sealing of judicial records under the common law are dramatically less pliant than the factors weighed under *Pansy* in deciding whether a protective order is warranted. Unlike the Rule 26, standard, the common law right of access begins with a thumb on the scale in favor of openness – the strong presumption of public access).

- The subject arbitration award is not inherently privileged or protected from discovery or disclosure in legal proceedings. When it is filed with the Court, as it must be if a party seeks to enforce it as a judgment of the Court, the arbitration award loses confidentiality. (See e.g., Pa. Nat'l Mut. Cas. Ins. Grp. v. New Eng. Reinsurance Corp., 840 Fed. Appx. 688, 689, 2020 U.S. App. LEXIS 40342, *1, 2020 WL 7663878 (Where plaintiff, an insurer, filed an arbitration award under seal, defendant, also an insurer, was entitled to an order unsealing that award because the award constituted a judicial record to which the common-law right of access applied, and the plaintiff did not articulate a clear and serious injury that would result from the unsealing of the award).

- Our communications with our clients are privileged and not to be inquired into by opposing counsel.

We would have thought these precepts to be universal, and anodyne. Nonetheless, when I attempted to discuss them with counsel we were accused of "bad faith" and threatened with

April 6, 2022
Page 3

sanctions. The subject "letter to the court" requesting that my clients' First Amendment rights be infringed, without notice or a hearing, followed. The First Amendment right of access requires a much higher showing than even the common law right of access before a judicial proceeding can be sealed and any restriction on the right of public access is evaluated under strict scrutiny. See In re Storage Etzel GmbH, supra at *6.

We would respectfully request proper notice and a meaningful opportunity to be heard on these issues affecting our clients' Constitutional rights. We have returned and/or destroyed all copies of the subject Opposition brief served on us. We have scheduled a call with our clients for 1:00 p.m. (PST) to discuss with them the Court's Order of this date.

Respectfully submitted,

/s/ Steven L. Rader

Steven L. Rader

---

[i] **ABA:**

Rule 4.4 (b): "(b) A lawyer who receives a document or electronically stored information relating to the representation of the lawyer's client and knows or reasonably should know that the document or electronically stored information was inadvertently sent shall promptly notify the sender."

In the Comments: "Paragraph (b) recognizes that lawyers sometimes receive a document or electronically stored information that was mistakenly sent or produced by opposing parties or their lawyers. A document or electronically stored information is inadvertently sent when it is accidentally transmitted, such as when an email or letter is *misaddressed* or a document or electronically stored information is *accidentally* included with information that was intentionally transmitted. If a lawyer knows or reasonably should know that such a document or electronically stored information was sent inadvertently, then this Rule requires the lawyer to promptly notify the sender in order to permit that person to take protective measures. *Whether the lawyer is required to take additional steps, such as returning the document or electronically stored information, is a matter of law beyond the scope of these Rules, as is the question of whether the privileged status of a document or electronically stored information has been waived.*"

California:

Rule 4.4 Duties Concerning Inadvertently Transmitted Writings* (Rule Approved by the Supreme Court, Effective November 1, 2018)

Where it is reasonably* apparent to a lawyer who receives a writing* relating to a lawyer's representation of a client that the writing* was inadvertently sent or produced, and the lawyer knows* or reasonably should know* that the writing* *is privileged or subject to the work*

April 6, 2022
Page 4

*product doctrine*, the lawyer shall: (a) refrain from examining the writing* any more than is necessary to determine that it is privileged or subject to the work product doctrine, and (b) promptly notify the sender.

<u>Delaware</u>:

(Same as ABA)