# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., | ) |
|             Plaintiff, | ) ) ) |
|     v. | ) C.A. No. 1:21-cv-01456-MN |
| CHANBOND, LLC, DEIRDRE LEANE, and IPNAV, LLC, | ) ) ) ) |
|             Defendants. | ) ) |

## DEIRDRE LEANE AND IPNAV, LLC'S
## ANSWERING BRIEF IN OPPOSITION TO MOTION TO INTERVENE DERIVATIVELY ON BEHALF OF UNIFIEDONLINE, INC.

OF COUNSEL:

Akiva M. Cohen
Dylan M. Schmeyer
KAMERMAN, UNCYK,
    SONIKER & KLEIN P.C,
1700 Broadway, 16th Floor
New York, NY 10019
212.400.4930
acohen@kusklaw.com
dschmeyer@kusklaw.com

Dated: April 11, 2022

James H. S. Levine (DE No. 5355)
TROUTMAN PEPPER
    HAMILTON SANDERS LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
302.777.6500
james.levine@troutman.com

*Attorneys for IPNAV, LLC and Deirdre Leane*

J

## Table of Contents

INTRODUCTION ............................................................................................................................. 1

NATURE AND STAGE OF PROCEEDINGS .............................................................................. 3

STATEMENT OF FACTS ............................................................................................................. 4

    I.   The Currently Pending Action ........................................................................................ 4

    II.  The Proposed Intervention ............................................................................................. 5

SUMMARY OF ARGUMENT ...................................................................................................... 6

ARGUMENT .................................................................................................................................. 6

    I.   Stockholders Have No Right To "Derivatively Defend" Unified In This Action ................ 6

    II.  Proposed Intervenors Cannot Bring Their Proposed "Third-Party Complaint" ................... 8

    III. Intervention is Not Warranted ...................................................................................... 10

CONCLUSION ............................................................................................................................. 12

<s>
</s>
<s>
</s>

# Table of Authorities

Page

**Cases**

*Benjamin v. Dep't of Pub. Welfare of Pa.*, 432 F. App'x 94 (3d Cir. 2011) ................................ 10

*DG BF, LLC v. Ray*, C.A. No. 2020-0459-MTZ, 2021 WL 776742 (Del. Ch. Mar. 1, 2021) ....... 9

*Donovan v. United Steelworkers of Am., AFL-CIO*, 721 F.2d 126 (3d Cir. 1983)........................ 12

*Edmonson v. Lincoln Nat. Life Ins. Co.*, 725 F.3d 406 (3d Cir. 2013) ........................................... 9

*Eggers v. Nat'l Radio Co.*, 208 Cal. 308 (1929)............................................................................. 7

*F.D.I.C. v. Bathgate*, 27 F.3d 850 (3d Cir. 1994) .......................................................................... 8

*Foulke v. Dugan*, 212 F.R.D. 265 (E.D. Pa. 2002) ....................................................................... 8

*In re Protarga, Inc.*, No. 03-12564 (PJW), 2004 WL 1906145 (Bankr. D. Del. Aug. 25, 2004) .. 8

*Nat. Res. Def. Council v. Kempthorne*, 539 F. Supp. 2d 1155 (E.D. Cal. 2008) ............................ 7

*See*, *e.g.*, *Shields v. Barrow*, 58 U.S. 130 (1854)........................................................................... 7

*TransPerfect Glob., Inc. v. Ross Aronstam & Moritz LLP*, No. CV 2021-0065-KSJM, 2022 WL 803484 (Del. Ch. Mar. 17, 2022)................................................................................. 11

*United Food & Com. Workers Union & Participating Food Indus. Emps. Tri-State Pension Fund v. Zuckerberg*, 262 A.3d 1034 (Del. 2021) ................................................................. 7

**Rules**

Fed. R. Civ. P. 14 (a) ..................................................................................................................... 2

Fed. R. Civ. P. 23.1........................................................................................................................ 7

Fed. R. Civ. P. 24 (a)(2)............................................................................................................... 10

**Treatises**

33 A.L.R.2d 473............................................................................................................................. 7

## INTRODUCTION

Defendants Deirdre Leane ("Leane") and IPNAV, LLC ("IPNAV" and, collectively with Leane, the "Leane Defendants") respectfully submit this Answering Brief in opposition to the motion of Kamal Mian and Gregory Collins ("Proposed Intervenors") for leave to intervene in this action (the "Motion"), purportedly derivatively on behalf of non-party UnifiedOnline, Inc. ("Unified"), both as a defendant and to bring what Proposed Intervenors describe – incorrectly – as a "third-party complaint" against non-party Billy Carter ("Carter"). To call the procedural posture of this Motion "unique" would dramatically undersell it. In reality, the Motion is not procedurally unique; for a variety of reasons, it is procedurally *impossible*.

First, Proposed Intervenors ask the Court to allow them to intervene derivatively on behalf of Unified. But stockholders have no right to mount a derivative defense of a corporation unless the corporation unreasonably refuses to defend claims against it. Here, Plaintiff CBV, Inc. ("CBV") has not even named Unified as a defendant. As discussed below, CBV's failure to name Unified as a party means that intervening to add Unified as a defendant would *increase* the risk to Unified, not *protect* it from risk. Under the circumstances, there is no right to derivatively "defend" the corporation. Similarly, the proposed claim that Unified lacked authority to enter the ISA would *harm* Unified (by voiding the acquisition of (and therefore its rights to) its sole asset, defendant ChanBond, LLC ("ChanBond")), and cannot be asserted derivatively on Unified's behalf.

Second, Proposed Intervenors' true goal is to add their derivative claims against Carter to this litigation via third-party complaint. Indeed, the Motion attaches not a proposed pleading defending Unified (as one would typically expect in an attempted intervention), but a document described as a proposed "third-party complaint." But the Federal Rules of Civil Procedure do not

1

allow for such a pleading; third-party practice under Rule 14 is limited to claims by a defendant against "a non-party who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14 (a). Proposed Intervenors' purported third-party claims against Carter don't plead indemnification or other derivative liability; they raise entirely different claims that they contend Unified has against Carter. Op. Br. Ex. A at 9-11 (alleging claims against Carter for breach of fiduciary duty and unjust enrichment, and seeking an equitable accounting (erroneously asserted as a separate claim, rather than the remedy that it is)). And *of course* any claim against Carter would be unrelated to CBV's claims in this action – there is no claim of primary liability against Unified as to which Unified could assert that some third-party (Carter or anyone else) is in turn secondarily liable to it.

Third, when this was pointed out to counsel for Proposed Intervenors in a meet and confer, they disclaimed reliance on Rule 14 and instead suggested that their proposed claims against Carter could be added via Rule 13(h), an argument notably absent from the Motion. But in addition to not having asserted that as a ground for intervention, Rule 13(h) governs the addition of parties to a crossclaim or counterclaim – and even Proposed Intervenors do not suggest that Unified would assert counterclaims or crossclaims, let alone that they would be in any way related to the proposed derivative claims against Carter, such that Carter would be a proper additional party on such a counter- or cross-claim under Rules 19 or 20 (as required by Rule 13). So that route – even if the Proposed Intervenors had asserted it – is also a dead end.

Fourth, even were none of that an issue, the motion to intervene would fail on its own merit. Because Unified is not a party, the Court lacks jurisdiction to invalidate the ISA even were CBV's fanciful claims somehow upheld. As such, Unified cannot intervene as of right (because

2

no interest of Unified's in the ISA can be impaired in its absence).[1] Nor can Proposed Intervenors be granted permissive intervention. As to its proposed defense, each of Leane, IPNAV, and ChanBond share Unified's interest in opposing CBV's claims and maximizing the share of the arbitration award due to Leane Defendants that CBV must pay. And as to the affirmative claims against Carter, permissive intervention cannot be granted because there are already two other proceedings by which Unified stockholders are pressing those very same claims – one in North Carolina (*Leane v. Carter*, No. 2021CVS5405 (N.C. Business Court, Guilford)), and one in California (*Kian v. Carter*, No. 30-2021-01219501-CU-MC-CJC (Super. Ct., Orange County)) – and it would be inefficient and improper to add a third in this Court. And in any event, the only even potential interest Unified has in this action is opposing CBV's attempt to invalidate the ISA, which is clearly time-barred.

In sum, this Motion is a layer-cake of procedural impossibility: as mere stockholders, Proposed Intervenors lack standing to assert a derivative defense on behalf of Unified. Even were that not true, they could not assert the affirmative claims against Carter that truly drive their request to intervene. And even were *that* not true, there is no basis to grant intervention, whether as of right or permissively. The Motion must be denied.

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff CBV filed its Complaint in this Action on October 15, 2021 (D.I. 1). CBV filed its Motion on March 15, 2022 (D.I. 18-19). On March 16, 2022, the parties stipulated to the Leane Defendants' intervention in this Action (D.I. 25), which the Court ordered on March 17,

---

[1] The entire kerfuffle caused by Proposed Intervenors – including this Motion and the motion practice occasioned by Proposed Intervenors' counsel's refusal to recognize or respect the confidentiality designations of documents filed under seal (D.I. 59-61, 63) – could have been avoided had CBV simply named Unified as a defendant at the outset, as CBV's claims – and the Federal Rules – required.

3

2022 (D.I. 28).  Leane Defendants filed an Answer, Counterclaims, and Cross-claim on March 23, 2022 (D.I. 41). Proposed Intervenors filed their motion for leave to intervene derivatively on behalf of Unified (the "Motion") on March 21, 2022.  This is the Leane Defendants' Answering Brief in opposition to the Motion.

## STATEMENT OF FACTS

### I. The Currently Pending Action

The claims in this case all arise out of CBV's initial sale of its intellectual property (the "Patents") to ChanBond, ChanBond's retention of IPNAV to provide advisory services, and Ms. Leane's subsequent sale of ChanBond to Unified. Though each of those transactions occurred in 2015 (*see* D.I. 68-1, 6-1 at Ex. C, & 68-5), and though CBV had specific knowledge of both ChanBond's retention of IPNAV and of the sale to Unified (*see* D.I. 69-2, 68-1, 68-3, 68-4, 68-5, 72-1), CBV waited until 2021 to file time-barred claims that the 2015 retention of IPNAV and the sale to Unified somehow breached Section 2.8 of the contract by which it sold the Patents to ChanBond (the "PPA"). (D.I. 2.) In addition to being time-barred, CBV's claims that the retention of IPNAV (or sale to Unified) breached the PPA are vehemently disputed by ChanBond (*see* D.I. 11), Leane Defendants (*see* D.I. 41), and, most strikingly, CBV's own President and CEO, Earl Hennenhoefer – who signed the PPA on behalf of CBV and explained repeatedly and in excruciating detail, under oath, that the retention of IPNAV was *not* a breach of the PPA. (D.I. 68-2).

Similarly frivolously, CBV has also asserted claims that ChanBond breached the PPA by not timely paying CBV and in attempting to have CBV bear 50% of the burden of paying ChanBond's litigation funders (*see* D.I. 2), despite CBV having signed an amendment to the PPA just months before filing suit, by which it specifically agreed that ChanBond should

4

withhold payment and that CBV would share equally in the payment to the litigation funder. (D.I. 68-8.) CBV's complaint does not name Unified as a defendant.

After intervening, Leane Defendants asserted a crossclaim against ChanBond for confirmation of an arbitration award requiring payment of the advisory services fee, and counterclaims against CBV seeking a declaration that Section 2.8 of the PPA was not breached and, in the alternative, damages for unjust enrichment arising out of CBV's silent acceptance of IPNAV's advisory services to ChanBond over the years after CBV learned of IPNAV's retentions. (D.I. 41.)

## II.   The Proposed Intervention

Proposed Intervenors allege that they are Unified stockholders. On September 3, 2021, they brought a derivative action against ChanBond's Manager, William "Billy" Carter, in California Superior Court. *See* Declaration of Akiva M. Cohen ("Cohen Dec."), Ex. 1. That action asserts claims identical to those Proposed Intervenors seek to bring in this action. *Compare* Cohen Dec. Ex. 1 *with* D.I. 34-1. In a meet and confer held after Proposed Intervenors filed their motion, counsel for Proposed Intervenors conceded that Rule 14 of the Federal Rules of Civil Procedure would not allow their proposed third-party complaint against Mr. Carter, because the claims asserted therein do not depend on, or allege secondary liability relating to, any claims against Unified asserted by any of the parties to this action. Cohen Dec., ¶ 3. Nevertheless, Proposed Intervenors refused to withdraw the purported "third-party complaint" on the theory that claims against Mr. Carter could be asserted under Fed. R. Civ. P. 13(h). *Id.*

As shown below, it cannot, and for that reason (and many others) the application for leave to intervene should be denied.

5

**SUMMARY OF ARGUMENT**

1.  Proposed Intervenors have no right to derivatively "defend" Unified because CBV has not asserted any claims against it. Permitting Proposed Intervenors to intervene derivatively on behalf of Unified would actually increase the risk of harm to Unified, rather than protect it.

2.  The Federal Rules of Civil Procedure do not allow Proposed Intervenors to bring unrelated derivative claims against a third party into this action, which are the only claims Proposed Intervenors purport to assert in their proposed derivative complaint.

3.  Proposed Intervenors have no right to intervene under the Federal Rules. There is also no basis for the Court to grant permissive intervention because Unified's absence from this suit is in the company's best interest, and because Proposed Intervenors' intended claims against Carter are already pending in two other jurisdictions. It would be inefficient and improper to permit them to be brought for a third time in this Court.

**ARGUMENT**

**I.   Stockholders Have No Right To "Derivatively Defend" Unified In This Action**

The hook for Proposed Intervenors' attempt to bring affirmative derivative claims on behalf of Unified into this lawsuit is the fiction that they can appear derivatively to *defend* Unified and then, once in the case, simply add whatever affirmative derivative claims they want to pursue against anyone they'd like to pursue them against. But Proposed Intervenors have no right to bring Unified into this case to defend anything at all.

While it is well-settled that a corporation's stockholders may bring derivative claims on behalf of the corporation when the corporate board refuses to do so (or where demand would be futile), *United Food & Com. Workers Union & Participating Food Indus. Emps. Tri-State*

*Pension Fund v. Zuckerberg*, 262 A.3d 1034, 1047 (Del. 2021); Fed. R. Civ. P. 23.1, there is generally no right to intervene to derivatively *defend* a corporation. To the extent that such a right is recognized in some states (and Leane Defendants are not aware of any Delaware cases that recognize such a right), it is strictly circumscribed, available only where the directors "wilfully [sic] or fraudulently neglect" to defend a claim against the corporation. 33 A.L.R.2d 473 (Originally published in 1954) (collecting cases). For instance, California allows derivative defense "where a corporation refuses to defend an[] action, or, having begun a defense, it is made to appear that the corporation will not press it in good faith." *Eggers v. Nat'l Radio Co.*, 208 Cal. 308, 313 (1929) (cleaned up). Of course, to trigger that rule, there must first be a claim asserted against the corporation for it to refuse to defend.

  Here, however, no claim is asserted against Unified at all. CBV has not named Unified a defendant, which precludes the only relief against Unified nominally sought by the complaint (cancellation of the ISA). Indeed, so long as Unified *doesn't* appear as a defendant – whether named by CBV or by voluntary intervention – the Court has no ability to set aside the ISA. *See*, *e.g.*, *Shields v. Barrow*, 58 U.S. 130, 132 (1854) ("A bill to set aside an agreement for cancelling the sale of property, could not be entertained without the presence of the two parties to the sale, and agreement to cancel"); *Nat. Res. Def. Council v. Kempthorne*, 539 F. Supp. 2d 1155, 1185 (E.D. Cal. 2008) ("[i]t is well-settled that in an action to set aside a contract, all parties to the contract must be present"). Appearing in the action, in contrast, would transform the request to void the ISA from relief that the Court *cannot* grant into relief that the Court *should not* grant. Unless and until CBV names Unified as a defendant, Unified cannot have "willfully" or

"fraudulently" neglected to defend CBV's claims, and no stockholder can appear "derivatively" on its behalf.[2]

## II. Proposed Intervenors Cannot Bring Their Proposed "Third-Party Complaint"

Even if Proposed Intervenors had a right to interpose a derivative defense on behalf of Unified, the Federal Rules still would not allow them to bring their affirmative derivative claims against Billy Carter as part of this action. "A third-party plaintiff's claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant." *In re Protarga, Inc.*, No. 03-12564 (PJW), 2004 WL 1906145, at *3 (Bankr. D. Del. Aug. 25, 2004) (dismissing third-party complaint where third-party plaintiff did not show "any connection between his potential liability to the [plaintiff] and his [third-party] claim"), *quoting Foulke v. Dugan*, 212 F.R.D. 265, 269 (E.D. Pa. 2002) (dismissing third-party complaint that did not allege secondary liability to the defendant). Proposed Intervenors' purported "third-party" pleading asserts double-derivative claims against Billy Carter that have nothing at all to do with CBV's allegations in this action; they do not depend on the Court's interpretation of the PPA and don't allege that Carter could be secondarily liable to Unified if Unified is "liable"[3] to CBV. Thus, they are not proper third-party claims. *F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) ("defendants' pleading against the Bank directors does not qualify as a third-party complaint under Rule 14(a), because the Bank

---

[2] Proposed Intervenors spend much of their brief arguing about whether Unified's board is duly constituted or has any authority at all. Unless and until Unified is named a defendant in this action, that is not a question for this Court. Proposed Intervenors' complaints about Unified's corporate governance are properly addressed in the Delaware Court of Chancery, not here.
[3] An impossibility, given that there is no claim against Unified that seeks to impose any liability on it at all.

8

directors' liability is not derivative of the Bathgate defendants' liability on the notes for which the FDIC is seeking payment").

During a meet and confer conducted pursuant to Local Rule 7.1.1 after Proposed Intervenors filed the Motion, Proposed Intervenors acknowledged that third-party practice under Rule 14 did not allow their proposed third-party complaint. Cohen Dec. ¶ 3. But Proposed Intervenors nevertheless refused to withdraw it, arguing that *Bathgate* suggests a path to add claims against Carter under Rule 13(h). It does not. Rule 13(h) governs the addition of parties to crossclaims or counterclaims, and Proposed Intervenors' intended claims against Billy Carter are neither counterclaims (against CBV) nor crossclaims (against ChanBond).

Nor could Unified assert its proposed accounting "claim" as a cross-claim against ChanBond, its wholly-owned subsidiary managed by Unified's appointee. As a preliminary matter, an equitable accounting is not a separate cause of action; it is a remedy that a Court can fashion where no adequate remedy exists at law. *DG BF, LLC v. Ray*, C.A. No. 2020-0459-MTZ, 2021 WL 776742, at *28 (Del. Ch. Mar. 1, 2021) ("Insofar that Count XXIV alleges a standalone cause of action, it fails to state a claim because equitable accounting is a remedy, not a cause of action"). More, an accounting remedy can only be sought where a party is entitled to a constructive trust on property held by a defendant who has been unjustly enriched by obtaining title to it. *Edmonson v. Lincoln Nat. Life Ins. Co.*, 725 F.3d 406, 435 (3d Cir. 2013). But *ChanBond* cannot have been "unjustly enriched" at Unified's expense, both because of the corporate relationship between the two entities and because ChanBond owned the patents (which generated the revenue in question) before it was purchased by Unified. While Unified may be entitled to an accounting against Carter, it cannot bring that claim in this action.

Simply put: This case is a three-sided dispute over the language of the PPA; Unified's stockholder claims, meritorious or not, do not need to be and cannot be heard as part of it.

## III. Intervention is Not Warranted

Separate and apart from the fact that Proposed Intervenors have no right to assert defenses on behalf of Unified and no ability to assert the affirmative claims they want to bring, the Motion should also be denied on its own merits.

Under Rule 24, a non-party (without a statutory right to intervene) may intervene in a pending action as of right only if: (1) they have an interest in the property or subject matter of the action which might thereby be impaired; and (2) no existing party adequately represents that interest. Fed. R. Civ. P. 24 (a)(2). *See also Benjamin v. Dep't of Pub. Welfare of Pa.*, 432 F. App'x 94, 98 (3d Cir. 2011) ("the applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene"). Proposed Intervenors argue that Unified has an interest in the proceeds held by its subsidiary, and in the validity of the ISA, and that Unified's interests "may" be impaired because *res judicata* would bar Unified from bringing a separate action if the ISA is found invalid. Opening Brief ("OB") at 14. But, as noted above, the ISA *cannot* be found invalid if Unified does not appear as a defendant, so Unified's interest in the validity of the ISA could not be impaired in the absence of intervention.

Similarly, Proposed Intervenors' argument that Unified has an interest in the settlement proceeds cannot justify intervention as of right. Here, any interest Unified has in the proceeds is derivative of ChanBond's interests, and through Unified's ownership and control of ChanBond, which is already a defendant in the suit. At issue in this suit is whether CBV must pay 50% of the advisory services fee ChanBond owes Leane Defendants, as a shared expense under Section

10

2.8 of the PPA.[4] ChanBond is, self-evidently, adequate to represent Unified's interest in seeing CBV contribute to that payment. So are Leane Defendants – because if CBV does not have to contribute its share of the advisory services fee, ChanBond will not have enough money to satisfy the arbitration award in full.[5] Unified's interests in the settlement proceeds are thus more than adequately protected by the existing parties, and it therefore cannot intervene as of right.

In the face of all this, Proposed Intervenors argue that Unified's interests are not adequately protected because they don't trust Billy Carter. OB at 16. But Billy Carter is not a party in this action; ChanBond is. And ChanBond's attorneys' duty is to their client, ChanBond, not to their client's manager, Mr. Carter. *TransPerfect Glob., Inc. v. Ross Aronstam & Moritz LLP*, No. CV 2021-0065-KSJM, 2022 WL 803484, at *11 (Del. Ch. Mar. 17, 2022) ("where an attorney is hired by a corporation, that attorney owes a duty to the corporate entity, not to the individual directors, officers and shareholders"). ChanBond's counsel would thus be ethically bound to prevent any attempt by Mr. Carter to settle this action in a manner that would be in his personal interest but to the detriment of ChanBond (and, through ChanBond, Unified), or to make arguments that would be in his personal interest but to the detriment of ChanBond (and, through ChanBond, Unified). The argument that Unified must intervene to prevent such self-dealing is, therefore, a scandalous, unwarranted, and entirely unsupported attack on ChanBond's counsel's ethics and professionalism; it should be forcefully rejected, not adopted as a basis to intervene.

---

[4] CBV also challenges its obligation to cover 50% of the amounts paid to ChanBond's litigation funder. (D.I. 6, ¶ 108.) Not only is Unified's interest in that aspect of the suit similarly addressed by ChanBond, but CBV affirmatively waived that claim when it agreed, in the Receipt, Release, and Consent to Distribute, that the amounts paid to the litigation funder would be treated as a shared expense in their entirety. (D.I. 68-8)

[5] So are Leane Defendants, given their economic interests.

11

Finally, there is no basis to allow permissive intervention. Generally, a Court appropriately exercises its discretion to deny permissive intervention where there is no basis to allow intervention as of right. *Benjamin*, 432 F. App'x at 99 ("If intervention of right is not available, the same reasoning would indicate that it would not be an abuse of discretion to deny permissive intervention") (cleaned up, quotation omitted). But more than that, allowing intervention based on CBV's claim that the execution of the ISA breached the PPA would be a clear abuse of discretion given how clearly time-barred that claim is. *See* D.I. 48 at 3-6, 13-15. Indeed, though CBV argues that the statute of limitations should be tolled, CBV was ***personally served*** with a copy of the ISA in 2016 (as an attachment to a third-party subpoena served in ChanBond's underlying patent litigation), *see ChanBond, LLC v. Atlantic Broadband Group, LLC*, No. 1:15-cv-00842 (D. Del. 2016) at D.I. 34-3, well more than three years prior to commencing this action. Moreover, the addition of Proposed Intervenors – who intend to file unrelated claims against yet another party, Mr. Carter – would undoubtedly cause prejudice and delay. *Cf. Donovan v. United Steelworkers of Am., AFL-CIO*, 721 F.2d 126, 127 (3d Cir. 1983) (court considering request for permissive intervention must consider likelihood of prejudice or delay to existing parties). On this record, permissive intervention must be denied as well.

## CONCLUSION

In sum, Proposed Intervenors' Motion fails for every reason imaginable. They do not have standing to interpose defenses on behalf of Unified; interposing those defenses would subject Unified to greater risk, not protect it; they cannot add Unified's claims against Carter to this action; and they have not met the elements of a successful motion to intervene. The Motion should be denied.

12

|  |  |
|---|---|
|  | Respectfully Submitted, |
| OF COUNSEL: | */s/ James H. S. Levine* |
|  | James H. S. Levine (DE No. 5355) |
| Akiva M. Cohen | TROUTMAN PEPPER |
| Dylan M. Schmeyer |     HAMILTON SANDERS LLP |
| KAMERMAN, UNCYK, | Hercules Plaza, Suite 5100 |
|     SONIKER & KLEIN P.C, | 1313 N. Market Street |
| 1700 Broadway, 16th Floor | P.O. Box 1709 |
| New York, NY 10019 | Wilmington, DE 19899-1709 |
| 212.400.4930 | 302.777.6500 |
| acohen@kusklaw.com | james.levine@troutman.com |
| dschmeyer@kusklaw.com |  |
|  | *Attorneys for IPNAV, LLC and Deirdre Leane* |
| Dated: April 11, 2022 |  |