IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1456-MN |
| | ) |
| CHANBOND, LLC, | ) |
| | ) |
| Defendant/Crossclaim-Defendant, | ) |
| | ) |
| DEIRDRE LEANE, and IPNAV, LLC | ) |
| | ) |
| Defendants/Counterclaim-Plaintiffs/Crossclaim-Plaintiffs. | ) |

**DEFENDANT CHANBOND, LLC'S OPPOSITION TO NON-PARTIES' GREGORY COLLINS AND KAMAL MIAN'S MOTION TO INTERVENE DERIVATIVELY ON BEHALF OF UNIFIEDONLINE, INC.**

Dated: April 11, 2022

**BAYARD, P.A.**

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendant ChanBond, LLC*

# **TABLE OF CONTENTS**

BACKGROUND ....................................................................................................................2

    A.    The Parties Subject to The Motion .......................................................................2

    B.    This Litigation Between CBV, Inc., ChanBond, Deidre Leane,
          and IPNav, LLC ......................................................................................................3

II.    ARGUMENT..................................................................................................................4

    A.    The Court Must Deny Intervention For Lack of Subject Matter Jurisdiction..........4

    B.    The Non-Parties Have No Right to Intervene Under Rule 24(a)............................6

          1.    The Non-Parties' Application Is Not Timely...............................................6

          2.    The Non-Parties' Have No Interest in This Litigation ...............................7

          3.    Having Failed to Identify a Sufficiently Protectable Interest, the
                Non-Parties Cannot Identify a Threat to their Non-Existent Interest
                or that ChanBond Does Not Adequately Protect Any Such Interest .........10

    C.    The Non-Parties Cannot Demonstrate This Court Should Exercise Its
          Discretion Under Rule 24(b)..................................................................................11

III.    CONCLUSION............................................................................................................12

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                       **Page**

*Amgen Inc. v. Amneal Pharms. LLC*,
    2020 WL 6060441 (D. Del. Oct. 14, 2020) .................................................................... 7

*Barrett v. McDonald*,
    2015 WL 237165 (D. Del. Jan. 16, 2015).................................................................... 11

*Brody By & Through Sugzdinis v. Spang*,
    957 F.2d 1108 (3d Cir. 1992) ....................................................................................... 11

*Buechner v. Farbenfabriken Bayer Aktiengesellschaft*,
    154 A.2d 684 (1959) ......................................................................................................8

*Donaldson v. United States*,
    400 U.S. 517 (1971)........................................................................................................6

*Eastman Chem. Co. v. AlphaPet Inc.*,
    2011 WL 6004079 (D. Del. Nov. 4, 2011) ................................................................ 8-9

*Endoheart AG v. Edwards Lifesciences Corp.*,
    2015 WL 6956603 (D. Del. Nov. 6, 2015) ....................................................................1

*Foster v. Gueory*,
    655 F.2d 1319 (D.C. Cir. 1981).....................................................................................1

*Gatz v. Ponsoldt*,
    297 F. Supp. 2d 719 (D. Del. 2003)...............................................................................5

*Haft v. Dart Grp. Corp.*,
    1994 WL 705194 (Del. Ch. Dec. 8, 1994) ....................................................................9

*Hamilton Partners, L.P. v. Englard*,
    11 A.3d 1180 (Del. Ch. 2010)........................................................................................2

*In re Cendant Corp. Litig.*,
    264 F.3d 286 (3d Cir. 2001) ..........................................................................................9

*In re Chemed Corp., S'holder Derivative Litig.*,
    2017 WL 1712530 (D. Del. Apr. 25, 2017)...................................................................1

*In re FBI Wind Down, Inc.*,
    581 B.R. 116 (Bankr. D. Del. 2018) .............................................................................. 8

*In re: Stone & Webster, Inc.*,
 335 F. Appx. 202 (3d Cir. June 1, 2009) ................................................................................8

*In re: Syntax-Brillian Corp.*,
 2016 WL 5662074 (D. Del. Sept. 29, 2016)..........................................................................7

*Kates on behalf of MetLife, Inc. v. Kandarian*,
 2020 WL 4287374 (D. Del. July 27, 2020),
 *report and recommendation adopted*,
 2020 WL 12432745 (D. Del. Sept. 8, 2020)...................................................................... 5-6

*Kleissler v. U.S. Forest Serv.*,
 157 F.3d 964 (3d Cir.1998)...................................................................................................6

*Mabon, Nugent & Co. v. Texas Am. Energy Corp.*,
 1990 WL 44267 (Del. Ch. Apr. 12, 1990)............................................................................8

*Mt. Top Condo Ass'n. v. Dave Stabbert Master Builder, Inc.*,
 72 F.3d 361 (3rd Cir. 1995) .................................................................................................6

*Reich v. ABC/York-Estes Corp.*,
 64 F.3d 316 (7th Cir. 1995) .................................................................................................1

*Spine Care Delaware, LLC v. State Farm Mutual Automobile Insurance Co.*,
 2018 WL 574938 (D. Del. Jan. 26, 2018)............................................................................5

*Sprint Communications Co. L.P. v. Nebraska Public Service Comm'n*,
 2006 WL 148997 (D. Neb. Jan. 18, 2006) ........................................................................... 8

*Sw. Ctr. for Biological Diversity v. Berg*,
 268 F.3d 810 (9th Cir. 2001) ...............................................................................................1

*Ungar v. Arafat*,
 634 F.3d 46 (1st Cir. 2011) .................................................................................................9

*United States v. Alcan Aluminum, Inc.*,
 25 F.3d 1174 (3d Cir. 1994)..............................................................................................6, 7

*United States v. Baxter Int'l, Inc.*,
 345 F.3d 866 (11th Cir. 2003) .............................................................................................1

*Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*,
 922 F.2d 92 (2d Cir. 1990) ..................................................................................................9

*Wharton v. Danberg*,
 2014 WL 4925227 (D. Del. Sept. 29, 2014).........................................................................6

**Rules and Statutes**

28 U.S.C § 1332 .................................................................................................................................4

28 U.S.C § 1367(b) ........................................................................................................................4, 5

Fed. R. Civ. P. 24(a)(2) ................................................................................................................... 6

Fed. R. Civ. P. 24(b) ..................................................................................................................... 11

Defendant ChanBond, LLC ("ChanBond") respectfully submits this Response in opposition to the Motion to Intervene Derivatively on Behalf of UnifiedOnline, Inc. (D.I. 34 (the "Motion") filed by non-parties Gregory Collins and Kamal Mian (the "Non-Parties"). The Court should reject the Non-Parties' efforts to intervene in this action, derivatively on behalf of UnifiedOnline, Inc. ("Unified"), itself a non-party with no protectable interest in this action, purportedly to interfere with the rights of Unified's wholly owned subsidiary, ChanBond, which has appeared in this action and is actively defending itself. While ChanBond disputes the confusing array of "facts" alleged in the Motion and asserted in the proposed "Verified[1] Shareholder Derivative Cross-Complaint,"[2] (the "Derivative Cross-Complaint") the Court should deny the Motion because the Non-Parties cannot satisfy the requirements of Federal Rules of Civil Procedure 24(a)(2) or 24(b). Even if the Non-Parties could identify (i) an interest that Unified has in this action, (ii) that is not adequately protected by ChanBond, (iii) that the Non-Parties could vindicate derivatively, their broad ranging Derivative Cross-Complaint has no basis in this case or even in this Court. The Court should deny the Motion.

---

[1] The Non-parties did not submit a verification with their "Verified Shareholder Derivative Cross-Complaint."

[2] While the Third Circuit has not directly addressed the standard for consideration of disputed facts set forth in a motion to intervene, this Court and other courts in the Third Circuit have held that the allegations set forth in the movant's motions and pleadings should be accepted as true, to the extent that they are non-conclusory and well-plead. *In re Chemed Corp., S'holder Derivative Litig.*, No. CV 13-1854-LPS-CJB, 2017 WL 1712530, at *4 (D. Del. Apr. 25, 2017); *Endoheart AG v. Edwards Lifesciences Corp.*, Civil Action No. 14-1473-LPS-CJB, 2015 WL 6956603, at *2 (D. Del. Nov. 6, 2015); *see also Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001); *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995); *Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981); *cf. United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) ("A motion to dismiss a complaint in intervention is reviewed under the same standard applicable to consideration of a motion to dismiss the original plaintiffs' complaint.").

I.      **BACKGROUND**

   A.   **The Parties Subject to The Motion**

Unified is the current owner and sole member of ChanBond. Non-Party William R. Carter is a director of Unified and the manager of ChanBond. (*See* D.I. 15.) Non-parties Kamal Mian and Gregory Collins claim to be shareholders of Unified and seek to intervene, doubly derivatively,[3] in this action to control settlement funds obtained by ChanBond from the settlement of patent litigation suits brought in this District. (D.I. 6 ¶¶ 4, 39-45.)[4]

The Non-Parties filed suit against Mr. Carter in the Superior Court of Orange County, California on September 3, 2021, and make no mention of this fact in the Motion or their proposed complaint, attached as Exhibit A. (*Compare* D.I. 34, Ex. A and ChanBond's attached Ex. 1.) The Non-Parties strategically omit this fact from their filing because their request to intervene is nothing more than a repackaging of their faulty California pleadings. (*See* Ex. 1.) In California, the Non-Parties assert four causes of action against Mr. Carter for breach of fiduciary duty of care, breach of fiduciary of loyalty, an accounting, and violation of the Delaware General Corporation Law Section 211(b).[5] Here, in their proposed Derivative Cross-Complaint, the Non-Parties seek to assert four causes of action against Mr. Carter and ChanBond for breach of fiduciary duty, unjust

---

[3] The Non-Parties claim to be stockholders of Unified, and seek to intervene in this action, in which Unified is not a party, because the rights of a Unified subsidiary, ChanBond, are implicated. *See, e.g.*, *Hamilton Partners, L.P. v. Englard*, 11 A.3d 1180, 1199 (Del. Ch. 2010) ("In a double derivative action, the cause of action being pursued belongs to the subsidiary, and the subsidiary is therefore a necessary party for granting relief.").

[4] Plaintiff CBV, Inc. is a patent holding company that formerly held various United States Patents and Applications it sold to ChanBond on April 9, 2015. (D.I. 6., Ex. A.)

[5] The Non-Parties further name Unified as a derivative defendant, as well as "DOES 1 through 5" as defendants.

enrichment, and seek an accounting. The "causes of action" are nearly identical to those listed in the papers filed in the California suit. (D.I. 34, Ex. A.)

**B.     This Litigation Between CBV, Inc., ChanBond, Deidre Leane, and IPNav, LLC**

For six years beginning in 2015, ChanBond prosecuted a litigation campaign to monetize patents it purchased from Plaintiff, CBV, Inc. ("CBV"). (D.I. 6 ¶¶ 42-45.) In May 2021, ChanBond settled various lawsuits in this Court and obtained proceeds therefrom, over which the parties to this action assert various claims. (*Id.* ¶¶ 4, 39-45.)

ChanBond was formed by Deidre Leane ("Ms. Leane") while employed with IP Navigation Group, LLC. ("IPNG"). (*Id.* ¶ 22.) IPNG, was created to provide patent monetization services to patent owners in exchange for recovery attained by patent owners' monetization of patents on or around November 13, 2007. (*Id.* ¶ 4.) IPNav, LLC ("IPNAV") was incorporated on or about May 29, 2014 by Ms. Leane, allegedly to stockpile the assets of IPNG – including but not limited to logos, URLs, contracts, and targeted employees – to continue providing patent monetization services. (*Id.*) This acquisition never occurred and no IPNG assets were ever acquired by IPNAV.

Before the Court are causes of actions between CBV, ChanBond, and Ms. Leane and IPNAV (collectively the "IPNAV Defendants") concerning the appropriate distribution of the settlement funds. (*See* D.I. 6, D.I. 41.) By its First Amended Complaint, CBV asserts seven causes of action against ChanBond related to the Patent Purchase Agreement, described at length in ChanBond's Opposition to CBV's Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery, as well as various ancillary agreements to obtain a portion of the settlement funds. (*See* D.I. 19 at 3-5.) Ms. Leane and IPNAV also claim a right to certain of the settlement funds and intervened in this action by way of stipulation to vindicate their rights

and prevent CBV from asserting a priority claim to the settlement funds from ChanBond.[6] (*See* D.I. 41.) In contrast, neither Unified, nor the Non-Parties purporting to intervene on its behalf, have any direct claim to the settlement funds. Rather, Unified's claim to the settlement proceeds (and the Non-Parties' claim to Unified's claim to the settlement proceeds) depend entirely on ChanBond's ability to recover the settlement funds.

## II.  ARGUMENT

### A.  The Court Must Deny Intervention For Lack of Subject Matter Jurisdiction

The Non-Parties' intervention efforts must fail because the Court cannot exercise subject matter jurisdiction over the Derivative Cross-Complaint.[7] Without analysis, the Non-Parties allege that the Court can exercise supplemental jurisdiction over the Derivative Cross-Complaint pursuant to 28 U.S.C § 1367. (*See, e.g.*, D.I. 34 ¶ 7.) The Non-Parties are wrong.

CBV's complaints against ChanBond and Ms. Leane's and IPNG's counterclaims against CBV and third-party complaint against Chanbond allege state law breach of contract claims brought in this Court in diversity. 28 U.S.C § 1332; (*see, e.g.*, D.I. 6 ¶ 16; D.I. 41 ¶ 6.) CBV is a citizen of Pennsylvania, Chanbond is a citizen of Delaware, Ms. Leane and IPNG are citizens of Texas. (D.I. 6 ¶ 18.) Section 1367(b) specifically provides that when this Court's jurisdiction is based in diversity, the "district courts shall not have supplemental jurisdiction . . . over claims by persons seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising

---

[6] The Patent Purchase Agreement and various ancillary agreements are described in ChanBond's Answering Brief in Opposition to CBV Inc.'s Motion for Temporary Restraining Order, Preliminary Injunction, and Request for Expedited Discovery. (*See, e.g.*, D.I. at 3-65.) For the reasons stated in that filing, CBV's requests for relief should be denied.

[7] During the Court-ordered meet and confer on the Motion, ChanBond asked counsel for the Non-Parties to explain how the Court could exercise subject matter jurisdiction over the Derivative Cross-Complaint. Instead of explaining its position, counsel for the Non-Parties hung up on counsel for ChanBond.

4

supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C § 1367(b); *see, e.g.*, *Spine Care Delaware, LLC v. State Farm Mutual Automobile Insurance Co.*, 2018 WL 574938, at * (D. Del. Jan. 26, 2018) ("From this broad grant of supplemental jurisdiction, Congress slices out and prohibits supplemental jurisdiction over claims by plaintiffs against persons made *parties* under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.") (emphasis in original). The Derivative Cross-Complaint cannot satisfy the requirements of Section 1332, and the Court must deny the Motion.

The Derivative Cross-Complaint asserts state law breach of fiduciary duty, unjust enrichment, and accounting claims derivatively on behalf of Unified, a Delaware corporation, against Chanbond, a Delaware limited liability company and Mr. Carter, a citizen of North Carolina. (Mot., Ex. A at ¶¶ 2-6.) Because Delaware entities stand on both sides of the Derivative Cross-Complaint, the Non-Parties cannot establish this Court's subject matter jurisdiction over ChanBond or the other parties to this suit under Section 1332. *See, e.g.*, *Gatz v. Ponsoldt*, 297 F. Supp. 2d 719, 733 (D. Del. 2003) (dismissing derivative claims asserted on behalf of a Delaware corporation against a Delaware defendant for lack of subject matter jurisdiction because the "Supreme Court has held that the corporation is the real party in interest, the stockholder being at best the nominal plaintiff. The proceeds of the action belong to the corporation, and it is bound by the result of the suit.") (internal citations and quotations omitted); *see also Kates on behalf of MetLife, Inc. v. Kandarian*, No. CV 19-1266-LPS-JLH, 2020 WL 4287374, at *13 (D. Del. July 27, 2020), *report and recommendation adopted*, No. CV 19-1266-LPS-JLH, 2020 WL 12432745

5

(D. Del. Sept. 8, 2020) (recognizing that diversity is destroyed where corporation is considered the plaintiff in a derivative action). The Court does not have diversity jurisdiction over the claims in the Derivative Cross-Complaint and cannot, therefore, exercise supplemental jurisdiction over the Non-Parties' cross claims. The Court must deny the Motion.

### B. The Non-Parties Have No Right to Intervene Under Rule 24(a)

Ignoring the dispositive jurisdictional issue, Non-Parties cannot demonstrate that mandatory intervention is justified. Rule 24(a)(2) states that upon timely application, a party shall be permitted to intervene in when the party "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Third Circuit mandates proof of four elements from the party seeking intervention: (1) a timely application for leave to intervene; (2) a sufficient interest in the litigation; (3) a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action, and (4) inadequate representation of the prospective intervenor's interest by existing parties to the litigation. *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir.1998); *see also Wharton v. Danberg*, C.A. No. 12–1240–LPS, 2014 WL 4925227, at *1 (D. Del. Sept. 29, 2014). Factors 2-4 all relate to an applicant's interest to intervene as of right. An applicant's interest must be "'significantly protectable'" to support intervention. *Mt. Top Condo Ass'n. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3rd Cir. 1995) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). An interest is "significantly protectable," when the applicant demonstrates "a tangible threat to a legally cognizable interest….' This interest is recognized as one belonging to or being owned by the proposed intervenor." *Id.* (quoting *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1185 (3d Cir. 1994). The Non-Parties cannot satisfy any of these elements.

### 1. The Non-Parties' Application Is Not Timely

The Court should reject the Non-Parties' application as untimely. Timeliness is measured from the point at which an applicant knew, or should have known, of the risk to its rights. *Amgen Inc. v. Amneal Pharms. LLC*, No. CV 16-853-MSG, 2020 WL 6060441, at *3 (D. Del. Oct. 14, 2020) citing *Alcan Aluminum, Inc.*, 25 F.3d at 1182; *see also In re: Syntax-Brillian Corp.*, 2016 WL 5662074, at *10 (D. Del. Sept. 29, 2016). Based on publicly available materials, the Non-Parties claim that they have a right to intervene in this action because certain alleged deficiencies in Unified's corporate governance allegedly leave ChanBond's authority to act "open to question." (Mot. at 10-12.) The Non-Parties acknowledge that these alleged defects were publicly disclosed at least as early as 2015. (Mot. at 10.) Yet, the Non-Parties took no action to address their concerns when Unified disclosed these alleged deficiencies in public securities filings, when ChanBond filed patent litigation actions in 2015, or when the public settlement of those actions was announced in 2021. Instead, having sat silently for years while Mr. Carter and ChanBond bore the risks and burdens of a hotly contested patent litigation campaign, the Non-Parties lied in wait until March 21, 2022, to seek to intervene in this action to stake a claim to settlement proceeds to which they have no legal right based on alleged corporate governance deficiencies about which they have known for years. The Motion is not timely, and the Court should deny it.

### 2. The Non-Parties' Have No Interest in This Litigation

The Non-Parties contend they are permitted to intervene because Unified has a "legal interest in the settlement funds at issue in this case." (D.I. 34 at 14.) This argument is incorrect as a matter of law. Unified does not have any cognizable legal interest in the settlement funds and the Non-Parties do not identify any. To the contrary, this action is about ChanBond's (and other parties') competing claims to the settlement funds. The Non-Parties concede that the interest they seek to vindicate on behalf of Unified to the settlement funds is derivative of ChanBond's claims to the

7

settlement funds – and exists only because ChanBond is its wholly owned subsidiary. *See, e.g.*, *Sprint Communications Co. L.P. v. Nebraska Public Service Comm'n*, No. 4:05CV3260, 2006 WL 148997, at *3 (D. Neb. Jan. 18, 2006) ("In sum, it appears that TWC must rely solely upon its status as the parent company of TWCIS in seeking to intervene as a matter of right. Absent the showing of a more direct interest in the NPSC's proceedings involving the Sprint–SENTCO interconnection and reciprocal compensation agreement, I find that TWC is not entitled to intervene in this case under Rule 24(a)(2)."); *see also In re: Stone & Webster, Inc.*, 335 F. Appx. 202 (3d Cir. June 1, 2009 (denying motion to intervene of parent into by parent seeking to intervene as party of interest in action brought by subsidiary); (Mot. at 14 ("[Unified] is the sole member of Chanbond, so Chanbond's 50% share of the "Net Recoveries" should flow to [Unified]").) Unified's derivative claim to ChanBond's share of the settlement funds does not give rise to any intervention rights.

That Unified is ChanBond's parent fails to provide a basis for Unified having an interest in this action that could support intervention. Delaware law respects the separate corporate existences of a parent and subsidiary. *Mabon, Nugent & Co. v. Texas Am. Energy Corp.*, No. CIV. A. 8578, 1990 WL 44267, at *5 (Del. Ch. Apr. 12, 1990 ("Under Delaware law, the separate corporate existences of parent and subsidiary will not be set aside merely on a showing of common management of the two entities, nor on a showing that the parent owned all the stock of the subsidiary."); *see also In re FBI Wind Down, Inc.*, 581 B.R. 116, 131 (Bankr. D. Del. 2018) ("Generally, parent and subsidiaries companies have no claim on the assets of the other."); *Buechner v. Farbenfabriken Bayer Aktiengesellschaft*, 154 A.2d 684, 687 (1959) ("A creditor of the parent corporation may not, in the absence of fraud, disregard the separate existence of a subsidiary corporation and look directly to specific assets of a subsidiary for satisfaction of his claim against the parent."); *cf. Eastman Chem. Co. v. AlphaPet Inc.*, No. CIV.A. 09-971-LPS-

CJ, 2011 WL 6004079, at *10 (D. Del. Nov. 4, 2011) (noting parent corporation does not have direct interest in assets held by its wholly owned subsidiaries). Unified does not have any right to ChanBond's settlement funds simply because it is ChanBond's sole member, and the Non-Parties do not offer any authority to support their contention. On this record, the Court cannot find that Unified has an interest in this litigation.

Even if Unified had a legal interest in the settlement funds, the Non-Parties do not even attempt to explain why they should be permitted to vindicate any such interest derivatively on behalf of Unified. *See, e.g.*, *Haft v. Dart Grp. Corp.*, No. 13736, 1994 WL 705194, at *2 (Del. Ch. Dec. 8, 1994) ("Perhaps in some situations, analogously to a derivative suit itself, a shareholder could establish that a derivative interest would support intervention under Rule 24(a) if it could establish that the corporation itself were inadequately representing the corporation's position."); *see also In re Cendant Corp. Litig.*, 264 F.3d 286, 297 (3d Cir. 2001) (affirming denial of stockholder's motion to intervene to object to settlement on behalf of corporation represented by counsel and actively participating in settlement proceedings). Non-Parties cannot and fail to allege adequately that ChanBond is not actively defending itself in this action and there is no reason for the Non-Parties, derivatively on behalf of Unified, derivatively on behalf of ChanBond, to intervene in this action.

The Non-Parties do not identify any significantly protectable interest because they do not own or have a property interest in any claims Unified may have to the settlement proceeds, as required by Rule 24(a)(2). *See Ungar v. Arafat*, 634 F.3d 46, 51-52 (1st Cir. 2011) ("[T]he interest must be direct and 'significantly protectable.' … An interest that is too contingent or speculative … cannot furnish a basis for intervention as of right."); *see also Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) (interest is significant pursuant to Rule

9

24(a)(2) only when "direct, substantial, and legally protectable"). The Non-Parties do not identify any interest Unified has in this action and cannot explain why they have the right to protect it derivatively.

> **3. Having Failed to Identify a Sufficiently Protectable Interest, the Non-Parties Cannot Identify a Threat to their Non-Existent Interest or that ChanBond Does Not Adequately Protect Any Such Interest**

Acknowledging that Unified's interest is entirely derivative of ChanBond's interest, Non-Parties argue that ChanBond may defend or settle this action in a manner that impairs Unified's Interest. (Mot. at 15.) While that may be true, because Unified's interest is derivative of ChanBond's, it is irrelevant and misses the point of the sufficiently protectable interest analysis. ChanBond cannot impair Unified's derivative interest without impairing its own interest, further proving that Unified does not have a protectable interest in this action that could support intervention. ChanBond's interest in this action is to maximize its proportionate share of the settlement funds and the Non-Parties do not explain how or why ChanBond would harm itself in this action. There is no question that ChanBond is actively defending itself in this action, opposing the relief sought in the complaint and the temporary and preliminary injunctive relief CBV has sought. (*See, e.g.*, D.I. 11, 54, 60.) The Non-Parties cannot identify any interest of Unified that is threatened by this action.

Non-Parties' adequate protection argument misunderstands the allegations of the complaint and CBV's claims in this action. (*See, e.g.*, D.I. 34 at 1.) Non-Parties erroneously claim that CBV challenges agreements Mr. Carter made to reduce the amount of "Net Recoveries" under the PPA and this somehow indicates that ChanBond will not seek to maximize its share of the settlement funds in this action. (Mot. at 16.) The agreement about which CBV complains, under which an arbitration panel has awarded Ms. Leane and IPNG to a substantial portion of the settlement funds, had nothing to do with Mr. Carter. (*See* D.I. 6 ¶ 8.) Rather, the "Advisory Services Agreement" (the "ASA") was executed by Ms. Leane – standing on both sides of the transaction and executing the agreement for

10

both ChanBond and IPNG – before Unified acquired ChanBond. (*Id.*, Ex. C.) ChanBond vigorously, though unsuccessfully, defended itself in the arbitration and has defended itself in this action. There is no reason to suggest, and the Non-Parties offer none, why ChanBond cannot adequately protect its own interests in this litigation. Just because Unified, may, in the future have claims vis-à-vis ChanBond if ChanBond retains any portion of the settlement proceeds does not demonstrate that ChanBond will not adequately protect any Unified interest here. As such, the Court should reject the Non-Parties' double-derivative intervention and deny the Motion.

C. **The Non-Parties Cannot Demonstrate This Court Should Exercise Its Discretion Under Rule 24(b)**

The Non-Parties cannot satisfy their burden to invoke the Court's discretion to allow permissive intervention under Federal Rule of Civil Procedure 24(b) in this case. (*See, e.g.*, D.I. 34 at 16.) Permissive intervention is appropriate only where "a claim or defense that shares with the main action a common question of law or fact" and that it will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). Whether to grant permissive intervention under Rule 24(b) . . . is within the discretion of the district court . . . ." *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992). As a prerequisite to permissive intervention, the Non-Parties must establish the Court's subject matter jurisdiction over the dispute. *See, e.g.*, *Barrett v. McDonald*, No. CV 14-742-LPS, 2015 WL 237165, at *2 (D. Del. Jan. 16, 2015). For the reasons discussed in Section II.A., *infra*, Non-Parties cannot demonstrate the Court's exercise of subject matter jurisdiction over the Derivative Cross-Claim.

Even if the Non-Parties could demonstrate that this Court can exercise subject matter jurisdiction over the Derivative Cross-Complaint, the Non-Parties cannot establish that the allegations contained therein share a common question of law or fact with this matter. This action involves a dispute between three sets of contractual counterparties over the meaning of their various contracts.

11

(*See* D.I. 6, Ex. A-F.)  The Derivative Cross-Claim brought by the Non-Parties, asserts derivative claims for breach of fiduciary duty and an accounting on behalf of another non-party (Unified) they already have separately brought in California, against one of the parties to the contractual dispute (Chanbond) and yet another non-party, Unified's sole director (Mr. Carter), alleging unspecified misconduct wholly unrelated to the contractual dispute between the parties to this action.

Permitting the Non-Parties to intervene in this action, to pursue these unrelated claims, will delay and prejudice the rights of the parties to this action.  The parties have presented time-sensitive, discrete contractual disputes to the Court for resolution.  (*See, e.g.*, D.I. 6, 18, 30, 32, 41.)  Although the Court has not yet considered the Motion, the Non-Parties already have prejudiced and delayed these proceedings with their refusal to comply with this Court's Local Rules and their efforts to misuse confidential materials inadvertently served upon them, which forced ChanBond to seek emergency relief from the Court.  (*See, e.g.*, D.I. 59, 61, 63.)  The Court should not exercise its discretion to allow the Non-Parties to hijack through permissive intervention.

## III. CONCLUSION

For the reasons set forth above, the Court should deny the Non-Parties' Motion.

Dated: April 11, 2022

                                                                                               BAYARD, P.A.

                                                                                               */s/ Stephen B. Brauerman*
                                                                                               Stephen B. Brauerman (#4952)
                                                                                               Ronald P. Golden III (#6254)
                                                                                               600 North King Street, Suite 400
                                                                                               Wilmington, DE 19801
                                                                                               (302) 655-5000
                                                                                               sbrauerman@bayardlaw.com
                                                                                               rgolden@bayardlaw.com

                                                                                               *Attorneys for Defendant ChanBond, LLC*