IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC.,<br><br>*Plaintiff/Counterclaim-Defendant,*<br><br>v.<br><br>CHANBOND, LLC,<br><br>*Defendant/Crossclaim-Defendant,*<br><br>DEIRDRE LEANE, and IPNAV, LLC,<br><br>*Defendants/Counterclaim-Plaintiffs/Crossclaim-Plaintiffs.* | C.A. No. 1:21-cv-01456-MN<br><br>**PUBLIC VERSION** |

**PLAINTIFF/COUNTERCLAIM-DEFENDANT CBV, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
DEFENDANTS/COUNTERCLAIM PLAINTIFFS
DEIRDRE LEANE AND IPNAV, LLC'S COUNTERCLAIM
FOR DECLARATORY JUDGMENT AND UNJUST ENRICHMENT**

Plaintiff/Counterclaim Defendant CBV, Inc. ("CBV"), pursuant to Fed. R. Civ. P. 12 and by and through its undersigned counsel, as and for its Answer and Affirmative Defenses to Defendants/Counterclaim Plaintiffs Deirdre Leane ("Leane") and IPNAV, LLC's ("IPNAV" and, collectively with Leane, "Leane Defendants") Counterclaim for Declaratory Judgment and Unjust Enrichment (the "Counterclaim"), respond and allege as follows:

**PARTIES & JURISDICTION**

1.      CBV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the Counterclaim.

2.      CBV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the Counterclaim.

1

3. Admitted.

**BACKGROUND**

4. Admitted that the Common Interest Agreement ("CIA"), executed on or about April 9, 2015, indicates that ChanBond had retained IPNAV as a patent monetization agent. The remainder of the allegations in this Paragraph of the Counterclaim are denied. CBV further states that the terms of ChanBond's retention of IPNAV, which were unilaterally determined by Deirdre Leane who stood on both sides of the transaction, were never disclosed to CBV, nor was CBV's consent to this Affiliate transaction sought nor obtained.

5. Admitted that CBV knew that ChanBond and IPNAV were both owned and controlled by Deirdre Leane. CBV further states that it understood that ChanBond was a shell company to hold the patents and serve as plaintiff in the Patent Suits in order to protect IPNAV from any potential liability. The separation between ChanBond was procedural, rather than substantive, and CBV understood that IPNAV would be compensated from ChanBond's fifty percent (50%) share of Net Recoveries under the PPA.

6. The CIA referred to in Paragraph 6 of the Counterclaim is a document, the terms and contents of which speak for themselves. CBV respectfully refers to the CIA for the true and correct contents therein and denies any allegations in Paragraph 6 of the Counterclaim inconsistent therewith. CBV admits that Earl Hennenhoefer executed the CIA as President of CBV, Inc.

7. The CIA referred to in Paragraph 7 of the Counterclaim is a document, the terms and contents of which speak for themselves. CBV respectfully refers to the CIA for the true and correct contents therein and denies any allegations in Paragraph 7 of the Counterclaim inconsistent therewith. CBV further responds that the CIA did not create any agency or other relationship between ChanBond and IPNAV. Specifically, Section 4.1 ("RELATIONSHIP; ADDITIONS;

TERMINATION") of the CIA expressly states: "This Agreement does not create any agency or similar relationship among the parties."

8. The CIA referred to in Paragraph 8 of the Counterclaim is a document, the terms and contents of which speak for themselves. CBV respectfully refers to the CIA for the true and correct contents therein and denies any allegations in Paragraph 8 of the Counterclaim inconsistent therewith. CBV admits that Earl Hennenhoefer executed the CIA as President of CBV, Inc.

9. The CIA referred to in Paragraph 9 of the Counterclaim is a document, the terms and contents of which speak for themselves. CBV respectfully refers to the CIA for the true and correct contents therein and denies any allegations in Paragraph 9 of the Counterclaim inconsistent therewith.

10. The June 14, 2015 email from Leane to Patrick Keane referred to in Paragraph 10 of the Counterclaim is a document, the terms and contents of which speak for themselves. CBV respectfully refers to the June 14, 2015 email for the correct contents therein and denies any allegations in Paragraph 10 of the Counterclaim inconsistent therewith.

11. The June 14, 2015 email from Leane to Patrick Keane referred to in Paragraph 11 of the Counterclaim is a document, the terms and contents of which speak for themselves. CBV respectfully refers to the June 14, 2015 email for the correct contents therein and denies any allegations in Paragraph 11 of the Counterclaim inconsistent therewith.

12. The June 18, 2015 email from Leane to Earl Hennenhoefer referred to in Paragraph 12 of the Counterclaim is a document, the terms and contents of which speak for themselves. CBV respectfully refers to the June 14, 2015 email for the correct contents therein and denies any allegations in Paragraph 11 of the Counterclaim inconsistent therewith.

13. Denied. CBV further states that Earl Hennenhoefer and Richard Snyder are shareholders in Unified. Robert Stine is *not* a shareholder in Unified.

14. CBV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Counterclaim. CBV further states that Earl Hennenhoefer and Richard Snyder acquired their shares in Unified after Billy Carter visited them in Carlisle, Pennsylvania and CBV decided not to execute a deal with Mr. Carter whereby Z-Band and CBV would be sold as a package in exchange for part ownership of Unified.

15. Paragraph 15 of the Counterclaim quotes the transcript of Earl Hennenhoefer's deposition testimony (the "Hennenhoefer Transcript") in the American Arbitration Association ("AAA") Arbitration captioned *Deirdre Leane and IPNav, LLC v. Unified Online, Inc. and ChanBond, LLC*, AAA Case No. 01-20-0015-0793 (the "Arbitration"). The Hennenhoefer Transcript is a document, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 15 inconsistent therewith.

16. Paragraph 16 of the Counterclaim quotes the Hennenhoefer Transcript from the Arbitration. The Hennenhoefer Transcript is a document, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 16 inconsistent therewith.

17. Paragraph 17 of the Counterclaim refers to UnifiedOnline, Inc.'s ("Unified") November 24, 2015 Form 10-Q, a document the terms and contents of which speak for themselves.

CBV respectfully refers to Unified's November 24, 2015 Form 10-Q for the correct contents therein and denies any allegations in Paragraph 17 inconsistent therewith.

18. Paragraph 18 of the Counterclaim refers to Unified's November 24, 2015 Form 10-Q, a document the terms and contents of which speak for themselves. CBV respectfully refers to Unified's November 24, 2015 Form 10-Q for the entirety of the contents therein and denies any allegations in Paragraph 17 inconsistent therewith.

19. Admitted. CBV further responds that CBV first saw the ISA on the Unified Shareholder message board, but the ISA did not include reference to any exhibits at that time. Much later, the ISA including the exhibit list was posted to the Unified Shareholder message board. However, the exhibit list to the ISA still did not include any of the contents of the exhibits.

20. Paragraph 20 of the Counterclaim refers to CBV's Complaint and the Interest Sale Agreement ("ISA"), documents the terms and contents of which speak for themselves. CBV respectfully refers to CBV's Complaint and the ISA for the correct contents therein and denies any allegations in Paragraph 20 inconsistent therewith.

21. CBV admits that, in the preliminary negotiations regarding monetization of the Patents, various transaction structures were discussed, including but not limited to patent monetization in exchange for a percentage of gross proceeds. Ultimately, the parties agreed upon the PPA, which is a document the terms and contents of which speak for themselves. CBV respectfully refers to the PPA for the full and complete terms and contents therein. Further, CBV denies that it ever agreed to any ChanBond consultancy- or advisory-type relationship in exchange for gross proceeds.

**COUNT I**
(Declaratory Judgment – 2.8 of the PPA)

22. CBV incorporates by reference its responses to paragraphs 1 through 21 of the Counterclaim as if set forth fully herein at length.

5

23. Paragraph 23 of the Counterclaim refers to CBV's Complaint, a document the terms and contents of which speak for themselves. CBV respectfully refers to CBV's Complaint for the true and correct contents therein and denies any allegations in Paragraph 23 inconsistent therewith.

24. Paragraph 24 of the Counterclaim refers to CBV's Complaint, a document the terms and contents of which speak for themselves. CBV respectfully refers to CBV's Complaint for the true and correct contents therein and denies any allegations in Paragraph 24 inconsistent therewith. CBV further responds that Leane and IPNAV admit in Paragraphs 54 ("[Leane Defendants] admits (sic) that IPNAV and ChanBond were affiliates at the time that the ASA was agreed to and at the time the ASA was executed.") and 78 ("Leane Defendants admit that ChanBond and IPNAV were affiliates as defined by the PPA at the times that ChanBond and IPNAV agreed to and executed the ASA.") of Leane Defendants' Answer and Affirmative Defenses (the "Leane Defendants' Answer") that the Advisory Services Agreement ("ASA") between ChanBond and IPNAV constitutes an "affiliate transaction" under Section 2.8 of the April 9, 2015 Patent Purchase Agreement ("PPA").

25. CBV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Counterclaim.

26. Denied, except that CBV admits that Earl Hennenhoefer executed the PPA on behalf of CBV.

27. Paragraph 27 of the Counterclaim refers to the PPA, a document the terms and contents of which speak for themselves. CBV respectfully refers to the PPA for the correct contents therein and denies any allegations in Paragraph 27 inconsistent therewith.

28. Paragraph 28 of the Counterclaim refers to the Hennenhoefer Transcript from the Arbitration. The Hennenhoefer Transcript is a document, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to

their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 28 inconsistent therewith.

29. Paragraph 29 of the Counterclaim refers to the PPA and/or the Hennenhoefer Transcript from the Arbitration. The PPA and the Hennenhoefer Transcript are documents, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the PPA and/or the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 29 inconsistent therewith.

30. Paragraph 30 of the Counterclaim refers to the PPA and/or the Hennenhoefer Transcript from the Arbitration. The PPA and the Hennenhoefer Transcript are documents, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the PPA and/or the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 30 inconsistent therewith.

31. Paragraph 31 of the Counterclaim refers to the PPA and/or the Hennenhoefer Transcript from the Arbitration. The PPA and the Hennenhoefer Transcript are documents, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto)

and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the PPA and/or the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 31 inconsistent therewith.

32. Paragraph 32 of the Counterclaim refers to the Hennenhoefer Transcript from the Arbitration. The Hennenhoefer Transcript is a document, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 32 inconsistent therewith.

33. Paragraph 33 of the Counterclaim refers to the PPA and/or the Hennenhoefer Transcript from the Arbitration. The PPA and the Hennenhoefer Transcript are documents, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the PPA and/or the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 33 inconsistent therewith.

34. Paragraph 34 of the Counterclaim refers to the Hennenhoefer Transcript from the Arbitration. The Hennenhoefer Transcript is a document, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the entirety of the Hennenhoefer Transcript throughout their Counterclaim. CBV

respectfully refers to the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 34 inconsistent therewith.

35. Paragraph 35 of the Counterclaim refers to the PPA and/or the Hennenhoefer Transcript from the Arbitration. The PPA and the Hennenhoefer Transcript are documents, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the PPA and/or the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 35 inconsistent therewith.

36. Paragraph 36 of the Counterclaim refers to the Hennenhoefer Transcript from the Arbitration. The Hennenhoefer Transcript is a document, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 36 inconsistent therewith.

37. Paragraph 37 of the Counterclaim refers to the Hennenhoefer Transcript from the Arbitration. The Hennenhoefer Transcript is a document, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 37 inconsistent therewith.

38. Paragraph 37 of the Counterclaim refers to the Hennenhoefer Transcript from the Arbitration. The Hennenhoefer Transcript is a document, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 37 inconsistent therewith.

39. Paragraph 39 of the Counterclaim refers to the PPA and/or the Hennenhoefer Transcript from the Arbitration. The PPA and the Hennenhoefer Transcript are documents, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the PPA and/or the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 39 inconsistent therewith.

40. Paragraph 40 of the Counterclaim refers to the Hennenhoefer Transcript from the Arbitration. The Hennenhoefer Transcript is a document, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 40 inconsistent therewith.

41. Paragraph 41 of the Counterclaim refers to the PPA and/or the Hennenhoefer Transcript from the Arbitration. The PPA and the Hennenhoefer Transcript are documents, the

terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the PPA and/or the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 41 inconsistent therewith.

42. Paragraph 42 of the Counterclaim refers to the PPA and/or the Hennenhoefer Transcript from the Arbitration. The PPA and the Hennenhoefer Transcript are documents, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the PPA and/or the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 42 inconsistent therewith.

43. Paragraph 43 of the Counterclaim refers to the PPA and/or the Hennenhoefer Transcript from the Arbitration. The PPA and the Hennenhoefer Transcript are documents, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the PPA and/or the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 43 inconsistent therewith.

44. Paragraph 44 of the Counterclaim refers to the Hennenhoefer Transcript from the Arbitration. The Hennenhoefer Transcript is a document, the terms and contents of which speak

for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 44 inconsistent therewith.

45. Paragraph 45 of the Counterclaim refers to the Hennenhoefer Transcript from the Arbitration. The Hennenhoefer Transcript is a document, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV respectfully refers to the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 45 inconsistent therewith.

46. Paragraph 46 of the Counterclaim refers to the Hennenhoefer Transcript from the Arbitration. The Hennenhoefer Transcript is a document, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV denies Leane Defendants' attempt to characterize this testimony in any way and respectfully refers to the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 44 inconsistent therewith.

47. Paragraph 47 of the Counterclaim refers to the Hennenhoefer Transcript from the Arbitration. The Hennenhoefer Transcript is a document, the terms and contents of which speak for themselves. CBV notes that Leane Defendants failed to attach the Hennenhoefer Transcript to their Counterclaim (despite that it is clearly integral thereto) and misleadingly quote selective

portions of the Hennenhoefer Transcript throughout their Counterclaim. CBV denies Leane Defendants' attempt to characterize this testimony in any way and respectfully refers to the entirety of the Hennenhoefer Transcript for the true and correct contents therein and denies any allegations in Paragraph 44 inconsistent therewith.

48.  CBV responds that Paragraph 48 of the Counterclaim refers to the PPA, a document, the terms and contents of which speak for themselves. CBV denies any attempt by Leane Defendants to characterize the knowledge or understanding of any representative of CBV at any time. CBV respectfully refers to the PPA for the correct contents therein and denies any allegations in Paragraph 48 inconsistent therewith.

49.  Paragraph 49 of the Counterclaim refers to the PPA, a document, the terms and contents of which speak for themselves. CBV respectfully refers to the PPA for the correct contents therein and denies any allegations in Paragraph 49 inconsistent therewith.

50.  The allegations in Paragraph 50 are conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 50 are denied. CBV further states that Leane Defendants' allegations in Paragraph 50 are directly contrary to Leane Defendants' admissions in Paragraphs 54 ("[Leane Defendants] admits (sic) that IPNAV and ChanBond were affiliates at the time that the ASA was agreed to and at the time the ASA was executed.") and 78 ("Leane Defendants admit that ChanBond and IPNAV were affiliates as defined by the PPA at the times that ChanBond and IPNAV agreed to and executed the ASA.") of the Leane Defendants' Answer.

51.  The allegations in Paragraph 50 are conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 50 are denied.

52.  CBV admits that it was aware of the sale of ChanBond to Unified pursuant to the ISA before 2018. CBV further responds that Leane and IPNAV admit in Paragraphs 54 ("[Leane

13

Defendants] admits (sic) that IPNAV and ChanBond were affiliates at the time that the ASA was agreed to and at the time the ASA was executed.") and 78 ("Leane Defendants admit that ChanBond and IPNAV were affiliates as defined by the PPA at the times that ChanBond and IPNAV agreed to and executed the ASA.") of Leane Defendants' Answer that the Advisory Services Agreement ("ASA") between ChanBond and IPNAV constitutes an "affiliate transaction" under Section 2.8 of the April 9, 2015 Patent Purchase Agreement ("PPA").

53. Paragraph 53 of the Counterclaim refers to the PPA, a document, the terms and contents of which speak for themselves. CBV respectfully refers to the PPA for the correct contents therein and denies any allegations in Paragraph 53 inconsistent therewith.

54. Paragraph 54 of the Counterclaim refers to the PPA. The PPA is a document, the terms and contents of which speak for themselves. CBV respectfully refers to the PPA for the correct contents therein and denies any allegations in Paragraph 54 inconsistent therewith.

55. Paragraph 55 of the Counterclaim refers to the PPA. The PPA is a document, the terms and contents of which speak for themselves. CBV respectfully refers to the PPA for the correct contents therein and denies any allegations in Paragraph 55 inconsistent therewith.

56. Paragraph 56 of the Counterclaim refers to the PPA, a document, the terms and contents of which speak for themselves. CBV respectfully refers to the PPA for the correct contents therein and denies any allegations in Paragraph 56 inconsistent therewith.

57. Paragraph 57 of the Counterclaim refers to the PPA, a document, the terms and contents of which speak for themselves. CBV respectfully refers to the PPA for the true and correct contents therein and denies any allegations in Paragraph 57 inconsistent therewith.

58. Paragraph 58 of the Counterclaim refers to the PPA, a document, the terms and contents of which speak for themselves. CBV respectfully refers to the PPA for the true and correct contents therein and denies any allegations in Paragraph 58 inconsistent therewith.

59. CBV responds that Paragraph 59 of the Counterclaim refers to the PPA, a document, the terms and contents of which speak for themselves. CBV denies any attempt by Leane Defendants to characterize the knowledge or understanding of any representative of CBV at any time. CBV respectfully refers to the PPA for the true and correct contents therein and denies any allegations in Paragraph 59 inconsistent therewith.

60. CBV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 60 of the Counterclaim.

61. Admitted. CBV further responds that, despite that ChanBond is not IPNAV, both entities were solely controlled by Deirdre Leane until the sale of ChanBond to Unified. Leane stood on both sides of the ASA between ChanBond and IPNAV and unilaterally determined the self-dealing terms therein.

62. CBV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 62 of the Counterclaim. To the extent a response is required, the allegations in Paragraph 62 are denied. CBV further responds that at the time of execution of the ASA in July of 2015, IPNAV and ChanBond were under the common control of Leane and were, therefore, "affiliates," as defined in the PPA, at the time of execution of the ASA. Leane Defendants have admitted in Paragraphs 54 and 78 of the Leane Defendants' Answer that IPNAV and ChanBond were affiliates at the time of execution of the ASA.

63. CBV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 63 of the Counterclaim. To the extent a response is required, the allegations in Paragraph 63 are denied. CBV further responds that at the time of execution of the ASA in July of 2015, IPNAV and ChanBond were under the common control of Leane and were, therefore, "affiliates," as defined in the PPA, at the time of execution of the ASA. Leane

Defendants have admitted in Paragraphs 54 and 78 of the Leane Defendants' Answer that IPNAV and ChanBond were affiliates at the time of execution of the ASA.

64. CBV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 64 of the Counterclaim. To the extent a response is required, the allegations in Paragraph 64 are denied. CBV further responds that at the time of execution of the ASA in July of 2015, IPNAV and ChanBond were under the common control of Leane and were, therefore, "affiliates," as defined in the PPA, at the time of execution of the ASA. Leane Defendants have admitted in Paragraphs 54 and 78 of the Leane Defendants' Answer that IPNAV and ChanBond were affiliates at the time of execution of the ASA.

65. CBV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 65 of the Counterclaim. To the extent a response is required, the allegations in Paragraph 65 are denied.

66. Denied. CBV respectfully refers to the PPA, a document the terms and contents of which speak for themselves, for the true and correct contents therein and deny any allegations in Paragraph 66 inconsistent therewith.

67. Paragraph 67 of the Counterclaim refers to the PPA, a document, the terms and contents of which speak for themselves. CBV respectfully refers to the PPA for the true and correct contents therein and denies any allegations in Paragraph 67 inconsistent therewith.

68. The allegations in Paragraph 68 of the Counterclaim are conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 68 of the Counterclaim are denied.

69. The allegations in Paragraph 69 of the Counterclaim are conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 69 of the Counterclaim are denied.

70. Paragraph 70 of the Counterclaim constitutes Leane Defendants' request for relief, to which no response is required. To the extent a response is required, CBV responds that:

   a. Paragraph 70(a) of the Counterclaim refers to the PPA, a document, the terms and contents of which speak for themselves. CBV respectfully refers to the PPA for the true and correct contents therein and denies any allegations in Paragraph 70(a) inconsistent therewith.

   b. The allegations in Paragraph 70(b) of the Counterclaim are conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 70(b) of the Counterclaim are denied. CBV further responds that at the time of execution of the ASA in July of 2015, IPNAV and ChanBond were under the common control of Leane and were, therefore, "affiliates," as defined in the PPA, at the time of execution of the ASA. Leane Defendants admit in Paragraphs 54 and 78 of the Leane Defendants' Answer that IPNAV and ChanBond were affiliates at the time of execution of the ASA. Leane Defendants further admit in Paragraph 143 of Leane Defendants' Answer that "CBV was not asked to 'approve' the ASA[.]" The ASA is therefore void as without authority.

   c. The allegations in Paragraph 70(c) of the Counterclaim are conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 70(c) of the Counterclaim are denied.

## COUNT II
(Unjust Enrichment)

71. CBV incorporates by reference its responses to paragraphs 1 through 71 of the Counterclaim as if set forth fully herein at length.

72. CBV admits that Leane Defendants have pled Count II for Unjust Enrichment in the alternative.

73. CBV admits that Leane Defendants assert a claim for unjust enrichment in Count II of the Counterclaim. All other allegations in Paragraph 73 of the Counterclaim are denied.

74. Denied.

75. Denied.

76. CBV admits that, prior to the PPA, it had attempted to license the Patents with no positive results.

77. Denied as stated. CBV further responds that the Patent Suits settled ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

78. Denied.

79. Denied.

80. CBV respectfully refers to its responses to Paragraphs 4 and 5 of the Counterclaim, *supra*.

81. CBV respectfully refers to its response to Paragraph 21 of the Counterclaim, *supra*.

82. Denied.

83. The allegations in Paragraph 83 of the Counterclaim are conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 83 of the Counterclaim are denied.

84. CBV admits that it objects to the payment ▓▓▓▓▓▓▓▓ to IPNAV for services which, upon information and belief, were minor, if rendered at all, under the ASA which is invalid under Section 2.8 of the PPA, as explained in detail in CBV's Complaint and as admitted in Paragraphs 54, 78, and 143 of the Leane Defendants' Answer.

85. The allegations in Paragraph 85 of the Counterclaim are conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 85 of the Counterclaim are denied. Further, upon information and belief, CBV responds that Leane

18

Defendants' were fully and adequately compensated for any services rendered. Upon information and belief, and as testified to in the Arbitration, Leane Defendants received (i) ███████ from the sale of ChanBond to Unified pursuant to the ISA, (ii) approximately ██████ shares in Unified, and (iii) salary through approximately June of 2016 pursuant to Leane's employment with IP Navigation Group.

86.  The allegations in Paragraph 86 of the Counterclaim are conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 86 of the Counterclaim are denied.

WHEREFORE, CBV prays that the Leane Defendants' Counterclaim be dismissed and judgment be entered in favor of CBV and against the Leane Defendants at Leane Defendants' cost, together with such further relief as this Honorable Court deems appropriate under the circumstances.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Any claim for unjust enrichment is not properly asserted against CBV, Inc., who sold the Patents to ChanBond, LLC on or about April 9, 2015. As such, any claim for unjust enrichment should be brought against ChanBond, LLC, *not* CBV, Inc.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by Leane Defendants' fraudulent concealment.

## SIXTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of accord and satisfaction.

## EIGHTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of issue preclusion.

## RESERVATION OF RIGHTS

CBV reserves the right to amend this Answer and assert additional or further defenses or claims based on information obtained during these proceedings, in discovery or otherwise.

**BUCHANAN, INGERSOLL & ROONEY PC**

Dated:  April 13, 2022

*/s/ Geoffrey Grivner*
Geoffrey G. Grivner (#4711)
Kody M. Sparks (#6464)
500 Delaware Avenue, Suite 720
Wilmington, DE 19801-3036
(302) 552-4200
geoffrey.grivner@bipc.com
kody.sparks@bipc.com

\*     \*     \*

Patrick C. Keane, Esq.
BUCHANAN, INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
patrick.keane@bipc.com

*Attorneys for Plaintiff*