**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CBV, INC., <br><br> *Plaintiff/Counterclaim-Defendant* <br><br> v. <br><br> CHANBOND, LLC, <br><br> *Defendant/Crossclaim-Defendant* <br><br> DEIRDRE LEANE, and IPNAV, LLC <br><br> *Defendants/Counterclaim Plaintiffs/Crossclaim-Plaintiffs.* | C.A. No. 1:21-cv-01456-MN |

### REPLY BRIEF OF GREGORY COLLINS AND KAMAL MIAN DERIVATIVELY ON BEHALF OF UNIFIEDONLINE, INC.'S TO CHANBOND LLC'S OPPOSITION TO MOTION TO INTERVENE

| | |
|---|---|
| **CENTAURI LAW GROUP, P.C.** <br> JASON R. DILDAY (*Pro Hac Vice*) <br> STEVEN L. RADER (*Pro Hac Vice*) <br> 15615 Alton Pkwy, Suite 245 <br> Irvine, CA 92618 <br> Phone: (949) 336-5716 <br> E-mail: JDilday@centaurilaw.com <br> SRader@centaurilaw.com | **THE WILLIAMS LAW FIRM P.A.** <br> John Legaré Williams (Del. Bar #4473) <br> Brian Charles Crawford (Del. Bar #4941) <br> 1201 N. Orange Street, Suite 600 <br> Wilmington, DE 19801 <br> Phone: (302) 575-0873 <br> E-mail : John@TrustWilliams.com <br> Brian@TrustWilliams.com <br><br> Attorneys for Defendants <br> KAMAL MIAN <br> GREGORY COLLINS <br> Derivatively on behalf <br> UNIFIEDONLINE, INC. |

```
```

## Table of Contents

I.  PROPOSED INTERVENORS HAVE BEEN UNDULY PREJUDICED BY THE COURT PERMITTING THE PARTIES TO TRY THIS CASE IN SECRET ................................................. 1

II.  BACKGROUND ........................................................................................................... 2

    A.  Scope of Motion to Intervene, Purpose, and Other Litigation ................................... 2

    B.  This Litigation ............................................................................................................ 3

III.  ARGUMENT .................................................................................................................. 3

    A.  The Court Has Supplemental Jurisdiction Pursuant to 28 U.S.C. § 1367 ................. 3

    B.  Intervention of Right Under Rule 24(a) .................................................................... 4

        1.  The Motion to Intervene Is Timely ....................................................................... 4

        2.  Unified Has an Interest in This Litigation ............................................................ 5

        3.  Unified's Interest Is Not Adequately Represented ............................................... 7

    A.  Permissive Intervention Under Rule 24(b) ................................................................ 9

IV.  CONCLUSION ............................................................................................................... 9

## Table of Authorities

**Cases**

*Amgen Inc. v. Amneal Pharms. LLC* (D.Del. Oct. 14, 2020, No. 16-853-MSG) 2020
    U.S.Dist.LEXIS 190160 .................................................................................................. 4, 5
*Deluxe Bldg. Sys. v. Constructamax, Inc.*, 94 F. Supp. 3d 601 (N.J.D.C. 2013) ........................... 4
*Haft v. Dart Grp. Corp.*, No. 13736, 1994 WL 705194, at *2 (Del. Ch. Dec. 8, 1994) ................. 7
In *Development Fin. Corp. v. Alpha Hous. & Health Care,* 54 F.3d 156 (3d Cir. 1995) .............. 6
*In re: Stone & Webster, Inc.*, 335 F. Appx. 202 (3d Cir. June 1, 2009) ........................................ 5
*Mt. Top Condo. Assoc. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) .. 6
*Sprint Communications Co. L.P. v. Nebraska Public Service Comm'n*, No. 4:05CV3260, 2006
    WL 148997, at *3 (D. Neb. Jan. 18, 2006) ....................................................................... 5

**Statutes**

**28 U.S.C. § 1367** ...................................................................................................................... 3, 6

Gregory Collins and Kamal Mian, derivatively on behalf of Unifiedonline, Inc. ("Proposed Intervenors" or "UOI"), hereby reply to the Opposition to their Motion to Intervene ("MTI") filed by Defendant ChanBond, LLC ("ChanBond"). Mr. Collins and Mr. Mian are individuals who are domiciled in Arizona and California, respectively. Both are significant shareholders of UOI, a Delaware Corporation. UOI is the sole owner and sole member of ChanBond, a Delaware limited liability company, the nominal defendant in this action. UOI's only asset is its membership in ChanBond. ChanBond's only asset is the "Settlement Fund" which forms the subject of this action.

## I. PROPOSED INTERVENORS HAVE BEEN UNDULY PREJUDICED BY THE COURT PERMITTING THE PARTIES TO TRY THIS CASE IN SECRET

In its Opposition to the MTI, ChanBond describes the litigation between Plaintiff CBV, Inc. ("CBV") and ChanBond as related to a "Patent Purchase Agreement" which has been filed under seal. D.I. 76 at 8. ChanBond further chides UOI for allegedly misdescribing the relief sought in CBV's heavily redacted complaint. D.I. 76 at 15. As the parties to this litigation well know, Orders in this action have, effectively, permitted the parties to try this case in secret. As UOI states in the MTI, UOI will file an Answer once it is able to review an unredacted copy of the Complaint and the other agreements filed under seal with this Court. As it stands, however, UOI is unduly prejudiced in responding to ChanBond's characterizations of a pleading which it has not been afforded any effective opportunity to review.

CBV's initial motion to seal its complaint may well have been made in good faith based on the confidentiality provisions of the Patent Purchase Agreement ("PPA"), presumably not realizing that ChanBond had already made that document public in a court filing to the Northern District of Texas. *Declaration of Steven Lewis Rader (Rader Decl.),* Exhibit "C". Every subsequent motion to seal by the parties was premised upon CBV's original motion to seal, with no independent grounds for the subsequent stipulated requests to prevent public access to these court records. Most recently, the parties' desire to try this case in secret, led to ChanBond obtaining the Court's permission to file underseal an arbitration award which had no independent

1

basis for confidentiality. D.I. 54. Thus, while UOI undeniably has an interest in this action, it cannot describe for the Court the exact parameters of that interest without reviewing and being able to cite to the unredacted agreements, the arbitration award, and any agreement settling the patent litigation, all of which potentially affect any ultimate distribution of the Settlement Fund. Accordingly, UOI would request an opportunity to review the unredacted complaint, the subject agreements, and the arbitration award, prior to the Court's hearing on the MTI.

## II. BACKGROUND

### A. Scope of Motion to Intervene, Purpose, and Other Litigation

Contrary to ChanBond's contention, Proposed Intervenors have not sought to intervene "doubly derivatively." The Proposed Intervenors seek to intervene as no party other than UOI. Although alignment of the parties on intervention rests with the sound discretion of the District Court, UOI believes that is better aligned as a "defendant" in this action. It is in the interest of UOI to maximize the remainder of the Settlement Fund against all claimants, CBV, Deirde Leane ("Leane) and IPNAV, LLC ("IPNAV" and, collectively, the "Approved Intervenors"), and William R. Carter, Jr. ("Carter") and his various entities. UOI is the only, wholly disinterested, party in the position to maximize the ultimate recovery from the Settlement Fund for the benefit of the actual, and beneficial, owners of the patent rights released in exchange therefor.

Shortly before the Proposed Intervenors filed the MTI, their counsel received notice of a "Proposed Scheduling Order" filed in this action by CBV and ChanBond. D.I. 24. The Proposed Scheduling Order provided, in pertinent part, as follows:

> The parties anticipate that current non-parties Deirdre Leane and IPNAV, LLC ("Proposed Intervenors"), who are necessary parties in this action, will file a motion to intervene shortly. Plaintiff and Defendant have consented to intervention. Proposed Intervenors have indicated that they intend to file a counterclaim against Plaintiff, which will require a reply, a cross-claim against Defendant for confirmation of the award issued in the arbitration referenced in the Complaint, and a third-party complaint against current non-party UnifiedOnline, Inc. seeking the same relief. Proposed Intervenors have further indicated that they anticipate making a motion for judgment on the pleadings as to some or all of Plaintiff's claims and Proposed Intervenors' anticipated affirmative defenses. D.I. 24 ¶ 2.

Thus, although CBV had alleged no direct cause of action against the Approved Intervenors, and there would be every reason to believe that ChanBond's interests, *as against CBV*, would be the same as the Approved Intervenors, to defeat, or minimize CBV's claim to the Settlement Fund, the parties agreed to permit the Approved Intervenors' entre' into the suit without question. The parties also agreed that UOI was a necessary party to this action. However, once it became apparent that UOI might be represented in this action by counsel not beholden to Carter, this permissive attitude toward intervention and joinder changed dramatically. Both ChanBond and, curiously, the Approved Intervenors have fought against UOI's participation in this lawsuit tooth and nail.

### B. This Litigation

ChanBond frames this litigation as limited to three parties: CBV, ChanBond, and the Approved Intervenors. A month ago, however, there were only two parties. UOI's interest in this action is no more remote or attenuated than the Approved Intervenors'. All claimants to the Settlement Fund, CBV, the Approved Intervenors, and UOI, must, as a practical matter, await ChanBond's receipt of payment and independent acts to distribute the funds. To say this is to add nothing useful to the intervention analysis. Therefore, UOI finds no quarrel with ChanBond's tautology "Unified's claim to the settlement proceeds depend entirely on ChanBond's ability to recover the settlement funds" D.I. 76 p. 4). This could be said about every other party herein. However, as stated in the MTI, the Proposed Intervenors have every reason to doubt that ChanBond, and its manager Carter, are adequately representing UOI's interest in this action and seek to prevent the distribution of the Settlement Fund contrary to UOI's interest.

## III. ARGUMENT

### A. The Court Has Supplemental Jurisdiction Pursuant to 28 U.S.C. § 1367

Section 1367(a) provides: "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are

so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367. Ignoring Congress' broad grant of jurisdiction under Subsection (a) of the statute, ChanBond's Opposition focuses exclusively on the exceptions to jurisdiction prescribed in subsection (b). Such exceptions are to be narrowly construed. Furthermore, by the statutes' very terms, these exceptions apply only to "claims by plaintiffs… claims by persons proposed to be joined as plaintiffs…or seeking to intervene as plaintiffs." § 1367(b). The whole point of 1367(b) is to prevent plaintiffs from omitting parties that would destroy diversity. "Third Circuit precedent establishes that the plaintiff exclusion is construed literally; it applies only to actual plaintiffs. Thus '§ 1367(b) does not deprive the district court of supplemental jurisdiction over a counterclaim or cross-claim raised by an intervening defendant, even where the intervenor shares citizenship with an original party.'" *Deluxe Bldg. Sys. v. Constructamax, Inc.*, 94 F. Supp. 3d 601, 610 (N.J.D.C. 2013) UOI is intervening as a defendant, so 1367(b) does not apply, and the District Court has supplemental jurisdiction despite the apparent lack of diversity between ChanBond and UOI (but not the shareholders).

### B.  Intervention of Right Under Rule 24(a)

#### 1.  The Motion to Intervene Is Timely

The timeliness prong relates only to the action in which intervention is sought and, more specifically, the elapsed time between learning of the action and the filing of a motion to intervene. ChanBond either misunderstands the applicable legal standard or it is purposefully seeking to mislead the District Court. ChanBond cites *Amgen Inc. v. Amneal Pharms. LLC* (D.Del. Oct. 14, 2020, No. 16-853-MSG) 2020 U.S.Dist.LEXIS 190160, for the proposition that "[t]imeliness is measured from the point at which an applicant knew, or should have known, of the risk to its rights." (Id. at 10) What ChanBond neglects to mention to the District Court, however, is that the very next sentence of that decision states: "[t]hus, a motion to intervene may still be timely even

4

though litigation has already proceeded for several years, because the applicant filed the motion within a few months of learning that its interests were at risk." (Id.) The Proposed Intervenors filed the MTI within a few months of learning that their interests were at risk in this litigation. *Rader Decl.,* ¶ 35.

### 2. Unified Has an Interest in This Litigation

UOI purchased ChanBond for the sole purpose of obtaining the proceeds from patent litigation. ChanBond was created to monetize the CBV patents. With the patents now fully monetized, ChanBond's purpose is fulfilled and the expectation that the assets of ChanBond will be distributed to its member is not unreasonable. The manager of ChanBond owes fiduciary duties to ChanBond's member. Moreover, what ChanBond does not explain is where the remainder of the Settlement Fund will go if not to the sole member and owner of ChanBond. Does it all go to Carter? Will it be spent on other things? Does it just stay with ChanBond forever?

The cases cited by ChanBond in support of its novel theory that UOI has "no interest" in the litigation prove inapposite. In *Sprint Communications Co. L.P. v. Nebraska Public Service Comm'n*, No. 4:05CV3260, 2006 WL 148997, at *3 (D. Neb. Jan. 18, 2006), the District Court denied intervention under Rule 24(a)(2) because the non-party subsidiary was, at best, a potential third-party beneficiary of the underlying agreement, and the applicant had misstated facts in the proposed complaint in intervention Id. ("[T]he record does not support a finding that TWC contracted with Sprint as alleged in the proposed complaint in intervention." Id. fn. 5)

ChanBond summarizes the Third Circuit's holding in the nonprecedential opinion issued in *In re: Stone & Webster, Inc.*, 335 F. Appx. 202 (3d Cir. June 1, 2009), as "denying motion to intervene of parent into by parent [sic] seeking to intervene as **party of interest** in action brought by subsidiary." D.I. 76 at p. 8 (emphasis added) ChanBond misstates the case. The case did not involve a "parent seeking to intervene…in action brought by subsidiary." *Id.* Intervention was sought by The Saudi American Bank, a bankruptcy creditor. Neither the "parent" nor the "subsidiary" involved in this case were seeking to intervene. ("The underlying proceeding was

5

brought by Stone & Webster, Inc. and its subsidiary, Stone & Webster Engineering Corporation (SWEC), against Saudi Aramco for its breach of a contract . . ..." Id. at *1-*2.)

ChanBond next contends that "Delaware law respects the separate corporate existences of a parent and subsidiary." D.I. 76 at 8 This is true, so far as it goes. Nonetheless, it cannot be denied that, as ChanBond's sole member, UOI has a "significantly protectable" interest in this litigation, *and* a beneficial interest in ChanBond's share of the Settlement Fund. *Mt. Top Condo. Assoc. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) ("the interest must be a legal interest as distinguished from interests of a general and indefinite character. The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene. This interest is recognized as one belonging to or being owned by the proposed intervenor." (citations omitted))

ChanBond neglects to inform the District Court that Third Circuit precedent supports UOI's intervention. In *Development Fin. Corp. v. Alpha Hous. & Health Care,* 54 F.3d 156 (3d Cir. 1995), the plaintiffs brought a breach of contract action against a defendant non-profit corporation. The Applicant corporation, as the sole member of the defendant, sought to intervene as of right as a third-party plaintiff, in an effort to enjoin performance of defendant's contracts with plaintiffs. The District Court denied the motion to intervene, and the Applicant appealed to the Third Circuit Court of Appeals. The Court of Appeals reversed. The Third Circuit held that before 28 U.S.C.S. § 1367(b) was applied the parties had to have been realigned. The Court of Appeals determined that the Applicant must have been aligned as a defendant and therefore diversity was not destroyed, and the District Court could have exercised its jurisdiction.

The Court of Appeals also held that judicial efficiency would have been served by allowing the intervention and that failure to exercise jurisdiction over the claims was an abuse of discretion because defendant could not have adequately represented the applicant in the action. Likewise, here, UOI is best aligned as a defendant, judicial efficiency would be served by allowing all claims to the Settlement Fund to be adjudication on in a single action, and especially now that the

6

Approved Intervenors' claims are before the Court, no party will adequately represent UOI's interest in the action.

ChanBond next argues that even if UOI has an interest, they should not "be permitted to vindicate any such interest derivatively..." D.I. 76 at 9. The Proposed Derivative Cross-Complaint attached as Exhibit A to the MTI, however, demonstrates why UOI's interests in this action must be "vindicated derivatively". Simply stated, UOI lacks a functioning board of directors. There is no other way, but "derivatively", for UOI to participate in the action. UOI cannot lawfully transact any business, including, intervening in this case to protect its interests in the settlement funds. At best, according to its annual reports, Unified has only one director, which is Carter. *Rader Decl.* ¶ 12, Exhibit A. Dierdre Leane's North Carolina derivative action against Carter alleges that UOI has no directors at all. *Rader Decl.* ¶ 12, *Exhibit* E ¶ 30. Whether Unified has no directors according to Leane or one director according to Carter, as more thoroughly discussed in the Derivative Cross-Complaint, UOI's bylaws require at least two directors for board action. *Rader Decl.* ¶ 24, Exhibit N. Shareholders may intervene derivatively if they "establish that the corporation itself were inadequately representing the corporation's position." *Haft v. Dart Grp. Corp.*, No. 13736, 1994 WL 705194, at *2 (Del. Ch. Dec. 8, 1994). Here, without a board of directors, UOI can take no corporate action, and would prove completely incapable of "representing the corporation's position" at all. *Id.*

### 3. Unified's Interest Is Not Adequately Represented

The Approved Intervenors have amply illustrated the divergent interests between ChanBond (Carter) and UOI in a verified complaint filed in North Carolina. *Rader Decl.* ¶ 12, Exhibit E. In the North Carolina action, Carter is represented by the same legal counsel purporting to have the ability to adequately protect UOI's interests in this action. *Rader Decl.* ¶ 13, Exhibit F. The allegations made by Approved Intervenors in the North Carolina action are as follows (*Rader Decl.* ¶ 12, Exhibit E):

- Carter "has created a constellation of Unified-esque entities including Unified Online! LLC (DE Secretary of State Identifier No. 5504684), Unified Online.net Inc. (DE Secretary of State Identifier No. 3306062), UO! IP of NC LLC (NC Secretary of State Identifier No. 1102741), and UO! Foundation Inc. (NC Secretary of State Identifier No. 1102598), through which Defendant conducts unknown activities with, between, or on behalf of Unified." (¶ 33)

- Carter "holds his shares of Unified stock through one or more of these "Unified-esque" entities." (¶ 34)

- Carter "manages Chan Bond- a wholly owned subsidiary of Unified after the ISA - pursuant to both his appointment in the ISA and a separate purported "Advisory Services and Management Agreement" ("ASMA") between Unified and Defendant's UO! IP of NC LLC entity." (¶ 35)

- Carter's "ASMA is purportedly dated October 2015, and purports to grant Defendant's entity a 20% interest in the recovery on the patents, it was not disclosed in Unified's 2015 SEC filings." (¶ 37)

- Carter "forged the ASMA." (¶ 38)

- Carter "has exploited his purported role as CEO of Unified, as well as owner-manager of the previously identified "Unified-esque" entities, to systematically pillage ChanBond and squander Unified's interest in the ChanBond Patents." (¶ 45)

- Carter "unilaterally negotiated multiple amendments to ChanBond's Litigation Funding Agreement with Bentham, including but not limited to amendments executed on or about 23 October 2018 and on or about 20 May 2019, increasing the share of any recovery Bentham would receive for financing litigation expenses." (¶ 46)

- Carter "has used these Bentham disbursements to finance his personal expenses and other non-Unified business activities." (¶ 47)

- The ASMA "provides that Defendant's UO! IP of NC LLC entity is entitled to 20% of any net proceeds otherwise payable to Unified ( characterized as "Gross Consideration ... the

gross amount [ of any settlement] ... after payments made for litigation financing, attorneys fees and other litigation related expenses'), in addition to ongoing pre-recovery payment of "all travel, lodging, copying, fax, telephone, utilities and other expenses incurred[.]" (¶ 48)

- Separate from the ASMA, Carter "has also charged Unified and/or ChanBond $5,000.00 USD per month for consulting services." (¶ 49)

- "As with the ASMA, no agreement providing for such a monthly fee was disclosed in Unified's SEC filings." (¶ 50)

- Carter "forged any agreement purporting to provide him such a fee." ¶ 51

In addition to demonstrating "how and why" (D.I. 76 at 10) UOI's and ChanBond's interest may not be aligned in this action, the foregoing allegations may also shed light on why Carter has not bothered to compile a list of current UOI stockholders or bothered to file UOI's 2021 Delaware Annual Franchise Tax Report or pay the $206,206.00 in delinquent taxes. *Rader Decl.* ¶45, Exhibit.

### A. Permissive Intervention Under Rule 24(b)

Permissive intervention, as ChanBond correctly points out, "is within the discretion of the district court." D.I. 76 at 11. ChanBond's conclusory statement regarding a lack of common facts is plainly false. While ChanBond laments the profound delay and prejudice Proposed Intervenors have already caused in this action, ChanBond does not bother to quantify the delay (which would be measured in hours) or explain the prejudice (there is none).

### IV. CONCLUSION

For the reasons set forth in the MTI and in this reply to ChanBond's Opposition, The Proposed Intervenors respectfully request that the Court to grant intervention on behalf of UOI and its thousands of shareholders.

Respectfully submitted,

THE WILLIAMS LAW FIRM, P.A.

By: /s/ John Williams
John Legaré Williams (Del. Bar #4473)

9

        Brian Charles Crawford (Del. Bar #4941)
        1201 N. Orange Street, Suite 600
        Wilmington, DE 19801
        Tele: (302) 575-0873
        Fax: (302) 575-0925
        E-mail: John@TrustWilliams.com
                Brian@TrustWilliams.com

and

CENTAURI LAW GROUP, P.C.

    Steven L. Rader (*pro hac vice*)
    Jason R. Dilday (*pro hac vice*)
    15615 Alton Pkwy, Suite 245
    Irvine, CA 92618
    Phone: (949) 336-5716
    E-mail: SRader@centaurilaw.com
            JDilday@centaurilaw.com

*Attorneys for proposed intervenors*
*KAMAL MIAN and GREGORY COLLINS*
*Derivatively on behalf UNIFIEDONLINE, INC.*

Dated: April 22, 2022