**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CBV, INC., *Plaintiff/Counterclaim-Defendant*, v. CHANBOND, LLC, *Defendant/Crossclai-Plaintiffs/Crossclaim Plaintiffs.* DIERDRE LEANE, and IPNAV, LLC, *Defendants/Countercliam-Plaintiffs/Crossclaim-Plaintiffs.* | C.A. No. 1:21-cv-01456-MN |

## REPLY BRIEF OF GREGORY COLLINS AND KAMAL MIAN DERIVATIVELY ON BEHALF OF UNIFIEDONLINE, INC.'S TO DIERDRE LEANE AND IPNAV, LLC'S OPPOSITION TO MOTION TO INTERVENE

Dated: April 22, 2022

**CENTAURI LAW GROUP, P.C.**
JASON R. DILDAY (*Pro Hac Vice*)
STEVEN L. RADER (*Pro Hac Vice*)
15615 Alton Pkwy, Suite 245
Irvine, CA 92618
Phone: (949) 336-5716
E-mail: JDilday@centaurilaw.com
         SRader@centaurilaw.com

**THE WILLIAMS LAW FIRM P.A.**
John Legaré Williams (Del. Bar #4473)
Brian Charles Crawford (Del. Bar #4941)
1201 N. Orange Street, Suite 600
Wilmington, DE 19801
Phone: (302) 575-0873
E-mail : John@TrustWilliams.com
         Brian@TrustWilliams.com

Attorneys for Defendants
KAMAL MIAN
GREGORY COLLINS
Derivatively on behalf
UNIFIEDONLINE, INC.

**Table of Contents**

I. INTRODUCTION ..................................................................................................................1
II. ARGUMENT.........................................................................................................................3
  A. UOI's Interest Can Only Be Represented Derivatively .................................................3
  B. The Crossclaim Against Carter Is Permitted Under F.R.C.P. Rule 13(h) ....................4
  C. Intervention is Warranted ...............................................................................................5
III. CONCLUSION......................................................................................................................7

## Table of Authorities

**Cases**

*FDIC v. Bathgate*, 27 F.3d 850 (3d Cir. 1994)..........................................................................4, 5
*In re Shoe-Town, Inc. S'holders Litig.*, 1990 WL 13475, at *7 (Del. Ch. Feb. 12, 1990)..............6
*TransPerfect Glob., Inc. v. Ross Aronstam & Moritz LLP*, No. CV 2021-0065-KSJM, 2022 WL 803484, at *11 (Del. Ch. Mar. 17, 2022).................................................................................6

## I. INTRODUCTION

Gregory Collins and Kamal Mian derivatively on behalf of Unifiedonline, Inc. (the "Proposed Intervenors" or "UOI") reply to the Opposition to their Motion to Intervene ("MTI") filed by Dierdre Leane ("Leane") and IPNAV, LLC (collectively, the "Approved Intervenors") As noted in the concurrently filed Reply to Defendant ChanBond's Opposition, the Proposed Intervenors were severely disadvantaged in preparing the MTI and the accompanying proposed cross-complaint (D.I. 34), and remain so disadvantaged, in preparing this Reply, because of the unlawful sealing of all substantive filings in this action by the parties hereto. Therefore, the Proposed Intervenors request the opportunity to review all sealed filings in this case before the District Court rules on the MTI.

As a preliminary matter, although not stated directly, Leane Defendants do not oppose Unified as a party, they oppose shareholders derivatively representing Unified. Prior to Proposed Intervenors' MTI, as reflected in the March 16, 2022 scheduling order, Leane Defendants intended to add Unified as a party. See, D.I. 24 ¶ 2. Further, Leane Defendants "kerfuffle" footnote makes clear their view that Unified is a required party under the federal rules. In light of Leane's North Carolina allegations (Unified has no directors and no officers), the obvious question becomes, how would Unified be represented?

With no evident self-awareness whatsoever, the Approved Intervenors dub the efforts of the Proposed Intervenors "procedurally impossible." If so, then the Approved Intervenors' entre' to this action, which shares all of the alleged "faults" which the Approved Intervenors find with UOI's MTI, only became "possible" because ChanBond, for no, *legitimate*, reason, favors the Approved Intervenors over the Proposed Intervenors. The Approved Intervenors have no standing to defend any claims brought by CBV, Inc. the original plaintiff to this action. The Approved Intervenors' intention to enforce an arbitration award against UOI is arguably just as attenuated in relation to CBV's claims as are UOI's claims against William R. Carter ("Carter"). Further, given the Approved Intervenors' pending North Carolina derivative action against Carter alleging similar

malfeasance, it is confusing why the Approved Intervenors find this is so controversial. *Declaration of Steven Lewis Rader ("Rader Decl.")* ¶ 12, Exhibit E. Ultimately, the Approved Intervenors "say the quiet part out loud" and betray the true motives behind the coordinated efforts of ChanBond and the Approved Intervenors to fight UOI from asserting its interests in the action:

> "Leane, IPNAV, and ChanBond share Unified's interest in opposing CBV's claims and **maximizing** *the share of the arbitration award* due to **Approved Intervenors** that CBV must pay." D.I. 73 at 6 (emphasis added).

On the surface, while the reasoning seems sound, until one realizes that the arbitration award referenced is *against UOI and ChanBond*. ChanBond's apparent acquiescence in this binary path only underscores the misalignment of interests between UOI and ChanBond's self-proclaimed "manager" and the legal counsel he retained for this action.

Contrary to the Approved Intervenors' misrepresentations, the only pending "derivative action" against Carter is the North Carolina action brought by the Approved Intervenors. D.I. 73 at 8] The California case is not a derivative action. The Approved Intervenors pronounce that "stockholders have no right to mount a derivative defense of a corporation unless the corporation unreasonably refuses to defend claims against it" ignoring that UOI has no valid Board of Directors, and no officers, and could legally represent its interests in this or any other legal action. D.I. 73 at 4. The Court does not have to take the Proposed Intervenors' word for this. This fact is evidenced by the verified complaint filed by Deidre Leane on February 25, 2022 in North Carolina Business Court. *Rader Decl.,* ¶ *12, Exhibit E.* Paragraph 30 of Ms. Leane's verified complaint alleges:

> "Unified has not had any directors since Mr. Howe's death [in 2018], nor has it had any officers since Mr. Howe's death [in 2018]."

Expecting the Court to forget that the Approved Intervenors declared UOI to be a necessary party to the action, the Approved Intervenors concoct some "increased risk intervention poses to Unified". In the Proposed Scheduling Order filed with the Court on March 16, 2022 it was stated that the Approved Intervenors had "indicated they intend to file a counterclaim against Plaintiff, which will require a reply, a cross-claim against Defendant for confirmation of the award issued

in the arbitration referenced in the Complaint, and a **third-party complaint against current non-party UnifiedOnline, Inc.** seeking the same relief." D.I. 24 ¶ 2 (emphasis added). This expectation inexplicably vanished when the possibility arose that UOI might be represented by legal counsel not beholden to Carter.

To be clear, the Proposed Intervenors' overarching goal is to protect the interests of UOI in this action concerning competing claims to the Settlement Fund. The MTI is not dependent on the proposed crossclaims, which could be amended or withdrawn independent of intervention in this action. If necessary, a standalone derivative action will be filed against Carter and/or ChanBond in the Delaware District Court. In that action, the Proposed Intervenors could seek provisional relief preventing disbursements, by ChanBond, from the Settlement Fund until final resolution of the Proposed Intervenors' claims. A separate action, however, would only unduly tax the resources of the Court, the parties, and the Proposed Intervenors, and could present the real possibility of inconsistent outcomes.

The Approved Intervenors chide the Proposed Intervenors for failing to submit with the MTI a proposed answer to CBV's complaint. This is addressed in the first paragraph of the MTI: "[g]iven the heavy redactions to the First Amended Complaint ("FAC") contained in the court's public file, however, Proposed Intervenors cannot respond to the allegations therein until such time as they are served with an unredacted copy of the FAC." D.I. 34 at 1.

II.     **ARGUMENT**

   A.     **UOI's Interest Can Only Be Represented Derivatively**

As the North Carolina derivative action filed by the Approved Intervenors makes clear, UOI has no Board of Directors and is, therefore, incapable of intervening in this action on its own behalf. The Approved Intervenor's knowledge of this, as reflected in the North Carolina complaint, evidences that UOI was, also, not represented in the arbitration between UOI and the Approved Intervenors. With no board of directors and no officers how could UOI possibly have retained counsel for the arbitration? As reflected in the proposed scheduling order filed with this

3

court, the Approved Intervenors "intend to file...a third-party complaint against non-party UnifiedOnline, Inc. seeking [confirmation of the arbitration award]." D.I. 24 ¶ 2. How do the Approved Intervenors expect that UOI would defend itself against that third-party complaint, if not derivatively through its shareholders?

Without citation, the Approved Intervenors proclaim: "there is generally no right to intervene to derivatively *defend* a corporation." D.I. 73 at 10. Corporations, of course, "generally" (almost always) have a board of directors to make the defense decision, UOI does not. The fact that there are no Delaware cases recognizing such a right is not surprising, but neither are there any cases cited repudiating such a right. The Approved Defendants then backpedal somewhat to clarify: "stockholders have no right to mount a derivative defense of a corporation **unless** the corporation unreasonably refuses to defend claims against it." D.I. 73 at 4 (emphasis added). Somehow, however, they argue that a subjective qualification (unreasonably) of refusal to defend is more profound than the objective impossibility of refusal, for lack of a board, present here.

The Approved Intervenors next point out the obvious fact that there is "no claim asserted against Unified at all. CBV has not named Unified as a defendant..." D.I. 73 at 10. Of course, this is always the case with intervention. CBV has not named the Approved Intervenors as defendants either. They then go on to explain that it would be better for UOI if they were not a party because, then, "the Court has no ability to set aside the ISA." *Id.* Again, apparently, Approved Intervenors forget their intention to file a cross-claim against Unified. *See,* D.I. 24 ¶ 2.

**B.     The Crossclaim Against Carter Is Permitted Under F.R.C.P. Rule 13(h)**

It is unclear why the Approved Intervenors are so concerned with Carter's presence in this case, but ChanBond's counsel (also Carter's counsel in the pending North Carolina case) does not take issue with it in ChanBond's Opposition. The addition of Carter to the cross-complaint was solely in the interests of judicial economy and not a necessary part of the MTI. That said, Rule 13(h) permits the addition of a non-party subject to the requirements or Rule 19 or Rule 20.

The Approved Intervenors acknowledge that during the Local Rule 7.1.1 meet and confer, UOI's counsel informed them that the crossclaim against Carter was made pursuant to Rule 13(h), citing *FDIC v. Bathgate*, 27 F.3d 850 (3d Cir. 1994). Nevertheless, in arguing against the Carter crossclaim, they provide the following quote from *Bathgate*: "defendants' pleading against the Bank directors does not qualify as a third-party complaint under Rule 14(a), because the Bank directors' liability is not derivative of the Bathgate defendants' liability on the notes for which the FDIC is seeking payment." D.I. 73 at 8-9. This is a little strange considering that immediately following that quote, the *Bathgate* court analyzed the addition of "the Bank directors" under Rule 13(h) and found, "the Bathgate defendants properly joined the Bank directors as additional parties to the counterclaim pursuant to Rule 13(h)." *FDIC v. Bathgate*, 27 F.3d 850, 874 (3d Cir. 1994); *3 Moore's Federal Practice - Civil § 13.112* (2022) ("permitting additional parties to be joined to separate claims, provided that they meet the requirements for joinder under Rules 19 and 20, i.e., that they arise from the same transaction or occurrence as the counterclaim or crossclaim asserted against the existing party.") The claims against Carter stem from the same transaction (the ISA) or occurrence (UOI's purchase of ChanBond) as the claims against the existing party Chanbond.

In closing out the "Third-Party Complaint" section of their brief, Approved Intervenors argue against the "accounting claim" made against ChanBond, a party to this litigation that filed its own opposition to the MTI that did not challenge the "accounting claim." The rational takeaway, obviously, is that ChanBond saw no legitimate basis to challenge the "accounting claim."

### C. Intervention is Warranted

Addressing Approved Intervenors opening sentence/paragraph, the question posed at the beginning of this brief should be reiterated: how can Unified be represented if not derivatively? In the next paragraph, Approved Intervenors go on to restate "the ISA cannot not be found invalid if Unified does not appear as a defendant," again neglecting to mention their intention to add Unified as Defendant. D.I. 73 at 13.

5

In the third paragraph, Approved Intervenors conclude: Unified's "interest in the settlement proceeds cannot justify intervention as of right [because] any interest Unified has in the proceeds is derivative of ChanBond's interests, and through Unified's ownership and control of ChanBond, which is already a defendant in the suit." Id. What significance does the "derivative" qualifier have? They do not clarify or cite to any authority. Nor do they explain how Unified is capable of exerting control over Chanbond without a board or any officers.

It is true that Proposed Intervenors do not trust Carter, but neither does (or at least "did") Leane given her North Carolina derivative action raising virtually identical concerns. In their opposition to the Motion to Intervene, Approved Intervenors cite *TransPerfect Glob., Inc. v. Ross Aronstam & Moritz LLP*, No. CV 2021-0065-KSJM, 2022 WL 803484, at *11 (Del. Ch. Mar. 17, 2022) ("TPG"), for the unremarkable proposition that a lawyer hired by a corporation, or limited liability company, owes a duty to the entity. But in that case the authorization of the "Custodian" pursuant to the "Sale Order" was made by the Chancery Court and affirmed by the Delaware Supreme Court. Any suggestion that the agreement whereby UOI purchased ChanBond provided similar imprimatur to Carter as "Manager" is misguided. Rader Decl., ¶2-3, Exhibit A, § 2.2.2. In discharge of the lawyer's duty to the entity, presumably some attention should be paid to the source of authority for the entity's agent providing direction for the lawyer. In addition, counsel to the entity appears to also be counsel to Carter in the lawsuit being pursued by Approved Intervenors in North Carolina, raising the specter, if not reality, of a conflict. Rader Decl. ¶ 12, Exhibit E. Without casting any aspersions on counsel to ChanBond, any corporate attorney worth their salt will have had to struggle from time to time to give effect to their requirement to "represent the entity". See *In re Shoe-Town, Inc. S'holders Litig.*, 1990 WL 13475, at *7 (Del. Ch. Feb. 12, 1990) cited in TPG for the proposition that a lawyer representing the entity does not owe a duty to the directors, officers or shareholders. Where, as here, a "manager" is unable to show that he has the requisite authority to direct the entity, reliance on that "manager's" counsel to protect the members

6

is not as clear as it would be if the parent and subsidiary were properly governed. Rader Decl. ¶ 24, Exhibit N.

### III. <u>CONCLUSION</u>

For the reasons set forth in the MTI and in this reply to Approved Intervenors' Opposition, The Proposed Intervenors respectfully request that the Court to grant intervention on behalf of UOI and its thousands of shareholders.

Respectfully submitted,

THE WILLIAMS LAW FIRM, P.A.

By: _____
John Legaré Williams (Del. Bar #4473)
Brian Charles Crawford (Del. Bar #4941)
1201 N. Orange Street, Suite 600
Wilmington, DE 19801
Tele: (302) 575-0873
Fax: (302) 575-0925
E-mail: John@TrustWilliams.com
        mailto:Brian@TrustWilliams.com

and

CENTAURI LAW GROUP, P.C.

    Steven L. Rader (*pro hac vice*)
    Jason R. Dilday (*pro hac vice*)
    15615 Alton Pkwy, Suite 245
    Irvine, CA 92618
    Phone: (949) 336-5716
    E-mail: SRader@centaurilaw.com
           JDilday@centaurilaw.com

*Attorneys for proposed intervenors*
*KAMAL MIAN and GREGORY COLLINS*
*Derivatively on behalf UNIFIEDONLINE, INC.*

Dated: April 22, 2022