IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., | ) |
| | ) |
|     Plaintiff/Counterclaim-Defendant, | ) ) |
| | ) C.A. No. 21-1456-MN |
| v. | ) |
| | ) |
| CHANBOND, LLC, | ) |
| | ) |
|     Defendant/Crossclaim-Defendant, | ) ) |
| | ) |
| DEIRDRE LEANE and IPNAV, LLC | ) |
| | ) |
|     Defendants/Counterclaim-Plaintiffs/Crossclaim-Plaintiffs. | ) ) ) |

**<u>LETTER TO THE HONORABLE MARYELLEN NOREIKA ON BEHALF OF CHANBOND, LLC'S REQUEST FOR SANCTIONS</u>**

Dated April 26, 2022

                                   BAYARD, P.A.

                                   Stephen B. Brauerman (No. 4952)
                                   Ronald P. Golden III (No. 6254)
                                   600 North King Street, Suite 400
                                   Wilmington, DE 19801
                                   (302) 655-5000
                                   sbrauerman@bayardlaw.com
                                   rgolden@bayardlaw.com

                                   *Attorneys for ChanBond, LLC*

Dear Judge Noreika:

      ChanBond, LLC ("ChanBond") respectfully submits this letter brief in support of its request for sanctions to attempt to remedy the numerous breaches of Your Honor's Orders by Steven Lewis Rader and the law firm of the Centauri Law Group, P.C.[1]  Specifically, ChanBond requested during yesterday's hearing that this Court revoke the *pro hac vice* privileges granted to Mr. Rader, deny the Motion to Intervene filed by Mr. Rader on behalf of Gregory Collins and Kamal Mian (D.I. 34), and award ChanBond its attorneys' fees and costs incurred in connection with Mr. Rader's participation in this action.  For the reasons set forth below, ChanBond respectfully submits that the Court has the authority to award ChanBond's requested relief.

      To allow Mr. Rader a fair hearing on his failure to abide by the Court's Order (*see* D.I. 53), the Court held an in-person hearing on April 25, 2022 at 4:30 P.M. in Courtroom 4A (the "Hearing").  On April 14, 2022, Mr. Rader filed a Motion for Permission for Out of State Counsel to Appear Remotely.  (D.I. 82.)  ChanBond opposed the motion, and the Court denied it.  (D.I. 84.)  Mr. Rader did not appear at the Hearing.  Nor did Mr. Rader or his Delaware counsel provide the Court an explanation for his failure to attend the in-person hearing, let alone his violation of this Court's Orders.  For this reason, those discussed during the Hearing, and those stated in ChanBond's April 5, 2022 Letter Brief (D.I. 59), the Court should award sanctions, including revocation of Mr. Rader's *pro hac vice* privileges and referral of his conduct to the Office of Disciplinary Counsel for further disciplinary proceedings.

      To revoke Mr. Rader's *pro hac vice* privileges, "some type of notice and an opportunity to respond are necessary." *Johnson v. Trueblood*, 629 F.2d 302, 302-03 (3d Cir. 1980).  A "violation of any disciplinary standard applicable to members of the bar of the court would justify revocation of *pro hac vice* status." *Id.* at 304.  "District of Delaware Local Rule 83.5(c) allows the court to exercise its discretion in revoking *pro hac* admission for good cause." *See, e.g.*, *Twin Spans Bus. Park, LLC v. Cincinnati Ins. Co.*, No. 19-476-SB-SRF, 2021 WL 5161836, at *2 (D. Del. Nov. 5, 2021).  This Court has previously exercised its discretion to revoke *pro hac vice* privileges of attorneys appearing before it and should do so here as well. *See, e.g.*, *id.*, (revoking *pro hac vice* privilege); *see also Bio-Rad Labs., Inc. v. Univ. of Chicago*, C.A. No. 15-152-RGA, (D.I. 350 at 26:6-7, 33:18-25) (D. Del.) (declining to revoke *pro hac vice* privileges where counsel appeared to apologize for violation and protective order remedies were sufficient to remedy harm); *St. Clair Intellectual Property Consultants, Inc. v. Palm, Inc.*, No. 06-404-JJF-LPS, 2009 WL 1220546, at *2 (D. Del. May 4, 2009) ("The Special Master recommended several sanctions . . ., including the dismissal of its ownership defense, payment of attorneys' fees and costs, court fines, and revocation of the *pro hac vice* applications of Canon's attorneys and their law firm.").  Because Mr. Rader did not appear at the Hearing, and because Delaware counsel was not prepared to address the Court's questions and have not even spoken directly

---

[1] Although the majority of the misconduct at issue relates to Mr. Rader's actions, ChanBond's request should extend to the Centauri Law Group, P.C. because Mr. Rader's bad actions have tainted his colleagues at the Centauri Law Group, P.C.  This is particularly true given that the nature of the misconduct is improper dissemination of confidential information. *See, e.g.*, *Liberty v. Utilipath, LLC*, C.A. No. 3:14-CV-243-FDW-DCK, (D.I. 108 at n. 1) (W.D.N.C. Fed. 11, 2015).

with their clients, we cannot know the full extent of Mr. Rader's violation of the Court's Orders, or the harm caused thereby. As a consequence, any sanctions the Court may issue, cannot fully remedy Mr. Rader's conduct.

Based on Mr. Rader's wrongful conduct, the Court is also within its discretion to deny the Motion to Intervene (D.I. 34) as a sanction.[2] *See Lefkovitz v. Wagner*, 219 F.R.D. 592, 593 (N.D. Ill. 2004), *aff'd*, 395 F.3d 773 (7th Cir. 2005) (recognizing that the Court may sanction proposed intervenors under its inherent powers). Denying the Motion to Intervene (D.I. 34), which is less draconian than dismissal, since proposed intervenors may still be able to pursue their claims in another court or in another action within this Court if they so desire, is well within the Court's inherent sanction authority. *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1179 n. 15 (3d Cir.1993) (determining that courts have inherent equitable powers to dismiss actions for failure to prosecute, contempt of court, or abuse of litigation practices); *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir.1990) ("Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct."); *cf. Ashcroft v. Dep't of Corr.*, No. 05CV488, 2008 WL 4367540, at *3 (W.D.N.Y. Sept.18, 2008) ("Whatever frustration plaintiff may have does not justify the use of profane and abusive language directed toward his appointed counsel . . . The court will not tolerate such abusive conduct by plaintiff.").

The Proposed Intervenors are not yet in this case and already have thumbed their noses at the Court's rules, procedures, and express orders. When given the chance to defend their conduct, offending counsel did not bother to appear, and the counsel who did appear were unprepared to answer the Court's questions, avoided the Court's direct questions, and instead sought to reargue the underlying order they ignored. *See, e.g.*, *In re NNN 400 Capitol Ctr. 16 LLC*, No. 21-816-CFC, 2022 WL 872643, at *10 (D. Del. Mar. 24, 2022) (citing *Harris v. City of Phila.*, 47 F.3d 1333, 1337 (3d Cir. 1995) (the validity of an underlying order is "not open to collateral attack in a contempt proceeding for violating it")). Strong deterrent sanctions are necessary and appropriate to deter future misconduct. The Court should exercise its inherent authority to deny the Motion to Intervene (D.I. 34) as a sanction for Mr. Rader's willful and unapologetic violation of the Court's Orders.

The Court's inherent authority and 28 U.S.C. § 1927 justify an award of attorneys' fees here. The Court has inherent authority to award attorneys' fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Xcoal Energy & Res. v. Bluestone Energy Sales Corp.*, No. CV 18-819-LPS, 2021 WL 4319224, at *4 (D. Del. Sept. 23, 2021)

---

[2] Having been ordered to destroy ChanBond's confidential information and confirm such destruction, Mr. Rader included the confidential information he was ordered to destroy in a Declaration he instructed his Delaware counsel to file publicly in support of his Motion to Intervene. (*See, e.g.*, D.I. 87-2; D.I. 88-2.) This conduct, which is directly tied to his violation of the Court's orders, justifies denial of the Motion to Intervene as a sanction. Although such information was promptly placed under seal at the other parties' request, Mr. Rader's blatant disrespect for the Court's orders and his Delaware counsel's inability or unwillingness to ensure his compliance, justifies strong, deterrent sanctions.

(citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (internal citation and quotation marks omitted)). When an attorney "multiplies the proceedings in any case unreasonably and vexatiously[,]" he "may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Third Circuit has interpreted Section 1927 to permit fee awards where "an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002); *see also W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 231 F. Supp. 3d 19, 21-23 (D. Del. 2017) (awarding attorneys' fees incurred in relation to sanctions motion); *In re Elonex Phase II Power Mgmt. Litig.*, 279 F. Supp. 2d 521, 525 (D. Del. 2003) (awarding attorneys' fees incurred in opposing "facially meritless Rule 60(b) motion"). In addition to revoking Mr. Rader's *pro hac vice* admission, prohibiting his firm from appearing in this action, and denying the Motion to Intervene, the Court should also hold Mr. Rader responsible for ChanBond's attorneys' fees and costs.

      Should Your Honor have any questions, comments, or concerns, the undersigned is available at the Court's convenience, apologizes for the burden this request poses upon the Court, and thanks the Court for its attention to this matter.

                                    Respectfully submitted,

                                    */s/ Stephen B. Brauerman*

                                    Stephen B. Brauerman (No. 4952)