IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC.,<br><br>　　　　Plaintiff/Counterclaim-<br>　　　　Defendant,<br><br>　v.<br><br>CHANBOND, LLC,<br><br>　　　　Defendant/Crossclaim-<br>　　　　Defendant,<br><br>　and<br><br>DEIRDRE LEANE, and IPNAV, LLC,<br><br>　　　　Defendants/Counterclaim-<br>　　　　Plaintiffs/Crossclaim-<br>　　　　Plaintiffs. | C.A. No. 1:21-cv-01456-MN |

**DEFENDANTS DEIRDRE LEANE AND IPNAV, LLC'S REPLY IN FURTHER
SUPPORT OF MOTION FOR LEAVE TO FILE A SUR-REPLY**

Leane Defendants[1] respectfully submit this reply brief in support of their request for leave to file a sur-reply (the "Sur-Reply," attached as Exhibit A) in further opposition to Plaintiff CBV, Inc.'s Motion for Preliminary Injunction (D.I. 18) (the "PI Motion"). Leane Defendants' proposed sur-reply addresses – and disposes of – CBV's arguments for tolling the three year statute of limitations governing the breach of contract claims CBV filed roughly six years after the supposed breaches. Apparently (and correctly) concerned about the weakness of those arguments, CBV opted to play hide-the-ball on its motion and in meet and confer discussions, refusing to disclose its argument for tolling until it filed its reply brief in support of the PI

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in Leane Defendants' Motion for Leave to File a Sur-Reply In Further Opposition to Plaintiff CBV, Inc.'s Motion For Preliminary Injunction (D.I. 85).

Motion, though the statute of limitations facially barred its claims. By so doing, CBV prevented Leane Defendants from directly addressing its belatedly revealed argument: that the statute of limitations should be tolled despite CBV's 2015 knowledge of the Interest Sale Agreement, 2015 knowledge of the existence of the Advisory Services Agreement ("ASA"), and 2015 knowledge that ChanBond had hired and would be paying IPNAV as a vendor to advise ChanBond, because CBV did not have detailed knowledge of the specific payment terms of that ASA.

CBV's hope that it could obtain a ruling on its preliminary injunction motion without having that argument directly addressed is understandable, because the argument itself is completely untenable under the governing law. The cases are crystal clear that a plaintiff need not be aware of every detail of the supposedly wrongful conduct before the statute of limitations will begin to run. *DeBenedictis v. Merrill Lynch & Co.*, 492 F.3d 209, 216 (3d Cir. 2007) ("Plaintiffs cannot avoid the time bar simply by claiming they lacked knowledge of the details for narrow aspects of the alleged fraud"); *Pomeranz v. Museum Partners, L.P.*, 2005 WL 217039, at *12 (Del. Ch. Jan. 24, 2005) ("That is not the law -- having all the facts necessary to articulate the wrong is not required."), citing *In re Dean Witter P'ship Litig.*, 1998 WL 442456, at *7 (Del. Ch. July 17, 1998), aff'd, 725 A.2d 441 (Del. 1999) ("Rather, the statute of limitations begins to run when plaintiffs should have discovered the general fraudulent scheme."); *Ocimum Biosolutions (India) Ltd. v. AstraZeneca UK Ltd.*, C.A. No. N15C-08-168 AML (CCLD), 2019 WL 6726836, at *9 (Del. Super. Ct. Dec. 4, 2019), aff'd, 247 A.3d 674 (Del. 2021) ("Inquiry notice does not require that a plaintiff be aware 'of all of the aspects of the alleged wrongful conduct.'"). Indeed, while CBV cites page 3 of *Davis v. 24 Hour Fitness Worldwide, Inc.*, C.A. No. 12-1370-GMS, 2014 WL 4955502 (D. Del. Sept. 30, 2014) for the proposition that tolling is permissible in some cases, the very next page of the *Davis* decision

explained that "[t]he test for inquiry notice does not necessarily require the 'discovery of facts constituting the basis of the cause of action'; rather, inquiry notice may also be established by 'the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery' of such facts." *Id.* at *4. Moreover, CBV's complaint is not that the amount of the fee in the ASA breached the patent purchase agreement ("PPA") – that a 22% fee was a breach, but a 20% fee, or a 10% fee, or a 10-cent fee would not have been a breach – but that the ASA's mere existence was a breach, at *any* fee, because it was between ChanBond and an entity that, at the time the ASA was executed, was a ChanBond affiliate. Compl ¶¶ 7-9, 54-55, 121-125. Yet CBV has now *also* pled that when it signed the PPA in 2015, it was fully aware that IPNAV and ChanBond were both owned and controlled by Leane and that it specifically expected and understood that ChanBond would be retaining *and paying* IPNAV. CBV's Answer to Leane Defs.' Counterclaim, D. I. 79 ¶¶ 4-5.[2] Thus, CBV's own pleadings demonstrate that no tolling can save their claims.

And for exactly those reasons, this is the paradigmatic (and rare) case in which a sur-reply is warranted. CBV's complaint and preliminary injunction motion argued one theory of its breach of contract claims: that the mere execution of the ASA breached the PPA. Compl. ¶¶ 7-10, 154. Leane Defendants addressed *that* theory in their Answering Brief, explaining that no tolling could possibly apply because CBV was indisputably on notice that ChanBond and IPNAV had executed the ASA since November 24, 2015, when UnifiedOnline attached the ISA with its clear reference to the ASA to its public 10-Q filing. D.I. 48 at 5-6. CBV's response, in its

---

[2] This concession, which is fatal to any argument for tolling, was not made until April 13, 2022 when CBV filed its Answer to Leane Defendants' counterclaims, and therefore could not have been addressed in the prior briefing on either this Motion or CBV's underlying application for injunctive relief. Leane Defendants' proposed sur-reply has been amended to reflect this critical concession, and the sur-reply that Leane Defendants now propose to file if this Motion is granted is annexed hereto as Exhibit A. A redline against the prior proposed surreply is annexed hereto as Exhibit B.

Reply Brief, was to move the goalposts and argue a theory it had never before articulated: That the precise terms of the fee in the ASA were an essential element of its breach of contract claim. D.I. 65 at 4-5. And a week later, CBV made the critical factual concession that it was aware of Leane's ownership and control of both ChanBond and IPNAV, that ChanBond had retained IPNAV and that it understood that ChanBond would be paying IPNAV as a result of that retention. Because Leane Defendants had no opportunity to address CBV's new arguments and admissions in their Answering Brief, they are entitled to do so in a brief sur-reply. *See EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 103 (D. Del. 2016) (*granting* leave to file a sur-reply where "Pure's reply did not contain 'new' argument to the extent it responded to the new argument EMC raised in its opposition … Still, Pure's reply undoubtedly raised legal arguments that EMC did not have an opportunity to rebut and relied on case law not cited in Pure's opening brief."); *St. Clair Intell. Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013) (noting that the court "may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments" and granting leave to file short surreply that would "allow the Court to more fully and fairly evaluate" the pending motion"). *See also White Winston Select Asset Funds, LLC v. Good Times Restaurants, Inc.*, C.A. No. 19-2092-RGA-SRF, 2020 WL 4015327, at *1 (D. Del. July 16, 2020) (The court grants plaintiffs' motion and considers plaintiffs' sur reply… because the sur-reply addresses arguments made for the first time in a reply brief"), *report and recommendation adopted*, 2020 WL 5362636 (D. Del. Sept. 8, 2020).

-5-

The motion for leave should be granted.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted, |
|  | */s/ James H. S. Levine* |
| Akiva M. Cohen | James H. S. Levine (DE No. 5355) |
| Dylan M. Schmeyer | TROUTMAN PEPPER |
| KAMERMAN, UNCYK, |     HAMILTON SANDERS LLP |
|     SONIKER & KLEIN P.C, | Hercules Plaza, Suite 5100 |
| 1700 Broadway, 16th Floor | 1313 N. Market Street |
| New York, NY 10019 | P.O. Box 1709 |
| 212.400.4930 | Wilmington, DE  19899-1709 |
| acohen@kusklaw.com | 302.777.6500 |
| dschmeyer@kusklaw.com | james.levine@troutman.com |
|  |  |
| Dated:  April 29, 2022 | *Attorneys for Deirdre Leane and IPNAV, LLC* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2022, I filed the foregoing *Defendants Deirdre Leane and IPNAV, LLC's Reply In Further Support of Motion for Leave to File Sur-Reply in Further Opposition to Plaintiff CBV, Inc.'s Motion for Preliminary Motion* using CM / ECF, which will send notification of such filing to all counsel of record.

/s/ *James H. S. Levine*
James H. S. Levine (DE No. 5355)