UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., <br> *Plaintiff/Counterclaim-Defendant,* <br> v. <br> CHANBOND, LLC, <br> *Defendant/Crossclai-Plaintiffs/Crossclaim Plaintiffs.* <br> DIERDRE LEANE, and IPNAV, LLC, <br> *Defendants/Countercliam-Plaintiffs/Crossclaim-Plaintiffs.* | C.A. No. 1:21-cv-01456-MN |

**RESPONSE BY GREGORY COLLINS AND KAMAL MIAN DERIVATIVELY ON BEHALF OF UNIFIEDONLINE, INC.'S TO CHANBOND'S "LETTER TO THE COURT" AND REQUEST FOR SANCTIONS**

Dated: 4/27/2022

**CENTAURI LAW GROUP, P.C.**
JASON R. DILDAY (*Pro Hac Vice*)
STEVEN L. RADER (*Pro Hac Vice*)
15615 Alton Pkwy, Suite 245
Irvine, CA 92618
Phone: (949) 336-5716
E-mail: JDilday@centaurilaw.com
  SRader@centaurilaw.com

Attorneys for Defendants
KAMAL MIAN
GREGORY COLLINS
Derivatively on behalf
UNIFIEDONLINE, INC.

1

## INTRODUCTION

Presently under consideration by the United States District Court for the District of Delaware is the question of whether Gregory Collins and Kamal Mian, individual investors seeking leave to intervene derivatively in this action on behalf of Unifiedonline, Inc. (the "Proposed Intervenors"), ought to be deprived of the benefit of their chosen legal counsel, Steven Lewis Rader (Cal. Bar No. 189979), *and have their claims summarily dismissed,* not because their legal counsel violated any Court Order or Rule. He did not. Rather, the Proposed Intervenors' are to be deprived of their rights, apparently, because their legal counsel refused to comply with the orders of opposing counsel.

Opposing counsel wants: (1) the Proposed Intervenors to be deprived of their chosen legal counsel, (2) the Proposed Intervenors' legal counsel disciplined, (3) the Proposed Intervenors to be required to pay attorneys' fees to opposing counsel, and (4) the Proposed Intervenors' claims summarily dismissed, because his office claims to have "inadvertently" emailed an arbitration award to the Proposed Intervenors' legal counsel… *twice. Declaration of Steven Lewis Rader ("Rader Decl."), filed concurrently herewith,* ¶ 7. No law supports opposing counsel's overreaching demands, no facts support them either.

The Proposed Intervenors do not see how the District Court could deprive the Proposed Intervenors of their meritorious claims and issue an Order potentially affecting the livelihood of an attorney in good standing for nearly 25 years, on less than forty-eight hours' notice, on a bare "letter to the court,[1]" based on no admissible evidence whatsoever.

## RELEVANT FACTS AND PROCEDURAL HISTORY

The Proposed Intervenors discovered this action, and that their interests might be deleteriously affected thereby, about four months ago, when a Google search produced a link to the heavily redacted complaint filed by the plaintiff herein, CBV, INC. ("CBV"). *Rader Decl.* ¶ 9. The Proposed Intervenors do not know who posted the heavily redacted complaint to the

internet. They only know that the heavily redacted complaint indicated to them that disbursement of a Settlement Fund, in which they arguably have a significant interest, might by imminent.

After considerable research, analysis, and extensive consultation with their chosen lawyers, the Proposed Intervenors elected to pursue a comprehensive, multi-pronged, legal strategy intended to secure information related to the ultimate disbursement of the Settlement Fund, and valuation of their investments, to which they had been unlawfully deprived, and to ensure that their lawful share in such disbursement, if any, was adequately protected. *Rader Decl.* ¶--. The Proposed Intervenors have already incurred considerable expense in pursuit of this strategy on behalf of themselves, and the corporation.

On March 21, 2022, the Proposed Intervenors filed their Motion for Intervention and a proposed Cross-Complaint. D.I. 34. Prior to that date, and unbeknownst to the Proposed Intervenors, the District Court had issued serial Orders granting the parties' several "unopposed" motions to file pleadings and motions, and related documents, under seal.

The record does not reflect that the District Court fulfilled its duty to properly consider the strong presumption in favor of public access to judicial records before rubber-stamping the parties' serial motions to file documents under seal. The District Court did not appear to make "specific findings on the record concerning the effects of disclosure". *Cole's Wexford Hotel, Inc. v. Highmark, Inc.*, 2019 U.S. Dist. LEXIS 142214, *33, 2019 WL 3778090 (citation and quotation omitted). The District Court did not conduct any "careful factfinding and balancing of competing interests." Id. The District Court did not appear to "conduct[] a document-by-document review of the contents" of the documents to be filed under seal. *Id.* (citation and quotation omitted); see also, *Leucadia, Inc. v. Applied Extrusion Technologies*, Inc., 998 F.2d 157, 165, (3rd Cir. 1993) ("The public's right to inspect judicial records may not be evaded by a wholesale sealing of court papers. Instead, the district court must be sensitive to the rights of the

3

public in determining whether any particular document, or class of documents, is appropriately filed under seal.").

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ legal counsel for the Proposed Intervenors received an email from legal counsel for ChanBond attaching documents labeled, by legal counsel for ChanBond, as (1) "Motion to File Under Seal"; and (2) "[SEALED] Defendant Chanbond, LLC's Answering Brief in Opposition to Plaintiff's Motion for Temporary Restraining Order Preliminary Injunction, and Motion for Expedited Discovery." The recipients of the email included Steven Lewis Rader.

Although the second electronic document attached to the aforesaid email has been completely "redacted", as directed by the District Court, ChanBond has acknowledged the Opposition attached to that email contained an arbitration award as an exhibit.

ChanBond and Deirde Leane ("Leane) and IPNAV, LLC ("IPNAV" and, collectively, the "Approved Intervenors") do not want the Proposed Intervenors to know these amounts. There is no, legitimate, reason, however, to withhold financial information from the Proposed Intervenors, who are shareholders to one of the named Respondents in the arbitration.

It is settled law that the valuation of one's shares is a valid purpose to inspect books and records of a corporation. *Quantum Tech. Partners IV, L.P. v. Ploom, Inc.,* C.A. No. 9054-ML, 18 (Del. Ch. May. 14, 2014) Because the value of any shares of stock of UnifiedOnline, Inc., a Delaware corporation ("UOI"), is wholly dependent on the receipt by UOI of money from litigation engaged in by UOI, through its wholly owned subsidiary, ChanBond, any agreement relating to the Settlement Fund, and any contractual obligation to share such money with parties other than UOI becomes material and necessary for the determination of the value of such shares. The propriety of a request to see agreements is explicit in 8 Del. C. §220(b)(2). ChanBond can articulate no specific and serious harm caused by UOI's shareholders "inadvertently" obtaining information which had been unlawfully withheld from them.

4

Legal counsel for the Proposed Intervenors were not included in the Rule 7.1.1. discussion prior to the filing of ChanBond's motion to file under seal on Thursday, March 31, 2022. D.I. 53. [the motion to filed under seal] Therefore, legal counsel for the Proposed Intervenors had no prior knowledge that the motion to file under seal extended to the arbitration award. The motion to file under seal served on the Proposed Intervenors' legal counsel on Thursday, March 31, 2022, made no mention whatsoever of the arbitration award, but stated only:

> CBV filed its Opening Brief in Support of the Motion on March 15, 2022 (D.I. 19) under seal. The Opening Brief in Support of the Motion sets forth information regarding ChanBond's confidential business information. ChanBond's Answering Brief in Opposition to the Motion contains the same. Accordingly, ChanBond respectfully submits that good cause exists to seal its Answering Brief in Opposition to the Motion to protect the interests of one or both parties against public dissemination of the confidential information contained within ChanBond's Answering Brief in Opposition to the Motion. D.I. 53.

There is no evidence before the District Court that legal counsel for the Proposed Intervenors ever obtained or disclosed any "information regarding ChanBond's confidential business information" set forth in CBV's opening brief. Yet, this "information regarding ChanBond's confidential business information" formed the sole justification for the motion to file under seal. And, arguably, this was information to which the Proposed Intervenors would be legally entitled in any event.

*Less than one hour* after ChanBond filed its motion to file the Opposition under seal, and before the Proposed Intervenors could be heard on the motion, the District Court issued its Order stating:

> SO ORDERED re [53] UNOPPOSED MOTION to File Under Seal. ORDERED by Judge Maryellen Noreika on 3/31/2022. (dlw)

The record does not reflect that the District Court reviewed the arbitration award or made any independent determination as to whether the arbitration award could be properly filed under seal[2]

– or, more importantly, *that the District Court was even asked to do so*. The motion presented by ChanBond certainly would *not* have alerted the District Court that the arbitration award was a *new* document, containing *new* information, for which ChanBond was making a *new* request to file under seal. Most importantly, the District Court's Order granting ChanBond permission to file a document under seal, neither directed the Proposed Intervenors, or their legal counsel, to take any action, nor prohibited them from taking any action, regarding the purported arbitration award.

It was, and remains, practically impossible for the Proposed Intervenors' legal counsel to have willfully violated the District Court's March 31, 2022, Order as that Order did nothing *but permit* ChanBond to file a document under seal. That Order neither mandated nor prohibited any action by the Proposed Intervenors, or their legal counsel, at all. Prior to the issuance of the Order *permitting* ChanBond to file a document under seal, the Proposed Intervenors had not entered into any confidentiality agreement, or stipulated protective order, with any of the parties herein. In fact, at the time of the Order, the Proposed Intervenors (residents of California and Arizona) were not even parties to the action.

██████████████████████████████████ legal counsel for the Proposed Intervenors informed the other counsel in the case that he, *just like all of them*, had received the arbitration award attached as an exhibit to the Opposition attached to the ██████ ██ email from ChanBond's legal counsel and that he wanted to discuss same. *Rader Dec.* ¶¶

---

[2] To ensure that proper weight is given to "the public's strong interest in the openness of judicial records," a District Court must engage in "a document-by-document review." *Genentech, Inc. v. Amgen, Inc.*, 2020 U.S. Dist. LEXIS 182824, *11 - 13, 2020 WL 9432700 "***Casual, superficial review does not suffice***. Again, the strong presumption of openness inherent in the common law right of access 'disallows the routine and perfunctory closing of judicial records.'" Id.

6

9, 10, *Exhibit* F. Among the issues which legal counsel for the Proposed Intervenors wished to discuss:

- Would ChanBond be withdrawing the motion to file under seal for failure to comply with Rule 7.1.1?
- Would the parties participate in a Rule 7.1.1 discussion regarding the Proposed Intervenors intention to file a motion to unseal the judicial records in this case?
- Will ChanBond be interpleading the funds given the completing claims thereto already in the action?
- Would the parties voluntarily share the settlement agreement(s)?

*Rader Decl.* ¶ 10, *Exhibit F* **[redacted to remove disputed material]**.

Counsel for ChanBond and the "Approved Intervenors", however, highjacked ▓▓▓▓ conference call and refused to even discuss any of the aforesaid issues. *Rader Decl.* ¶ 11. Instead, they accused the Proposed Intervenors' counsel of "acting in bad faith" for refusing to comply with ChanBond counsel's "claw back" demand. *Rader Decl.* ¶ 11. When legal counsel for the Proposed Intervenors asked for any legal authority obligating the Proposed Intervenors, and their counsel, to do any of the things ChanBond's Counsel was demanding of them, it was only recited to him a Local Rule of Court governing disclosures, in discovery, between the parties. *Rader Decl.* ¶ 11. Counsel for the Proposed Intervenors decided to bill his clients for no further time for the unproductive call. *Rader Decl.* ¶ 11.

In spite of Local Rule 7.1.2(a), Mr. Brauerman then filed and served on April 5, 2022, at 11:48 p.m. (EDT), a "letter to the court" asking for a Court Order compelling the Proposed Intervenors, and their counsel to "(1) return or destroy all copies of the Confidential Filing in their possession, custody or control, (2) identify to whom they have disclosed the Confidential Filing, (3) take any and all steps necessary to recover the Confidential Filing from such recipients, and (4) any other relief the Court deems necessary or appropriate." D.I. 59. Even Local Rule 26.2, on which ChanBond's counsel erroneously bases his entire demand for sanction of the Proposed Intervenors' counsel, and summary dismissal of the Proposed Intervenors' claims, would not obligate either the Proposed Intervenors, or their legal counsel, to do any of

the things ChanBond's counsel demanded. Although it is inapposite to contend that Local Rule 26.2 applies under these circumstances, it is nonetheless true that ChanBond's counsel presents no admissible evidence that Proposed Intervenors' counsel ever violated Local Rule 26.2.

On April 6, 2022, at 10:20 a.m. (EDT), Delaware Counsel for the Proposed Intervenors submitted a letter to the District Court asking if the Proposed Intervenors could respond to the "letter to the court" by 1:00 p.m. (EDT), the next day, on April 7, 2022. D.I. 60.

On April 6, 2022, at 11:50 a.m. (EDT) the District Court issued its Order denying that request stating:

> ORAL ORDER re [59] Letter, [60] Letter: Non-Parties Gregory Collins and Kamal Mian shall file a response in full to ChanBond, LLC's letter by 2:30 PM (EST) TODAY. Further, non-parties and their counsel shall return all copies of the confidential filing and shall immediately cease disseminating copies of the confidential filing pending further order of this Court. ORDERED by Judge Maryellen Noreika on 4/6/2022. (mdb)

Thus, having already granted ChanBond's counsel much of what he had asked for in his "letter to the court," the District Court then, nonetheless, mandated that the Proposed Intervenors respond in about 2 ½ hours. No emergency, no irreparable harm, no prejudice whatsoever to ChanBond, was evidenced in ChanBond counsel's "letter to the court." The Proposed Intervenors, and their legal counsel, promptly and completely, complied with the District Court's Order.

In their response to ChanBond counsel's "letter to the court" which the District Court had commanded that they provide on 2 ½ hours' notice, the Proposed Intervenors, and their legal counsel, conclusively established that (1) they had violated no Order of the District Court; (2) their counsel had violated no Ethical Rule, quoting ABA Rule 4.4(b), California Rule 4.4, and Delaware Rule 4.4(b); (3) the District Court had improperly Ordered the subject document filed under seal See e.g., *In re Storag Etzel GmbH*, 2020 U.S. Dist. LEXIS 97953, *10-13, 2020 WL 2949742 at *4); (4) Local Rule 26.2 applied to *discovery, between the parties,* and had no application under the circumstances; (5) the subject arbitration award was not privileged from disclosure after it was presented for review by the District Court (See, *Pa. Nat'l Mut. Cas. Ins.*

*Grp. V. New Eng. Reinsurance Corp.* 840 Fed Appx. 688, 689); and (6) of course, counsel's communications with his clients are privileged and not to be inquired into. D. I. 63. The Proposed Intervenors concluded by informing the District Court that they had returned and/or destroyed all copies of the subject Opposition Brief. One would have thought that this would have been the end of the matter.

Yet, the District Court, perhaps understandably, interpreted the Proposed Intervenors' objection to ChanBond's counsel seeking such Orders without providing proper notice and a hearing, as a specific request for hearing. Thereafter, the District Court issued another Order, on April 6, 2022, at 4:41 p.m.:

> ORAL ORDER: Having reviewed Defendants' letter ([59]) and the non-parties' response ([63]), IT IS HEREBY ORDERED that the Court will hold a hearing in this matter on April 25, 2022 at 4:30 p.m. in Courtroom 4A. Until that hearing, the non-parties shall not retain or disseminate the confidential filings and shall endeavor to retract information they have already disseminated. ORDERED by Judge Maryellen Noreika on 4/6/2022. (mdb)

This Order, the only notice provided for the April 25, 2022, hearing, did not state the purpose of the hearing. It certainly provided no notice of any adverse action being contemplated by the District Court against the Proposed Intervenor's legal counsel at the hearing. Neither the Order, nor the Rules of Court, required that the Proposed Intervenor be represented by any particular legal counsel at the hearing.

On April 22, 2022, the Proposed Intervenors filed their replies addressing new matter which had been raised in two oppositions to the Motion to Intervene presently before the District Court. D.I. 73, 76. Primarily to address misrepresentations in the oppositions regarding the Rule 7.1.1 process, but also to provide the District Court with copies of publicly filed documents referenced in the parties' briefs[3], the Proposed Intervenors filed, in addition to their replies, a supporting declaration of their trial counsel, Steven Lewis Rader. D.I. 87-1, 88-1. Exhibit B to the declaration consisted of 28 pages of emails among counsel related to the Rule 7.1.1 process.

---

[3] Perhaps, this may have been better done by way of a request for judicial notice.

As initially filed, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ inadvertently included an email from Mr. Rader, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ which mentioned some information obtained from the arbitration award. *Rader Decl.* ¶ 10, *Exhibit* F **[redacted to remove disputed material]**

Thereafter, the Delaware co-counsel for the Approved Intervenors apparently sent an email to the Delaware co-counsel for the Approved Intervenors, but not Mr. Rader, accusing Mr. Rader of filing the email on purpose and demanding that the Delaware co-counsel for the Approved Intervenors contact the District Court's "emergency after-hours clerk" to withdraw the filing. The Delaware co-counsel for the Approved Intervenors promptly did so.

While nothing in the Court's April 6, 2022 oral order (D.I. 64) led Proposed Intervenors to believe Steven Rader's presence was required at the hearing, he very much wanted to be heard, but could not justify the costs to his clients or the increased health risks of traveling to Delaware for the hearing. For this reason, a request to the Court was made to appear remotely. Though it was, admittedly, surprising that the court denied the motion to appear remotely (D.I. 84), especially given the norms in California's state and federal courts, at no point was the denial interpreted to mean a personal appearance by Steven Rader was required in addition to Delaware counsel. If Mr. Rader thought the Court expected his personal appearance at the hearing, he would have been there without question.

Contrary to Mr. Brauerman's unsupported claim, the fact that Mr. Rader did not personally appear at the hearing violated no Rule of Court. See, *Del. Rules of Prof'l Conduct*, Rule 3.3(a)(1) ("A lawyer shall not knowingly… make a false statement of fact or law to a tribunal…") At the conclusion of the April 25, 2022, hearing, the District Court issued the following Order:

> Minute Entry for proceedings held before Judge Maryellen Noreika - Oral Argument held on 4/25/2022. Discussion on the letters ( 59 , 63 ). Counsel for intervenors Steve Rader, Esq. was not present at the hearing. The defendant shall file a brief on their

requested relief by 4/26/22, and the response is due by 4/27/2022.
(Court Reporter Dale Hawkins.) (mdb) (Entered: 04/25/2022)

The Order provided no notice that the District Court would consider the imposition of sanctions, dismissal of the Proposed Intervenors' claims, or any disciplinary action against the Proposed Intervenors' trial counsel.

## DUE PROCESS IS REQUIRED BEFORE COUNSEL'S PRO HAC VICE LICENSE CAN BE REVOKED

In *Johnson v Trueblood*, 629 F.2d 302 (3d Cir 1980) (per curiam), the Third Circuit held that when a District Court contemplates revocation of an attorney's pro hac vice status, the attorney must receive, *at a minimum*, notice of the conduct placing his or her pro hac vice status at risk, notice of the standard the district court will apply in deciding whether to revoke that status, an opportunity to respond, and written reasons for any revocation. Id at 303-04; see also, *Taberer v. Armstrong World Industries, Inc.*, 954 F.2d 888, 910 (3rd Cir. 1992) (reversing District Court's Order revoking pro hac vice states where counsel "did not even receive notice that his pro hac vice status was at risk before the district court revoked it.") Thus, the Proposed Intervenors' counsel requests, *at a minimum*, notice of the conduct placing his pro hac vice status at risk, notice of the standard the District Court will apply in deciding whether to revoke that status, an opportunity to respond, and written reasons for any revocation.

## PROPOSED INTERVENORS' LEGAL COUNSEL VIOLATED NO VALID ORDER OF THE COURT

As detailed above, the subject Orders of the District Court permitting ChanBond to file documents under seal imposed no duty whatsoever on The Proposed Intervenors or their legal counsel. Moreover, all available authority indicates that these Orders were not valid in any event. *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986); *U.S. v. Dougherty*, 627 Fed. Appx. 97, n 7 (3. Cir. 2015) citing *United States v. Wecht*, 484 F.3d 194, 212 (3d Cir. 2007) (Explaining that under seal means "the defense and public would not be able to view the filed papers or learn the contents *from the docket*, but that

11

defendant could have disseminated the information to the public absent a protective order."); *PA. National Mutual Casualty Insurance Group v. New England Reinsurance*, 840 Fed. Appx. 688, 2020 WL 7663878 (3d Cir. 2020) (Filing a confidential arbitration order with the Court required public access under Common Law); *Samsung Electronics Co., Ltd. V. Imperium IP Holdings (Cayman), Ltd.*, 2017 WL 11573695 (D. Del. 2017) (A private agreement does not govern the Court's Obligation to ensure Public Access (emphasis added); *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019) (party seeking to seal document filed with the District Court has burden to show overriding interest in excluding the public access based on findings that nondisclosure is essential to preserve higher values and is narrowly tailored to serve that interest) ChanBond to the contrary, *offers no legal authority* supporting the District Court's Order permitting ChanBond to file the arbitration award under seal or his blanket accusation that this Order was violated by the Proposed Intervenors' legal counsel.

## PROPOSED INTERVENORS' LEGAL COUNSEL VIOLATED NO ETHICAL RULE

ChanBond's counsel claims that his office "inadvertently" served the Proposed Intervenors with the Opposition, with the arbitration award, twice. *Rader Decl.* ¶ 7. Even if so, the only ethical duty of the Proposed Intervenor's legal counsel was to "promptly notify the sender" of his receipt of the "inadvertently" transmitted document, which he did ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Del. Rules of Prof'l Conduct* Rule 4.4(b) ("A lawyer who receives a document or electronically stored information relating to the representation of the lawyer's client and knows or reasonably should know that the document or electronically stored information was inadvertently sent shall promptly notify the sender."); see also, *Comment 2* ("Whether the lawyer is required to take additional steps, such as returning the document or electronically stored information, is a matter of law beyond the scope of these Rules, as is the question of whether the privileged status of a document or electronically stored information has been waived.") The Proposed Intervenor's legal counsel is well aware of what the Ethical Rules

12

require of him, and what they do not require. See, *Del. Rules of Prof'l Conduct* Rule 3.4(a) ("A lawyer shall not… unlawfully obstruct another party's access to evidence…") Mr. Rader's "open refusal based on an assertion that no valid obligation exists" constituted no violation of his ethical duties. See, *Del. Rules of Prof'l Conduct* Rule 3.4(c).

### **PROPOSED INTERVENORS' LEGAL COUNSEL VIOLATED NO RULE OF COURT**

Local Rule 26.2 applies to FRCP 26 and discovery between the parties. The Proposed Intervenors are not yet parties, and have neither made, nor received FRCP initial disclosures. Even if the Rule applied, however, there is no admissible evidence before the District Court that the Proposed Intervenors' trial counsel violated Local Rule 26.2. There is no admissible evidence before the District Court that Mr. Rader disclosed the documents filed under seal to anyone. Any communication between the Proposed Intervenors' and their legal counsel would be privileged and the privilege could be waived only by the Proposed Intervenors. *Brigham & Women's Hosp., Inc. v. Teva Pharms. USA, Inc.*, 707 F. Supp. 2d 463, 469-470, 2010 U.S. Dist. LEXIS 31573, *14. Local Rule 26.2, like F.R.C.P. 26, applies to parties only.

### **CHANBOND'S COUNSEL'S DEMAND THAT THE MOTION TO INTERVENE BE DENIED IS FRIVOLOUS**

Because of ChanBond's failure to follow of Local Rule 7.13(a)(2), 7.13(b), 7.13(c)(1) (E), (F) and (G), it is difficult to decipher ChanBond's points, or the legal authority which it would contend might support them. ChanBond proclaims in its letter that the corrected filing with the Proposed Intervenors' replies, grants the Court discretion to deny to intervention to a necessary party to the action. No authority supports this contention.

As authority for granting the District Court discretion to summarily deprive the Proposed Intervenors of their Right to Petition ChanBond's counsel offers nothing but out-of-context "soundbites" for cases, the actual holdings of which would not support his claim. See, *Lefkovitz v. Wagner*, 219 F.R.D. 592, 593 (N.D. Ill. 2004), *aff'd* 395 F.3d 773 (**denying** Rule 11 sanctions "where the motions to intervene were the first of their kind and no ruling had been issued on the

13

validity of such motions."); see also, *Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1179 (3rd Cir. 1993) (affirming district court's *denial* of motion for mistrial and, in footnote, *declining to dismiss case* for attorneys' misconduct); see also, *Guyer v. Beard*, 907 F.2d 1424, 1429 (3rd Cir. 1990) (party's own conduct rendered continuation of case impossible)

Under well-established Third Circuit precedent a District Court generally abuses its discretion in dismissing a party's claim with prejudice without consideration of "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3rd Cir. 1984). ChanBond's letter does not consider these factors.

## MR. BRAUERMAN'S DEMAND FOR MONETARY SANCTIONS IS WITHOUT LEGAL OR FACTUAL SUPPORT

ChanBond wants attorney's fees. He claims that 28 U.S.C. section 1927 justifies his demand to be paid. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

ChanBond's counsel has not shown that he is entitled to payment under 28 U.S.C. section 1927. There must be a showing that they acted in subjective bad faith. *Baker Indus. v. Cerberus Ltd.*, 764 F.2d 204, 208-09 (3d Cir. 1985); *see, e.g., Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1357 (3d Cir. 1990); *Williams v. Giant Eagle Mkts.*, 883 F.2d 1184, 1191 (3d Cir. 1989); *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 484 (3d Cir. 1987). This requirement is imposed out of fear of chilling attorneys' zealous advocacy on behalf of their clients. *Baker Indus.*, 764 F.2d at 208. The Third Circuit has stated that: "[if]f it were otherwise, an attorney who might be

guilty of no more than a mistake in professional judgment in pursuing a client's goals might be made liable for excess attorneys' fees under section 1927. We do not read the language of section 1927, which explicitly requires 'unreasonable' conduct before attorneys' fees may be taxed, to impose such a burden absent actions taken which are tantamount to willful bad faith." *Id.* at 109. See also, *Indianapolis Colts v. Baltimore*, 775 F.2d 177, 3 Fed. R. Serv. 3d (Callaghan) 51, 1985 U.S. App. LEXIS 24265 (7th Cir. 1985) ("Before court may assess fees under 28 USCS § 1927, attorney must intentionally file or prosecute claim that lacks plausible legal or factual basis."); and *Reid v. United States*, 715 F.2d 1148, 1983 U.S. App. LEXIS 24825 (7th Cir. 1983) ("Costs may be imposed under 28 USCS § 1927 only to sanction needless delay.").

## 28 U.S.C. §1927

In *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 231 F. Supp. 3d 19, 23 (D. Del. 2017) the District Court concluded that a party's "aggressive" pursuit of a motion for sanctions containing "potentially career-ending allegations" after being presented with unrebutted evidence demonstrating the motion's lack of merit constituted bad faith conduct warranting an award of fees. Based on *W.L. Gore*, therefore, the Proposed Intervenors' have a strong basis to request an award of attorneys' fees against ChanBond, pursuant to 28 U.S.C. § 1927 and the court's inherent authority to award same.

## CONCLUSION

Generally, the Proposed Intervenors' trial counsel, a member of the California Bar, in good standing for a few months shy of 25 years, would have supreme confidence that binding precedent, judicial temperament, and the due process of law would stay the District Court's hand from striking the heavy blow Chanbond's counsel seeks. Upon review of the events as have transpired in this action thus far, however, suffice it to say that Proposed Intervenors trial counsel no longer maintains such supreme confidence. Thus, to avoid any further inappropriate distractions from the undeniable merits of the Proposed Intervenors' claims, counsel will be withdrawing from this case.

Respectfully submitted,
/s/ Steven L. Rader
CENTAURI LAW GROUP, P.C.

Steven L. Rader (*pro hac vice*)
15615 Alton Pkwy, Suite 245
Irvine, CA 92618
Phone: (949) 336-5716

E-mail: SRader@centaurilaw.com

*Attorneys for proposed intervenors*
*KAMAL MIAN and GREGORY COLLINS*
*Derivatively on behalf UNIFIEDONLINE, INC.*

Dated: April 27, 2022