IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) C.A. No. 21-1456-MN |
| | ) |
| CHANBOND, LLC, | ) |
| | ) |
|     Defendant/Crossclaim-Defendant, | ) |
| | ) |
| DEIRDRE LEANE, and IPNAV, LLC, | ) |
| | ) |
|     Defendants/Counterclaim-Plaintiffs/Crossclaim-Plaintiffs. | ) |

**ANSWER TO CROSS-CLAIM FOR CONFIRMATION
OF ARBITRATION AWARD AND COUNTERCLAIM TO VACATE
ARBITRATION AWARD**

Crossclaim Defendant ChanBond, LLC ("ChanBond") hereby answers the Crossclaim for Confirmation of Arbitration Award (D.I. 41 at 33-38) of Crossclaim Plaintiffs Deidre Leane and IPNav, LLC ("Crossclaim Plaintiffs"), as follows:[1]

**CROSS-CLAIM FOR CONFIRMATION OF ARBITRATION AWARD[2]**

1. To the extent a response to paragraph 1 is required, ChanBond denies the

---

[1] To the extent a response to Crossclaim Plaintiffs' footnote 1 is required, ChanBond admits sentence one regarding UnifiedOnline, Inc.'s status as a necessary party under Rule 19 of the Federal Rules of Civil Procedure. To the extent the allegations of sentence 1 in footnote 1 purport to characterize the contents of the ISA, that document speaks for itself, and ChanBond denies all allegations that are contrary to or inconsistent with that document in their entirety. ChanBond is without sufficient knowledge or information to form a belief as to the truth of the allegations in sentences 2 and 3 of footnote 1, and therefore denies the same.

[2] For ease of comparison between the allegations in Crossclaim Plaintiffs' Crossclaim for Confirmation of Arbitration Award, ChanBond has incorporated the "Headings" set forth in Crossclaim Plaintiffs' headings thereto. It should be understood, however, that ChanBond does

allegations in paragraph 1 in their entirety, including Crossclaim Plaintiffs' incorporation of paragraphs 190-230 of their Answer and Paragraphs 1-86 of the Counterclaim. To the extent paragraphs 190-230 of their Answer and Paragraphs 1-86 of the Counterclaim purport to characterize the contents of the Termination of Advisory Services Agreement, Interest Sale Agreement, the Advisory Services Agreement, and the Arbitration Award, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

2. ChanBond is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2, and therefore denies the same.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted

7. Admitted.

8. To the extent the allegations of paragraph 8 purport to characterize the contents of the Advisory Services Agreement, that document speaks itself, and ChanBond denies all allegations that are contrary to or inconsistent with that document in their entirety.

## COUNT I
(9 U.S.C. § 9 – Confirmation of Arbitration Award)

9. Admitted that Crossclaim Plaintiffs filed a Demand for Arbitration ("Demand"). To the extent the allegations of paragraph 9 purport to characterize the contents of the Demand,

---

not concede the characterizations in such "Headings[,]" and where appropriate or necessary, denies such allegations.

that document speaks itself, and ChanBond denies all allegations that are contrary to or inconsistent with that document in their entirety.

10.  Admitted that arbitration was required between Crossclaim Plaintiffs, ChanBond, and Unified. To the extent the allegations of paragraph 10 purport to characterize the contents of the Demand, ISA, or ASA, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.  ChanBond further avers that the arbitration panel did not determine certain claims under the ISA and determined that Delaware was the proper venue to resolve such disputes.

11.  Admitted that ChanBond and Unified answered the Demand. To the extent the allegations of paragraph 11 purport to characterize the contents of the Demand or answer to the Demand, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

12.  Admitted that the AAA provided the Arbitrating Parties with instructions for selecting an arbitral panel.  To the extent the allegations of paragraph 12 purport to characterize the contents of the instructions for selecting an arbitral panel, that document speaks for itself, and ChanBond denies all allegations that are contrary to or inconsistent with that document in their entirety.

13.  Admitted.

14.  Admitted.

15.  Admitted.  To the extent the allegations of paragraph 15 purport to characterize the contents of the conflicts disclosure of Mr. John Shipp, the conflicts disclosure speaks for itself, and ChanBond denies all allegations that are contrary to or inconsistent with the conflicts disclosure in their entirety.

16. Admitted.

17. Admitted.

18. Admitted. To the extent the allegations of paragraph 18 purport to characterize the contents of the conflicts disclosure of the Honorable Carlos Lopez, the conflicts disclosure speaks for itself, and ChanBond denies all allegations that are contrary to or inconsistent with the conflicts disclosure in their entirety.

19. Admitted.

20. Admitted.

21. Admitted. To the extent the allegations of paragraph 21 purport to characterize the contents of the conflicts disclosure of the Honorable Joseph Cox, the conflicts disclosure speaks for itself, and ChanBond denies all allegations that are contrary to or inconsistent with the conflicts disclosure in their entirety.

22. Admitted.

23. Admitted. To the extent the allegations of paragraph 23 purport to characterize the contents of the arbitrator selection documents attached as Exhibit 7, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

24. Admitted.

25. Admitted.

26. Admitted. To the extent the allegations of paragraph 26 purport to characterize the contents of the discovery requests in the Arbitration, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

27. Admitted. To the extent the allegations of paragraph 27 purport to characterize the contents of the discovery responses to the requests in the Arbitration, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

28. Admitted. To the extent the allegations of paragraph 28 purport to characterize the contents of the applications to the panel for relief in the Arbitration, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

29. Admitted that ChanBond and Unified filed an Amended Answer asserting counterclaims in the Arbitration. To the extent the allegations of paragraph 29 purport to characterize the contents of the Amended Answer asserting counterclaims in the Arbitration, that document speaks for itself, and ChanBond denies all allegations that are contrary to or inconsistent with that document in their entirety.

30. Admitted.

31. Admitted. To the extent the allegations of paragraph 31 purport to characterize the contents of the post-hearing briefs in the Arbitration, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

32. Admitted. To the extent the allegations of paragraph 32 purport to characterize the contents of the response to their opponents' post-hearing briefs in the Arbitration, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

33. Admitted. To the extent the allegations of paragraph 33 purport to characterize the

contents of the Interim Award, that document speaks for itself, and ChanBond denies all allegations that are contrary to or inconsistent with that document in their entirety.[3]

      34.      Admitted. To the extent the allegations of paragraph 34 purport to characterize the contents of the Demand and Interim Award, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

      35.      Admitted. To the extent the allegations of paragraph 35 purport to characterize the contents of the Demand and Interim Award, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

      36.      Admitted. To the extent the allegations of paragraph 36 purport to characterize the contents of the Demand and Interim Award, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

      37.      Admitted. To the extent the allegations of paragraph 37 purport to characterize the contents of the Demand and Interim Award, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

      38.      Admitted. To the extent the allegations of paragraph 38 purport to characterize the contents of the Demand and Interim Award, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

      39.      Admitted. To the extent the allegations of paragraph 39 purport to characterize the contents of the Demand and Interim Award, those documents speak for themselves, and ChanBond

---

[3] Admitted that the arbitration panel had not issued its final award at the time Crossclaim Plaintiffs filed their crossclaim, and that ChanBond agreed that Crossclaim Plaintiffs may file their crossclaim for confirmation of the award together with their Answer and Counterclaims. ChanBond has no objection to the maturity of its filing and has abided by the parties' agreement that ChanBond file this Answer to Crossclaims upon receipt of the final award, which issued on May 18, 2022.

denies all allegations that are contrary to or inconsistent with those documents in their entirety.

40. Admitted.  To the extent the allegations of paragraph 40 purport to characterize the contents of the Demand and Interim Award, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

41. Admitted.  To the extent the allegations of paragraph 41 purport to characterize the contents of the Demand and Interim Award, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

42. Denied.

43. To the extent the allegations of paragraph 43 purport to characterize the contents of the ASA and ISA, those documents speak for themselves, and ChanBond denies all allegations that are contrary to or inconsistent with those documents in their entirety.

44. Denied.

## PRAYER FOR RELIEF

The statements contained in paragraphs 1-4 of the Wherefore clause (D.I. 41 at 38) refer to the relief sought by Crossclaim Plaintiffs in this action, for which no response is required.  To the extent a response is required, ChanBond denies that Crossclaim Plaintiffs are entitled to any relief whatsoever, including the relief sought in paragraphs 1-4 of the Wherefore clause.

## AFFIRMATIVE DEFENSES

Subject to and without waiving any response set forth above, ChanBond sets forth its separate and distinct defenses to Crossclaim Plaintiffs' crossclaims.  By pleading the following defenses, as provided for pursuant to Fed. R. Civ. P. 8(c), ChanBond does not concede that it possesses or assumes the burden to prove each or any of them.  ChanBond maintains that Crossclaim Plaintiffs retain the burden of proof on all matters necessary to state and sustain the claims asserted in their crossclaim. (*See, e.g.*, D.I. 41 at 33-38.)

ChanBond reserves the right to assert additional defenses, affirmative or otherwise, upon

further investigation and discovery into the matters alleged. ChanBond asserts all applicable statutory limitations with respect to Crossclaim Plaintiff's claims in the Crossclaim for Confirmation of Arbitration Award. (*Id.*)

## FIRST AFFIRMATIVE DEFENSE

Crossclaim Plaintiffs have failed to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Crossclaim Plaintiffs' claims may be barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, or other contractual limitations and provisions set forth in the PPA, ASA, and/or ISA.

## THIRD AFFIRMATIVE DEFENSE

The claims asserted against ChanBond may be barred in whole or in part by reason of res judicata, collateral estoppel, issue preclusion, or claim preclusion.

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted against ChanBond may be precluded, in whole or in part, by reason of accord and satisfaction, payment or release. settlement and release.

## FIFTH AFFIRMATIVE DEFENSE

ChanBond denies having breached any contractual duty alleged to be owed to Crossclaim Plaintiffs.

***

WHEREFORE, ChanBond respectfully requests the Court enter judgment in its favor and against Crossclaim Plaintiffs, that the cause of action for confirmation of the arbitration award be dismissed in its entirety with prejudice, that ChanBond recover its attorneys' fees and costs in this action, and for such other relief as the Court may deem just and proper.

## COUNTERCLAIM TO VACATE ARBITRATION AWARD

Incorporating by reference the foregoing Answer to Crossclaims, Crossclaim Defendant/Counterclaim Plaintiff ChanBond, LLC ("ChanBond"), by and through its attorneys, assert the following counterclaim against Crossclaim Plaintiffs/Counterclaim Defendants Deirdre Leane and IPNav, LLC (collectively "Counterclaim Defendants"):

## PARTIES AND JURISDICTION

1. Counterclaim Plaintiff ChanBond, LLC is a Delaware limited liability company with its principal place of business in North Carolina.

2. Counterclaim Defendant Deirdre Leane is an Irish citizen and a lawful permanent resident of Dallas, Texas.

3. Counterclaim Defendant IPNAV is a Texas limited liability company with a principal place of business in Dallas, Texas; Leane is its sole member.

4. This court has jurisdiction over the claims between Chanbond and Counterclaim Defendants pursuant to 28 U.S.C. § 1332(a)(2) and/or (a)(3).

5. Venue in this district is proper under 28 U.S.C. §1391(b)(1).

6. The arbitration clause in the Advisory Services Agreement between ChanBond and IPNav provides for vacation of any arbitration award in any Court of competent jurisdiction, which includes this District.

### COUNT I TO VACATE ARBITRATION AWARD PURSUANT TO 9 U.S.C. § 10[4]

7. On or about September 30, 2020, Leane Defendants filed a Demand for Arbitration (the "Demand") with the American Arbitration Association ("AAA").

8. Arbitration by and between ChanBond, Unified Online, Inc. ("Unified"), and Counterclaim Defendants was required pursuant to the Interest Sale Agreement ("ISA") and Advisory Service Agreement ("ASA").

9. On October 15, 2020, ChanBond and Unified answered Counterclaim Defendants' Demand.

10. The parties engaged in an arbitration proceeding on October 18, 2021.

11. On May 18, 2022, Arbitration Panel entered its Final Award (the "Final Award").

12. The Final Award should be vacated pursuant to 9 U.S.C. § 10 because the Arbitration Panel exceeded its authority and did not issue a final and definite Award when the Arbitration Panel intentionally did not consider a decisive ChanBond defense that the ASA was unenforceable due to the fraudulent breach of Section 2.8 of the Patent Purchase Agreement ("PPA") by the parties to the ASA, both of whom were under the common control of Deirdre Leane, and instead expressly deferred to this Court to resolve this issue.

13. The Final Award should be vacated pursuant to 9 U.S.C. § 10 because the Arbitration Panel exceeded its authority when it issued an award pursuant to the ASA in favor of Deirdre Leane even though Ms. Leane was not a party to the ASA.

---

[4] The arbitration between the parties to the instant dispute was governed by the Texas Arbitration Act, and the Federal Arbitration Act applies to all suits in state and federal court when the arbitral dispute concerns a "contract evidencing a transaction involving commerce." *See, e.g.*, 9 U.S.C. § 2; *see also Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 270 (Tex. 1992) (quoting *Perry v. Thomas*, 482 U.S. 483, 489 (1987)).

14. The Final Award should be vacated pursuant to 9 U.S.C. § 10 because the Arbitration Panel exceeded its authority when it issued the Final Award pursuant to the ASA against UnifiedOnline, even though UnifiedOnline was not a party to the ASA.

15. The Final Award should be vacated pursuant to 9 U.S.C. § 10 because the Arbitration Panel exceeded its authority when it issued an award granting attorneys fees even though the ASA does not provide for attorneys fees. Nor does any other rule of law permit such an award.

## **PRAYER FOR RELIEF**

ChanBond respectfully requests that this Court vacate the Final Award and grant such other and further relief as the Court deems right and proper.

Dated: June 1, 2021

                                             BAYARD, P.A.

                                             */s/ Ronald P. Golden III*
                                             Stephen B. Brauerman (No. 4952)
                                             Ronald P. Golden III (No. 6254)
                                             600 North King Street, Suite 400
                                             Wilmington, DE 19801
                                             (302) 655-5000
                                             sbrauerman@bayardlaw.com
                                             rgolden@bayardlaw.com

                                             *Attorneys for ChanBond, LLC.*