IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1456-MN |
| | ) |
| CHANBOND, LLC, | ) |
| | ) |
| Defendant/Crossclaim-Defendant, | ) |
| | ) |
| DEIRDRE LEANE, and IPNAV, LLC, | ) |
| | ) |
| Defendants/Counterclaim-Plaintiffs/Crossclaim-Plaintiffs. | ) |

**DEFENDANT CHANBOND, LLC'S RESPONSE TO NON-PARTIES' GREGORY COLLINS AND KAMAL MIAN'S MOTION TO INTERVENE AND UNSEAL DOCUMENTS**

Defendant ChanBond, LLC ("ChanBond") respectfully submits this Response to the Motion to Intervene[1] and Unseal Documents (D.I. 100) (the "Motion") filed by non-parties Gregory Collins and Kamal Mian (the "Non-Parties") on behalf of UnifiedOnline, Inc. ("Unified"). Rather than meet and confer or attempt to work cooperatively to obtain the relief they seek, the Non-Parties continue their efforts to disrupt these proceedings - in which they have no direct interest and through which their limited participation has already resulted in the violation of the Court's orders concerning confidentiality.  Chanbond respectfully refers the Court to the well-developed record concerning the Non-Parties' misconduct in this action.

---

[1] The Non-Parties filed their Motion to Intervene without conferring with the parties to this suit and rejected at least one explicit request by a party here to meet and confer on these issues.

Had the Non-Parties met and conferred before burdening the Court with their Motion, ChanBond would have agreed, voluntarily, that everything other than the amount of the settlement in the underlying patent litigations and references to amounts by which that information could be calculated in the Arbitration Award could be filed publicly on the Court's docket. To that end, ChanBond files with this response a redacted version of the Arbitration Award that withholds only this information. (*See Ex.* 1.) ChanBond does not object to the public filing of the agreements between the parties that the Non-Parties admit are already available in the public domain.

Justice, however, requires the Court to seal the amount of the settlement and any associated information by which that amount can be calculated. *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221 (3d Cir. 2011) ("[W]hile we recognize a strong presumption in favor of public accessibility, we also permit the sealing of documents when justice so requires."). The settlement was entered into between and among ChanBond and various non-parties to resolve then pending patent litigation actions before the Honorable Richard G. Andrews. The private settlement agreement contained bargained for confidentiality provisions inuring to the benefit of these non-parties and with which ChanBond must comply. The settlement agreement was not filed with the District Court nor did any of the parties to the settlement agreement seek the Court's interpretive assistance. *Enprotech Corp. v. Renda*, 983 F.2d 17, 20–21 (3d Cir.1993) (explaining that "settlement documents can become . . . public under either of two circumstances: (1) when a settlement is filed with a district court; and (2) when the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision."). The non-parties are not represented here and cannot protect their interests in the confidential settlement amount in these proceedings.

After the settlement was performed, ChanBond became involved in unrelated disputes with the parties here about how such settlement proceeds were to be distributed. To resolve those disputes, ChanBond was obligated to attach the confidential Arbitration Award, which referenced the settlement amount, to filings in this Court. Before doing so and in compliance with the terms of the settlement agreement, ChanBond appropriately sought and obtained the Court's permission to file the Arbitration Award under seal. This Court frequently protects settlement agreements from public disclosure. *See e.g.*, *Amgen Inc. v. Amneal Pharms. LLC*, No. CV 16-853-MSG, 2021 WL 4133516, at *5 (D. Del. Sept. 10, 2021), *opinion vacated in part on reconsideration*, 2021 WL 4843959 (D. Del. Oct. 18, 2021); *Volkswagen Grp. of Am., Inc. v. N. Am. Auto. Serv., Inc.*, 2020 WL 9211151, at *2 (D.N.J. Nov. 30, 2020) (granting motion to seal settlement agreements); *Genentech, Inc. v. Amgen, Inc.*, 2020 WL 9432700, at *6 (D. Del. Sept. 2, 2020) (recommending continued sealing of settlement agreements because disclosure "could place the parties at a demonstrable disadvantage in navigating and negotiating other litigation contests with competitors in the same pharmaceutical space"). Because the Arbitration Award and the various papers filed with the Court reference the confidential settlement amount or provide information by which the confidential settlement amount can be derived, justice requires the Court to continue to place such materials under seal.[2]

Both ChanBond and the non-party signatories to the settlement agreement will face substantial and irreparable harm if the settlement amount is disclosed publicly. While the non-party signatories are in a better position to defend their own confidential information, ChanBond

---

[2] If the Court disagrees, ChanBond respectfully requests that the Court allow ChanBond to refile its opposition to CBV's Motion for Preliminary Injunction without referencing or attaching the Arbitration Award. *Talley v. Wetzel*, 15 F.4th 275, 287 (3d Cir. 2021) (finding document submitted to the Court pursuant to motion to seal was not filed with the Court because it was not available on the public docket).

understands that confidentiality of the settlement amount was a material inducement for their agreement to enter into the settlement in the first instance, without which there would be no proceeds for the parties here (and double derivatively the Non-Parties) to dispute. If the settlement amount is disclosed publicly, ChanBond may face claims that it breached the settlement agreement, or the parties thereto may seek to rescind the agreement and reclaim the proceeds – which will harm everyone including the Non-Parties. In contrast, continuing to seal this information will not prejudice the Non-Parties in any way and their lengthy motion papers do not identify any prejudice they might suffer if the Court were to keep this limited information under seal.

For the foregoing reasons, ChanBond respectfully requests that the Court deny the Motion and permit references to the settlement amount and any information that can be used to derive the settlement amount to remain sealed.

Dated: June 2, 2022

                                                BAYARD, P.A.

                                                */s/ Stephen B. Brauerman*
                                                Stephen B. Brauerman (#4952)
                                                Ronald P. Golden III (#6254)
                                                600 North King Street, Suite 400
                                                Wilmington, DE 19801
                                                (302) 655-5000
                                                sbrauerman@bayardlaw.com
                                                rgolden@bayardlaw.com

                                                *Attorneys for ChanBond, LLC*