Troutman Pepper Hamilton Sanders LLP
Hercules Plaza, 1313 N. Market St., Suite 5100, P.O. Box 1709
Wilmington, DE  19899-1709



troutman.com

**James H.S. Levine**
D 302.777.6536
james.levine@troutman.com

June 1, 2022

The Honorable Maryellen Noreika
U.S. District Court
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801-3555

Re:  CBV, Inc. v. ChanBond, LLC, et al., C.A. No. 1:21-cv-01456-MN

Dear Judge Noreika,

I write on behalf of Defendants Deirdre Leane and IPNAV, LLC (collectively, "Leane Defendants"), in response to Plaintiff CBV, Inc.'s Emergency Motion for Extension of Time to Respond to Leane Defendants' Motion for Judgment on the Pleadings (the "Extension Motion," D.I. 110), and the Court's Oral Order granting that Motion (D.I. 113).  Leane Defendants intended to respond to the Extension Motion but the Court granted that motion before Leane Defendants were able to submit their response.  For the reasons below, Leane Defendants did not (and does not) oppose CBV's request for a two-week extension to respond to Leane Defendants' Motion for Judgment on the Pleadings (the "MJP Motion," D.I. 104), but believe that CBV should be required to make Leane Defendants whole to the extent that Leane Defendants lose interest income during the pendency of that extension that would otherwise have

The Honorable Maryellen Noreika
June 1, 2022
Page 2



accrued, under the interest waiver included in the parties' March 17, 2022 stipulation. (D.I. 33).[1]

As the Court is aware, Leane Defendants prevailed in an arbitration against Defendant ChanBond, LLC, being awarded $27,500,000.00 in damages, and CBV's suit seeks to prevent the payment of those damages.

On May 18, 2022, the AAA panel issued the Final Award in the arbitration, awarding Ms. Leane: ███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

Thus, the total amount on which post-judgment interest ██████████████, and at 5% per year, interest would be ██████████████.

On March 17, 2022, however, the parties entered into a stipulation (D.I. 33) pursuant to which, among other things, Leane Defendants waived post-judgment interest for the period until the Court held a hearing on CBV's March 15, 2022

---

[1] CBV inaccurately describes both the stipulation (which waived only post-judgment interest accruing after the date of the stipulation (D.I. 33, ¶ 2), not all "interest on [the] award" (D.I. 110, ¶ 6) and Leane Defendants' request at issue as for CBV to cover *all* waived interest. (D.I. 110, ¶ 11). As reflected herein and in the correspondence annexed as an Exhibit hereto, Leane Defendants asked only that CBV cover any *additional* interest, if any, that was waived solely as a result of the extension CBV was requesting, in the event that the extension of briefing on the MJP Motion resulted in a concomitant delay of the preliminary injunction hearing (and, thereby, Leane Defendants' interest waiver).

The Honorable Maryellen Noreika
June 1, 2022
Page 3



preliminary injunction motion (the "PI Motion," D.I. 18).[2] The Court has not held a hearing on the PI Motion, and, as such, Leane Defendants' interest waiver is active and ongoing, at a cost ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, with no certainty as to when that waiver will end.

On May 24, 2022, Leane Defendants filed their MJP Motion. (D.I. 104). Grant of the MJP Motion would moot CBV's request for a preliminary injunction.

It was against that background that CBV reached out to counsel for the Leane Defendants on May 26 and sought a two-week extension to respond to the MJP Motion. Because there is a possibility that the MJP Motion could be granted before the Court holds a hearing on the PI Motion (and thereby terminates the interest waiver), or that the Court might delay a hearing on the PI Motion until briefing on the MJP Motion is complete, Leane Defendants' counsel immediately responded that CBV could have the requested extension if CBV would pick up the cost of any interest waiver attributable to the grant of that extension. *See* Exhibit 3.

Roughly an hour later, CBV refused to cover any out-of-pocket costs to Leane Defendants resulting from the extension, and would instead ask the Court to simply grant it instead.  At ▇▇▇▇▇▇▇▇▇▇▇▇, a two-week extension that extended the interest waiver would cost ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. While the Court should, of course, grant the requested extension, it should not allow CBV to offload the costs of its convenience, if any, to Leane Defendants. Unless the Court intends to schedule a

---

[2] Though ChanBond's agreement not to distribute any funds applies through decision on the PI Motion, Leane Defendants' interest waiver extends only through the hearing. (D.I. 33, ¶¶ 1-2).

hearing on the PI Motion in advance of any decision on the MJP Motion (and without regard to briefing on the MJP Motion remaining open), and thereby entirely obviate the interest waiver issue, Leane Defendants respectfully request that the Court condition an extension on CBV assuming responsibility for any associated out-of-pocket costs to Leane Defendants.

Counsel are available should the Court have any questions.

Respectfully submitted,

/s/ James H. S. Levine

James H.S. Levine (#5355)

JHSL/kw
cc: All counsel of record