UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 1:21-cv-01456-MN |
| ) | |
| CHANBOND, LLC, ) | |
| ) | |
| Defendant. ) | |

**REPLY BRIEF OF MOVANTS GREGORY COLLINS AND KAMAL MIAN IN SUPPORT OF THEIR MOTION TO INTERVENE AND UNSEAL JUDICIAL RECORDS**

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th floor
Wilmington, DE 19801-1186
(302) 573-2525
dfinger@delawgroup.com
Attorney for Movants Gregory
Collins and Kamal Mian

Dated: June 9, 2022

# **TABLE OF CONTENTS**

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# **TABLE OF AUTHORITIES**

**Cases**

*Amgen Inc. v. Amneal Pharms. LLC*, 2021 WL 4133516 (D. Del. Sept. 10, 2021), *opinion vacated in part on reconsideration*, 2021 WL 4843959 (D. Del. Oct. 18, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339 (3d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bell v. United Princeton Properties, Inc.*, 884 F.2d 713 (3d Cir. 1989) . . . . . . . . . 8

*Brumley v. Camin Cargo Control, Inc.*, 2012 WL 300583 (D. N.J. Feb. 01, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Enprotech Corp. v. Renda*, 983 F.2d 17 (3d Cir. 1993). . . . . . . . . . . . . . . . . . . . . 5

*Fair Laboratory Practices Associates v. Riedel*, 666 Fed.Appx. 209 (3d Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Fonseka v. AlfredHouse ElderCare, Inc.*, 2015 WL 3457224 (D. Md. May 28, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Genentech, Inc. v. Amgen, Inc.*, 2020 WL 9432700 (D. Del. Sept. 2, 2020) . . . . . 6

*In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Martin Paint Stores*, 199 B.R. 258 (Bankr.S.D.N.Y.1996) . . . . . . . . . . . . . . 8

*In re Peregrine Systems, Inc.*, 311 B.R. 679 (D. Del. 2004) . . . . . . . . . . . . . . . . . 9

*In re Wells Fargo Bank, N.A.*, 2019 WL 642850 (Bankr. W.D. Pa. Feb. 14, 2019)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*San Jose Mercury News, Inc. v. U.S. Dist. Court--Northern Dist. (San Jose)*, 187 F.3d 1096 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Select Portfolio Servicing v. Valentino*, 2013 WL 1800039 (N.D. Cal. Apr. 29, 2013)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*TexasLDPC Inc. v. Broadcom Inc.*, 2019 WL 8105993 (D. Del. Jan. 29, 2010) . . 1

*Tunnell v. Wiley*, 514 F.2d 971 (3rd Cir. 1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Volkswagen Grp. of Am., Inc. v. N. Am. Auto. Serv., Inc.*, 2020 WL 9211151 (D.N.J. Nov. 30, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*W.R. Grace and Co. v. Local Union 759, Intern. Union of United Rubber, Cork, Linoleum and Plastic Workers of America*, 461 U.S. 757 (1983) . . . . . . . . . . . . . 8

*Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332 (S.D.N.Y. 2012) . . . . . . . . . . . . . 5

*Worrall v. Irvin*, 890 F.Supp. 696 (S.D. Ohio 1994). . . . . . . . . . . . . . . . . . . . . . . . 8

## ARGUMENT

On June 6, 2022, the Leane Defendants filed a redacted version of their sealed letter brief (the "Letter") dated June 1, 2022 (D.I. 114), which appears to disclose the settlement amount that ChanBond opposes disclosing. D.I. 119. Specifically, on page 2, the Letter states that the Leane Defendants were awarded $27,500,000 in the arbitration. Paragraph 29 of the arbitration award, attached as Exhibit 1 to the Letter, states "Claimant is entitled to damages [REDACTED] constituting the 22% fee due and owing from the settlement.…" (D.I. 119-1 at 11). Simple math ($27,500,000 ÷ 22%) suggests a settlement amount of $125,000,000, exclusive of interest, fees and costs (which have also been improperly redacted).

If that is the case, then the horse is out of the barn[1], and there is no excuse for any part of the arbitration award being sealed, and the Court should have the Clerk remove the seal from documents in this case immediately.

To the extent that they have got it wrong on the amount, Movants now address ChanBond's arguments on opposition to the Motion to Unseal.

In their opening brief, Movants established that (i) the public has a right of access to judicial records, under both the common law and the First Amendment; (ii)

---

[1] For a review of synonyms for that idiom, *see TexasLDPC Inc. v. Broadcom Inc.*, 2019 WL 8105993 at *1 (D. Del. Jan. 29, 2010).

the documents filed in this action, including the arbitration award, are judicial records; (iii) the parties never presented any evidence showing that the material is the kind of information that courts will protect, disclosure will work a clearly defined and serious injury to the party seeking closure, and the interest in secrecy outweighs the presumption, as is required; and (iii) the Court never made any specific findings on the record to that effect.

ChanBond, in its Answering Brief[2], did not dispute either the law or the facts presented by Movants (as, indeed, it could not credibly do).[3] Instead, it has conceded that documents that the documents Movants seek to unseal are already available in the public domain. ChanBond also submitted a redacted version of an Arbitration Award dated May 18, 2022[4], redacting (i) the amount of the settlement in the patent litigation, (ii) the "typical range of fees for the types of services" provided by a third-party patent monetization firm, (iii) the extent of the arbitration plaintiff's interest in

---

[2] Plaintiff CBV, Inc. did not file a response, thereby implicitly conceding the correctness of Movants' position.

[3] ChanBond also did not dispute Movants' right to intervene for the limited purpose of seeking to unseal judicial records.

[4] The Arbitration Award that ChanBond claims "resulted in the violation of the Court's orders concerning confidentiality" (Response at 1), was filed under seal on March 31, 2022.

the patent litigation, (iv) the amount of attorneys' fees awarded, (v) the rate of post-judgment interest on the award, and (vi) the amount of administrative fees and expenses assessed against the arbitration defendants.

It is notable that ChanBond, having been given the opportunity, made *absolutely no effort at all* in its Response to establish how it would suffer any serious cognizable commercial injury from the disclosure of any of this redacted information.[5] The presumption of public access to judicial records is strong, and conclusory statements seeking to seal documents "miss the mark." *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 673 (3d Cir. 2019).

ChanBond attempts to deflect from its failures by asking the Court to consider Movants' alleged "misconduct" in this action. Of course, Movants deny and reject this conclusory characterization. But in any event, Movants are not claiming a right personal to them. The right belongs to the public and the Court "is the primary

---

[5] It is especially difficult to understand how disclosure of the award of attorneys' fees, costs and expenses, the rates of a third-party business and the rate of post-judgment interest can constitute commercially sensitive information which could cause business injury. To the extent ChanBond is embarrassed by the award, "[m]ere embarrassment is insufficient to overcome the strong presumption of public access inherent in the common law right." *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d at 679.

representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).[6]

ChanBond invokes the interests of justice to justify continued sealing, but in a conclusory manner without explaining why unsealing would be unjust. Certainly, fulfilling the goal of open proceedings, lauded at both common law and under the First Amendment, is a just result, certainly when measured again a naked claim of "justice."

ChanBond points to the existence of a confidentiality provision in the settlement agreement and claims that the provision was "bargained for." However, there is no evidence that the provision was specifically bargained for, as opposed to included by counsel as boilerplate language, or relied upon. In any event, "[t]he right of access to court documents belongs to the public, and the [parties] were in no position to bargain that right away." *San Jose Mercury News, Inc. v. U.S. Dist. Court--Northern Dist. (San Jose)*, 187 F.3d 1096, 1101 (9th Cir. 1999). As such, "[t]he presence of a confidentiality provision is not itself a sufficient reason to seal

---

[6] ChanBond complains that Movants did not meet and confer to resolve the issue. The last time Movants met with counsel for the parties the meeting devolved into something less than civil. In any event, as Movants were unwilling to meet ChanBond's condition, any conference would not have been productive.

a settlement agreement." *Fonseka v. AlfredHouse ElderCare, Inc.*, 2015 WL 3457224 at *2 (D. Md. May 28, 2015). *Accord Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 338 (S.D.N.Y. 2012) ("the presumption of public access would become virtually meaningless if it could be overcome by the mutual interest of the parties in keeping their settlement private"); *Select Portfolio Servicing v. Valentino*, 2013 WL 1800039 at *3 (N.D. Cal. Apr. 29, 2013). *See also Fair Laboratory Practices Associates v. Riedel*, 666 Fed.Appx. 209 (3d Cir. 2016) (reversing decision to seal settlement agreement and remanding for the District Court to determine whether public disclosure will work a clearly defined and serious injury).[7]

Here, the Arbitration Award was submitted to this Court as part of an enforcement action. The action seeks governmental backing to compel payment of the award.

---

[7]

ChanBond misquotes *Enprotech Corp. v. Renda*, 983 F.2d 17 (3d Cir. 1993), claiming that the Third Circuit said: "settlement documents can become...public under either of two circumstances: (1) when a settlement is filed with a district court; and (2) when the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision." (Response at 2). What the Third Circuit actually wrote was: "*when a settlement is filed with a district court and becomes a judicial record, or* when the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision, then the settlement documents can become part of the public component of a trial." *Id*. at 20 (italics added).

Defendants next cites a trio of cases to show that this Court "frequently protects settlement agreements from public disclosure." (Response at 3). It is equally true, however, that courts in this Circuit also frequently deny requests to seal and grant motions to unseal settlement agreements. *E.g., Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339 (3d Cir. 1986)[8]; *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 300583 (D. N.J. Feb. 01, 2012).

The trio of cases, however, is useful in demonstrating why sealing is improper in this case. Those cases show that for information to be sealed as being commercially sensitive, there must be a showing that the information will be used in ongoing or future operations of the business. In *Amgen Inc. v. Amneal Pharms. LLC*, 2021 WL 4133516 (D. Del. Sept. 10, 2021), *opinion vacated in part on reconsideration*, 2021 WL 4843959 (D. Del. Oct. 18, 2021), the information related to current operations, prices, sales revenue, customer payment terms, and licensing terms, disclosure of which could place a party at a competitive disadvantage. In *Volkswagen Grp. of Am., Inc. v. N. Am. Auto. Serv., Inc.*, 2020 WL 9211151 (D.N.J. Nov. 30, 2020), the information related to current business and litigation strategies. And in *Genentech, Inc. v. Amgen, Inc.*, 2020 WL 9432700 (D. Del. Sept. 2, 2020), the Special Master

---

[8] ChanBond makes no effort to address *Bank of America Nat. Trust and Sav. Ass'n*, controlling Third Circuit authority.

found that there was comprehensive evidence and factual explanation as to why the material met the criteria for sealing.

By contrast, the present action addresses a damage award for past conduct which breached a contract, and ChanBond offered no evidence, much less comprehensive evidence, justifying continued sealing. This does not qualify as commercially sensitive information. As one court has stated:

> Obviously, the Settlement Amount is not the name of a minor child, personally identifying information, or a scandalous or defamatory matter. Nor can there be any plausible assertion that it is a trade secret, confidential research, or development. That leaves "commercial information" as the only remaining possibility, but "[i]nformation is not considered 'commercial' merely because it relates to business affairs." To the contrary, the "commercial information" exception only protects "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the movant. It simply does not "offer a safe harbor for those who crave privacy or secrecy for its own sake." For this reason, there appears to be unanimous agreement among courts that the terms of a settlement agreement, including the amount of any settlement payments, are not "commercial information" and, therefore, should not be restricted from public view.

*In re Wells Fargo Bank, N.A.*, 2019 WL 642850 at *2 (Bankr. W.D. Pa. Feb. 14, 2019) (footnotes omitted).

Next, ChanBond argues, based only on it own "understanding" (without identifying the source of this "understanding," so the Court could determine the credibility of the statement), and without the benefit of any evidence, that the

"confidentiality of the settlement amount was a material inducement for their agreement to enter into the settlement in the first instance, without which there would be no proceeds for the parties here (and double derivatively the Non-Parties) to dispute." From this, ChanBond claims it would be at risk for claims that it breached the settlement agreement.

Further, as for what ChanBond "understands," "statements made in briefs are not evidence of the facts asserted…." *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989). *Accord Tunnell v. Wiley*, 514 F.2d 971, 975 n.5 (3rd Cir. 1975). Further, as unsealing would be pursuant to a court order, ChanBond would be immune from liability. *Worrall v. Irvin*, 890 F.Supp. 696, 708 (S.D. Ohio 1994); *In re Martin Paint Stores*, 199 B.R. 258, 265-266 (Bankr.S.D.N.Y.1996). *See also W.R. Grace and Co. v. Local Union 759, Intern. Union of United Rubber, Cork, Linoleum and Plastic Workers of America*, 461 U.S. 757, 767 n.10 (1983) ("Although Barrett could have considered the District Court order to cause impossibility of performance and thus to be a defense to the Company's breach, he did not do so").

Finally, ChanBond asks that the Court allow it to re-file its opposition to CBV's Motion for Preliminary Injunction without referencing or attaching the Arbitration Award. (Response at 3 fn.2). The Arbitration Award is already on the

8

docket, and the only way to remove it would be to strike it from the docket. Once a motion to unseal has been filed, however, the Court may not strike a document from the record to avoid public disclosure. *In re Peregrine Systems, Inc*., 311 B.R. 679, 691 (D. Del. 2004).

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, as well as the reasons stated in its Opening Brief, Movants respectfully request that this Court grant their motion to unseal all records filed in this case, including a fully unredacted version of the Settlement Agreement.

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th floor
Wilmington, DE  19801-1186
(302) 573-2525
dfinger@delawgroup.com
Attorney for Movants Gregory
Collins and Kamal Mian

Dated: June 9, 2022