UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., <br><br> *Plaintiff* <br> v. <br><br> CHANBOND, LLC, <br><br> *Defendant.* | C.A. No. 1:21-cv-01456-MN |

**OBJECTION BY PROPOSED INTERVENORS GREGORY COLLINS AND KAMAL MIAN, DERIVATIVELY ON BEHALF OF UNIFIEDONLINE, INC., TO THE STIPULATION AND [PROPOSED] ORDER FILED ON JULY 6, 2022**

As significant shareholders of non-party Unifiedonline, Inc. ("UOI"), Gregory Collins and Kamal Mian, have filed a motion seeking the District Court's leave to intervene in this action to protect the interests of UOI, and its nearly 7,000 shareholders, in the Settlement Fund at issue in this case. D.I. 34. As argued and evidenced in said motion, the concurrently filed proposed cross-complaint (D.I. 34-1), and the reply briefs (D.I. 87 and D.I. 88), UOI lacks a validly installed Board of Directors and therefore has no practical or legal ability to protect its interests in this litigation. Section 2.1 of UOI's bylaws states: "[t]he Board of Directors shall consist of three (3) members" and section 2.6 requires the concurrence of a majority of the board of directors for UOI to transact any business. (D.I. 88-3, Ex. N). According to

UOI's Delaware Annual Reports for 2019 (D.I. 88-3, Ex. P) and 2020[1], William R. Carter, Jr. ("Carter") is UOI's sole director. Moreover, there is no record of Carter being elected by UOI's shareholders or appointed by the UOI board to fill a vacancy. Ms. Leane came to the same conclusion in paragraph 30 of her verified North Carolina derivative complaint: "Unified has not had any directors since Mr. Howe's death [in 2018], nor has it had any officers since Mr. Howe's death [in 2018]." (D.I. 88, p. 2 (*see* Leane's Verified Amended Complaint, D.I. 88-2, Ex. E)). Moreover, as shown in the pending Motion to Intervene, the legal counsel representing Defendant ChanBond, LLC in this action has a conflict of interest which should prevent his representation of UOI in this case. (*See* D.I. 87-1, ¶13 and D.I. 87-2, Ex. F). Thus, the shareholders are seeking to intervene derivatively to protect UOI's interests in this action.

The parties to this action filed with the District Court, on July 6, 2022, a "stipulation" purporting to grant legal counsel for ChanBond authority to represent UOI's interests in this litigation. The parties have admitted that UOI is a necessary party to this action, confirmed by the stipulation at issue here. They just object to UOI having *independent* counsel. UOI has not appeared in the case, nor has any attorney filed a statement of representation of UOI with the Delaware District Court in this action. Accordingly, the Proposed Intervenors object to the Stipulation on

---

[1] Attached hereto as Exhibit A. UOI has not filed a 2021 Annual Report

the following grounds:

- The out-of-state attorney purporting to bind UOI to the stipulation lacks the authority to do so. "The almost unanimous rule, laid down by the courts of the United States, both Federal and State, is that an attorney at law has no power, by virtue of his general retainer, to compromise his client's cause of action; but that precedent special authority or subsequent ratification is necessary to make such a compromise valid and binding on the client." *Aiken v. National Fire Safety Counsellors*, 127 A.2d 473, 475 (Del. Ch. 1956). *See also Well Thrive Ltd. v. SemiLEDs Corp.*, 2020 WL 7490109 at *10 (D. Del. Dec. 21, 2020) ("An attorney… must have actual authority from his client to bind that client to any settlement").

- This Court has yet to acquire jurisdiction over UOI and therefore lacks authority to enforce any Order disposing of UOI's rights or property. *See, e.g., Haymond v. Lundy*, 2002 2002 WL 1964336 at *5 (D. Del. Aug. 23, 2002), *aff'd*, 79 Fed.Appx. 503 (3d Cir. 2003) ("injunctive relief against non-parties is generally disfavored"). *See also Detroit Edison Co. v. NLRB*, 440 U.S. 301, 315 (substantial doubt that a non-party, not subject to the court's jurisdiction, can be properly enjoined)

- UOI can only appear and participate in this action by and through Delaware counsel. D. De. Local Rule 83.5(d).

Accordingly, the Proposed Intervenors request an opportunity to be heard before the District Court signs the subject stipulation and proposed Order. *Aiken*. 127 A.2d at 139 (parties "are entitled to an opportunity to rebut the presumption that their attorney was authorized to settle their claim" at a hearing).

Respectfully submitted.

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th floor
Wilmington, DE  19801-1186
(302) 573-2525
dfinger@delawgroup.com
Attorney for Proposed Intervenors
Gregory Collins and Kamal Mian

Dated: July 7, 2022