| Issue | The Parties' Positions |
|---|---|
| Entry of a schedule | **Plaintiff** believes entry of a schedule is appropriate at this time, and that, particularly given Mr. Hennenhoefer's medical condition, it is urgent that the parties move quickly.<br><br>**Defendants** agree that the case should move forward, but do not believe a schedule can issue in advance of the Court's ruling on the stockholders' motions to intervene (D.I. 34, 100). While Defendants continue to believe the motions should be denied, their grant would require a different schedule because additional pleadings and discovery would occur, and additional issues would be before the Court. |
| Bifurcation | **Plaintiff** asks that the schedule be bifurcated, with discovery taken prior to August 26, 2022 limited to discovery "relating to the validity of the Advisory Services Agreement" (the "ASA") in order to facilitate what Plaintiff anticipates will be an early summary judgment motion on that topic.<br><br>**Defendants** oppose bifurcating or limiting discovery. Both ChanBond and Leane Defendants have already produced all documents they have relating to this issue, having conducted extensive discovery regarding the ASA in the Texas arbitration. CBV has been in possession of those documents since late March. There is no reason to limit Defendants' discovery of CBV, or of each other.<br><br>Moreover, Defendants oppose CBV's proposal that Defendants' principals – Ms. Leane and Mr. Carter – be required to travel to Delaware for two separate depositions (once on the validity of the ASA, and a second time on whatever other issues CBV is interested in inquiring of them about). There is no reason CBV cannot take fulsome depositions on all topics, having received Defendants' extensive document productions. Similarly, there is no reason to require Defendants to limit their questioning of Mr. Hennenhoefer, Mr. Stine, and Mr. Snyder to issues relating to the ASA, and then depose them a second time on other issues (particularly given CBV's representation that Mr. Hennenhoefer will be unavailable for a year or longer).<br><br>Defendants have no objection to CBV making an early summary judgment motion regarding the ASA, while discovery is ongoing as to other matters. But there is no need to bifurcate discovery in order to enable it |
| **Limits on Discovery Devices in the Event of Bifurcation** | **Plaintiff** proposes that if discovery is bifurcated, each party be limited to five interrogatories, five requests for admission, and 10 |

| Issue | The Parties' Positions |
|---|---|
| | hours of depositions in the ASA phase of the case, and 20 interrogatories and 24 hours of post-ASA depositions . <br><br>**Defendants** propose 35 hours of total deposition time – which is the limit that all parties agreed to when they submitted a proposed schedule for the Court's consideration on March 16, 2022 (D.I. 24) – and agree to overall limits of 20 interrogatories and requests for admission. But if the Court bifurcates discovery, it should not artificially limit how Defendants elect to allocate their deposition time, interrogatories, and requests for admission. For instance, Leane Defendants would expect to depose each of CBV's three principals (Mr. Hennenhoefer, Mr. Stine, and Mr. Snyder) with respect to issues relating to the ASA, and may wish to devote more than 10 total hours to such depositions. And Defendants may wish to serve more than five total interrogatories and requests for admission on each other and CBV in connection with the ASA. There is no reason for the Court to set artificial limits on how the parties allocate their discovery resources by issue, and CBV's attempt to restrict Defendants' ability to conduct discovery on the purported ASA issue is inappropriate and unjustified. |
| **Discovery Cut-off** | **Plaintiff** proposes that all discovery in the case be complete on or before January 20, 2023. <br><br>**Defendants** propose a discovery cutoff of November 21, 2022. Given that all defendants have already substantially completed their document production, and that Plaintiff has had nearly a year to collect its documents in anticipation of discovery requests (which Leane Defendants intend to serve promptly upon entry of a scheduling order) there is no reason for a discovery period longer than 3-4 months. The remaining dates proposed by CBV (for identification of experts, expert discovery, dispositive motions, and trial) should be adjusted accordingly |

| Issue | The Parties' Positions |
|---|---|
| **Expert Discovery Period** | **Plaintiff** proposes that opening expert reports be due 20 days after the completion of discovery, rebuttal reports 30 days thereafter, and reply reports 21 days from the service of rebuttal reports. Plaintiff further proposes that expert discovery be completed 60 days after service of the reply reports.<br><br>**Defendants** propose that the parties retain the schedule they already agreed to in the proposed schedule submitted on March 16, 2022 (D.I. 24): Opening reports due 30 days after the close of fact discovery; rebuttal reports due 30 days thereafter; reply reports due 14 days thereafter, and expert discovery complete by 45 days after service of reply reports. |
| **Case Dispositive Motions** | **Plaintiff** proposes that case dispositive motions not directed to the ASA be due 60 days after the completion of expert discovery.<br><br>**Defendants** propose that the parties retain the schedule they already agreed to in the proposed schedule submitted on March 16, 2022 (D.I. 24): case dispositive motions to be filed 30 days after the close of fact discovery. |
| **Trial** | **Plaintiff** proposes trial be scheduled in November 2023.<br><br>**Defendants** propose trial be scheduled in May 2023. |