# FINGER & SLANINA, LLC
## ATTORNEYS AT LAW

August 5, 2022

**By CM/ECF**
The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801

      Re:    *CBV, Inc. v. ChanBond, LLC,* 1:21-cv-01456-MN

Dear Judge Noreika,

      As the Court is aware, I represent Gregory Collins and Kamal Mian. Mr. Collins and Mr. Mian currently have pending before the Court two fully briefed motions to intervene in the above-referenced action. In the first motion, Mr. Collins and Mr. Mian seek to intervene in the action, derivatively on behalf of UnifiedOnline, Inc., as a party defendant and cross-complainant for all purposes. In the second motion, on behalf of the public at large, Mr. Collins and Mr. Mian seek to intervene for the limited purpose of bringing a motion to unseal documents improperly filed by the other parties under seal.

      Although I normally avoid the informality and presumption of "letters to the court" demanding, without proper notice, the Court's immediate attention to substantive issues, such practice seems to have become *de rigueur* among the other counsel herein. Thus, I hope that the Court will forgive me for bringing two matters to the Court's attention by way of this correspondence. First, please find included herewith a true and accurate copy of a complaint filed in the New York Supreme Court in the action titled *Mishcon De Reya New York LLP v.*

---

One Commerce Center, 1201 N. Orange St., 7th floor, Wilmington, DE 19801
(302) 573-2525 | dfinger@delawgroup.com | www.delawgroup.com

The Hon. Maryellen Norieka
August 5, 2022
2

*ChanBond, LLC, et al.* In that Complaint, not filed under seal, the plaintiff references (at paragraphs 2 and 67) a settlement sum for patent litigation brought by ChanBond, the defendant herein. ChanBond's sole basis for opposing my clients' motion to unseal filings in this case was the alleged "confidentiality" of the settlement agreement and that a dollar figure from that settlement agreement was included in the sealed arbitration award. Assuming the settlement figure alleged in the attached complaint matches the one contained in the sealed arbitration award, said settlement figure has now been publicly disclosed independent of this litigation.

Secondly, we are in receipt of Mr. Grivner's letter to the Court dated August 3, 2022, and the related exhibits. In reference thereto, Mr. Collins and Mr. Mian simply request that the District Court rule on their pending motions to intervene prior to the issuance of any further Scheduling Orders. If Mr. Collins and Mr. Mian are permitted to intervene in the case, derivatively on behalf of UnifiedOnline, Inc., they would like to participate in any further scheduling conferences in this matter.

As always, I am available at the convenience of the Court to answer any questions Your Honor may have.

Respectfully submitted,

David L. Finger
(Bar ID #2556)

cc: Geoffrey Graham Grivner, Esq. (via e-filing)
Kody Macgyver Sparks, Esq. (via e-filing)
Stephen B. Brauerman, Esq. (via e-filing)
Ronald P. Golden, III, Esq. (via e-filing)
James Harry Stone Levine, Esq. (via e-filing)

The Hon. Maryellen Norieka
August 5, 2022
3

    Dylan M. Schmeyer, Esq. (via e-filing)
    Akiva M. Cohen, Esq. (via e-filing)