IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., | ) |
|        Plaintiff/Counterclaim Defendant, | ) ) ) |
| | ) C.A. No. 21-1456-MN |
| v. | ) ) |
| CHANBOND, LLC, | ) ) |
|        Defendant/Crossclaim Defendant, | ) ) ) |
| DEIRDRE LEANE, and IPNAV, LLC | ) ) |
|        Defendants/Counterclaim Plaintiffs/Crossclaim Plaintiffs. | ) ) ) ) |

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

Whereas, CBV, Inc., ChanBond, LLC, Deirdre Leane, and IPNav, LLC (collectively the "Parties") may seek discovery of Documents, information or other materials which may contain or relate to confidential, proprietary, or trade secret information of another party or of a third party in the above captioned action (the "Action" or "Litigation");

Whereas, the Parties have in good faith conferred and have agreed upon the terms of a Protective Order and for good cause shown; therefore,

The Parties stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to the approval of the Court, that the following provisions shall govern handling of such confidential information and documents in these proceedings under this Protective Order:

    1.    <u>Scope</u>: This Stipulation of Confidentiality and Protective Order ("Protective Order") governs the use and dissemination of documents and information produced in discovery or provided pursuant to subpoena to any person, party, or entity (the "Receiving Party") in the

above-captioned action (the "Action" or "Litigation") when the person, party, or third party producing or providing the documents or information (the "Producing Party") designates them as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" under the terms of this Protective Order. It does not apply to (a) documents or information already in the Receiving Party's possession; (b) documents or information that the Receiving Party obtains by means other than discovery served or subpoenas issued in connection with the Litigation;[1] or (c) a Producing Party's use of its own "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" documents or information.

2.     Use: A Receiving Party shall use documents and information that a Producing Party designates as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" under this Protective Order solely for purposes of the Litigation unless otherwise allowed by Court Order as set forth in paragraph 1.

3.     "CONFIDENTIAL" Information: In conjunction with and subject to the additional protections from or restrictions regarding disclosure as set forth in paragraphs 1 and 2 of this Protective Order, a Producing Party may designate as "CONFIDENTIAL" any documents or information that, in good faith, it believes to include trade secrets, proprietary information, commercial, financial, budgeting or accounting information, business strategies or decisions, and private information about affiliates, parents, subsidiaries, third parties and employees with whom the parties to this action have had business relationships.

4.     "RESTRICTED CONFIDENTIAL" Information: The parties recognize that there may be certain discrete categories of sensitive or extremely sensitive confidential or proprietary

---

[1] For the avoidance of doubt, discovery taken in the American Arbitration Association Arbitration captioned *Deirdre Leane and IPNAV, LLC v. ChanBond, LLC and UnifiedOnline, Inc.*, AAA Case No. 01-20-0015-0793, is deemed taken in this action and is subject to this Protective Order.

information, the disclosure of which may more severely compromise or jeopardize the business interests of the party producing such information. The producing party may designate such information as "RESTRICTED CONFIDENTIAL" and limit disclosure to the persons listed in paragraph 6 below.

     5.    <u>Disclosure of "CONFIDENTIAL" Information</u>: Subject to any additional protection from or restrictions regarding disclosure that may be imposed in accordance with the provisions of paragraphs 2 and 3 of this Protective Order and unless otherwise allowed by Court Order as set forth in paragraph 1 of this Protective Order, a Receiving Party may disclose documents and information designated as "CONFIDENTIAL" only to the following persons:

     a.    three employees of the Receiving Party with a need to see such information for the purposes of this Litigation and who agree to be bound by the terms of this Order and who first execute a certification attached hereto as Exhibit A;

     b.    counsel representing or advising a named party regarding the prosecution or defense of the Litigation, whether or not as counsel of record, and partners, associates, paralegals, clerical, and other employees who are working under the direct supervision of such counsel and who are directly involved in the prosecution or defense of the Litigation;

     c.    court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so;

     d.    experts or consultants who (i) are retained by an attorney for a named party in the Litigation, (ii) are actively involved in the preparation for trial or trial in the Litigation, and (iii) first execute a certification attached hereto as Exhibit A;

     e.    during depositions or during preparation for depositions or hearings, witnesses

who appear reasonably likely to have relevant knowledge or information relating to the document or information designated as "CONFIDENTIAL" or to the specific events, transactions, or discussions referenced, provided that, if such witnesses are not employees of the Producing Party, they first execute the certification attached hereto as Exhibit A and do not retain copies;

  f. the Court, Court personnel, and any Special Masters and/or Mediators appointed by the Court, under seal;

  g. Authors or drafters, addressees, anyone who received the documents or information prior to the commencement of this Litigation, or anyone who received the document or information during this Litigation but only if they obtained the document or information independently and outside of this Litigation and not in violation of this Order; and

  h. Any other person authorized to receive Confidential Information by order of the Court or by written agreement of the parties.

  6. <u>Disclosure of "RESTRICTED CONFIDENTIAL" Information</u>: Subject to any additional protection from or restrictions regarding disclosure that may be imposed in accordance with the provisions of paragraphs 2 and 3 of this Protective Order, a Receiving Party may disclose documents and information designated as "RESTRICTED CONFIDENTIAL" only to the following persons:

  a. legal counsel representing or advising a named party regarding the prosecution or defense of the Litigation, whether or not as counsel of record, and partners, associates, paralegals, clerical, and other employees who are working under the direct supervision of such counsel and who are directly involved in the prosecution or defense of the Litigation;

  b. court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these

individuals or an appropriate company official with authority to do so first executes a certification attached hereto as Exhibit A;

  c.  experts or consultants who (i) are retained by an attorney for a named party in the Litigation, (ii) are actively involved in the preparation for trial or trial in the Litigation, and (iii) first execute a certification attached hereto as Exhibit A;

  d.  the Court, Court personnel, and any Special Masters and/or Mediators appointed by the Court, under seal;

  e.  Authors or drafters, addressees, anyone who received the documents or information prior to the commencement of this Litigation, or anyone who received the document or information during this Litigation, but only if they obtained the document or information independently and outside of this Litigation and not in violation of this Order;

  f.  William Carter, Deirdre Leane, Earl Hennenhoefer, Richard Snyder, and Robert Stine; and

  g.  Any other person authorized to receive Restricted Confidential Information by order of the Court or by written agreement of the parties.

The use of "RESTRICTED CONFIDENTIAL" information or documents in connection with the examination of witnesses during depositions, in hearings, or at trial, if sought, shall be the subject of further stipulation or Order of Court in conformance with paragraphs 2, supra.

  7.  <u>Manner of Designation:</u> A Producing Party may designate all or any part of a document, tangible item, discovery response or pleading that is disclosed, produced, or filed as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" by placing the term "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL," as appropriate, on the face of the document and each page so designated. If the document or item cannot be marked in this manner,

the Producing Party may provide the Receiving Party with appropriate written notice of the designation. The designation of all or any part of a document, tangible item, discovery response or pleading as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" shall not waive a party's right to or preclude a party from seeking such further protection from or restrictions regarding disclosure as set forth in paragraphs 2 of this Protective Order; nor shall such designation preclude any Party's rights to challenge a designation pursuant to paragraph 14 of this Protective Order.

8.  <u>Maintenance, Storage, and Copies:</u> The Receiving Party's counsel shall maintain and store documents and information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" in a secure and safe area and is responsible for employing reasonable measures to control duplication of, access to, and distribution of copies of documents and information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL." A Receiving Party's files, containers, drawers or other receptacles containing documents or information that a Producing Party has designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" shall be marked on the outside as follows: "THIS FILE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER IN CBV, INC. v. CHANBOND, et al." Copies of documents or information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" in whatever form, as well as materials compiled or prepared by the Receiving Party that contain or reflect documents or information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL," as appropriate (including but not limited to summaries, compilations, notes, and electronic images or databases), are subject to the same restrictions and limitations as originals.

9.  <u>Depositions and Hearings:</u> Documents and information previously designated as

"CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" that are used in or made exhibits to a deposition or hearing shall retain their designated status and need not be redesignated. A Producing Party also may designate testimony and exhibits (or portions thereof) as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" by advising the court reporter and all parties of such fact either (a) on the record during the deposition or hearing or (b) in writing within fifteen (15) days after the Producing Party's counsel receives a copy of the deposition or hearing transcript. Transcripts of depositions and hearings that contain testimony or exhibits designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" shall bear a legend on their cover page stating "THIS TRANSCRIPT CONTAINS MATERIALS OR INFORMATION SUBJECT TO A PROTECTIVE ORDER IN CBV, INC. v. CHANBOND, et al." Deposition and hearing transcripts and exhibits shall provisionally be deemed "CONFIDENTIAL" for fifteen (15) days after the Producing Party's counsel receives a copy of the deposition or hearing transcript. If no already-designated materials are exhibits, no designations were made on the record during the deposition or hearing, and no Producing Party makes a "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" designation within the fifteen (15) day period, the deposition or hearing transcript and exhibits shall be deemed not to contain "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" documents or information. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape or digital recording shall be labeled with the appropriate legend.

10.   <u>Court Filings</u>: Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" documents or information shall be filed under seal and marked with the title of the action. "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" Information may be included with, or referred to in, papers filed with the Court

where this case is now pending or in any other court only in accordance with the following procedures:

(a) Both "CONFIDENTIAL" and "RESTRICTED CONFIDENTIAL" Information must be filed under seal. Counsel for all parties shall follow all applicable local rules and customs for the Court when filing "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" Information under seal.

(b) All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include, in their entirety or in part, any "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" Information must be filed under seal in accordance with the terms and procedures set forth in this Order. Counsel for the party filing papers with "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" Information shall be responsible for appropriately designating the papers filed with the Court as having "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" Information. Such papers shall be subject to the terms of this Order.

11. <u>Redacted Filings of Papers With Confidential Information</u>. Redacted versions of papers with "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" Information filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

(a) All "CONFIDENTIAL" and/or "RESTRICTED CONFIDENTIAL" Information set forth in the papers is deleted or obscured; and

(b) Redacted versions of the papers are clearly marked "Public Version Confidential Material Omitted." Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

12.	<u>Notice Of Requests:</u> Any Receiving Party that receives a request or subpoena for the production or disclosure of documents or information that a Producing Party has designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" under the terms of this Protective Order shall, within three (3) business days after receipt of the subpoena or other compulsory process, give the Producing Party written notice of the request or subpoena and forward a copy of the request or subpoena. Provided that the Producing Party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the Receiving Party shall not produce or disclose the requested information without consent of the Producing Party or until ordered to do so by a court of competent jurisdiction and after all appeals have been exhausted.

13.	<u>Closed Proceedings:</u> During portions of depositions at which documents or information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" are used, persons who are not entitled to access to the "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" documents or information under the terms of this Protective Order shall be excluded.

14.	<u>Contesting Designations:</u> Nothing in this Protective Order shall be construed to alter or affect the burdens of production, proof, or persuasion, nor shall anything in this Protective Order be construed as a finding that documents or information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" were properly designated as such. Any Receiving Party may object to a Producing Party's designation by specifying the documents or information in issue and the basis for questioning the designation in a written objection. A Receiving Party is not obligated to challenge the propriety of a designation at the time made, and a failure to do so does not preclude any subsequent challenge. If a Receiving Party objects in writing and the Producing

Party does not agree to withdraw or alter the designation, the Receiving Party and the Producing Party shall first attempt to resolve the issue informally. If the dispute is not resolved within ten (10) days of service of a written Objection, the Receiving Party may file a motion contesting the designation made relating to the documents or information at issue. The burden of establishing that information has been properly designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" is on the party making such designation. This Protective Order does not alter the burden imposed by law on any party seeking to uphold any limitation on the production or dissemination of materials. Pending a Court Order overruling the designation the information, documents or materials shall continue to be subject to and treated as designated under the terms of this Protective Order.

15. <u>No Waiver:</u> Review of documents or information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" by persons permitted access under the terms of this Protective Order shall not waive the confidentiality of the documents or information. The inadvertent or unintentional disclosure of or failure to designate "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" documents or information shall not be deemed a waiver, in whole or in part, of the Producing Party's claims of confidentiality. If a Producing Party fails to designate "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" documents or information as such at the time of production or during the fifteen (15) day period for review of depositions, the Producing Party may designate such documents under the terms of this Protective Order by (a) notifying each Receiving Party in writing that "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" documents or information were disclosed without having been designated as such within ten (10) business days of learning of that fact, specifically identifying the "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" documents or information that were

disclosed and advising each Receiving Party of the appropriate designations and (b) providing each Receiving Party with properly redesignated documents or information within ten (10) business days of having provided such notice. Once the Producing Party provides notice as outlined above, the materials shall be treated in accordance with the designation specified in the Producing Party's notice. Upon receipt of properly redesignated documents, the Receiving Party shall return or certify the destruction of all unmarked or incorrectly designated documents and other materials still under its control to the Producing Party within twenty (20) business days.

Other than as specified in this Protective Order, the taking of or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any party or entitled to particular protection. The procedure set forth herein does not affect the rights of parties to object to discovery on grounds other than those related to confidential or proprietary information claims, nor does it relieve a party of the necessity of proper response to discovery devices.

16. <u>Unauthorized Disclosure:</u> If a Receiving Party discovers that, whether through inadvertence or otherwise, it has disclosed or provided documents or information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" to any person or entity not authorized to review it under the terms of this Protective Order, the Receiving Party shall promptly (a) make reasonable, best efforts to seek the return of the documents or information, (b) inform the Producing Party of the disclosure and the relevant circumstances (including the identity of the person or entity to whom disclosure was made), and (c) advise the recipient(s) of the provisions of this Protective Order and request that they agree to its terms in writing by signing the certification

attached as Exhibit A. This paragraph does not limit the remedies that the Producing Party may pursue for breach of this Protective Order.

17.     <u>Termination of the Litigation:</u> After termination of the Litigation, counsel for a Receiving Party may, subject to the terms of this Protective Order, retain (a) deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court that were designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL"; and (b) attorney work product based on, containing, or reflecting documents or information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" under this Protective Order. Except as provided above, within sixty (60) days after the termination of the Litigation, the Receiving Party's counsel shall either (i) return to the Producing Party's counsel or (ii) provide written certification of the destruction of all documents or information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL," including any copies. Termination, as used in the prior sentence, includes the conclusion of any appeal(s) and the time for filing any appeal(s).

18.     <u>Non-Parties:</u> A person or entity that is not a party in the Litigation shall be entitled to the protections afforded herein by signing a copy of this Protective Order and serving same on all counsel of record.

19.     <u>Certifications:</u> Executed copies of the certification attached hereto as Exhibit A shall be maintained by the person or party who caused the certification to be executed. Certifications executed by any individual other than a consultant to a party shall be served upon all other counsel within ten (10) business days of execution.

20.     <u>Admissibility and Discoverability:</u> Nothing in this Protective Order shall be construed to be an admission of relevance or to affect, in any way, the admissibility or discoverability of any documents, testimony or other evidence in the Litigation. This Protective

Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not admissible or discoverable.

21. <u>Other Relief:</u> Nothing in this Protective Order shall prevent a party from applying to the Court for relief therefrom, from applying to the Court for modification of this Order, or from seeking additional or different protections for confidential information.

22. <u>Trial or Hearings:</u> The parties contemplate that procedures for the treatment and use of "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" documents and information at trial or other hearings before the Court. Counsel shall confer with the Court regarding procedures to protect the confidentiality of any material marked, labeled, or otherwise designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" that a party or any of its witnesses may use, refer to, disclose, or admit into evidence during trial or any hearing in this Litigation.

23. <u>Confidential Information of Third Parties:</u> This Protective Order does not address, authorize, or require a Producing Party to disclose confidential information regarding third parties where such disclosure is barred by statute, rule, regulation, common law, or written agreement. If discovery is sought of a person not a party to this Litigation (third party) requiring disclosure of such third party's "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" Information, the "CONFIDENTIAL" and/or "RESTRICTED CONFIDENTIAL" Information disclosed by any such third party will be accorded the same protection as the parties' "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL", and will be subject to the same procedures as those governing disclosure of the parties' "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" Information pursuant to this Order.

24. <u>Expert Materials.</u> Discovery of communications between counsel and any independent expert retained or specially employed by that counsel for purposes of this Litigation

shall be limited to the factual information, analyses, documents, and/or data relied on by the expert in rendering the opinions expressed in an expert report or at trial. Except as otherwise provided herein, all communications between counsel and the expert relating to the process of preparing an expert report or developing opinions for trial, including all preliminary or draft reports, expert working papers, notes, and communications relating thereto, shall be deemed exempt from discovery and use at trial.

(a) <u>Experts and Consultants</u>. Prior to a party giving, showing, disclosing, making available or communicating "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" Information to any expert or consultant (e.g., a person or entity that conducts testing or other analysis but does not prepare an expert report) under Paragraph 2 above, the party shall do the following. For the avoidance of doubt, this provision does not apply to the categories of individuals listed in Paragraphs 6(f) above:

(i) Serve a notice on all other parties, identifying the expert or consultant and the expert's or consultant's business address, business telephone numbers, present employer and position (along with a job description), consulting activities and job history for the past three years, and past or present relationship, if any, with any parties in this Litigation and their affiliates. Furthermore, the most recent curriculum vitae or resume of the expert or consultant shall be provided under this section. If the most recent curriculum vitae or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided.

(ii) Include with such notice, a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the expert or consultant and including all the information to be completed therein. The notified parties shall be entitled to

object to disclosure of "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" Information to the expert or consultant within five (5) business days after receipt of the Acknowledgment of Protective Order by stating specifically in writing the reasons why such expert or consultant should not receive "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" Information.

(iii)     If the parties are unable to agree on disclosure to the expert or consultant, the party objecting to such expert or consultant may apply to the Court for an order that disclosure is improper within ten (10) business days of its objection. The burden of establishing the validity of such written objections rests with the objecting party. If the objecting party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn.

(iv)     No disclosure of "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" Information shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served and a motion to prevent disclosure is filed, until such time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

(v)     The filing and pendency of objections shall not limit, delay, or defer any disclosures of "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" Information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

25.     <u>Modification of This Protective Order:</u> This Protective Order is without prejudice to the right of any Producing Party to seek relief from the Court, upon good cause shown, from, or to seek to modify, any of the provisions contained herein. This Protective Order is also without prejudice to the right of any Producing Party to assert that certain confidential business information should be protected from disclosure altogether, which assertion shall be made through motion

practice should the discharge of meet-and-confer obligations by the parties fail to resolve any dispute regarding the assertion. In the event that any party in this Litigation seeks a court order that in any way seeks to vary the terms of this Protective Order, said party must make such request in the form of a written stipulation or noticed motion to all parties that must be served and filed in accordance with the local rules. This Protective Order may be amended by way of a proposed Consent Order agreed to by the parties and subject to the Court's approval and entry, or, if the parties do not consent, by way of motion filed and served in accordance with the local court rules, or as otherwise directed by the court.

26.     <u>Privileged and Protected Information:</u> This Protective Order does not authorize or require a Producing Party to disclose documents or information protected by or subject to claims of privilege or protection, including but not limited to the attorney-client privilege, work product protection, and joint defense or common interest privilege. If a Producing Party inadvertently or mistakenly produces documents or information subject to a claim of privilege or protection, such production will not waive applicable claims of privilege or protection. After (a) written notice identifying privileged or protected documents that were inadvertently or mistakenly produced and (b) receipt of a privilege log relating to such documents, the Receiving Party shall: (i) return or certify the destruction of all such documents within ten (10) business days and (ii) destroy any work product or portions of any work product containing or reflecting their contents.

27.     <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential,"

which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

28. <u>Binding:</u> This Protective Order is binding on the parties to the Litigation and their attorneys, successor attorneys, personal representatives, executors, administrators, special administrators, legal representatives, assigns, subsidiaries, divisions, employees, and agents.

29. <u>Survival:</u> This Order and the Court's jurisdiction to enforce it shall survive the termination of the Litigation and shall continue in full force and effect thereafter.

The Court directs the Clerk to forward a certified copy of this Order to counsel of record.


**[Remainder of Page Intentionally Left Blank. Signatures Appear on Following Page.]**

| | |
|---|---|
| **BUCHANAN INGERSOLL & ROONEY PC** | **BAYARD, P.A.** |
| /s/ Geoffrey G. Grivner | /s/ Stephen B. Brauerman |
| Geoffrey G. Grivner (No. 4711) | Stephen B. Brauerman (No. 4952) |
| Kody M. Sparks (No. 6464) | Ronald P. Golden III (No. 6254) |
| 500 Delaware Avenue | 600 North King Street |
| Suite 720 | Suite 400 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 552-4200 | (302) 655-5000 |
| geoffrey.grivner@bipc.com | sbrauerman@bayardlaw.com |
| kody.sparks@bipc.com | rgolden@bayardlaw.com |
| *Attorneys Plaintiff CBV, Inc.* | *Attorneys for Defendant ChanBond, LLC* |

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

/s/ James H. S. Levine
James H. S. Levine (No. 5355)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
302.777.6500
james.levine@troutman.com

*Attorneys for Deirdre Leane and IPNAV, LLC*

**IT IS SO ORDERED**, on this \_\_\_\_ day of _____, 2022,

_____
The Honorable Maryellen Noreika

## CERTIFICATION - EXHIBIT A

I hereby certify that I have read the attached Protective Order in CBV, Inc. v. ChanBond, LLC, et al, case number 1:21-cv-01456-MN pending in the United States District Court for the District of Delaware dated _____ (the "Order"). I agree that I will not reveal "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information in accordance with the Order. I will use "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the action and will not use or disclose such information for any business or other purpose unless such use or disclosure is ordered by a court or is authorized by the party designating the material as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL." I will otherwise keep all "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information confidential in accordance with this Order. I agree that the court referenced above has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____     _____
                                          Name

                                          _____
                                          Role in Litigation

                                          _____
                                          Address