IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., | ) |
|     Plaintiff/Counterclaim-Defendant, | ) ) ) ) ) C.A. No. 21-1456-GBW |
| v. | ) ) |
| CHANBOND, LLC, | ) ) |
|     Defendant/Crossclaim-Defendant/Crossclaim-Plaintiff, | ) ) ) ) |
| DEIRDRE LEANE and IPNAV, LLC | ) ) |
|     Defendants/Counterclaim-Plaintiffs/Crossclaim-Plaintiffs. | ) |

**CHANBOND, LLC, DEIRDRE LEANE, AND IPNAV, LLC'S JOINT OPPOSITION TO THE MOTION FOR ADMISSION PRO HAC VICE OF STEVEN LEWIS RADER, ESQUIRE**

Defendants ChanBond, LLC ("ChanBond"), Deirdre Leane ("Leane"), and IPNAV, LLC ("IPNAV," and collectively with Leane, the "Leane Defendants") by and through their undersigned counsel, respectfully oppose the Motion for Admission *Pro Hac Vice* filed (the "Motion") on behalf of Steven Lewis Rader, Esquire on Saturday, October 8, 2022. (D.I. 153.) For the reasons set forth below, the Court should deny the Motion.

1.  Hoping he could take advantage of a judicial reassignment and an after-hours filing on the Saturday of a holiday weekend, Mr. Rader caused to be filed a *pro forma* Motion, seeking admission to this Court *pro hac vice* on behalf of third-party intervenors Gregory Collins and Kamal Kian (the "Proposed Intervenors"). (*Id.*)

1

2.      Notably absent from the Motion is any disclosure to the Court that Mr. Rader was already admitted *pro hac vice* on behalf of these same parties, in this same matter, and voluntarily withdrew his admission, rather than appear at a Court-ordered hearing to explain to Judge Noreika his numerous and repeated violations of the several Court orders in this action.  The Court should deny the Motion, award against Mr. Rader and his firm ChanBond and Leane Defendants' attorneys' fees and costs incurred in responding to this Motion, and refer Mr. Rader to the Office of Disciplinary Counsel for review of his conduct.[1]

**FACTUAL BACKGROUND**

3.      On March 21, 2022, Mr. Rader caused his then-Delaware counsel, John Williams and Brian Crawford of the Williams Law Firm, P.A., to file a motion for admission *pro hac vice* on behalf of the Proposed Intervenors (D.I. 35), who moved to Intervene in this action earlier that day (the "Motion to Intervene").  (D.I. 34.)  Although Mr. Rader did not comply with Local Rule 7.1.1 which caused the Court to threaten to deny the Motion to Intervene (*see* Mar. 22, 2022 Oral Order), the Court granted Mr. Rader's admission *pro hac vice*.  (*See* Mar. 22, 2022 Docket Order.)

4.      To comply with the Court's order, Mr. Rader participated in a meet and confer with counsel for ChanBond in which he was argumentative, uncivil, refused to explain the bases for the Motion to Intervene, and hung up on ChanBond's counsel.  (D.I. 76 at 1 n.7.)

---

[1] ChanBond and the Leane Defendants do not seek relief against the Delaware counsel who signed the Motion.  ChanBond and the Leane Defendants note, however, that Mr. Rader seems to engage Delaware counsel who are either unwilling or unable to serve as any check on his conduct, which further counsels against his second *pro hac vice* admission in this case.  *See, e.g.*, *Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 800 F. Supp. 2d 613, 622 n.4 (D. Del. 2011), *aff'd,* 728 F.3d 1336 (Fed. Cir. 2013) ("It is of no assistance to the court to have Delaware counsel, if they misapprehend (or choose to ignore) their role under the Local Rules.").

5. On April 5, 2022, Mr. Rader attempted to use a copy of ChanBond's [Sealed] Answering Brief in Opposition to Plaintiff CBV, Inc.'s Motion for Temporary Restraining Order, Preliminary Injunction and for Expedited Discovery (D.I. 54), which was filed under seal pursuant to the Court's March 22, 2022 order (the "Sealing Order"), with which he was inadvertently served. (D.I. 39.) ChanBond promptly requested to claw back the confidential information it had inadvertently served upon Mr. Rader, but Mr. Rader did not respond to that request. (D.I. 59, Ex. A). During a meet and confer held that same day, Mr. Rader refused to return ChanBond's confidential information, agree to comply with the Sealing Order, or even to disclose whether he had disseminated the inadvertently disclosed information to his non-party clients, third parties, or otherwise distributed the Confidential Filing in violation of the Sealing Order and District of Delaware Local Rule 26.2 before rudely hanging up on counsel for ChanBond and the Leane Defendants.[2] (*See, e.g.*, D.I. 59 at 2.)

6. Unable to secure Mr. Rader's cooperation with Court orders and the Local Rules, and without any other options to protect its confidential information, ChanBond sought emergency relief from the Court on April 5, 2022. (D.I. 59.) The next morning, Mr. Rader sought until Thursday, April 7, 2022 at 1:00 p.m. to respond to ChanBond's emergency filing. (D.I. 60.) The Court denied Mr. Rader's request, ordered him to respond by 2:30 p.m. that day, and further ordered Mr. Rader to "return all copies of the confidential filing and . . . immediately cease disseminating copies of the confidential filing pending further order of this Court." (D.I. 61.)

7. Mr. Rader responded as directed and admitted to violating the Court's rules and orders but challenged whether such orders were valid and the well understood meaning of the

---

[2] Counsel for Plaintiff CBV, Inc. also participated in the meet and confer. ChanBond and the Leane Defendants understand that CBV's counsel concur in this description of Mr. Rader's conduct during the meet and confer.

Court's rules. (D.I. 63.) The Court reviewed the parties' letters and, on April 6, 2022, scheduled a hearing on April 25, 2022 at 4:30 p.m. (the "April 25 Hearing") and ordered that, "[u]ntil that hearing, the non-parties shall not retain or disseminate the confidential filings and shall endeavor to retract information they already have disseminated." (D.I. 64.)

8.   On April 11, 2022, ChanBond and the Leane Defendants filed oppositions to the Motion to Intervene. (D.I. 73, 76.) Relying on declarations from Mr. Rader, Proposed Intervenors filed their replies on April 22, 2022, and the Motion to Intervene remains pending a decision from the Court. (D.I. 87, 88.)

9.   On April 14, 2022, Mr. Rader filed a motion for permission to appear at the April 25 Hearing remotely (the "Motion to Appear Remotely"). (D.I. 82.) After confirming that Mr. Rader did not have any medical or personal reason that would justify his remote appearance, ChanBond opposed the Motion. (*Id.*) Before ChanBond's opposition was due, the Court denied the Motion to Appear Remotely. (D.I. 84.)

10.   Notwithstanding the Court's order, Mr. Rader did not appear at the April 25 Hearing. The Court found that Mr. Rader violated the Court's rules and orders and invited ChanBond to submit additional briefing concerning the appropriate sanctions against Mr. Rader, his firm, and the Non-Parties. ChanBond submitted the requested letter on April 26, 2022, which sought to revoke Mr. Rader's *pro hac vice* admission. (D.I. 90.)[3] Mr. Rader responded to the sanctions letters on April 27, 2022, once again filing on the public docket information he knew or should have known was protected by Court order.[4] (D.I. 94.) Rather than waiting for the Court's

---

[3] The Leane Defendants also submitted a letter in support of sanctions. (D.I. 92.)
[4] Mr. Rader's then-Delaware counsel cooperated in promptly placing these materials under seal. (D.I. 94.)

4

decision, Mr. Rader withdrew his *pro hac vice* appearance on April 27, 2022. (D.I. 95.) The requests for sanctions against Mr. Rader and the Non-Parties remain pending before the Court.

11. On September 7, 2022, this matter was reassigned from Judge Noreika to the Honorable Gregory B. Williams. (*See* Sept. 7, 2022 Docket Entry.) Apparently believing a new judicial officer would ignore his past indiscretions and hoping to slide his Motion under the radar, Mr. Rader filed the Motion a month later over a holiday weekend. (D.I. 153.) Notably absent from the *pro forma* Motion was any recitation of Mr. Rader's conduct during his prior *pro hac* admission or any explanation about why the Court should grant his Motion notwithstanding his prior actions and in the face of a pending motion to revoke his *pro hac vice* admission and request for sanctions.

## ARGUMENT

12. Pursuant to District of Delaware Local Rule 83.5(c), the decision to admit out of state counsel *pro hac vice* rests in the discretion of the Court. D. DEL. L.R. 83.5(c). "Admission *pro hac vice* 'is not a right but a privilege, the granting of which rests in the sound discretion of the presiding judge.'" *United States v. Gutierrez,* No. 94 Cr. 565(LAK), 1994 WL 593773, at *2 (S.D.N.Y. Oct. 28, 1994) (quoting *Thomas v. Cassidy,* 249 F.2d 91, 92 (4th Cir. 1957)); *see also Leis v. Flynt,* 439 U.S. 438, 441–42, 99 S. Ct. 698, 700–01, 58 L.Ed.2d 717 (1979); *In re Rappaport,* 558 F.2d 87, 89 (2d Cir. 1977); *Panzardi–Alvarez v. United States*, 879 F.2d 975 (1st Cir. 1989); *Thoma v. A.H. Robins Co.*, 100 F.R.D. 344, 347–49 (D.N.J. 1983). In determining whether to deny a *pro hac vice* motion, the Court should balance a litigant's right to choose its counsel with the Court's the attorney applicant's familiarity "with the Federal Rules of Civil Procedure, the Local Rules . . ., this Court's Individual Rules, and the customs and practices of this Court" and the Court's confidence that the attorney will conduct himself professionally and

ethically and will not disrupt the proper functioning of the Court. *Erbacci, Cerone, and Moriarty, Ltd. v. United States,* 923 F. Supp. 482, 486 (S.D.N.Y. 1996).

13. Although *pro hac vice* motions are routinely granted, it is not a *pro forma* exercise, and such applications are appropriately rejected in rare circumstances. *See Sedona Corp. v. Ladenburg Thalmann & Co.*, No. 03-CIV-3120 (KMW) (THK), 2003 WL 22339357, at *3 (S.D.N.Y. Oct. 14, 2003) *citing Rappaport*, 558 F.2d at 89–90 (denying writ of mandamus where district court barred attorney from *pro hac vice* admission because attorney was indicted for obstruction of justice and giving false and invasive testimony before a grand jury, pled guilty to criminal contempt, and had been suspended from the practice of law for forty-five days for bilking a client out of $35,000); *Macdraw, Inc. v. The CIT Group Equip. Fin., Inc.,* 994 F. Supp. 447, 455 (S.D.N.Y. 1997) (revoking *pro hac vice* admissions of attorneys who engaged in conduct which was undignified, disrespectful and degrading to the court); *Erbacci,* 923 F. Supp. at 486 (denying *pro hac vice* admission where an attorney twice submitted defective applications, and in doing so engaged in motion practice without being admitted to practice in the court); *Gutierrez,* 1994 WL 593773, at *2-3 (denying *pro hac vice* admission where attorney failed to file motions that were in his client's interest, ignored scheduling orders, and was late for court appearances). This is one of the rare circumstances that justifies denying Mr. Rader's *pro hac vice* admission to practice before this Court.

14. Mr. Rader has confirmed, both through his initial conduct in this action and his failure to disclose his prior misconduct in connection with the Motion, that he should not have the privilege of practicing before this Court. *See, e.g.*, *In re Poliquin*, 49 A.3d 1115, 1133 (Del. 2012), *reinstatement granted sub nom. Matter of Member of the Bar Poliquin*, 135 A.3d 1282 (Del. 2016) (recognizing that an attorney's failure to disclose prior misconduct violated his duty of

candor to the tribunal and Rules 3.3(a)(1), 8.4(c), and 8.4(d) of the Delaware Lawyer's Rules of Professional Conduct). As detailed above, Mr. Rader violated at least the Court's Sealing Order, the Court's two April 6, 2022 orders, the Court's April 14, 2022 order denying his request to appear at the April 25 Hearing remotely, and Local Rule 26.2.

15.    Mr. Rader has demonstrated that after causing unquantifiable damage and disruption, when the Court attempts to hold him accountable for his actions he will run away rather than appear and defend his conduct. (*See, e.g.*, D.I. 95.) And since he voluntarily withdrew his prior appearance, in a misguided attempt to avoid a sanctions motion that remains pending, the concerns about impairing the Non-Parties' ability to select their own counsel is not implicated by the Motion.

16.    Mr. Rader's limited prior appearance in Delaware was riddled with undignified and disrespectful conduct that disrupted the proceedings in this action and violated numerous Court orders and the District's Local Rules. While Mr. Rader's past conduct alone is sufficient to justify denial of the Motion, his temerity to seek readmission, one month after the reassignment of this matter to a new judicial officer, over a holiday weekend, using a *pro forma* Motion, while a motion to revoke his prior *pro hac vice* remained pending before the Court, without attempting to explain or apologize for the conduct that caused him to withdraw his prior *pro hac vice* appearance in the first instance, further confirms that the Court should deny Mr. Rader's Motion, award ChanBond and the Leane Defendants the attorneys' fees and costs they incurred in opposing the Motion, and refer Mr. Rader to the Office of Disciplinary Counsel to prevent such further misconduct in the future.

## **CONCLUSION**

17. For the foregoing reasons, the Court should deny the Motion, award ChanBond and Leane Defendants the attorneys' fees and costs in opposing the Motion and refer Mr. Rader to the Office of Disciplinary Counsel.

| | |
|---|---|
| BAYARD, P.A. | TROUTMAN PEPPER HAMILTON SANDERS LLP |
| */s/ Stephen B. Brauerman* <br> Stephen B. Brauerman (No. 4952) <br> Ronald P. Golden III (No. 6254) <br> 600 North King Street, Suite 400 <br> Wilmington, DE 19801 <br> (302) 655-5000 <br> sbrauerman@bayardlaw.com <br> rgolden@bayardlaw.com | */s/ James H. S. Levine* <br> James H. S. Levine (No. 5355) <br> Hercules Plaza, Suite 5100 <br> 1313 Market Street, P.O. Box 1709 <br> Wilmington, DE 19899-1709 <br> (302) 777-6500 <br> James.Levine@troutman.com |
| *Attorneys for ChanBond, LLC* | OF COUNSEL: |
| Dated: October 10, 2022 | Akiva M. Cohen <br> Dylan M. Schmeyer <br> KAMERMAN, UNCYK, SONIKER & KLEIN P.C, <br> 1700 Broadway, 16th Floor <br> New York, NY 10019 <br> 212.400.4930 <br> acohen@kusklaw.com <br> dschmeyer@kusklaw.com |
| | *Attorneys for Deirdre Leane and IPNAV, LLC* |