UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | )   C.A. No. 1:21-cv-01456-GBW |
| | ) |
| CHANBOND, LLC, | ) |
| | ) |
|       Defendant. | ) |

**REPLY TO CHANBOND, LLC, DEIRDRE LEANE, AND IPNAV, LLC'S JOINT OPPOSITION TO THE MOTION FOR ADMISSION *PRO HAC VICE* OF STEVEN LEWIS RADER, ESQUIRE**

Proposed Intervenors Kamal Mian and Gregory Collins herewith reply to the "ChanBond, LLC, Deirdre Leane, and Ipnav, LLC's Joint Opposition to The Motion for Admission *Pro Hac Vice* of Steven Lewis Rader, Esquire" (the "Joint Opposition"), as follows:

1. "While it is indeed true that admission *pro hac vice* is a privilege, not a right, revocation of that privilege, once bestowed, sends a strong message which works a lasting hardship on an attorney's reputation." *Mruz v. Caring, Inc.,* 166 F.Supp.2d 61, 70 (D.N.J. 2001) (citation omitted). Accordingly, disqualification is an "extreme sanction" that "should not be imposed lightly." *Regional Employers' Assur. Leagues Voluntary Employees' Beneficiary Ass'n Trust v. Castellano,* 2009 WL 1911671 at *2 (E.D. Pa. July 1, 2009) (quoting *Shade v. Great Lakes Dredge & Dock Co.*, 72 F.Supp.2d 518, 520 (E.D. Pa. 1999)). The same should apply to initial challenges to requests for admission *pro hac vice.*

2. In this case, the Joint Opposition exemplifies the unduly aggressive approach counsel has taken toward counsel for Proposed Intervenors. The Joint Opposition consists of

unsworn misrepresentations of fact[1], incomplete statements of events, rash accusations of ethics violations and a request that Mr. Rader be referred to the Office of Disciplinary Counsel, a false accusation of violation of court orders without any judicial finding of same, and even an unprovoked and gratuitous swipe at Proposed Intervenors' past and present Delaware counsel (Joint Opposition at 2 n.1), which is definitely not in keeping with the highest traditions of the Delaware Bar.  The Court should view the Joint Opposition very skeptically and determine whether the Joint Opposition is itself a bad-faith act.

3.      Mr. Rader's declaration, attached hereto, fleshes out in detail the events raised by the Joint Objectors. The takeaways from that declaration are:

a.      The Joint Opposition faults Mr. Rader for failing to add information to his application for admission a pro hac vice motion under Local Rule 83.5 that is not required by that Rule, and which information, as described by the Joint Objectors, is false and misleading (Rader Decl. ¶¶5-6);

b.      The Joint Opposition accuses Mr. Rader of not providing the statement required by Local Rule 7.1.1, notwithstanding that the Rule explicitly excludes from its requirements motions brought by non-parties[2] (Rader Decl. ¶7);

---

[1]     *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989) ("statements made in briefs are not evidence of the facts asserted").

[2]     Although, by its terms, Rule 7.1.1 did not apply to the Proposed Intervenors as they were "nonparties," the record evidence establishes that their counsel complied with the Rule once directed by the Court to do so.  See Rader Decl. Ex. B. *See also Cornell University, Cornell Research Foundation, Inc., Life Technologies Corporation, and Applied Biosystems, LLC v. Illumina, Inc.*, 2018 WL 11427401 at *4 (D. Del. Feb. 23, 2018) (in declining to find a violation of Local Rule 7.1.1, noting that counsel responded to opposing counsel's questions verbally and in writing).

    c.  The Joint Opposition claims that Mr. Rader was "argumentative, uncivil, refused to explain the bases for the Motion to Intervene, and hung up on ChanBond's counsel." (Joint Opposition at ¶4). Mr. Rader sought a teleconference to address opposing counsel's filing a motion to unseal without first conferring with the Proposed Intervenors are required by Local Rule 7.1.1 (to the extent they were claiming Rule 7.1.1 applied to the Proposed Intervenors). Counsel for ChanBond and the "Approved Intervenors," however, highjacked that conference call and refused to discuss any of the issues raised by Mr. Rader. Instead, they accused him of "acting in bad faith" for refusing to comply with Mr. Brauerman's "clawback" demand. When Mr. Rader asked for any legal authority obligating him or his clients to do any of the things Mr. Brauerman was demanding of them, he had a junior associate on the call cite to Local Rule 26.2, which does not require returning documents, but only, where the parties (as here) had not entered into a confidentiality agreement, limits their further disclosure. Also on the call was the head of Mr. Rader's firm, Simina Gentry, Esq. When she attempted to interject a comment, Mr. Brauerman interrupted her by loudly proclaiming, "Who is this, is she a member of the Delaware Bar? We don't have to talk to her!"  Again, this rude and abusive behavior served no purpose other than to be aggressive and inflammatory, and caused Mr. Rader to withdraw from the conference to avoid exposure to Mr. Brauerman's uncivil behavior. Other members of Proposed Intervenors' legal team remained on the call. (*See* Rader Decl. ¶¶12-14 & Ex. C);

    e.  The characterization in paragraph 7 of the Joint Objection that Mr. Rader "admitted to violating the Court's rules and orders" is patently false, as is demonstrated by the very document they cite (D.I. 63: "Our position on the matter remains as follows: Neither we nor our clients violated any Order of the Court"). This false statement serves no purpose than an

attempt to demean Mr. Rader in the eyes of the Court. Further, Mr. Rader promptly complied with the Court's Order. (D.I. 61);

      f.      The Joint Objectors insinuate that Mr. Rader did something wrong by not showing up at a hearing. The Court did not require Mr. Rader's attendance (he is based in California), there is no general requirement that non-Delaware counsel attend hearings, and the Proposed Intervenors were competently represented by their then-Delaware counsel (Rader Decl. ¶¶23-24)[3]; and

      g.      Mr. Rader has promptly complied with Orders of the Court, and there is no evidence otherwise. (Rader Decl. ¶¶15, 17-21).

4.      The authors of the Joint Opposition bank on the Court's presumed unfamiliarity with the record in this action. This issue has been fully briefed. (D.I. 98). ChanBond's counsel claims that his office "inadvertently" served the Proposed Intervenors with an arbitration award, *twice* that (ChanBond contends, without legal basis) must be protected from public disclosure.[4]

---

[3] After the April 25, 2022, hearing, the District Court directed ChanBond to file a brief on its "requested relief" and directed the Proposed Intervenors to respond thereto. ChanBond's "motion" remains under submission with the District Court. In their April 27, 2022, response (D.I. 98), Mr. Rader filed a declaration wherein he concluded:

> Generally, the Proposed Intervenors' trial counsel, a member of the California Bar, in good standing for a few months shy of 25 years, would have supreme confidence that binding precedent, judicial temperament, and the due process of law would stay the District Court's hand from striking the heavy blow Mr. Brauerman seeks. Upon review of the events as have transpired in this action thus far, however, suffice it to say that Proposed Intervenors trial counsel no longer maintains such supreme confidence. Thus, to avoid any further inappropriate distractions from the undeniable merits of the Proposed Intervenors' claims, counsel will be withdrawing from this case. Counsel will, of course, continue to advise his clients as he deems appropriate.

[4] Proposed Intervenors filed a Motion to Unseal documents, including documents disclosing the arbitration award, on the ground that sealing violated the common law and First Amendment rights of public access. A decision on that motion is pending.

Even if so, however, the only ethical duty of the Proposed Intervenors' legal counsel was to "promptly notify the sender" of his receipt of the "inadvertently" transmitted document, which he did, a mere two court days after receipt. Del. Rules of Prof'l Conduct Rule 4.4(b) ("A lawyer who receives a document or electronically stored information relating to the representation of the lawyer's client and knows or reasonably should know that the document or electronically stored information was inadvertently sent shall promptly notify the sender."). *See also* Comment 2 ("Whether the lawyer is required to take additional steps, such as returning the document or electronically stored information, is a matter of law beyond the scope of these Rules, as is the question of whether the privileged status of a document or electronically stored information has been waived"). Mr. Rader's legal position did not constitute a violation of his ethical duties whatsoever. *See* Del. Rules of Prof'l Conduct Rule 3.4(c).

5.  The Proposed Intervenors respectfully submit that responding to the constant personal, and baseless, attacks on their legal counsel has caused them to incur substantial fees and costs wholly unrelated to the merits of the action, for no good cause. The Proposed Intervenors are people of limited means, and the described behavior and actions toward their counsel appear designed solely to exert economic pressure on them and force them out of the litigation. Mr. Collins and Mr. Mian respectfully request that the District Court award them the attorneys' fees that they have unnecessarily incurred as a direct result of this misconduct. *See, W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 231 F. Supp. 3d 19, 21 (D. Del. 2017) ("it is inherent in the court's discretionary power to award attorneys' fees 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons'," (citation and quotation omitted)).

WHEREFORE, for the foregoing reasons, Steven L. Rader respectfully request that the Court overrule the Joint Opposition and grant Mr. Rader's Motion for Admission *Pro Hac Vice*, and award them their fees and such other and further relief as the Court deems just and fair.

        Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th floor
Wilmington, DE 19801-1186
(302) 573-2525
dfinger@delawgroup.com
Attorney for Proposed Intervenors
Gregory Collins and Kamal Mian,
derivatively on behalf of UnifiedOnline, Inc.

Date: October 12, 2022

6