UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., *Plaintiff* v. CHANBOND, LLC, *Defendant.* | C.A. No. 1:21-cv-01456-GBW |

**DECLARATION OF STEVEN LEWIS RADER IN REPLY TO "CHANBOND, LLC, DEIRDRE LEANE, AND IPNAV, LLC'S JOINT OPPOSITION TO THE MOTION FOR ADMISSION PRO HAC VICE OF STEVEN LEWIS RADER, ESQUIRE"**

Steven Lewis Rader hereby declares, pursuant to 28 U.S. Code §1746, as follows:

1. I am the Director of Firm Operations for the Centauri Law Group, PC, a California Professional Corporation

2. I have been a member in good standing of the California Bar (No. 189979) for 25 years, as of this month. I have been a litigator my entire career. I have represented clients before the California Supreme Court, the Fourth and Second Districts of the California Court of Appeal, the United States District Court for the Central District of California, and the California Superior Court for the Counties of Orange, Los Angeles, Riverside and San Bernardino. My clients over the years have included cities, counties, police departments, police officer associations, police officers, firefighters, sanitation districts, homeowners' associations, corporations, and individuals, both as plaintiffs and as defendants. In many hotly contested cases, I have never been the subject of a motion for sanctions under FRCP 11, or its State counterpart (*CA Code Civ. Pro*. §128.7). I have never been accused of any ethical violations whatsoever.

3. The Joint Opposition reminds us that admission *pro hac vice* before this Court remains a privilege not a right. This is of course true. I personally would consider the opportunity

1

to argue my clients' cause before this esteemed tribunal not only a privilege but an honor. The Court should rest assured that I have not allowed the conduct of the few attorneys who chose to file the wholly inappropriate "Joint Opposition" to detract in any way from the high regard in which I have always held, as a corporate litigator, the Delaware Courts and Bar.

4. I have read and reviewed the "Chanbond, LLC, Deirdre Leane, And Ipnav, LLC's Joint Opposition to The Motion for Admission Pro Hac Vice of Steven Lewis Rader, Esquire" (the "Joint Opposition"). Upon my review of the Joint Opposition I noted several misrepresentations of fact therein.

5. The form required for the Motion for Admission by Local Rule 83.5 was filed as permitted, during the hours permitted, by the Proposed Intervenors' Delaware counsel. It was filed because the District Court's most recent ruling in the action indicated that the District Court would soon be ready to hear the Proposed Intervenors' motions and the Proposed Intervenors wanted both of their chosen legal counsel available for oral argument.

6. Local Rule 83.5 contains no requirement that the movant disclose in the application any extraneous matter, let alone matter already contained in the District Court's file. *See e.g.*, D.I. 63. Under Local Rule 83.5, the motion must be presented in the prescribed form. It was. All the issues raised in the "Joint Opposition," moreover, have already been amply addressed on the record. *See e.g.*, D.I. 94.

7. Local Rule 7.1.1, by its terms, does not apply to "*motions brought by nonparties.*" Tautologically, the Proposed Intervenors were "nonparties" unless and until the District Court granted their Motion to Intervene. The Joint Opposition, furthermore, serves a discourtesy to the Court by mischaracterizing a routine notice as a "*threat to deny the motion.*" We did not feel that

the Court was "threatening" us, and we are not sure that the Court had even reviewed our motion when the notice issued.

8.     After receipt of the Court's notice directing us to hold a Rule 7.1.1 conference on the Motion to Intervene, we attempted to conduct a "meet and confer" with counsel for all parties to the action. Because of their scheduling issues, we were not able to secure a single phone call with all counsel present.

9.     During our separate call with Mr. Cohen, I offered that if there were pleadings deficiencies in the proposed counterclaim, I would discuss them with counsel for the cross defendants named therein. I noted also that the allegations in our proposed Cross-Complaint were the same that his clients were making in litigation filed in North Carolina. I stated that I believed that, in furtherance of judicial economy, and to prevent the possibility of inconsistent outcomes, the Court would permit my clients' intervention in this case but if my understanding was incorrect, "it would all be over in a few weeks." During the call, Mr. Cohen at first stated that he had no objection to my clients' joining the lawsuit as party defendants, but then refused when my Delaware co-counsel asked if we could state as such in our Rule 7.1.1 statement. I remained on the call with an associate from my office and my Delaware co-counsel until the completion of the call.

10.    We held our Rule 7.1.1 conference with Mr. Brauerman, who has been retained to represent ChanBond in this action, separately. Although we had already served our motion, both counsel presented a laundry list of questions which illustrated only that they had not read our motion. Counsel seemed outraged for some reason that we would even bring our request for intervention before the Court. I left the call with Mr. Brauerman early, leaving an associate from office and my Delaware counsel to complete the call. Exhibit A hereto is a true and correct copy

3

of email sent by my Delaware co-counsel reminding Mr. Cohen and Mr. Brauerman of the purpose of the Rule 7.1.1 conference, and their duties of professional civility. Exhibit B hereto contains true and accurate copies of emails sent among counsel immediately before and after the "meet and confer" phone calls.  I think that no one could honestly state that we did not endeavor to address opposing counsel's questions regarding our motions, even when repeatedly threatened us with Rule 11 sanctions.  I further note that, although the motion to intervene was filed nearly six months ago, no Rule 11 motion has ever been filed or served.

11.     Paragraph No. 5 states no wrongdoing and misstates facts in any event. Exhibit C is a true and accurate copy of an email I sent to all counsel in the case on April 5, 2022, following my receipt of a document sent to me electronically by Mr. Brauerman's office, twice, on March 31, 2022. This email has been redacted to remove information which counsel for ChanBond and the "Approved Intervenors" have insisted is somehow protected from public view, although it was filed with the District Court.

12.     As referenced in Exhibit C, I attempted to schedule a conference call with all counsel on April 5, 2022, to discuss (1) the parties' failure to conduct any Rule 7.1.1 conference before their motions to file under seal, (2) to meet and confer on a contemplated motion to unseal the documents which had been filed under seal and (3) certain questions raised by the arbitration award which Mr. Brauerman's office had sent to me.  During our prior calls Mr. Brauerman had exclaimed that there would be no funds left to distribute to UOI's shareholders, I simply wanted to discuss these issues based on the document which Mr. Brauerman's office sent to me.

13.     Counsel for ChanBond and the "Approved Intervenors," however, highjacked the April 5, 2022, conference call and refused to even discuss any of the issues raised in Exhibit C. Instead, they accused me of "acting in bad faith" for refusing to comply with Mr. Brauerman's

4

"claw back" demand. When I asked for any legal authority obligating me or my clients to do any of the things Mr. Brauerman was demanding of them, he had a junior associate on the call cite to Local Rule 26.2, which governs disclosures in discovery between parties. I repeatedly attempting to point out that my clients were not parties subject to this rule, had not agreed to confidentiality and were legally entitled to information bearing on the value of the shares in UOI.

14. During this same call, Ms. Simina Gentry, Esq., a professor at the University of California at Irvine, and the principal of the law firm at which I am employed, attempted to join the discussion. Again, our primary objective on the call was to see if the other parties would agree to an informal exchange of information and if our clients' claims could be informally resolved. When she began to speak, Mr. Brauerman interrupted Ms. Gentry by loudly proclaiming, "Who is this, is she a member of the Delaware Bar? We don't have to talk to her!" This was one of the last of such exchanges which prompted me to end my participation in the call. However, as indicated, other members of Proposed Intervenors' legal team remained on the line to continue the discussion. I remain quite surprised that this one phone call continues to take up so much of this busy Court's time and attention. If it helps, I am willing apologize to Mr. Brauerman for hurting his feelings, if this would mean that my clients' claims could be finally adjudicated on the merits.

15. Paragraph No. 6 states no wrongdoing. The Order at D.I. 61 was the very first Order of the Court directed specifically at my clients and me. We promptly and fully complied therewith by completely redacting the subject document from our firm's computer files and instructed our clients to do the same.

16. I have never "admitted to violating the Court's rules and orders" as is claimed at in the Joint Opposition. Indeed, the very letter cited in the Joint Opposition refutes this claim. *See*

D.I. 63 ("Our position on the matter remains as follows: Neither we nor our clients violated any Order of the Court").

17. The Joint Opposition presents an inaccurate history of the proceedings following Mr. Brauerman's letter(s) to the Court requesting sanctions. Such history is as follows:

18. On Thursday March 31, 2022, at 10:32 a.m. (PDT), 1:32 p.m. (EDT) legal counsel for the Proposed Intervenors received an email from legal counsel for ChanBond attaching documents labeled, by legal counsel for ChanBond, as (1) "Motion to File Under Seal"; and (2) "[SEALED] Defendant Chanbond, LLC's Answering Brief in Opposition to Plaintiff's Motion for Temporary Restraining Order Preliminary Injunction, and Motion for Expedited Discovery." The recipients of the email included: Akiva Cohen, Esq.; Brian C. Crawford, Esq., Dylan M. Schmeyer, Esq.; Geoffrey Grivner, Esq.; James H. S. Levine, Esq.; Jason R. Dilday, Esq.; Kody M. Sparks, Esq.; Stephen B. Brauerman, Esq.; Ronald P. Golden III, Esq., and Steven Lewis Rader. (Exhibit C).

19. The electronic document attached to the aforesaid contained an arbitration award as an exhibit. Based on the alleged, but not proven, disclosure of the arbitration award (to my clients) counsel for ChanBond filed a letter to the Court requesting an Order compelling the Proposed Intervenors, and their counsel to "(1) return or destroy all copies of the Confidential Filing in their possession, custody or control, (2) identify to whom they have disclosed the Confidential Filing, (3) take any and all steps necessary to recover the Confidential Filing from such recipients, and (4) any other relief the Court deems necessary or appropriate." Local Rule 26.2, upon which counsel erroneously based his entire letter to the court did not obligate either the Proposed Intervenors, or their legal counsel, to do any of the things ChanBond's counsel demanded. Mr. Brauerman offered no precedent or logical reasoning to support his demands.

20. On April 6, 2022, at 10:20 a.m. (EDT), Delaware Counsel for the Proposed Intervenors submitted a letter to the Court asking if the Proposed Intervenors could respond to Mr. Brauerman's letter by 1:00 p.m. (EDT), the next day, on April 7, 2022. (D.I. 60).

21. On April 6, 2022, at 11:50 a.m. (EDT) the Court issued its Order denying that request stating:

> ORAL ORDER re [59] Letter, [60] Letter: Non-Parties Gregory Collins and Kamal Mian shall file a response in full to ChanBond, LLC's letter by 2:30 PM (EST) TODAY. Further, non-parties and their counsel shall return all copies of the confidential filing and shall immediately cease disseminating copies of the confidential filing pending further order of this Court. ORDERED by Judge Maryellen Noreika on 4/6/2022. (mdb)

Thus, having already granted ChanBond much of what it had asked for in its letter to the Court, the Court then, nonetheless, mandated that the Proposed Intervenors respond in about 2 ½ hours, notwithstanding that there was no evidence of any emergency, no irreparable harm, or prejudice whatsoever to ChanBond. The Proposed Intervenors, and their legal counsel, promptly and completely, complied with the Court's Order.

22. In their response to the letter to the Court, the Proposed Intervenors, and their legal counsel, conclusively established that (1) they had violated no Order of the District Court; (2) their counsel had violated no Rule of Professional Responsibility, and (3) of course, counsel's communications with his clients are privileged and not to be inquired into. The Proposed Intervenors concluded by informing the District Court that they had returned and/or destroyed all copies of the subject Opposition Brief.

23. On April 6, 2022, the District Court set a hearing on the matters raised in Mr. Brauerman's letter to the court for April 25, 2022. The notice did not state the purpose of the hearing, did not state that my personal appearance was required and certainly provided no notice to me that my *pro hac* admission was in jeopardy.

24. Because my clients wanted me present at the April 25, 2022, hearing, I asked my associated Delaware counsel to find out how I could appear remotely, in an attempt to keep costs down. He stated that I would have to file a request with the District Court. I asked him to prepare the request. Unbeknownst to me, my then-Delaware co-counsel included in the request Mr. Brauerman's views on whether I could appear remotely on behalf of my clients. We informed the Court of Mr. Brauerman's opposition, and the Court denied our request. We then decided to prepare our Delaware counsel to represent the clients at the April 25, 2022, hearing and they ably did so. This, of course, violated no Rule or Order of the District Court.

25. After the April 25, 2022, hearing, the Court directed Mr. Brauerman to file a brief on his requested relief and directed us to respond thereto. Since April 27, Mr. Brauerman's motion has been under submission with the District Court.

26. In my April 27, 2022, response to Mr. Brauerman (D.I. 98), I concluded:

to avoid any further inappropriate distractions from the undeniable merits of the Proposed Intervenors' claims, counsel will be withdrawing from this case. Counsel will, of course, continue to advise his clients as he deems appropriate.

27. As stated, I have submitted the instant motion for pro hac admission solely because my clients have asked that I participate in the oral argument on their pending motions.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 12, 2022.

_____
STEVEN L. RADER