Re: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Akiva Cohen <acohen@kusklaw.com>
Tue 3/22/2022 10:47 AM
To: Brian C Crawford <brian@trustwilliams.com>;geoffrey.grivner@bipc.com <geoffrey.grivner@bipc.com>;sbrauerman@bayardlaw.com <sbrauerman@bayardlaw.com>;james.levine@troutman.com <james.levine@troutman.com>
Cc: Thomas Stephens <tstephens@centaurilaw.com>;Steven Rader <SRader@centaurilaw.com>;Jason Dilday <jdilday@centaurilaw.com>;John L Williams <john@trustwilliams.com>;kody.sparks@bipc.com <kody.sparks@bipc.com>;rgolden@bayardlaw.com <rgolden@bayardlaw.com>

Brian, apologies for the serial emails but I am driving and using speech to text. Relatedly, I think that to have a meaningful meet and confer about whether or not you're a motion to intervene should be consent at 2 or make sense at all, you need to be in a position to intelligently discuss the impact of the previously filed derivative complaint on behalf of unified and against Billy Carter which is already pending in North Carolina, and which you just learned about an hour or so ago. Do you feel like you will be in position to intelligently discuss that issue on this meeting confer? If not, isn't a call today just going to be an exercise in box checking rather than a true meet-and-confer?

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Tuesday, March 22, 2022 1:44:58 PM
**To:** Brian C Crawford <brian@trustwilliams.com>; geoffrey.grivner@bipc.com <geoffrey.grivner@bipc.com>; sbrauerman@bayardlaw.com <sbrauerman@bayardlaw.com>; james.levine@troutman.com <james.levine@troutman.com>
**Cc:** Thomas Stephens <tstephens@centaurilaw.com>; Steven Rader <srader@centaurilaw.com>; Jason Dilday <jdilday@centaurilaw.com>; John L Williams <john@trustwilliams.com>; kody.sparks@bipc.com <kody.sparks@bipc.com>; rgolden@bayardlaw.com <rgolden@bayardlaw.com>
**Subject:** Re: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Brian, as I mentioned on our call there are some issues that I want to make sure all Council are aware of, so I would like to be on any Maiden confer call on this. I am traveling today oh, so can't dial in for a call. Let's schedule this for tomorrow morning

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Brian C Crawford <brian@trustwilliams.com>
**Sent:** Tuesday, March 22, 2022 1:25:07 PM
**To:** geoffrey.grivner@bipc.com <geoffrey.grivner@bipc.com>; sbrauerman@bayardlaw.com <sbrauerman@bayardlaw.com>; james.levine@troutman.com <james.levine@troutman.com>
**Cc:** Thomas Stephens <tstephens@centaurilaw.com>; Steven Rader <srader@centaurilaw.com>; Jason Dilday <jdilday@centaurilaw.com>; John L Williams <john@trustwilliams.com>; kody.sparks@bipc.com <kody.sparks@bipc.com>; rgolden@bayardlaw.com <rgolden@bayardlaw.com>; Akiva Cohen <acohen@kusklaw.com>
**Subject:** BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Dear Counsel,

We write to request your availability for a telephone call today pursuant to L.R. 7.1.1. to discuss if you plan to oppose the Motion to Intervene filed by Kamal Mian and Gregory Collings derivatively on behalf of UnifiedOnline, Inc. with respect to the above referenced matter.

Prior to sending this e-mail, Akiva M. Cohen, Esq. contacted me by telephone to tell me that Deirdre Leanse and IPNAV would be opposing our motion to intervene. We would ask that James H.S. Levine, Esq., as Delaware counsel, confirm opposition by telephone in accordance with L.R. 7.1.1.

If we are unable to coordinate a time when everyone is available, we can schedule the parties separately.

Thank you for your attention to this matter.

Yours truly,

Brian

**Brian C. Crawford, Esq.**
Attorney Admitted in DE and NJ
Brian@TrustWilliams.com
**w: 302-575-0873**
https://trustwilliams.com/
The Williams Law Firm, P.A.
1201 N. Orange Street, Suite 600, Wilmington, DE 19801
Phone: 302-575-0873 | Fax: 302-575-1642

## RE: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Steven Rader <SRader@centaurilaw.com>
Tue 3/22/2022 11:02 AM

To: Akiva Cohen <acohen@kusklaw.com>;Brian C Crawford <brian@trustwilliams.com>;geoffrey.grivner@bipc.com <geoffrey.grivner@bipc.com>;sbrauerman@bayardlaw.com <sbrauerman@bayardlaw.com>;james.levine@troutman.com <james.levine@troutman.com>

Cc: Thomas Stephens <tstephens@centaurilaw.com>;Jason Dilday <jdilday@centaurilaw.com>;John L Williams <john@trustwilliams.com>;kody.sparks@bipc.com <kody.sparks@bipc.com>;rgolden@bayardlaw.com <rgolden@bayardlaw.com>

Mr. Cohen,

Good morning, or rather good afternoon.

My understanding is that you (Mr. Cohen) have already made your position clear on the motion, that you will oppose it, by direct call to our co-counsel Mr. Crawford. I also understand that Delaware counsel for Ms. Leanne and IPNAV has graciously offered to be available for a call today.

"Intelligently", we do not agree that an unanswered complaint filed in a North Carolina state court would have issue preclusive effect in this Delaware federal court action, but we look forward to reviewing your arguments and cited authorities on the issue.

As a practical matter, it appears to us that Ms. Leanne's interests are not aligned with Unified's. Is she not attempting to rest ownership and control of Unified's principal asset for herself, alone?

In any event, we look forward to working with you on this matter, and would make ourselves available for a call, at your request, to discuss the case.

Our clients (the stockholders of Unified) have many questions.

Very truly yours,

Steven L. Rader, Esq.
Attorney-at-Law
Director of Firm Operations

Centauri Law Group, P.C.
Irvine location
15615 Alton Pkwy, Suite 245
Irvine, CA 92618
Phone: (949) 336-5716


E-mail: srader@centaurilaw.com
Website: www.centaurilaw.com

CONFIDENTIALITY NOTICE: This e-mail communication, including any attachments, contains information that may be privileged, confidential and intended only to be read by the named recipient. Unless you are the recipient, or validly and legally authorized to receive communication on behalf of recipient, you cannot disclose, copy or use in any form this message, e-mail or communication contained in this e-mail communication. Any other transmission or use of this message is prohibited. If you received this message in error, please notify the sender immediately

RE: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Akiva Cohen <acohen@kusklaw.com>
Tue 3/22/2022 2:08 PM

To: Brian C Crawford <brian@trustwilliams.com>;Steve Brauerman <sbrauerman@bayardlaw.com>
Cc: Steven Rader <SRader@centaurilaw.com>;geoffrey.grivner@bipc.com <geoffrey.grivner@bipc.com>;james.levine@troutman.com <james.levine@troutman.com>;Thomas Stephens <tstephens@centaurilaw.com>;Jason Dilday <jdilday@centaurilaw.com>;John L Williams <john@trustwilliams.com>;kody.sparks@bipc.com <kody.sparks@bipc.com>;Ronald Golden <rgolden@bayardlaw.com>

Brian, Steven, and Jason,

In advance of the meet and confer, can you provide any authority in support of the proposition that a shareholder may derivatively *defend* a suit, rather than derivatively prosecute it? I've looked and haven't found any.

Akiva M. Cohen
Kamerman Uncyk
1700 Broadway
New York, NY 10019
212-400-4930

---

**From:** Brian C Crawford
**Sent:** Tuesday, March 22, 2022 4:28 PM
**To:** Steve Brauerman
**Cc:** Steven Rader; Akiva Cohen; geoffrey.grivner@bipc.com; james.levine@troutman.com; Thomas Stephens; Jason Dilday; John L Williams; kody.sparks@bipc.com; Ronald Golden
**Subject:** Re: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Counsel,

Please note the letter should correctly state 12:00 p.m. for the teleconference time on Wednesday, March 23, 2022.

Steve, we will check availability for the time you stated on Thursday. We presume if out of state counsel wishes to be involved, he will also make himself available when you are available. Our letter is not intended to rule out other potential times to try to accommodate everyone's schedules.

Yours truly,

Brian

# Brian C. Crawford, Esq.
Attorney Admitted in DE and NJ
Brian@TrustWilliams.com
**w: 302-575-0873**

The Williams Law Firm, P.A.
1201 N. Orange Street, Suite 600, Wilmington, DE 19801
Phone: 302-575-0873 | Fax: 302-575-1642

This electronic communication is intended for information purposes only. Nothing contained herein constitutes an offer or acceptance of any agreement, nor establishes, modifies, or amends any contractual or professional relationship between the sender, The Williams Law Firm, P.A., Agents and Corporations, Inc., and any recipient of this communication. As such, it should not be used to substitute for a written and signed agreement between the parties. It is confidential and may be privileged. It does not constitute legal and/or tax advice. If this e-mail is received in error, immediately delete, destroy all copies and notify the sender. It shall not be forwarded, except with the express written consent of the sender. Circular 230 Disclaimer: In accordance with Circular 230, the content of this email is not to be relied upon for the preparation of a tax return or to avoid penalties imposed by the IRS Tax Code. IncNow services are subject to IncNow Terms of Use.

On Tue, Mar 22, 2022 at 4:17 PM Steve Brauerman <SBrauerman@bayardlaw.com> wrote:

> Brian,
>
> I am not available Thursday afternoon and did not say I had availability Thursday afternoon. I am on vacation this week and have already disrupted my schedule enough in dealing with your client's failure to comply with the Delaware rules. I can be available between 10 and 12 on Thursday morning. If that works, please let me know at time and circulate a dial-in. Burdening the Court with discussions that should go to counsel is not a productive way to move this matter forward.
>
> Thank you,
>
> Steve
>
> Stephen B. Brauerman
> Director
> BAYARD, P.A.
> +1 302-429-4232
> sbrauerman@bayardlaw.com
> My Bio | V-Card | LinkedIn
>
> ---
>
> **From:** Brian C Crawford <brian@trustwilliams.com>
> **Sent:** Tuesday, March 22, 2022 4:09 PM
> **To:** Steve Brauerman <SBrauerman@bayardlaw.com>
> **Cc:** Steven Rader <srader@centaurilaw.com>; Akiva Cohen <acohen@kusklaw.com>; geoffrey.grivner@bipc.com; james.levine@troutman.com; Thomas Stephens <tstephens@centaurilaw.com>; Jason Dilday <jdilday@centaurilaw.com>; John L Williams <john@trustwilliams.com>; kody.sparks@bipc.com; Ronald Golden <rgolden@bayardlaw.com>
> **Subject:** Re: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN
>
> Dear Counsel,
>
> We have filed the attached letter with the Court providing our firm's teleconference line (302) 575-1736 and times to dial-in to try to accommodate known availability.

Yours truly,

Brian

## Brian C. Crawford, Esq.
Attorney Admitted in DE and NJ
Brian@TrustWilliams.com
**w: 302-575-0873**

The Williams Law Firm, P.A.
1201 N. Orange Street, Suite 600, Wilmington, DE 19801
Phone: 302-575-0873 | Fax: 302-575-1642

This electronic communication is intended for information purposes only. Nothing contained herein constitutes an offer or acceptance of any agreement, nor establishes, modifies, or amends any contractual or professional relationship between the sender, The Williams Law Firm, P.A., Agents and Corporations, Inc., and any recipient of this communication. As such, it should not be used to substitute for a written and signed agreement between the parties. It is confidential and may be privileged. It does not constitute legal and/or tax advice. If this e-mail is received in error, immediately delete, destroy all copies and notify the sender. It shall not be forwarded, except with the express written consent of the sender. Circular 230 Disclaimer: In accordance with Circular 230, the content of this email is not to be relied upon for the preparation of a tax return or to avoid penalties imposed by the IRS Tax Code. IncNow services are subject to IncNow Terms of Use.

On Tue, Mar 22, 2022 at 2:24 PM Steve Brauerman <SBrauerman@bayardlaw.com> wrote:

> I am not available to meet and confer today. I have limited availability tomorrow, but could speak from 11-12 eastern. Otherwise, we will need to find time on Thursday to meet and confer.
>
> Steve
>
> Stephen B. Brauerman
> Director
> BAYARD, P.A.
> +1 302-429-4232
> sbrauerman@bayardlaw.com
> My Bio | V-Card | LinkedIn
>
> ---
>
> **From:** Steven Rader <SRader@centaurilaw.com>
> **Sent:** Tuesday, March 22, 2022 2:02 PM
> **To:** Akiva Cohen <acohen@kusklaw.com>; Brian C Crawford <brian@trustwilliams.com>; geoffrey.grivner@bipc.com; Steve Brauerman <SBrauerman@bayardlaw.com>; james.levine@troutman.com
> **Cc:** Thomas Stephens <tstephens@centaurilaw.com>; Jason Dilday <jdilday@centaurilaw.com>; John L Williams <john@trustwilliams.com>; kody.sparks@bipc.com; Ronald Golden <rgolden@bayardlaw.com>
> **Subject:** RE: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

### Re: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Steven Rader <SRader@centaurilaw.com>
Wed 3/23/2022 5:13 AM

To: Steve Brauerman <SBrauerman@bayardlaw.com>;John L Williams <john@trustwilliams.com>
Cc: Akiva Cohen <acohen@kusklaw.com>;Brian C Crawford <brian@trustwilliams.com>;Jason Dilday <jdilday@centaurilaw.com>;Ronald Golden <rgolden@bayardlaw.com>;Thomas Stephens <tstephens@centaurilaw.com>;geoffrey.grivner@bipc.com <geoffrey.grivner@bipc.com>;james.levine@troutman.com <James.Levine@Troutman.com>;kody.sparks@bipc.com <kody.sparks@bipc.com>

Mr. Brauerman,

We will not be withdrawing our motion.

We are available Monday between 10:00 a.m. and 2:00 p.m. Eastern time for the call, if that works for our Delaware counsel.

I look forward to discussing - in detail - your objections to our motion.

Very truly yours,

Steven L. Rader, Esq.
Attorney-at-Law


Centauri Law Group, P.C.
<u>Irvine location</u>
15615 Alton Pkwy, Suite 245
Irvine, CA 92618
Phone: (949) 336-5716


E-mail: srader@centaurilaw.com
Website: www.centaurilaw.com

CONFIDENTIALITY NOTICE: This e-mail communication, including any attachments, contains information that may be privileged, confidential and intended only to be read by the named recipient. Unless you are the recipient, or validly and legally authorized to receive communication on behalf of recipient, you cannot disclose, copy or use in any form this message, e-mail or communication contained in this e-mail communication. Any other transmission or use of this message is prohibited. If you received this message in error, please notify the sender immediately and delete the communication. Nothing in this communication shall be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document.

---

**From:** Steve Brauerman <SBrauerman@bayardlaw.com>
**Sent:** Wednesday, March 23, 2022 4:39 AM
**To:** John L Williams <john@trustwilliams.com>
**Cc:** Akiva Cohen <acohen@kusklaw.com>; Brian C Crawford <brian@trustwilliams.com>; Jason Dilday <jdilday@centaurilaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Steven Rader <SRader@centaurilaw.com>; Thomas Stephens <tstephens@centaurilaw.com>; geoffrey.grivner@bipc.com <geoffrey.grivner@bipc.com>; james.levine@troutman.com <james.levine@troutman.com>; kody.sparks@bipc.com <kody.sparks@bipc.com>
**Subject:** RE: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Mr. Williams,

    Then please let us know your availability for a meet and confer on Monday. Right now, I am available between 10 a.m. and 2 p.m. In the meantime, please confirm that you will withdraw your clients' motion until they comply with their Local Rule 7.1.1 obligations.

Thank you,

Steve

Stephen B. Brauerman
Director
BAYARD, P.A.
+1 302-429-4232
sbrauerman@bayardlaw.com
My Bio | V-Card | LinkedIn

---

**From:** John L Williams <john@trustwilliams.com>
**Sent:** Wednesday, March 23, 2022 4:12 AM
**To:** Steve Brauerman <SBrauerman@bayardlaw.com>
**Cc:** Akiva Cohen <acohen@kusklaw.com>; Brian C Crawford <brian@trustwilliams.com>; Jason Dilday <jdilday@centaurilaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Steven Rader <srader@centaurilaw.com>; Thomas Stephens <tstephens@centaurilaw.com>; geoffrey.grivner@bipc.com; james.levine@troutman.com; kody.sparks@bipc.com
**Subject:** Re: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Mr. Brauerman,

We are not available Thursday morning.

Best,
John

On Tue, Mar 22, 2022 at 4:17 PM Steve Brauerman <SBrauerman@bayardlaw.com> wrote:

> Brian,
>
>     I am not available Thursday afternoon and did not say I had availability Thursday afternoon. I am on vacation this week and have already disrupted my schedule enough in dealing with your client's failure to comply with the Delaware rules. I can be available between 10 and 12 on Thursday morning. If that works, please let me know at time and circulate a dial-in. Burdening the Court with discussions that should go to counsel is not a productive way to move this matter forward.
>
> Thank you,
>
> Steve
>
> Stephen B. Brauerman
> Director
> BAYARD, P.A.
> +1 302-429-4232
> sbrauerman@bayardlaw.com
> My Bio | V-Card | LinkedIn

## Re: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Jason Dilday <jdilday@centaurilaw.com>
Tue 3/22/2022 10:44 PM
To: Thomas Stephens <thomas.stephens.law@gmail.com>;Steven Rader <SRader@centaurilaw.com>
Cc: Simina Gentry <sgentry@centaurilaw.com>

Akiva,

I apologize, but I am a little confused by your request. My understanding from filings in this case was that Leane/IPNav intended to file a third-party complaint against Unifiedonline, but Leane's NC derivative complaint makes clear that Unifiedonline has had no officers or directors since Rob Howe died. Who did you expect would defend Unifiedonline against Leane/IPNav's claims?

Very truly yours,

Jason Dilday, Esq.
Attorney at Law
Senior Associate


Centauri Law Group, P.C.
Irvine location
15615 Alton Pkwy, Suite 245
Irvine, CA 92618
Phone: (949) 336-5714

E-mail: jdilday@centaurilaw.com
Website: www.centaurilaw.com

CONFIDENTIALITY NOTICE: This e-mail communication, including any attachments, contains information that may be privileged, confidential and intended only to be read by the named recipient. Unless you are the recipient, or validly and legally authorized to receive communication on behalf of recipient, you cannot disclose, copy or use in any form this message, e-mail or communication contained in this e-mail communication. Any other transmission or use of this message is prohibited. If you received this message in error, please notify the sender immediately and delete the communication. Nothing in this communication shall be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document.

---

**From:** Thomas Stephens <thomas.stephens.law@gmail.com>
**Sent:** Tuesday, March 22, 2022 9:23 PM
**To:** Steven Rader <SRader@centaurilaw.com>; Jason Dilday <jdilday@centaurilaw.com>
**Cc:** Simina Gentry <sgentry@centaurilaw.com>
**Subject:** Re: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Steve:

I am not at all good with tactics and strategy and especially not in litigation. However, I am a petty person. I would not send it until the very last possible moment.

If for no other reason than he will engage and try, if nothing more, to keep the billing clock running.

I think we have his measure in his claiming, implicitly or explicitly, that his client is similarly situated as the other stockholders.

My $0.02.

Thomas Stephens
Corporate Law & Transactions
15615 Alton Pkwy., Ste. 175
Irvine, CA 92618
(949) 922-5088
thomas.stephens.law@gmail.com

Sent from my BlackBerry 10 smartphone on the Verizon Wireless 4G LTE network.

**From:** Steven Rader
**Sent:** Tuesday, March 22, 2022 2:54 PM
**To:** Thomas Stephens; Jason Dilday
**Cc:** Simina Gentry
**Subject:** FW: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

[Do I send him this?]

Akiva,

We can start with this:

Where a party to a lawsuit fails to exercise good faith in defending the action, then a party whose interest at the outset may be only consequential becomes a party with a direct interest and may therefore intervene. For example, in *Continental Vinyl Products Corp.* v. *Mead Corp.* (1972) 27 Cal.App.3d 543, 551 [103 Cal.Rptr. 806], the court spoke thus: " What would otherwise be a consequential interest not justifying intervention may become a direct interest permitting it when bad faith of a party to the litigation, the assertion by all parties to the litigation of claims adverse to the party seeking to intervene, collusion, impossibility of asserting a position that should be presented in the litigation, or similar circumstances render strict definition of direct interest likely to result in injustice."
*CA(4)* **(4)** The interests of shareholders justify intervention in a lawsuit against a corporation if its officers or directors fail to exercise good faith in defending an action against it. ( *Shively* v. *Eureka etc. Mining Co.* (1900) 129 Cal. 293 [61 P. 939]; *Eggers* v. *National Radio Co.* (1929) 208 Cal. 308, 314 [281 P. 58].) *Eggers* v. *National Radio Co.*, (1929) supra, 208 Cal. 308, 314, said in discussing the situation where the corporation makes no defence to an action in which a shareholder tries to intervene on behalf of the corporation: "It would be a reproach to the law if the stockholders in such a case as this were remediless." ( *Eggers* v. *National Radio Co.* (1929) supra, 208 Cal. 308, 314.) *CA(5)* **(5)** The equitable owner of real property may intervene in an action if the trustee, legal own

Kobernick v. Shaw, 70 Cal. App. 3d 914, 918-919, 139 Cal. Rptr. 188, 189, 1977 Cal. App. LEXIS 1580, *5-7

In Fletcher, *Cyclopedia of Corporations*, Ch. 58, Sec. 5853, the author states in part:
" When an action at law or suit in equity is brought against a corporation, it is for
the corporation to defend, and the defense and management of the suit, like other matters relating to the affairs of the corporation, is within the discretion of the directors, and ordinarily stockholders cannot interfere except by electing a new board of directors. Except as hereafter stated, the stockholders cannot

appear and answer or defend, either for the corporation or on their own behalf, even though the stockholder owns all the stock of the corporation. The foregoing rule does not apply, however, when suit is brought against a corporation by one who holds a majority of the stock, or otherwise controls the directors, and the suit is conducted fraudulently in his own interest, and against the interest of the corporation and the minority stockholders, *or in any other case in which a corporation or its directors abuse their discretion in refusing to defend, or fail to prosecute the defense in good faith; in such a proceeding a stockholder may intervene*. This is distinct from an intervention founded on his individual rights. Stated in another way, refusal to defend, where it partakes more of disregard of duty than of an error of judgment, or is a breach of trust although not involving intentional moral delinquency, warrants relief to complaining stockholders. Intervention by a stockholder ordinarily will be granted only with hesitancy and caution." [Emphasis added.]

*See also Clayton v. Mimms & Co.,* 68 Ill. App. 3d 443, 386 N.E.2d 452 (1979), wherein the Court stated:
" Under general principles of corporate law, stockholders may defend or intervene in an action when the corporation has a meritorious defense to a claim and through the fraudulent acts of its directors, either fails or refuses to assert it."
See also Miller, *Equity Procedure,* § 79:
"Intervention; stockholders. -- As a general rule it is said that in suits brought by or against a corporation, stockholders may be allowed to intervene if there is any danger of their being injured by fraud, neglect or collusion on the part of the officers; but the decided cases seem to include instances of intervention where the interest of the stockholder is the only reason assigned.

Moore v. Chrysler Corp., 47 Md. App. 518, 523-524, 423 A.2d 976, 978-979, 1981 Md. App. LEXIS 199, *8-10

**Procedural Posture**

Plaintiffs, claimants in property vested in defendant, the Alien Property Custodian under §5(b) of the Trading with the Enemy Act (Act), 50 U.S.C.S. App. § 5(b), filed an action in equity pursuant to § 9(a) of the Act against the United States through defendants, the Treasurer of the United States and the Attorney General of the United States. Intervenor defendants, shareholders of
two corporations, intervened to defend against the claim.


Von Clemm v. Smith, 255 F. Supp. 353, 354, 1965 U.S. Dist. LEXIS 7786, *1

corporation when acting in good faith and within its corporate powers represents and binds its
stockholders. Where a corporation refuses or fails to defend in good faith, a stockholder upon a proper showing and
application may be allowed to intervene and defend on the corporation's behalf.
Rugee v. Hadley Prods., 73 Ariz. 362, 364, 241 P.2d 798, 800, 1952 Ariz. LEXIS 258, *4, 33 A.L.R.2d 468


Generally a shareholder is not entitled to intervene in litigation involving a corporation absent a showing of the
existence of a defense which the corporation neglects and refuses to make.
Bank of Oregon v. Hiway Products, Inc., 41 Ore. App. 223, 225, 598 P.2d 318, 319, 1979 Ore. App. LEXIS 2681, *1

Stockholders may intervene in actions against the corporation *only when the corporation refuses to defend or fails* to defend in good faith.
Ingalls Iron Works Co. v. Ingalls Foundation, 266 Ala. 656, 668, 98 So. 2d 30, 41, 1957 Ala. LEXIS 590, *35

The right of a stockholder to intervene for the purpose of asserting a defense to an action against the corporation has been upheld or recognized in numerous cases where the prerequisites of such right were present.

Dickerman v. Northern Trust Co. (1900) 176 US 181, 44 L ed 423, 20 S Ct 311
Central Trust Co. v. Washington County R. Co. (1903, CC Me) 124 F 813

Re Henry Klein & Co. (1932, DC NY) 1 F Supp 376
Bayliss v. Lafayette, M. & B. R. Co. (1878, CC Ind) 8 Biss 193, F Cas No 1140
Bechtel Trust Co. v. Iowa-Wisconsin Bridge Co. (1936, DC Iowa) 19 F Supp 127, affd First Trust & Sav. Bank v. Iowa-Wisconsin Bridge Co. (CA8th) 98 F2d 416, cert den Phoenix Finance Corp. v. Iowa-Wisconsin Bridge Co. 305 US 650, 83 L ed 420, 59 S Ct 243, reh den 305 US 676, 83 L ed 437, 59 S Ct 356
Guarantee Trust & S. D. Co. v. Duluth & W. R. Co. (1895, CC Minn) 70 F 803
Equitable Trust Co. v. Washington-Idaho Water, Light & P. Co. (1924, DC Wash) 300 F 601
Bronson v. La Crosse & M. R. Co. (1864) 2 Wall 283, 17 L ed 725
Big Creek Gap Coal & I. Co. v. American Loan & T. Co. (1904, CA6th Tenn) 127 F 625
Ogden v. Gilt Edge Consol. Mines Co. (1915, CA8th SD) 225 F 723
Klein v. Nu-Way Shoe Co. (1943, CA2d NY) 136 F2d 986
Avery v. Calumet & J. Copper Co. (1930) 36 Ariz 239, 284 P 159
Shively v. Eureka Tellurium G. M. Co. (1900) 129 Cal 293, 61 P 939
Newhall v. Western Zink Min. Co. (1912) 164 Cal 380, 128 P 1040
W. H. Marston Co. v. Central Alaska Fisheries Co. (1927) 201 Cal 715, 258 P 933
Eggers v. National Radio Co. (1929) 208 Cal 308, 281 P 58, superseding (Cal App) 274 P 997
Thorman v. Dome Producing & Developing Co. (1942) 50 Cal App2d 201, 122 P2d 927
Henry v. Travelers' Ins. Co. (1891) 16 Colo 179, 26 P 318
Majors v. Taussig (1894) 20 Colo 44, 36 P 816
Hartzler v. Russell Gulch Smelting Co. (1936) 98 Colo 269, 55 P2d 1329
Senne v. Conley (1943) 110 Colo 270, 133 P2d 381
Congregation Dorsche Tov Anshe Poland v. Congregation Bnai David Ohave Zedek (1921) 300 Ill 115, 133 NE 48
Fardy v. Mayerstein (1943) 221 Ind 339, 47 NE2d 315, 966, superseding (Ind App) 41 NE2d 851 (recognizing rule)
First Merchants Nat. Bank & T. Co. v. Murdock Realty Co. (1942) 111 Ind App 226, 39 NE2d 507 (recognizing rule)
Crowley v. First-Merchants Nat. Bank (1942) 112 Ind App 80, 41 NE2d 669, cert den 221 Ind 682, 50 NE2d 918 (recognizing rule)
Fitzwater v. National Bank (1900) 62 Kan 163, 61 P 684, 84 Am St Rep 377
Morrill v. Little Falls Mfg. Co. (1891) 46 Minn 260, 48 NW 1124
Lenhart v. Lenhart Wagon Co. (1941) 210 Minn 164, 298 NW 37, 135 ALR 833
State ex rel. Bugbee v. Holmes (1900) 60 Neb 39, 82 NW 109
Schwabe v. American Rural Credits Asso. (1919) 104 Neb 46, 175 NW 673, overruled on other grounds in Yoder v. Nu-Enamel Corp. (1941) 140 Neb 585, 300 NW 840
Hitchcock v. American Pipe & Constr. Co. (1918) 89 NJ Eq 440, 105 A 655, revd on other grounds 90 NJ Eq 576, 107 A 267
Kerr v. Southwest Fluorite Co. (1930) 35 NM 232, 294 P 324
Farmers' Loan & T. Co. v. New York & N. R. Co. (1896) 150 NY 410, 44 NE 1043, 34 LRA 76, 55 Am St Rep 689, reh den 151 NY 644, 45 NE 1132, revg 78 Hun 213, 28 NYS 933
Drake v. New York Suburban W. Co. (1899) 36 App Div 275, 55 NYS 225 (recognizing rule)
Hosmer v. Darrah (1903) 85 App Div 485, 83 NYS 413 (recognizing rule)
Manahan v. Petroleum Producing & Ref. Co. (1921) 198 App Div 192, 189 NYS 127
Flanson Realty Corp. v. Workers' Unity House (1930) 229 App Div 179, 241 NYS 335
Wilkinson v. Chemical Fire Ins. Co. (1884) 2 NY City Ct 43
Re Virgil (1899) 26 Misc 320, 57 NYS 58
People v. Hektograph Co. (1882) 10 Abb NC 358
Investors' Syndicate v. North American Coal & Min. Co. (1915) 31 ND 259, 153 NW 472
Henry v. Jeans (1891) 48 Ohio St 443, 28 NE 672
Buckeye Garage & Sales Co. v. Caldwell (1914) 18 Ohio CC NS 429, 43 Ohio CC 136 (recognizing rule)
Frederick Milling Co. v. Frederick Farmers' Alliance Co. (1906) 20 SD 335, 106 NW 298
Kirkland v. Purdy University (1881) 7 Lea 243
Mussina v. Goldthwaite (1870) 34 Tex 125, 7 Am Rep 281
Dimock v. Central Rawdon Mining Co. (1903) 36 Nov Sc 337
<u>Intervention by stockholder for purpose of interposing defense for corporation, 33 A.L.R.2d 473, 2a</u>

Very truly yours,

Steven L. Rader, Esq.
Attorney-at-Law
Director of Firm Operations

Centauri Law Group, P.C.
Irvine location
15615 Alton Pkwy, Suite 245
Irvine, CA 92618
Phone: (949) 336-5716


E-mail: srader@centaurilaw.com
Website: www.centaurilaw.com

CONFIDENTIALITY NOTICE: This e-mail communication, including any attachments, contains information that may be privileged, confidential and intended only to be read by the named recipient. Unless you are the recipient, or validly and legally authorized to receive communication on behalf of recipient, you cannot disclose, copy or use in any form this message, e-mail or communication contained in this e-mail communication. Any other transmission or use of this message is prohibited. If you received this message in error, please notify the sender immediately and delete the communication. Nothing in this communication shall be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document.

---

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Tuesday, March 22, 2022 2:08 PM
**To:** Brian C Crawford <brian@trustwilliams.com>; Steve Brauerman <sbrauerman@bayardlaw.com>
**Cc:** Steven Rader <SRader@centaurilaw.com>; geoffrey.grivner@bipc.com; james.levine@troutman.com; Thomas Stephens <tstephens@centaurilaw.com>; Jason Dilday <jdilday@centaurilaw.com>; John L Williams <john@trustwilliams.com>; kody.sparks@bipc.com; Ronald Golden <rgolden@bayardlaw.com>
**Subject:** RE: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Brian, Steven, and Jason,

In advance of the meet and confer, can you provide any authority in support of the proposition that a shareholder may derivatively *defend* a suit, rather than derivatively prosecute it? I've looked and haven't found any.

Akiva M. Cohen
Kamerman Uncyk
1700 Broadway
New York, NY 10019
212-400-4930

---

**From:** Brian C Crawford
**Sent:** Tuesday, March 22, 2022 4:28 PM
**To:** Steve Brauerman
**Cc:** Steven Rader; Akiva Cohen; geoffrey.grivner@bipc.com; james.levine@troutman.com; Thomas Stephens; Jason Dilday; John L Williams; kody.sparks@bipc.com; Ronald Golden
**Subject:** Re: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Counsel,

Please note the letter should correctly state 12:00 p.m. for the teleconference time on Wednesday, March 23, 2022.

## RE: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Steve Brauerman <SBrauerman@bayardlaw.com>
Wed 3/23/2022 5:21 AM

To: Steven Rader <SRader@centaurilaw.com>;John L Williams <john@trustwilliams.com>
Cc: Akiva Cohen <acohen@kusklaw.com>;Brian C Crawford <brian@trustwilliams.com>;Jason Dilday <jdilday@centaurilaw.com>;Ronald Golden <rgolden@bayardlaw.com>;Thomas Stephens <tstephens@centaurilaw.com>;geoffrey.grivner@bipc.com <geoffrey.grivner@bipc.com>;james.levine@troutman.com <James.Levine@Troutman.com>;kody.sparks@bipc.com <kody.sparks@bipc.com>

Mr. Rader,

Will you at least agree that Chanbond's response deadline is not triggered until you comply with your meet and confer obligations? Otherwise we will need to seek relief from the Court on that point – especially in light of my vacation this week. Thank you in advance for your courtesy.

With respect to the substance of the meet and confer, I expect movants will identify a Rule 11 basis, along with supporting case law, that permits a double derivative intervention on a defensive suit – authority that is notably absent from the moving papers. I also expect movants will explain in detail how their interests in this suit are not adequately protected by Chanbond, which like the UnifiedOnline interests your clients purport to, but do not actually appear to represent, seeks to maximize the portion of the settlement proceeds that remain with Chanbond.

Thank you,

Steve

Stephen B. Brauerman
Director
BAYARD, P.A.
+1 302-429-4232
sbrauerman@bayardlaw.com
My Bio | V-Card | LinkedIn

---

**From:** Steven Rader <SRader@centaurilaw.com>
**Sent:** Wednesday, March 23, 2022 8:14 AM
**To:** Steve Brauerman <SBrauerman@bayardlaw.com>; John L Williams <john@trustwilliams.com>
**Cc:** Akiva Cohen <acohen@kusklaw.com>; Brian C Crawford <brian@trustwilliams.com>; Jason Dilday <jdilday@centaurilaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Thomas Stephens <tstephens@centaurilaw.com>; geoffrey.grivner@bipc.com; james.levine@troutman.com; kody.sparks@bipc.com
**Subject:** Re: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Mr. Brauerman,

We will not be withdrawing our motion.

We are available Monday between 10:00 a.m. and 2:00 p.m. Eastern time for the call, if that works for our Delaware counsel.

I look forward to discussing - in detail - your objections to our motion.

## Re: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Steven Rader <SRader@centaurilaw.com>
Wed 3/23/2022 6:02 AM

To: Steve Brauerman <SBrauerman@bayardlaw.com>;John L Williams <john@trustwilliams.com>
Cc: Akiva Cohen <acohen@kusklaw.com>;Brian C Crawford <brian@trustwilliams.com>;Jason Dilday <jdilday@centaurilaw.com>;Ronald Golden <rgolden@bayardlaw.com>;Thomas Stephens <tstephens@centaurilaw.com>;geoffrey.grivner@bipc.com <geoffrey.grivner@bipc.com>;james.levine@troutman.com <james.levine@troutman.com>;kody.sparks@bipc.com <kody.sparks@bipc.com>

Mr. Brauerman,

I would have to defer to my Delaware co-counsel as to whether or not the Local Rules would permit for such an extension of your time to file your Opposition, and how such could be effectuated. We would have no objection, however, to giving you more time, because of your vacation, to prepare your response. If you needed more time, I wish you would have simply said so. We are, in general, reasonably receptive to such scheduling requests from opposing counsel. (We trust that we could receive a concomitant extension of time to file our reply.)

I am, frankly, somewhat surprised that the concept of shareholders intervening to defend a corporation (or its property) in an action where the corporation is unable to adequately defend itself, has generated such controversy in this case. The concept is hardly new, and finds ample support, for over a century, in courts throughout the Country. There is an ALR article devoted to the topic: <u>Intervention by stockholder for purpose of interposing defense for corporation, 33 A.L.R.2d 473, 2a</u>

I am not sure what you mean by "double-derivative". Have the parties not already stipulated that Unified is a necessary party to the action? Mr. Cohen's clients, as I understand it, by stipulation of the parties, will be filing a third-party complaint against Unifiedonline. Did I read the court filings incorrectly? Was there some contemplation as to who would be defending Unified on that third-party complaint? How was that determination made? Perhaps these questions can be addressed in our conferences as well.

As to whether the corporation's interests will be adequately protected in this case, we think we made the point clear in our papers, but we can repeat our argument verbally if it helps.

Very truly yours,

Steven L. Rader, Esq.
Attorney-at-Law


Centauri Law Group, P.C.
<u>Irvine location</u>
15615 Alton Pkwy, Suite 245
Irvine, CA 92618
Phone: (949) 336-5716


E-mail: srader@centaurilaw.com
Website: www.centaurilaw.com

CONFIDENTIALITY NOTICE: This e-mail communication, including any attachments, contains information that may be privileged, confidential and intended only to be read by the named recipient. Unless you are the recipient,

## Re: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Steven Rader <SRader@centaurilaw.com>
Wed 3/23/2022 6:18 AM

To: Akiva Cohen <acohen@kusklaw.com>;Steve Brauerman <SBrauerman@bayardlaw.com>;John L Williams <john@trustwilliams.com>

Cc: Brian C Crawford <brian@trustwilliams.com>;Jason Dilday <jdilday@centaurilaw.com>;Ronald Golden <rgolden@bayardlaw.com>;Thomas Stephens <tstephens@centaurilaw.com>;geoffrey.grivner@bipc.com <geoffrey.grivner@bipc.com>;james.levine@troutman.com <james.levine@troutman.com>;kody.sparks@bipc.com <kody.sparks@bipc.com>

Do you guys on the East Coast just reflexively threaten Rule 11?

Please bring your motion.

Very truly yours,

Steven L. Rader, Esq.
Attorney-at-Law


Centauri Law Group, P.C.
<u>Irvine location</u>
15615 Alton Pkwy, Suite 175
Irvine, CA 92618
Phone: (949) 936-6388
Fax: (949) 450-1588

E-mail: srader@centaurilaw.com
Website: www.centaurilaw.com

CONFIDENTIALITY NOTICE: This e-mail communication, including any attachments, contains information that may be privileged, confidential and intended only to be read by the named recipient. Unless you are the recipient, or validly and legally authorized to receive communication on behalf of recipient, you cannot disclose, copy or use in any form this message, e-mail or communication contained in this e-mail communication. Any other transmission or use of this message is prohibited. If you received this message in error, please notify the sender immediately and delete the communication. Nothing in this communication shall be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document.

---

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Wednesday, March 23, 2022 6:14 AM
**To:** Steven Rader <SRader@centaurilaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; John L Williams <john@trustwilliams.com>
**Cc:** Brian C Crawford <brian@trustwilliams.com>; Jason Dilday <jdilday@centaurilaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Thomas Stephens <tstephens@centaurilaw.com>; geoffrey.grivner@bipc.com <geoffrey.grivner@bipc.com>; james.levine@troutman.com <James.Levine@Troutman.com>; kody.sparks@bipc.com <kody.sparks@bipc.com>
**Subject:** RE: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

We will not be filing a third-party complaint against Unified, because review of the rules makes clear that we aren't allowed to. Unified is going to have to be joined as a party defendant in its own right (whether by amendment of the complaint or by Rule 19 motion), at which point we can include them in our cross-claim. In either event, the corporation will have to appear in its own right to defend.

## Re: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Steven Rader <SRader@centaurilaw.com>
Wed 3/23/2022 6:48 AM

To: Akiva Cohen <acohen@kusklaw.com>;Steve Brauerman <SBrauerman@bayardlaw.com>;John L Williams <john@trustwilliams.com>

Cc: Brian C Crawford <brian@trustwilliams.com>;Jason Dilday <jdilday@centaurilaw.com>;Ronald Golden <rgolden@bayardlaw.com>;Thomas Stephens <tstephens@centaurilaw.com>;geoffrey.grivner@bipc.com <geoffrey.grivner@bipc.com>;james.levine@troutman.com <james.levine@troutman.com>;kody.sparks@bipc.com <kody.sparks@bipc.com>

Akiva -

Our motion was plainly stated. Unified has an interest in the case *and* it is a necessary party. Unified cannot represent itself, or protect its interests in the action, as it has no Board of Directors. If Carter, who you do not represent, has an objection to the proposed cross complaint against him, I will discuss it with his counsel. The only Count alleged specifically against Chanbond is for an accounting, which could be resolved informally if Steve's client desires.

Very truly yours,

Steven L. Rader, Esq.
Attorney-at-Law


Centauri Law Group, P.C.
Irvine location
15615 Alton Pkwy, Suite 245
Irvine, CA 92618
Phone: (949) 336-5716


E-mail: srader@centaurilaw.com
Website: www.centaurilaw.com

CONFIDENTIALITY NOTICE: This e-mail communication, including any attachments, contains information that may be privileged, confidential and intended only to be read by the named recipient. Unless you are the recipient, or validly and legally authorized to receive communication on behalf of recipient, you cannot disclose, copy or use in any form this message, e-mail or communication contained in this e-mail communication. Any other transmission or use of this message is prohibited. If you received this message in error, please notify the sender immediately and delete the communication. Nothing in this communication shall be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document.

---

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Wednesday, March 23, 2022 6:22 AM
**To:** Steven Rader <SRader@centaurilaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; John L Williams <john@trustwilliams.com>
**Cc:** Brian C Crawford <brian@trustwilliams.com>; Jason Dilday <jdilday@centaurilaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Thomas Stephens <tstephens@centaurilaw.com>; geoffrey.grivner@bipc.com <geoffrey.grivner@bipc.com>; james.levine@troutman.com <James.Levine@Troutman.com>; kody.sparks@bipc.com <kody.sparks@bipc.com>
**Subject:** RE: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Note that the rule you are citing provides for derivative defense by shareholders "**only** when the corporation refuses to defend or fails to defend in good faith." Unified hasn't been named as a defendant yet. Once it has been, if it refuses to defend, or if its actual defense somehow lacks good faith, you may have a non-frivolous application to step in derivatively. But there's no Rule 11 basis to do so now.

Akiva M. Cohen
Kamerman Uncyk
1700 Broadway
New York, NY 10019
212-400-4930

---

**From:** Steven Rader
**Sent:** Wednesday, March 23, 2022 9:05 AM
**To:** Steve Brauerman; John L Williams
**Cc:** Akiva Cohen; Brian C Crawford; Jason Dilday; Ronald Golden; Thomas Stephens; geoffrey.grivner@bipc.com; james.levine@troutman.com; kody.sparks@bipc.com
**Subject:** Re: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN

Mr. Brauerman,

I would have to defer to my Delaware co-counsel as to whether or not the Local Rules would permit for such an extension of your time to file your Opposition, and how such could be effectuated. We would have no objection, however, to giving you more time, because of your vacation, to prepare your response. If you needed more time, I wish you would have simply said so. We are, in general, reasonably receptive to such scheduling requests from opposing counsel. (We trust that we could receive a concomitant extension of time to file our reply.)

I am, frankly, somewhat surprised that the concept of shareholders intervening to defend a corporation (or its property) in an action where the corporation is unable to adequately defend itself, has generated such controversy in this case. The concept is hardly new, and finds ample support, for over a century, in courts throughout the Country. There is an ALR article devoted to the topic: Intervention by stockholder for purpose of interposing defense for corporation, 33 A.L.R.2d 473, 2a

I am not sure what you mean by "double-derivative". Have the parties not already stipulated that Unified is a necessary party to the action? Mr. Cohen's clients, as I understand it, by stipulation of the parties, will be filing a third-party complaint against Unifiedonline. Did I read the court filings incorrectly? Was there some contemplation as to who would be defending Unified on that third-party complaint? How was that determination made? Perhaps these questions can be addressed in our conferences as well.

As to whether the corporation's interests will be adequately protected in this case, we think we made the point clear in our papers, but we can repeat our argument verbally if it helps.

Very truly yours,

Steven L. Rader, Esq.
Attorney-at-Law


Centauri Law Group, P.C.
Irvine location
15615 Alton Pkwy, Suite 245
Irvine, CA 92618
Phone: (949) 336-5716

**Re: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN**

Brian C Crawford <brian@trustwilliams.com>
Wed 3/23/2022 6:49 AM
To: Steven Rader <SRader@centaurilaw.com>
Cc: John L Williams <john@trustwilliams.com>

Steve,

This is not normal to threaten Rule 11 like they have been. I am working on a response to to try to restore normal Delaware courtesy's which should be maintained. We will share with you once ready.

Yours truly,

Brian

**Brian C. Crawford, Esq.**
Attorney Admitted in DE and NJ
Brian@TrustWilliams.com
**w: 302-575-0873**
https://trustwilliams.com/
The Williams Law Firm, P.A.
1201 N. Orange Street, Suite 600, Wilmington, DE 19801
Phone: 302-575-0873 | Fax: 302-575-1642

| https://www.incnow.com/ | https://www.facebook.com/incnow | https://twitter.com/incnow | https://www.youtu60 |

This electronic communication is intended for information purposes only. Nothing contained herein constitutes an offer or acceptance of any agreement, nor establishes, modifies, or amends any contractual or professional relationship between the sender, The Williams Law Firm, P.A., Agents and Corporations, Inc., and any recipient of this communication. As such, it should not be used to substitute for a written and signed agreement between the parties. It is confidential and may be privileged. It does not constitute legal and/or tax advice. If this e-mail is received in error, immediately delete, destroy all copies and notify the sender. It shall not be forwarded, except with the express written consent of the sender. Circular 230 Disclaimer: In accordance with Circular 230, the content of this email is not to be relied upon for the preparation of a tax return or to avoid penalties imposed by the IRS Tax Code. IncNow services are subject to IncNow Terms of Use.

On Wed, Mar 23, 2022 at 9:18 AM Steven Rader <SRader@centaurilaw.com> wrote:
> Do you guys on the East Coast just reflexively threaten Rule 11?
>
> Please bring your motion.
>
> Very truly yours,
>
> Steven L. Rader, Esq.
> Attorney-at-Law
>
> Centauri Law Group, P.C.
> Irvine location
> 15615 Alton Pkwy, Suite 175
> Irvine, CA 92618
> Phone: (949) 936-6388
> Fax: (949) 450-1588
>
> E-mail: srader@centaurilaw.com
> Website: www.centaurilaw.com
>
> CONFIDENTIALITY NOTICE: This e-mail communication, including any attachments, contains information that may be privileged, confidential and intended only to be read by the named recipient. Unless you are the recipient, or validly and legally authorized to receive communication on behalf of recipient, you cannot disclose, copy or use in any form this message, e-mail or communication contained in this e-mail communication. Any other transmission or use of this message is prohibited. If you received this message in error, please notify the sender immediately and delete the communication. Nothing in this communication shall be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document.
>
> **From:** Akiva Cohen <acohen@kusklaw.com>
> **Sent:** Wednesday, March 23, 2022 6:14 AM
> **To:** Steven Rader <SRader@centaurilaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; John L Williams <john@trustwilliams.com>
> **Cc:** Brian C Crawford <brian@trustwilliams.com>; Jason Dilday <jdilday@centaurilaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Thomas Stephens <tstephens@centaurilaw.com>; geoffrey.grivner@bipc.com <geoffrey.grivner@bipc.com>; james.levine@troutman.com <James.Levine@Troutman.com>; kody.sparks@bipc.com <kody.sparks@bipc.com>
> **Subject:** RE: BCV, Inc. v. Chanbond, LLC, C.A. No. 1:21-cv-01456-MN
>
> We will not be filing a third-party complaint against Unified, because review of the rules makes clear that we aren't allowed to. Unified is going to have to be joined as a party defendant in its own right (whether by amendment of the complaint or by Rule 19 motion), at which point we can include them in our cross-claim. In either event, the corporation will have to appear in its own right to defend.
>
> Note that the rule you are citing provides for derivative defense by shareholders "**only** when the corporation refuses to defend or fails to defend in good faith." Unified hasn't been named as a defendant yet. Once it has been, if it refuses to defend, or if its actual defense somehow lacks good faith, you may have a non-frivolous application to step in derivatively. But there's no Rule 11 basis to do so now.