# Exhibit A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

1. The term "Documents" has the broadest meaning accorded it by the Federal Rules of Civil Procedure. The term includes both original and non-identical copies of all electronic messages, papers, letters, files, contracts, books, accounts, drawings, graphs, charts, photographs, films, electronic or videotape recordings, and any other data compilations from which information can be obtained and translated, if necessary, by the person from whom production is sought, into reasonably usable form, and any other tangible things which constitute or contain matters relevant to the subject matter herein, including, but not limited to, ledgers, journals, diaries, manuals, books of account, financial statements, inventory lists, client lists, minutes, notes, records of meetings, discs, records of interviews, emails, text messages, reports or summaries of investigations, opinions, reports or summaries of negotiations, brochures, pamphlets, advertisements, memoranda, telephone messages, notes of or relating to telephone communications, calendars, schedules, organizational charts, circulars, press releases, mailing lists, social media posts, drafts of any of the documents listed, revisions of drafts of any documents, and original preliminary notes concerning drafts of any documents, within your possession, custody, or control. For avoidance of doubt, the term "Documents" also includes without limitation, communications (referred to herein as "Communications").

2. "Communication" means every manner or method of the disclosure, transfer, or exchange of information, whether orally, electronically, or by document, and whether face-to-face or by telephone, mail, facsimile, e-mail, Internet communication, or otherwise.

3. The term "Person" means any natural person, corporation, association, organization, firm, company, partnership, joint venture, trust, estate, or other legal or governmental entity, whether or not possessing a separate juristic existence.

4. The terms "concerning", "regarding", "referring to" and "relating to" mean arising out of, consisting of, constituting, containing, embodying, reflecting, evidencing, identifying, stating, supporting, referring to, recording, dealing with, describing, explaining, memorializing, or in any manner whatsoever pertaining to the subject.

5. "Bentham," "Omni Bridgeway" "You," or "Your" refers to Omni Bridgeway (USA) LLC and its parents, subsidiaries, affiliates, successors, assigns, and each of their employees, agents and/or representatives acting on their behalf, including, but not limited to Bentham Capital LLC.

1. "ChanBond," "You," and "Your" shall mean ChanBond, LLC, including without limitation all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, franchisees, licensees, or partnership relationships with ChanBond and others acting on behalf of ChanBond.

2. "Leane Defendants" shall each mean and refer to Defendants/Counterclaim Plaintiffs Dierdre Leane and IPNAV, LLC, individually and/or collectively, including without limitation all of their corporate locations and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, franchisees, licensees, or partnership relationships with Leane Defendants and others acting on behalf of Leane Defendants.

3. "CBV" or "Plaintiff" refers to CBV, Inc. and all predecessors, predecessors-in-interest, subsidiaries, divisions thereof, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, or partnership relationships with CBV and others acting on behalf of CBV.

4. "Chanbond Patents" shall mean those United States Patents conveyed to ChanBond in the PPA.

5. "Bentham," shall mean the entity that supplied litigation funding to ChanBond in connection with the Patent Litigation (defined below), both when operating as Bentham and following its merger with Omni Bridgeway.

6. "KWM" shall mean the law firm King & Wood Mallesons and any of its attorneys or agents.

7. "Patent Litigation" means the patent litigation described in Paragraph 4 of the First Amended Complaint and any other litigation in which there was an allegation that one or more of the Chanbond Patents were infringed.

8. "Present Litigation" or "this Litigation" shall mean District of Delaware Civil Case No. 1:21-cv-01456-MN.

9. The "Arbitration" shall mean the American Arbitration Association Arbitration case captioned *Dierdre Leane and IPNav, LLC v. Unified Online, Inc. and ChanBond, LLC*, AAA Case No. 01-20-0015-0793.

10. The "PPA" shall mean the Patent Purchase Agreement executed on April 9, 2015 by Earl Hennenhoefer on behalf of CBV, Inc. and Dierdre Leane on behalf of ChanBond, LLC.

11. The "ASA" shall mean the "Advisory Services Agreement" executed by Dierdre Leane on behalf of both ChanBond, LLC and IPNAV, LLC on July 28, 2015 and backdated to April 9, 2015.

12. Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; (c) the singular form of a word shall include the plural, and vice versa; (d) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any request all information that might otherwise be construed to be outside of its scope; (e) the word "any" shall include, without limitation, "each and every"; (f) the terms "all" and "each" shall be construed as "all and each"; (g) the term "including" is intended to be comprehensive and means "including, but not limited to"; and (h) the terms "between" and "among" shall be construed as "between" or "among" as necessary to bring within the scope of any request all responses and documents that might otherwise be construed to be outside its scope.

13. For the purposes of these Requests, terms not specifically defined shall be given their ordinary meanings as You understand them to be used in the trade or pursuant to ordinary usage.

14. The use of any definition for the purposes of these Requests shall not be deemed to constitute an agreement or acknowledgment that such definition is accurate, meaningful, or appropriate for any other purpose in this Litigation.

## **INSTRUCTIONS**

1. You are requested to respond separately to each Request and to produce all documents within your possession, custody, or control. These Requests are continuing and you must amend or supplement same as necessary.

2. If the response to any Request consists in whole or in part of any objection relating to or including burdensomeness, then with respect to such response:

    a. Provide such information as can be obtained without undue burden;

4

        b.        State with particularity the basis for such objection, including:

                i.        a description of the process or method required to obtain any document responsive to the Request;

                ii.       the number of files and/or documents needed to be searched;

                iii.      the location of such files and/or documents;

                iv.      the number of employee hours required to conduct the search; and

                v.       the estimated cost of the search.

        c.        Describe the nature and extent of the documents or other source(s), if any, from which responsive information can be obtained; and

        d.        State whether the documents or other sources will be made available for inspection and copying.

3.        If the response to any Request consists in whole or in part of an objection relating to or founded upon any type of privilege or immunity:

        a.        Identify the privilege or immunity claimed and detail the facts underlying your invocation of such privilege or immunity;

        b.        Describe the nature of the document (e.g. letter, memorandum, telephone call, in person conversation, etc.);

        c.        State the date of the document or communication;

        d.        Identify the person who created or originated the document or communication;

        e.        Identify the person who sent the document or made the communication;

        f.        Identify the person who received the document or communication;

        g.        Identify each person who reviewed the document or communication;

        h.        Identify each person to whom some or all of the contents of the document or communication were communicated; and

        i.        State the subject matter of the document or communication.

4.        If the response to any Request consists in whole or in part of any other objection:

        a.        Provide such information as can be produced; and

        b.        State with particularity the basis for such objection.

5. If any document identified in response to any request below is not in your possession or subject to your control, identify who has possession or control and the present location of the document.

6. Whenever an objection is made to any portion of a Request, you must nonetheless timely produce all documents as to which there is no objection.

7. If you encounter an ambiguity in construing a Request, or the Definition or Instruction relevant to a Request, set forth the matter to be deemed "ambiguous" and set forth the construction chosen or used in responding to the Request.

8. Where a Request calls for information with respect to "each" one of a particular type of matter, document, event, person, entity, or thing, of which there is more than one, separately list, set forth, or identify for each all of the information called for in the Request.

9. If you do not possess knowledge of the requested information, you should state your lack of knowledge and describe all efforts made by you to obtain the information necessary to respond to the Request.

10. If you have no documents responsive to a Request, you should so state and, if possible, identify any person who you believe to have the documents responsive to the Request.

## **REQUESTED DOCUMENTS**

1. Any and all documents and/or communications related to the retention of Bentham as litigation funder with respect to the Patent Litigation.

2. Any and all documents and/or communications related to the September 9, 2015 Litigation Funding Agreement between ChanBond and Bentham Capital LLC d/b/a Bentham IMF, including, but not limited to, any and all documents and/or communications negotiating the Litigation Funding Agreement, any and all drafts of the Litigation Funding Agreement, and the final Litigation Funding Agreement.

      3.     Any and all documents and/or communications related to any and all amendments to the September 9, 2015 Litigation Funding Agreement between ChanBond and Bentham Capital LLC d/b/a Bentham IMF, including, but not limited to, the third amendment to the litigation funding and/or financing agreement.

      4.     Any and all documents and/or communications related to any and all draw downs on and/or disbursements of litigation funding Bentham, whether from the September 9, 2015 Litigation Funding Agreement between ChanBond and Bentham Capital LLC d/b/a Bentham IMF or any amendments thereto, and what these draw downs and/or disbursements were used for.

      5.     Any and all documents and/or communications related to any and all payments made to Bentham out of the settlement proceeds from the Patent Litigation, including, but not limited to, documents demonstrating or explaining the calculation of these payments.

      6.     Any and all documents and/or communications related to the payment of $200,000 to CBV in the fall of 2015 in exchange for execution of the August 27, 2015 amendment to the PPA.

Dated: October 20, 2022

**BUCHANAN, INGERSOLL & ROONEY PC**

*/s/ Geoffrey Grivner*
Geoffrey G. Grivner (#4711)
Kody M. Sparks (#6464)
500 Delaware Avenue, Suite 720
Wilmington, DE 19801-3036
(302) 552-4200
geoffrey.grivner@bipc.com
kody.sparks@bipc.com

\*    \*    \*

Patrick C. Keane, Esq.
BUCHANAN, INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
patrick.keane@bipc.com

*Attorneys for Plaintiff*

8

*Attorneys for Plaintiff*