## SCHEDULE A

## DEFINITIONS

1. The term "THIS ACTION" means the civil action CBV, Inc., v. ChanBond LLC, C.A. 1:21-cv-01456, which was filed in the United States District Court for the District of Delaware on or about October 15, 2021.

2. The term "PPA" means the Patent Purchase Agreement entered into between CBV and CHANBOND on April 9, 2015 identified as the document found at Docket Entry 49-1 in THIS ACTION, and any amendments to that agreement.

3. The term "RRC" means the Receipt, Release, and Consent to Distribute entered into on or about August 27, 2021, and found at Docket No. 49-8 in THIS ACTION.

4. The terms "CBV," "YOU," and "YOUR" mean and refer collectively and individually to, CBV, Inc., and any past or present related company, division, subsidiary, parent, affiliate, joint venture, predecessor, successor, or assign, whether U.S. or foreign, whether incorporated or not; and all past or present directors, officers, employees, accountants, consultants, experts, investigators, advisors, partners, representatives, agents and attorneys thereof, and any other person acting on their behalf, including but not limited to Earl Hennenhoefer, Richard Snyder, and Robert Stine. The terms "CBV," "YOU," and "YOUR," further mean and refer to any present or former agents, representatives, employees, attorneys, investigators, and other persons acting under YOUR authorization, employment, direction, or control, whether employed or retained on a full-time, part-time, independent contractor, commission, or other basis.

5. The term "CHANBOND" means ChanBond LLC.

6. The term "CHANBOND PATENTS" means United States Patents conveyed to CHANBOND in the PPA.

7. The term "CHANBOND PATENT LITIGATION" means the patent litigation described in Paragraph 4 of the First Amended Complaint (Docket No. 6 in THIS ACTION) and any other litigation in which there was an allegation that one or more of the CHANBOND PATENTS were infringed.

8. The term "ISA" means the agreement attached as Exhibit D to Docket No. 6-1 in THIS ACTION.

9. The term "ASA" means the Advisory Services Agreement attached as Exhibit C to Docket No. 6-1.in THIS ACTION.

10. The term "CARTER" means William "Billy" Carter.

11. The term "UNIFIED" means UnifiedOnline, Inc.

12. The term "HOWE" means Robert "Rob" Howe.

13. The term "Z-BAND" refers to the company referenced in the September 20, 2021 deposition of Earl Hennenhoefer at 8:23-9:15.

14. The term "CHANBOND PATENT LITIGATION" means the patent litigation described in Paragraph 4 of the First Amended Complaint (Docket No. 6 in THIS ACTION) and any other litigation in which there was an allegation that one or more of the CHANBOND PATENTS were infringed.

15. In construing these topics of inquiry:

    a. the singular form of terms includes the plural, and the plural form of terms includes the singular;

-3-

    b.  the terms "and" and "or" are to be construed either conjunctively or disjunctively as is necessary to bring within the scope of each request any matter, information, or document that might otherwise be construed as outside its scope; and

    c.  each topic of inquiry should be construed independently and not by reference to any other topic of inquiry for purposes of limitation.

## TOPICS OF INQUIRY

1. The structure of YOUR corporation.

2. The role of HENNENHOEFFER in YOUR corporation.

3. The role of SNYDER in YOUR corporation.

4. The role of STINE in YOUR corporation.

5. The process by which YOU make decisions, including the role of each of HENNENHOEFER, SNYDER, and STINE in making decisions on YOUR behalf.

6. Any and all facts related to YOUR decision to separate CBV and Z-BAND.

7. Any and all facts related to YOUR sale of Z-BAND.

8. Any and all facts related to the disposition of Z-BAND's assets.

9. Any and all facts related to measures YOU undertook to preserve CBV's access for purposes of litigation to documents maintained on Z-BAND's servers.

10. Any and all facts related to YOUR determination that the CHANBOND PATENTS were being infringed.

11. Any and all facts related to YOUR assessment of how and where infringement was occurring.

12. Any and all facts related to YOUR initial assessment of possible license fees and arrangements.

13. Any and all facts related to YOUR decision to monetize the CHANBOND PATENTS.

14. Any and all facts related to YOUR negotiations with any other person or entity regarding the purchase or license of the CHANBOND PATENTS.

15. Any and all facts related to YOUR interactions with IPNAV.

16. Any and all facts related to YOUR interactions with SPANGENBERG.

17. Any and all facts related to YOUR interactions with LEANE.

18. Any and all facts related to YOUR interactions with CARTER.

19. Any and all facts related to the "Billy Document" referenced in CBV-00000842.

20. Any and all facts related to YOUR interactions with HOWE.

21. Any and all facts related to YOUR interactions with CHANBOND.

22. Any and all facts related to any and all agreements between CARTER on behalf of CHANBOND and any other person or entity.

23. Any and all facts related to CARTER's capacity, authority, ability, and/or fitness to act on behalf of CHANBOND and/or UNIFIED.

24. Any and all facts related to YOUR negotiation and interpretation of the PPA or any of its provisions.

25. Any and all facts related to YOUR knowledge and interpretation of the Common Interest Agreement YOU entered into in conjunction with the PPA.

26. Any and all facts related to YOUR knowledge and interpretation of the ISA.

27. Any and all facts related to YOUR knowledge and interpretation of the ASA.

28. Any and all facts related to the negotiation of the RRC.

29. Any and all facts related to the execution of the RRC.

30. Any and all facts related to the disposition of funds YOU received pursuant to the RRC.

31. Any and all facts related to YOUR participation in the CHANBOND PATENT LITIGATION, including discovery, testimony given at trial and the preparation for same.

32. Any and all facts related to YOUR receipt of funds in relation to YOUR role in the prosecution of the CHANBOND PATENT LITIGACTION.

33. Any and all facts related to any measures YOU undertook to conduct due diligence into the investigating the terms the Mishcon de Reya, Bentham, and IPNAV retainer agreements.

34. Any and all facts related to any monies received from or in connection with UNIFIED, UOIP, CHANBOND, or CARTER.

35. Any and all facts related to the provenance, authorship, history, intended audience, and purpose of the documents bearing Bates stamps CBV-00005017 and CBV-00005018.

36. Any and all facts related to your monitoring of or participation on the InvestorsHub UnifiedOnline board found at https://investorshub.advfn.com/UnifiedOnline-Inc-fka-UOIP-5196.

37. Any and all facts related to YOUR conversations or communications with members of the InvestorsHub UnifiedOnline board found at https://investorshub.advfn.com/UnifiedOnline-Inc-fka-UOIP-5196.

38. Any and all facts related to any of YOUR efforts to search for, identify, collect, review, and produce documents in the instant litigation.

39. Any and all facts that support YOUR claims or defenses in THIS ACTION.

40. Any and all facts that support YOUR calculations of damages in THIS ACTION.