**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CBV, INC., | ) |
|           Plaintiff, | ) ) |
| v. | )   C.A. No. 1:21-cv-01456-GBW |
| CHANBOND, LLC, DEIRDRE LEANE, and IPNAV, LLC, | ) ) ) |
|           Defendants. | ) ) |

**DEFENDANTS DEIRDRE LEANE AND IPNAV, LLC'S OPPOSITION
TO PLAINTIFF CBV, INC.'S MOTION FOR CLARIFICATION**

Defendants IPNAV, LLC ("IPNAV") and Deirdre Leane (collectively, "Leane Defendants") respectfully opposes Plaintiff CBV, Inc. ("CBV")'s motion for clarification (the "Motion") of the Court's October 5, 2022 Opinion and Order (the "Opinion" or "Op."), and state as follows:

1. In its Motion, CBV expressly acknowledges from the outset that the Court's decision requires no clarification, because the Court's interpretation of the Patent Purchase Agreement ("PPA") was "unambiguous." *See* Mot. ¶ 1 (CBV "accepts the Court's unambiguous interpretation of the PPA").

2. The purpose of a motion for clarification "is to explain or clarify something ambiguous or vague, not to alter or amend previous rulings or to make findings of fact." *Tq Delta, LLC v. Adtran, Inc.*, No. CV 14-954-RGA, 2019 WL 9406455, at *1 (D. Del. Oct. 3, 2019) (cleaned up).

3. CBV does not argue that the Court's decision was "vague" or "ambiguous" and expresses its understanding that the Court interpreted Section 2.8 of the PPA as "a definition which provides a limitation for which costs and fees require pre-approval from CBV to be

eligible as a deduction when **calculating Net Recoveries**." Mot. ¶ 1 (emphasis supplied by CBV). Indeed, the Court's ruling was crystal clear: it denied CBV's motion for a preliminary injunction on the basis that ChanBond, LLC ("ChanBond") did not breach the PPA by retaining IPNAV without CBV's pre-approval, because Section 2.8 provided CBV with no right to pre-approve such a retention. Op. at 12. And CBV does not pretend otherwise.

4. Instead, CBV seizes on a clerical error – the Court's reference at page 12 of the Opinion to "costs and fees which are deductible from Net Recoveries" instead of "from Gross Recoveries"[1] – to seek "clarification" of something entirely different: whether Section 2.8 allows ChanBond to deduct its payment to IPNAV, which is not *now* a ChanBond "Affiliate" as defined in the PPA but which *was once* a ChanBond Affiliate, without CBV's pre-approval of that payment. *See* Mot. ¶ 3.

5. But *that* question was not addressed in the Court's Opinion at all – likely because it was not raised by CBV's motion for a preliminary injunction in the first instance. *See* D.I. 19 at 7-8 (arguing only that ChanBond breached the PPA by "entry into prohibited ancillary agreements"); D.I. 65 at 5-8 (arguing that Section 2.8 was breached by entry of the Advisory Services Agreement ("ASA") and that the ASA was therefore void).

6. The Opinion is thus not "vague" or "ambiguous" as to that question, and the Court has no duty to "clarify" its order as to a point CBV did not argue. *Cf. In re Stosic*, 770 F. App'x 27, 30 (3d Cir. 2019) (District Court appropriately denied motion for clarification where movant failed to show the court had any duty to clarify).

---

[1] Leane Defendants of course have no objection to the Court issuing a corrected opinion, under Rule 60(a), correcting "Net Recoveries" in this portion of the Opinion to "Gross Recoveries." That CBV does not even request such relief in its Motion highlights the utter irrelevance of the supposed "ambiguity" to CBV's motion to "clarify."

2

7. In sum, CBV has shown neither the existence of any ambiguity in the Court's Opinion nor that the Court would have any duty to clarify the supposed 'ambiguity,' which relates to an argument CBV did not even make in support of its motion for a preliminary injunction.

8. Of course, the question of whether Section 2.8's requirement that CBV approve payments to Affiliates before they may be deducted from Gross Recoveries applies to ChanBond's payment to IPNAV is an important one, and the Court can (and Leane Defendants respectfully believe should) answer it in ruling on Leane Defendants' fully briefed and pending motion for judgment on the pleadings (D.I. 104). Leane Defendants briefed that issue at pages 17-20 of their opening brief in support of that motion (D.I. 105), CBV submitted its opposition on that issue at pages 18-19 of their answering brief (D.I. 123), and Leane Defendants responded on that issue at pages 8-10 of their reply (D.I. 124).[2] And the Court's answer to that question might well resolve the entirety of this litigation.

9. But because a motion for clarification is not the appropriate vehicle to raise this issue, and as CBV admits that the Court's ruling was "unambiguous," this Motion should be denied.

---

[2] Because Leane Defendants believe the Motion is likely to be denied on procedural grounds, they will not burden the Court by unnecessarily repeating those arguments here. To the extent that the Court instead considers on this motion the substance of CBV's arguments regarding how the "paid to an Affiliate" language should be interpreted, Leane Defendants respectfully incorporate by reference the arguments made on that issue in D.I. 105 and 124.

<table>
<tr><td></td><td>Respectfully Submitted,</td></tr>
<tr><td>OF COUNSEL:</td><td>/s/ James H. S. Levine<br>James H. S. Levine (DE No. 5355)</td></tr>
<tr><td>Akiva M. Cohen<br>Dylan M. Schmeyer<br>KAMERMAN, UNCYK,<br>    SONIKER & KLEIN P.C,<br>1700 Broadway, 16th Floor<br>New York, NY 10019<br>212.400.4930<br>acohen@kusklaw.com<br>dschmeyer@kusklaw.com<br><br>Dated: November 10, 2022</td><td>TROUTMAN PEPPER<br>    HAMILTON SANDERS LLP<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>P.O. Box 1709<br>Wilmington, DE 19899-1709<br>302.777.6500<br>james.levine@troutman.com<br><br>*Attorneys for IPNAV, LLC and Deirdre Leane*</td></tr>
</table>

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2022, I filed the foregoing DEFENDANTS DEIRDRE LEANE AND IPNAV, LLC'S OPPOSITION TO PLAINTIFF CBV, INC.'S MOTION FOR CLARIFICATION using CM / ECF, which will send notification of such filing to all counsel of record.

*/s/ James H. S. Levine*
James H. S. Levine (DE No. 5355 )