IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 21-1456-GBW |
| ) | |
| CHANBOND, LLC, ) | |
| ) | |
| Defendant/Crossclaim ) | |
| Defendant/Crossclaim ) | |
| Plaintiff, ) | |
| ) | |
| DEIRDRE LEANE, and IPNAV, LLC, ) | |
| ) | |
| Defendants/Counterclaim ) | |
| Plaintiffs/Crossclaim ) | |
| Plaintiffs/Crossclaim ) | |
| Defendants. ) | |

**CHANBOND, LLC'S OPPOSITION TO CBV, INC.'S MOTION FOR CLARIFICATION**

ChanBond, LLC ("ChanBond") respectfully submits this opposition to CBV, Inc. ("CBV")'s Motion for Clarification (the "Motion") (D.I. 164), which seeks not to clarify, but rather to expand the scope of this Court's Memorandum Opinion denying CBV's Motion for Preliminary Injunction (D.I. 18) (the "Opinion"). (*See* D.I. 151, 152). For the reasons set forth below, the Court should deny the Motion.

1. CBV purports to seek clarification on an issue - whether CBV has the right to pre-approve the *payment* of certain monies an arbitral tribunal determined ChanBond owed to IPNAV LLC ("IPNav") under Section 2.8 of the Patent Purchase Agreement ("PPA") – that was not before the Court on the Motion for Preliminary Injunction. (*See, e.g.*, D.I. 151 at 6 (explaining that CBV challenged ChanBond's *entrance* of the ASA with the Leane Defendants under Section 2.8 of the ASA.) Challenging the execution of the ASA as an unapproved affiliate transaction, CBV sought

1

to enjoin, *inter alia*, ChanBond's payment of certain of the settlement proceeds to IPNav. (*See id.*) The Court denied CBV's requested relief based upon its interpretation that Section 2.8 of the PPA did not give CBV the right to pre-approve ChanBond's entry into affiliate transactions and ChanBond did not breach the PPA by entering into the agreement with IPNav. (D.I. 151.) There is nothing vague or ambiguous about the Court's Opinion and CBV cannot demonstrate that the Court has a duty to clarify anything.

2. "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend previous rulings or to make findings of fact." *Tq Delta, LLC v. Adtran, Inc.*, No. CV 14-954-RGA, 2019 WL 9406455, at *1 (D. Del. Oct. 3, 2019) (citing *Resolution Trust Corp. v. KPMG Peat Marwick*, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993). "Although a district court may in some circumstances entertain a motion for clarification to resolve an ambiguity in a prior order," the movant must show that the court has a duty to do so. *In re Stosic*, 770 F. App'x 27, 30 (3d Cir. 2019). CBV cannot demonstrate that clarification is necessary or appropriate, the Court should deny the Motion.

3. CBV complains that the Opinion is "confusing" and "vague" because (i) the Court described § 2.8 of the PPA as defining the "costs and fees which are deductible from Net Recoveries" rather than "Gross Recoveries" and (ii) the Court did not expressly state that pre-approval rights can only apply to future payments. (D.I. 164 at 1-2.) CBV's first complaint is meritless. The PPA defines "Net Recoveries" as "Gross Recoveries" minus certain enumerated expenses. (D.I. 8, Ex. A § 2.8.) Characterizing these enumerated expenses as deducted from "Net Recoveries" rather than "Gross Recoveries" is not vague or ambiguous because Section 2.8's definition of "Net Recoveries" subsumes and includes "Gross Recoveries." It is, therefore, entirely accurate, clear, and unambiguous to characterize Section 2.8 of the PPA, as the Opinion does, as

2

"defin[ing] the costs and fees which are deductible from Net Recoveries and provid[ing] a limitation as to the costs and fees requiring pre-approval from CBV to be eligible as a deduction." (D.I. 151 at 12.) CBV cannot demonstrate how the Court's reference to "Net Recoveries" rather than "Gross Recoveries" in this sentence creates any ambiguity.

4.  CBV's second complaint is equally misplaced. CBV argues that the Court's Opinion is "vague in failing to state that the costs and fees requiring "pre-approval" apply to **future** payment of costs and fees that arise from an Affiliate transaction to be eligible for deduction from Gross Recoveries." (D.I. 164 at 2.) To the extent CBV is arguing that the Opinion is vague because it does not expressly confirm that pre-approval must apply to a future payment as opposed to a past payment, CBV appears to misunderstand the meaning of "pre-approval." *See* Merriam Webster Dictionary *available at* https://www.merriam-webster.com/dictionary/preapproval (defining "preapproval" as "to approve (something or someone) in advance") (last visited Nov. 11, 2022). The Court need not clarify that pre-approval must necessarily occur prior to the payment in question, as that is evident from the Court's use of "pre-approval" to interpret the plain language of Section 2.8, which references CBV's "prior" approval. (D.I. 8, Ex. A § 2.8.)

5.  To the extent CBV is arguing that the Opinion is vague because it does not confirm that Section 2.8 of the PPA gives CBV the right to pre-approve payments that "arise from an Affiliate transaction" CBV is not seeking clarification at all, but rather is asking the Court to answer a different question entirely – whether ChanBond's payment to IPNav, which does not qualify as an affiliate under the PPA, requires CBV's approval because IPNav was an affiliate of ChanBond when the ASA was entered? This question was not implicated by the preliminary injunction motion, was not resolved by the Court, and should not be addressed through a motion for "clarification." The Court should deny the Motion.

6. Ignoring that CBV's proposed clarification does not actually clarify, but instead muddles the Court's straightforward interpretation of Section 2.8 with unnecessary verbiage, apparently to set up a misplaced summary judgment argument based upon a questionable interpretation of the proposed clarified language, the plain language of Section 2.8 does not give CBV the right to pre-approve payments to IPNav. Section 2.8 of the PPA removes from deductible expenses any payment to an "Affiliate" of Chanbond made without CBV's prior approval, which approval may not be unreasonably withheld. (D.I. 8, Ex. A § 2.8.) IPNav is not an "Affiliate" of ChanBond and has not been an "Affiliate" of ChanBond as defined in the PPA since at least 2015, when Ms. Leane sold her interest in ChanBond. (D.I. 151 at 13.) By definition, any payment by ChanBond to IPNav does not implicate any approval rights CBV may have under the PPA.

7. Recognizing that CBV does not have the right to pre-approve payments to IPNav, CBV searches for a backdoor, attempting to rewrite the terms of the PPA, through the guise of a motion for clarification, to give CBV rights for which it did not negotiate. The Court should reject this gambit. *Unwired Planet, Inc. v. Microsoft Corp.*, 193 F. Supp. 3d 336, 343 (D. Del. 2016) ("The court cannot rewrite the contract or appease a party who later wants to escape from what it now considers to be a bad deal.") (internal quotations omitted); *GRT, Inc. v. Marathon GTF Tech., Ltd.*, No. CIV.A 5571-CS, 2012 WL 2356489, at *6 (Del. Ch. June 21, 2012) ("Under Delaware law, courts will not rewrite contracts to read in terms that a sophisticated party could have, but did not, obtain at the bargaining table."). Through the Motion, CBV seeks the right to approve payments that "arise from an Affiliate transaction." (D.I. 164 at 2.) But the plain language of the PPA does not give CBV this right. Rather, the PPA only gives CBV the right to pre-approve payments to an Affiliate, which approval cannot be unreasonably withheld. (D.I. 8, Ex. A § 2.8.) CBV could have negotiated for the broader rights it now seeks – to approve payments that arise

from an Affiliate transaction – but having failed to secure those rights at the bargaining table, the Court should not rewrite the PPA to give CBV approval rights over payments to non-Affiliates.

8. CBV has not demonstrated that clarification is necessary to resolve any vagueness or ambiguity in the Court's Opinion. The Court clearly and unambiguously rejected CBV's interpretation of the PPA, in a manner that should resolve the parties' disputes, albeit contrary to the result CBV hoped to obtain. CBV's disappointment with the Court's ruling does not, however, justify clarification, and the Court should deny the Motion.

Dated: November 11, 2022

                                          BAYARD, P.A.

                                          */s/ Ronald P. Golden III*
                                          Stephen B. Brauerman (No. 4952)
                                          Ronald P. Golden III (No. 6254)
                                          600 North King Street, Suite 400
                                          Wilmington, DE 19801
                                          (302) 655-5000
                                          sbrauerman@bayardlaw.com
                                          rgolden@bayardlaw.com

                                          *Attorneys for ChanBond, LLC*