IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., | ) |
| | ) |
| Plaintiff/Counterclaim-Defendant, | ) |
| | ) |
| | ) C.A. No. 21-1456-GBW |
| v. | ) |
| | ) ███████████████ |
| CHANBOND, LLC, | ) |
| | ) |
| Defendant/Crossclaim-Defendant/Crossclaim-Plaintiff, | ) |
| | ) |
| DEIRDRE LEANE and IPNAV, LLC | ) |
| | ) |
| Defendants/Counterclaim-Plaintiffs/Crossclaim-Plaintiffs. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PROPOSED REDACTIONS TO THE COURT'S OCTOBER 5, 2022 MEMORANDUM OPINION (D.I. 151)**

Defendants ChanBond, LLC ("ChanBond"), Deirdre Leane ("Leane"), and IPNAV, LLC ("IPNAV," and collectively with Leane, the "Leane Defendants")[1] by and through their undersigned counsel, respectfully submit this Memorandum of Law detailing how, under applicable law, the Court may approve their requested redactions to the Court's October 5, 2022 Memorandum Opinion (the "Opinion") (D.I. 151).

1.      "[A] common law right of access attaches 'to judicial proceedings and records.'" *In re Avandia Mktg.*, 924 F.3d 662, 672 (3d Cir. 2019) (citation omitted).  There is "a presumption in favor of public access." *Id.* at 670.  But "the common law right of access is 'not absolute.'" *Id.* at 672 (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339,

---

[1] Plaintiff CBV, Inc. takes no position on whether redactions to the Opinion are warranted.

1

344 (3d Cir. 1986)).  "The presumption . . . may be rebutted."  *Id.* at 672 (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)).

2.      "The party seeking to overcome the presumption of access bears the burden of showing 'that the interest in secrecy outweighs the presumption.'"  *Id.* (quoting *Bank of Am.*, 800 F.2d at 344).  "The movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'"  *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).  "Settlement confidentiality may outweigh the public's right of access, however, if: 1) disclosure would cause harm, such as revealing proprietary information; and 2) the court 'specifically f[inds] that [the parties] would not have entered into the settlement agreements but for the Court's assurance of confidentiality.'"  *Fair Lab. Practices Assocs v. Riedel*, 666 F. App'x. 209, 212 (3d Cir. 2016) (alterations in original) (internal quotations omitted)).

3.      Pursuant to Federal Rule of Civil Procedure 5.2, and Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3, this Court may seal or redact portions of the Memorandum Opinion.  (*See, e.g.*, D.I. 4, 10, 39, 53, 70, 103, 108, 113.)[2]  Here, the Court refers to the settlement amount or amounts from which the settlement amount can be reverse engineered at pages 2, 6, and 8 of the Opinion.  (D.I. 151)  The Settlement Agreement contains the following provision that defines "Confidential Information":

> Nondisclosure.  Each Party, on behalf of itself and its Affiliates, agrees not to disclose this Agreement or the terms or conditions

_____

[2] *See In re Cendant Corp.*, 260 F.3d 183, 196 (3d Cir. 2001) ("continued sealing must be based on *current evidence* to show how public dissemination of the pertinent materials *now* would cause the competitive harm [they] claim[ ].") (alterations and emphasis in original) (internal quotations omitted)); *see also Genentech, Inc. v. Amgen, Inc.*, 2020 WL 9432700, at *6 (D. Del. Sept. 2, 2020) (settlement agreements continuously sealed because disclosure "could place the parties at a demonstrable disadvantage in navigating and negotiating other litigation contests with competitors in the same pharmaceutical space").

contained herein (collectively "**_Confidential Information_**") to any third party (other than its Affiliates or Departing Affiliates) without the prior written consent of the other Party.

The Settlement Agreement further sets out the remedies for breach of the Settlement Agreement:

<u>Remedies and Attorney Fees</u>.  The remedy for breach of this Agreement shall be limited to damages and/or injunctive relief, as appropriate, for breach of contract and shall not include remedies for patent infringement.  The prevailing Party in any dispute arising under this Agreement shall be awarded reasonable attorney fees and costs, in addition to any other relief to which such Party may be entitled.

4.      Additionally, multiple documents containing this same Confidential Information were filed under seal in this Action pursuant to prior Orders of the Court (*see, e.g.*, D.I. 4, 10, 39, 53, 70, 103, 108, 113), and that Confidential Information was redacted from public versions of such filings.  (*See, e.g.*, D.I. 5, 6, 16, 43, 47,  66, 67, 68, 69, 81, 85, 86, 115, 116, 119, 128.)

5.      Public dissemination of the settlement amount would deprive ChanBond and its contractual counterparties, who are not parties to this lawsuit, of the benefit of a bargained-for contractual confidentiality provision, that was a material aspect of the parties' settlement.  *See, e.g.*, *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012) ("[T]erms that relate to pricing, valuation, monetary payments, and financial information should be protected."); *see also Leap Sys., Inc. v. MoneyTrax, Inc.*, Civ. A. No. 05-1521, 2010 WL 2232715, at *9 (D.N.J. June 1, 2010), *aff'd*, 638 F.3d 216 (3d Cir. 2011) (noting that public disclosure of terms of a confidential settlement "would unfairly remove a material term of a private contract upon which [the movant] based its decision to settle"); *see also Sabinsa Corp. v. Herbakraft, Inc.*, Civ. A. No. 14-4738, 2017 WL 3331773, at *1 (D.N.J. Aug. 4, 2017) (settlement agreement ordered sealed when filed in connection with motion to enforce settlement).

6.      Accordingly, ChanBond and the Leane Defendants respectfully submit that good cause exists to redact the portions of the Opinion that set forth the settlement amount in order to protect the interests of the parties to the agreement against public dissemination of the confidential information contained in the Opinion.  The parties are filing concurrently herewith a redacted version of the Opinion for the Court's approval.

BAYARD, P.A.

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (No. 4952)
Ronald P. Golden III (No. 6254)
600 North King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for ChanBond, LLC*

Dated: October 12, 2022

TROUTMAN PEPPER
HAMILTON SANDERS LLP

*/s/ James H.S. Levine*
James H. S. Levine (No. 5355)
Hercules Plaza, Suite 5100
1313 Market Street, P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500
James.Levine@troutman.com

OF COUNSEL:

Akiva M. Cohen
Dylan M. Schmeyer
KAMERMAN, UNCYK,
SONIKER & KLEIN P.C,
1700 Broadway, 16th Floor
New York, NY 10019
212.400.4930
acohen@kusklaw.com
dschmeyer@kusklaw.com

*Attorneys for Deirdre Leane and IPNAV, LLC*