# FINGER & SLANINA, LLC
## ATTORNEYS AT LAW

January 25, 2023

**_Via CM/ECF and Hand Delivery_**
The Hon. Gregory B. Williams
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801

        Re:    *CBV, Inc. v. ChanBond, LLC,* 1:21-cv-01456-GW

Dear Judge Williams:

        Please accept this letter as the response of the Proposed Intervenors' to the letter of Jennifer Ying on behalf of the Non-Party Cable Companies ("NPCC"), in which she attempts (unsuccessfully) to establish good cause for sealing, NPCC fail to overcome the presumptive right of public access that attaches to judicial records both at common law and the under First Amendment. *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 673-74 (3d Cir. 2019).

        Proposed Intervenors are not seeking access to the settlement agreement itself, which was not filed with the Court.[1] Rather, Proposed Intervenors seek information that has been taken from that agreement and included in documents that have been filed with the Court.[2] Those documents are indisputably judicial records subject to the presumptive right of public access.

        Nonetheless, NPPC instead first argue that the information should remain sealed because the settlement agreement includes a confidentiality provision. That fact is not of itself

---

[1] If the settlement agreement itself is not before the Court, the Court has no way to determine the scope of the confidentiality agreement or whether there are any relevant exceptions. *Jackson v. Delaware River and Bay Authority*, 224 F.Supp.2d 834,840 (D.N.J. 2002). NPCC offer a declaration of an attorney for non-party Mishcon de Reya New York LLP citing from certain provisions of the settlement agreement but recognizes that there are other provisions not set forth. This is inadequate.

[2] Proposed Intervenors seek more document in their Motion to Unseal, and nothing in this letter is a waiver of the Proposed Intervenors' motion to see those additional documents. Proposed Intervenors incorporate their briefs on the Motion to Unseal herein by reference.

One Commerce Center, 1201 N. Orange St., 7th floor, Wilmington, DE 19801
(302) 573-2525 | dfinger@delawgroup.com | www.delawgroup.com

sufficient to overcome the public's right of access. *Bank of America Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339, 345 (3d Cir. 1986); *Kivett v. Neolpharma, Inc.*, 2021 WL 1209844, (E.D. Pa. Mar. 31, 2021) ("The mere fact that the contract includes a confidentiality provision, or that lawyers designate a document 'Confidential' or 'Highly Confidential' in discovery does not mean that the document contains the type of information that courts will protect. To hold otherwise would be to offer parties a loophole that could gut the public's right of access to judicial records"). *Accord Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 835 (7th Cir. 2013) (Posner, J.) ("In neither case have they offered any reason for secrecy except that they have a confidentiality agreement. Obviously that's insufficient, and I could stop there: because there is potential public value to disclosing settlement terms, including amount, parties have to give the judge a reason for not disclosing them—and the fact that they don't want to disclose is not a reason"); *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 338 (S.D.N.Y. 2012) ("the presumption of public access would become virtually meaningless if it could be overcome by the mutual interest of the parties in keeping their settlement private") .

Settlement confidentiality may outweigh the public's right of access, however, if: 1) disclosure would cause serious harm, such as revealing proprietary information; and 2) the court specifically finds that the parties would not have entered into the settlement agreements but for *the Court's* assurance of confidentiality to facilitate settlement. *Fair Laboratory Practices Associates v. Riedel*, 666 Fed.Appx. 209, 212 (3d Cir. 2016). NPCC have not established that either exception applies. Nor have NPCC argued that the contents of the settlement agreement qualify as commercially sensitive information or trade secrets.

NPCC submit a Declaration of an attorney for Cox Enterprises, stating that Cox would not have entered into the settlement but for the confidentiality provision. Initially, the statement is conclusory, not explaining why not, or what interests Cox was trying to protect by confidentiality. In any event, "[e]ven if we were to assume that some settlements would not be effectuated if their confidentiality was not assured, the generalized interest in encouraging settlements does not rise to the level of interests that we have recognized may outweigh the public's common law right of access." *Bank of Am. Nat'l Trust & Sav. Ass'n*, 800 F.2d 339 at 346.

Several of the cases cited by NPCC in support of this point fail to address the language quoted above from *Bank of America Nat'l Trust*[3], and so they lack precedential value. The remainder are factually distinguishable, involving other factors that are not present here.

NPCC next argue that they will suffer competitive business injury because "clients or customers…could view the settlement or its terms." Notably, they don't claim any injury arising

---

[3] *Morgan v. Wal-Mart Stores, Inc.*, 2015 WL 3882748 (D.N.J. June 23, 2015); *Bank of Hope v. Chen*, 2020 WL 2793124 (D.N.J. May 29, 2020); *In re: Paulsboro Derailment Cases*, 2016 WL 6089700 (D.N.J. Oct. 17, 2016); *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 592 F. Supp. 2d 825, 827 (E.D. Pa. 2009).

The Hon. Gregory B. Williams
January 25, 2023
3

*competitors* having access to the information. Nor do they explain how any information in the settlement agreement could be used to their detriment. *See in re Avandia*, 924 F.3d at 679. They only offer a conclusory statement without evidence or reasoning demonstrating how disclosure would result in "a *serious* risk of competitive injury...." *Joint Stock Soc. v. UDV North America, Inc.*, 104 F.Supp.2d 390, 403 (D. Del. 2000) (italics added). Their claim of reputational injury is similarly deficient, not only because of the lack of reasoning or evidence, but because reputational interests do not rise to the level to overcome the public's right of access to judicial proceedings. *In re Avandia*, 924 F.3d at 675 (citing additional Third Circuit authority).

Finally, NPCC argue that the public interest in a private settlement is minimal. However, the public has a strong interest in ensuring transparency in judicial proceedings. This serves the important goal of maintaining public confidence in the judicial branch of government. *Publicker Indus. Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984) (internal quotation marks and citation omitted). The settlement agreement will loom large in this litigation. The public has the right to see the evidence upon which the Court will rule. Proposed Intervenors' interest is not inconsistent with the public's interest.

Finally, that the parties to the New York state action arranged to have it removed from the docket there does not take away from the fact that it was publicly available. *See In re Peregrine Systems, Inc.*, 311 B.R. 679, 691 (D. Del. 2004).

At bottom, it does not matter that the information was contained in a settlement agreement. What matters is whether NPPC have shown that there is a clearly defined and serious threat of injury that would result from public disclosure of information from that document. *Fair Laboratory Practices Associates v. Riedel*, 666 Fed.Appx. 209 (3d Cir. 2016) (reversing decision to seal settlement agreement and remanding for the District Court to determine whether public disclosure will work a clearly defined and serious injury). They have not.

As always, I am available at the convenience of the Court to answer any questions Your Honor may have.

Respectfully,

David L. Finger (#2556)

cc: All parties entitled to notice by CM/ECF.