IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CBV, INC.,

                Plaintiff,

        v.

CHANBOND, LLC, DEIRDRE LEANE,
and IPNAV, LLC,

                Defendants.

C.A. No. 21-1456-GBW

---

## MEMORANDUM ORDER

Before the Court are non-parties Gregory Collins and Kamal Mian's (collectively, the "Proposed Intervenors") Motion to Intervene and Unseal Documents (D.I. 100) and objections to sealing portions of the Court's October 5, 2022 Memorandum Opinion (D.I. 158). Defendant ChanBond LLC ("ChanBond") opposes unsealing these documents (D.I. 118) and portions of the Court's October 5, 2022 Memorandum Opinion (D.I. 157). The Court held a hearing on this issue on November 29, 2022. Following the hearing, the Court allowed a group of interested non-party cable companies to file a letter explaining why these documents and portions of the Court's October 5, 2022 Memorandum Opinion should remain under seal. *See* D.I. 201; D.I. 202. For the reasons stated below, the Court GRANTS the Proposed Intervenors' Motion to Intervene and Unseal Documents and REJECTS ChanBond's proposed redactions to the Court's October 5, 2022 Memorandum Opinion.[1]

---

[1] The Court writes for the benefit of the parties and assumes their familiarity with this action.

## I.     LEGAL STANDARD

It is well-settled that the public has a common law right of access to judicial proceedings and records. *See Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988) (noting that the public's right to such access is "beyond dispute") (internal quotation marks and citation omitted); *accord United States v. Martin*, 746 F.2d 964, 968 (3d Cir. 1984). The public's right of access extends beyond the ability to attend court proceedings and includes the right to inspect and copy public records, including judicial records (i.e., those documents filed with the court, or documents otherwise incorporated into a court's adjudicatory proceedings). *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). The United States Court of Appeals for the Third Circuit has explained that this common law right of access, which carries with it a "strong presumption" in favor of public access to judicial records, applies to pretrial motions of a non-discovery nature and the material filed therewith. *Id.* at 192-93.

A district court has the power to unseal previously-sealed documents through its general discretionary powers. *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007). The common law right of access is not absolute, however, and may be rebutted. *In re Avandia Mktg., Sales Practices & Prods. Liability Litig.*, 924 F.3d 662, 672 (3d. Cir. 2019). "Despite the presumption [of public access], courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn*, 851 F.2d at 678. The party seeking to overcome the presumption of access to maintain the seal has the burden of showing that the "interest in secrecy outweighs the presumption." *Avandia*, 924 F.3d at 672 (internal quotation marks and citation omitted). In doing so, the party must show that the "material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Avandia*, 924 F.3d at 672 (internal quotation

2

marks and citation omitted).  The Court must then determine if the harm from the articulated injury

outweighs the presumption of access.  *Pa. Nat'l Mut. Casualty Ins. Grp. v. New Eng. Reins. Corp.*,

840 F. App'x. 688, 690 (3d Cir. 2020).  To overcome the strong presumption of public access,

courts must identify "the compelling, countervailing interests to be protected, make specific

findings on the record concerning the effects of disclosure, and provide[] an opportunity for

interested third parties to be heard."  *Avandia*, 924 F.3d at 672-73 (internal quotation marks and

citation omitted).  "[A] person's motive for inspecting or copying judicial records is irrelevant

under the common law right of access."  *Id.* at 677.

## II.  DISCUSSION

The Proposed Intervenors seek to intervene for the limited purpose of unsealing all

documents filed under seal in this action on the basis that these documents have been previously

filed throughout the public domain.[2]  *See* D.I. 100; D.I. 101 at 1-4.  That is, these documents[3] are

---

[2] No party disputes that the Proposed Intervenors may permissively intervene pursuant to Federal
Rule of Civil Procedure 24(b) for the limited purpose of challenging sealed judicial records.  *See*
*United States v. Smith*, 123 F.3d 140, 145 (3d Cir. 1997).

[3] Specifically, the Proposed Intervenors seek to unseal the following documents: Complaint (D.I.
2) and the Redacted Version of the Complaint (D.I. 5); First Amended Complaint (D.I. 6) and the
Redacted Version of the First Amended Complaint (D.I. 8);  Answer to First Amended Complaint
(D.I. 11) and the Redacted Version of the Answer to First Amended Complaint (D.I. 16); Motion
for Temporary Restraining Order, Preliminary Injunction, and for Expedited Delivery (D.I. 18)
and its Redacted Version (D.I. 43);  Opening Brief in Support for Temporary Restraining Order,
Preliminary Injunction, and for Expedited Delivery (D.I. 19) and its Redacted Version (D.I. 44);
Answer to Complaint, Crossclaim against ChanBond, LLC, Counterclaim against CBV, Inc. (D.I.
41) and its Redacted Version (D.I. 47); Answering Brief in Opposition to the Motion for
Temporary Restraining Order, Preliminary Injunction, and for Expedited Delivery (D.I. 48) and
its Redacted Version (D.I. 67); Declaration of Akiva M. Cohen in Support of the Answering Brief
in Opposition to the Motion for Temporary Restraining Order, Preliminary Injunction, and for
Expedited Delivery (D.I. 49) and its Redacted Version (D.I. 68); Declaration of Deirdre Leane in
Support of the Answering Brief in Opposition to the Motion for Temporary Restraining Order,
Preliminary Injunction, and for Expedited Delivery (D.I. 51) and its Redacted Version (D.I. 69);
Answering Brief in Opposition to the Motion for Temporary Restraining Order, Preliminary
Injunction, and for Expedited Delivery (D.I. 54) and its Redacted Version (D.I. 66); Reply Brief

"judicial records" filed with this Court that have been publicly accessible in other litigation matters, which belies any justification for maintaining their confidentiality. *Id.* Moreover, the Proposed Intervenors seek to unseal the settlement amount contained in an arbitration award, and any figure in which the settlement amount could be derived therefrom, from various documents filed under seal. D.I. 101 at 6; D.I. 158 at 1-2. ChanBond does not dispute that everything that has been previously filed in the public domain should be unsealed in this matter. D.I. 118 at 2 ("ChanBond does not object to the public filing of the agreements between the parties that the Non-Parties admit are already available in the public domain."). Nor do the other parties to this action oppose the unsealing of all agreements which have been publicly filed. Accordingly, the Court will unseal all documents identified in footnote 3.

Although there is no dispute that publicly filed documents should be unsealed, ChanBond argues that justice "requires the Court to seal the amount of the settlement and any associated information by which that amount can be calculated" from any of the documents identified in footnote 3. *Id.* In response to the Court's October 5, 2022 Memorandum Opinion, ChanBond reiterated that good cause exists to maintain the settlement amount, or amounts from which the settlement amount can be reverse engineered, that is disclosed in the filings identified in footnote 3 and the Court's October 5, 2022 Memorandum Opinion under seal or redacted. D.I. 157 at 2-4 ("ChanBond and the Leane Defendants respectfully submit that good cause exists to redact the portions of the Opinion that set forth the settlement amount in order to protect the interests of the

_____

in Support of the Motion for Temporary Restraining Order, Preliminary Injunction, and for Expedited Delivery (D.I. 65) and its Redacted Version (D.I. 81); Motion for Leave to File Sur-Reply in Further Opposition of the Motion for Temporary Restraining Order, Preliminary Injunction, and for Expedited Delivery (D.I. 71) and its Redacted Version (D.I. 85); and Answer to Answer to Complaint, Crossclaim against ChanBond, LLC, Counterclaim against CBV, Inc. (D.I. 79) and its Redacted Version (D.I. 86).

parties to the agreement against public dissemination of the confidential information contained in the Opinion."). The Proposed Intervenors object to sealing or redacting the settlement amount and any associated information on the basis that such information has already been disclosed to the public. *See* D.I. 158. Thus, the crux of the parties' dispute is whether the settlement amount, and any figure in which the settlement amount could be derived, should be unsealed pursuant to the public's right of access.[4]

ChanBond urges the Court to maintain the settlement amount and any associated information under seal because the settlement agreement "was entered into between and among ChanBond and various non-parties," and "contained bargained for confidentiality provisions inuring to the benefit of these nonparties and with which ChanBond must comply." D.I. 118 at 2. ChanBond contends that it "and the non-party signatories to the settlement agreement will face substantial and irreparable harm if the settlement amount is disclosed publicly" because they may face breach of contract claims or parties thereto may seek to rescind the agreement and reclaim the settlement proceeds. *Id.* at 3-4. However, on August 5, 2022, counsel for the Proposed Intervenors notified the Court that the settlement amount at-issue had been publicly disclosed since February 4, 2022, in a complaint filed before the New York Supreme Court (the "New York State Action"). D.I. 137; *see Mischon De Reya New York LLP v. ChanBond, LLC, et al.*, Index No. 650575/2022 (N.Y. Sup. Ct.). On November 29, 2022, the Court held a hearing on this issue, where ChanBond conceded that the settlement amount had been publicly disclosed in the New York State Action, and remained publicly disclosed, since February 4, 2022. D.I. 189. Immediately following the

---

[4] Importantly, the Proposed Intervenors are not requesting that the Court unseal the entirety of the settlement agreement itself and have acknowledged that the settlement agreement has not been filed in its entirety with the Court and, thus, is not a judicial record subject to the presumptive right of public access. D.I. 204. Rather, the "Proposed Intervenors seek information that has been taken from that agreement and included in documents that have been filed with the Court." *Id.*

November 29, 2022 hearing, a group of non-party cable companies ("Cable Companies") filed a letter with the Court explaining that the Cable Companies had only just "learned that the total dollar figure in the underlying settlement agreement that gave rise to the present action was made public in a separate litigation involving ChanBond and/or its attorneys, even though the terms of the settlement agreement required that it be kept confidential." D.I. 190 at 1. Like ChanBond, the Cable Companies urged the Court to maintain the settlement amount under seal because the settlement agreement required that it be kept confidential. *Id.*

Thereafter, the Court ordered the Cable Companies to show good cause as to why the underlying settlement agreement and its terms shall remain confidential and under seal in light of the disclosure in the New York State Action. D.I. 200. In response, the Cable Companies again reiterated that "the private settlement would not have been executed but for the bargained-for confidentiality provision." D.I. 201 at 1. Further, the Cable Companies explained that "[f]iling this private agreement or its terms in the public record [would] eviscerate[] the intention of the parties and causes a clearly defined and serious injury." *Id.* The Cable Companies also represented that they were coordinating with counsel in the New York State Action to seal the complaint which publicly disclosed the settlement amount. *See* D.I. 202, Ex B; *id.* at Ex. D (counsel in the New York State Action representing that "[t]he parties agreed to work together to effectuate the redaction of the citations to the alleged settlement value . . . in the Complaint in this action").

On this record, the Court cannot conclude that any harm from disclosure of the documents at issue outweighs the "strong presumption" in favor of public access to judicial records. *See In re Application of Storag Etzel GmbH*, No. 19-209-CFC, 2020 WL 2949742, at *29 (D. Del. Mar. 25, 2020) ("After material appears unsealed on a court's docket, and therefore in the public domain, there are little, if any, plausible justifications for subsequently sealing the same

material."). Importantly, there is no dispute that the settlement amount has been publicly available in the New York State Action since February 4, 2022. And, although the Cable Companies coordinated with counsel in the New York State Action to seal the complaint which publicly disclosed the settlement amount, a review of the New York State Action's docket reveals that the motion to seal the settlement amount was denied. *See Mishcon De Reya New York LLP v. ChanBond, LLC, et al.*, Index No. 650575/2022 at D.I. 34 (N.Y. Sup. Ct. Jan. 25, 2023). There, in denying the unopposed motion to seal the complaint, the New York Supreme Court explained that the "amount, which is a material fact recited in a judicial record for which the public has a presumptive right of access, has been public for nearly a year." *Id.* The Court finds that reasoning persuasive. *Milhouse v. Heath*, No. 14-1844, 2016 WL 9184416, at *1 (M.D. Pa. Sept. 7, 2016) ("Once material is in the public domain on the public dockets of courts, there is little sound justification for sealing subsequent filings containing the same public domain material.").

The settlement amount and its associated information have been publicly accessible for more than a year and remain in the public domain to this day. *See generally Mishcon De Reya New York LLP v. ChanBond, LLC, et al.*, Index No. 650575/2022 (N.Y. Sup. Ct.). Members of the public, and more pointedly, any competitors of the parties or non-parties keen on mining whatever competitive information might be accessible from the settlement amount and its associated information, have now long had unfettered access to it. No order of a court can un-ring that bell. *See In re Application of Storag Etzel GmbH*, No. 19-209-CFC, 2020 WL 2949742, at *29 (quoting *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again.")). Accordingly, because the settlement amount has remained public for more than a year, there has been no showing that public disclosure of these particular documents

disclosing the settlement amount and its associated information would work a clearly defined and serious injury to anyone. *See Avandia*, 924 F.3d at 672.

## III.   CONCLUSION

For the reasons stated above, all documents identified in footnote 3, including documents under seal which disclose the settlement amount and any information in which that settlement amount could be derived therefrom, should be unsealed.

Therefore, at Wilmington this 28th day of March 2023, **IT IS HEREBY ORDERED** that the Proposed Intervenors' Motion to Intervene and Unseal Documents (D.I. 100) is **GRANTED**, and all documents identified in footnote 3 of this Memorandum Order shall be unsealed. **IT IS FURTHER ORDERED** that ChanBond's Proposed Redactions to the Court's October 5, 2022 Memorandum Opinion (D.I. 157) are **REJECTED** and the Court's October 5, 2022 Memorandum Opinion (D.I. 151) will be unsealed in its entirety.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE