Troutman Pepper Hamilton Sanders LLP
Hercules Plaza, 1313 Market Street, Suite 5100
Wilmington, DE 19899-1709

troutman.com



**James H.S. Levine**
D 302.777.6536
james.levine@troutman.com

July 12, 2023

The Honorable Gregory B. Williams
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801

Re:     **CBV, Inc. v. ChanBond, LLC, et al., C.A. No. 1:21-cv-01456-GBW**

Dear Judge Williams,

I write on behalf of Defendants Deirdre Leane and IPNAV, LLC (collectively, "Leane Defendants"). In light of the Court's June 20, 2023 Order (D.I. 225), and the parties' unfortunate inability to agree on the final language of a proposed stipulated judgment, I write to clarify the status of the discussions regarding the contemplated judgment, as referred to briefly in Mr. Grivner's letter of yesterday evening.

Contrary to Plaintiff's assertion, the dispute over the draft judgment did not just arise late yesterday afternoon. Mr. Cohen provided an initial draft on June 19, 2023, Mr. Grivner responded with CBV's revisions on July 6, 2023 (17 days later), Mr. Cohen provided a redline to those revisions that day, Mr. Grivner provided a further revision on July 10, and Mr. Cohen provided his comments to that revision on July 11, 2023. Thus, after much back-and-forth, the parties are almost entirely in agreement on appropriate language for the stipulated judgment. Annexed as Exhibit A hereto is a copy of the latest draft, with everything but the redlined language agreed between the parties. The only remaining dispute is over the phrase "upon entry of this stipulation," which CBV wishes to append to Paragraph 11 of the draft.[1]

Leane Defendants will not agree to that language, for a simple reason: On June 16, 2023, Mr. Grivner reported to the Court, on behalf of all of the parties, that the parties were in agreement that "in light of the Court's prior rulings and the parties' respective settlements, there are no claims remaining to be tried" (D.I. 224, ¶ 1). On that basis, and only on that basis, Leane Defendants consented to the vacatur of the trial schedule, which the Court granted. In making that representation to the Court and thereby

---

[1] ChanBond has understandably taken no part in the discussions though its counsel has been included on the correspondence and is therefore presumably amenable to either party's preferred language.

**July 12, 2023**
Page 2



---

obtaining the requested relief (vacatur of the trial schedule), CBV waived any argument that there were any issues remaining to be tried beyond its anticipated appeal from the Court's construction of Section 2.8 of the PPA. Leane Defendants will not enter into a stipulation that relieves CBV from that waiver by implying that there *were* issues remaining to be tried until the stipulated judgment was executed.

Leane Defendants do not believe there is any good faith basis for CBV to attempt to walk back the representation that it previously made to the Court on behalf of *all* parties (including Leane Defendants).

If the Court believes a status conference is necessary, we would welcome the opportunity to discuss the issue with Your Honor.

                                                  Respectfully submitted,

                                                  */s/ James H. S. Levine*
                                                  James H. S. Levine (#5355)