

**Geoffrey G. Grivner**
302 552 4207
geoffrey.grivner@bipc.com

500 Delaware Avenue, Suite 720
Wilmington, DE  19801-7407
T 302 552 4200
F 302 552 4295

July 12, 2023

**VIA CM/ECF AND HAND DELIVER**

The Honorable Gregory B. Williams
United States District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

Re: *CBV, Inc. v. ChanBond, LLC, et al.*, C.A. No. 1:21-cv-01456-GBW

Dear Judge Williams:

I write on behalf of Plaintiff CBV, Inc. ("CBV") in the above-referenced action in furtherance of my letter filed last night [D.I. 226]. Due to what CBV views as underhanded tactics by Leane Defendants, the parties were unable to reach agreement as to a stipulated final judgment despite CBV's consistent transparency regarding its intent to appeal the prior rulings of this Court. Following email exchanges over the past week, CBV proposed a stipulated final judgment to Leane Defendants on the morning of July 10. Leane Defendants in response required an unnecessary and untenable concession by CBV regarding a narrow contractual interpretation question at 4:18 pm for the first time, less than an hour before the Court's deadline to file the stipulated final judgment. CBV respectfully requests that the Court either (1) schedule limited letter briefing relating to summary judgment on the narrow contractual interpretation question disputed between the parties; or (2) enter the proposed final judgment attached hereto as Exhibit A that preserves CBV's right to assert a declaratory judgment claim relating to the disputed contractual term in a new action in this Court.

The case at hand centers upon interpretation of a Patent Purchase Agreement (the "PPA") entered between CBV and Defendant ChanBond, LLC ("ChanBond"), and an Advisory Services Agreement (the "ASA") entered between ChanBond and Defendant IPNAV, LLC (together with Defendant Dierdre Leane, "Leane Defendants").  The ASA was entered as an acknowledged "Affiliate" agreement which was executed on behalf of both ChanBond and IPNAV by Ms. Leane, and including percentage based payment terms to benefit Leane. Ms. Leane later sold ChanBond to its current owners and sought payment called for by the ASA in an arbitration proceeding which intentionally excluded CBV.

July 12, 2023
Page - 2 -

      CBV's December 6, 2021 Amended Complaint [D.I. 6] therefore sought a declaration that ChanBond "breached the PPA by entering into the ASA without the prior approval of CBV." In filing its complaint, CBV was unaware of the status of the arbitration between Leane Defendants and ChanBond, and this Court did not have jurisdiction over Leane Defendants. CBV subsequently learned that Leane Defendants prevailed in the arbitration against ChanBond, after which Leane Defendants intervened in this action with a counterclaim against CBV [D.I. 41] seeking declarations that the "PPA does not strip ChanBond of the authority to enter into contracts without CBV's approval…"; and that because IPNAV and ChanBond are not current "Affiliates" "any payment from ChanBond to IPNAV under the ASA … may be deducted from Gross Recoveries in calculating Net Recoveries under the PPA regardless of whether CBV approved the payment to IPNAV." Two questions of law regarding interpretation of the PPA have therefore been presented to the Court – (1) did the PPA grant CBV the right to pre-approve entry into the ASA; and (2) did the PPA grant CBV the right to pre-approve *payments* made to Leane Defendants pursuant the ASA's percentage-based payment terms established by an Affiliate transaction.

      The Court addressed the first of these questions in its October 5, 2022 Memorandum Opinion and Order denying CBV's Motion for Preliminary Injunction. [D.I. 151]. The Court held "§ 2.8 is a definition which provides a limitation to what costs and fees require pre-approval from CBV to be eligible as a deduction when calculating Net Recoveries. Contrary to its position, § 2.8 does not purport to grant CBV an unfettered right of consent before ChanBond enters into any affiliate agreement." *Id.* at 11-12. The Court did not make any determination as to the second contractual dispute -- whether the costs and fees payable to Leane Defendants (i.e., former Affiliates who became stakeholders pursuant the percentage-based payment terms of the ASA) required pre-approval by CBV before they could be deducted from Gross Recoveries to calculate Net Recoveries due CBV.

      In November 2022, ChanBond transferred certain funds to Leane Defendants to satisfy the arbitration award and other disputes between them. CBV pursued settlement of its claims against ChanBond over the next six months to reduce issues before this Court (while preserving all rights to pursue claims against Leane Defendants). CBV then sought leave to amend its Amended Complaint to assert a claim for unjust enrichment against Leane Defendants and to modify its declaratory judgment claim consistent with the Court's October 5, 2022 Memorandum Opinion and Order and the fact that funds had been transferred from ChanBond to Leane Defendants. The Court denied CBV's Motion for Leave to Amend on June 8, 2023 as untimely. [D.I. 220]. With all respect to the Court's ruling, CBV does not believe that the nature of the negotiations between the parties and delays caused by Defendants were appropriately considered, and CBV intends to address this denial of its appeal of any final judgment entered in this action.

      With the denial of CBV's Motion for Leave to Amend, Leane Defendants were quick to assert that "there is no longer anything left to try" in this action. Ex. B. CBV carefully considered its options, ultimately communicating to Leane Defendants:

July 12, 2023
Page - 3 -

> CBV believes that it is unlikely that there are any issues that remain to be litigated in this action. We do note that your email below does not reference the claims brought by Leane Defendants in this action that have not been dismissed. CBV also does not agree that its declaratory judgment claims have been settled. CBV will agree to enter a coordinated, structured final judgment, from which CBV intends to appeal. This final judgment would also not further prejudice CBV's right to bring any claim against Leane Defendants in a new action. We are continuing to research the proper procedures associated with this position, but believe that the position reflected here is sufficient to report.

Ex. C. This position was reflected in the June 16, 2023 status report to the Court. [D.I. 224]. Any suggestion to the contrary by Leane Defendants is wrong and self-serving.

Based on the status report, the Court instructed the parties to negotiate a stipulated final judgment by July 11, 2023. Once again, Leane Defendants were eager to "wrap up" this action despite knowing that significant disputes still existed between the parties, proposing a stipulated final judgment with a judgment that "The declaratory judgment requested by Leane Defendants is granted to the extent that the Court finds and declares that Section 2.8 did not require CBV to approve, or grant CBV any right to approve, either execution of the ASA **or payment** to IPNAV as a deductible expense under the PPA. The remainder of Leane Defendants' counterclaims are dismissed without prejudice." Ex. D, emphasis added. CBV responded that the Third Circuit requires parties entering stipulated judgments to clearly identify the issues being preserved for appeal and made certain revisions to the draft stipulation accordingly. *See Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 223 (3d Cir. 2000) ("Where the terms of a stipulation clearly show that one of the parties has an unequivocal intention to appeal, the court has 'discretion to accept the appeal insofar as it relates to a prior (contested) order notwithstanding the [parties'] later consent to the entry of the final judgment itself.'" (*quoting BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America*, 132 F.3d 824, 828 (1st Cir.1997).

As CBV continued to consider whether it would be able to appeal the "payment" declaration (brought on in part by vague questions and proposed language offered by Leane Defendants regarding the scope of CBV's appeal), CBV ultimately determined that it would not be able to appeal a declaration relating to whether CBV had any pre-approval right with respect to ChandBond's payment to Leane Defendants as it was not derived from a "disputed order." Therefore, on Monday morning, CBV proposed Leane Defendants dismiss its declaratory judgment claim relating to "payment" without prejudice, just as it did with certain of its other claims. Ex. E.

With yesterday's deadline looming, Leane Defendants for the first time took exception to a change in language regarding the existence of facts left to be tried in the action. Ex. F. CBV has consistently voiced the existence of legal questions of contractual interpretation disputed between the parties but does not believe there are any questions of fact between the parties necessitating a trial. At 4:18 pm, Leane Defendants for the first time posited "If you think there's a basis remaining

July 12, 2023
Page - 4 -

for recovery absent a reversal on the 2.8 ruling, let's have that ruled on." Ex. G. This came as an incredible surprise to CBV, as it was always understood that an appeal of the contested orders in this action, with a reservation of rights to pursue other legal disputed in a new action if necessary is the most efficient means of resolving this dispute. CBV responded that it would be willing to have this Court hear the "payment" question on summary judgment if that was Leane Defendants' preference. Ex. H.

After the deadline to file a proposed final judgment passed, Leane Defendants sought to blame CBV for this newfound dispute despite their creation of it, refused to agree to a stipulation extending time to negotiate further and file a stipulated final judgment, and argued that CBV is somehow obligated to enter the stipulation proposed by Leane Defendants. Ex. I. Such tactics and deceit are exactly what has hampered a reasonable resolution of this action.

CBV respectfully requests the Court either set a letter briefing schedule on a motion for summary judgment addressing Leane Defendant's declaratory judgment claim that "[b]ecause IPNAV and ChanBond are not 'Affiliates' as defined in the PPA as of the time any payment from ChanBond to IPNAV under the ASA would be made, such payment may be deducted from Gross Recoveries in calculating Net Recoveries under the PPA regardless of whether CBV approved the payment to IPNAV;" or (2) enter the enclosed proposed final judgment that reserves the parties right to have that question adjudicated in a separate action.

Should Your Honor have any questions or require anything further, counsel remains available at Your Honor's convenience.

Respectfully submitted,

/s/ *Geoffrey G. Grivner*

Geoffrey G. Grivner (#4711)

Enclosures

cc:   All Counsel of Record (via CM/ECF)
      Patrick Keane, Esq.