# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., | ) |
|         Plaintiff, | ) |
| v. | ) C.A. No. 1:21-cv-01456-GBW |
| CHANBOND, LLC, DEIRDRE LEANE, and IPNAV, LLC, | ) ) ) |
|         Defendants. | ) |

**[PROPOSED] FINAL JUDGMENT**

Having considered prior findings of this Court and submissions from the parties regarding the form of this order, IT IS HEREBY DETERMINED AND ORDERED:

1. CBV and ChanBond entered into a Patent Purchase Agreement dated April 9, 2015 (the "PPA").

2. ChanBond and IPNAV entered into an Advisory Services Agreement dated as of April 9, 2015 (the "ASA").

3. Deirdre Leane and non-party UnifiedOnline, Inc. ("Unified") entered into an Interest Sale Agreement dated October 27, 2015 (the "ISA"), by which Ms. Leane sold 100% of the membership interests in ChanBond to Unified.

4. On October 15, 2021, CBV filed its Complaint against ChanBond for breach of the PPA and seeking, *inter alia,* certain declarations regarding interpretation of the PPA

5. CBV filed its First Amended Complaint on December 6, 2021.

6. Leane Defendants intervened in this action, and filed their Answer, Crossclaims, and Counterclaims on March 23, 2022. Leane Defendants' Counterclaims against CBV sought certain declarations regarding interpretation of the PPA, *inter alia*.

7. On October 5, 2022, the Court denied Plaintiff's Motion for Preliminary Injunction. In so doing, the Court ruled, as a matter of law, that "to an objective, reasonable third party, it is clear that § 2.8

defines the costs and fees which are deductible from Net Recoveries and provides a limitation as to the costs and fees requiring pre-approval from CBV to be eligible as a deduction. Thus, ChanBond did not breach § 2.8 of the PPA when it, without the pre-approval of CBV, entered into the ASA with IPNAV."

8. In November 2022, Leane Defendants and ChanBond settled claims between them, and in connection therewith, ChanBond transferred $30 million to Leane Defendants.

9. CBV settled its claims against ChanBond on April 17, 2023. On May 17, 2023, Plaintiff filed a motion for leave to amend its Amended Complaint, seeking, *inter alia,* to assert a claim for unjust enrichment against Leane Defendants Leane Defendants opposed the motion for leave to amend.

10. On June 8, 2023, the Court denied Plaintiff's Motion for Leave to Amend its Amended Complaint.

11. There are no triable facts in dispute remaining in this action upon entry of this order.

12. CBV intends to appeal the contested orders issued in this action consistent with the terms of this Order.

13. Count VI of CBV's Amended Complaint seeks a declaratory judgment that the ASA is invalid because its execution allegedly breached Section 2.8 of the PPA, arguing that because ChanBond and IPNAV were Affiliates at the time they executed the ASA, Section 2.8 of the PPA required ChanBond to obtain CBV's pre-approval before it could execute the ASA.

14. The Court's October 5, 2022 Memorandum Opinion and Order construed Section 2.8 of the PPA and found that it did not grant CBV a right to pre-approve entry into contracts between ChanBond and its Affiliates, such that execution of the ASA did not breach the PPA. Based on this finding, Plaintiff's requested declaratory judgment is denied, and Count VI of CBV's Complaint is hereby dismissed with prejudice. CBV intends to appeal theses rulings.

15. Count IV of CBV's Amended Complaint seeks a declaratory judgment that the ISA is invalid because it incorporated the ASA, which, as described above, CBV alleged was executed in breach of the PPA.  Count IV of CBV's Amended Complaint is dismissed without prejudice.

16. Counts I, II, III, and V of CBV's Amended Complaint are dismissed with prejudice pursuant to the settlement between ChanBond and CBV.

17. Count VII of CBV's Amended Complaint is dismissed as moot.

18. Count I of Leane Defendants' Counterclaims seeks a declaration that Section 2.8 of the PPA did not preclude ChanBond from entering into the ASA with IPNAV and that ChanBond could deduct payments to IPNAV in calculating any amounts due to CBV under the PPA because ChanBond and IPNAV were not affiliates at the time of any payment from ChanBond to IPNAV. Count I of the Counterclaims also seeks a declaratory judgment that CBV sufficiently approved the ASA to the extent that it was required to do so under the PPA.

19. The Court's October 5, 2022 Memorandum Opinion and Order construed Section 2.8 of the PPA and found that it did not grant Plaintiff CBV a right to pre-approve contracts between ChanBond and its Affiliates, such that execution of the ASA did not breach the PPA. Based on this finding, the declaratory judgment requested by Leane Defendants is granted to the extent that the Court finds and declares that Section 2.8 did not require CBV to pre-approve, or grant CBV any right to pre-approve the entry into and execution of the ASA. CBV intends to appeal this ruling. The remainder of Leane Defendants' counterclaims are dismissed without prejudice.

20. CBV intends to appeal the June 8, 2023 denial of its Motion for Leave to Amend its Amended Complaint.

21. All other pending claims by any party to this action not specifically addressed herein are dismissed with prejudice, and all outstanding motions denied as moot.

DATED this _____ day of July, 2023.

IT IS SO ORDERED. The Clerk is directed to enter judgment in favor of Defendants ChanBond, LLC, Deirdre Leane, and IPNAV, LLC and against plaintiff CBV, Inc. in conformity with this Order.

DATED:_____

_____
The Honorable Gregory B Williams
United States District Court Judge