# EXHIBIT E

| | |
|---|---|
| **From:** | Geoffrey G. Grivner |
| **Sent:** | Monday, July 10, 2023 11:57 AM |
| **To:** | Akiva Cohen |
| **Cc:** | Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks |
| **Subject:** | RE: Draft Stipulated Judgment |
| **Attachments:** | CBV- Revised Draft Stipulated Judgment (4878-1205-5662 v4).docx |

Akiva,

Thank you for clarifying your revisions.

We accepted your changes, and propose a few necessary revisions based on your feedback, as reflected in the attached tracked changes.

Upon reviewing the scope of appealable issues based on your feedback, CBV cannot stipulate to any declaration regarding CBV's pre-approval right with respect to any payment made to Leane Defendants from ChanBond because the Court has not made any legal determination as to that question. CBV cannot jeopardize the Third Circuit ruling (irrespective of our stipulation) that there is no appealable contested order to rule upon regarding the payment issue.

With this in mind, our revision contemplates Leane Defendants dismissing that declaration claim without prejudice (just like the "sufficient approval" declaration). We will do the same with respect to CBV's ISA declaration.

That leaves CBV with the following arguments to raise on appeal:

1. The Court erred in denying Plaintiff's Motion for Leave to Amend its First Amended Complaint regarding unjust enrichment and CBV's pre-approval right over any payment made to Leane Defendants pursuant a valid ASA.
2. The Court erred in determining that Section 2.8 of the PPA did not grant CBV a right to pre-approve contracts between ChanBond and its Affiliates such that execution of the ASA did not breach the PPA.
3. The Court erred in determining that Section 2.8 did not require CBV to pre-approve, or grant CBV the right to pre-approve, entry into the ASA as a deductible expense under the PPA.

2 and 3 are really the same thing, just phrased differently based upon our respective declaratory judgment claims. So long as we are in agreement on this, we are fine with your "solely on the basis" language.

With respect to the "characterization" of pleadings, I took guidance from your suggestion with respect to the Second Amended Complaint below to provide necessary context without editorializing.

Please let us know if this version is acceptable.

Regards,
Geoff

**Geoffrey Grivner**
**Shareholder**

500 Delaware Avenue, Suite 720
Wilmington, DE 19801-7407
302 552 4207 (o)

1

484 431 6101 (c)
geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Thursday, July 6, 2023 5:48 PM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** RE: Draft Stipulated Judgment

Left the explanation in the comment: we want to be crystal clear that what you are preserving a right to appeal is only:

1) The determination in the October ruling; and
2) The denial of leave to appeal.

If either of those are reversed, you get reversal of this stipulated judgment. But that's it – those are the only issues you are appealing. "Intends to appeal this ruling" without limitation would leave it open ended. Is there some other basis for appeal that you intend to preserve? If so, I need to know what it is before I stipulate to a judgment that avoids the appeal limiting effect of a trial record. If not, then we should just say so.

Akiva M. Cohen

Kamerman Uncyk Soniker & Klein
1700 Broadway
New York, NY 10019
212-400-4930

**From:** Geoffrey G. Grivner
**Sent:** Thursday, July 6, 2023 4:33 PM
**To:** Akiva Cohen
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks
**Subject:** RE: Draft Stipulated Judgment

Thanks, we will discuss and get back to you.

Can you explain your addition of "solely on the basis that the Court's underlying construction of the PPA was incorrect."?

**Geoffrey Grivner**
Shareholder

500 Delaware Avenue, Suite 720
Wilmington, DE 19801-7407
302 552 4207 (o)
484 431 6101 (c)
geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

3

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Thursday, July 6, 2023 4:09 PM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** RE: Draft Stipulated Judgment

Geoff,

I appreciate it re prejudice. For the characterizations the problem is you are asking my clients to stipulate to characterizations we don't agree to.

The attached has redlines with my thoughts, but here's an easy example:

1. "CBV filed its Complaint against ChanBond seeking to protect and award payment of certain funds allegedly

owed it pursuant to the PPA."

That's not how we'd characterize your complaint and I don't think you'd want to include both versions (from our perspective "asserting claims it knew were barred by its agreements with ChanBond in an attempt to obtain money to which it wasn't entitled" would be more accurate). Same goes for your description of what your motion for leave to amend was intended to accomplish; I believe you mean that in good faith but it's not something we're going to stipulate to. (If you want to have that one be "seeking, *inter alia*, to assert a claim against Leane Defendants for unjust enrichment" I could be ok with that as well).

You can always include those characterizations in your appellate briefing and just cite the underlying documents for purposes of giving the Third Circuit context – you don't need it to be in the judgment itself.

Anyway, please give the redline a look, hopefully we can get this ironed out with relatively little back and forth

Akiva M. Cohen
Kamerman Uncyk Soniker & Klein
1700 Broadway
New York, NY 10019
212-400-4930

**From:** Geoffrey G. Grivner
**Sent:** Thursday, July 6, 2023 3:27 PM
**To:** Akiva Cohen
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks
**Subject:** RE: Draft Stipulated Judgment

Akiva,

On your two points below, we have changed the dismissals "without prejudice" back to "with prejudice" in the attached.

4

As to the "characterization" of the pleadings, I would typically agree with you if this were a stipulation of judgment where appeal was not being contemplated. But here, we expect the Third Circuit to be reviewing this document and the basic, objective statements regarding the claims is helpful in providing context in the overall document, and we believe it is necessary and appropriate for that reason. If there is specific language you take exception to, we are happy to consider alternative language. We can also look for specific quotes from the pleadings or the Court's October 5 opinion if that would be less problematic from your perspective.

Geoff

**Geoffrey Grivner**
**Shareholder**

500 Delaware Avenue, Suite 720
Wilmington, DE 19801-7407
302 552 4207 (o)
484 431 6101 (c)
geoffrey.grivner@bipc.com

# Buchanan
vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Thursday, July 6, 2023 11:16 AM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** RE: Draft Stipulated Judgment

Geoff:

Thanks, will review in detail and get back to you.

But on a quick look:

1) I'm not inclined to stipulate to characterizations of the pleadings – they speak for themselves. To the extent you want to generally reference the procedural history, we'll need to limit it to "CBV filed its complaint on X date, Defendants intervened on Y date, etc." Not a recitation of the contents of those pleadings or what they were intended to accomplish.
2) The change of the dismissals of counts 4 and 6 from with prejudice to without prejudice is an absolute non-starter. This is a stipulated judgment – a decision on the merits. Those claims are done forever. So dismissed with prejudice. A dismissal without prejudice would just let you refile the same claims in a new court regardless of the outcome of your intended appeal. Please confirm that you are not going to insist on without-prejudice dismissals for your claims, or we should just stop this discussion ASAP.


Akiva M. Cohen
Kamerman Uncyk Soniker & Klein
1700 Broadway
New York, NY 10019
212-400-4930

**From:** Geoffrey G. Grivner
**Sent:** Thursday, July 6, 2023 10:52 AM
**To:** Akiva Cohen
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks
**Subject:** RE: Draft Stipulated Judgment

Akiva,

We are generally ok with your proposed stipulated judgment. However, the Third Circuit requires parties entering stipulated judgments to clearly identify the issues being preserved for appeal. *See Keefe v. Prudential Prop. & Cas. Ins. Co.,* 203 F.3d 218, 223 (3d Cir. 2000) ("Where the terms of a stipulation clearly show that one of the parties has an unequivocal intention to appeal, the court has 'discretion to accept the appeal insofar as it relates to a prior (contested) order notwithstanding the [parties'] later consent to the entry of the final judgment itself.'" (*quoting BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America*, 132 F.3d 824, 828 (1st Cir.1997).

With this in mind, please see the attached revisions to your proposed stipulated order (and redline). Please let us know if this is acceptable for filing.

Geoff


**Geoffrey Grivner**
**Shareholder**

500 Delaware Avenue, Suite 720
Wilmington, DE 19801-7407
302 552 4207 (o)
484 431 6101 (c)
geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Wednesday, July 5, 2023 10:51 AM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>
**Subject:** RE: Draft Stipulated Judgment

Geoff,

I hope you had a good holiday weekend. Do you have an ETA for us?

Akiva M. Cohen
Kamerman Uncyk Soniker & Klein
1700 Broadway
New York, NY 10019
212-400-4930

**From:** Geoffrey G. Grivner
**Sent:** Wednesday, June 28, 2023 12:19 PM
**To:** Akiva Cohen
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford
**Subject:** Re: Draft Stipulated Judgment

Akiva, thanks.

We are reviewing and conferring and will be in touch as soon as possible.

Geoff

> On Jun 28, 2023, at 11:41 AM, Akiva Cohen <acohen@kusklaw.com> wrote:
>
> Geoff, I hope your travels were fruitful.
>
> Please give me your thoughts on the draft attached to the below email
>
> Akiva M. Cohen
>
> Kamerman Uncyk Soniker & Klein
>
> 1700 Broadway

8

New York, NY 10019

212-400-4930

---

**From:** Akiva Cohen
**Sent:** Monday, June 19, 2023 11:45 AM
**To:** Grivner, Geoffrey G.; Keane, Patrick
**Cc:** Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford
**Subject:** Draft Stipulated Judgment

All,

My clients (and my wife, we're moving!) would like to get this wrapped up as expeditiously as possible, and to that end I've drafted a proposed stipulated judgment that includes a judgment in favor of us on our declaratory judgment claims and against CBV on its. It also dismisses the remainder of our claims *without* prejudice (since the unjust enrichment and "CBV sufficiently approved" claims would potentially be relevant in the event that your clients later bring some form of claim against us). I based the form on a stipulated judgment we did (and got entered) for Bungie in the Western District of Washington, and James didn't flag anything as needing a Delaware-specific tweak, so that should be all correct.

Please let me know what you think, and let's try and get this finalized by the end of the week.

Happy Juneteenth,

Akiva M. Cohen

Kamerman Uncyk Soniker & Klein

1700 Broadway

New York, NY 10019

212-400-4930

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.