# EXHIBIT H

| | |
|---|---|
| **From:** | Geoffrey G. Grivner |
| **Sent:** | Tuesday, July 11, 2023 6:32 PM |
| **To:** | Akiva Cohen |
| **Cc:** | Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks |
| **Subject:** | RE: Draft Stipulated Judgment |

Akiva,

You seem to be posing two separate questions – (1) are there triable questions of facts remaining in the case (either before or after the execution of the stipulation of judgment); and (2) is there a basis remaining for recovery absent a reversal "on the 2.8 ruling?"

First, we do believe there is a basis for recovery absent reversal of the court's ruling that 2.8 does not provide CBV a right to pre-approve entry into or execution/signature of an agreement with an Affiliate. Specifically, we believe that the question as to whether CBV had the right to pre-approve ChanBond's payment to Leane Defendants has not been resolved by the Court. That question has been presented to the Court in your declaratory judgment counterclaim and was the thrust of our proposed Second Amended Complaint (in addition to the unjust enrichment claim we proposed adding).

We have proceeded with this in mind since the motion for leave to amend was denied, and believe entry of a final judgment to appeal the denial of the motion for leave as well as the Court's ruling on CBV's right to pre-approve entry into the ASA is the most efficient approach to the outstanding disputes between the parties. We do not, however, concede that CBV would have no means of recovery if our appeal were denied.

As to your first question, we do not believe there are factual disputes that would necessitate a trial, and that position has not changed.

We believe we have been extremely transparent about our positions here. If you think that proposing the District Court address the question of whether "CBV had the right to pre-approve the payment made by ChanBond to Leane Defendants" on summary judgment, we would certainly consider that as an alternative approach.

Given the hour and today's deadline, we can also agree to file a stipulation extending the present deadline to Friday – I do not believe the Court would take exception to that.

Regards,

Geoff

**Geoffrey Grivner**
Shareholder

500 Delaware Avenue, Suite 720
Wilmington, DE 19801-7407
302 552 4207 (o)
484 431 6101 (c)
geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Tuesday, July 11, 2023 4:18 PM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** Re: Draft Stipulated Judgment

I don't think there are any facts remaining to be tried given the settlements and releases, which is what we reported to the court. If you think there's a basis remaining for recovery absent a reversal on the 2.8 ruling, let's have that ruled on. I don't, and I'm not going to stipulate to anything different than what we jointly reported to the court

Sent from my T-Mobile 5G Device
Get Outlook for Android

**From:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Sent:** Tuesday, July 11, 2023 3:25:32 PM
**To:** Akiva Cohen <acohen@kusklaw.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** RE: Draft Stipulated Judgment

Wouldn't you agree that factual disputes exist with respect to your "sufficient approval" and statute of limitations arguments? I am not trying to be cute or change our position, but I do think it is more accurate to say that any remaining factual disputes are resolved through the stipulation.

**Geoffrey Grivner**

**Shareholder**

500 Delaware Avenue, Suite 720

Wilmington, DE 19801-7407

302 552 4207 (o)

484 431 6101 (c)

geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

4

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Tuesday, July 11, 2023 3:18 PM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** Re: Draft Stipulated Judgment

"upon entry of this stipulation" needs to come out of paragraph 11. You already represented to the court that the parties agreed that there were no remaining facts left to be tried. Have you changed your mind on that?

I'm ok with the remainder of the edits so long as count IV is dismissed with prejudice rather than without

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Sent:** Monday, July 10, 2023 11:57:12 AM
**To:** Akiva Cohen <acohen@kusklaw.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** RE: Draft Stipulated Judgment

Akiva,

Thank you for clarifying your revisions.

We accepted your changes, and propose a few necessary revisions based on your feedback, as reflected in the attached tracked changes.

Upon reviewing the scope of appealable issues based on your feedback, CBV cannot stipulate to any declaration regarding CBV's pre-approval right with respect to any payment made to Leane Defendants from ChanBond because the Court has not made any legal determination as to that question. CBV cannot jeopardize the Third Circuit ruling (irrespective of our stipulation) that there is no appealable contested order to rule upon regarding the payment issue.

With this in mind, our revision contemplates Leane Defendants dismissing that declaration claim without prejudice (just like the "sufficient approval" declaration). We will do the same with respect to CBV's ISA declaration.

That leaves CBV with the following arguments to raise on appeal:

1.      The Court erred in denying Plaintiff's Motion for Leave to Amend its First Amended Complaint regarding unjust enrichment and CBV's pre-approval right over any payment made to Leane Defendants pursuant a valid ASA.

2.      The Court erred in determining that Section 2.8 of the PPA did not grant CBV a right to pre-approve contracts between ChanBond and its Affiliates such that execution of the ASA did not breach the PPA.

3.      The Court erred in determining that Section 2.8 did not require CBV to pre-approve, or grant CBV the right to pre-approve, entry into the ASA as a deductible expense under the PPA.

2 and 3 are really the same thing, just phrased differently based upon our respective declaratory judgment claims. So long as we are in agreement on this, we are fine with your "solely on the basis" language.

With respect to the "characterization" of pleadings, I took guidance from your suggestion with respect to the Second Amended Complaint below to provide necessary context without editorializing.

Please let us know if this version is acceptable.

Regards,

Geoff

**Geoffrey Grivner**

**Shareholder**

500 Delaware Avenue, Suite 720

Wilmington, DE 19801-7407

302 552 4207 (o)

484 431 6101 (c)

geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Thursday, July 6, 2023 5:48 PM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** RE: Draft Stipulated Judgment

Left the explanation in the comment: we want to be crystal clear that what you are preserving a right to appeal is only:

1. The determination in the October ruling; and
2. The denial of leave to appeal.

If either of those are reversed, you get reversal of this stipulated judgment. But that's it – those are the only issues you are appealing. "Intends to appeal this ruling" without limitation would leave it open ended. Is there some other basis for appeal that you intend to preserve? If so, I need to know what it is before I stipulate to a judgment that avoids the appeal limiting effect of a trial record. If not, then we should just say so.

Akiva M. Cohen

Kamerman Uncyk Soniker & Klein

1700 Broadway

New York, NY 10019

212-400-4930

**From:** Geoffrey G. Grivner
**Sent:** Thursday, July 6, 2023 4:33 PM
**To:** Akiva Cohen
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks
**Subject:** RE: Draft Stipulated Judgment

8

Thanks, we will discuss and get back to you.

Can you explain your addition of "solely on the basis that the Court's underlying construction of the PPA was incorrect."?

**Geoffrey Grivner**

**Shareholder**

500 Delaware Avenue, Suite 720

Wilmington, DE 19801-7407

302 552 4207 (o)

484 431 6101 (c)

geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Thursday, July 6, 2023 4:09 PM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** RE: Draft Stipulated Judgment

Geoff,

I appreciate it re prejudice. For the characterizations the problem is you are asking my clients to stipulate to characterizations we don't agree to.

The attached has redlines with my thoughts, but here's an easy example:

   1.   "CBV filed its Complaint against ChanBond seeking to protect and award payment of certain funds allegedly owed it pursuant to the PPA."

That's not how we'd characterize your complaint and I don't think you'd want to include both versions (from our perspective "asserting claims it knew were barred by its agreements with ChanBond in an attempt to obtain money to which it wasn't entitled" would be more accurate). Same goes for your description of what your motion for leave to amend was intended to accomplish; I believe you mean that in good faith but it's not something we're going to stipulate to. (If you want to have that one be "seeking, *inter alia*, to assert a claim against Leane Defendants for unjust enrichment" I could be ok with that as well).

You can always include those characterizations in your appellate briefing and just cite the underlying documents for purposes of giving the Third Circuit context – you don't need it to be in the judgment itself.

Anyway, please give the redline a look, hopefully we can get this ironed out with relatively little back and forth

Akiva M. Cohen

Kamerman Uncyk Soniker & Klein

1700 Broadway

New York, NY 10019

212-400-4930

---

**From:** Geoffrey G. Grivner
**Sent:** Thursday, July 6, 2023 3:27 PM
**To:** Akiva Cohen
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks
**Subject:** RE: Draft Stipulated Judgment

Akiva,

On your two points below, we have changed the dismissals "without prejudice" back to "with prejudice" in the attached.

As to the "characterization" of the pleadings, I would typically agree with you if this were a stipulation of judgment where appeal was not being contemplated. But here, we expect the Third Circuit to be reviewing this document and the basic, objective statements regarding the claims is helpful in providing context in the overall document, and we believe it is necessary and appropriate for that reason. If there is specific language you take exception to, we are happy to consider alternative language. We can also look for specific quotes from the pleadings or the Court's October 5 opinion if that would be less problematic from your perspective.

Geoff

**Geoffrey Grivner**

**Shareholder**

500 Delaware Avenue, Suite 720

Wilmington, DE 19801-7407

302 552 4207 (o)

484 431 6101 (c)

geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Thursday, July 6, 2023 11:16 AM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** RE: Draft Stipulated Judgment

Geoff:

Thanks, will review in detail and get back to you.

But on a quick look:

1. I'm not inclined to stipulate to characterizations of the pleadings – they speak for themselves. To the extent you want to generally reference the procedural history, we'll need to limit it to "CBV filed its complaint on X date, Defendants intervened on Y date, etc." Not a recitation of the contents of those pleadings or what they were intended to accomplish.
2. The change of the dismissals of counts 4 and 6 from with prejudice to without prejudice is an absolute non-starter. This is a stipulated judgment – a decision on the merits. Those claims are done forever. So dismissed with prejudice. A dismissal without prejudice would just let you refile the same claims in a new court regardless of the outcome of your intended appeal. Please confirm that you are not going to insist on without-prejudice dismissals for your claims, or we should just stop this discussion ASAP.

Akiva M. Cohen

Kamerman Uncyk Soniker & Klein

1700 Broadway

New York, NY 10019

212-400-4930

---

**From:** Geoffrey G. Grivner
**Sent:** Thursday, July 6, 2023 10:52 AM
**To:** Akiva Cohen
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks
**Subject:** RE: Draft Stipulated Judgment

Akiva,

We are generally ok with your proposed stipulated judgment. However, the Third Circuit requires parties entering stipulated judgments to clearly identify the issues being preserved for appeal. *See Keefe v. Prudential Prop. & Cas. Ins. Co.,* 203 F.3d 218, 223 (3d Cir. 2000) ("Where the terms of a stipulation clearly show that one of the parties has an unequivocal intention to appeal, the court has 'discretion to accept the appeal insofar as it relates to a prior (contested) order notwithstanding the [parties'] later consent to the entry of the final judgment itself.'" (*quoting BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America*, 132 F.3d 824, 828 (1st Cir.1997).

With this in mind, please see the attached revisions to your proposed stipulated order (and redline). Please let us know if this is acceptable for filing.

Geoff

## Geoffrey Grivner

**Shareholder**

500 Delaware Avenue, Suite 720

Wilmington, DE 19801-7407

302 552 4207 (o)

484 431 6101 (c)

geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Wednesday, July 5, 2023 10:51 AM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>
**Subject:** RE: Draft Stipulated Judgment

Geoff,

I hope you had a good holiday weekend. Do you have an ETA for us?

Akiva M. Cohen

Kamerman Uncyk Soniker & Klein

1700 Broadway

New York, NY 10019

212-400-4930

**From:** Geoffrey G. Grivner
**Sent:** Wednesday, June 28, 2023 12:19 PM
**To:** Akiva Cohen
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford
**Subject:** Re: Draft Stipulated Judgment

Akiva, thanks.

We are reviewing and conferring and will be in touch as soon as possible.

Geoff

On Jun 28, 2023, at 11:41 AM, Akiva Cohen <acohen@kusklaw.com> wrote:

Geoff, I hope your travels were fruitful.

Please give me your thoughts on the draft attached to the below email

Akiva M. Cohen

Kamerman Uncyk Soniker & Klein

1700 Broadway

New York, NY 10019

212-400-4930

**From:** Akiva Cohen
**Sent:** Monday, June 19, 2023 11:45 AM
**To:** Grivner, Geoffrey G.; Keane, Patrick
**Cc:** Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford
**Subject:** Draft Stipulated Judgment

All,

My clients (and my wife, we're moving!) would like to get this wrapped up as expeditiously as possible, and to that end I've drafted a proposed stipulated judgment that includes a judgment in favor of us on our declaratory judgment claims and against CBV on its. It also dismisses the remainder of our claims **without** prejudice (since the unjust enrichment and "CBV sufficiently approved" claims would potentially be relevant in the event that your clients later bring some form of claim against us). I based the form on a stipulated judgment we did (and got entered) for Bungie in the Western District of Washington, and James didn't flag anything as needing a Delaware-specific tweak, so that should be all correct.

Please let me know what you think, and let's try and get this finalized by the end of the week.

Happy Juneteenth,

Akiva M. Cohen

Kamerman Uncyk Soniker & Klein

1700 Broadway

New York, NY 10019

212-400-4930

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

---

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.