# EXHIBIT I

| From: | Akiva Cohen <acohen@kusklaw.com> |
|---|---|
| Sent: | Tuesday, July 11, 2023 10:07 PM |
| To: | Geoffrey G. Grivner |
| Cc: | Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks |
| Subject: | RE: Draft Stipulated Judgment |

Geoff,

When you reported to the Court that there were no issues remaining to be tried and obtained a vacatur of the trial schedule, you bound your client to the position that there were no remaining issues in the case that could impact the outcome in light of the Court's interpretation of Section 2.8 and denial of leave to amend. That includes any argument that the payment to us could support a claim for recovery by CBV. We agreed to the status report and to jointly request adjournment of the trial schedule only on that basis. The Court granted the requested relief only on the basis of that joint representation. We're well past the no-backsies point – you need to live with what you agreed to.

No, I don't think that outcome necessarily flows from the Court's October 5 2022 ruling; it's certainly the right construction of the PPA, but it isn't because of that ruling. That's exactly why I'd never have agreed to the language in the June 16 report were I in your shoes representing your client. For whatever reason, you chose to do so, although your description of the issue as a "risk" that the Third Circuit might not see the two issues as inevitably coextensive gives me some understanding that you *do* see the issues as inevitably coextensive. I think that's pretty clearly incorrect, and there are consequences of that. That you also wanted to be able to appeal doesn't change the impact of your agreement that no ruling on that issue could impact the outcome. Exactly the same as your intent to preserve claims against my clients in the ChanBond settlement doesn't change the fact that what you actually agreed to foreclosed any claims against them.

You are, of course, free to argue on appeal that I'm wrong about the impact of the June 16 report, just as you're free to argue on appeal that I'm wrong about the impact of the ChanBond settlement. ***But I'm not going to stipulate you out of the corner you painted yourself into***. And I've been anything but evasive on this: I very directly and clearly included that issue in the stipulated judgment, was direct about what the limits of your right to appeal were, etc. That you only recently noticed the implications of the positions you've been taking and the things you've agreed to already may be an issue, but it's not one of evasiveness.

Akiva M. Cohen
Kamerman Uncyk Soniker & Klein
1700 Broadway
New York, NY 10019
212-400-4930

---

**From:** Geoffrey G. Grivner
**Sent:** Tuesday, July 11, 2023 9:47 PM
**To:** Akiva Cohen
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks
**Subject:** RE: Draft Stipulated Judgment

Akiva,

We will not agree to a stipulation that places this last minute dispute on CBV - period.

We will write the Court on behalf of CBV informing it that the parties could not reach a proposed stipulated final judgment and request a status conference to address the dispute brought on by Leane Defendants' purported confusion over appealable issues.

Setting aside your bluster, the intentions of CBV to pursue an appeal have always been clear and this dispute for the first time arose in your 4:18 pm email. The question you seem to evade is whether Leane Defendants believe that a stipulated final judgment declaring that "Section 2.8 did not require CBV to approve, or grant CBV any right to approve, ChanBond's payment to IPNAV as a deductible expense under the PPA" is derived from the October 5, 2022 Memorandum and Order such that it can be addressed on appeal as a disputed order?

What is Leane Defendants' position on this question?  CBV's position, as previously communicated, is that the "payment" declaration is not sufficiently related to the October 5, 2022 Memorandum and Order such that it constitutes an appealable, contested order. We will proceed consistent with this position, and expect that you will refrain from remaining evasive on this issue.

Geoff


**Geoffrey Grivner**
**Shareholder**

500 Delaware Avenue, Suite 720
Wilmington, DE 19801-7407
302 552 4207 (o)
484 431 6101 (c)
geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Tuesday, July 11, 2023 8:19 PM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** RE: Draft Stipulated Judgment


By the way, if it seems like I'm frustrated, it's because I absolutely am. It has been close to half a year of me needing to chase you for weeks to even get you to respond to email and then fire-drills at the deadline because of it. And then on the motion for leave to amend you attempted to leverage those delays as though they were imposed by my client or the product of legitimate back and forth negotiations. So I've got no sympathy left in me for the self-inflicted time pressure.

Akiva M. Cohen
Kamerman Uncyk Soniker & Klein
1700 Broadway
New York, NY 10019
212-400-4930

**From:** Akiva Cohen
**Sent:** Tuesday, July 11, 2023 8:14 PM
**To:** Geoffrey G. Grivner
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks
**Subject:** RE: Draft Stipulated Judgment

Geoff,

On June 16, you reported to the Court that the parties were in agreement that there were no remaining issues to be tried and would submit a stipulated judgment granting my client's requested declaratory judgments and denying your clients' declaratory judgments. In fact, **you previously insisted on** including a judgment in our favor on our declaratory judgment claims (see our correspondence of June 15). I drafted a stipulated judgment addressing the remaining claims, as I understood you preferred, and sent it to you on June 19. Consistent with past experience, I had to chase you for weeks to get a response, which you finally provided on July 6 – more than two weeks later, and just 5 days before the stipulation was due. That revision did not take issue with the proposed judgment. I promptly reviewed and sent you a redline that same day addressing my concern that your draft would leave you free to litigate issues never addressed by the District Court for the first time on appeal. 4 days later, and just a day before it was due, you sent a significant revision that not only amended the judgment but asserted that only the stipulation will leave the litigation in a position with no remaining issues to be tried. I've met you halfway on your change of heart on the declaratory judgment. It's fine. But we are **not** going to agree to your abrupt about face on whether there are claims remaining to be tried.

We've provided you with our position. It is not going to change. And I'm not going to repeat the same mistake I made with the stay by agreeing to an extension when you have no intent of further engaging. If you want to stipulate to an extension, we need to be clear with the Court that the extension is to allow you time to decide whether to delete "upon entry of this stipulation." You do not have consent to file any stipulation for an extension that does not do that.

Akiva M. Cohen
Kamerman Uncyk Soniker & Klein

1700 Broadway
New York, NY 10019
212-400-4930

---

**From:** Geoffrey G. Grivner
**Sent:** Tuesday, July 11, 2023 7:54 PM
**To:** Akiva Cohen
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks
**Subject:** RE: Draft Stipulated Judgment

Akiva,

Your characterization of what has occurred to date is neither helpful nor accurate. As you know, after our motion for leave to amend was denied, we were in agreement with entering a final, fully appealable judgment addressing the contractual interpretation of the PPA in the October 5, 2022 Memorandum and Order, and the Court's denial of the motion for leave to amend. After we expressed that position, **you** drafted a stipulation including a declaration that "Section 2.8 did not require CBV to approve, or grant CBV any right to approve, either execution of the ASA **or payment to IPNAV** as a deductible expense under the PPA." (emphasis added). We initially agreed to this language conceptually on the basis that we could appeal and have the Third Circuit address the "payment" question as well as the "execution" question regarding the PPA. **You** then pressed further questions regarding the scope of our appeal and we made the determination that there was a risk that the Third Circuit may not consider the "payment" declaration as having been derived from any disputed order, and therefore not appealable. This was clearly presented to you **yesterday morning**, and then **you** raised concern regarding the existence of triable facts in dispute late this afternoon, and raised for the first time a question regarding available relief outside of a specific reversal by the Third Circuit.

That you would place blame solely on CBV regarding the existence of a last minute dispute is outrageous. We again suggest we submit a simple stipulation extending today's deadline (in the form attached), which does not editorialize anything that has occurred to date.

Please inform me no later than 8:30 whether we may file the attached stipulation.

Geoff

**Geoffrey Grivner**
**Shareholder**

500 Delaware Avenue, Suite 720
Wilmington, DE 19801-7407
302 552 4207 (o)
484 431 6101 (c)
geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Tuesday, July 11, 2023 7:00 PM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** RE: Draft Stipulated Judgment


Geoff,

If you thought there was still a live chance of recovery you should not have reported to the Court that you agreed that "in light of the Court's prior rulings and the parties' respective settlements, there are no claims remaining to be tried." We are not agreeing to an interlocutory appeal.

If you now want to have dueling summary judgment motions on the remaining claims, please feel free to report to the Court that your clients have changed their minds and believe there are claims remaining to be tried and want to proceed to summary judgment briefing. Note that such briefing would include our arguments that your settlement with ChanBond has mooted the case and released our clients from any potential liability on any theory, not just the theory you've now decided you want to argue after all.

If you don't want to tell the Court you changed your mind, then let's do a stipulated judgment that reiterates what you already told the Court: there are no claims remaining to be tried.

But those are the only two options. We're not doing a stip that says that there was something live left for the court to address until the stip was signed.

If you want to extend the deadline to Friday, I'm willing to do such a stipulation provided it informs the Court of the reason for extending the deadline: CBV needs time to determine whether or not it believes there are claims remaining to be addressed by the Court, notwithstanding the prior report. If you're not willing to do that, we can either submit a stipulated judgment today on terms that I can live with and are consistent with the prior report to the court (i.e. deleting "upon entry of this stipulation") or you can report to the Court that there will be no stipulated judgment after all.

Up to you, just let us know.

Akiva M. Cohen
Kamerman Uncyk Soniker & Klein
1700 Broadway
New York, NY 10019
212-400-4930

**From:** Geoffrey G. Grivner
**Sent:** Tuesday, July 11, 2023 6:32 PM
**To:** Akiva Cohen
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks
**Subject:** RE: Draft Stipulated Judgment


Akiva,

You seem to be posing two separate questions – (1) are there triable questions of facts remaining in the case (either before or after the execution of the stipulation of judgment); and (2) is there a basis remaining for recovery absent a reversal "on the 2.8 ruling?"

First, we do believe there is a basis for recovery absent reversal of the court's ruling that 2.8 does not provide CBV a right to pre-approve entry into or execution/signature of an agreement with an Affiliate. Specifically, we believe that the question as to whether CBV had the right to pre-approve ChanBond's payment to Leane Defendants has not been resolved by the Court. That question has been presented to the Court in your declaratory judgment counterclaim and was the thrust of our proposed Second Amended Complaint (in addition to the unjust enrichment claim we proposed adding).

We have proceeded with this in mind since the motion for leave to amend was denied, and believe entry of a final judgment to appeal the denial of the motion for leave as well as the Court's ruling on CBV's right to pre-approve entry into the ASA is the most efficient approach to the outstanding disputes between the parties. We do not, however, concede that CBV would have no means of recovery if our appeal were denied.

As to your first question, we do not believe there are factual disputes that would necessitate a trial, and that position has not changed.

We believe we have been extremely transparent about our positions here. If you think that proposing the District Court address the question of whether "CBV had the right to pre-approve the payment made by ChanBond to Leane Defendants" on summary judgment, we would certainly consider that as an alternative approach.

Given the hour and today's deadline, we can also agree to file a stipulation extending the present deadline to Friday – I do not believe the Court would take exception to that.

Regards,
Geoff

**Geoffrey Grivner**
**Shareholder**

500 Delaware Avenue, Suite 720
Wilmington, DE 19801-7407
302 552 4207 (o)
484 431 6101 (c)
geoffrey.grivner@bipc.com

**Buchanan**

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Tuesday, July 11, 2023 4:18 PM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** Re: Draft Stipulated Judgment

I don't think there are any facts remaining to be tried given the settlements and releases, which is what we reported to the court. If you think there's a basis remaining for recovery absent a reversal on the 2.8 ruling, let's have that ruled on. I don't, and I'm not going to stipulate to anything different than what we jointly reported to the court

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Sent:** Tuesday, July 11, 2023 3:25:32 PM
**To:** Akiva Cohen <acohen@kusklaw.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** RE: Draft Stipulated Judgment

Wouldn't you agree that factual disputes exist with respect to your "sufficient approval" and statute of limitations arguments? I am not trying to be cute or change our position,  but I do think it is more accurate to say that any remaining factual disputes are resolved through the stipulation.

## Geoffrey Grivner

**Shareholder**

500 Delaware Avenue, Suite 720

Wilmington, DE 19801-7407

302 552 4207 (o)

484 431 6101 (c)

geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Tuesday, July 11, 2023 3:18 PM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden
<rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson
<ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>;
Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** Re: Draft Stipulated Judgment

"upon entry of this stipulation" needs to come out of paragraph 11. You already represented to the court that the
parties agreed that there were no remaining facts left to be tried. Have you changed your mind on that?

I'm ok with the remainder of the edits so long as count IV is dismissed with prejudice rather than without

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Sent:** Monday, July 10, 2023 11:57:12 AM
**To:** Akiva Cohen <acohen@kusklaw.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden
<rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson
<ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>;
Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** RE: Draft Stipulated Judgment

Akiva,

Thank you for clarifying your revisions.

We accepted your changes, and propose a few necessary revisions based on your feedback, as reflected in the attached tracked changes.

Upon reviewing the scope of appealable issues based on your feedback, CBV cannot stipulate to any declaration regarding CBV's pre-approval right with respect to any payment made to Leane Defendants from ChanBond because the Court has not made any legal determination as to that question. CBV cannot jeopardize the Third Circuit ruling (irrespective of our stipulation) that there is no appealable contested order to rule upon regarding the payment issue.

With this in mind, our revision contemplates Leane Defendants dismissing that declaration claim without prejudice (just like the "sufficient approval" declaration). We will do the same with respect to CBV's ISA declaration.

That leaves CBV with the following arguments to raise on appeal:

1.      The Court erred in denying Plaintiff's Motion for Leave to Amend its First Amended Complaint regarding unjust enrichment and CBV's pre-approval right over any payment made to Leane Defendants pursuant a valid ASA.

2.      The Court erred in determining that Section 2.8 of the PPA did not grant CBV a right to pre-approve contracts between ChanBond and its Affiliates such that execution of the ASA did not breach the PPA.

3.      The Court erred in determining that Section 2.8 did not require CBV to pre-approve, or grant CBV the right to pre-approve, entry into the ASA  as a deductible expense under the PPA.

2 and 3 are really the same thing, just phrased differently based upon our respective declaratory judgment claims. So long as we are in agreement on this, we are fine with your "solely on the basis" language.

With respect to the "characterization" of pleadings, I took guidance from your suggestion with respect to the Second Amended Complaint below to provide necessary context without editorializing.

Please let us know if this version is acceptable.

Regards,

Geoff


**Geoffrey Grivner**

**Shareholder**


500 Delaware Avenue, Suite 720

Wilmington, DE 19801-7407

302 552 4207 (o)

484 431 6101 (c)

geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Thursday, July 6, 2023 5:48 PM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** RE: Draft Stipulated Judgment

Left the explanation in the comment: we want to be crystal clear that what you are preserving a right to appeal is only:

1.   The determination in the October ruling; and
2.   The denial of leave to appeal.

If either of those are reversed, you get reversal of this stipulated judgment. But that's it – those are the only issues you are appealing. "Intends to appeal this ruling" without limitation would leave it open ended. Is there some other basis for appeal that you intend to preserve? If so, I need to know what it is before I stipulate to a judgment that avoids the appeal limiting effect of a trial record. If not, then we should just say so.

Akiva M. Cohen

Kamerman Uncyk Soniker & Klein

1700 Broadway

New York, NY 10019

212-400-4930

**From:** Geoffrey G. Grivner
**Sent:** Thursday, July 6, 2023 4:33 PM
**To:** Akiva Cohen
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks
**Subject:** RE: Draft Stipulated Judgment

Thanks, we will discuss and get back to you.

Can you explain your addition of "solely on the basis that the Court's underlying construction of the PPA was incorrect."?

**Geoffrey Grivner**

**Shareholder**

500 Delaware Avenue, Suite 720

Wilmington, DE 19801-7407

302 552 4207 (o)

484 431 6101 (c)

geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Thursday, July 6, 2023 4:09 PM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** RE: Draft Stipulated Judgment

Geoff,

I appreciate it re prejudice. For the characterizations the problem is you are asking my clients to stipulate to characterizations we don't agree to.

The attached has redlines with my thoughts, but here's an easy example:

1. "CBV filed its Complaint against ChanBond seeking to protect and award payment of certain funds allegedly owed it pursuant to the PPA."

That's not how we'd characterize your complaint and I don't think you'd want to include both versions (from our perspective "asserting claims it knew were barred by its agreements with ChanBond in an attempt to obtain money to which it wasn't entitled" would be more accurate). Same goes for your description of what your motion for leave to amend was intended to accomplish; I believe you mean that in good faith but it's not something we're going to stipulate to. (If you want to have that one be "seeking, *inter alia*, to assert a claim against Leane Defendants for unjust enrichment" I could be ok with that as well).

You can always include those characterizations in your appellate briefing and just cite the underlying documents for purposes of giving the Third Circuit context – you don't need it to be in the judgment itself.

Anyway, please give the redline a look, hopefully we can get this ironed out with relatively little back and forth

Akiva M. Cohen

Kamerman Uncyk Soniker & Klein

1700 Broadway

New York, NY 10019

212-400-4930

---

**From:** Geoffrey G. Grivner
**Sent:** Thursday, July 6, 2023 3:27 PM
**To:** Akiva Cohen
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks
**Subject:** RE: Draft Stipulated Judgment

Akiva,

On your two points below, we have changed the dismissals "without prejudice" back to "with prejudice" in the attached.

As to the "characterization" of the pleadings, I would typically agree with you if this were a stipulation of judgment where appeal was not being contemplated. But here, we expect the Third Circuit to be reviewing this document and the basic, objective statements regarding the claims is helpful in providing context in the overall document, and we believe it is necessary and appropriate for that reason. If there is specific language you take exception to, we are happy to consider alternative language. We can also look for specific quotes from the pleadings or the Court's October 5 opinion if that would be less problematic from your perspective.

Geoff

## Geoffrey Grivner

**Shareholder**

500 Delaware Avenue, Suite 720

Wilmington, DE 19801-7407

302 552 4207 (o)

484 431 6101 (c)

geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Thursday, July 6, 2023 11:16 AM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>; Kody M. Sparks <kody.sparks@bipc.com>
**Subject:** RE: Draft Stipulated Judgment

Geoff:

Thanks, will review in detail and get back to you.

But on a quick look:

1. I'm not inclined to stipulate to characterizations of the pleadings – they speak for themselves. To the extent you want to generally reference the procedural history, we'll need to limit it to "CBV filed its complaint on X date, Defendants intervened on Y date, etc." Not a recitation of the contents of those pleadings or what they were intended to accomplish.
2. The change of the dismissals of counts 4 and 6 from with prejudice to without prejudice is an absolute non-starter. This is a stipulated judgment – a decision on the merits. Those claims are done forever. So dismissed with prejudice. A dismissal without prejudice would just let you refile the same claims in a new court regardless of the outcome of your intended appeal. Please confirm that you are not going to insist on without-prejudice dismissals for your claims, or we should just stop this discussion ASAP.

Akiva M. Cohen

Kamerman Uncyk Soniker & Klein

1700 Broadway

New York, NY 10019

212-400-4930

---

**From:** Geoffrey G. Grivner
**Sent:** Thursday, July 6, 2023 10:52 AM
**To:** Akiva Cohen
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford; Kody M. Sparks
**Subject:** RE: Draft Stipulated Judgment

Akiva,

We are generally ok with your proposed stipulated judgment. However, the Third Circuit requires parties entering stipulated judgments to clearly identify the issues being preserved for appeal. *See Keefe v. Prudential Prop. & Cas. Ins. Co.,* 203 F.3d 218, 223 (3d Cir. 2000) ("Where the terms of a stipulation clearly show that one of the parties has an unequivocal intention to appeal, the court has 'discretion to accept the appeal insofar as it relates to a prior (contested) order notwithstanding the [parties'] later consent to the entry of the final judgment itself.'" (*quoting BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America*, 132 F.3d 824, 828 (1st Cir.1997).

With this in mind, please see the attached revisions to your proposed stipulated order (and redline). Please let us know if this is acceptable for filing.

Geoff

**Geoffrey Grivner**

**Shareholder**

500 Delaware Avenue, Suite 720

Wilmington, DE 19801-7407

302 552 4207 (o)

484 431 6101 (c)

geoffrey.grivner@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**From:** Akiva Cohen <acohen@kusklaw.com>
**Sent:** Wednesday, July 5, 2023 10:51 AM
**To:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Cc:** Patrick Keane <patrick.keane@bipc.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; Ronald Golden <rgolden@bayardlaw.com>; Levine, James H.S. <James.Levine@troutman.com>; Kathryn Tewson <ktewson@kusklaw.com>; Dylan Schmeyer <dschmeyer@kusklaw.com>; Mike Dunford <mdunford@kusklaw.com>
**Subject:** RE: Draft Stipulated Judgment

Geoff,

I hope you had a good holiday weekend. Do you have an ETA for us?

Akiva M. Cohen

Kamerman Uncyk Soniker & Klein

1700 Broadway

New York, NY 10019

212-400-4930

**From:** Geoffrey G. Grivner
**Sent:** Wednesday, June 28, 2023 12:19 PM
**To:** Akiva Cohen
**Cc:** Patrick Keane; Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford
**Subject:** Re: Draft Stipulated Judgment

Akiva, thanks.

We are reviewing and conferring and will be in touch as soon as possible.

Geoff

On Jun 28, 2023, at 11:41 AM, Akiva Cohen <acohen@kusklaw.com> wrote:

Geoff, I hope your travels were fruitful.

Please give me your thoughts on the draft attached to the below email

Akiva M. Cohen

Kamerman Uncyk Soniker & Klein

1700 Broadway

New York, NY 10019

212-400-4930

---

**From:** Akiva Cohen
**Sent:** Monday, June 19, 2023 11:45 AM
**To:** Grivner, Geoffrey G.; Keane, Patrick
**Cc:** Steve Brauerman; Ronald Golden; Levine, James H.S.; Kathryn Tewson; Dylan Schmeyer; Mike Dunford
**Subject:** Draft Stipulated Judgment

All,

My clients (and my wife, we're moving!) would like to get this wrapped up as expeditiously as possible, and to that end I've drafted a proposed stipulated judgment that includes a judgment in favor of us on our declaratory judgment claims and against CBV on its. It also dismisses the remainder of our claims **without** prejudice (since the unjust enrichment and "CBV sufficiently approved" claims would potentially be relevant in the event that your clients later bring some form of claim against us). I based the form on a stipulated judgment we did (and got entered) for Bungie in the Western District of Washington, and James didn't flag anything as needing a Delaware-specific tweak, so that should be all correct.

Please let me know what you think, and let's try and get this finalized by the end of the week.


Happy Juneteenth,


Akiva M. Cohen

Kamerman Uncyk Soniker & Klein

1700 Broadway

New York, NY 10019

212-400-4930


CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

---

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.


CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

---

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

---

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

---

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

---

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.