

**Geoffrey G. Grivner**
302 552 4207
geoffrey.grivner@bipc.com

500 Delaware Avenue, Suite 720
Wilmington, DE  19801-7407
T 302 552 4200
F 302 552 4295

October 9, 2023

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Gregory B. Williams
United States District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

Re: *CBV, Inc. v. ChanBond, LLC, et al.*, C.A. No. 1:21-cv-01456-GBW

Dear Judge Williams:

    I write on behalf of Plaintiff CBV, Inc. ("CBV") in the above-referenced action in support of CBV's Motion for Leave to File Summary Judgment Motions (i.e., cross Motions) to address narrow remaining issues following Court ordered ADR conducted by Magistrate Judge Burke. The parties agree that summary judgment is the appropriate process to resolve any remaining claims that presently exist, as no claims involve factual issues that remain to be tried. (D.I. 232).

    Leane Defendants, being in possession of monies transferred following this Court's ruling against CBV on its Preliminary Injunction Motion to halt that transfer, now disingenuously assert that CBV waived its rights with respect to a legal issue teed up by this Court in its Preliminary Injunction Memorandum Opinion of October 5, 2022 ("Memorandum Opinion") (D.I. 151). Leane's assertion is purportedly based on the language of a June 16, 2023 Joint Status Report (D.I. 224) submitted at the request of this Court. However, Leane's interpretation of that Report is wholly inconsistent with CBV's posture throughout this case and was only raised upon CBV's effort to negotiate a Stipulated Final Judgment. CBV's posture has been clear that a legal question remains, as reflected in its filing of a Motion for Clarification of the Court's Memorandum Opinion in November 2022. CBV withdrew that Motion at Leane's request to pursue settlement negotiations which broke down, but the need for clarification of that legal question was never resolved and is central to CBV's case.

    Leane Defendants' disingenuous interpretation of the June 16, 2023 Joint Status Report conflates a statement that "no claims remain to be tried" with their assertion that the phrase was intended to mean -no claims remain in dispute- which, as already noted, is wholly inconsistent with CBV's posture and its Motion for Clarification. The language of the Joint Status Report

October 9, 2023
Page - 2 -

specifically references "claims remaining to be tried" (i.e., claims with underlying factual points of dispute); not all claims:

> The Parties agree that in light of the Court's prior rulings and the parties' respective settlements, there are <u>no claims remaining to be tried</u>. CBV, however, believes that it has a basis for, and wishes to preserve its right to, appeal. Specifically, CBV anticipates the parties entering a stipulated final, appealable judgment substantively resolving the declaratory judgment claims brought by CBV (Counts V and VI of CBV's First Amended Complaint [D.I. 6]) and by Leane Defendants (Count I of Leane Defendants' Counterclaim [D.I. 41]), consistent with the Court's October 5, 2022 Memorandum Opinion [D.I. 151].   [Underlining added].

Leane Defendants were fully aware of Plaintiff CBV's position that a claim involving a critical question of law remains in dispute. The critical question left open by the Court's Memorandum Opinion is whether CBV had a pre-approval right with respect to payments made by ChanBond to Leane Defendants, such as the sole payment of a 22% stake in ChanBond made to Leane Defendants subsequent to the denial of CBV's Motion for Preliminary Injunction.

This question requires interpretation of a Patent Purchase Agreement (the "PPA") entered between CBV and Defendant ChanBond, LLC ("ChanBond"), and an Advisory Services Agreement (the "ASA") entered between ChanBond and Defendant IPNAV, LLC (together with Defendant Dierdre Leane, "Leane Defendants"), and CBV's prior approval over payments made to Affiliates or stakeholders.  The ASA was created as an acknowledged "Affiliate" transaction that provided Leane a 22% stake in ChanBond.  Ms. Leane later sold her membership interest in ChanBond to its current owners, excluding her 22% stake per the ASA, and then sought to be paid her 22% stake in an arbitration proceeding which intentionally excluded CBV. Two questions of law regarding interpretation of the PPA have been presented to the Court – (1) did the PPA grant CBV the right to pre-approve Leane Defendants' *entry* into the ASA; and (2) did the PPA grant CBV the right to pre-approve the *payment* made to Leane Defendants pursuant the 22% stake created by the ASA.

The Court's Memorandum Opinion addressed the first question but not the second. In acknowledging Ms. Leane's right to unilaterally *enter* the Affiliate ASA, the Court addressed the first question. The Court held "§ 2.8 is a definition which provides a limitation to what costs and fees require pre-approval from CBV to be eligible as a deduction when calculating Net Recoveries. Contrary to its position, § 2.8 does not purport to grant CBV an unfettered right of consent before ChanBond *enters* into any affiliate agreement." *Id.* at 11-12. Emphasis added.

The Court did not make any determination as to the second question regarding CBV's prior approval right over payments to be made. However, the Court's Order denying CBV's Motion for Preliminary Injunction [D.I. 151] led to the monies being paid to Leane Defendants without CBV's prior approval. After subsequent settlement talks broke down, CBV sought leave to amend its Amended Complaint to assert a claim for unjust enrichment against Leane Defendants and to

October 9, 2023
Page - 3 -

modify its declaratory judgment claim consistent with the Court's Memorandum Opinion and Order. The Court denied CBV's Motion for Leave to Amend on June 8, 2023 as untimely. [D.I. 220]. CBV intends to appeal this denial in connection any final judgment. Regardless, CBV's proposed motion for summary judgment constitutes the most judicially efficient path to final resolution, and a new application for leave to file an even more streamlined complaint may be requested of this Court to further judicial efficiency.

Upon denial of CBV's prior Motion for Leave to Amend, Leane Defendants quickly asserted: "there is no longer anything left to try" in this action. Ex. A. CBV responded:

> CBV believes that it is unlikely that there are any issues that remain to be litigated in this action. We do note that your email below **does not reference the claims brought by Leane Defendants in this action that have not been dismissed.** CBV also does not agree that its declaratory judgment claims have been settled. CBV will agree to enter a coordinated, structured final judgment, from which CBV intends to appeal. This final judgment would also not further prejudice CBV's right to bring any claim against Leane Defendants in a new action. We are continuing to research the proper procedures associated with this position but believe that the position reflected here is sufficient to report.

Ex. B (emphasis added). CBV's response refers to Leane Defendants' counterclaim for declaratory judgment that "any payment from ChanBond to IPNAV under the ASA … may be deducted from Gross Recoveries in calculating Net Recoveries under the PPA regardless of whether CBV approved the payment to IPNAV." (D.I. 41 at Count IV). This claim has not been resolved by the Court and could not be resolved in the form of an appealable stipulated final judgment, as CBV previously explained to the Court. There are no disputed facts to be tried regarding this claim. Leave for the parties to file motions for summary judgment on this limited question of law is appropriate and necessary.

Upon confirmation that CBV has not waived its right to have the remaining legal question resolved, the parties have agreed in advance via Stipulation to a briefing schedule on motions for summary judgment pursuant Federal Rule of Civil Procedure 56 and Supreme Court precedent. Rule 56(a) explicitly requires courts to grant summary relief where "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Counsel is available should Your Honor have any questions.

October 9, 2023
Page - 4 -

Respectfully submitted,

/s/ *Geoffrey G. Grivner*

Geoffrey G. Grivner (#4711)

Enclosures

cc: All Counsel of Record (via CM/ECF)
    Patrick C. Keane, Esq.