**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CBV, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 1:21-cv-01456-GBW |
| | ) | |
| CHANBOND, LLC, DEIRDRE LEANE, | ) | |
| and IPNAV, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**LEANE DEFENDANTS' LETTER CONCERNING LEAVE TO FILE MOTIONS FOR
SUMMARY JUDGMENT**


OF COUNSEL:

Akiva M. Cohen
Dylan M. Schmeyer
KAMERMAN, UNCYK,
     SONIKER & KLEIN P.C,
1700 Broadway, 16th Floor
New York, NY 10019
212.400.4930
acohen@kusklaw.com
dschmeyer@kusklaw.com

Dated: October 12, 2023

James H. S. Levine (Del. Bar No. 5355)
TROUTMAN PEPPER
     HAMILTON SANDERS LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
302.777.6500
james.levine@troutman.com

*Attorneys for IPNAV, LLC and Deirdre Leane*

Dear Judge Williams:

I write on behalf of Defendants Deirdre Leane and IPNAV, LLC ("Leane Defendants") in response to the letter submitted by Plaintiff CBV, Inc. ("CBV") on October 9, 2023 (D.I. 233). To be clear, the Parties do **not** agree that "summary judgment would be the appropriate process to resolve any remaining claims," as Plaintiff incorrectly suggests. Rather, the Parties previously (and accurately) informed the Court that there were **no** such claims, and Plaintiff should be held to that representation. Plaintiffs represented to this Court that there were no longer triable issues in order to end discovery and remove the trial from the calendar, obtained those benefits as a result, and cannot now take a contrary position.

Even were that not so, the Court could not proceed with this litigation, as it no longer maintains subject matter jurisdiction. As noted in prior briefing, Plaintiff voluntarily entered into a settlement agreement with Defendant ChanBond that ends any case or controversy still before the Court. And, to whatever extent that may not be the case, that same agreement **explicitly releases** any claims Plaintiff might have against the Leane Defendants. And, to whatever extent **that** might not be the case, Plaintiff has created an ouroboros of indemnification agreements that would leave it responsible for paying any recovery it might obtain from Leane Defendants. Each of those reasons, independently, is enough to leave the Court without subject matter jurisdiction because there is no longer a live dispute between the parties.

**CBV agreed that there were no live claims and cannot reverse course now.** CBV represented to both this Court and Leane Defendants that there were no claims remaining to be tried, stipulating to that fact in order to achieve an adjournment of the scheduled trial. D.I. 224 at 1. That representation was, in part because of the lack of subject matter jurisdiction discussed below, both accurate when it was made and accurate today. CBV's efforts to argue otherwise are, at best, unavailing, and at worst mischaracterize the record.

CBV argues that "whether CBV had a pre-approval right with respect to payments made by ChanBond to Leane Defendants" is "the critical question left open" in this case. D.I. 233 at 2. CBV correctly notes that "[t]he Court did not make any determination" as to this question. But CBV **never** placed that question before this Court in the first instance. None of the claims in the First Amended Complaint, which is the operative pleading, ever made mention of the claimed "payment right" that CBV now insists is critical, much less requests a declaration that ChanBond (or, for that matter, anyone else) breached any obligation related to that right.[1]

---

[1] CBV's statement that "Two questions of law regarding interpretation of the PPA have been presented to this Court," one of which was "did the PPA grant CBV the right to pre-approve the payment made to Leane Defendants," D.I. 233 at 2, contains no citation to the operative pleading, or indeed any other document. And, to whatever extent CBV wishes to argue that Leane Defendants' declaratory judgment counterclaim – or indeed **any** other declaratory judgment claim in this action – gives them a live cause of action, they are incorrect. "The purpose of declaratory relief is to affect the present behavior of the defendant towards the plaintiff, and it is inappropriate solely to adjudicate past conduct." *State Farm Mut. Auto. Ins. Co. v. Delaware Diagnostic & Rehab. Ctr., P.A.*, 2021 WL 1929365, at *8 (D. Del. May 13, 2021), *report and recommendation adopted*, 2021 WL 2212295

Indeed, Plaintiff's new position – that it only meant to represent that there were no **facts** requiring trial but there remained a live dispute requiring summary judgment – is both belied by the Parties' status report, D.I. 224 (and the communications leading up to it), and also wrong as a factual matter. In its communications before submitting the status report, CBV was crystal clear: "We foresee a final, appealable judgment on the declaratory judgment claims brought by both CBV and Leane Defendants **resolved consistent with the Court's interpretation of the PPA in its Preliminary Injunction Memorandum Opinion**." *See* Exhibit 1 (emphasis added). And the claim that CBV merely meant that there were no facts to be tried, but that there were other issues to be litigated via motion practice, is, at best, a catastrophic failure of memory on the part of CBV's counsel who, on June 15 at 9:39 a.m., **expressly** said the exact opposite: "CBV believes that it is unlikely that there are any issues that **remain to be litigated** in this action." *Id.* (emphasis added). Respectfully, CBV cannot change its mind, after obtaining concessions on the basis of the stipulation, *see* Exhibit 2 (CBV refusing to participate in discovery or pre-trial preparation), and claim that its new position was actually pre-existing carve out.

Moreover, if Plaintiff's claim that it did not sufficiently approve payment to the Leane Defendants remained live and to be "litigated," it would **absolutely** require a trial on the factual question of whether CBV sufficiently approved the payment by silently accepting Leane Defendants' services to ChanBond under the ASA. *See* D.I. 151 at 13-14 (noting the existence of factual questions about "what CBV purportedly knew or should have known"). And **that** factual dispute would not merely require a trial; Leane Defendants would also be entitled to complete the discovery that was cut off by CBV's representation that there were no remaining triable issues. Thus, CBV's request is that the Court issue a new discovery and trial schedule and restore the case to the calendar, after expressly representing that such further discovery and trial was not necessary.

**The Court lacks subject matter jurisdiction because the ChanBond settlement disclaims relief against ChanBond.** But the Court cannot order further proceedings, because it no longer has subject matter jurisdiction over this controversy. As noted in Leane Defendants' May 29, 2023 letter, D.I. 214 at 3-4, CBV's settlement with ChanBond makes clear that CBV will seek no remedies from ChanBond, and instead only left some claims formally in place "because CBV believes they are necessary to recover against the Leane Defendants." D.I. 214-1 at ¶4.2. But the remaining specific performance and declaratory judgment claims all request either that ChanBond be ordered to perform contractual obligations or that ChanBond be declared in breach of its contractual obligations. D.I. 6 at ¶¶ 99, 135, 154, 175. ChanBond – the only party that CBV is presently seeking to have this Court issue relief against – "lack[s] a legally cognizable interest in the outcome" of the case, and this deprives the court of subject matter jurisdiction in the case. *Catawba Riverkeeper Found. v. N. Carolina Dep't of Trans.*, 843 F.3d 583, 588 (4th Cir. 2016) (cleaned up). The appropriate disposition for these claims is thus not summary judgment; it is dismissal. Fed. R. Civ. P. 12(h)(3); *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) ("an objection to subject matter jurisdiction may be raised at any time, a court may raise jurisdictional issues sua sponte, and a court may consider evidence beyond the pleadings… when considering a jurisdictional challenge").

---

(D. Del. June 1, 2021). The payment made to Leane Defendants took place in the past; any declaratory judgment claim relating to that payment is moot.

**The Court also lacks subject matter jurisdiction because the ChanBond settlement releases all claims against Leane Defendants, thereby ending any justiciable dispute.** Similarly, CBV's settlement with ChanBond contains broad releases that run to CBV's claims against any of ChanBond's (or UnifiedOnline's) "respective parents, subsidiaries, affiliates, present and former officers, directors, shareholders, partners, managers, members, employees, agents, insurers, customers, and attorneys." D.I. 214-1 at 3.1. There is no dispute that Leane Defendants fall within these categories: Deirdre Leane was a Unified shareholder, and a former officer, member, and manager of ChanBond, while IPNAV was ChanBond's agent. Indeed, CBV's entire theory of relief affirmatively relies upon Leane Defendants falling within these categories. See, e.g., D.I. 233 at 2, (referring to "Affilliate ASA" as key to the dispute). And while the release contains a carve-out for "obligations set forth in this Agreement," the agreement places no obligations on Leane Defendants. *See, e.g., Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 549 (7th Cir. 2003) ("Primax has no standing to bring this suit, because it has no dispute with Sevilla. It has released its claim against him.")

**The Court also lacks subject matter jurisdiction because the ChanBond Settlement would require CBV to indemnify Leane Defendants for any damages awarded, and thereby makes further proceedings futile.** The settlement agreement between CBV and ChanBond expressly provides that "CBV will hold the ChanBond Releasees harmless in connection with any counts that remain." Because Leane Defendants are ChanBond Releasees, this provision **expressly** requires CBV to indemnify Leane Defendants even if it won on any claim it pursued. See D.I. 214-1 at ¶3.1. Even were that not true, the indemnification provision also creates a closed loop of indemnification. As CBV has been well aware **since before it filed its complaint**, the ASA between Leane Defendants and ChanBond requires ChanBond to indemnify Leane Defendants "to the fullest extent lawful against any and all claims…of any nature or type whatsoever…relating to this Agreement." D.I. 1, Exhibit 2 at ¶15. In the unlikely event that CBV were to eventually recover damages from Leane Defendants, it would either be required to directly indemnify Leane Defendants from those damages, or Leane Defendants would be able to recover the damages from ChanBond, which would then recover the damages from CBV. In either event, it would be futile to proceed further; as a result of its entirely voluntary decision to settle its claims against ChanBond, and the terms it voluntarily included in that settlement, CBV is no longer able to recover damages from Leane Defendants, or anyone else connected with ChanBond, under **any** theory relating to this dispute. *Catawba*, 843 F.3d at 588 ("[A] case is moot when our resolution of an issue could not possibly have any practical effect on the outcome of the matter") (cleaned up).[2]

In sum, the Court should hold CBV to its stipulation and enter judgment in favor of Leane Defendants on the basis articulated in its ruling on CBV's preliminary injunction motion. But if it will not do so, it should dismiss this action for lack of subject matter jurisdiction. And, if the Court grants CBV's request to proceed with summary judgment briefing, the Court should also permit Leane Defendants to file a cross-motion seeking summary judgment on these issues.

---

[2] Because CBV has deprived itself of any ability to recover further damages from Leane Defendants in connection with any claim brought in this dispute, this argument applies with equal force to Leane Defendants' own counterclaims.

Respectfully Submitted,

OF COUNSEL:

Akiva M. Cohen
Dylan M. Schmeyer
KAMERMAN, UNCYK,
      SONIKER & KLEIN P.C,
1700 Broadway, 16th Floor
New York, NY 10019
212.400.4930
*acohen@kusklaw.com*
*dschmeyer@kusklaw.com*

Dated:  October 12, 2023

*/s/ James H. S. Levine*
James H. S. Levine (Del. Bar No. 5355)
TROUTMAN PEPPER
      HAMILTON SANDERS LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
302.777.6500
*james.levine@troutman.com*

*Attorneys for IPNAV, LLC and Deirdre Leane*