

**Geoffrey G. Grivner**
302 552 4207
geoffrey.grivner@bipc.com

500 Delaware Avenue, Suite 720
Wilmington, DE  19801-7407
T 302 552 4200
F 302 552 4295

October 17, 2023

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Gregory B. Williams
United States District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

Re: *CBV, Inc. v. ChanBond, LLC, et al.*, C.A. No. 1:21-cv-01456-GBW

Dear Judge Williams:

I write out of necessity on behalf of Plaintiff CBV, Inc. ("CBV") in the above-referenced action to address a newly raised issue. The parties' Stipulated Order Regarding Summary Judgment Proceedings (D.I. 232) contemplated CBV and Leane Defendants submitting letter briefs to address CBV's Motion for Leave to File Summary Judgment and "the case status given D.I. 224." (the D.I. 224 joint status report stated "no claims remain to be tried"). True to form, Leane Defendants' October 12, 2023 Letter Brief (D.I. 234) newly asserts that the remaining declaratory judgment claim is moot as the October 2022 payment to Leane Defendants already occurred (albeit without CBV's prior knowledge or approval). (Ltr. Br. at 1n1). Leane Defendants' assertion overstates the law, misapplies it to the instant facts, and must be disregarded.

In the misapplied case of *State Farm Mut. Auto. Ins. Co. v. Delaware Diagnostic & Rehab. Ctr., P.A.*, 2021 WL 192936 5, at *8 (D. Del. May 13, 2021), *report and recommendation adopted*, 2021 WL 2212295 (D. Del. July 1, 2021), the Court denied defendants' counterclaim for declaratory judgment not because of a prior payment, but because the declaratory judgement claims were duplicative and redundant of other counterclaims. The decision in that case had no connection to declaratory relief regarding past conduct or prior payments by the parties.

Proper legal standards for declaratory judgment find it appropriate when the decision would affect the parties' present behavior and have present consequences, as is the case at hand. *Delaware State Univ. Student Hous. Found. v. Ambling Mgmt. Co.*, 556 F. Supp. 2d 367, 374 (D. Del. 2008) (dismissing a declaratory judgment claim as duplicative of its concurrent breach of contract claim) (citing *Clemente v. Greyhound Corp.*, 52 Del. 223, 232–33, 155 A.2d 316, 321 (Del. Super. Ct. 1959). Leane Defendants' failure to obtain the required approval of CBV

October 16, 2023
Page - 2 -

continues to have significant impact on the final distribution of the settlement funds owed CBV, and the unapproved payment to Leane Defendants supports an unjust enrichment claim against them. This Court acknowledged that the funds transferred to Leane Defendants can be held in constructive trust per this Court's guidance in its October 22, 2022, Memorandum Opinion. Upon proper legal interpretation of the agreements at issue, CBV will consider a judicially efficient renewed motion for leave to amend Plaintiff's complaint to establish such a constructive trust and pursue Leane Defendants' unjust enrichment from funds properly owed to CBV.

   For this additional reason, Plaintiff CBV's Motion for Leave to File Summary Judgment should be granted. Counsel is available should Your Honor have any questions.

                Respectfully submitted,

                /s/ *Geoffrey G. Grivner*

                Geoffrey G. Grivner (#4711)

cc: All Counsel of Record (via CM/ECF)
   Patrick C. Keane, Esq.