**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CBV, INC., | |
|     *Plaintiff/Counterclaim-Defendant,* | |
| *v.* | C.A. No. 1:21-cv-01456-GBW |
| CHANBOND, LLC, | **PUBLIC VERSION** |
|     *Defendant/Crossclaim-Defendant,* | |
| and | |
| DIERDRE LEANE, and IPNAV, LLC, | |
|     *Defendants/Counterclaim-Plaintiffs/Crossclaim-Plaintiffs.* | |

**PLAINTIFF CBV INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT**

**BUCHANAN, INGERSOLL & ROONEY PC**

Dated:  January 16, 2024

*/s/ Geoffrey Grivner*
Geoffrey G. Grivner (#4711)
Kody M. Sparks (#6464)
500 Delaware Avenue, Suite 720
Wilmington, DE 19801-3036
(302) 552-4200
geoffrey.grivner@bipc.com
kody.sparks@bipc.com

\*    \*    \*

Patrick C. Keane, Esq.
BUCHANAN, INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
patrick.keane@bipc.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

NATURE AND STAGE OF PROCEEDINGS ................................................................... 2

STATEMENT OF FACTS ................................................................................................. 6

    A.  The Parties .......................................................................................................... 6

        1. CBV, Inc. .................................................................................................. 6

        2. ChanBond, LLC ....................................................................................... 6

        3. IPNav (Of Leane Defendants) ................................................................. 7

        4. Deirdre Leane ........................................................................................... 7

    B.  The Patent Purchase Agreement (PPA) Between CBV and ChanBond ............................ 8

        1. Section 2.8 ................................................................................................ 8

        2. Section 3.3.2 ............................................................................................. 9

        3. The PPA Amendment ............................................................................. 10

    C.  The Patent Suits and Settlement ...................................................................... 10

    D.  The Advisory Services Agreement (ASA) Between ChanBond and IPNav ................... 11

    E.  The Arbitration .................................................................................................. 11

    F.  The Preliminary Injunction Ruling and Subsequent Settlements ..................... 13

ARGUMENT ................................................................................................................... 15

    A.  Standard of Law ............................................................................................... 15

    B.  ChanBond's Payment To Leane Defendants In October 2022 Violated CBV's Pre-Approval Right Per PPA Section 2.8 ............................................................ 16

    C.  Declaratory Judgment is Necessary and Appropriate ...................................... 17

    D.  CBV has not waived any rights as a result of statute of limitations or the Settlements in this Action. ................................................................................. 18

CONCLUSION ................................................................................................................ 18

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .............................................................. 15

*Clemente v. Greyhound Corp*., 52 Del. 223; 155 A.2d 316 (Del. Super. Ct. 1959) .................... 17

*Delaware State Univ. Student Hous. Found. v. Ambling Mgmt. Co*., 556 F. Supp. 2d 367
  (D. Del. 2008) ........................................................................................ 17

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).................................. 15

*Quiroga v. Hasbro, Inc.*, 934 F.2d 497 (3d Cir. 1991) ................................................ 15

*State Farm Mut. Auto. Ins. Co. v. Delaware Diagnostic & Rehab*. Ctr., P.A.,
  2021 WL 192936 5 (D. Del. May 13, 2021)........................................................... 17

**Rules**

Fed. R. Civ. P. 56(c) ...................................................................................... 15

## INTRODUCTION

This Motion for Summary Judgment follows successful patent litigations on behalf of Plaintiff CBV, Inc. ("CBV"), whose principals are senior engineers and the named inventors of technological innovations claimed in multiple United States patents.  CBV's successful patent suits were brought as patent enforcement actions before this Court, resulting in recovery of a substantial Patent Settlement Fund. This Motion for Summary Judgment is being filed to address an unapproved payment of a 22% stakeholder expense fee to Leane Defendants from the Patent Settlement Fund.  This Motion is authorized by the Court's Order [D.I. 236] and addresses an open issue of contract construction from the Court's guidance in the Memorandum Opinion accompanying the denial of Plaintiff CBV's Motion for Preliminary Injunction [D.I.151].

CBV's concern from before commencement of the patent enforcement actions has been that its share of any Patent Settlement Fund derived therefrom would be improperly distributed to an unapproved third party, such as a third-party "Affiliate" or "stakeholder" of ChanBond seeking to demand a self-serving payment that CBV had not approved in satisfaction of that third party's alleged stake in the Patent Settlement Fund.  In or around October 2022, that is exactly what occurred via a $30 million payment made from the Patent Settlement Fund to Leane Defendants that CBV was unaware of and did not prior approve. CBV subsequently learned of the payment in or around November 2022, and now seeks a judgment that will allow for this improper and unjust payment to be allocated equitably.

In or around 2016, Defendants Dierdre Leane ("Leane") and IPNav, LLC ("IPNav"), collectively "Leane Defendants" executed a Patent Purchase Agreement (PPA) with CBV regarding patent enforcement.  PPA Section 2.8 provides CBV a prior approval over payments made to "Affiliates" or "stakeholders" of ChanBond to safeguard CBV's financial interest in any Gross Recovery from the Patents on its patented technology.  Section 2.8 expressly provides CBV

1

approval oversight of payments to "Affiliates or stakeholders" of ChanBond to guard against payments that CBV did not approve and that would dilute CBV's financial interest in any recovery from the patent suits.

The PPA was referenced in an earlier Arbitration proceeding over distribution of the Patent Settlement Fund as between Leane Defendants and ChanBond pursuant to an Advisory Services Agreement ("ASA").  The ASA was self-executed by Ms. Leane, subsequent to the PPA, on behalf of both ChanBond and Leane Defendants to create a 22% stake for Leane Defendants as a stakeholder expense in ChanBond.  The PPA is the subject of the present case between Leane Defendants and CBV because CBV was not a party to the ASA or to the Arbitration proceeding, and because it is the PPA which sets forth CBV's pre-approval right over any payment to a self-serving "Affiliate" or "stakeholder" of ChanBond that would detrimentally impact CBV's financial interest in the Patent Settlement Fund.

In October 2022, Leane Defendants, fully aware of CBV's rights under the PPA, strongarmed ChanBond into transferring a large $30M portion of the Patent Settlement Fund to Leane Defendants pursuant the ASA, without CBV's prior approval and in direct violation of PPA Section 2.8.

CBV seeks a declaration from this Court that the PPA Section 2.8 grants CBV a pre-approval right over the $30M stakeholder expense fee paid to Leane Defendants in October 2022 for their 22% stake in ChanBond per the ASA, such payment having been made without notice to or approval by CBV.

## NATURE AND STAGE OF PROCEEDINGS

In or around 2020-2022, Leane Defendants  pursued a demand for arbitration AAA case number 01-20-0015-0793 (the "Arbitration"), against non-party Unified Online, Inc. ("Unified") and Defendant ChanBond, LLC ("ChanBond") for breach of contract, declaratory judgment, fraud,

specific performance, and injunctive relief.  The Arbitration focused on the self-serving ASA which Ms. Leane executed on behalf of both ChanBond and Leane Defendants.  The express terms of the ASA Ms. Leane drafted and executed create Leane Defendants  22% stake in ChanBond as a distribution obligation against the Gross Recovery in the Patent Settlement Fund, to the detriment of CBV's agreed upon financial interest in the Patent Settlement Fund.

On October 15, 2021, prior to any decision in the Arbitration among Leane Defendants and ChanBond, Plaintiff CBV, Inc. ("CBV") filed its Complaint in Delaware District Court against ChanBond for specific performance, breach of contract, declaratory judgment, and injunctive relief [D.I. 2]. CBV's Complaint referenced its pre-approval rights over distribution of the Patent Settlement Fund pursuant the PPA Section 2.8.

On December 6, 2021, CBV filed its First Amended Complaint [D.I. 6] (the "First Amended Complaint"). On January 27, 2022, ChanBond answered CBV's Amended Complaint [D.I. 11].

On March 7, 2022, the Arbitration Panel (the "Panel") issued an Interim Award of Arbitration Panel (the "Interim Award")[1] finding that Leane "is entitled to damages in the amount of $27,500,000.00 from Respondents [ChanBond] constituting the 22% [stakeholder] fee due and owing from the Settlement [of the Patent Suits],[2] called for by the [Advisory Services Agreement ("ASA")] by and between [IPNav and ChanBond]." (Ex. A at ¶ 29.) Significantly, the Panel expressly recognized CBV's pre-approval right in the PPA over any payment by ChanBond pursuant the ASA.  The Panel recognized its lack of jurisdiction to decide CBV's pre-approval right pursuant the PPA.  This issue is currently being litigated in this action.  (*Id*. at ¶ 22.) Leane

---

[1] Attached hereto as Exhibit A.

Defendants acknowledge the jurisdiction of this Court over the legal interpretation of the PPA and Section 2.8.  (Arb. Tr. at 399:18-400:10.[3]).

On March 15, 2022, CBV filed a motion for temporary restraining order, preliminary injunction, and expedited discovery [D.I. 18], and an opening brief in support thereof [D.I. 19]. CBV's Motion for Preliminary Injunction was to prevent payment of the Arbitration Panel's Interim Award to Leane Defendants without this Court's oversight of CBV's prior approval of such payment per the PPA.

On March 16, 2022, the parties stipulated for Leane Defendants to intervene in this action. [D.I. 25, 28].

On March 17, 2022, CBV withdrew its motion for temporary restraining order because the parties agreed to a stipulated temporary restraining order during the pendency of CBV's motion for preliminary injunction [D.I. 30, 31, 32, 33].

On March 23, 2022, Leane Defendants filed their Answer to the Amended Complaint, Crossclaim against ChanBond for confirmation of the Arbitration Panel's Interim Award, and Counterclaim against CBV for declaratory judgment and unjust enrichment (in the alternative) [D.I. 41] (the "Leane Defendants Answer").

On October 5, 2022, Plaintiff's Motion for Preliminary Injunction was denied. [D.I. 151]. The Court notably issued its Order with a Memorandum Opinion partially construing the ASA, but leaving open the contractual interpretation as to CBV's pre-approval right pursuant the PPA over any payments made by ChanBond pursuant the ASA and the Arbitration Panel's Interim Award.  That pre-approval right of CBV is the sole issue of this Motion for Summary Judgment.

---

[3] Relevant excerpts of the arbitration transcript are attached hereto as Exhibit B.

In November 2022, CBV was informed that ChanBond and Leane Defendants settled their Arbitration regarding the ASA (as well as claims brought in this action) in exchange for a $30 million payment to Leane Defendants from the Patent Settlement Fund pursuant the ASA. Despite this pending lawsuit by CBV, the settlement amount was paid by ChanBond to Leane Defendants without notice to or prior approval by CBV.  CBV continued its pursuit of this lawsuit to obtain appropriate Delaware District Court oversight as to CBV's pre-approval right over ChanBond's payment to Leane Defendants based on Leane Defendants' status as a ChanBond stakeholder via the self-executed ASA.

From November 2022 until May 2023, CBV pursued settlement of its claims against ChanBond to reduce issues before this Court, while preserving all rights to pursue claims against Leane Defendants. Settlement among CBV and ChanBond was entered on April 19, 2023.[4]

In May 2023, after the settlement among CBV and ChanBond, CBV sought leave to file its Second Amended Complaint. Consistent with guidance of the Court's October 5, 2022 Memorandum Opinion and Order, CBV's Second Amended Complaint sought: to establish a constructive trust to hold the $30 million transferred in the unapproved payment to Leane Defendants, to assert a claim for unjust enrichment against Leane Defendants, and to modify its declaratory judgment claim to recover CBV's portion of the $30 million payment. The Court denied CBV's Motion for Leave to Amend on June 8, 2023 as untimely. [D.I. 220].

On December 19, 2023, following further dispute regarding the scope of claims remaining in this action, including mediation efforts by Chief Magistrate Judge Christopher Burke, this Court issued an Order granting the parties motions for leave to file motions for summary judgment. [D.I.

---

[4] A copy of the Confidential Settlement Agreement between CBV and ChanBond is attached as Exhibit C.

236]. The Court's Order includes recognition of Leane Defendants' "22% stake" as a stakeholder per the ASA, and states "CBV sufficiently pled facts alleging that the Patent Purchase Agreement granted CBV the right to pre-approve the payment made to the Leane Defendants pursuant to the 22% stake created by the Advisory Services Agreement [ASA]. See D.I. 223 at 2; D.I. 6, para. 83,84" (D.I. 236, emphasis added). The Court's Order confirms that it "finds that CBV's representation to the Court that 'there [were] no claims remaining to be tried' did not constitute waiver of CBV's payment pre-approval argument." *Id.*

Pursuant the Court's Order, Plaintiff CBV submits this Opening Brief in Support of its Motion for Summary Judgment to clarify and confirm the final contractual interpretation question before the Court:

Does PPA Section 2.8 grant CBV a pre-approval right over the $30 million stakeholder expense fee paid to Leane Defendants in October 2022 for their 22% stake in ChanBond per the ASA, such payment having been made without notice to or approval by CBV?

## STATEMENT OF FACTS

### A.    The Parties

#### 1.    CBV, Inc.

Plaintiff CBV, Inc. is a Pennsylvania corporation with its principal place of business in Carlisle, Pennsylvania. (Am. Compl. at ¶¶ 18, 25.) Before April of 2015, CBV was the owner of the U.S. Patents and U.S. Patent Applications (the "Patents") which its owners, Earl Hennenhoefer, Richard Snyder, and Robert Stine obtained for their inventions covering technology to deliver high-speed data over cable systems. (*Id*. at ¶ 25.)

#### 2.    ChanBond, LLC

Defendant ChanBond is a Delaware limited liability company with a principal place of business in Dallas, TX formed by Deirdre Leane on about August 15, 2014.  ChanBond was

formed while Leane was employed at IP Navigation Group, LLC ("IP Navigation"),[5] IP Navigation being a different company than Leane's company IPNav (of Leane Defendants). ChanBond is a special purpose vehicle that was set up purely to acquire the Patents and serve as the plaintiff in the Patent Suits. (Arb. Tr. at 73:4-9; 428:24-429:7, 1034:11-16).

Leane, serving as ChanBond's manager at its formation, executed the PPA with CBV in April 2015. (Leane Counterclaim at ¶ 25).

Six months later, Leane drafted and executed the self-serving ASA on behalf of <u>both</u> ChanBond and her company IPNav (of Leane Defendants) to establish a 22% stake for her company IPNav in ChanBond. On October 27, 2015, of that same year, Leane sold her membership interests in ChanBond to Unified Online, Inc. ("Unified") for $5M and shares in Unified Online, Inc. via an Interest Sale Agreement ("ISA") by which William "Billy" Carter, Unified's Chief Executive Officer, became ChanBond's manager. (Arb. Tr. at 1069:17-19).

### 3. IPNav (Of Leane Defendants)

IPNav is a Texas limited liability company with a principal place of business in Dallas, TX. Dierdre Leane incorporated IPNav on or about May 29, 2014. (Am. Compl. at ¶ 21.) Ms. Leane is the sole member of IPNav. (Leane Counterclaim at ¶ 2).

### 4. Deirdre Leane

Leane formed Defendant ChanBond on about August 15, 2014, while she was employed at IP Navigation. (Am. Compl. at ¶ 19). Leane served as ChanBond's manager from its formation

---

[5] IP Navigation was a Texas limited liability company with a principal place of business located in Dallas, Texas. (Am. Compl. at ¶ 20.) IP Navigation was founded by Erich Spangenberg in 2003. IP Navigation was in the business of providing patent monetization consulting services to patent owner clients in exchange for an interest on the recovery generated by the client's patents, a process that often involves patent litigation. (*Id.*)

and during execution of the ASA, until October 27, 2015, when she sold her membership interests in ChanBond to Unified pursuant the ISA. (*Id.* at ¶ 19).

## B.    The Patent Purchase Agreement (PPA) Between CBV and ChanBond

In 2013, CBV contacted Erich Spangenberg of IP Navigation about potentially monetizing the Patents. (*Id.* at at ¶ 28). CBV negotiated a relationship regarding monetization of the Patents with Erich Spangenberg. (*Id.*) The monetization effort was later transitioned by Erich Spangenberg to Leane and her company ChanBond.

CBV signed the PPA with ChanBond, attached hereto as Exhibit C, on April 9, 2015, when it was owned and controlled by Leane. (*See also* Arb. Tr. at 72:9-17.) By the PPA, CBV (Patent Seller) and ChanBond (Patent  Purchaser) agreed that ChanBond would purchase the Patents from CBV in order to monetize those Patents through patent litigation. (Ex. D).  In exchange, CBV received a right to a $1 million threshold payment and 50% of the Net Recoveries from the litigation involving the Patents. (*Id.*).   ChanBond was to receive the other 50%.  The 22% stake in ChanBond that Leane proposed to pay IPNav on behalf of ChanBond via the ASA dilutes both the CBV and the ChanBond return, but CBV was not a party to the ASA and did not approve that dilution of its 50% of Net Recoveries. PPA Section 2.8 was included at CBV's request to require CBV's prior approval over payments made pursuant obligations ChanBond might incur with a self-serving ChanBond "Affiliate" or "stakeholder" that could dilute the Patent Settlement Fund and detrimentally impact CBV's financial interest in any recovery from enforcement of CBV's patented technology.

### 1.    Section 2.8

Section 2.8 of the PPA requires that ChanBond (as Purchaser) receive "the prior approval of Seller [CBV]" for any cost or expense which is paid to an "Affiliate or stakeholder" of ChanBond. (*Id.* at 2.8.) Section 2.8 reads, in full:

"Net Recoveries" shall mean the total aggregate Gross Recoveries less the total aggregate amount of costs and expenses incurred by or on behalf of Purchaser in connection with the monetization, enforcement and/or sale of the Assigned Patent Rights which are exclusively limited to: (a) the reasonable fees and expenses of litigation counsel; (b) the reasonable fees and expenses of licensing counsel (c) the reasonable fees and expenses of any re-examination or other patent prosecution counsel; (d) reasonable expert fees, court costs, deposition costs and other reasonable costs and expenses related to the maintenance, prosecution, enforcement, and licensing of the Patents; and (e) the reasonable fees and expenses of any other advisors or agents Notwithstanding the above, *any cost or expense which is paid to an Affiliate of Purchaser [ChanBond] or to a stakeholder of Purchaser [ChanBond] shall require the prior approval of Seller [CBV], such approval to not be unreasonably withheld.*

(*Id.* (emphasis added).)

IPNav was an "Affiliate" of ChanBond at the time Leane executed the ASA of behalf of both ChanBond and IPNav. The PPA defines "Affiliate" to mean, "with respect to any Person, any Entity in any country that controls, is controlled by or is under common control with such Person." (*Id*. at 2.1.) The term "Control" is defined as "possession directly or indirectly of the power to direct or cause the direction of the management and policies of an Entity, whether through the ownership of voting securities, by trust, management agreement, contract or otherwise; provided, however, that beneficial ownership of more than fifty percent (50%) of the voting equity interests of an Entity shall be deemed to be control." (*Id*.).

IPNav is a "stakeholder" in ChanBond via the self-serving ASA which established IPNav's 22% stake in ChanBond as recognized in the Court's December 19, 2023 Order [D.I. 236].

## 2.    Section 3.3.2

Under Section 3.3.2 of the PPA, CBV as Patent "Seller" is entitled to 100% of Net Necoveries up to an initial $1M recovery threshold, and thereafter is entitled to share 50% of Patent "Purchaser" ChanBond's Net Recoveries from the Patent Suits, such as Net Recoveries in the Patent Settlement Fund. (Ex. D at 3.3.2.) Section 3.3.2 of the PPA reads, in relevant part:

Possible Future Cash Payment. Following the Closing Date, Purchaser shall pay to Seller one hundred percent (100%) of the Net Recoveries received, up to a cumulative amount of One Million US Dollars ($1,000,000) (the "Recoveries Threshold" and the payments making up the Recoveries Threshold, the "Threshold Payments"). Thereafter, Purchaser will pay to Seller a portion (each a "Recoveries Payment" and together with the Threshold Payments, the "Payments") of the Net Recoveries received by Purchaser in consideration for the licensing, enforcement and/or sale by Purchaser of the Patents, calculated as follows: *fifty percent (50%) of all Net Recoveries actually received and collected by Purchaser*. …

(*Id*., emphasis added.)

Amounts due to CBV under Section 3.3.2 of the PPA (i.e., 100% of Net Recoveries up to $1M, and thereafter fifty percent (50%) of all Net Recoveries actually received and collected by ChanBond) are due payable to CBV "within thirty (30) calendar days after each applicable calendar quarter, commencing with the first calendar quarter following the Closing Date until the expiration of the Patent." (*Id*.)

### 3.    The PPA Amendment

In August of 2015, ChanBond, through its then-manager, Leane, induced CBV and ChanBond to execute an Amendment to the PPA (the "PPA Amendment") regarding Patent ownership, (attached hereto as Exhibit E). The above-referenced terms of the PPA remain unchanged by the PPA Amendment.

### C.    The Patent Suits and Settlement

Pursuant the PPA, ChanBond asserted various of the Patents in patent infringement actions filed on September 21, 2015 in the United States District Court for the District of Delaware. Thirteen (13) patent infringement suits by ChanBond were pending in the District of Delaware against thirteen (13) separate defendants (the "Patent Suits"). By Stipulation and Order dated March 6, 2017, the above Patent Suits were consolidated, and on May 25, 2021, a jury trial was held before Judge Richard G. Andrews on the above Patent Suits.

10

On July 12, 2021, Judge Andrews entered a Joint Stipulation and Order for dismissal of the Patent Suits with prejudice as a result of the parties' agreement to "settle, adjust and compromise all claims" in the Patent Suits. The Patent Suits settled for $125,000,000, resulting in the Patent Settlement Fund.

**D.      The Advisory Services Agreement (ASA) Between ChanBond and IPNav**

In the preliminary negotiations regarding monetization of the Patents, CBV and Erich Spangenberg of IP Navigation never agreed to any third-party consultancy-type relationship with IP Navigation that could dilute the 50% shares of CBV and ChanBond in Net Recoveries.

However, on or about July 31, 2015, Ms. Leane executed the ASA on behalf of both ChanBond and IPNav and backdated it to April 9, 2015.  The ASA created for Leane a self-serving, third-party 22% stake in ChanBond's sole financial asset: the Gross Recovery from any monetization of the CBV Patented technology. A true and correct copy of the ASA is attached as Exhibit F.

CBV was not a party to the ASA that was executed solely by Ms. Leane in 2015, and CBV was never informed as to any terms of the ASA. CBV learned of the ASA's existence in 2020 through the Arbitration filed by Ms. Leane against Unified and ChanBond, AAA Case No. 01-20-0015-0793 (the "Arbitration"). (Hennenhoefer Declaration [D.I. 65]; Stine Declaration [D.I. 65]; Snyder Declaration [D.I. 65]; Arb. Tr. at 1109:9-16, 1158:10-22).

**E.      The Arbitration**

Leane Defendants submitted a demand for the Arbitration, AAA case number 01-20-0015-0793, against non-party Unified Online, Inc. and ChanBond for breach of contract, declaratory judgment, fraud, specific performance, and injunctive relief.  CBV was not a party to the Arbitration.

The Arbitration was heard by the Panel in a final arbitration hearing that took place on October 18-21, 2021. (Interim Award at ¶ 1.)

On March 7, 2022, the Arbitration Panel (the "Panel") issued an Interim Award of Arbitration Panel (the "Interim Award")[6] finding that Leane "is entitled to damages in the amount of $27,500,000.00 from Respondents constituting the 22% fee due and owing from the Settlement [of the Patent Suits], called for by the [Advisory Services Agreement ("ASA")] by and between [IPNav and ChanBond]." (Ex. A at ¶ 29.)

The Panel expressly recognized its lack of jurisdiction to decide the issue of CBV's payment approval rights over the 22% expense fee per the terms of the April 9, 2015 Patent Purchase Agreement ("PPA") by and between ChanBond and CBV.  The issue of CBV's prior approval right is the subject of the current action.  (*Id*. at ¶ 22.) Leane Defendants' counsel also acknowledged that this issue of CBV's prior approval right per the PPA must be decided by this Court.  (Arb. Tr. at 399:18-400:10.) The Interim Award is "strictly limited to the enforceability of the ASA as between the parties to [the Arbitration] only." (*Id*.)

On May 18, 2022, the Arbitration Panel issued a final award (the "Final Award") in the Arbitration, a true and correct copy of which is attached hereto as Exhibit G. The Final Award is identical to the Interim Award with respect to its substantive holding. The Final Award differs from the Interim Award in that it resolves the Arbitration parties' contentions with respect to Leane Defendants' request for an award of attorney's fees and costs.  On top of the $27.5 million awarded in the Interim Award, the Final Award grants Leane Defendants' request for attorney's fees and costs and grants Leane Defendants such fees and costs. (*Id.* at ¶¶ 30-33.)

---

12

Both the Interim Award and the Final Award expressly recognize this Court's exclusive jurisdiction over interpretation of the PPA as regards to CBV's prior approval rights pursuant the PPA over the 22% stakeholder expense fee of the ASA and thus the Final Award. If this Court finds CBV's prior approval is required for payments made pursuant the ASA under the Court's interpretation of the PPA, Leane Defendants are not entitled to the October 2022 payment of monetary relief granted by the Arbitration Panel's interpretation of the ASA via the Interim and Final Awards.

## F.    The Preliminary Injunction Ruling and Subsequent Settlements

In its October 5, 2022 Memorandum Opinion and Order denying CBV's Motion for Preliminary Injunction the Court partially interpreted the PPA regarding Leane's right to enter the self-serving ASA without CBV's consent. [D.I. 151].  The Court held that in the PPA, "§ 2.8 is a definition which provides a limitation to what costs and fees require pre-approval from CBV to be eligible as a deduction when calculating Net Recoveries. Contrary to its position, § 2.8 does not purport to grant CBV an unfettered right of consent before ChanBond enters into any affiliate agreement." *Id.* at 11-12. Thus, the Court found Leane was entitled to enter the self-serving ASA on behalf of both ChanBond and her company IPNav to propose a 22% stake of IPNav in ChanBond.

However, the Court acknowledged that CBV's prior approval right over payment of any such proposed obligation must be separately evaluated. The Court left open whether costs and fees awarded in the Arbitration to Leane Defendants per the ASA required pre-approval by CBV before they could be paid to Leane Defendants. CBV's current motion therefore seeks a declaration that the $30M payment made by ChanBond to Leane Defendants did indeed require CBV approval per the express terms of PPA Section 2.8.

13

CBV has preserved its claim against ChanBond for the single payment of $30 million made to Leane Defendants, unjustly enriching Leane Defendants. The settlement between ChanBond and CBV that was executed on April 19, 2023 specifically provided "[f]or the avoidance of doubt, the Parties acknowledge that the releases provided for in this Agreement do not in any way constitute satisfaction of the obligations provided for in the PPA"; "ChanBond shall provide reasonable cooperation in CBV's pursuit of claims against Deirdre Leane and IPNAV, LLC, including, but not limited to not opposing CBV's Second Amended Complaint in the Action, and to providing truthful affidavits in support of CBV's Court submissions in the Action."

CBV requested leave to file its Second Amended Complaint shortly after execution of its settlement agreement with ChanBond to pursue establishment of a constructive trust to hole the $30M payment to Leane Defendants, and a claim of unjust enrichment against Leane Defendants and to modify its declaratory judgment claim consistent with the Court's October 5, 2022 Memorandum Opinion and Order following the $30M payment of funds from ChanBond to Leane Defendants. The Court denied CBV's Motion for Leave to Amend on June 8, 2023 as untimely. [D.I. 220].

While the Court denied CBV's motion for leave, the unanswered contractual interpretation question remains alive through Leane Defendants' Counterclaims. *See* Count I. The critical question raised by the Court's Memorandum Opinion is the scope of CBV's pre-approval right with respect to the subsequent $30 million payment made by ChanBond to Leane Defendants as a stakeholder expense fee for their 22% stake in ChanBond as proposed in the ASA. CBV asserts its right of prior approval over such payment is clearly defined in the PPA.

## ARGUMENT

### A.    Standard of Law

Summary judgment is appropriate "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). If the moving party is able to demonstrate an absence of disputed material facts, the nonmoving party must then "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (citing Fed. R. Civ. P. 56(c)).

The mere existence of some evidence in support of the nonmoving party will not be sufficient for denial of a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the nonmoving party must present enough evidence to enable a jury to reasonably find for it on that issue. *Id*. The party opposing summary judgment must present more than just "mere allegations, general denials, or … vague statements" to show the existence of a genuine issue. *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). As such, a nonmoving party must support their assertion that a material fact is in dispute by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "(B) showing that the materials cited to do not establish absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

**B.    ChanBond's Payment To Leane Defendants In October 2022 Violated CBV's Pre-Approval Right Per PPA Section 2.8**

The critcal question following this Court's October 2022 Memorandum Opinion is whether CBV's prior approval right of PPA Section 2.8 applies to the $30 million payment made in October 2022 by ChanBond to Leane Defendants to satisfy Leane Defendants' self-interested, proposed 22% stake in ChanBond as a stakeholder expense fee pursuant the ASA.  The payment was made, without prior approval by CBV.

In acknowledging Ms. Leane's right to unilaterally enter the self-serving Affiliate ASA in the Memorandum Opinion, the Court held "§ 2.8 is a definition which provides a limitation to what costs and fees require pre-approval from CBV to be eligible as a deduction when calculating Net Recoveries.

The Court did not make any determination regarding CBV's prior approval right at that time. The Court's Order recognizes that the ASA establishes a "22% stake" in ChanBond on behalf of Leane Defendants.  PPA Section 2.8 provides CBV "prior approval" over payments made to "stakeholders" of ChanBond. The $30M payment of the "22% stake" to Leane Defendants was made without "prior approval" by CBV.  This question requires this Court's legal interpretation of the PPA.

Pursuant Section 2.8 of the PPA, CBV is entitled to its 50% share of Net Recoveries from the Patent Settlement Fund before Leane Defendants, as stakeholders in ChanBond, are paid any asserted cost or expense from the Gross Recoveries of ChanBond.  Leane Defendant's recognized status as a PPA "stakeholder" in ChanBond requires they obtain CBV's prior approval to be paid on the 22% stake in ChanBond's Gross Recoveries.

PPA Section 2.8 states:

16

"Notwithstanding the above, any cost or expense which is paid to an Affiliate of Purchaser or to a stakeholder of Purchaser shall require the prior approval of Seller [CBV], such approval to not be unreasonably withheld."

PPA Section 2.8 expressly requires CBV's prior approval over the $30M payment made by ChanBond to Leane Defendants as stakeholders in ChanBond via the ASA. Per this Court's construction of the Affiliate ASA, IPNav's 22% stake establishes "**stakeholder**" status of Leane Defendants in ChanBond.  Prior approval by CBV is therefore required before Leane Defendants can be paid a stakeholder expense fee as a PPA Section 2.8 "stakeholder".   CBV is entitled to 50% of the Net Recoveries prior to any cost or expense to be paid Leane Defendants because no such prior approval of CBV was ever requested or obtained.

## C.    Declaratory Judgment is Necessary and Appropriate

Leane Defendants have asserted that because the October 2022 payment by ChanBond to Leane Defendants already occurred (albeit without CBV's prior approval), the remaining declaratory judgment claim is moot. *See* [D.I. 234].  In the misapplied case of *State Farm Mut. Auto. Ins. Co. v. Delaware Diagnostic & Rehab*. Ctr., P.A., 2021 WL 192936 5, at *8 (D. Del. May 13, 2021), report and recommendation adopted, 2021 WL 2212295 (D. Del. July 1, 2021), the Court denied defendants' counterclaim for declaratory judgment not because of a prior payment, but because the declaratory judgement claims were duplicative and redundant of other counterclaims. The decision in that case had no connection to declaratory relief regarding past conduct or prior payments by the parties.

Proper legal standards for declaratory judgment find it appropriate when the decision would affect the parties' present behavior and have present consequences, as is the case at hand. *Delaware State Univ. Student Hous. Found. v. Ambling Mgmt. Co*., 556 F. Supp. 2d 367, 374 (D. Del. 2008) (dismissing a declaratory judgment claim as duplicative of its concurrent breach of

17

contract claim) (citing *Clemente v. Greyhound Corp.*, 52 Del. 223, 232–33, 155 A.2d 316, 321 (Del. Super. Ct. 1959). Leane Defendants' failure to obtain the required prior approval of CBV continues to have significant impact on the final distribution owed to CBV from the Patent Settlement Fund, and the unapproved payment to Leane Defendants supports an unjust enrichment claim against them.

**D.     CBV has not waived any rights as a result of statute of limitations or the Settlements in this Action.**

CBV further expects Leane Defendants to argue that judgment in favor of CBV is barred either by its settlement with ChanBond or the relevant statute of limitations. This summary judgment motion relates to Leane Defendants' counterclaim for declaratory judgment that "any payment from ChanBond to IPNAV under the ASA … may be deducted from Gross Recoveries in calculating Net Recoveries under the PPA regardless of whether CBV approved the payment to IPNAV." (D.I. 41 at Count I). CBV clearly has a pre-approval right pursuant PPA Section 2.8 over the $30M payment made by ChanBond to Leane Defendants via their 22% stake proposed in the ASA. The authorization for the payment by ChanBond to Leane Defendants has not been resolved by the Court and is not subject to any settlement agreement entered in connection with this action.

Additionally, any prior argument by Leane Defendants that a statute of limitations has passed with respect to this claim is disingenuous because the payment in question occurred in October 2022.

## **CONCLUSION**

CBV seeks a declaration from this Court that any reasonable construction of PPA Section 2.8 grants CBV a pre-approval right over the $30 million stakeholder expense fee paid to Leane Defendants for their 22% stake in ChanBond per the ASA, such payment having been made

without notice to or approval by CBV, thereby unjustly enriching Leane Defendants to the detriment of CBV.

For these reasons, Plaintiff CBV respectfully requests that Summary Judgment be entered in its favor.

**BUCHANAN, INGERSOLL & ROONEY PC**

Dated:  January 16, 2024                    */s/ Geoffrey Grivner*
Geoffrey G. Grivner (#4711)
Kody M. Sparks (#6464)
500 Delaware Avenue, Suite 720
Wilmington, DE 19801-3036
(302) 552-4200
geoffrey.grivner@bipc.com
kody.sparks@bipc.com

\*        \*        \*

Patrick C. Keane, Esq.
BUCHANAN, INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
patrick.keane@bipc.com

*Attorneys for Plaintiff*