## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., | |
| *Plaintiff/Counterclaim-Defendant,* | |
| *v.* | C.A. No. 1:21-cv-01456-GBW |
| CHANBOND, LLC, | |
| *Defendant/Crossclaim-Defendant,* | |
| and | |
| DIERDRE LEANE, and IPNAV, LLC, | |
| *Defendants/Counterclaim-Plaintiffs/Crossclaim-Plaintiffs.* | |

## PLAINTIFF CBV INC.'S REPLY BRIEF IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT AND ANSWERING BRIEF IN OPPOSITION
## TO LEANE DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

**BUCHANAN, INGERSOLL & ROONEY PC**

Dated:  February 19, 2024

*/s/ Geoffrey Grivner*
Geoffrey G. Grivner (#4711)
Kody M. Sparks (#6464)
500 Delaware Avenue, Suite 720
Wilmington, DE 19801-3036
(302) 552-4200
geoffrey.grivner@bipc.com
kody.sparks@bipc.com

*       *       *

Patrick C. Keane, Esq.
BUCHANAN, INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
patrick.keane@bipc.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

NATURE AND STAGE OF PROCEEDINGS ........................................................... 3

STATEMENT OF FACTS ............................................................................................ 4

    A.  The Patent Settlement Fund is ChanBond's Sole Asset Pool ............................ 4

    B.  Leane Defendants Remain Interested Parties .................................................... 6

    C.  Prior Rulings of This Court and the Arbitration Panel Guide This Procedure ... 7

    D.  CBV's Declaration(s) Seeks Resolution of the Payment Pre-approval Argument ............ 8

ARGUMENT ................................................................................................................ 9

    A.  The Court Retains the Subject Matter Jurisdiction that Leane Defendants Invoked ........ 10

    B.  CBV's Declaration is Essential to Resolution of a True Dispute in This Case ............... 11

    C.  The Claim Before the Court has Neither Been Released Nor Subject to Indemnification ........... 13

    D.  PPA Section 2.8 Defines CBV's "Prior Approval" ........................................ 15

    E.  IPNAV Is a "Stakeholder" as Recognized by This Court in its December 2023 Order ... 16

    F.  Summary Judgment Is Appropriate Because No Genuine Dispute of Material Facts Exists ............... 18

CONCLUSION ............................................................................................................ 21

i

# TABLE OF AUTHORITIES

**Cases**

*DCV Holdings, Inc. v. ConAgra, Inc.*, 889 A.2d 954 (Del. 2005) .................................................. 14

*E.I. Dupont De Nemours & Co. v. Huttig Bldg. Products*, 2002 WL 32072447 (Del. Super. Ct. May 28, 2002) ....................................................................................................................... 19

*In re G-I Holdings, Inc.*, 755 F.3d 195 (3d Cir. 2014) ................................................................. 14

*Kronenberg v. Katz,* 872 A.2d 568 (Del. Ch. 2004) .................................................................. 11

*Manti Hldgs, LLC v. Authentix Acquisition Co., Inc.*, 261 A.3d 1199, 2021 WL 4165159 (Del. Sept. 13, 2021) ..................................................................................................................... 15

*Millett v. TrueLink, Inc.*, 533 F. Supp. 2d 479 (D. Del. 2008) ..................................................... 16

*Motor Terminals v. Nat'l Car Co.*, 92 F. Supp. 155 (D. Del. 1949) ............................................. 19

*Osborn v. Kemp*, 991 A.2d 1153 (Del. 2010) ............................................................................. 15

*Prime Victor Int'l Ltd. v. Simulacra Corp.*, 2023 WL 4546333 (D. Del. July 14, 2023) ............. 16

*Realtek Semiconductor, Corp. v. LSI Corp.,* 2014 WL 2738226 (N.D. Cal. June 16, 2014) ....... 12

*Rollins Int'l, Inc. v. Int'l Hydronics Corp.*, 303 A.2d 660 (Del. 1973) ........................................ 12

*Rumpke Sanitary Landfill, Inc. v. State*, 941 N.E.2d 1161 (Ohio Dec. 16, 2010) ........................ 11

*Stone St. Asset Tr. v. Blue*, 821 F. Supp. 2d 672 (D. Del. 2011) .................................................. 20

**Other Authorities**

Black's Law Dictionary (11th ed. 2019) ..................................................................................... 17

## INTRODUCTION

CBV's Opening Brief sets forth its simple purpose underpinning this case: CBV's concern that Gross Recoveries in the Patent Settlement Fund would be improperly diluted by unapproved allocations to third party Affiliates or stakeholders, such as Leane Defendants. Op. Br. at 1. This concern became reality with a premature November 2022[1] payment of Leane Defendants' self-executed 22% stake in ChanBond from the Gross Recoveries without CBV's approval, and without this Court's ruling on the distribution guidelines of Patent Purchase Agreement (PPA) § 2.8. Because the 22% stake (i.e., a $30 million ($30M) expense fee) was transferred directly from Gross Recoveries to Leane Defendants without CBV approval, any remaining Net Recoveries available to pay CBV were significantly depleted. This expense fee, which was not approved by CBV, should have been a ChanBond expense created by the Advisory Services Agreement (ASA) that Ms. Leane self-executed. This stakeholder payment makes Leane Defendants the highest compensated parties by far and was in direct violation of the "shall require the prior approval" language affording CBV oversight of deductions from Gross Recoveries in PPA § 2.8. Interpretation of § 2.8 is the sole legal issue presented in CBV's pending motion before this Court.

CBV's present action was initiated against ChanBond over contract interpretation of PPA § 2.8 between CBV and ChanBond. The PPA defines CBV's oversight of deductions from Gross Recoveries contained in the Patent Settlement Fund that were to be paid as expenses to ChanBond's third party "Affiliates" or "stakeholders" such as Leane Defendants. Leane Defendants, as "stakeholders" in ChanBond, moved to intervene and avail themselves of this

---

[1] CBV's Opening Brief and proposed Order reference the payment at issue being made in October 2022, but Leane Defendants' brief suggests it was made in November 2022. The specific timing of the payment is not at issue in CBV's Motion.

1

Court's jurisdiction with regard to demanded deduction of their 22% stake from Gross Recoveries without CBV's prior approval.  Leane Defendants' stated motive was to have this Court "protect their interests" in the "property at stake" in this litigation. Ans. Br. at 17.  Leane Defendants' pleadings included a declaratory judgment counterclaim seeking interpretation of § 2.8 of the PPA. D.I. 41 at Counterclaim I.  That counterclaim remains before the Court because CBV did not approve the "stakeholder" payment to Leane Defendants as a deduction from Gross Recoveries. In making Leane Defendants the highest compensated party, that unapproved payment significantly depleted the Gross Recoveries to the detriment of CBV.

CBV's intention remains focused upon this Court exercising its jurisdiction to efficiently resolve the only remaining legal question at issue:

**Does proper legal interpretation of PPA § 2.8 require the prior approval of CBV over the 22% stake paid to Leane Defendants as an expense fee deduction from Gross Recoveries?**

Leane Defendants assert that there is nothing left for this Court to decide now that they possess payment of their 22% stakeholder expense fee in full.  Leane Defendants demanded premature distribution of that payment from Gross Recoveries on threats of an ever-growing interest award if the funds were not distributed.[2]

---

[2] Leane Defendants took possession of $30 million of the Gross Recoveries in the Patent Settlement Fund amid a threat against ChanBond to assert significant interest fees on its arbitration award if the payment was not made. *See, e.g.* D.I. 114, Leane Defendants' June 1, 2022 letter to Court ("Thus, the total amount on which post-judgment interest runs is $30,716,956.66, and at 5% per year, interest would be accruing at $4,208.22 per day…. The Court has not held a hearing on the PI Motion, and, as such, Leane Defendants' interest waiver is active and ongoing, at a cost of roughly $126,000 per 30-day month, with no certainty as to when that waiver will end.")

Leane Defendants now wrongfully declare victory before the question regarding pre-approval under the PPA, that they themselves brought to this Court, is properly resolved.  CBV's Motion for Summary Judgment asks this Court to resolve that question to end this dispute.

This is CBV's Reply Brief in support of that motion and answering brief in opposition to Leane Defendants' Cross-Motion for Summary Judgment.

## NATURE AND STAGE OF PROCEEDINGS

The procedural simplicity of this case is far from being the "shambles" that Leane Defendants use to characterize the water since muddied by their circumvention of CBV's prior approval over the $30M stakeholder payment. Ans. Br. at 8.  The procedural posture of this case follows the guidance provided by this Court in its October 5, 2022 Memorandum Opinion for addressing a third party stakeholder who improperly receives unauthorized and unjust possession of funds, such as Leane Defendants.

Leane Defendants' intervention is acknowledgement that PPA § 2.8 must be interpreted by this Court with regard to distribution of payments from the Patent Settlement Fund.  They have since dismissed the authority of this Court with their demand for premature possession of their 22% stake in the Patent Settlement Fund.  That stake was created by the ASA that Ms. Leane self-executed on behalf of both ChanBond and her company IPNAV, thereby diluting the Gross Recoveries of the Patent Settlement Fund if payment called for were to be approved by CBV. Payment of the 22% stake was demanded and received by Leane Defendants pursuant threats of accruing 5% interest on the $30M+ stake.  The demanded payment was distributed without any prior approval by CBV or any related ruling by this Court with regard to CBV's prior approval per PPA§ 2.8.

Leane Defendants' "jumping the gun" to demand premature possession of their "stake" in ChanBond without this Court's ruling on CBV's prior approval over that payment as a deduction

3

from Gross Recoveries has driven the procedural posture of this case to its current state. The procedural resolution pursued by CBV is guided by this Court's October 5, 2022 Memorandum Opinion wherein the Court stated "When the PPA is 'read as a whole,', § 2.8 is a definition which provides a limitation to what costs and fees require pre-approval from CBV to be eligible as a deduction when calculating Net Recoveries." (citation omitted). The Court's Memorandum Opinion addressed Plaintiff CBV's lack of irreparable harm by stating that it saw no legal reason why CBV "could not seek to pursue the third parties for any amounts that may later be found to have been wrongfully distributed." The Court cited to cases utilizing constructive trusts and unjust enrichment claims, and CBV defers to the Court's insight and guidance. D.I. 151 at 16. Although the Court denied Plaintiff CBV's subsequent motion for leave to amend its complaint to include claims for unjust enrichment and constructive trust against Leane Defendants at that time, the Court is left to issue a declaration as to Count I of Leane Defendants' Counterclaim interpreting the disputed provisions of PPA § 2.8. The Court's December 19, 2023 Order acknowledges that this question is properly before this Court on CBV's Motion for Summary Judgment. D.I. 236.

## STATEMENT OF FACTS

Leane Defendants' Brief obfuscates the simplicity of the case at hand with confusing and irrelevant noise, in defiance of this Court's acknowledged jurisdiction to efficiently resolve this case. The procedural evolution of this case is dictated by the following undisputed facts.

## A.   THE PATENT SETTLEMENT FUND IS CHANBOND'S SOLE ASSET POOL

CBV dubbed the Gross Recoveries of ChanBond as the "Patent Settlement Fund" in its Opening Brief. CBV's action was initiated against ChanBond over contract interpretation of PPA § 2.8 to define CBV's prior approval of payment deductions from the so-called Patent Settlement Fund to third party "Affiliates" or "stakeholders" such as Leane Defendants. Leane Defendants take exception with this nomenclature arguing that "no 'Patent Settlement Fund' exists as an

independent entity capable of owing CBV anything." Ans. Br. at 23.  They argue that CBV is not entitled to a portion of the Patent Settlement Fund, but rather is owed money from ChanBond pursuant to the PPA, and that the claim for that money has been released. *Id.*  Leane Defendants' arguments are mere words without merit because Leane Defendants circumvented CBV's pre-approval of PPA § 2.8 in depleting ChanBond's only asset pool, regardless of its nomenclature.

The parties acknowledge the undisputed fact that the Patent Settlement Fund is ChanBond's only asset pool and that ChanBond has no ongoing business. *See, e.g.* D.I. 42 at 18 ("Unless restrained from doing so, ChanBond could draw-down the settlement fund – ***which is its only source of income*** – to fund its defense of this action or by distributing sums to other parties unknown, depleting the **only pool** from which either CBV or Leane Defendants can recover." ) (emphasis added); Ex. A , Leane Arb. Dep. Tr. at 237:19-238:2 ("And **ChanBond doesn't have any business**. There's no business.· Everything else was paid for through the previous amendments.· Everyone else was on contingency.· There's no reason for ChanBond to be  drawing down any additional money for working capital. It had no business.· The only business it has was – had and has is monetizing the patents through the ChanBond litigation …"); (emphasis added); Ex. A Leane Arb. Dep. Tr. at 250:23; Ex. B, Arb. Tr. at 1034:11-20.

The Court's December 2023 Order references Leane Defendants' 22% "stake" in ChanBond.  ChanBond has no additional, asset pool other than the Patent Settlement Fund from which CBV can recover its proper share of Net Recoveries.  Leane Defendants possession of its 22% stake from the limited pool of the Patent Settlement Fund was demanded knowing this Court had not ruled upon proper payment deductions and distributions pursuant to interpretation of the PPA.

**B.      LEANE DEFENDANTS REMAIN INTERESTED PARTIES**

CBV specifically retained claims against ChanBond should it need to pursue recovery of the unjust payment prematurely made to Leane Defendants. Op. Br. at Ex C ("For the avoidance of doubt, the Parties acknowledge that the releases provided for in this Agreement do not in any way constitute satisfaction of the obligations provided for in the PPA.").  Leane Defendants remain parties to this action. Leane Defendants' characterization of the present case as being moot because of their settlement with ChanBond is an unwarranted attempt to dismiss this Court's acknowledged jurisdiction and authority to rule on the proper interpretation of PPA § 2.8.  Leane Defendants disingenuously attempt to confuse this Court, stating: "the question of how much money CBV is due from ChanBond has been conclusively resolved by the settlement between those parties, this case is moot." Ans. Br. at 18.  This Court's December 2023 Order recognizes that the present case is not moot.

Leane Defendants are parties to this action, and *they* have claims before this Court that have yet to be settled or adjudicated.  Leane Defendants' counterclaim brought ***against CBV*** seeks a declaration interpreting the PPA:

> Because IPNAV and ChanBond are not "Affiliates" as defined in the PPA as of the time any payment from ChanBond to IPNAV under the ASA would be made, such payment may be deducted from Gross Recoveries in calculating Net Recoveries under the PPA regardless of whether CBV approved the payment to IPNAV.

D.I. 41 at ¶70.  This statement overlooks the fact that the ASA created a self-executed 22% stake on behalf of IPNAV (Leane Defendants) in ChanBond, which drives the fundamental contractual interpretation issue presently before this Court.

Leane Defendants certainly had an interest in resolving this contractual interpretation question when ChanBond possessed the entire Patent Settlement Fund, as evidenced by their intervention in CBV's Complaint against ChanBond.  Leane Defendants' November 2022 coerced

receipt of its 22% stake, draining the Gross Recoveries in the Patent Settlement Fund, has changed its view of this Court's jurisdiction and authority to decide CBV's prior approval of that payment pursuant the PPA. CBV is simply asking the Court to resolve the contract interpretation of the PPA to ensure proper allocation and distribution of the Patent Settlement Fund.

## C.    PRIOR RULINGS OF THIS COURT AND THE ARBITRATION PANEL GUIDE THIS PROCEDURE

Leane Defendants suggestion that CBV has misinterpreted the clear rulings of this Court, and of the Arbitration panel's deference to this Court in the arbitration between Leane Defendants and ChanBond, is an attempt to ignore the guidance provided therein.

First, Leane Defendants wrongly insinuate that CBV misstates the findings of the Arbitration panel. Ans. Br. at 13. CBV's Opening Brief merely states that the Panel "recognize(d) this Court's exclusive jurisdiction over interpretation of the PPA as regards to CBV's prior approval rights pursuant the PPA over the 22% stakeholder expense fee of the ASA and thus the Final Award." Op. Br. a 13. CBV does not assert that the Arbitration Panel made any interpretation of the PPA under Delaware law because that is CBV's key purpose for filing this action.

Next, Leane Defendants' unreasonable expansive reading of the Court's Memorandum Order denying CBV's Motion for Preliminary Injunction ignores the guidance provided therein. The Court's Order did not address the fundamental question at issue: Does the Leane Defendants' 22% stake constitute an expense fee that is deductible from the Patent Settlement Fund without CBV pre-approval under the PPA § 2.8? CBV seeks a declaration to resolve that question and ensure only properly approved deductions are made from Gross Recoveries within the Patent Settlement Fund so that Net Recoveries are not unilaterally diluted and depleted.

Finally, the Court's Order of December 19, 2023 states in relevant part:

Having reviewed the parties' letters, D.I. 233, D.I. 234, and D.I. 235, identifying and providing the parties' respective positions regarding whether any issues remain

7

to be litigated in this case and **whether the Court retains subject matter jurisdiction over this action in light of the settlement agreement between CBV and ChanBond**, D.I. 216, Ex. 1, IT IS HEREBY ORDERED that the parties' respective motions, D.I. 233 and D.I. 234, for leave to file motions for summary judgment are GRANTED. The Court finds that CBV sufficiently pled facts alleging that **the Patent Purchase Agreement granted CBV the right to pre-approve the payment made to the Leane Defendants pursuant to the 22% _stake_ created by the Advisory Services Agreement**. See D.I. 223 at 2; D.I. 6, para. 83,84. The Court also finds that CBV's representation to the Court that "there [were] no claims remaining to be tried" **did not constitute waiver of CBV's payment pre-approval argument.**

D.I. 236 (emphasis added).  The Court's Order acknowledges the CBV "pre-approval" remains

unresolved and references Ms. Leane's self-executed ASA document as creating "the 22% stake"

in ChanBond.  That "stake" led to the premature payment of November 2022 without CBV

approval, and "CBV's payment pre-approval argument" requires resolution pursuant to the

pleadings filed to date.

**D.    CBV'S DECLARATION(S) SEEKS RESOLUTION OF THE PAYMENT PRE-APPROVAL ARGUMENT**

Leane Defendants' brief feigns disingenuous confusion or ignorance regarding the simple

and clear relief sought by CBV via its proposed Order: A declaration that "Section 2.8 of the Patent

Purchase Agreement entered into between CBV and ChanBond, LLC grants CBV a pre-approval

right over the $30 million stakeholder expense fee paid to Leane Defendants in November 2022

for their 22% stake in ChanBond per the ASA, such payment having been made without notice to

or approval by CBV." D.I. 238.  The undisputed facts and procedural posture of this case dictate

the simplicity of CBV's requested declaration and proposed Order.

To be clear, CBV is not seeking a declaration that Leane Defendants have been unjustly

enriched despite Leane Defendants' assertion. Ans. Br. at 28.

CBV's claim for relief is derived from Count I of Leane Defendants' counterclaim, as

repeatedly represented to the Court. _See, e.g._ D.I. 228 ("Leane Defendants intervened in this action

with a counterclaim against CBV [D.I. 41] seeking declarations that the "PPA does not strip ChanBond of the authority to enter into contracts without CBV's approval…"; and that because IPNAV and ChanBond are not current "Affiliates" "any payment from ChanBond to IPNAV under the ASA … may be deducted from Gross Recoveries in calculating Net Recoveries under the PPA regardless of whether CBV approved the payment to IPNAV." D.I. 233 ("CBV's response refers to Leane Defendants' counterclaim for declaratory judgment that "any payment from ChanBond to IPNAV under the ASA … may be deducted from Gross Recoveries in calculating Net Recoveries under the PPA regardless of whether CBV approved the payment to IPNAV." (D.I. 41 at Count IV [sic]).  This claim has not been resolved by the Court and could not be resolved in the form of an appealable stipulated final judgment, as CBV previously explained to the Court."); Op. Br. at 14.

While CBV's request for relief is clear and unequivocal, Leane Defendants attempt to distance themselves from the original relief they sought upon intervention.  Leane Defendants have filed a cross-motion for summary judgment (D.I. 242) with a "Brief in Opposition to Plaintiff CBV's Motion for Summary Judgment" that offers no clue on the relief sought.  Leane Defendants only offer a conclusory statement bemoaning the length of litigation and asking the Court to dismiss the action without basis. Ans. Br. at 37.  Leane Defendants' proposed Order merely asks the Court to grant its motion and deny CBV's motion.

The Court cannot shy away from answering the question before it merely because Leane Defendants now possess the funds at issue and prefer to maintain that status quo to the detriment of CBV.

## **ARGUMENT**

CBV's Opening Brief sets forth with clarity the undisputed facts underlying the sole contractual interpretation issue at hand, and CBV's alignment with a procedural posture presented

by the Court in its Memorandum Opinion of October 2022 and Order of December 2023. No factual dispute exists that would prevent the Court from issuing CBV's requested declaration on the present record. Leane Defendants' Answering Brief does not refute the undisputed facts and substance of CBV's summary judgment motion but rather attempts to confuse the Court with inapposite arguments that are wholly inaccurate and/or irrelevant to CBV's meritorious claim as demonstrated herein.

A.    THE COURT RETAINS THE SUBJECT MATTER JURISDICTION THAT
       LEANE DEFENDANTS INVOKED

Leane Defendants' argument that this Court lacks the very subject matter jurisdiction that they invoked must fail. Ans. Br. at 18-21. This argument asserts that as between CBV and ChanBond "[t]here is no longer a legal dispute between these two parties for this Court to adjudicate." *Id.* at 20. The legal dispute between CBV *and ChanBond* has evolved to CBV's claim to recover the $30 million payment now possessed by Leane Defendants upon this Court's interpretation of PPA § 2.8. A remaining legal dispute between CBV *and Leane Defendants* is set forth in *Leane Defendants' counterclaim*. *See* Counterclaim Count I.

"Leane Defendants intervened in the matter after they obtained an award against ChanBond in arbitration in order to protect their interests in the property at issue in this case." *Id.* at 20. Specifically, Leane Defendants intervened to seek a declaration, *inter alia*, regarding the proper allocation of the funds at issue in this action. *See* Counterclaim Count I. CBV also brought this action for that same reason. While ChanBond's position (or lack thereof) regarding the allocation of the funds is not relevant to the current dispute by virtue of the various settlements relating to this action, that fact does not resolve CBV's opposition to the dispute Leane Defendants brought to this Court.

Leane Defendants, although non-parties to the PPA contract, have an interest in that contract's interpretation, and were free to bring a declaratory judgment action relating to that contract. "[W]hether a nonparty is a necessary party to a declaratory-judgment action depends upon whether that nonparty has a legally protectable interest in rights that are the subject matter of the action." *Rumpke Sanitary Landfill, Inc. v. State*, 941 N.E.2d 1161, ¶ 14–15 (Ohio Dec. 16, 2010); *see also Kronenberg v. Katz,* 872 A.2d 568, fn. 74 (Del. Ch. 2004) (noting non-party, third party beneficiary to contract right to bring declaratory judgment action). Leane Defendants have a purported legally protectable interest in the rights and funds that are the subject of the disputed PPA or they would not have intervened in this action to "protect their rights."

Leane Defendants' argument that this Court suddenly lacks the very subject matter jurisdiction they invoked to resolve the dispute they raised must fail for these reasons.

**B.    CBV'S DECLARATION IS ESSENTIAL TO RESOLUTION OF A TRUE DISPUTE IN THIS CASE**

Leane Defendants' argument that CBV's requested declaration is moot because ChanBond has already transferred the majority of the Patent Settlement Fund to them (Ans. Br. at 21-24) ignores their stated need for judicial interpretation of PPA § 2.8 essential to resolving the true dispute of this case. Leane Defendants' senseless assertion that because they now possess payment of their 22% stake from ChanBond, and because they misconstrue the status of CBV's settlement with ChanBond, there is no longer a need to interpret PPA § 2.8 as between Leane Defendants and CBV. There is however no ruling as to whether the PPA § 2.8 language "shall require the prior approval of [CBV]" applies to the November 2022 stakeholder payment to Leane Defendants  as a deduction from Gross Recoveries. CBV's requested declaration will resolve this true dispute regarding PPA contract interpretation in an effort to end this ongoing litigation.

11

Leane Defendants availed themselves of this Court's jurisdiction in requesting interpretation of PPA § 2.8 with respect to deductions from Gross Recoveries in the Patent Settlement Fund for purposes of calculating Net Recoveries owed CBV. *See* Counterclaim Count I. They assert that the stake paid pursuant to the ASA was to be deducted from the Gross Recoveries because Leane Defendants were no longer an "Affiliate" when the payment was made. *Id.* However, CBV's argument that the payment of the 22% stake to Leane Defendants as a stakeholder "shall require the prior approval" of CBV has not been resolved. *See* D.I. 228, 233, 236.

It is not Leane Defendants' decision to dismiss the PPA contract interpretation issue they raised in their counterclaim simply because they prematurely possess the $30M payment on their 22% stake in ChanBond and wish to deny CBV's pursuit of its countervailing declaration. CBV's relief is within the purview of the Court based upon the pleadings and record before it. *Rollins Int'l, Inc. v. Int'l Hydronics Corp*., 303 A.2d 660, 662 (Del. 1973) ("[T]he Declaratory Judgment Act is remedial in character and that the term 'actual controversy' should be liberally interpreted to give wide scope to the provisions of the act within the purposes thereof. While it is true that courts will not entertain suits seeking an advisory opinion or an adjudication of hypothetical questions, the courts do entertain declaratory judgment actions where the alleged facts are such that a true dispute exists and eventual litigation appears to be unavoidable."); *see also Realtek Semiconductor, Corp. v. LSI Corp.,* No. C-12-3451-RMW, 2014 WL 2738226, at *4 (N.D. Cal. June 16, 2014) (rejecting pleading party's request for declaratory judgment while noting "[t]he court, while rejecting Realtek's proposed declaratory relief, is free to craft its own appropriate declaratory judgment," and exercising that right in issuing declaratory judgment).

CBV is seeking a declaratory judgment that will affect *future* action of the parties regarding approved deductions from Gross Recoveries and proper allocation of the Patent Settlement Fund.

Given the similar purpose behind Leane Defendants' intervention and counterclaim, CBV expects that Leane Defendants will accept the Court's ruling on the current cross-motions for summary judgment and abide by proper distribution of the Patent Settlement Fund.  Should Leane Defendants fail to abide by this Court's ruling, CBV will have no choice but to pursue equitable claims against Leane Defendants pursuant to the guidance of this Court's October 22, 2022 Memorandum Opinion.

## C.    THE CLAIM BEFORE THE COURT HAS NEITHER BEEN RELEASED NOR SUBJECT TO INDEMNIFICATION

Leane Defendants' arguments regarding release of claims and indemnification (Ans. Br. At 24-27) are irrelevant to the propriety of the declaration sought by CBV.  The claim before the Court on the current cross-motions is grounded in *Leane Defendants'* claim for declaratory judgment*.*  CBV is not asking for this Court to award damages, make any finding of liability, or adjudicate a claim that it has brought against Leane Defendants.  CBV is asking this Court to issue a contractual interpretation declaration regarding proper allocation of the funds in dispute. Releases and indemnification are irrelevant to CBV's requested declaration.

Leane Defendants are attempting to distract the Court from the simplicity of the matter at hand. They initially incorrectly hypothesize that a "First Settlement Agreement" precluded this action from being brought. Ans. Br at 16.  However, Leane Defendants have no interest in the First Settlement Agreement, which was between ChanBond and CBV.  ChanBond did not seek dismissal of this action and Leane Defendants proactively intervened.  Leane Defendants' hypothesis is mere distraction.

Leane Defendants' argument that the "Final Settlement Agreement" entered into between CBV and ChanBond releases Leane Defendants from claims brought by CBV against them (Ans. Br. at 24) is simply erroneous.  The relevant declaratory judgment claim in this action is the claim

13

brought by Leane Defendants.  This claim relates to a question of contract interpretation, not a "claim" for which any release could even apply.  Should the Court adopt CBV's interpretation of the disputed contract language, and Leane Defendants refuse to properly abide by allocation of the Patent Settlement Fund among Net Recoveries owed to CBV, the clear inapplicability of the Final Settlement Agreement's releases as regards Leane Defendants will be addressed.[3]

Leane Defendants "circular indemnification" argument similarly has no bearing on the declaratory judgment action presently before the Court.  No damages are being sought at this stage in the proceeding, and CBV expects that no damages claim will ever need to be brought assuming Leane Defendants honor this Court's declaration.  Moreover, the indemnification provisions raised by Leane Defendants do not insulate them from liability to return funds properly owed CBV as Net Recoveries under the PPA.

CBV's indemnity of ChanBond (and its releasees) for claims arising from CBV's pursuit of claims against Leane Defendants pursuant to proper **PPA** interpretation, cannot plausibly be linked to ChanBond's indemnity of IPNAV for claims arising out of the **ASA**.  Any future claim that CBV may be forced to bring against Leane Defendants to recover Net Recoveries owed CBV

---

[3] As explained in CBV's Opening Brief, the fact that IPNAV and Leane happen to have former relations to ChanBond does not insulate them from liability under the Final Settlement Agreement between CBV and ChanBond. The Agreement specifically contemplates the potential need to take action against Leane Defendants, including a claim for unjust enrichment. Should the Court be faced with interpreting the Final Settlement Agreement, this specific provision shall control over the broader release language. "In interpreting the entire agreement, '[s]pecific language in a contract controls over general language, and where specific and general provisions conflict, the specific provision ordinarily qualifies the meaning of the general one.'" *In re G-I Holdings, Inc.*, 755 F.3d 195, 205 (3d Cir. 2014) (quoting *DCV Holdings, Inc. v. ConAgra, Inc.*, 889 A.2d 954, 961 (Del. 2005)).  Moreover, a claim for unjust enrichment against Leane Defendants would not be brought against them in their capacity as a former affiliate and officer of ChanBond, which is clearly the intention of the release language in the Agreement between ChanBond and CBV.

would be equitable in nature.  To the extent such claim would be "related to" or "arise out of" any contract for purposes of indemnification, it would be the PPA, not the ASA. Leane Defendants' confused understanding of the indemnity provisions among the parties would render absurd results by preventing CBV from recovering its proper share of the Net Recoveries from the Patent Settlement Fund, currently held almost entirely by Leane Defendants. *See Manti Hldgs, LLC v. Authentix Acquisition Co., Inc*., 261 A.3d 1199, 2021 WL 4165159, *7 (Del. Sept. 13, 2021) ("Delaware courts read contracts as a whole, and interpretations that are commercially unreasonable or produce absurd results must be rejected."); *Osborn v. Kemp*, 991 A.2d 1153, 1160 (Del. 2010) ("[a]n unreasonable interpretation produces an absurd result or one that no reasonable person would have accepted when entering the contract.").

## D.  PPA SECTION 2.8 DEFINES CBV'S "PRIOR APPROVAL"

Leane Defendants' brief frames their interpretation of Section 2.8 as a "definition" rather than a "right," (Ans. Br. at 28-29), but this is a distinction without significance.

Leane Defendants characterize PPA § 2.8 as "a rule of allocation for whether payments made by ChanBond are deductible from Gross Recoveries in calculating Net Recoveries." Ans. Br. at 29; D.I. 41 at Counterclaim, ¶ 23.  That characterization ignores the real issue at hand.  Leane Defendants have already demanded possession of their 22% stake pursuant to the ASA as a deduction from Gross Recoveries without CBV prior approval.  CBV asserts that PPA § 2.8 requires that prior approval because Leane Defendants are stakeholders in ChanBond pursuant to the Affiliate ASA document which created their 22% stake in ChanBond.  CBV asks this Court to declare that the $30M payment made to Leane Defendants from the Patent Settlement Fund as a 22% stake in ChanBond may not be deducted from Gross Recoveries absent CBV's prior approval.

**E.     IPNAV IS A "STAKEHOLDER" AS REFERENCED BY THIS COURT IN ITS DECEMBER 2023 ORDER**

Leane Defendants' disingenuous assertion that IPNAV is not a "stakeholder" in ChanBond because "it owns no interest in ChanBond directly or indirectly" (Ans. Br. At 7) is contradicted by its 22% "stake" in ChanBond's only asset as correctly stated in the Court's December 2023 Order.

The Court's December 19, 2023 Oral Order (*See* D.I. 236) correctly references the self-executed ASA as having created for Leane Defendants a "22% stake" in ChanBond. *See Id*. ("The Court finds that CBV sufficiently pled facts alleging that the Patent Purchase Agreement granted CBV the right to pre-approve the payment made to the Leane Defendants pursuant to the 22% *stake* created by the Advisory Services Agreement." (emphasis added)).

Leane Defendants sought confirmation of their 22% stakeholder status when they intervened in this case to protect their interests.  The question of whether IPNAV is a stakeholder pursuant to the PPA is not one of ambiguity for purposes of this Court's interpretation of the contract.  "Contract language is not ambiguous simply because the parties disagree on its meaning. Rather, a contract is ambiguous only when the provisions in controversy are reasonably or fairly susceptible of different interpretations or may have two or more different meanings." *Millett v. TrueLink, Inc.*, 533 F. Supp. 2d 479, 488 (D. Del. 2008) (internal citation omitted).  This Court "can look to dictionaries for assistance in determining the plain meaning of terms which are not defined in a contract, as dictionaries are the customary reference source that a reasonable person in the position of a party to a contract would use to ascertain the ordinary meaning of words not defined in the contract." *Prime Victor Int'l Ltd. v. Simulacra Corp.*, 2023 WL 4546333, at *10 (D. Del. July 14, 2023) (internal citation and quotation omitted) (relying upon Black's Law Dictionary to determine the plain meaning of term in contract).  Black's Law Dictionary defines "stakeholder" to mean "[s]omeone who has an interest or concern in a business or enterprise, though not

16

necessarily as an owner[,]" or "[a] person who has an interest or concern (not necessarily financial) in the success or failure of an organization, system, plan, or strategy, or who is affected by a course of action." *See* STAKEHOLDER, Black's Law Dictionary (11th ed. 2019).

IPNAV had "an interest or concern in [ChanBond], though not necessarily as an owner, and had "an interest or concern [] in the success or failure of [ChanBond]." *See Id.* Leane Defendants admit that "the ASA provided that IPNAV's fee would be calculated as a percentage of [the proceeds of the patent litigation]." Ans. Br. at 33. ChanBond was formed for the specific purpose of purchasing intellectual property from Plaintiff and monetizing the purchased patents (i.e. through patent litigation). *See* Ans. Br. at 11. ChanBond had no other business or operations. Under the unilaterally self-executed ASA,[4] Dierdre Leane granted herself "twenty two percent (22%) of the Gross Consideration with respect to any Monetization Event." A "Monetization Event" is defined to mean "any event in which Gross Consideration is realized, including without limitation, by way of a licensing, monetization, enforcement or settlement transaction; the acquisition or disposition of the IP Rights; or an equity sale or merger of the Company which is concluded pursuant to or in connection with the Services."

IPNAV had an "interest or concern" in the "success or failure" of ChanBond. The ASA terms specify that if ChanBond failed to monetize the patents purchased from CBV, IPNAV would not be entitled to any payment, and only if ChanBond succeeded, would IPNAV be entitled to a

_____

[4] Dierdre Leane was manager of ChanBond and sole member of IPNAV when she self-executed the ASA in 2015 on behalf of both ChanBond and IPNAV. There was no discussion of the ASA's terms with CBV's members, nor is there any evidence of record to suggest otherwise. The ASA and its terms were intentionally withheld from disclosure to CBV. After the self-execution of the ASA, Ms. Leane promptly sold off her interest in ChanBond for $5 million in cash and a membership interest in Unified. This "get rich quick" scheme by Dierdre Leane thus netted her a significant payout and yet retained potential for a significant 22% stake in Chanbond.

22% stake under the ASA.  The Court's December 2023 Order therefore correctly states CBV's argument that Leane Defendants possessed "the 22% stake" in ChanBond.  This "stake" in ChanBond renders Leane Defendants a "stakeholder" pursuant to PPA § 2.8, and pursuant to the plain and unambiguous legal definition of the term "stakeholder."

## F.     SUMMARY JUDGMENT IS APPROPRIATE BECAUSE NO GENUINE DISPUTE OF MATERIAL FACTS EXISTS

CBV seeks a declaratory judgment issuing a declaration resolving a true dispute over contractual interpretation.  Leane Defendants attempt to confuse the Court with irrelevant or unsubstantiated assertions that do not properly respond to Plaintiff CBV's motion.   Leane Defendants postulate that for the Court to rule on the cross-motions, it must make the following determinations of fact: "that (1) a payment was made; (2) to Leane Defendants; (3) that the payment was "a stakeholder expense fee;" (4) for the (supposed) 22% stake in ChanBond per the ASA; (5) that CBV had no notice of the payment; and (6) that CBV did not approve the payment." Ans. Br. at 28.  To the contrary, no facts are in dispute, as payment was made to Leane Defendants in November 2022 for their 22% stake in ChanBond with no notice to, or approval by, CBV.  The fact that Leane Defendants are "stakeholders" for whom payment must be approved by CBV pursuant to PPA § 2.8 is a question of law dictated by interpretation of the ASA as having created a "stakeholder" status via a 22% stake in ChanBond's only asset pool.

CBV requests the Court issue a declaration to confirm that "Section 2.8 of the Patent Purchase Agreement entered into between CBV and ChanBond, LLC grants CBV a pre-approval right over the $30 million stakeholder expense fee paid to Leane Defendants in [November] 2022

for their 22% stake in ChanBond per the ASA, such payment having been made without notice to or approval by CBV." *See* Proposed Order (October changed to November herein.[5]

Courts regularly issue declarations interpreting contracts without engaging in any determination with respect to facts surrounding the contract in question. *See E.I. Dupont De Nemours & Co. v. Huttig Bldg. Products*, 2002 WL 32072447, at *3 (Del. Super. Ct. May 28, 2002) ("The facts of the case *sub judice* strike at the very heart of declaratory judgment relief, namely, contract interpretation."); *Motor Terminals v. Nat'l Car Co.*, 92 F. Supp. 155, 161 (D. Del. 1949) ("A proceeding in the nature of declaratory judgment is a form of remedial procedure which is particularly appropriate where the basic issue underlying the claim of the plaintiff is the interpretation or construction of a contract. 'Construction and interpretation of written instruments (including contracts, insurance policies, statutes, ordinances, wills, and trusts) is the principle (sic) function of a declaratory judgment proceeding.'") (citations omitted). "Declaratory proceedings regarding the construction and interpretation of a written instrument, such as contracts, ordinances, statutes, wills, and trusts, are "particularly appropriate" for remedy under the DJA." *Stone St. Asset Tr. v. Blue*, 821 F. Supp. 2d 672, 676 (D. Del. 2011) (citations omitted). CBV's requested declaration does not hinge on any alleged factual "disputes" identified by Leane Defendants, because the facts are indisputable.

Leane Defendants' suggestion that factual questions exist regarding CBV's "silent" acceptance of the "benefit" of the ASA, and that CBV "knew or should have known" about the

---

[5] Prior to reviewing Leane Defendants' brief, CBV had no reason to believe that there was any doubt that the November 2022 payment was made without notice to or approval by CBV. To the extent that fact is actually in dispute, CBV submits the attached affidavit confirming that fact. *See* Ex. C.

existence of the ASA (Ans. Br. at 35-36) are wholly irrelevant here because the issue of approval of entry into the ASA has already been decided. Regardless, CBV was not made aware of the ASA or its terms; to the contrary, the ASA was intentionally not disclosed to CBV but was maintained secret. Regardless, whether or not CBV was or should have been aware of the ASA and its terms is irrelevant according to this Court's earlier finding that Leane defendants were entitled to "enter" the ASA, with PPA § 2.8 "being a definition which provides a limitation to what costs and fees require pre-approval from CBV to be eligible as a deduction when calculating Net Recoveries." (D.I. 151 at 11). CBV considers the expense fee paid to Leane Defendants for their 22% stake in ChanBond to be within the scope of the "limitation" of PPA § 2.8.

CBV contends that it must pre-approve the $30M payment Leane Defendants received in November 2022 as a deduction from Gross Recoveries if CBV is to share in the burden of such payment when calculating its Net Recoveries under the PPA. CBV was not contacted for prior approval of the $30M payment, and there is no evidence of record regarding any request for CBV's prior approval. CBV was not even informed of the payment until November 30, 2022, during the deposition of Mr. Richard Snyder.

The extent to which alleged "silence" regarding ChanBond's entry into the ASA constitutes CBV's pre-approval of the $30M payment to Leane Defendants is an irrelevant question because it is undisputed that CBV did not approve the November 2022 stakeholder payment made pursuant to the ASA. CBV submits that under the terms of the PPA, CBV's silence cannot constitute the prior approval necessary for CBV to bear any portion of the substantial $30M expense owed to IPNAV for its stake under the ASA as a deduction from Gross Recoveries.

The record and motion properly before this Court allow for complete resolution of the interpretation of PPA § 2.8 in CBV's favor, as the 22% stakeholder fee paid to Leane Defendants was never pre-approved by CBV as a deduction from Gross Recoveries.

20

## CONCLUSION

CBV respectfully requests that this Court grant its Motion for Summary Judgment and issue a declaration in the form of order submitted with its Motion.

**BUCHANAN, INGERSOLL & ROONEY PC**

Dated:  February 19, 2024                              /s/ Geoffrey Grivner
                                                       Geoffrey G. Grivner (#4711)
                                                       Kody M. Sparks (#6464)
                                                       500 Delaware Avenue, Suite 720
                                                       Wilmington, DE 19801-3036
                                                       (302) 552-4200
                                                       geoffrey.grivner@bipc.com
                                                       kody.sparks@bipc.com

                                                       *       *       *

                                                       Patrick C. Keane, Esq.
                                                       BUCHANAN, INGERSOLL & ROONEY PC
                                                       1737 King Street, Suite 500
                                                       Alexandria, VA 22314-2727
                                                       (703) 836-6620
                                                       patrick.keane@bipc.com

                                                       *Attorneys for Plaintiff*