# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CBV, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 1:21-cv-01456-GBW |
| | ) |
| CHANBOND, LLC, DEIRDRE LEANE, | ) |
| and IPNAV, LLC, | ) |
| | ) |
| Defendants. | ) |

## LEANE DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT

James H. S. Levine (DE No. 5355)
TROUTMAN PEPPER HAMILTON
   SANDERS LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
302.777.6500
james.levine@troutman.com

Akiva M. Cohen
Dylan M. Schmeyer
KAMERMAN, UNCYK, SONIKER &
   KLEIN P.C,
1700 Broadway, 16th Floor
New York, NY 10019
212.400.4930
acohen@kusklaw.com
dschmeyer@kusklaw.com

Dated:  February 26, 2024

*Attorneys for IPNAV, LLC and Deirdre Leane*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................1

ARGUMENT ...................................................................................................................................3

I.  CBV's Reply Confirms The Case Is Moot ...........................................................................3

   A.  The Court no Longer has Declaratory Judgment Jurisdiction ...................................3

   B.  CBV's Indemnity and Release Also Render this Claim Moot ..................................6

II. Disputed Factual Questions Abound ....................................................................................7

CONCLUSION ..............................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Atl. City Assocs., LLC, v. Carter & Burgess Consultants, Inc.*,
    453 F. App'x 174 (3d Cir. 2011) ...........................................................................................7

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) .............................................................................................................7, 8

*Delaware State Univ. Student Hous. Found. v. Ambling Mgmt. Co.*,
    556 F. Supp. 2d 367 (D. Del. 2008) ......................................................................................5

*Giffing v. Appoquinimink Sch. Dist.*,
    No. CV 23-457 (MN), 2023 WL 8764657 (D. Del. Dec. 19, 2023) .....................................1

*Hartnett v. Pennsylvania State Educ. Ass'n*,
    963 F.3d 301 (3d Cir. 2020) ..................................................................................................3

*Lab'y Skin Care, Inc. v. Ltd. Brands, Inc.*,
    757 F. Supp. 2d 431 (D. Del. 2010) ......................................................................................8

*Lewis v. Cont'l Bank Corp.*,
    494 U.S. 472 (1990) ...............................................................................................................3

*Rummel Klepper & Kahl, LLP v. Delaware River & Bay Auth.*,
    No. CV 2020-0458-PAF, 2022 WL 29831 (Del. Ch. Jan. 3, 2022) ......................................7

*State Farm Mut. Auto. Ins. Co. v. Delaware Diagnostic & Rehab. Ctr., P.A.*,
    2021 WL 192936 5 (D. Del. May 13, 2021) .........................................................................5

**Other Authorities**

LR 7.1.3(c)(2) .......................................................................................................................8

This case is moot. It is moot as a whole, it is moot as to each individual claim, and it is moot as a consequence of Plaintiff CBV's voluntary actions. Because the federal courts lack subject matter jurisdiction over moot cases, and because in any event the sole remaining cause of action does not allow for the declaration CBV seeks, Leane Defendants' cross-motion for summary judgment should be granted, and the case dismissed.[1]

## INTRODUCTION

CBV's Combined Reply and Answering Brief, D.I. 247, has simplified the procedural posture of this case by affirmatively clarifying that CBV seeks summary judgment only as to Leane Defendants' first counterclaim. D.I. 247 at 4. CBV does not deny that it and ChanBond are no longer adverse, D.I. 247 at 10, and effectively concedes this point. *See, Giffing v. Appoquinimink Sch. Dist.*, No. CV 23-457 (MN), 2023 WL 8764657, at *2 (D. Del. Dec. 19, 2023) ("courts consistently construe the failure to respond as an abandonment of the issue or a concession that the moving party is correct"). Nor does CBV deny that it mooted the claims between it and ChanBond by entering into the Final Settlement Agreement. Either is sufficient grounds to dismiss those claims for lack of jurisdiction, and the Court should do so.

CBV also clarified the question it seeks to have the Court answer on its summary judgment motion, and thereby confirmed that the declaratory judgment claim on which it moves is moot as well. According to CBV, "the only remaining legal issue" is whether "**PPA § 2.8 require[d] the prior approval of CBV over the 22% stake** [sic] **paid to Leane Defendants** [sic] **as an expense fee deduction** [sic] **from Gross Recoveries**." D.I. 247 at 2 (emphasis in original). And CBV correspondingly limited the declaration it seeks from the Court, now asking only that the Court "declare that the $30M payment made to Leane Defendants [sic] from the Patent Settlement Fund

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Leane Defendants' prior brief on this motion, D.I. 246.

… may not be deducted from Gross Recoveries absent CBV's prior approval." D.I. 247 at 15.

There should be no dispute the requested declaration is both moot and beyond the Court's declaratory judgment jurisdiction. It is moot because it seeks a declaration regarding **ChanBond's** rights and responsibilities under the PPA, and ChanBond is no longer adverse to CBV and has no further responsibilities to CBV at all. The Court's ruling on this issue – whether in favor of CBV's preferred interpretation or, more likely, not – thus cannot guide ChanBond in determining Net Recoveries and paying CBV based on them; that door is closed. **CBV itself** closed that door when it settled with ChanBond. Nor should there be any dispute that the Court's determination about whether a payment already made in the past was made in breach of the PPA is a request to adjudicate past conduct. The declaratory judgment counterclaim must also be dismissed.

Indeed, CBV's only argument on this issue appears to be that Leane Defendants initially sought a declaratory judgment interpreting the same section of the PPA. But time is linear, and its arrow flies in only one direction. November 2022, when ChanBond paid IPNAV in satisfaction of the ASA and arbitration award, stands between March 23, 2022 (when Leane Defendants filed their counterclaim, D.I. 41) and January 16, 2024 (when CBV filed its motion for summary judgment). That a declaratory judgment was within the Court's jurisdiction **then** does not mean that it remains in the Court's jurisdiction **now**. And, as discussed in the prior briefing and below, the claim is also moot given CBV's indemnification agreement and releases.

If the Court determines that it retains jurisdiction, it should either grant or deny Leane Defendants' counterclaim. It should not indulge CBV's request that it use the counterclaim as the basis for a different declaration. And, finally, CBV's belated efforts to introduce new evidence at this stage of proceedings clearly illustrate the extent to which factual disputes prevent the Court from issuing the declaration CBV seeks. If nothing else, the Court should deny CBV's motion and restore the case to the trial schedule.

2

**ARGUMENT**

I. <u>**CBV's Reply Confirms The Case Is Moot**</u>

CBV's argument for subject matter jurisdiction seems to be that if there was subject matter jurisdiction at the start of the case, there must be subject matter jurisdiction now. D.I. 247 at 11. But that is not the law. "[I]t is not enough that a dispute was very much alive when suit was filed"; there must be subject matter jurisdiction at every stage of proceedings. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

A. **The Court no Longer has Declaratory Judgment Jurisdiction**

Things change with the passage of time. A declaratory judgment issued in 2022 could have regulated conduct that occurred in 2023, because 2023 is in 2022's future. A declaratory judgment issued in 2024 cannot regulate conduct that took place in 2023, because 2023 is in 2024's past. And the federal courts do not have jurisdiction to enter declaratory judgments that cannot regulate future conduct. *See, e.g.*, *Hartnett v. Pennsylvania State Educ. Ass'n*, 963 F.3d 301, 306 (3d Cir. 2020) (declaratory judgment action moot where there is no reasonable likelihood that a declaratory judgment would affect the parties' future conduct).

When Leane Defendants filed their counterclaim nearly two years ago, there was a live dispute involving the interpretation of § 2.8 of the PPA. The resolution of the issues raised by that counterclaim was, at that time, relevant to shaping the course of the parties' future conduct: what and how ChanBond would pay CBV and IPNAV. That is no longer true. CBV settled with ChanBond and released all future claims. A judicial declaration as to whether specific payments were deductible from Gross Recoveries when determining what ChanBond might have owed CBV under the PPA if CBV had not done so is incapable of shaping the future course of conduct between CBV and ChanBond. Regardless of the Court's declaration, ChanBond will not make any further payment to CBV. Final Settlement at 3.1 (CBV released "all claims relating to the PPA"). It does not matter

3

what ChanBond might have owed CBV under the PPA if CBV had not voluntarily accepted millions of dollars in exchange for releasing ChanBond; CBV did release ChanBond, and therefore the amount ChanBond owes CBV is zero. Leane Defendants' counterclaim is thus moot.

CBV's protestations to the contrary prove the point. CBV makes it clear that it believes that the "future actions" that it wishes to shape is simply a voluntary payment, by Leane Defendants, of unspecified damages CBV believes it is entitled to seek from them. D.I. 247 at 12-13. In other words, the judgment that CBV seeks is not a declaration interpreting the PPA; it is a finding that ChanBond – a party no longer adverse to CBV – breached the PPA. Indeed, although CBV repeatedly insists that it is simply seeking a declaration that would settle a matter of contract interpretation, CBV Resp. at 6, 7, 9, 10, 11, 13, 14, 18, 20, that is belied by CBV's own briefing. CBV now insists that the question is one of the allocation of funds under the contract and argues that ChanBond could not deduct the payment to Leane Defendants in calculating Net Recoveries because, they argue, the payment was made to a "stakeholder" without CBV's knowledge or approval. *See, e.g.*, D.I. 247 at 2, 7.

But that question is **entirely** academic. It is academic because, despite CBV's repeated assertion that ChanBond paid IPNAV as an "expense fee deduction from Gross Recoveries," that phrase is incoherent. Expenses aren't paid "as deductions from Gross Recoveries" or as "non-deductions from Gross Recoveries"; the act of payment to IPNAV and "how ChanBond treated that payment in assessing its obligations to CBV" are two different things. It is academic because ChanBond and CBV's settlement made the question of what ChanBond expenses CBV was required to share irrelevant to the amount ChanBond ultimately paid CBV; that amount was reached via negotiation, not by calculating Net Recoveries and paying CBV 50% as provided for in the PPA. And it is academic because ChanBond already paid CBV and CBV released ChanBond from any

4

further obligation to it.[2]

And even were it not academic, the question of whether ChanBond complied with the PPA in November 2022 is not a question for declaratory judgment - it is an argument that ChanBond breached the contract. CBV's remaining "question of contract interpretation" is just a reworking of its claim that ChanBond breached its obligation to CBV by not making sufficient payment under the PPA. D.I. 6, ¶¶ 100-112. CBV already settled that claim. No matter how it attempts to reframe its arguments, at the end of the day CBV seeks to have this court find that ChanBond breached obligations to CBV. But claims involving past breach would not be suitable for declaratory judgment even if ChanBond and CBV were still adverse. *See, e.g.*, *Delaware State Univ. Student Hous. Found. v. Ambling Mgmt. Co.*, 556 F. Supp. 2d 367, 374 (D. Del. 2008); *State Farm Mut. Auto. Ins. Co. v. Delaware Diagnostic & Rehab. Ctr., P.A.*, 2021 WL 192936 5, at *8 (D. Del. May 13, 2021), *report and recommendation adopted*, 2021 WL 2212295 (D. Del. July 1, 2021). And in any event ChanBond is no longer adverse to CBV. *See* D.I. 246 at 18-21 and cases cited therein.

To put it bluntly, CBV's fantasy scenario in which the Court's grant of the novel declaratory relief CBV seeks compels Leane Defendants to make a payment of an unknown and unspecified amount is bizarre. Even if the Court found that ChanBond deducted its payment to IPNAV from Gross Recoveries without CBV's knowledge or approval and was not entitled to do so, that would be a breach **by ChanBond**. Leane Defendants would not spontaneously incur "liability to return funds properly owed CBV as Net Recoveries under the PPA" as a result. D.I. 247 at 14.[3] Indeed, by virtue of the Final Settlement Agreement, there **are no** "funds properly owed CBV as Net

---

[2] To the extent CBV thinks it was paid (by its agreement) less than it was "truly owed" under the PPA, it clearly and unequivocally abandoned any rights to such further payments when it agreed to let ChanBond keep the millions of dollars it now wants to argue ChanBond "should have" paid it.

[3] Perhaps nothing more clearly illustrates the baffling nature of CBV's position than this: at the top of page 13 of its brief, CBV asserts that if the Court grants it declaratory relief, CBV will "have no choice but to pursue equitable claims" to the money it believes the decision will require Leane Defendants to pay; later on 13, CBV claims that it is not seeking an award of damages, finding of liability, or claim against Leane Defendants. And on page 14, CBV asserts that the ruling will lead to Leane Defendants incurring "liability to return funds properly owed CBV."

Recoveries under the PPA"; at most, there would be "funds that would have been owed to CBV as Net Recoveries under the PPA had CBV not settled." The Court has been deprived of jurisdiction over the remaining declaratory judgment claim, and it must be dismissed.

### B. CBV's Indemnity and Release Also Render this Claim Moot

The case is moot for another reason: the substance of CBV's commitments in the Final Settlement Agreement renders any relief on CBV's planned future claims impossible. As discussed in D.I. 246, the Final Settlement Agreement both released Leane and IPNAV and also created a chain of indemnification that would ultimately require CBV to indemnify Leane Defendants for any amounts CBV could recover. With respect to the release, CBV acknowledges that its release extends to Leane and IPNAV but argues that the release should be interpreted as limited to their conduct in their roles as ChanBond's agent or Manager or member. D.I. 247 at 14 n. 3. Not only does CBV fail to submit any evidence that was the parties' mutual understanding of the scope of the release, but it would in any event be irrelevant. CBV has consistently argued that IPNAV's agreement with ChanBond is the product of improper self-dealing by Ms. Leane in her capacity as ChanBond's Manager and sole member. *See, e.g.*, D.I. 247 at 1, 6, 8, 17. And IPNAV received its payment from ChanBond in its capacity as ChanBond's agent. Even under CBV's proposed interpretation, claims relating to the IPNAV ASA and its payment have been released.

And CBV's response with respect to indemnification is even thinner. CBV indemnified ChanBond for any costs relating to claims CBV might assert against Leane Defendants, and ChanBond in turn indemnified IPNAV and Ms. Leane against claims or expenses that "relate to or arise out of" any of the ASA, IPNAV's work as ChanBond's agent, or ChanBond's intellectual property. Faced with that reality, CBV argues only that its planned claims against Leane Defendants would not be "arising out of the **ASA**" but would instead "arise out of" the PPA. D.I. 247 at 14. But CBV's claim that IPNAV must pay over to CBV amounts IPNAV received as payment for its

6

services to ChanBond would obviously "relate to" IPNAV's ASA and those services for ChanBond. And CBV's claim that the contract by which ChanBond purchased the patents somehow prevented IPNAV from being paid in full for its services would obviously "relate to" ChanBond's rights in those patents. *Cf. Atl. City Assocs., LLC, v. Carter & Burgess Consultants, Inc.*, 453 F. App'x 174, 182 n.4 (3d Cir. 2011) ("arising out of and relating to" language is broad and encompasses claims beyond the contract); *Rummel Klepper & Kahl, LLP v. Delaware River & Bay Auth.*, No. CV 2020-0458-PAF, 2022 WL 29831, at *10 (Del. Ch. Jan. 3, 2022) ("arising out of and related to" language is a broad mandate intended to capture the broadest possible universe).

## II. Disputed Factual Questions Abound

CBV insists that the payment made to Leane Defendants in settlement of the arbitration award constituted a "stake" in ChanBond, making Leane Defendants a "stakeholder." CBV did not, at any point in the moving brief, present argument as to why Leane Defendants are a "stakeholder" in CBV. Instead CBV simply asserts and implies in various places that the Court has found that the payment to Leane Defendants constitutes a "stake" in Chanbond. *See, e.g.*, MB at 6, 9, 16; D.I. 247 at 5, 8, 16, 18. This is baffling. The Court had no reason to make such a finding before now. And the oral order CBV is misconstruing only states that the Court found that CBV had "sufficiently pled facts" to go forward with a summary judgment motion, D.I. 236, mirroring CBV's own language as to what had been pled. *Compare* D.I. 236 *with* D.I. 233 at 2. CBV appears to believe that, by mirroring CBV's language, the Court relieved it of the obligation to establish that fact. It should go without saying that this is insufficient. *See generally*, *e.g. Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (movant must show a prima facie case that no genuine issue of material fact exists for an element).

To the extent that any argument is discernable, it appears to rest on CBV's assertion that "ChanBond has no additional[] asset pool other than the Patent Settlement Fund from which CBV

7

can recover its proper share of Net Recoveries." D.I. 247 at 5.[4] Although CBV submitted a smattering of pages of arbitration testimony regarding ChanBond's activities taken prior to that settlement agreement, D.I. 247 at 5, it has submitted no evidence as to ChanBond's state of affairs after it was permitted to take patent settlement funds for its own use. And Leane Defendants have not had the opportunity to take discovery on this point, as Leane Defendants had no notice that this would be relevant to these causes of action. CBV has also failed to address any of the arguments made in Leane Defendants' prior brief highlighting the inconsistencies that would arise if any vendor entitled to receive a contingent share of settlement proceeds were considered a stakeholder.

Nor is the question of whether CBV knew about or approved the payment undisputed. Despite moving for summary judgment, CBV made no attempt prior to its response brief to provide any evidence support that claim. It now asserts that it had "no reason to believe that there was any doubt that the November 2022 payment was made without notice to or approval by CBV" – apparently believing that *ipse dixit* provides sufficient support on summary judgment. It does not.

As the moving party, it was CBV's burden to explain in its moving brief why it believed there was no material fact in dispute on this point; that is black-letter law. *Celotex Corp.*, 477 U.S. at 323. It is well settled that reply evidence that should have been submitted in the opening brief must be disregarded. See*, Lab'y Skin Care, Inc. v. Ltd. Brands, Inc.*, 757 F. Supp. 2d 431, 438–39 (D. Del. 2010) (precluding use of evidence submitted on reply instead of opening brief). See also, D. Del. LR 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief that should have been included in a full and fair opening brief").

In any event, though CBV now asserts – in a declaration Leane Defendants have had no

---

[4] Again, CBV's choice of tense is simply wrong; given the Final Settlement Agreement, CBV is discussing what pool of ChanBond assets it believed it **could have recovered** from, not what pool of ChanBond assets it "can recover" from. And CBV's claim here is equally wrong as a factual matter; by its First Settlement Agreement and Final Settlement Agreement, it left to ChanBond more than $13,000,000.00 from which CBV's claims, if valid, could have been paid. *See* D.I. 49-7 (permitting ChanBond to withdraw $9,000,000.00), D.I. 214, Ex. A (releasing remaining claims).

opportunity to cross-examine the declarant about – that the payment was made without notice to or approval of CBV, there is ample evidence disputing that fact. In fact, following the resolution of the Preliminary Injunction motion CBV asked ChanBond to confirm that it would not pay Leane Defendants. Reply Declaration of Akiva M. Cohen ("Cohen Reply Dec"), ¶ 2. Instead, ChanBond explicitly stated that it **would** pay Leane Defendants in satisfaction of the arbitration award unless CBV agreed to pay the interest that had begun to accrue under the terms of the award and the parties' prior stipulation. *Id.*, ¶ 3. CBV, in turn, declined to agree to do so. *Id.* ChanBond's counsel asked CBV's counsel if CBV was aware of any court order preventing ChanBond from making the payment. *Id.*, ¶ 4. CBV's counsel replied that he was not. *Id.* CBV was clearly on notice of the payment, notwithstanding Mr. Hennenhoefer's new assertions.

But the Court need not look to the affidavits for evidence that CBV was on notice of, and had consented to, payment of the arbitration award. On March 17, 2022, the parties reached an agreement obviating the need to resolve CBV's motion for a temporary restraining order. That agreement clearly stated that Leane Defendants would not seek to recover post-judgment interest on the arbitration award for the period the preliminary injunction was pending "if and only if…ChanBond pays [Leane Defendants] any amounts due on the award (or such lesser sum as it is directed to pay over) within five (5) business days of a decision by the Court denying the relief requested in the PI Motion." CBV agreed to this provision, and in exchange received the benefits of the temporary restraining order that they had sought without the need to engage in motion practice.[5]

Thus, even if the Court had jurisdiction to make the factual determinations regarding past

---

[5] CBV's complaints that a "premature distribution" occurred under the "threats of an ever-growing interest award" are, separately, incomprehensible. It is not relevant on this motion, where CBV's proposed unjust enrichment claim is not actually in issue, but CBV's planned core theory of that claim appears to be that IPNAV placed undue pressure on ChanBond to make the payment by the unjust stratagem of … pointing out that it was **legally entitled to** post-judgment interest on the arbitration award that would accrue during any delay. Indeed, the arbitration award expressly included such interest. *See* D.I. 244-4, ¶ 31. Needless to say, CBV *still* has not identified any support for the fanciful notion that such conduct could be a basis for an unjust enrichment claim.

9

conduct as part of the purely declaratory relief CBV seek, these factual disputes preclude summary judgment. CBV's belated efforts to introduce evidence on reply that it should have presented in its moving brief do not change that outcome; if anything, they make it more apparent.

## CONCLUSION

CBV refuses to acknowledge that its voluntary actions have consequences, and seems to believe it is entitled to the benefits of its agreements without their burdens. It took millions of dollars from ChanBond in exchange for promising it would not seek further payment until after the arbitration, and then almost immediately ran to this Court demanding immediate payment. It accepted Leane Defendants' consent to a TRO on terms effectively requiring ChanBond to immediately pay IPNAV if the preliminary injunction motion were denied, and now vociferously complains that ChanBond did so. CBV entered into the Final Settlement Agreement, promising to seek no additional remedies from ChanBond in exchange for the immediate payment of millions more, and now asks the Court to rule that ChanBond breached its contract with CBV, on the theory that such a ruling would enable relief not against ChanBond, but against IPNAV.

CBV received the benefit of those bargains at the cost of permitting ChanBond to draw down the settlement funds. It must now accept the burdens of its agreements. By releasing ChanBond, it mooted all its remaining claims in this case. By releasing Leane Defendants, it mooted its planned future claims. By indemnifying ChanBond, it did the same. Because CBV's actions have destroyed adversity, and have separately mooted all claims, the Court should grant the cross-motion and dismiss the case with prejudice. And, to the extent the Court declines to do so, factual questions would in any event preclude summary judgment. CBV's motion should be denied.

|  |  |
|---|---|
| | Respectfully submitted, |
| OF COUNSEL: | */s/ James H. S. Levine* |
| | James H. S. Levine (DE No. 5355) |
| Akiva M. Cohen | TROUTMAN PEPPER |
| Dylan M. Schmeyer |    HAMILTON SANDERS LLP |
| KAMERMAN, UNCYK, | Hercules Plaza, Suite 5100 |
|  SONIKER & KLEIN P.C, | 1313 N. Market Street |
| 1700 Broadway, 16th Floor | P.O. Box 1709 |
| New York, NY 10019 | Wilmington, DE 19899-1709 |
| 212.400.4930 | 302.777.6500 |
| acohen@kusklaw.com | james.levine@troutman.com |
| dschmeyer@kusklaw.com | |
| | *Attorneys for Deirdre Leane and IPNAV, LLC* |
| Dated: February 26, 2024 | |