**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CBV, INC., | | |
| | Plaintiff, | |
| | | C. A. No. 21-cv-1456-GBW |
| v. | | |
| CHANBOND, LLC, DEIDRE LEANE, and IPNAV, LLC, | | |
| | Defendants. | |

Geoffrey Graham, GRIVNER BUCHANAN INGERSOLL & ROONEY PC, Wilmington, DE,
Kody Macgyver SPARKS BUCHANAN INGERSOLL & ROONEY PC, Wilmington, DE

    *Counsel for Plaintiff*

Stephen B. Brauerman, Ronald P. Golden, BAYARD, PA, Wilmington, DE

    *Counsel for ChanBond*

James Harry Stone Levine, TROUTMAN PEPPER HAMILTON SANDERS, LLP Wilmington,
DE, Akiva M. Cohen, Dylan M. Schmeyer, KAMERMAN, UNCYK, SONIKER & KLEIN, PC,
New York, NY

    *Counsel for IPNav, LLC and Deirdre Leane*

David L. Finger, FINGER & SLANINA LLC, Wilmington, DE

    *Counsel for Gregory Collins and Kamal Mian*

March 13, 2024
Wilmington, Delaware

## **MEMORANDUM OPINION**

Pending before the Court is Plaintiff CBV, Inc.'s ("CBV" or "Plaintiff") Motion for Summary Judgment, D.I. 238, and Defendants Deidre Leane and IPNav, LLC's ("IPNav" or, collectively, "Leane Defendants") Cross-Motion for Summary Judgment or Dismissal. D.I. 242. Having reviewed each motion and all relevant briefing, D.I. 239; D.I. 246; D.I. 247; D.I. 250, the Court denies CBV's Motion for Summary Judgment and grants-in-part and denies-in-part Leane Defendant's Cross-Motion for Summary Judgment or Dismissal.

## I. **LEGAL STANDARDS**

### A. **Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact is one that could lead a reasonable jury to find in favor of the nonmoving party." *Bletz v. Corrie*, 974 F.3d 306, 308 (3d Cir. 2020) (citation omitted). "The court must review the record as a whole, draw all reasonable inferences in favor of the nonmoving party, and must not 'weigh the evidence or make credibility determinations.'" *Id.* (citation omitted). The Court must enter summary judgment if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [its] case, and on which [the non-moving] party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022) (quoting *Celotex*, 477 U.S. at 322). The Federal Circuit "reviews a district court's grant of

2

summary judgment under the law of the regional circuit, here the Third Circuit." *Acceleration Bay LLC v. 2K Sports, Inc.*, 15 F.4th 1069, 1075 (Fed. Cir. 2021) (citation omitted).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The relevant parties to this action are CBV, ChanBond, LLC ("ChanBond"), and Leane Defendants.[1]  CBV owned certain patents related to the delivery of high-speed data over cable systems (the "CBV patents"). D.I. 239 at 6. Deirdre Leane is the sole member of IPNav. Ms. Leane was also the manager of ChanBond at the time of its formation in 2014 and is a former employee of IP Navigation Group, LLC[2] ("IP Navigation"). *Id.* at 6-7. While she was still employed at IP Navigation, the company formed ChanBond for the purpose of acquiring CBV's patent portfolio and enforcing CBV's patents in any future litigation. *Id.*

CBV initiated negotiations with IP Navigation to purchase the CBV patents and eventually entered into a purchase and transfer agreement with ChanBond to acquire the CBV patents in or around 2016 (the "Patent Purchase Agreement" or "PPA"). *Id.* at 8. Under the PPA, CBV sold its patent portfolio and, in exchange, received, *inter alia*, a 100% stake in "Net Recoveries" up to $1,000,000 (and a 50% stake in future recoveries thereafter) from any future profits ChanBond received from licensing, enforcing, and/or selling the CBV patents. D.I. 239, Ex. D at § 3.3.2. "Net Recoveries" is defined in § 2.8 of the PPA, which states, in full, that:

> "Net Recoveries" shall mean the total aggregate Gross Recoveries less the total aggregate amount of costs and expenses incurred by or on behalf of Purchaser in connection with the monetization, enforcement and/or sale of the Assigned Patent Rights which are exclusively limited to: (a) the reasonable fees and expenses of litigation counsel; (b) the reasonable fees and expenses of licensing counsel (c) the reasonable fees and expenses of any re-examination or other patent prosecution counsel; (d) reasonable expert fees, court costs, deposition costs and other reasonable costs and

---

[1] ChanBond stipulated that it does not oppose CBV's Motion for Summary Judgment and that it would not submit papers related to this dispute to the Court. *See* D.I. 232.
[2] IP Navigation and IPNav are separate companies.

3

> expenses related to the maintenance, prosecution, enforcement, and
> licensing of the Patents; and (e) the reasonable fees and expenses of any
> other advisors or agents[.] Notwithstanding the above, any cost or expense
> which is paid to an Affiliate[3] of Purchaser or to a stakeholder of Purchaser
> shall require the prior approval of Seller, such approval to not be
> unreasonably withheld.

*Id.*

Shortly after executing the PPA, ChanBond entered into an agreement with IPNav (the "Advisory Services Agreement" or "ASA") which provided IPNav a 22% stake in any proceeds that ChanBond received from monetizing the CBV patents. *Id.*, Ex. F at § 5.

Once the ASA was finalized, ChanBond asserted a subset of the CBV patents in a suit in this District. The litigation was successful and resulted in a settlement award of $125,000,000 in ChanBond's favor (the "Settlement Fund"). *Id* at 10-11. Subsequently, Leane Defendants instituted arbitration against ChanBond to collect their share of the Settlement Fund. *Id.* at 11. On March 7, 2022, the Arbitration Panel issued an Interim Award of Arbitration which found that Leane Defendants were entitled under the ASA to $27,500,000 (i.e., 22% of the Settlement Fund) (the "Interim Award of Arbitration"). *Id.* at 12-13.

On October 15, 2021, prior to any decision in the arbitration between ChanBond and Leane Defendants, however, CBV filed suit in this Court against ChanBond for specific performance, breach of contract, declaratory judgment, and injunctive relief. D.I. 2. Shortly after the Arbitration Panel issued their Interim Award of Arbitration, CBV also filed a Motion for Preliminary Injunction in this Court to prevent payment of the Arbitration Panel's Interim Award to Leane Defendants on the ground that, pursuant to § 2.8 of the PPA, CBV had a right to pre-approve that payment. D.I. 239 at 13. On October

---

[3] "Affiliate" is defined by the PPA at § 2.1 but, as that definition does not change the Court's analysis, the Court omits it. *Id.*

5, 2022, this Court denied CBV's Motion for Preliminary Injunction. D.I. 151. In that Opinion, the Court explained that—contrary to CBV's position—§ 2.8 of the PPA did not grant CBV an "unfettered right of consent before ChanBond enters into any affiliate agreement." *Id.* at 10-12. Instead, the Court found that § 2.8 "defines the costs and fees which are deductible from Net Recoveries and provides a limitation as to the costs and fees requiring pre-approval from CBV to be eligible as a deduction." *Id.*

Thereafter, in October 2022, ChanBond and Leane Defendants agreed to settle their disputes in exchange for a $30 million payment made by ChanBond to Leane Defendants (the "ChanBond-Leane Payment"). D.I. 239 at 5.

CBV and ChanBond also entered into two (2) settlement agreements, the most recent of which provides, *inter alia*, that ChanBond will provide $4 million to CBV and cooperate with CBV's pursuit of claims against Leane Defendants. D.I. 246 at 15-16. In exchange, CBV agreed to (1) release all of its breach of contract claims against ChanBond, (2) release its declaratory judgment claims against ChanBond once CBV's claims against Leane Defendants are resolved, and (3) hold harmless ChanBond's Releasees. *Id.* Following the execution of the settlement agreements, ChanBond transferred the ChanBond-Leane Payment to Leane Defendants. According to CBV, the ChanBond-Leane Payment occurred without CBV's prior approval and in direct violation of § 2.8 of the PPA. D.I. 239 at 2.

Thus, on May 24, 2023, CBV sought leave to amend its complaint to assert a claim against Leane Defendants for unjust enrichment. D.I. 212. CBV's request was denied by the Court on June 08, 2023. D.I. 220. CBV now seeks a declaration from the Court that § 2.8 of the PPA grants CBV a pre-approval right over the $30 million ChanBond-Leane

Payment made to Leane Defendants in October 2022 and that such payment was made

without notice to or approval by CBV.

## III.  DISCUSSION

CBV asks the Court to find that (1) Section 2.8 of the PPA "grants CBV a pre-approval

right over the $30 million stakeholder expense fee paid to Leane Defendants for their 22% stake

in ChanBond per the ASA"; and (2) Leane Defendants were "unjustly enriched" because

ChanBond made the ChanBond-Leane Payment without CBV's pre-approval.  D.I. 239 at 18-19.

As explained in more detail below, the Court finds that CBV's claims are moot and, thus, CBV is

not entitled to a declaratory judgment.  Further, even if the Court were to find that CBV was

entitled to seek declaratory judgment, the Court finds that CBV's motion for summary judgment

fails on the merits.

### A. CBV Is Not Entitled To Declaratory Relief.

CBV seeks a declaration from this Court that Section 2.8 of the PPA "grants CBV a pre-

approval right over the $30M stakeholder expense fee paid to Leane Defendants in October 2022

for their 22% stake in ChanBond per the ASA, such payment having been made without notice to

or approval by CBV."  D.I. 239 at 2.

The decision to grant declaratory relief is discretionary.  *Zimmerman v. HBO Affiliate Grp.*,

834 F.2d 1163, 1170 (3d Cir. 1987).  Courts permit parties to seek declaratory judgment if doing

so would allow the parties "to avoid the 'accrual of avoidable damages to one not certain of his

rights' and 'would ... strongly affect present behavior, have present consequences and resolve a

present dispute.'"  *Delaware State Univ. Student House Found. v. Ambling Mgmt. Co.*, 556 F.

Supp. 2d 367, 374 (D. Del. 2008).  In determining whether the Court should grant declaratory

relief, courts "'must ask whether the requested declaratory judgment will (1) clarify and settle legal

6

relations in issue and (2) terminate and afford greater relief from the uncertainty, insecurity, and controversy giving rise to present action.'" *Id.* However, the Court will not grant such relief "'if [the court] finds that a declaratory judgment action will not serve a useful purpose or is otherwise undesirable.'" *Id.* Thus, where a party seeks declaratory judgment "solely to adjudicate past conduct," the Court may properly dismiss that claim as moot. *OC Tint Shop, Inc. v. CPFilms, Inc.*, No. CV 17-1677-RGA, 2018 WL 4658211, at *9 (D. Del. Sept. 27, 2018).

Here, Leane Defendants claim that the Court should dismiss CBV's declaratory judgment claims as moot "because they relate only to events that have already occurred." D.I. 246 at 21. CBV contends that the issue is not moot because the Court's construction of § 2.8 of the PPA "will affect future action of the parties regarding approved deductions from Gross Recoveries and proper allocation of the Patent Settlement Fund." However, CBV has settled its PPA-related claims against ChanBond. *See* D.I. 214, Ex. A at § 3 (mutual release of claims). Thus, even if the Court were to adopt CBV's interpretation of § 2.8 and find that ChanBond is required by the PPA to seek CBV's pre-approval, such a decision would have no bearing on ChanBond's *present or future conduct*. As CBV notes, ChanBond has already transferred the ChanBond-Leane Payment to Leane Defendants "without CBV's prior approval and in direct violation of PPA section 2.8." D.I. 239 at 2. Accordingly, whether the ChanBond-Leane Payment is a deductible expense under § 2.8 of the PPA is moot because the settlement agreements between CBV and ChanBond—not the PPA—regulate ChanBond's obligations to CBV.

According to CBV, a declaratory judgment is appropriate despite its settlement agreements with ChanBond because that judgment would obligate Leane Defendants "to return funds properly owed [to] CBV." However, CBV asks the Court to interpret an agreement to which Leane Defendants were not a party. *See* D.I. 239 at 2 ("[t]he PPA is the subject of the present case

between Leane Defendants and CBV because CBV was not a party to the ASA or to the Arbitration proceeding, and because it is the PPA which sets forth CBV's pre-approval right over any payment to a self-serving 'Affiliate' or 'stakeholder' of ChanBond that would detrimentally impact CBV's financial interest in the Patent Settlement Fund."). And, even under CBV's interpretation of § 2.8, that provision would merely require that *ChanBond* act according to the provision's requirements. Thus, the Court questions whether the declaratory judgment that CBV seeks would require Leane Defendants to "abide by allocation of the Patent Settlement Fund among Net Recoveries owed to CBV."

CBV argues that the Court's construction of § 2.8 of the PPA could affect future equitable claims brought by CBV against Leane Defendants. *See* D.I. 247 at 14-15. CBV's equitable claims, however, are foreclosed by the Court's finding that CBV's motion for leave to file an amended complaint to add a claim of unjust enrichment and the equitable remedy of a constructive trust against Leane Defendants was untimely. *See* D.I. 220; *Curtis v. Citibank*, 226 F.3d 133, 140 (2d Cir. 2000) (explaining that a party cannot "avoid the consequences of their delay" in raising an allegation by filing a separate action based on events prior to the filing date of the first action); *see also Leonard v. Stemtech Int'l, Inc.*, No. CIV.A. 12-86-LPS-CJB, 2012 WL 3655512, at *8 (D. Del. Aug. 24, 2012), *report and recommendation adopted*, No. CIV.A. 12-86-LPS-CJB, 2012 WL 4591453 (D. Del. Sept. 28, 2012). Accordingly, CBV's requested declaration cannot influence the future conduct between CBV and ChanBond (because those parties have settled) or CBV and Leane Defendants (because CBV's motion for leave to add equitable claims against those defendants was denied). Thus, CBV's Motion for Summary Judgment is moot, and the Court finds that declaratory relief "[would] not serve a useful purpose." *Ambling Mgmt. Co.*, 556 F. Supp. 2d at 373; *Zandford v. S.E.C.*, 2012 WL 628002 (D. Del. Feb. 27, 2012).

> B. *Alternatively, The Court Finds That § 2.8 Of The PPA Does Not Require ChanBond To Seek Pre-Approval From CBV Prior To Making A Payment To A Third-Party.*

Even if CBV's claims for declaratory judgment were not moot, the Court agrees with Leane Defendants that CBV's Motion fails on the merits. D.I. 246 at 17. As the Court noted in its Memorandum Opinion and Order denying CBV's Motion for Preliminary Injunction, "§ 2.8 does not purport to grant CBV an unfettered right of consent before ChanBond enters into any affiliate agreement." D.I. 151 at 11-12. CBV contends that the Court's Opinion found merely that ChanBond had the right to *enter* into the ASA without CBV's approval but left open whether— after entering the ASA—ChanBond had the right to *make* a payment to Leane Defendants without CBV's approval. D.I. 239 at 13. CBV argues that ChanBond did not have a right to make such a payment and, thus, contends that ChanBond breached the PPA by making the ChanBond-Leane Payment to Leane Defendants absent CBV's pre-approval. *Id.* The Court disagrees.

The Court finds that § 2.8 of the PPA does not require ChanBond to seek pre-approval from CBV prior to making a payment to a third-party. *See* D.I. 239, Ex. D. When the PPA is read as a whole, it is clear to an objective, reasonable third-party that the only pre-approval right that § 2.8 of the PPA grants to CBV is a right to pre-approve whether a "cost or expense which is paid to an Affiliate of [ChanBond] or to a stakeholder of [ChanBond]" is eligible as a deduction. *Id.*; *see also Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*, 261 A.3d 1199, 1208 (Del. 2021). Thus, § 2.8 does not preclude ChanBond from making a payment to a third-party. *See id.* Accordingly, ChanBond did not breach § 2.8 of the PPA by making the ChanBond-Leane Payment to Leane Defendants. As a result, the Court denies CBV's Motion for Summary Judgment that § 2.8 "grants CBV a pre-approval right over the $30 million stakeholder expense fee paid to Leane Defendants."

In its Reply, CBV asks the Court to make the separate finding that ChanBond cannot deduct the ChanBond-Leane Payment from the Settlement Fund for purposes of calculating its Net Recoveries because CBV did not pre-approve that payment. *See, e.g.*, D.I. 247 at 7. However, the question of whether the ChanBond-Leane Payment is deductible for purposes of § 2.8 of the PPA is distinct from the question of whether CBV had a right to make that payment in the first instance. Section 2.8 of the PPA allows ChanBond to deduct certain costs and expenses from its "Gross Recoveries" when determining its "Net Recoveries," but requires prior approval by CBV when those costs and expenses are paid to an affiliate or stakeholder of ChanBond. *See* D.I. 239, Ex. 4 at § 2.8. CBV's opening brief in support of its motion for summary judgment asked the Court to determine whether ChanBond had the right to make the ChanBond-Leane Payment. *See* D.I. 239. CBV did not ask the Court to determine whether the ChanBond-Leane Payment is a "cost or expense," paid to an affiliate or stakeholder of ChanBond, that required pre-approval before ChanBond could deduct that payment from its Gross Recoveries in calculating its Net Recoveries. *See id.* Thus, CBV waived this issue and, accordingly, the Court need not address it.

Therefore, for the reasons stated above, the Court finds that the PPA does not require ChanBond to seek pre-approval prior to such a payment and that it need not resolve whether the ChanBond-Payment was a deductible expense because that issue is moot as its resolution would not affect ChanBond or Leane Defendants' future conduct. Thus, ChanBond's Motion for Summary Judgment that § 2.8 of the PPA grants CBV a pre-approval right over the $30 million stakeholder expense fee paid to Leane Defendants is DENIED.

### C. *Leane Defendants' Cross-Motion For Summary Judgment Is Granted-In-Part And Denied-In-Part.*

The Court's understanding is that the only remaining issues in this action are whether (1) § 2.8 of the PPA requires ChanBond to seek pre-approval from CBV prior to making a third-party

payment, and (2) the ChanBond-Leane Payment was a deductible expense as defined by § 2.8 of the PPA. The parties agreed—in light of the Court's prior rulings and the parties' respective settlements—that there were no claims (other than these) that remained to be tried. Thus, the Court finds that the parties' respective claims for declaratory judgment are moot. *See* D.I. 6; D.I. 11. Accordingly, the Court grants-in-part Leane Defendants' cross-motion for summary judgment that the remaining declaratory claims are moot.

The Court, however, denies-in-part Leane Defendants' motion to the extent that Leane Defendants seek dismissal of this case. While the parties have represented to the Court that the parties' numerous settlement agreements resolve the other pending claims in this action, those claims have not yet been dismissed. *See*, *e.g.*, D.I. 224. Thus, the Court will retain jurisdiction over the case so that the parties can reach a stipulated final judgment that reflects the parties' settlement agreements and the Court's rulings.

## IV. CONCLUSION

For the foregoing reasons, this 13th day of March, **IT IS HEREBY ORDERED** as follows:

1. CBV's Motion for Summary Judgment is **DENIED.** *See* D.I. 238.

2. Leane Defendants' Cross-Motion for Summary Judgment or Dismissal is **GRANTED-IN-PART and DENIED-IN-PART.** *See* D.I. 234.

3. CBV, ChanBond, and Leane Defendants shall meet and confer and file a joint status report identifying the remaining issues to be litigated in view of the Court's rulings and the parties' various settlement agreements by no later than 5:00 PM on March 26, 2024. If the parties determine that no issues remain to be litigated, the parties shall, at the same time, submit a joint proposed final judgment order for the Court's consideration.

Date: March 13, 2024

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE